THE RESTIS LAW FIRM, P.C.
William R. Restis, Esq. (SBN 246823)
william@restislaw.com
550 West C St., Suite 1760
San Diego, California 92101
Telephone: +1.619.270.8383

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GGCC, LLC,** an Illinois Limited Liability Company, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**DYNAMIC LEDGER SOLUTIONS, INC.,** a Delaware Corporation, **TEZOS STIFTUNG**, a Swiss Foundation, **KATHLEEN BREITMAN**, an Individual, and **ARTHUR BREITMAN**, an Individual,<br><br>Defendants. | Case No: 5:17-cv-06779-RS<br><br>**PLAINTIFF GGCC, LLC's NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES**<br><br>DATE: January 25, 2018<br>TIME: 1:30 p.m.<br>CTRM: 3, 17th Floor<br>JUDGE: Hon. Richard Seeborg |
| **ANDREW OKUSKO**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DYNAMIC LEDGER SOLUTIONS, INC., THE TEZOS FOUNDATION, KATHLEEN BREITMAN, ARTHUR BREITMAN**, and **TIMOTHY DRAPER**,<br><br>Defendants. | Case No: 3:17-cv-06829-RS |

| | |
|---|---|
| **ANDREW BAKER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DYNAMIC LEDGER SOLUTIONS, INC.**, a Delaware corporation, **TEZOS STIFTUNG**, a Swiss Foundation, **KATHLEEN BREITMAN**, an Individual, **ARTHUR BREITMAN**, an Individual, **JOHANN GEVERS**, an individual, **STRANGE BREW STRATEGIES, LLC**, a California limited liability company, and **DOES 1 through 100 inclusive**,<br><br>Defendant. | Case No. 3:17-cv-06850-RS |
| **BRUCE MACDONALD**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**DYNAMIC LEDGER SOLUTIONS, INC.**, a Delaware corporation, **TEZOS STIFTUNG**, a Swiss Foundation, **KATHLEEN BREITMAN**, an Individual, **ARTHUR BREITMAN**, an Individual, **TIMOTHY COOK DRAPER**, an individual, **DRAPER ASSOCIATES**, **JOHANN GEVERS**, **DIEGO PONZ**, **GUIDO SCHMITZKRUMMACHER**, **BITCOIN SUISSE AG**, **NIKLAS NIKOLAJSEN**, and **DOES 1-100, INCLUSIVE**,<br><br>Defendants. | Case No. 3:17-cv-07095-JSC |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, January 25, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 3 (17th Floor) of the Honorable Richard Seeborg, GGCC, LLC will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77z-1(a)(3)(B)(ii) and 78u-4(a)(3)(B)(ii), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); and (2) establishing the low numbered case *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.,* No. 5:17-cv-06779-RS as the master docket case file under the caption "*In re Tezos ICO Securities Litigation.*"

In support of this Motion, GGCC, LLC submits herewith a Memorandum of Points and Authorities.

Respectfully submitted,

Dated: December 20, 2017

THE RESTIS LAW FIRM, P.C.

/s/ William R. Restis
William R. Restis, Esq.
550 West C Street, Suite 1760
San Diego, CA 92101
Tel: +1.619.270.8383
Fax: +1.619.752.1552
Email: william@restislaw.com

LITE DEPALMA GREENBERG, LLC
Joseph J. DePalma, Esq.
Bruce D. Greenberg, Esq.
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: +1.973.623.3000
Fax +1.973.623.0858
Email: jdepalma@litedepalma.com
Email: bgreenberg@litedepalma.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Federal Rule of Civil Procedure 42(a)(2), Plaintiff GGCC, LLC, by its undersigned counsel, respectfully moves this Court to enter an Order:

(1) Consolidating the above-captioned cases, *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.,* No. 5:17-cv-06779-RS (the "GGCC Action"), *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06829-RS (the "Okusko Action"), *Baker v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06850-RS (the "Baker Action"), and *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-07095-JSC (the "MacDonald Action"); and

(2) Establishing the low numbered case *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.,* No. 5:17-cv-06779-RS as the master docket case file under the caption "*In re Tezos ICO Securities Litigation.*"

## II. STATEMENT OF FACTS AND ARGUMENT

Consolidation is appropriate here because there is significant overlap among the Defendants: Dynamic Ledger Solutions, Inc., Tezos Stiftung, Kathleen Breitman, and Arthur Breitman are named as defendants in each of the above-captioned actions. Further, Timothy Draper is named as a defendant in the Okusko and MacDonald Actions, and Johann Gevers is named as defendant in the MacDonald and Baker Actions.[1] Each of the above-captioned actions also concerns the same transaction: the Tezos Initial Coin Offering ("ICO"). They each propose overlapping classes generally consisting of persons and entities who purchased Tezos tokens in the Tezos ICO. Each action alleges claims based on Defendants' sale or participation in the sale of securities through the Tezos ICO. Lastly, a preliminary injunction motion has been filed in the Okusko Action, and is set to be heard on January 11, 2017. And plaintiff

