BAKER MARQUART LLP
BRIAN E. KLEIN (258486) (bklein@bakermarquart.com)
SCOTT M. MALZAHN (229204) (smalzahn@bakermarquart.com)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone:    (424) 652-7814
Facsimile:    (424) 652-7850

Attorneys for Defendants
DYNAMIC LEDGER SOLUTIONS, INC., KATHLEEN
BREITMAN and ARTHUR BREITMAN

COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
JEFFREY M. KABAN (235743) (jkaban@cooley.com)
SAMANTHA A. KIRBY (307917) (skirby@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5355
Facsimile:    (650) 618-0387

COOLEY LLP
DANIEL L. SACHS (294478) (dsachs@cooley.com)
1299 Pennsylvania Ave. NW Suite 700
Washington, DC 20004
Telephone:    (202) 728-7114
Facsimile:    (202) 842-7899

Attorneys for Defendant
DYNAMIC LEDGER SOLUTIONS, INC.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GGCC, LLC, an Illinois Limited Liability Company, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an individual, and ARTHUR BREITMAN, an individual,<br><br>Defendants. | Case No.  3:17-cv-06779-RS<br><br>**JOINT STIPULATION EXTENDING TIME FOR DYNAMIC LEDGER SOLUTIONS INC., KATHLEEN BREITMAN AND ARTHUR BREITMAN TO RESPOND TO COMPLAINT**<br><br>Judge:  Hon. Richard Seeborg |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

JOINT STIPULATION EXTENDING TIME TO
RESPOND
CASE NO. 3:17-CV-06779-RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants Dynamic Ledger Solutions, Inc. ("DLS"), Kathleen and Arthur Breitman (the "Breitmans") and plaintiff GGCC, LLC ("GGCC") (collectively, the "Appearing Parties") stipulate pursuant to Civil L. R. 6-1(a) to extend the time for DLS and the Breitmans to respond to the putative class action complaint filed by GGCC (the "GGCC Complaint") (Dkt. No. 1) in the above-captioned action (the "Instant Action") as follows:

WHEREAS, on November 26, 2017, GGCC filed the GGCC Complaint alleging violations of the Securities Act;

WHEREAS, Securities Act claims brought as class actions pursuant to the Federal Rules of Civil Procedure may be subject to the lead plaintiff provisions of the Private Securities Litigation Reform Act ("PSLRA").  *See* 15 U.S.C. § 77z-1;

WHEREAS, GGCC is in the process of serving DLS and the Breitmans with the Summons and Complaint in the Instant Action;

WHEREAS, on December 4, 2017, the Instant Action was deemed related to actions entitled *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, 17-cv-06829, and *Baker v. Dynamic Ledger Solutions, Inc., et al.,* 17-cv-06850, and such actions were assigned to the Hon. Richard Seeborg;

WHEREAS, on December 8, 2017, GGCC filed a Notice of Publication of PSLRA Notice, which states that GGCC filed a notice in conformity with the lead plaintiff provisions of the PSLRA;

WHEREAS, GGCC intends to file a consolidated complaint that will serve as the operative complaint if it is appointed lead plaintiff in this matter;

WHEREAS, the Appearing Parties have met and conferred and agree that DLS and the Breitmans should not have any obligation to respond to any complaint filed in the Instant Action until a lead plaintiff has been appointed and a consolidated complaint is filed;

WHEREAS, this stipulated extension will not alter the date of any event or any deadline already fixed by order of this Court;

WHEREAS, there have not been any previous time modifications in this case; and

WHEREAS, DLS and the Breitmans agree to waive service of the GGCC Complaint as of the date of this Stipulation;

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

1

2

NOW, THEREFORE, the Appearing Parties, hereby stipulate as follows:

3
    1.  DLS and the Breitmans shall not be required to move to dismiss or otherwise respond

4
to the GGCC Complaint filed in the Instant Action until 30 days after the Court appoints

5
a lead plaintiff and lead counsel, and lead plaintiff files and serves a consolidated

6
complaint or a notice stating that lead plaintiff designates a previously filed complaint

7
as operative.  Pursuant to Civil L. R. 6-1(a), this paragraph shall be effective upon the

8
filing of this Stipulation with the Court.

**IT IS SO STIPULATED.**

9

10
Dated:  January 5, 2018

**THE RESTIS LAW FIRM, P.C.**　　　　　**BAKER MARQUART LLP**

11

12

13
_____　　　_____
      */s/ William R. Restis*　　　　　　　　　    */s/ Brian E. Klein*

14
    William R. Restis (246823)　　　　　　   Brian E. Klein (258486)

15
Attorney for Plaintiff GGCC, LLC　　　　Attorney for Defendants DYNAMIC LEDGER

16
SOLUTIONS, INC., KATHLEEN
BREITMAN, and ARTHUR BREITMAN

17

18
**COOLEY LLP**

19

20
_____
     */s/ Patrick E. Gibbs*
    Patrick E. Gibbs (183174)

21
Attorneys for Defendant

22
DYNAMIC LEDGER SOLUTIONS, INC.,

23

24
### **FILER'S ATTESTATION**

25
    Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, Patrick E. Gibbs hereby attests

26
that concurrence in the filing of this document has been obtained from all the signatories above.

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

JOINT STIPULATION EXTENDING TIME TO
RESPOND
CASE NO. 3:17-CV-06779-RS

1

Dated:  January 5, 2017                    COOLEY LLP

2

3                                                          */s/ Patrick E. Gibbs*
                                           ───────────────────────────────
4                                                     Patrick E. Gibbs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law
Palo Alto

4.

Joint Stipulation extending Time to
Respond
Case No. 3:17-cv-06779-RS