1 | ROBBINS GELLER RUDMAN
   & DOWD LLP
2 | SHAWN A. WILLIAMS (213113)
Post Montgomery Center
3 | One Montgomery Street, Suite 1800
San Francisco, CA 94104
4 | Telephone: 415/288-4545
415/288-4534 (fax)
5 | shawnw@rgrdlaw.com
    – and –
6 | LUCAS F. OLTS (234843)           SILVER MILLER
DANIELLE S. MYERS (259916)    DAVID C. SILVER
7 | 655 West Broadway, Suite 1900     JASON S. MILLER
San Diego, CA 92101                11780 W. Sample Road
8 | Telephone: 619/231-1058          Coral Springs, FL 33065
619/231-7423 (fax)                Telephone: 954/516-6000
9 | lolts@rgrdlaw.com                dsilver@silvermillerlaw.com
dmyers@rgrdlaw.com             jmiller@silvermillerlaw.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GGCC, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>  vs.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., et al.,<br><br>                 Defendants. | Case No. 3:17-cv-06779-RS<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:    March 1, 2018<br>TIME:     1:30 p.m.<br>CTRM:   Courtroom 3 (17th Floor) |

1357407_1

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD |
| 3 | PLEASE TAKE NOTICE that on March 1, 2018, at 1:30 p.m., or as soon thereafter as the |
| 4 | matter may be heard in Courtroom 3 on the 17th Floor of the United States District Court for the |
| 5 | Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, before the |
| 6 | Honorable Richard Seeborg, David Lang, Ryan Coffey, and Alejandro R. Gaviria will and hereby do |
| 7 | move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 |
| 8 | U.S.C. §77z-1(a)(3)(B), for an order consolidating the related actions, appointing them as Lead |
| 9 | Plaintiff, and approving their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") |
| 10 | and Silver Miller as Lead Counsel. This Motion is made on the grounds that Messrs. Lang, Coffey, |
| 11 | and Gaviria satisfy the PSLRA's requirements for appointment as lead plaintiff. |
| 12 | **MEMORANDUM OF LAW** |
| 13 | **I.    INTRODUCTION** |
| 14 | Presently pending before this Court are several related securities class action lawsuits (the |
| 15 | "Related Actions") on behalf of investors that contributed digital currencies (*e.g.*, Bitcoin and/or |
| 16 | Ethereum) to the Tezos initial coin offering ("ICO") in July 2017.[1] The Related Actions allege |
| 17 | causes of action for violations of various laws, including the Securities Act of 1933 (the "1933 |
| 18 | Act"). In securities class actions, the PSLRA requires district courts to resolve consolidation before |
| 19 | appointing a lead plaintiff. *See* 15 U.S.C. §77z-1(a)(3)(B)(ii). Here, three of the Related Actions |
| 20 | should be consolidated because they involve substantially similar factual and legal issues and assert |
| 21 | claims against overlapping defendants on behalf of similar class members. *See* Fed. R. Civ. P. 42(a); |
| 22 | §IV.A., *infra*. |
| 23 | The PSLRA further requires district courts to appoint as lead plaintiff the "member or |
| 24 | members of the purported plaintiff class that the court determines to be most capable of adequately |
| 25 | |
| 26 | [1] The Court related *GGCC, LCC v. Dynamic Ledger Solutions, Inc.*, *Okusko v. Dynamic Ledger Solutions, Inc.*, and *Baker v. Dynamic Ledger Solutions, Inc.* on December 4, 2017. *See* ECF No. 11. |
| 27 | The Court related *GGCC, LCC* and *MacDonald v. Dynamic Ledger Solutions, Inc.* on December 14, 2017. *See* ECF No. 15. A motion to consolidate cases was filed on December 19, 2017 and withdrawn on December 26, 2017. *See* ECF Nos. 16-17. |
| 28 | |

representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Messrs. Lang, Coffey, and Gaviria should be appointed as Lead Plaintiff because they have timely filed this Motion, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). In addition, Messrs. Lang, Coffey, and Gaviria's selection of Robbins Geller and Silver Miller to serve as Lead Counsel should be approved. *See* §IV.C. *infra*.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Related Actions should be consolidated;

