1  Rosemary M. Rivas (State Bar No. 209147)
   Email: rrivas@zlk.com
2  **LEVI & KORSINSKY, LLP**
   44 Montgomery Street, Suite 650
3  San Francisco, California 94104
   Telephone: (415) 291-2420
4  Facsimile: (415) 484-1294

5  Donald J. Enright (admitted *pro hac vice*)
   Email: denright@zlk.com
6  **LEVI & KORSINSKY, LLP**
   1101 30th St., NW, Ste. 115
7  Washington, DC 20007
   Telephone: (202) 524-4292
8  Facsimile: (202) 333-2121

9  Eduard Korsinsky (to be admitted *pro hac vice*)
   Email: ek@zlk.com
10 **LEVI & KORSINSKY, LLP**
   30 Broad Street, 24th Floor
11 New York, New York 10004
   Telephone: (212) 363-7500
12 Facsimile: (212) 636-7171

13 *Attorneys for Movants Nicolas Andreasson,*
   *Paul Martin, and Richard Reckenbeil*

14

15                    **UNITED STATES DISTRICT COURT**

16            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17                      **SAN FRANCISCO DIVISION**

18 GGCC, LLC, an Illinois Limited Liability          Case No. 3:17-cv-06779-RS
   Company, Individually and on Behalf of All
19 Others Similarly Situated,                        **MEMORANDUM OF POINTS &**
                                                      **AUTHORITIES IN SUPPORT OF THE**
20                 Plaintiff,                         **TEZOS INVESTOR GROUP'S MOTION FOR**
                                                      **CONSOLIDATION, APPOINTMENT AS**
21        v.                                          **LEAD PLAINTIFF, AND APPROVAL OF**
                                                      **SELECTION OF COUNSEL**
22 DYNAMIC LEDGER SOLUTIONS, INC., a
   Delaware Corporation, TEZOS STIFTUNG, a
23 Swiss Foundation, KATHLEEN BREITMAN,
   an Individual, and ARTHUR BREITMAN, an
24 Individual,                                        Date:       March 1, 2018
                                                      Time:       1:30 p.m.
25                 Defendants.                        Judge:      Hon. Richard Seeborg
                                                      Crtrm.:     3, 17th Floor
26

27

28
                                                              Case No. 3:17-cv-06779-RS
   ─────────────────────────────────────────────────────────────────────
   MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR
   GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
                       APPROVAL OF SELECTION OF COUNSEL

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 2

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

I.   THE COURT SHOULD APPOINT THE TEZOS INVESTOR GROUP AS LEAD
     PLAINTIFF.................................................................................................................. 3

     A.   The Actions Should Be Consolidated ............................................................. 3

     B.   The Procedure Required by the PSLRA .......................................................... 4

          1.   The Tezos Investor Group is Willing to Serve as Class Representative. 5

          2.   The Tezos Investor Group Has the Requisite Financial Interest in the
               Relief Sought by the Class ................................................................... 6

     C.   The Tezos Investor Group Satisfies the Requirements of Rule 23(a) of the
          Federal Rules of Civil Procedure ................................................................... 6

          1.   The Group's Claims are Typical of the Claims of all the Class
               Members ................................................................................................ 7

          2.   The Group Will Adequately Represent the Class ................................. 8

          3.   The Group's Choice of Counsel Should Be Approved.......................... 9

CONCLUSION ................................................................................................................... 10

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR
GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Booth v. Strategic Realty Trust, Inc.*,
   No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ...........................6

*Crawford v. Honig*,
   37 F.3d 485 (9th Cir. 1994) ...........................................................................................8

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................................7

*Gen. Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982)........................................................................................................7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ........................................................................................7

*Haung v. Acterna Corp.*,
   220 F.R.D. 255 (D. Md. 2004) ........................................................................................7

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...............................................................................2, 6, 7

*In re Drexel Burnham Lambert Group*,
   960 F.2d 285 (2d Cir. 1992)............................................................................................8

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) ........................................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................................7

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990).........................................................................................4

*Mitchell v. Complete Mgmt., Inc.*,
   No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999) ...................4

*Primavera Familienstifung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997) ....................................................................................4

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993)............................................................................................7

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ..................................................................3, 4, 7

*Weiss v. York Hosp.*,
   745 F.2d 786 (3d Cir. 1984)........................................................................................7, 8

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR
GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL

*Weisz v. Calpine Corp.*,
    No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) ...................................4

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ...................................................................................3

**Statutes**

15 U.S.C. § 77l(a)(1) ......................................................................................................1

15 U.S.C. § 77o ............................................................................................................1

15 U.S.C. § 77o(a) ........................................................................................................1

15 U.S.C. § 77q(a) ........................................................................................................1

15 U.S.C. § 77z-1(a) ......................................................................................................4

