1
2
3
4
5

**THE RESTIS LAW FIRM, P.C.**
William R. Restis, Esq. (SBN 246823)
william@restislaw.com
550 West C St., Suite 1760
San Diego, California 92101
Telephone: +1.619.270.8383

6

[Additional Counsel Listed On Signature Page]

7
8

## UNITED STATES DISTRICT COURT

9

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11
12

**GGCC, LLC,** an Illinois Limited Liability Company, Individually and on Behalf of All Others Similarly Situated,

Case No: 3:17-cv-06779-RS

13
14

Plaintiffs,

v.

**GGCC GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS AND AUTHORITIES**

15
16
17

**DYNAMIC LEDGER SOLUTIONS, INC.,** a Delaware Corporation, **TEZOS STIFTUNG**, a Swiss Foundation, **KATHLEEN BREITMAN**, an Individual, and **ARTHUR BREITMAN**, an Individual,

18

Defendants.

Date: March 1, 2018
Time: 1:30 p.m.
Courtroom: 3 – 17th Floor

19
20
21

**ANDREW OKUSKO**, individually and on behalf of all others similarly situated,

Case No: 3:17-cv-06829-RS

22

Plaintiff,

v.

23
24
25

**DYNAMIC LEDGER SOLUTIONS, INC.**, **THE TEZOS FOUNDATION**, **KATHLEEN BREITMAN, ARTHUR BREITMAN**, and **TIMOTHY DRAPER**,

26

Defendants.

27
28

1

| | | |
|---|---|---|
| 1 | **ANDREW BAKER**, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-06850-RS |
| 2 | | |
| 3 | Plaintiff, | |
| | v. | |
| 4 | **DYNAMIC LEDGER SOLUTIONS, INC.**, aDelaware corporation, **TEZOS** | |
| 5 | **STIFTUNG**, a Swiss Foundation, **KATHLEEN BREITMAN**, an | |
| 6 | Individual, **ARTHUR BREITMAN**, an Individual, **JOHANN GEVERS**, an | |
| 7 | individual, **STRANGE BREW STRATEGIES, LLC**, a California | |
| 8 | limited liability company, and **DOES 1 through 100 inclusive**, | |
| 9 | Defendant. | |
| 10 | | |

| | | |
|---|---|---|
| 11 | **BRUCE MACDONALD**, Individually and on Behalf of All Others Similarly | Case No. 3:17-cv-07095-JSC |
| 12 | Situated, | |
| 13 | Plaintiff, | |
| | v. | |
| 14 | **DYNAMIC LEDGER SOLUTIONS,** | |
| 15 | **INC.**, a Delaware corporation, **TEZOS STIFTUNG**, a Swiss Foundation, | |
| 16 | **KATHLEEN BREITMAN**, an Individual, **ARTHUR BREITMAN**, an | |
| 17 | Individual, **TIMOTHY COOK DRAPER**, an individual, **DRAPER** | |
| 18 | **ASSOCIATES**, **JOHANN GEVERS**, **DIEGO PONZ**, **GUIDO** | |
| 19 | **SCHMITZKRÜMMACHER**, **BITCOIN SUISSE AG**, **NIKLAS** | |
| 20 | **NIKOLAJSEN**, and **DOES 1-100, INCLUSIVE**, | |
| 21 | | |
| 22 | Defendants. | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

2

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................ 2

STATEMENT OF THE ISSUES .................................................................... 3

STATEMENT OF FACTS............................................................................... 3

ARGUMENT .................................................................................................. 4

A.   THE GGCC, OKSUKO, AND BAKER ACTIONS SHOULD BE
     CONSOLIDATED ............................................................................... 4

B.   THE GGCC GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ...... 6

     1.   The GGCC Group's Motion Is Timely ............................................... 6

     2.   The Tezos Investor Group has the "largest financial interest." ........... 7

     3.   The GGCC Group Otherwise Satisfies Rule 23 .................................. 7

C.   LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
     APPROVED ...................................................................................... 11

