```
 1  Joel A. Fleming (SBN 281264)
    Jacob A. Walker (SBN 271217)
 2  BLOCK & LEVITON LLP
    155 Federal Street, Suite 400
 3  Boston, MA 02110
    (617) 398-5600 phone
 4  (617) 507-6020 fax
    joel@blockesq.com
 5  jake@blockesq.com
 6
 7  Attorneys for Movant Trigon Trading Pty. Ltd.
```

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GGCC, LLC, an Illinois Limited Liability Company, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, and ARTHUR BREITMAN, an Individual,<br><br>Defendants. | Case No. 3:17-cv-06779-RS<br><br>**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF PSLRA CASES, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Date:       March 1, 2018<br>Time:       1:30 p.m.<br>Courtroom:  3<br>Judge:      Hon. Richard Seeborg |

| | |
|---|---|
| ANDREW OKUSKO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., THE TEZOS FOUNDATION, KATHLEEN BREITMAN, ARTHUR BREITMAN, and TIMOTHY DRAPER,<br><br>Defendants. | Case No. 3:17-cv-06829 |
| ANDREW BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 3:17-cv-06850-RS<br><br>*Removed from San Francisco County Superior Court (Case No. CGC-17-562144)* |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 1, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 3 on the 17th floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102, before the Honorable Richard Seeborg, putative class member Trigon Trading Pty. Ltd. ("Trigon") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), for an order: (1) consolidating the three above-captioned cases; (2) appointing Trigon as lead plaintiff; and (3) approving Trigon's selection of Block & Leviton LLP as lead counsel. This Motion is made on the grounds that Trigon is the most adequate plaintiff to serve as lead plaintiff.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

The PSLRA requires the Court to "consider any motion made by a purported class member," and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). Under the PSLRA, the court should "adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Trigon should be appointed lead plaintiff because it has timely moved for lead plaintiff, has a substantial financial interest in the outcome of this litigation, and is a typical and adequate class representative. Trigon's selection of Block & Leviton to serve as lead counsel should be approved because both firms possess extensive experience prosecuting securities class actions

and will adequately represent the interests of all class members. Finally, the three related cases filed in this District that are subject to the PSLRA should be consolidated prior to the appointment of lead counsel.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate the *GGCC, LLC*, *Oksuko*, and *Baker* actions under 15 U.S.C. § 77z-1(a)(3)(B)(ii);

2. Whether the Court should appoint Trigon as lead plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B); and

3. Whether the Court should approve Trigon's selection of Block & Leviton as lead counsel for the class pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

## III. STATEMENT OF FACTS

In July 2017, Defendants conducted an initial coin offering (or "ICO"), in which they sold over 600 million tokens (called "Tezzies" or "XTZ") in exchange for digital currency (such as Bitcoin or Ethereum) or fiat currency (such as U.S. Dollars). Defendants made no efforts to register the sale of Tezzies in the Tezos ICO with the United States Securities Exchange Commission, or to qualify for an exemption from the registration requirements established by the Securities Act of 1933.

Three cases have been filed in (or removed to) this Court asserting federal securities law claims against various Defendants who are alleged to have promoted and participated in the Tezos initial coin offering ("ICO"):

- *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06779-RS (filed November 26, 2017) (ECF No. 1) ("*GGCC Compl.*")
- *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06829-RS (filed November 28, 2017) (ECF No. 1) ("*Okusko Compl.*")
- *Baker v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06850-RS (removed November 29, 2017) (ECF No. 1-1) ("*Baker Compl.*")

(together, the "PSLRA Cases").[1]

The PSLRA Cases are substantially similar. They have similar Defendants: all three of the PSLRA Cases bring claims against Dynamic Ledger Solutions, Inc. (*GGCC Comp.* ¶ 13; *Okusko Compl.* ¶ 11; *Baker Compl.* ¶ 11); Tezos Stiftung (sometimes named as the "Tezos Foundation") (*GGCC Comp.* ¶ 14; *Okusko Compl.* ¶ 12; *Baker Compl.* ¶ 12); and Arthur and Kathleen Breitman (*GGCC Comp.* ¶¶ 15-16; *Okusko Compl.* ¶¶ 13-14; *Baker Compl.* ¶ 13-14). The *Oksuko* complaint also names Timothy Draper as a Defendant (*Oksuko Compl.* ¶ 16); the *Baker* complaint also names Johann Gevers and Strange Brew Strategies LLC as Defendants (*Baker Compl.* ¶¶ 15, 16).

The PSLRA cases have similar claims. All three PSLRA Cases include counts under Section 5 and 12(a)(1) of the 1933 Act (*GGCC Compl.* ¶¶ 84-90; *Okusko Compl.* ¶¶ 57-60; *Baker Compl.* ¶¶ 84-88). *GGCC* and *Okusko* include claims under Section 15 of the 1933 Act (*GGCC Compl.* ¶¶ 91-97; *Oksuko Compl.* ¶¶ 61-63). The *Baker* Compl. includes claims under Section 17(a)(1), 17(a)(2), and 17(a)(3) of the 1933 Act (*Baker Compl.* ¶¶ 89-99) as well as various state law claims (*Baker Compl.* ¶¶ 100-116).

