1 | Neal A. Potischman (SBN 254862)
  | Serge A. Voronov (SBN 298655)
2 | DAVIS POLK & WARDWELL LLP
  | 1600 El Camino Real
3 | Menlo Park, California  94025
  | Telephone: (650) 752-2000
4 | Facsimile:  (650) 752-2111
  | Email: neal.potischman@davispolk.com
5 |           serge.voronov@davispolk.com

6 | *Attorneys for Defendant Tezos Foundation*

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

| GGCC, LLC, an Illinois Limited Liability Company, Individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 3:17-cv-06779-RS |
|---|---|---|
| Plaintiff, | ) ) ) | **JOINT STIPULATION EXTENDING TIME FOR TEZOS STIFTUNG TO RESPOND TO COMPLAINT** |
| v. | ) ) | |
| DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an individual, and ARTHUR BREITMAN, an individual, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

1    Defendant Tezos Stiftung (the "Foundation") and plaintiff GGCC, LLC ("GGCC")
2 (collectively, the "Appearing Parties") stipulate pursuant to Civil L. R. 6-1(a) to extend the time
3 for the Foundation to respond to the putative class action complaint filed by GGCC (the
4 "Complaint"), filed in the above-captioned action (the "Instant Action") as follows:
5    WHEREAS, on November 26, 2017, GGCC filed the Complaint alleging violations of
6 the Securities Act;
7    WHEREAS, the claims under the Securities Act of 1933 that GGCC seeks to bring on
8 behalf of a putative class may be subject to the lead plaintiff provisions of the Private Securities
9 Litigation Reform Act, *see* 15 U.S.C. § 77z-1;
10    WHEREAS, on December 4, 2017, the Instant Action was deemed related to actions
11 entitled *Okusko v. Dynamic Ledger Solutions, Inc. et al.*, 17-cv-06829, and *Baker v. Dynamic
12 Ledger Solutions, Inc., et al.*, 17-cv-06850, and such actions were assigned to the Hon. Richard
13 Seeborg;
14    WHEREAS, on January 5, 2018, GGCC and defendants Dynamic Ledger Solutions, Inc.
15 ("DLS") and Kathleen Breitman and Arthur Breitman (the "Breitman Defendants") agreed and
16 stipulated that DLS and the Breitman Defendants shall not be required to move to dismiss or
17 otherwise respond to the Complaint filed in the Instant Action until 30 days after the Court
18 appoints a lead plaintiff and lead counsel, and lead plaintiff files and serves a consolidated
19 complaint or notice stating that lead plaintiff designates a previously filed complaint as operative;
20    WHEREAS, in order to avoid motion practice with respect to the issue of service, the
21 Foundation agreed to waive service of the Complaint on January 23, 2018 (ECF No. 34);
22    WHEREAS, in accordance with the terms of that waiver, the Foundation's time to move
23 to dismiss or otherwise respond to the Complaint is currently March 20, 2018;
24    WHEREAS, on January 25 and 26, 2018 five applications to be appointed lead plaintiff
25 were filed with the Court (ECF Nos. 38, 49, 53, 55, 61);
26    WHEREAS, the Appearing Parties have met and conferred and agree that the Foundation
27 should respond to the Complaint on the same schedule as DLS and the Breitman Defendants;
28

1

1    WHEREAS, the Foundation does not consent to, and in fact contests, the Court's exercise
2 of personal jurisdiction over it as well as the propriety of venue of this action;
3    WHEREAS, this extension will not alter the date of any event or any deadline already
4 fixed by order of this Court; and
5    WHEREAS, the Foundation has not obtained any previous time modifications in this case.
6    NOW THEREFORE, the Appearing Parties hereby stipulate as follows:
7    The Foundation may but shall not be required to move to dismiss or otherwise respond to
8 the Complaint filed until 30 days after the Court appoints a lead plaintiff and lead counsel, and
9 lead plaintiff files and serves a consolidated complaint or a notice stating that lead plaintiff
10 designates a previously filed complaint as operative. Pursuant to Civil L. R. 6-1(a), this
11 paragraph shall be effective upon the filing of this Stipulation with the Court.

**IT IS SO STIPULATED.**

Dated: January 29. 2018

| THE RESTIS LAW FIRM, P.C. | DAVIS POLK & WARDWELL LLP |
|---|---|
| /s/ William R. Restis | /s/ Neal A. Potischman |
| William R. Restis | Neal A. Potischman |
|  | Serge A. Voronov |
| Attorneys for Plaintiff |  |
| GGCC, LLC | Attorneys for Defendant |
|  | TEZOS STIFTUNG |

### FILER'S ATTESTATION

Pursuant to Civil L. R. 5-1(i)(3), regarding signatures, Neal A. Potischman hereby attests that concurrence in the filing of the document has been obtained from all of the signatories above.

Dated:  January 29, 2018            /s/ Neal A. Potischman
                                    Neal A. Potischman