James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
**TAYLOR-COPELAND LAW**
501 W. Broadway Suite 800
San Diego, CA 92101
Tel:   619-400-4944

Attorney for Individual and Representative
Plaintiff Andrew Baker

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BAKER, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06850-RS<br><br>**PLAINTIFF ANDREW BAKER'S OPPOSITION TO MOTIONS TO CONSOLIDATE (DKTS. 49, 53, 55, AND 61)**<br><br>Date:   March 1, 2018<br>Time:   1:30 p.m.<br>Crtrm:  3<br>Judge:  Hon. Richard Seeborg |
| GGCC, LLC, an Illinois Limited Liability Company, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v. | Case No: 3:17-cv-06779-RS |

1

1
2  DYNAMIC LEDGER SOLUTIONS, INC., a
   Delaware corporation, TEZOS STIFTUNG, a
3  Swiss foundation, KATHLEEN BREITMAN, an
   individual, and ARTHUR BREITMAN, an
4  individual,

5                    Defendants.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

Plaintiff Andrew Baker ("Baker") respectfully submits this response in opposition to the Motions to Consolidate filed in *GGCC, LLC v. Dynamic Ledger Solutions, Inc.*, No. 17-cv-06779-RS (the "GGCC Action") by Nicolas Andreasson, Paul M. Martin, and Richard Reckenbeil (Dkt. 49), GGCC, LLC (Dkt. 53), Trigon Trading Pty, Ltd. (Dkt. 55), and Arman Anvari (Dkt. 61) (collectively, the "Motions to Consolidate").[1]  These Motions to Consolidate should be denied because *Baker v. Dynamic Ledger Solutions, Inc.*, No. 17-cv-06850-RS (the "Baker Action") is not pending before this Court and does not have questions of law or fact common to the GGCC Action as required by Rule 42(a).

## I. INTRODUCTION

Baker was the first of five plaintiffs to file putative class actions alleging violations by the Tezos Foundation, Dynamic Ledger Solutions, Inc. ("DLS") and various other defendants involved in the Tezos Initial Coin Offering ("ICO").  Baker filed suit in state court.  DLS removed the case to the Northern District even though courts in the Northern District, and throughout the Ninth Circuit, have been nearly uniform in rejecting removal and remanding class actions in cases, like Baker's, which allege claims under the Securities Act.  Baker Action Dkt. 18 at 2 *citing Guo v. ZTO Express (Cayman) Inc.*, 2017 WL 6547746, at *2 (N.D. Cal. Dec. 22, 2017).

Baker filed a timely motion to remand.  DLS opposed this motion, arguing that the Court should stay the Baker Action pending the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund, et al.*, No. 15-1439, and on February 1, 2018, this Court stayed the Baker Action pending the decision in *Cyan*, and gave Baker leave to refile his motion "within twenty-one (21) days of the Supreme Court issuing its opinion in *Cyan*."  Baker Action Dkt. 18 at 5.  The Court acknowledged "that courts in the Northern District, and throughout the Ninth Circuit, have been nearly uniform in rejecting arguments like those made by DLS and remanding class actions which solely allege claims under the Securities Act," but reasoned that

---

[1] Baker has not been served with notice of any of these motions, but is filing this opposition in the GGCC Action out of an abundance of caution.

1

BAKER OPPOSITION TO MOTIONS TO CONSOLIDATE
Case No. 3:17-cv-06850-RS

1    "the most prudent course [was] to await" guidance from the Supreme Court as a stay posed

2    "minimal risk of harm to Baker." Baker Action Dkt. 18 ("Stay Order") at 2, 4.

3    Now, while we await that guidance, the movants ask this Court to consolidate the Baker Action with the GGCC Action. Doing so would require this Court to lift the stay it issued in the Baker Action just days ago and consolidate the Baker Action without deciding the very issue it awaits guidance from the Supreme Court on—whether the Baker Action is properly before the Court. In so doing, it would gravely prejudice Baker by forcing him to proceed in federal court even if the Supreme Court's decision in *Cyan* is in accord with the near uniform view in the Northern District and Ninth Circuit—that cases like Baker's should be remanded. Baker therefore respectfully asks that this Court deny the Motions to Consolidate.

