ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
    – and –
LUCAS F. OLTS (234843)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
dmyers@rgrdlaw.com

SILVER MILLER
DAVID C. SILVER
JASON S. MILLER
11780 W. Sample Road
Coral Springs, FL 33065
Telephone: 954/516-6000
dsilver@silvermillerlaw.com
jmiller@silvermillerlaw.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GGCC, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>vs.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., et al.,<br><br>            Defendants. | Case No. 3:17-cv-06779-RS<br><br><u>CLASS ACTION</u><br><br>OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE: March 1, 2018<br>TIME: 1:30 p.m.<br>CTRM: Courtroom 3 (17th Floor) |

1368493_1

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ..................................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ...................................................................2

III. ARGUMENT ........................................................................................................................2

    A.  Mr. Anvari Is Not Entitled to the "Most Adequate Plaintiff" Presumption.............2

    B.  While Trigon Appears to Satisfy the PSLRA's Requirements, Trigon Only Contributed Bitcoin to the ICO and Messrs. Lang, Coffey, and Gaviria Should Also Be Appointed to Ensure Broad Class Representation.........................6

    C.  The Remaining Movants Do Not Qualify for the PSLRA's Presumption...............7

IV. CONCLUSION.....................................................................................................................7

1368493_1

OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL – 3:17-cv-06779-RS

- i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Blumberg v. Gates*,
   2003 WL 22002739 (C.D. Cal. Aug. 19, 2003) .......................................................................4

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
   2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) ..........................................................................6

*Feezor v. Excel Stockton, LLC*,
   2013 WL 5486831 (E.D. Cal. Sept. 30, 2013) ........................................................................4

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................3

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................................5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................2, 3, 5, 7

*In re Host Am. Corp. Sec. Litig.*,
   236 F.R.D. 102 (D. Conn. 2006) .............................................................................................6

*In re Lucent Techs. Inc. Sec. Litig.*,
   221 F. Supp. 2d 472 (D.N.J. 2001) .........................................................................................6

*In re MicroStrategy Inc. Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) .....................................................................................3

*In re Telxon Corp. Sec. Litig.*,
   67 F. Supp. 2d 803 (N.D. Ohio 1999) ....................................................................................3

*Johnson v. Pozen Inc.*,
   2008 WL 474334 (M.D.N.C. Feb. 15, 2008) .........................................................................6

*Skwortz v. Crayfish Co., Ltd.*,
   2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) .......................................................................3

*Steamfitters Local 449 Pension Fund v. Cent. Eur. Distribution Corp.*,
   2012 WL 3638629 (D.N.J. Aug. 22, 2012) ............................................................................4

*Switzenbaum v. Orbital Scis. Corp.*,
   187 F.R.D. 246 (E.D. Va. 1999) .............................................................................................3

*Tice v. Novastar Fin., Inc.*,
   2004 WL 1895180 (W.D. Mo. Aug. 23, 2004) ......................................................................6

1368493_1

OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL – 3:17-cv-06779-RS

- ii -

<mark><mark><mark><mark><mark><mark><mark><mark><mark>

**Page**

*Yousefi v. Lockheed Martin Corp.*,
    70 F. Supp. 2d 1061 (C.D. Cal. 1999) ...................................................................................6

*Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) ..............................................................................1, 3

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §77z-1(a)(2) .............................................................................................................................3
    §77z-1(a)(3)(A)(i)(II)...............................................................................................................3
    §77z-1(a)(3)(B)(iii)(I) ..............................................................................................................2
    §77z-1(a)(3)(B)(iii)(I)(cc)........................................................................................................2
    §77z-1(a)(3)(B)(iii)(II).............................................................................................................1
    §77z-1(a)(3)(B)(v) ...................................................................................................................5

Federal Rules of Civil Procedure
    Rule 23 ............................................................................................................................2, 6, 7
    Rule 23(a)................................................................................................................................2

Northern District of California Local Civil Rules
    Local Rule 3-7.........................................................................................................................3