---

[1] In addition, Draper Associates, Diego Ponz, Guido Schmitzkrummacher, Bitcoin Suisse AG, and Niklas Nikolajsen are named as defendants in the MacDonald Action; and Strange Brew Strategies, LLC is named as a defendant in the Baker Action.

in the MacDonald Action has sought a competing temporary restraining order that was heard by the Court on December 19, 2017. Both motions seek to enjoin further dissipation of assets raised in connection with the Tezos ICO.

This Court has already determined that the GGCC, Okusko, and Baker Actions are "related." ECF No. 11 (Related Case Order).  The plaintiff in the MacDonald Action, which commenced on December 13, 2017, has filed an "administrative motion" asking the Court to consider whether its case is also "related," which was granted by this Court. ECF Nos. 14-15.  Plaintiff GGCC submits that the appropriate next step is consolidation.

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") directs that cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims."  15 U.S.C. §§ 77z-1(a)(3)(B)(ii) and 78u-4(a)(3)(B)(ii).  The PSLRA further provides:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this subchapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause [appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

*Id.*; *see Andrade v. Am. Apparel, Inc.*, 2011 U.S. Dist. LEXIS 79795, at *7 (C.D. Cal. Mar. 15, 2011) ("The threshold issue under the PSLRA is consolidation.").

The PSLRA does not, however, "displace the traditional legal standards for consolidation under Federal Rule of Civil Procedure 42, which permits the court to consolidate cases that involve a common question of law or fact." *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-5368-LHK, 2014 WL 2604991, at *2 (N.D. Cal. June 10, 2014).  Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

"A district court has broad discretion to consolidate cases that involve a common question of law or fact." *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) citing *Inv'rs Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Id.* citing *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

"Consolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate." *Id.*; *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010); *Mulligan v. Impax Labs., Inc.*, No. 13-cv-1037-EMC, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013)); *Fusion-io*, 2014 WL 2604991, at *3 ("Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.") (citation omitted).

In light of these legal principles and the numerous commonalities shared by the above-captioned securities actions,[2] Plaintiff GGCC's motion for consolidation should be granted. Although these actions vary in some respects, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they are consolidated." *Andrade v. Am. Apparel, Inc.*, No. 10-cv-6352-MMM-PJWX, 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) ("[T]he existence of slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential

---

[2] Though the MacDonald Action asserts violations of California statutes rather than federal securities laws, the state law claims are predicated on Defendants' alleged failure to comply with the registration requirements established by the Securities Act of 1933. *See*, e.g., MacDonald Verified Class Action Complaint at ¶ 135(a) ("Defendants engaged in unlawful business practices in violation of the Unfair Competition Law [because] Defendants' failure to register Tezos tokens as a security with the SEC prior to offering them to the public in the Tezos ICO violations . . . Sections 5(a) and 5(c) of the Securities Act of 1933[.]").

claims and factual allegations are similar."); *see also Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated."); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) ("[D]iffering class periods alone will not defeat consolidation or create a conflict.") (collecting cases).

Further, the Court has the authority "[a]t the outset of the case, pending the initial conference . . . [to create] a single master file for the litigation, eliminating the need for multiple filings of similar documents when related cases have common parties[.]" MANUAL FOR COMPLEX LITIGATION, Fourth § 11.12 (2004). Should the Court determine consolidation is appropriate, Plaintiff GGCC submits that the Court should designate the GGCC docket the master file for the consolidated proceeding, and to caption the consolidated cases "In re Tezos Securities Litigation."

Respectfully submitted,

Dated: December 20, 2017           THE RESTIS LAW FIRM, P.C.


   /s/ William R. Restis
William R. Restis, Esq.
550 West C Street, Suite 1760
San Diego, CA 92101
Tel:  +1.619.270.8383
Fax:  +1.619.752.1552
Email: william@restislaw.com

LITE DEPALMA GREENBERG, LLC
Joseph J. DePalma, Esq.
Bruce D. Greenberg, Esq.
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: +1.973.623.3000
Fax +1.973.623.0858
Email: jdepalma@litedepalma.com
Email: bgreenberg@litedepalma.com

ATTORNEYS FOR PLAINTIFF GGCC, LLC

- 8 -

PLAINTIFF GGCC, LLC'S MOTION TO CONSOLIDATE CASES    No. 5:17-cv-06779-RS
713625.1