2. Whether the Court should appoint Messrs. Lang, Coffey, and Gaviria as Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

3. Whether the Court should approve Messrs. Lang, Coffey, and Gaviria's selection of Robbins Geller and Silver Miller as Lead Counsel pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

## III. STATEMENT OF FACTS

The United States Internal Revenue Service ("IRS") defines cryptocurrency (a/k/a "virtual currency") as a digital representation of value that functions as a medium of exchange, a unit of account, and/or a store of value. Among the most popular and widely-used cryptocurrencies are Bitcoin and Ethereum (or "Ether"). Bitcoin, Ether, and other convertible currencies of their type rely upon cryptography (and unique digital signatures) for security based on public and private keys and complex mathematical algorithms. They run on decentralized peer-to-peer networks of computers and "miners" that operate on open-source software and do "work" to validate and irrevocably log transactions on a permanent public distributed ledger visible to the entire network (the "blockchain"). By functioning this way, users are able to transfer ownership between one another without the need for a trusted, central intermediary like a government regulator.

While in traditional Initial Public Offerings, a start-up company offers its investors company stock in exchange for investment capital, a company promoting an ICO offers cryptocurrency such as Bitcoin, Ether, or a newly-created virtual currency issued or managed by the start-up company in exchange for the investors' capital, which itself might be pre-existing cryptocurrency owned by the investors.

According to published reports, during the summer of 2014, defendant Arthur Breitman developed the concepts underlying Tezos's technology. In early 2015, defendant Breitman wrote a Tezos Business Plan which projected that if the company survived 15 years, it would be worth between $2 billion and $20 billion. Among other things, the Business Plan called for raising $5 million to $10 million over 2 to 3 years. In August 2015, defendant Breitman incorporated Dynamic Ledger Solutions, Inc. ("DLS") and named himself DLS's Chief Executive Officer. DLS owns all of the Tezos-related intellectual property, including – to the extent it exists – the source code of the Tezos cryptographic ledger, logos, and trademark applications associated with the name Tezos, domain names, and goodwill.

Having failed with his initial Tezos fundraising effort in September 2016, defendant Breitman, together with his wife, defendant Kathleen Breitman (collectively, the "Breitman Defendants"), started working on a new strategy for Tezos: conducting an online fundraiser (the "Tezos ICO") to distribute to whoever invested with Tezos their money or assets newly-created digital tokens ("Tezzies," XTZ, or Tezos Tokens), whose holders would maintain the Tezos blockchain. In the months leading up to the Tezos ICO, the Breitman Defendants made numerous public statements exaggerating the progress of the Tezos network, misrepresenting the relationship between defendants, misrepresenting the desirability of Tezos's technology, and misrepresenting when tangible benefits from investments would be received. Defendants also exaggerated the development of the Tezos project, repeatedly giving (and postponing) estimations of the Tezos network launch – originally projected to take place in August or September 2017 and, most recently, is expected to be six to twelve months away, at the earliest. Defendants' statements about the progress of the Tezos network, the desirability of and demand for Tezos's technology, and the time within which investors would receive a tangible benefit for their investments were materially false and misleading. Had defendants not materially misled investors, many investors would not have participated in the ICO.

After an initial delay from its planned May 2017 commencement, the Tezos ICO was conducted over the course of two weeks in July 2017 (July 1, 2017-July 14, 2017). According to the Tezos ICO Terms for Investors, investors – upon the launch of the fully-functional Tezos network –

would be allocated 5,000 Tezos Tokens for each Bitcoin invested during the Tezos ICO as well as bonus Tezos Tokens if contributions were made early in the contribution period.[2] The Tezos ICO was uncapped, meaning that there was "no limit on the amount of contributions that [were] accepted." The project received from investors about 65,703 Bitcoins and 361,122 Ether – a sum valued at approximately $232 million at the time. As of the filing of the initial complaint, that sum has increased in value to more than $600 million.

**IV. ARGUMENT**

    **A.** *GGCC, Okusko*, **and** *MacDonald* **Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z-1(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).