15 U.S.C. § 77z-1(a)(3)(A) ..........................................................................................4, 5

15 U.S.C. § 77z-1(a)(3)(A)(i)(II) .....................................................................................4

15 U.S.C. § 77z-1(a)(3)(B) ......................................................................................passim

15 U.S.C. § 77z-1(a)(3)(B)(ii) ......................................................................................3, 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) .................................................................................5, 9

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ..................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) .............................................................................9

15 U.S.C. §§ 77e .........................................................................................................1

Cal Bus. & Prof. Code §§, 17200 *et seq.* .......................................................................1

Cal Bus. & Prof. Code §§, 17500 *et seq.* .......................................................................1

Cal. Corp. Code § 25110 ...............................................................................................1

**Rules**

Fed. R. Civ. P. 23(a) ...............................................................................................passim

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR
GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL

**SUMMARY OF ARGUMENT**

Presently pending before this Court are four related securities class action lawsuits (the "Actions") brought on behalf of all persons who invested or participated in Dynamic Ledger Solution, Inc.'s ("DLS") and the Tezos Foundation's (the "Foundation") initial coin offering (the "Tezos ICO") that began on July 1, 2017, and concluded approximately two weeks thereafter (the "Class Period").[1] Plaintiffs in the *GGCC*, *Okusko*, and *Baker* Actions allege violations of the Securities Act of 1933 (the "Securities Act") stemming from the sale of unregistered securities in connection with the Tezos ICO against DLS, the Foundation and certain of their, respective, officers, owners, and/or affiliates.[2] Additionally, Plaintiff in the *Baker* Action alleges violations of California state law for the marketing and/or sale of unregistered securities in connection with the Tezos ICO.[3]  Plaintiff in the *MacDonald* Action alleges violations of California state law for marketing and/or offer and sale of unregistered securities in connection with the Tezos ICO.[4]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest

[1] The four actions are entitled *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.*, 3:17-cv-06779-RS (the "*GGCC* Action"); *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, 3:17-cv-06829-RS (the "*Okusko* Action"); *Baker v. Dynamic Ledger Solutions, Inc., et al.*, 3:17-cv-06850-RS (the "*Baker* Action"); and *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, 3:17-cv-07095-RS (the "*MacDonald* Action").

[2] Specifically, the *GGCC* Action alleges violations of Sections 5, 12(a)(1), and 15, 15 U.S.C. §§ 77e, 77l(a)(1), and 77o of the Securities Act against DLS, the Foundation, and certain of their respective executives, owners, and affiliates; the *Okusko* Action alleges violations of Sections 12(a)(1) and 15(a), 15 U.S.C. §§ 77l(a)(1) and 77o(a) of the Securities Act; and the *Baker* Action alleges violations of Section 5(a) and 5(c), 17(a)(1), and 17(a)(2)-(3), 15 U.S.C. §§ 77e(a) and (c), 77q(a)(1), and 77(a)(2)-(3) of the Securities Act against DLS, the Foundation, and certain of their respective executives, owners, and/or affiliates.

[3] The *Baker* Action was initially filed in the Superior Court of San Francisco, State of California on October 25, 2017, *Baker v. Dynamic Ledger Solutions, Inc., et al*, CGC-17-562144.  The *Baker* Action was removed to this District Court on November 29, 2017, *Baker* Action, ECF No. 1, and reassigned to this Court on December 4, 2017.  *Id*. at ECF No. 7.  In addition to the *Baker* Action's claims arising under the federal securities laws, the action also alleges violations of California's False Advertising Law, Cal Bus. & Prof. Code §§ 17500, *et seq*., California's Unfair Competition Law, Cal Bus. & Prof. Code §§ 17200, *et seq*., and alter ego liability against DLS, the Foundation, and certain of their respective executives, owners and/or affiliates.

[4] Specifically, the *MacDonald* Action alleges violations of the California's Corporate Securities Law of 1968, Cal. Corp. Code § 25110, and California's Unfair Competition Law, Cal Bus. & Prof. Code §§, 17200 *et seq*., against DLS, the Foundation, and certain of their, respective, executives, owners, and/or affiliates.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Nicolas Andreasson, Paul Martin, and Richard Reckenbeil (collectively, the "Tezos Investor Group" or "Group") lost 64.97925707 ETH and 4 BTC,[5] as a result of Defendants' alleged offer and sale of unregistered securities during the Class Period.[6] Moreover, the Group satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.[7] As such, the Group meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, the Tezos Investor Group respectfully requests that (a) the Actions be consolidated; (b) it be appointed Lead Plaintiff; and (c) Levi & Korsinsky, LLP be approved as Lead Counsel.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2. Whether the Group meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

3. Whether the Group's choice of Lead Counsel should be approved.

## STATEMENT OF FACTS

The Tezos ICO involved the offer of XTZ in exchange for Bitcoin ("BTC") or Ether ("ETH").