CONCLUSION ............................................................................................ 12

1

**TABLE OF AUTHORITIES**

2

<u>**Cases**</u>

3

*Absolute Activist Value Master Fund Ltd., v. Ficeto,*

4
   677 F.3d 60 (2d Cir. 2012)......................................................................... 10

5

*Andrade v. Am. Apparel, Inc.,*

6
   2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) ........................................ 5

7

*Bodri v. GoPro, Inc.,*

8
   2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016)......................... 7

9

*Brown v. Producers Livestock Loan Co.,*

10
   469 F. Supp. 27 (D. Utah 1978) ................................................................ 9

11

*Bruce v. Suntech Power Holdings Co.,*

12
   No. 12-cv-4061-RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012)...................... 11

13

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.,*

14
   2005 WL 318813 (N.D. Cal. Feb. 7, 2005) ............................................... 4

15

*Cohen v. U.S. Dist. Court for N. Dist. of California,*

16
   586 F.3d 703 (9th Cir. 2009).................................................................... 12

17

*Facciola v. Greenberg Traurig LLP,*

18
   281 F.R.D. 363 (D. Ariz. 2012) .............................................................. 11

19

*In re Bluetooth Headset Prods. Liability Litig.,*

20
   654 F.3d 935 (2011)………………………………………………………11

21

*In re Diamond Foods,*

22
   281 F.R.D. 405 (N.D. Cal. 2012) ............................................................. 8

23

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.,*

24
   2017 U.S. Dist. LEXIS 1109 (N.D. Cal. 2017) ...................................... 10

25

*Inchen Huang v. Depomed, Inc.,*

26
   2017 WL 6209298 (N.D. Cal. Dec. 8, 2017)........................................... 11

27

28

ii

*Investors Research Co. v. United States District Court for the Central District of California*,
  877 F.2d 777 (9th Cir. 1989) .......................................................................... 5

*Kennedy v. Jackson Nat'l Life Ins. Co.*,
  2010 WL 2524360 (N.D. Cal. June 23, 2010) .............................................. 11

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  2014 WL 2604991 (N.D. Cal. June 10, 2014) ............................................ 4, 8

*Morrison v. Nat'l Austl. Bank Ltd.*,
  561 U.S. 247 (2010) ................................................................................ 10, 11

*Pinter v. Dahl*,
  486 U.S. 622 (1988) ........................................................................................ 9

*Randall v. Loftsgaarden*,
  478 U.S. 647 (1986) ...................................................................................... 10

*Russo v. Finisar Corp.*,
  2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ................................................ 5

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .......................................................................... 8

*Strategic Diversity, Inc. v. Alchemix Corp.*,
  666 F.3d 1197 (9th Cir. 2012) ........................................................................ 9

**<u>Statutes</u>**

15 U.S.C. §77z-1(a)(3)(A)(i) .............................................................................. 6

15 U.S.C. §77z-1(a)(3)(A)(i)(II) ........................................................................ 6

15 U.S.C. § 77(b)(a)(1) ...................................................................................... 4

15 U.S.C. § 77z-1(a)(3) ...................................................................................... 1

15 U.S.C. § 77z-1(a)(3)(B)(ii) ........................................................................... 4

15 U.S.C. § 77z-1(a)(3)(B)(iii) ........................................................................ 7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) .............................................................. 2, 6, 8

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb) .............................................................. 7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) .............................................................. 7

15 U.S.C. § 77z-1(a)(3)(B)(v) .............................................................. 11-12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................ 12

15 U.S.C. §§ 77l(a)(1) ...................................................................................... 2

15 U.S.C. §§77(o) ............................................................................................ 2

GGCC GROUP'S MOTION FOR CONSOLIDATION,      No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant the Securities Act of 1933 as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3), and Rule 42 of the Federal Rules of Civil Procedure, on March 1, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Richard Seeborg in Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, GGCC, LLC ("GGCC"), Pumaro, LLC ("Pumaro"), and Nick Anthony (collectively, the "GGCC Group"), will and hereby do move this Court for an order:

(1)     Consolidating *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.,* No. 5:17-cv-06779-RS (the "GGCC Action"), *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06829-RS (the "Okusko Action"), and *Baker v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06850-RS (the "Baker Action");

(2)     Appointing the GGCC Group as Lead Plaintiff for a class of all United States persons or entities who invested in the Tezos Initial Coin Offering from within the United States;

(3)     Approving the GGCC Group's choice of The Restis Law Firm, P.C. and Lite DePalma Greenberg, LLC ("Restis Law" and "Lite DePalma") as Co-Lead Counsel for the Class; and

(4)     Granting such other relief as the Court may deem just and proper.

GGCC GROUP'S MOTION FOR CONSOLIDATION,         No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

1

## PRELIMINARY STATEMENT

This is the very first class action challenging a cryptocurrency Initial Coin Offering ("ICO") under the federal securities laws. The precedent created by this Court could have far reaching effects on a technological revolution that many believe is as important as creation of the internet. And it will affect the value of a project in which more than 30,000 people worldwide have invested. As such, the selection of lead plaintiff and lead counsel in this case is especially important.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movants who possess the largest financial interest in the Tezos ICO and satisfy the elements of Federal Rule of Civil Procedure ("Rule") 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The GGCC Group collectively invested 1.9406 bitcoin and 11 ethereum, giving them the largest known financial interest in this action.[1]

Perhaps more importantly in this trail-blazing case, the GGCC Group satisfies Rule 23 by adequately and typically representing the interests of *all* Class members. This is because the GGCC Group is intentionally structured to represent all persons or entities who invested in the Tezos ICO from the United States: bitcoin investors (Pumaro), ethereum investors (GGCC), and investors that contributed less than the minimum amount necessary to receive any Tezos tokens at all (Anthony).

Moreover, the GGCC Group is cognizant that a significant portion of the Class wish to see the Tezos project succeed. Accordingly, their litigation strategy is tailored not to cripple the project through scorched-earth tactics or allegations of fraud. Instead, the GGCC Group has only brought non-fraud claims under Section 12(a)(1) and 15 of the Securities Act of 1933. 15 U.S.C. §§ 77l(a)(1) and 77(o). These claims were carefully chosen for their agnostic approach to Tezos, as well as the *option* of rescission and return of the invested bitcoin and ethereum.

---

[1]  Invested bitcoin comes from Pumaro (1.9 bitcoin) and Anthony (0.0406). All invested ethereum is from GGCC.

GGCC GROUP'S MOTION FOR CONSOLIDATION,           No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

GGCC's Complaint allows rescission for those that want it, without impacting the viability of the project as a whole. For these and other reasons described in more detail below, the GGCC Group's motion should be granted.

## STATEMENT OF THE ISSUES

1.      Whether the GGCC, Oksuko, and Baker Actions involve substantially similar issues of law or fact and should be consolidated.

2.      Whether the GGCC Group meets the PSLRA's requirements to be appointed Lead Plaintiffs.

3.      Whether the GGCC Group's choice of Co-Lead Counsel should be approved.

## STATEMENT OF FACTS

These related class actions all challenge the Tezos ICO, which took place between July 1 and July 14, 2017. The ICO was promoted as a funding mechanism to develop a new – yet to be released – crypto token called Tezos. Participants in the ICO contributed bitcoin or ethereum in exchange for a fixed amount of Tezos, which would be distributed to investors when the software underlying the Tezos token was fully developed with ICO proceeds.

Worldwide, over 30,000 investors participated in the ICO, contributing over 65,000 bitcoin and 360,000 ethereum. Only ICO participants who invested at least 0.1 bitcoin (or the equivalent in ethereum) are entitled to Tezos tokens under the terms of the ICO. The number of subminimum investors is unknown at this time. In aggregate, investors who contributed sufficient bitcoin or ethereum are entitled to 763.31 million Tezos tokens.

The Tezos project was conceived by Defendants Arthur and Kathleen Breitman. It is a cryptographically-secured ledger or "blockchain" intended to be a competing platform to bitcoin and ethereum. The Breitmans formed Dynamic Ledger Solutions, Inc. to hold the intellectual property related to the Tezos project and are its Chief

Technology Officer and Chief Executive Officer, respectively. Tezos Stiftung, or Tezos Foundation, was formed as a Swiss non-profit, with the ostensible purpose of promoting the development and use of the Tezos blockchain, and to be the recipient of ICO funds. Tezos Stiftung claims the right to acquire Dynamic Ledger Solutions and all the Tezos intellectual property after the Tezos network launches.

Tezos tokens are securities within the meaning of Section 5 of the Securities Act of 1933. 15 U.S.C. § 77(b)(a)(1). As such, the ICO for the Tezos tokens was an illegal offer and sale of securities because no registration statement was filed with the SEC, and no exemption from registration was available.

## ARGUMENT

## A.   THE GGCC, OKSUKO, AND BAKER ACTIONS SHOULD BE CONSOLIDATED

The PSLRA directs that cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. §§ 77z-1(a)(3)(B)(ii). Indeed, the PSLRA requires that related cases be consolidated prior to the appointment of a lead plaintiff. *Id.*

Courts recognize that securities class actions are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources"). The Court has broad discretion under Rule 42 to consolidate cases pending within its District. *Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777 (9th Cir. 1989).

GGCC GROUP'S MOTION FOR CONSOLIDATION,          No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

Consolidation is appropriate here because the GGCC, Okusko, and Baker Actions "involve[] common questions of law and fact" and because consolidation would "avoid unnecessary cost and delay." Rule 42(a); *see also Russo v. Finisar Corp.*, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

This Court has already determined that the GGCC, Okusko, and Baker Actions are "related." Dkt # 11. Consolidation is appropriate because the cases all plead overlapping claims under the federal securities laws based on Defendants' sale of securities through the Tezos ICO.[2] The actions each name Tezos Stiftung, Dynamic Ledger Solutions, Inc., and the Breitmans as defendants.[3] They all propose overlapping classes generally consisting of persons and entities who participated in the ICO.

Although these actions vary in some respects, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they are consolidated." *Andrade v. Am. Apparel, Inc.*, 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) ("[T]he existence of slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar."). In light of the numerous commonalities shared by the above-captioned cases, the GGCC Group's consolidation motion should be granted.

---

[2] The GGCC Group understands that the plaintiff in *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-07095-JSC (the "MacDonald Action") asserts exclusively violations of California statutes, rather than federal securities laws, and thus does not seek consolidation of the MacDonald Action. Another point of distinction: the Baker Action includes allegations of securities fraud, where the Okusko Action tracks the allegations in GGCC's Complaint.

[3] In addition, Timothy Draper is named as a defendant in the Okusko Action; and Johann Gevers and Strange Brew Strategies, LLC are named as defendants in the Baker Action. Based on Dynamic Ledger Solutions, Inc.'s Certificate of Interested Parties, (GGCC Action, Dkt # 28), the GGCC Group will likely add Draper Associates V Crypto LLC as a control person defendant in a consolidated amended complaint should it be appointed Lead Plaintiff.

GGCC GROUP'S MOTION FOR CONSOLIDATION,            No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

**B.    THE GGCC GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The GGCC Group should be appointed Lead Plaintiff because it is the presumptively most adequate plaintiff.

The PSLRA directs courts to consider all motions by plaintiffs or purported class members to appoint lead plaintiff. The Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff. Under the PSLRA, the presumptive "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23...

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). As set forth below, the GGCC Group satisfies all three criteria. Thus, it should be appointed Lead Plaintiff.

**1.    The GGCC Group's Motion Is Timely**

Within 20 days of filing a securities class action, the first filing plaintiff must publish a notice informing putative class members of their right to move for appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i).

On November 26, 2017, counsel for the GGCC Group caused a notice to be published in PRNewswire announcing that a securities class action had been filed against the defendants herein, and advising other Tezos ICO investors of their right to seek Lead Plaintiff appointment. *See* Declaration of William R. Restis ("Restis Decl."), Ex. A (PSLRA Notice); *see also* GGCC Action, Dkt # 12 (GGCC's Not. of Pub. of PSLRA Notice). Because GGCC's Notice was published on the day GGCC initiated the Action, it was timely. 15 U.S.C. §77z-1(a)(3)(A)(i).

And since the GGCC Group's Motion was filed within 60 days from publication of the Notice, it too is timely. 15 U.S.C. §77z-1(a)(3)(A)(i)(II) (requiring

GGCC GROUP'S MOTION FOR CONSOLIDATION,          No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

Lead Plaintiff motions to be filed "not later than 60 days after the date on which the notice is published.")

**2.    The Tezos Investor Group has the "largest financial interest."**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class" and satisfies Rule 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Upon filing this Motion, the GGCC Group has the largest financial interest of any potential lead plaintiff. In connection with the Tezos ICO, the GGCC Group contributed 1.90406 bitcoin and 11 ethereum in exchange for rights to receive 17,223.65 Tezos tokens. Restis Decl., Exs. B-C (GGCC and Pumaro Certifications). Mr. Anthony contributed 0.0406 bitcoin and was promised nothing. *Id.* Ex. D (Anthony Certification). Because the GGCC Group possesses the largest financial interest and also satisfies Rule 23, it is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

**3.    The GGCC Group Otherwise Satisfies Rule 23**

The PSLRA further provides that the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23..." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).

Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Bodri v. GoPro, Inc.*, 2016 U.S. Dist. LEXIS 57559, at *16-17 (N.D. Cal. Apr. 28, 2016) (same).

As demonstrated below, the GGCC Group is the only movant that can satisfy these requirements.

7

a.    The GGCC Group Is Typical Of The Class

The GGCC Group is typical of the Class because it is comprised of the different groups that contributed crypto assets to the Tezos ICO. Defendants may ultimately try to limit the class by arguing that a bitcoin investor does not have "standing" to represent an ethereum investor, or some other similar excuse.

Thus, only a Lead Plaintiff group that consists of bitcoin, ethereum and sub-minimal investors can be assured to satisfy the typicality requirement of Rule 23. The GGCC Group should be appointed Lead Plaintiff because it is the only (known) applicant that contains every kind of plaintiff that contributed to the Tezos ICO.

b.    The GGCC Group Will Adequately Represent Class Interests

Rule 23(a)(4)'s adequacy of representation requirement is satisfied where the class representative "will fairly and adequately protect the interests of the class." The test for adequacy is "whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and its counsel will 'prosecute the action vigorously on behalf of the class.'" *In re Diamond Foods*, 281 F.R.D. 405, 409 (N.D. Cal. 2012) quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

As an initial matter, each member of the GGCC Group has provided a certification attesting their willingness to serve as representative for the Class, and provide testimony at deposition and trial, if necessary. *See* Restis Decl., Exs. B-D (certifications).[4]

---

[4] The PSLRA explicitly permits a "group of persons" to serve as lead plaintiff. See 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). The GGCC Group is small, cohesive, and is necessary to typically and adequately represent the interests of all Class members. *See Fusion-io*, 2014 WL 2604991, at *5 ("Small, cohesive groups . . . are routinely appointed as lead plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel.") Here, the GGCC Group submits a joint declaration, explaining its purpose and dedication to vigorously prosecuting the action. *See* GGCC Group's Joint Declaration, *passim*.

GGCC GROUP'S MOTION FOR CONSOLIDATION,    No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

But more importantly, the GGCC Group adopts the allegations of GGCC's class action Complaint. *See* Civ. L.R. 3-7(c); *cf.* Restis Decl., Exs. B-D (GGCC Group Certifications). GGCC's Complaint is simple and straightforward. It alleges that Defendants violated Sections 5 (registration statement required), 12(a)(1) (failure to file a registration statement), and 15 (control person liability) of the Securities Act of 1933. GGCC Action, Dkt # 1.

As stated in the introduction above, the GGCC Group is cognizant that a significant portion of Class wants the Tezos project to succeed notwithstanding Defendants' failure to comply with the Securities Act. Restis Decl., ¶ 3. That is why they choose to focus on the failure to register as opposed to fraud claims that may "taint" the project.

Moreover, rescission under Section 12 is viable whether or not the Tezos tokens are actually distributed. *Pinter v. Dahl*, 486 U.S. 622, 660-61 (1988) ("§ 12(1) is an action for rescission. The statute expressly provides that the purchaser of an unregistered security may 'recover the consideration paid for such security. . . .'"); *Brown v. Producers Livestock Loan Co.*, 469 F. Supp. 27, 31 (D. Utah 1978) ("Section 12(1) … creates a cause of action for return of the consideration paid upon tender of the security. Rescission voids a contract from its inception and restores the parties to the conditions existing before the contract was made.") Rescission under Section 12 thus allows Class members to determine whether their contributed bitcoin or ethereum are comparatively more or less valuable than Tezos tokens.

Conversely, rescission or damages arising from fraud claims may be more restricted if Tezos tokens later trade at a premium to the ICO price. *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1207 (9th Cir. 2012) ("Under section 10(b), the Supreme Court has held that whether rescission or a rescissionary measure of damages is available is 'an unsettled one.'") citing *Randall v. Loftsgaarden*, 478 U.S. 647 (1986).

9

In addition, the GGCC Group has not sought to freeze Defendants' assets, which would actually *harm* members of the Class that wish to someday claim their Tezos tokens. Instead, the GGCC Group has conferred with a Swiss attorney with significant experience in asset recovery from persons and entities located in Switzerland. That attorney has performed a conflict check and indicated to the GGCC Group's counsel that there is no conflict. Declaration of Joseph J. DePalma ("DePalma Decl."), ¶ 3. It should be clear that any judgment or order affecting assets contributed to the ICO will likely require enforcement in the Swiss courts. The GGCC Group has planned for that eventuality.

Moreover, by adopting GGCC's Complaint, the GGCC Group will plead a class that avoids unique defenses that could pose problems for the Class. For example, though the Tezos ICO was open to investors from all over the world, the GGCC Complaint asserts claims on behalf of: "All United States persons and entities who contributed bitcoin and/or ethereum to the Tezos Initial Coin Offering from a computer within the United States." *Id.*, ¶ 76.

The GGCC Complaint defines the class in this manner because under *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), the federal securities laws only apply to "domestic transactions" where "irrevocable liability was incurred or … title was transferred within the United States." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig,*, 2017 U.S. Dist. LEXIS 1109 at * 809 (N.D. Cal. 2017) citing *Absolute Activist Value Master Fund Ltd., v. Ficeto*, 677 F.3d 60, 62 (2d Cir. 2012). Fortunately for U.S. investors, the ICO website through which Class members contributed their bitcoin and ethereum had a U.S. based IP address. GGCC Action, Dkt # 1, ¶ 43 ("The IP addresses for all 'Tezos.com' websites are listed as originating in the state of Arizona, United States.")

GGCC GROUP'S MOTION FOR CONSOLIDATION,          No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

For the same reason, the GGCC Group's proposed Class excludes those persons who contributed fiat to the ICO through Bitcoin Suisse AG, because those transactions did not go through the U.S. based ICO webpage.

The other related actions each plead classes encompassing all Tezos investors worldwide. *E.g.* Baker Action, Dkt # 1, Ex. A ¶ 19 (class definition); Okusko Action, Dkt # 1, ¶ 17 (same). Thus, the GGCC Complaint eliminates potential defenses predicated on *Morrison* that would be unique to non-U.S. residents.[5]

Finally, the GGCC Group has successfully negotiated a fee cap on behalf of the Class, whereby counsel has agreed to limit their fee application to 20% of recovery. DePalma Decl., ¶ 4. *Cf. In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 942 (2011) (25% "benchmark" for attorneys fees). Because the GGCC Group is the only movant that has demonstrated an ability to adequately represent the Class in this ground-breaking litigation, it should be appointed Lead Plaintiff. *See e.g., Kennedy v. Jackson Nat'l Life Ins. Co.,* 2010 WL 2524360, at *5 (N.D. Cal. June 23, 2010) (a party "cannot claim that Plaintiff is inadequate because she declines to assert a theory that could unravel the putative class."); *Facciola v. Greenberg Traurig LLP*, 281 F.R.D. 363, 370 (D. Ariz. 2012) ("It is appropriate, however, to ask to certify the more readily certifiable claims where those claims, once proved, will afford class members full recovery on a classwide basis. ... opting not to assert certain claims may be an essential part of adequate representation.")

## C.   LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED.

"Once a lead plaintiff is chosen, that plaintiff may select its counsel, subject to approval of the court." *Inchen Huang v. Depomed, Inc.*, 2017 WL 6209298, at *4 (N.D. Cal. Dec. 8, 2017) (citing cases) *Bruce v. Suntech Power Holdings Co.*, No. 12-

---

[5] The technology and ecosystem that make up crypto assets is new. International regulation of the subject matter is still developing. By limiting the Class to U.S. citizens, the GGCC Group avoids the risk of subjecting foreigners to conflicting legal requirements.

GGCC GROUP'S MOTION FOR CONSOLIDATION,          No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1

cv-4061-RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(v)). So long as the lead plaintiff has made "a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009). However, the Court may interfere with Lead Plaintiff's selection if necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the GGCC Group has selected Restis Law and Lite DePalma as Co-Lead Counsel for the Class. These firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities class actions on behalf of investors, as detailed in the firms' respective resumes. *See* Restis Decl., E; DePalma Decl., Ex. 1.

In addition, the Court can see proposed Co-Lead Counsel's acumen firsthand through the attention to detail in every aspect of their litigation plan. This demonstrates the skill and experience necessary to prosecute this consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the GGCC Group's proposed Co-Lead Counsel, the Class will receive the best legal representation available.

/ / /

/ / /

/ / /

GGCC GROUP'S MOTION FOR CONSOLIDATION,
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1
No. 3:17-cv-06779-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For the foregoing reasons, the GGCC Group respectfully requests the Court issue an Order (1) consolidating the Related Actions asserting violations of federal securities laws; (2) appointing the GGCC Group as Lead Plaintiff for the class; (3) approving Restis Law and Lite DePalma as Co-Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 25, 2017                    THE RESTIS LAW FIRM, P.C.

                                   __/s/ William R. Restis_____
                                   William R. Restis, Esq.
                                   550 West C Street, Suite 1760
                                   San Diego, CA 92101
                                   Tel: +1.619.270.8383
                                   Fax: +1.619.752.1552
                                   Email: william@restislaw.com

                                   LITE DEPALMA GREENBERG, LLC
                                   Joseph J. DePalma, Esq.
                                   Bruce D. Greenberg, Esq.
                                   570 Broad Street, Suite 1201
                                   Newark, NJ 07102
                                   Tel: +1.973.623.3000
                                   Fax +1.973.623.0858
                                   Email: jdepalma@litedepalma.com
                                   Email: bgreenberg@litedepalma.com

                                   ATTORNEYS FOR PLAINTIFF

13

GGCC GROUP'S MOTION FOR CONSOLIDATION,                    No. 3:17-cv-06779-RS
LEAD PLAINTIFF, AND LEAD COUNSEL
713625.1