Finally, the PSLRA cases are based on the same operative facts: namely, the unregistered sale of securities in the Tezos ICO, held between July 1 and 14, 2017. (*GGCC Compl.* ¶ 1; *Okusko Compl.* ¶ 2; *Baker Compl.* ¶ 5).

## IV. ARGUMENT

### A. The PSLRA Cases Should Be Consolidated

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the

---

[1] Another case filed in this Court, *Macdonald v. Dynamic Ledger Solutions, et al.*, No. 3:17-cv-07095-RS, does not include any federal securities claims, and is thus not subject to the PSLRA's lead plaintiff process. Counsel for Trigon also represents plaintiff in the *Macdonald* case.

3

determination [regarding the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii).

Rule 42(a) of the Federal Rules of Civil Procedure grants the court discretion to consolidate "actions involving a common question of law or fact." *Johnson v. OCZ Technology Group*, No. CV 12-05265-RS (N.D. Cal. Jan, 4, 2013) (Seeborg, J.) (quoting Fed. R. Civ. P. 42(a)).

Here, as described above, the PSLRA Cases have similar Defendants, similar legal claims, and all arise under the same set of facts: the Tezos ICO. As such, they qualify for consolidation under Fed. R. Civ. P. 42(a).[2] *See, e.g., Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007). Accordingly, the cases should be consolidated into the first-filed *GGCC* action, 3:17-cv-06779-RS. Upon selection as lead plaintiff, Trigon proposes to file a single consolidated class action complaint under the caption *In re Tezos ICO Litigation*.

### B.   Trigon Is The "Most Adequate Plaintiff" And Should Be Appointed As Lead

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Federal Securities Laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(1); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(i).

*First*, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 77z-1(a)(3)(A)(i).

*Second*, the PSLRA provides that the Court should adopt a presumption that the most adequate plaintiff is the person or group of persons that

---

[2]   There is a fully-briefed motion to remand pending in the *Baker* action. *Baker v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06850-RS (N.D. Cal.) (ECF No. 13). Trigon takes no position on the merits of that motion. If the case is not remanded, it should be consolidated with the other PSLRA Cases.

4

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (ccc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Trigon meets each of these requirements and should be appointed as Lead Plaintiff. This Motion

### 1.     This Motion is Timely

The statutorily required notice of this action was published on November 26, 2017, advising class members of (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed by January 25, 2018. *See* Exhibit A to the Declaration of Jacob A. Walker ("Walker Decl."), filed concurrently herewith. Because this Motion is being filed on January 25, 2018, it is timely, and Trigon is entitled to be considered for appointment as lead plaintiff.

### 2.     Trigon Has A Substantial Financial Interest In The Relief Sought By The Class

As evidenced by its PSLRA Certification (Walker Decl., Ex. B), Trigon spent 18.9999 Bitcoin on July 3, 2017 in the Tezos ICO (the equivalent of approximately $47,821.04 USD at the time of its purchase or the equivalent of approximately $210,889.09 dollars at the time of the filing of this motion). Therefore, Trigon has a substantial financial interest in the relief sought by the class. At the time of filing, Trigon was not aware of any other movant with a larger financial interest.

### 3.     Trigon Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Id*. (quoting Fed. R. Civ. P. 23(a)(3)). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Id* (quoting Fed. R. Civ. P. 23(a)(4)).

Here, Trigon participated in the Tezos ICO by submitting 18.9999 Bitcoin in exchange for a promise of Tezos tokens. Trigon suffered the same harm and is entitled to the same remedies as the rest of the class because it was sold unregistered securities. In addition, Trigon's substantial stake in the outcome of the case indicates it has the required incentive to vigorously represent the class's claims. Moreover, Trigon is not aware of any conflicts between its claims and those asserted on behalf of the putative class. Nor is Trigon aware of any unique defenses to which it might be subject. Finally, as discussed below, Trigon has selected qualified counsel experienced in securities litigation.

Trigon's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that it satisfies the Rule 23 inquiry.

For these reasons, Trigon should be appointed as Lead Plaintiff.

**C.    The Court Should Approve Trigon's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Trigon has selected Block & Leviton as lead counsel in this case.

As evidenced by its firm resume (Walker Decl. Ex. C), Block & Leviton has significant experience litigating in this district and throughout the country, including in federal securities class actions. Furthermore, the firm's attorneys assigned to this case have significant experience litigating cases involving new technologies that will be valuable in prosecuting this novel case regarding the Tezos ICO. Accordingly, Trigon's selection of counsel is reasonable and should be approved.

## V. CONCLUSION

The PSLRA Cases involve substantially the same facts, and thus are subject to consolidation. Trigon has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Trigon respectfully requests the Court appoint it as lead plaintiff in the PSLRA Cases and approve Trigon's selection of counsel.

January 25, 2018                                             Respectfully submitted,

**BLOCK & LEVITON LLP**

/s/ Jacob A. Walker
Joel A. Fleming (SBN 281264)
Jacob A. Walker (SBN 271217)
155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
jake@blockesq.com
joel@blockesq.com

*Counsel to Trigon Trading Pty. Ltd. and Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2018, I authorized the electronic filing of the foregoing with the Clark of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Jacob A. Walker
Jacob A. Walker