## II. STATEMENT OF ISSUE TO BE DECIDED

Whether the Court can, or should, consolidate the Baker Action with the GGCC Action while the Baker Action is stayed pending the Supreme Court's decision in *Cyan*, and before the Court determines whether or not the Baker Action is properly before the Court.

## III. ARGUMENT

### A. The Baker Action Cannot Be Consolidated Because it is Not Properly Before the Court

As this Court noted in staying the Baker Action, courts in the Northern District, and throughout the Ninth Circuit, have been "nearly uniform" in finding that removal of cases like the Baker Action are barred by the Securities Act, thus requiring that they be remanded. Baker Action Dkt. 18 at 2. And, while the Court stayed the Baker Action to await guidance from the Supreme Court's decision in *Cyan*, it does not appear to have ruled on the merits of Baker's Motion to Remand or determined that it has subject matter jurisdiction over Baker's claims. *See* Stay Order at 3 (discussing power of District Court to stay underlying proceedings without determining merits of motion to remand). However, Fed. R. Civ. P 42(a) allows consolidation *only* of cases that are pending before the court, "and a court has no authority to consolidate an action of which it has

jurisdiction with one which it does not." *Appalachian Power Co. v. Region Properties, Inc.*, 364 F.Supp. 1273, 1277 (W.D. Va. 1973).[2]

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Rule 42 applies to cases that are properly before the same court," and cases that are not properly before a federal district court cannot be consolidated under Rule 42. *Oregon Egg Producers v. Andrew*, 458 F.2d.382 (9th Cir. 1972). "[U]nder Rule 42, a prerequisite to consolidation is that both cases be 'pending before the court,' and an improperly removed case does not meet this criterion." *U.S. Bank Nat. Assoc. v. Mariano*, LA CV 12-05485, 2012 WL 12882054 at *1 (C.D. Cal. Aug. 16, 2012) *citing U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987).

As Judge Hamilton noted in *U.S. Bank Nat. Ass'n v. Tyler*, because "Federal courts have no power to consider claims for which they lack subject-matter jurisdiction . . . the court must consider whether it has subject matter jurisdiction over the removed [] action before it can consider whether the [] action should be consolidated with the related [] action." No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010); *see also Appalachian Power Co. v. Region Properties, Inc.*, 364 F.Supp. 1273, 1277 (W.D. Va. 1973) ("[I]f plaintiff's action on the promissory notes is not proper for removal it is not 'pending before the court', and this court has no authority to consolidate an action of which it has jurisdiction with one of which it does not."). The Court thus cannot consolidate the Baker Action unless and until it has decided that removal was proper, a determination it has indicated it will make once it has the benefit of the Supreme Court's ruling in *Cyan*.[3]

**B.   Consolidation Would Require Lifting the Stay in the Baker Action and Gravely Prejudice Baker**

---

[2] Although Rule 42 has since been amended to remove the term pending, the notes of the advisory committee make it clear that the change was "intended to be stylistic only." Fed. R. Civ. P. Committee Notes on Rules – 2007 Amendment.

[3] Whether the Baker Action should be remanded is also a question of fact and law unique to the Baker Action thereby making consolidation inappropriate.

In staying the Baker Action, the Court reasoned that "the most prudent course [was] to await" guidance from the Supreme Court as a stay posed "minimal risk of harm to Baker." Baker Action Dkt. 18 ("Stay Order") at 2, 4. However, consolidating the Baker Action before ruling on the merits of a motion to remand in light of the Supreme Court's ruling in *Cyan* changes that calculus significantly. Consolidation would force Baker to proceed in federal court even if the Supreme Court's decision in *Cyan* is in accord with the near uniform view in the Northern District and Ninth Circuit—that cases like Baker's should be remanded. The practical impact would thus be the exact opposite of what the Court sought to achieve in staying the Baker Action, where it cautioned against "the potentially adverse consequences that could result from forging ahead." Baker Action Dkt. 18 at 4.

## IV.   CONCLUSION

Baker therefore respectfully asks that the Court deny the Motions to Consolidate the Baker Action and leave the stay of the Baker Action in place until the Supreme Court issues a decision in *Cyan*.

Dated:  February 8, 2018            **TAYLOR-COPELAND LAW**
                                    By:/James Taylor-Copeland_____
                                        James Q. Taylor-Copeland
                                        Attorney for Lead Plaintiff Andrew Baker