**LEGISLATIVE HISTORY**

S. Rep. No. 104-98 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 679 ......................................................................................4

1368493_1

OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL – 3:17-cv-06779-RS - iii -

## I. INTRODUCTION

Five lead plaintiff motions are pending before the Court filed by investors that contributed digital currencies (*e.g.*, Bitcoin and/or Ether) to the Tezos initial coin offering ("ICO") in July 2017: (1) Trigon Trading Pty. Ltd with 18.9999 Bitcoin; (2) David Lang, Ryan Coffey, and Alejandro R. Gaviria with 9.6163174 Bitcoin and 53.0799 Ether; (3) Arman Anvari with 250 Ether; (4) Nicolas Andreasson, Paul M. Martin, and Richard Reckenbeil ("Tezos Investor Group") with 4 Bitcoin and 64 Ether; and (5) GGCC, LLC, Pumaro, LLC, and Nick Anthony ("GGCC Group") with 1.9406 Bitcoin and 11 Ether. While it appears at first glance that Mr. Anvari has asserted the greatest financial interest, his motion suffers from a host of fatal defects, any of which preclude his appointment as lead plaintiff.

First, Mr. Anvari filed his motion in this case a day ***after*** the statutory deadline, which conclusively forecloses his application. *See* ECF No. 61; *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) ("'The plain language of the statutes precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed.'").[1] Second, Mr. Anvari's ability to satisfy the threshold adequacy inquiry at this stage is compromised by: (1) the fact that his attorney, not Mr. Anvari himself, signed Mr. Anvari's Certification (*see* ECF No. 61-3); (2) his decision to hire two law firms with absolutely no experience in securities class action cases subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) his employment as an associate attorney with Perkins Coie LLP, a law firm that has extensively counseled ICO issuers like defendants in this case that ICOs are not securities subject to the federal securities laws – a position diametrically opposed to the allegations the lead plaintiff will be asserting against defendants here. These facts confirm that Mr. Anvari "will not fairly and adequately protect the interests of the class" and that he "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II). Mr. Anvari's motion should be denied.

---

[1] All emphasis is added and all citations are omitted unless otherwise noted.

1    The movant with the next greatest financial interest, Trigon, appears to satisfy the Rule 23 requirements at this stage.  However, as Trigon only contributed Bitcoin to the Tezos ICO, Messrs. Lang, Coffey, and Gaviria – who contributed significant amounts of Bitcoin and Ether – respectfully submit that their service as lead plaintiff with Trigon would ensure the broadest possible protection to the putative class.  *See infra* §III.B.

The remaining movants all claim a far smaller financial interest than Messrs. Lang, Coffey, and Gaviria.  Consequently, their motions should be denied.  *See infra* §III.C.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should deny the competing motions and grant Messrs. Lang, Coffey, and Gaviria's motion for appointment as lead plaintiff.

## III.   ARGUMENT

"The 'most capable plaintiff' – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, ***so long as*** he meets the requirements of Rule 23."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).  To identify the presumptively most adequate plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *Cavanaugh*, 306 F.3d at 730.  "It must then focus its attention on ***that*** plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Id.* (emphasis in original).

"If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."  *Id.*  If, however, "the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23."  *Id.*

### A.    Mr. Anvari Is Not Entitled to the "Most Adequate Plaintiff" Presumption

While Mr. Anvari claims to have the largest financial interest, he has not shown that he "satisfies the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).

28

First, Mr. Anvari's motion is untimely. The PSLRA has a strict statutory deadline to file lead plaintiff motions and that deadline expired on January 25, 2018 in this case. *See* 15 U.S.C. §77z-1(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class"). All movants, including Mr. Anvari, acknowledged this unambiguous deadline.[2] Yet, Mr. Anvari did not file his motion in this case until January 26, 2018, the day ***after*** the deadline expired.[3] As filing a timely motion is the first, and most basic, statutory requirement, Mr. Anvari's motion cannot be considered. *See Zhu*, 682 F. Supp. 2d at 1053; *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (The PSLRA "'is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action.'") (quoting *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818-19 (N.D. Ohio 1999)).[4]