Three of the Related Actions – *GGCC, Okusko*, and *MacDonald* – should be consolidated as they allege similar claims on behalf of virtually identical classes against similar defendants arising out of the same Tezos ICO in July 2017.[3] *See* ECF No. 16. Thus, consolidation is appropriate here. *See Johnson v. OCZ Tech. Grp.*, 2013 U.S. Dist. LEXIS 1610, at *3-*4, *6 (N.D. Cal. Jan. 4, 2013) (consolidating related securities actions).

    **B.** **Messrs. Lang, Coffey, and Gaviria are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 Act] that is brought as a plaintiff class action pursuant to the Federal

---

[2] Contributions were also accepted in Ether/Etherium, which were purportedly converted into Bitcoin at the prevailing rate on a best effort basis.

[3] *Baker* is not suitable for consolidation because of a pending fully-briefed motion to remand and the decisions by "'over 20 district court judges in the Ninth Circuit alone, with zero rulings to the contrary'" that complaints alleging 1933 Act claims filed in state court are not removable. *See, e.g., Jian Guo v. ZTO Express (Cayman) Inc.*, 2017 WL 6547746, at *2 (N.D .Cal. Dec. 22, 2017); *Baker* ECF Nos. 13, 16, 17. The remand motion is scheduled to be heard on February 8, 2018.

Unless otherwise noted, all emphasis is added and citations are omitted.

Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §77z-1(a)(3)(A)(i). The statutory notice in this case was published on November 26, 2017, via *PR Newswire*. *See* ECF No. 12.

Next, the PSLRA requires the Court to adopt a presumption that the most adequate plaintiff is the person or group of persons that –

    (aa) has either filed the complaint or made a motion in response to a notice . . . ;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Messrs. Lang, Coffey, and Gaviria meet each of these requirements and should be appointed Lead Plaintiff.

### 1. Messrs. Lang, Coffey, and Gaviria Have Complied with the PSLRA's Procedural Requirements

The statutory notice published in connection with the filing of the *GGCC* complaint advised purported class members of the pendency of the action, the claims asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by January 25, 2018. *See* ECF No. 12. Messrs. Lang, Coffey, and Gaviria are timely moving this Court to be appointed Lead Plaintiff by the statutory deadline.

Messrs. Lang, Coffey, and Gaviria have also executed Certifications and a Joint Declaration evidencing their willingness to serve as Lead Plaintiff on behalf of the class. *See* Declaration of Danielle S. Myers in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Myers Decl."), Exs. A, B. Accordingly, Messrs. Lang, Coffey, and Gaviria are eligible to have their motion considered by the Court.

### 2. Messrs. Lang, Coffey, and Gaviria Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications, Messrs. Lang, Coffey, and Gaviria contributed Bitcoin and Ether in the Tezos ICO in July 2017. *See* Myers Decl., Ex. A. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.[4] Accordingly, Messrs. Lang, Coffey, and Gaviria satisfy the PSLRA's prerequisite of having a significant financial interest.

### 3. Messrs. Lang, Coffey and Gaviria Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4).

Here, Messrs. Lang, Coffey, and Gaviria easily meet these requirements. Each has executed a Certification evidencing his financial interest and Joint Declaration confirming his willingness to serve as lead plaintiff. *See* Myers Decl., Exs. A, B; L.R. 3-7(b). Like all putative class members, Messrs. Lang, Coffey, and Gaviria contributed Bitcoin and/or Ethereum to the Tezos ICO and their financial interest indicates they have the requisite incentive to vigorously represent the putative class's claims. *See* Myers Decl., Ex. A. Finally, Messrs. Lang, Coffey, and Gaviria are not subject

---

[4] Plaintiff GGCC contributed 11 Ether to the Tezos ICO. *See* ECF No. 1 at 26. Plaintiff Okusko contributed 0.20 Bitcoin to the Tezos ICO. *See Okusko* ECF No. 1 at 18.

to unique defenses and are not aware of any conflicts between their claims and those asserted on behalf of the putative class. As such, the Court should find that Messrs. Lang, Coffey, and Gaviria have made a *prima facie* showing of typicality and adequacy.