---

[5] The values of ETH and BTC are volatile and change daily. With this in mind, based on ETH valuation charts on ethereumprice.org, on January 24, 2018, at 6:25 p.m. PST, one ETH was valued at $1,076.17. Using this valuation, the Group's ETH investments are worth approximately $69,928.73. Similarly, based on BTC valuation charts on bitcoinaverage.com, on January 24, 2018, at 6:25 p.m. PST, one BTC was valued at $11,417.21. Using this valuation, the Group's BTC investments are worth approximately $45,668.84. Accordingly, as of January 24, 2018, the total value of the Group's ETH and BTC investments is approximately $115,597.57.

[6] The Group's members' certifications identifying their transactions during the Tezos ICO, as required by the PSLRA, a chart identifying their losses, and a joint declaration executed by the Group's members evidencing their intention to pursue the Actions in a cohesive and collaborative manner, are attached collectively to the Declaration of Donald J. Enright, dated January 25, 2018 ("Enright Dec."), as Exhibits 1, 2, and 3, respectively.

[7] The "Class" is comprised of all persons who invested or contributed in the Tezos ICO during the Class Period.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

Compl., ¶ 36.[8]  The core offer during the Tezos ICO was an offer for 5,000 XTZ (Tezos Tokens) for 1 BTC or the equivalent in ETH.  *Id.*  The Tezos ICO collected 65,681 BTC and 361,122 ETH from investors during the Tezos ICO.  *Id.* at ¶ 46.  Defendants attempted to portray the Tezos ICO as a mere "fundraiser," under which "contributors" made "donations," and not "investments."  *Id.* at ¶ 44.  In reality, the Tezos ICO was a clear offer and sale of unregistered securities because Defendants touted, and the Group and the Class reasonably expected, that the Tezos Tokens investors were promised after the launch of the Tezos blockchain would be worth more than the BTC and ETH invested.  *Id.* at ¶¶ 55-68.

The Actions allege that throughout the Class Period, Defendants violated the Securities Act and/or California state law by marketing and/or offering and selling unregistered securities during the Tezos ICO.  The Actions request compensatory, injunctive, and/or rescissory relief, providing rescission and repayment of all investments into the Tezos ICO.

## ARGUMENT

## I.   THE COURT SHOULD APPOINT THE TEZOS INVESTOR GROUP AS LEAD PLAINTIFF

### A.   The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this subchapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 77z-1(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions."  *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor

---

[8] Citations to "Compl., ¶ __" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") filed in the *GGCC* Action.  The facts set forth in the Complaint are incorporated herein by reference.

consolidation.") (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged facts and circumstances in securities class action litigations.  *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct.  Specifically, the Actions all involve violations of federal and/or state laws alleging that Defendants offered and sold unregistered securities during the Tezos ICO.  Additionally, each of the Actions name DLS, the Foundation, and certain of their, respective, officers, owners, directors, and affiliates as defendants.  Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery, similar class certification issues will be relevant to all related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.  *See Celotex Corp.*, 899 F.2d at 1285.

### B.    The Procedure Required By the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and

(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).   The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, the Tezos Investor Group satisfies the foregoing criteria and is not aware of any unique defenses that the Defendants could raise against them.   Therefore, the Group is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

**1.      The Tezos Investor Group Is Willing to Serve as Class Representative**

On November 26, 2017, counsel in the low-number action caused a notice (the "Notice") to be published pursuant to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(A),[9] which announced that a securities class action had been filed against DLS, the Foundation, and the Breitman Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[10]   The Group has reviewed a complaint filed in the pending Actions and has timely filed its motion pursuant to the Notice.   Moreover, the Group has executed the accompanying certifications and

---

[9] To note, while the *GGCC Action* is the low-number action, the *Baker Action* was filed first in time, on October 25, 2017.  Despite the fact that the *Baker Action* alleged class action claims under the federal securities laws, counsel in the *Baker Action* apparently did not publish the PSLRA mandated notice, 15 U.S.C. § 77z-1(a)(3)(A), announcing pendency of class actions and informing class members of their right to file a motion for an appointment of lead plaintiff.

[10] The Notice was published over *PRNewswire* a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 4 to the Enright Dec.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

declaration affirming its willingness and readiness to serve as Class representative.

### 2. The Tezos Investor Group Has the Requisite Financial Interest in the Relief Sought By the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, the Group has, to its knowledge, the largest financial interest in the relief sought by the Class. *See* Enright Dec., Ex. 2. The movants who have the largest financial interest in this litigation and meet the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, the members of the Group purchased unregistered securities from Defendants, in the form of a promise for Tezos Tokens, and were injured thereby. The Group collectively expended 64.97925707 ETH and 4 BTC to purchase the unregistered securities and, as such, have tendered digital currencies currently valued at approximately $115,597.57.[11] *See* Enright Dec., Ex. 2. The Group thus has a significant financial interest in the outcome of this case. To the best of the Group's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### C. The Tezos Investor Group Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

---

[11] *See supra*, note 5, detailing the calculation of this approximate valuation.