Second, Mr. Anvari's Certification is fundamentally defective. The PSLRA unambiguously requires that the sworn certification filed by each person seeking to serve as a representative party on behalf of the class "***shall be personally signed by such plaintiff***." 15 U.S.C. §77z-1(a)(2); Civil L.R. 3-7 (requiring lead plaintiff applicants to file certification); *Cavanaugh*, 306 F.3d at 730 (recognizing that court "must rely on the presumptive lead plaintiff's complaint and sworn certification" in making the lead plaintiff determination). Yet, Mr. Anvari's Certification was executed ***by his counsel***. *See* ECF No. 61-3. There is some irony in the submission of a certification

---

[2] *See* ECF Nos. 38 at 5; 49-1 at 5-6; 53 at 6; 55 at 5; 61 at 4. The requisite PSLRA notice included the low-numbered case information as well. *See* ECF No. 12.

[3] That Mr. Anvari filed a motion on January 25, 2018 in *MacDonald v. Dynamic Ledger Solutions, Inc.*, No. 17-cv-07095-RS, ECF No. 70-3, is irrelevant as *MacDonald* pleads only state law claims and does not implicate the PSLRA's requirements.

[4] *See also Skwortz v. Crayfish Co., Ltd.*, 2001 WL 1160745, at *5 (S.D.N.Y. Sept. 28, 2001) (recognizing that "an untimely motion has the effect of preventing the [movants] from satisfying the first requirement of the most adequate plaintiff presumption" and finding that the "tardiness of the Chang Plaintiffs Group motion" – filed one day late – "precludes this Court from appointing the Group as Lead Plaintiff" because PSLRA's deadline is "mandatory"); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 433 (E.D. Va. 2000) ("A motion filed after the sixty-day period by a person who has not filed a complaint, however, is untimely, and may not, except perhaps in rare circumstances, be considered by a court."); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 249 (E.D. Va. 1999) (plaintiff was ineligible because he "never filed a complaint himself or moved for appointment within the time that the PSLRA requires of those who hope to become the Lead Plaintiff").

1368493_1

OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL – 3:17-cv-06779-RS         - 3 -

signed by a lawyer in a case governed by the PSLRA, which was enacted to curb lawyer-driven litigation.[5] Ironies aside, averments requiring a declarant's signature under penalty of perjury – like the PSLRA certification – have no "evidentiary force without his own signature affixed." *Feezor v. Excel Stockton, LLC*, 2013 WL 5486831, at *4 (E.D. Cal. Sept. 30, 2013) (finding that declaration was defective "even if Feezor directed his attorney to write the declaration, had the declaration read to him in its entirety, and authorized his attorney to affix his signature"); *Blumberg v. Gates*, 2003 WL 22002739, at *1 (C.D. Cal. Aug. 19, 2003) ("The probative force of a declaration subscribed under penalty of perjury derives from the signature of the declarant. Without the declarant's signature, a declaration is completely robbed of any evidentiary force."). Stated simply, "one may not sign a declaration 'for' another in this manner." *Blumberg*, 2003 WL 22002739, at *1; *see also Steamfitters Local 449 Pension Fund v. Cent. Eur. Distribution Corp.*, 2012 WL 3638629, at *12 (D.N.J. Aug. 22, 2012) ("The PSLRA has specific requirements for lead plaintiff certifications, and the Court finds that there is substantial likelihood that the Subsidiaries would be subject to a unique defense regarding invalid or lack of certification because the validity of their purported certification is fairly debatable.").

Third, Mr. Anvari is an unsuitable choice for lead plaintiff because at the time his motion was filed, Mr. Anvari was an associate attorney at the law firm of Perkins Coie LLP. *See* Declaration of Danielle S. Myers in Support of Opposition of David Lang, Ryan Coffey, and Alejandro R. Gaviria to Competing Motions for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Myers Opp. Decl."), Ex. 1. While that fact, in and of itself, may seem innocuous, it takes on a wholly different meaning when one considers that Perkins Coie specializes in providing legal advice to startup companies in the bitcoin and tokenization space, like the defendants here. *See* Myers Opp. Decl., Ex. 2. Among the advice these clients sought (and received) from Perkins Coie was to ensure, prior to launch, that tokens, like those at issue in the Tezos ICO, would ***not*** be considered securities. *See* Myers Opp. Decl., Ex. 3. That Mr. Anvari now

---

[5] *See generally* S. Rep. No. 104-98, at 10 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 689 ("The Committee believes that the lead plaintiff – not lawyers – should drive the litigation. As one witness testified: 'One way of addressing this problem is to restore lawyers and clients to their traditional roles by making it harder for lawyers to invent a suit and then attach a plaintiff.'").

1368493_1

OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL – 3:17-cv-06779-RS     - 4 -

1 apparently intends to argue that the ICO at issue in this case ***should*** be considered a sale of securities 2 undoubtedly subjects him to unique defenses (and potential conflicts of interest) that seriously call 3 into question his typicality and adequacy to represent the putative class. *See Hanlon v. Chrysler* 4 *Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Examination of potential conflicts of interest has long 5 been an important prerequisite to class certification.").

6 A final indicia of Mr. Anvari's inadequacy is his selection of LTL Attorneys LLP and Hung 7 G. Ta, Esq. PLLC as proposed lead counsel, a curious selection considering that neither firm has 8 ***ever*** been appointed lead counsel, or even co-lead counsel, in a PSLRA securities class action. *See* 9 ECF Nos. 61-5, 61-6.[6] While the PSLRA permits the lead plaintiff to "select and retain counsel to 10 represent the class," that decision is "subject to the approval of the court." 15 U.S.C. §77z-11 1(a)(3)(B)(v). And, while the Ninth Circuit has advised district courts that they should not reject a 12 lead plaintiff's proposed counsel merely because they would have chosen differently, a lead 13 plaintiff's selection of a lawyer who is inexperienced or incapable of "get[ting] the job done," "casts 14 doubt on his ability to handle the responsibilities of lead plaintiff." *Cavanaugh*, 306 F.3d at 733. 15 Mr. Anvari has selected LTL Attorneys LLP and Hung G. Ta, Esq. PLLC – two firms without ***any*** 16 apparent PSLRA securities class action experience. Neither firm has provided any indication they 17 are capable of litigating a large, complex securities class action such as this. Early gaffes like the 18 late-filed motion in the wrong case and inadmissible Certification signed by an attorney, combined 19 with counsel's reference to the Securities Exchange Act of 1934 rather than the Securities Act of 20 1933 throughout their motion – bolster the inference that neither firm possesses the experience 21 necessary to adequately represent the class in this complex PSLRA securities case. Consequently, 22 Mr. Anvari's selection of these firms further undermines his adequacy. *See Freedman v.* 23 *Weatherford Int'l Ltd.*, No. 1:12-cv-02121-LAK, ECF No. 31 at 2 (S.D.N.Y. July 10, 2012) 24 (rejecting movant with larger financial interest because while one movant "has chosen a large, well 25 known, and able law firm that long has specialized in this sort of litigation, . . . Dr. Siddiqui, on the

---

[6] Neither law firm appeared in a Westlaw and Lexis search of PSLRA lead plaintiff decisions.

other hand, has chosen a five-person law firm, the resume of which . . . discloses only very limited experience in securities class action litigation") (Myers Opp. Decl., Ex. 4).

Accordingly, because Mr. Anvari has not shown that he is typical of, or can adequately represent, this class of Tezos investors, Mr. Anvari's motion for appointment as lead plaintiff should be denied.

### B. While Trigon Appears to Satisfy the PSLRA's Requirements, Trigon Only Contributed Bitcoin to the ICO and Messrs. Lang, Coffey, and Gaviria Should Also Be Appointed to Ensure Broad Class Representation

Trigon claims to possess the next largest financial interest and based on its Certification, appears to satisfy the Rule 23 requirements at this stage. *See* ECF No. 55. However, Trigon only contributed Bitcoin to the Tezos ICO, while Messrs. Lang, Coffey, and Gaviria contributed both Bitcoin ***and*** Ether. *Compare* ECF No. 56-2 *with* ECF Nos. 39-1, 39-2 at ¶6 (acknowledging transmission of "both Bitcoin and Ether in the Tezos [ICO]" as a reason for their joint motion). Ensuring that both types of investors are represented going forward will inure to the class's benefit. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ( "The Court also finds that with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone."); *Howard v. Arconic, Inc.*, No. 2:17-cv-01057-MRH, ECF No. 56 (W.D. Pa. Feb. 7, 2018) (appointing two lead plaintiffs for separate securities) (Myers Opp. Decl., Ex. 5).[7] In addition, while Trigon is an

---

[7] *See also City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678, at *8 (N.D. Ill. Apr. 18, 2012) (finding that "diversity, along with the Combined Institutional Investor Group's largest financial interest in this litigation and the other factors discussed above, makes it the most capable of adequately representing the interests of the class members"); *Johnson v. Pozen Inc.*, 2008 WL 474334, at *3 (M.D.N.C. Feb. 15, 2008) (finding that "institution/individual Co-Lead Plaintiff structure will provide a diversity of representation and also protect the interests of the class at class certification in the event that either Rodriguez or the Pension Fund later leaves the action for whatever reason"); *In re Host Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 106 (D. Conn. 2006) (noting that both movants "contain institutional and individual investors, thus providing a diversity of representation reflective of the makeup of the class as a whole"); *Tice v. Novastar Fin., Inc.*, 2004 WL 1895180, at *6 (W.D. Mo. Aug. 23, 2004) ("Appointing co-lead plaintiffs will ensure a broader, more diverse representation of the class, thereby protecting the various interests of its members."); *In re Lucent Techs. Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) (finding that appointing a Co-Lead Plaintiff would provide "additional representation [that] may benefit the class and provide flexibility, if needed, in the future").

1368493_1

OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL – 3:17-cv-06779-RS   - 6 -

1 Australian entity, Messrs. Lang, Coffey, and Gaviria are all located in the U.S. and readily available
2 to attend Court hearings.  Accordingly, Messrs. Lang, Coffey, and Gaviria should also be appointed
3 Lead Plaintiff.

4 Moreover, if Trigon is not deemed the presumptive lead plaintiff, Messrs. Lang, Coffey, and
5 Gaviria have the next greatest financial interest and satisfy the Rule 23 requirements at this stage.
6 *See* ECF Nos. 38, 39-2, 48-1.

### C. The Remaining Movants Do Not Qualify for the PSLRA's Presumption

The remaining movants, the Tezos Investor Group and the GGCC Group, each claim a smaller financial interest than Trigon and Messrs. Lang, Coffey, and Gaviria.  Consequently, the Court cannot consider the Tezos Investor Group or the GGCC Group motions unless the presumption in favor of appointing Trigon ***and*** Messrs. Lang, Coffey, and Gaviria as lead plaintiff is rebutted with proof.  *Cavanaugh*, 306 F.3d at 732 (court considers other motions "if and only if" the presumptive lead plaintiff is "found inadequate or atypical").  Here, because Trigon and Messrs. Lang, Coffey, and Gaviria are separately willing to serve and satisfy the Rule 23 requirements, the Tezos Investor Group and the GGCC Group's motions should be denied.

## IV. CONCLUSION

Mr. Anvari failed to evidence his typicality and adequacy to represent the class and is therefore ineligible for the PSLRA's presumption.  Consequently, Mr. Anvari's motion should be denied.  By contrast, Trigon appears to satisfy the PSLRA requirements for appointment.  To ensure the broadest possible representation for both Bitcoin and Etherium contributors to the Tezos ICO, however, Messrs. Lang, Coffey, and Gaviria should also be appointed Lead Plaintiff.

DATED:  February 8, 2018                   Respectfully submitted,

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           LUCAS F. OLTS
                                           DANIELLE S. MYERS


                                                   s/ Danielle S. Myers
                                           DANIELLE S. MYERS

1368493_1

OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL – 3:17-cv-06779-RS    - 7 -

| | |
|---|---|
| 1 | |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101 |
| 3 | Telephone:  619/231-1058<br>619/231-7423 (fax) |
| 4 | ROBBINS GELLER RUDMAN |
| 5 |   & DOWD LLP<br>SHAWN A. WILLIAMS |
| 6 | Post Montgomery Center<br>One Montgomery Street, Suite 1800 |
| 7 | San Francisco, CA  94104<br>Telephone:  415/288-4545 |
| 8 | 415/288-4534 (fax) |
| 9 | SILVER MILLER<br>DAVID C. SILVER |
| 10 | JASON S. MILLER<br>11780 W. Sample Road |
| 11 | Coral Springs, FL  33065<br>Telephone:  954/516-6000 |
| 12 | dsilver@silvermillerlaw.com<br>jmiller@silvermillerlaw.com |
| 13 | [Proposed] Lead Counsel for Plaintiff |
| 14 | WITES LAW FIRM<br>MARC A. WITES |
| 15 | 4400 North Federal Highway<br>Lighthouse Point, FL 33064 |
| 16 | Telephone: 954/933-4400<br>954-354-0205 (fax) |
| 17 | mwites@witeslaw.com |
| | Additional Counsel for Plaintiff |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1368493_1

OPPOSITION OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL – 3:17-cv-06779-RS - 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on February 8, 2018.

  s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:dmyers@rgrdlaw.com

1368493_1

## Mailing Information for a Case 3:17-cv-06779-RS GGCC, LLC v. Dynamic Ledger Solutions, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joseph J. DePalma**
  jdepalma@litedepalma.com,epalomino@litedepalma.com

- **Donald J. Enright**
  denright@zlk.com

- **Joel Anderson Fleming**
  joel@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Andrew S. Gehring**
  andrew.gehring@davispolk.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,bgiovannoni@cooley.com

- **Bruce Daniel Greenberg**
  bgreenberg@litedepalma.com,sgreenfogel@litedepalma.com,epalomino@litedepalma.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,eFilingNotice@cooley.com,lalmanza@cooley.com,efiling-notice@ecf.pacerpro.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,peterb@hbsslaw.com,brianm@hbsslaw.com,sf_filings@hbsslaw.com

- **Samantha Anne Kirby**
  skirby@cooley.com,lsantamaria@cooley.com

- **Brian E. Klein**
  bklein@bakermarquart.com,file@bakermarquart.com,calendar@bakermarquart.com

- **Enoch H Liang**
  enoch.liang@ltlattorneys.com,docket@ltlattorneys.com,gordon.garcia@ltlattorneys.com,lynette.suksnguan@ltlattorneys.com,erica.schoenberg@ltlattorneys.com

- **Scott Matthew Malzahn**
  smalzahn@bakermarquart.com,file@bakermarquart.com,calendar@bakermarquart.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Jeremy Nash**
  jnash@litedepalma.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Edmund Polubinski , III**
  edmund.polubinski@davispolk.com

- **Neal Alan Potischman**
  neal.potischman@dpw.com,ecf.ct.papers@dpw.com,lit.paralegals.mp@davispolk.com,tezos.lit@davispolk.com

- **William Richard Restis**
  william@restislaw.com,support@restislaw.com

- **Rosemary M. Rivas**
  rrivas@zlk.com,qroberts@zlk.com,ebigelow@zlk.com

- **Daniel Louis Sachs**
  dsachs@cooley.com,asmith@cooley.com,cmalick@cooley.com

- **James Quinn Taylor-Copeland**
  james@taylorcopelandlaw.com,docketing@mintz.com,DSJohnson@mintz.com

- **Serge Alexander Voronov**
  serge.voronov@davispolk.com

- **Jacob Allen Walker**
  jake@blockesq.com,4836372420@filings.docketbird.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`