In sum, Messrs. Lang, Coffey, and Gaviria have satisfied each of the PSLRA's requirements and should be appointed Lead Plaintiff.

### C. The Court Should Approve Messrs. Lang, Coffey, and Gaviria's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"); *Cavanaugh*, 306 F.3d at 732-35. Messrs. Lang, Coffey, and Gaviria have selected Robbins Geller and Silver Miller as Lead Counsel in this case.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation. *See* Myers Decl., Ex. C. District courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Luna v. Marvell Tech. Grp. Ltd.*, 2016 WL 469422, at *3 (N.D. Cal. Feb. 8, 2016) (appointing Robbins Geller lead counsel in securities case); Myers Decl., Ex. C. Similarly, Silver Miller is a boutique litigation firm that regularly represents aggrieved clients in business disputes including investment fraud. *See* Myers Decl., Ex. D. Silver Miller has unique experience litigating cryptocurrency cases for victims of cryptocurrency fraud. *Id.* David Silver of Silver Miller was named as lead class counsel in *Leidel v. Project Investors, Inc. d/b/a Cryptsy*, No. 9:16-cv-80060-MARRA (S.D. Fla. Aug. 25, 2016) (appointing David Silver as class counsel) and he has successfully prosecuted/is prosecuting claims against cryptocurrency exchanges and companies that have resulted in over $100 million worth of judgments. Currently, Silver Miller serves as

1 counsel to the plaintiffs in numerous cryptocurrency actions and class/group action lawsuits in a variety of jurisdictions. *Id.*

Messrs. Lang, Coffey, and Gaviria's counsel is competent, experienced, and qualified to represent the putative class. Accordingly, Robbins Geller and Silver Miller should be appointed as Lead Counsel.

## V. CONCLUSION

Three of the Related Actions (*GGCC*, *Okusko*, and *MacDonald*) are ideally suited for consolidation. In addition, Messrs. Lang, Coffey, and Gaviria have satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, Messrs. Lang, Coffey and Gaviria respectfully request that the Court grant their motion.

DATED: January 25, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
LUCAS F. OLTS
DANIELLE S. MYERS

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

SILVER MILLER
DAVID C. SILVER
JASON S. MILLER
11780 W. Sample Road
Coral Springs, FL 33065
Telephone: 954/516-6000
dsilver@silvermillerlaw.com
jmiller@silvermillerlaw.com

[Proposed] Lead Counsel for Plaintiff

WITES LAW FIRM
MARC A. WITES
4400 North Federal Highway
Lighthouse Point, FL 33064
Telephone: 954/933-4400
954-354-0205 (fax)
mwites@witeslaw.com

Additional Counsel for Plaintiff

1357407_1

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL - 3:17-cv-06779-RS   - 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 25, 2018.

    s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:dmyers@rgrdlaw.com

1357407_1

# Mailing Information for a Case 3:17-cv-06779-RS GGCC, LLC v. Dynamic Ledger Solutions, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joseph J. DePalma**
  jdepalma@litedepalma.com,epalomino@litedepalma.com

- **Joel Anderson Fleming**
  joel@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,bgiovannoni@cooley.com

- **Bruce Daniel Greenberg**
  bgreenberg@litedepalma.com,sgreenfogel@litedepalma.com,epalomino@litedepalma.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,eFilingNotice@cooley.com,lalmanza@cooley.com,efiling-notice@ecf.pacerpro.com

- **Samantha Anne Kirby**
  skirby@cooley.com,lsantamaria@cooley.com

- **Brian E. Klein**
  bklein@bakermarquart.com,file@bakermarquart.com,calendar@bakermarquart.com

- **Scott Matthew Malzahn**
  smalzahn@bakermarquart.com,file@bakermarquart.com,calendar@bakermarquart.com

- **Jeremy Nash**
  jnash@litedepalma.com

- **William Richard Restis**
  william@restislaw.com,support@restislaw.com

- **Rosemary M. Rivas**
  rrivas@zlk.com,qroberts@zlk.com,ebigelow@zlk.com

- **Daniel Louis Sachs**
  dsachs@cooley.com,asmith@cooley.com,cmalick@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`