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda,* 67 F. Supp. 2d at 1136. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998). As detailed below, the Group satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as Lead Plaintiff.

1.    **The Group's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The Group plainly meets the typicality requirement of Rule 23 because: (i) it suffered the same injuries as the absent Class members; (ii) it suffered as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because the Group's claims are identical to, and neither compete nor conflict with the claims of the other Class members. The Group, like the other members of the Class, purchased Tezos Tokens from Defendants during the Tezos ICO that were unregistered securities in violation of the federal securities laws and/or California state law. Thus, the

1  Group's claims are typical, if not identical, to those of the other members of the Class because the

2  Group suffered losses similar to those of other Class members and its losses result from Defendants'

3  common course of wrongful conduct.  Accordingly, the Group satisfies the typicality requirement of

4  Rule 23(a)(3).  *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d

5  285, 291 (2d Cir. 1992).

### 2.    The Group Will Adequately Represent the Class

7  Moreover, the Group is an adequate representative of the Class.  Under Rule 23(a)(4), the

8  representative parties must "fairly and adequately protect the interests of the class."  The PSLRA directs

9  the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant

10  are clearly aligned with the members of the putative Class and whether there is evidence of any

11  antagonism between the interests of the movants and other members of the Class.  15 U.S.C. § 77z-1

12  (a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

13  The Group's interests are clearly aligned with those of the other members of the Class.  Not

14  only is there no evidence of antagonism between the Group's interests and those of the Class, but the

15  Group has a significant and compelling interest in prosecuting the Actions based on the large financial

16  losses it has suffered as a result of the wrongful conduct alleged in the Actions.  This motivation,

17  combined with the Group's identical interests with the members of the Class, demonstrates that the

18  Group will vigorously pursue the interests of the Class.  In addition, the Group has retained counsel

19  highly experienced in prosecuting securities class actions, and will submit its choice to the Court for

20  approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B).

21  Further, as detailed in the Group's Joint Declaration, Enright Dec., Ex. 3, the Group is

22  comprised of three sophisticated investors with substantial experience investing in cryptocurrencies

23  that are committed to this litigation.  *Id*. at ¶¶ 2-4.  For example, Movant Martin is a full-time

24  cryptocurrency trader.  *Id*. at ¶ 3.  Additionally, Movant Andreasson and Movant Reckenbeil have a

25  pre-existing friendship, which involved conferring on the Tezos ICO investment opportunity during

26  the Class Period.  *Id*. at ¶¶ 2, 4.  Before filing this Motion, all Group members participated in a

27  conference call to discuss, among other things: a strategy for prosecuting the Actions; the benefits the

28  Class would receive from the leadership of several lead plaintiffs; their shared desire to achieve the

best possible result for the Class; and their determination to ensure that the Class' claims are zealously litigated. *Id.* at ¶ 8. The Group also determined to establish multiple methods of communication, including via email, telephone, and on social media platforms, to ensure that regular, efficient, and collaborative discussions and deliberations are held regarding its oversight of counsel and direction of the litigation. *Id.* at ¶ 6. Additionally, while the Group does not anticipate any disagreements regarding litigation decisions, in an abundance of caution, the Group established a majority vote procedure to resolve such potential disagreements. *Id.* at ¶ 7. Therefore, the Group will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, the Group has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because the Group has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

### 3. The Group's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The Tezos Investor Group has selected and retained Levi & Korsinsky, LLP as the proposed Lead Counsel. The attorneys with Levi & Korsinsky, LLP have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. *See* Enright Dec., Ex. 5 (the firm resume of Levi & Korsinsky, LLP).

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR
GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL

## CONCLUSION

For the foregoing reasons, the Tezos Investor Group respectfully requests that this Court: (1) consolidate the Actions; (2) appoint it as Lead Plaintiff for the Class in the Actions; and (3) approve Levi & Korsinsky, LLP as Lead Counsel.

Respectfully submitted,

Dated: January 25, 2018

**LEVI & KORSINSKY, LLP**

By: */s/ Donald J. Enright*
Donald J. Enright (admitted *pro hac vice*)
1101 30th St., NW, Ste. 115
Washington, DC 20007
Telephone: (202) 524-4292
Facsimile: (202) 333-2121

Rosemary M. Rivas
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Eduard Korsinsky (to be admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Attorneys for Movants Nicolas Andreasson, Paul Martin, and Richard Reckenbeil*

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE TEZOS INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL