Joel A. Fleming (SBN 281264)
Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
joel@blockesq.com
jake@blockesq.com

*Attorneys for Movant Trigon Trading Pty. Ltd.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GGCC, LLC, an Illinois Limited Liability Company, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, and ARTHUR BREITMAN, an Individual,<br><br>Defendants. | Case No. 3:17-cv-06779-RS<br><br>**TRIGON TRADING PTY. LTD.'S OPPOSITION TO CROSS-MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:       March 1, 2018<br>Time:       1:30 p.m.<br>Courtroom:  3<br>Judge:      Hon. Richard Seeborg |

| | |
|---|---|
| ANDREW OKUSKO, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-06829 |
| Plaintiff, | |
| v. | |
| DYNAMIC LEDGER SOLUTIONS, INC., THE TEZOS FOUNDATION, KATHLEEN BREITMAN, ARTHUR BREITMAN, and TIMOTHY DRAPER, | |
| Defendants. | |
| ANDREW BAKER, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-06850-RS |
| Plaintiff, | *Removed from San Francisco County Superior Court (Case No. CGC-17-562144)* |
| v. | |
| DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

The PSLRA[1] creates a presumption that the most adequate plaintiff is the movant with the "largest financial interest" who otherwise satisfies the requirements of Rule 23 and seeks appointment as lead plaintiff within sixty days of the publication of the PSLRA notice.[2] Here, three groups filed timely motions seeking lead plaintiff status but Trigon's financial interest is larger than each group's aggregate interest. A fourth would-be movant, Arman Anvari, failed to comply with the PSLRA's mandatory sixty-day deadline. Because Trigon has the largest financial interest of all movants who complied with the PSLRA and is otherwise typical and adequate, all of the cross-motions by other lead plaintiff applicants should be denied.

Finally, Trigon agrees that each of the PSLRA Cases—*GGCC*, *Baker*, and *Okusko*—should be consolidated, but the *MacDonald* Action, which is a non-PSLRA case, should only be coordinated for the reasons set forth in Bruce MacDonald's Response Regarding Motions To Consolidate The MacDonald Action And Opposition To Arman Anvari's Motion Seeking To Lead The MacDonald Action (the "MacDonald Response") and as set forth in the Proposed Order Consolidating and Coordinating Cases and Appointing Hagens Berman as Interim Lead Counsel in *MacDonald* (filed contemporaneously by MacDonald in both the *MacDonald* Action and the *GGCC* Action).

## II. COMPETING MOTIONS

Four motions were filed on January 25, 2018. In order of largest financial interest:

1. Trigon sought appointment as lead plaintiff and approval of its selection of Block & Leviton as lead counsel. ECF No. 55. Trigon invested 18.9999 Bitcoin ("BTC") and was allocated 161,249.42 Tezos tokens ("Tezzies"). ECF 56-2.[3] As demonstrated in the chart included in Section III(B) below, this is the largest financial interest of anyone who filed a motion on or before January 25, 2018.

---

[1] Defined terms have the same meaning as those used in Trigon's opening brief.

[2] 15 U.S.C. § 77z-1(a)(3)(B)(iii).

[3] As the Tezzies have not been issued and are not tradeable, there have been no sales, making the financial interest calculations relatively straightforward.

3

2. David Lang, Ryan Coffey, and Alejandro R. Gaviria (the "Robbins Geller Group") sought appointment as lead plaintiffs and approval of their selection of the Robbins Geller and Silver Miller firms as lead counsel. ECF No. 38. Combined, the Robbins Geller Group invested 9.6163174 Bitcoin and 53.0799 Ethereum ("ETH") and were allocated 90,116.52 Tezzies. ECF No. 48-1 (errata correcting certifications filed with the Robbins Geller Group's motion).

3. Nicolas Andreasson, Paul Martin, and Richard Reckenbeil (the "Tezos Investor Group") sought appointment as lead plaintiffs and approval of their selection of the Levi & Korsinsky firm as lead counsel. ECF 49-1. Combined, the Tezos Investor Group invested 4 Bitcoin and 64.97925707 Ethereum. ECF 49-2, Ex. 1.

4. GGCC, LLC, Pumaro, LLC, and Nick Anthony (the "GGCC Group") sought appointment as lead plaintiffs and approval of their selection of the Restis and Lite DePalma firms as lead counsel. ECF No. 53. Combined, the GGCC Group invested 1.90406 Bitcoin and 11 Ethereum and were allocated 17,223.65 Tezzies. ECF No. 53-1, Ex. B-D.

A fifth motion was filed after the deadline expired. On January 26, 2018 Arman Anvari moved for appointment as lead plaintiff and approval of his selection of LTL Attorneys LLP and Hung G. Ta, Esq. PLLC as lead counsel. ECF No. 61.[4]

Anvari did file a separate motion on January 25, 2018 seeking to be appointed as lead plaintiff in *MacDonald v. Dynamic Ledger Solutions, Inc.*, No. 17-cv-07095-RS. The *MacDonald* action, however, does not assert any claims under the Securities Exchange Act of 1934 or the Securities Act of 1933 and, therefore, is not subject to the PSLRA's lead-plaintiff provisions.[5] *See In re UBS Auction Rate Sec. Litig.*, No. 08 CIV. 2967 (LMM), 2008 WL

---

[4] In addition to being untimely, Anvari's motion also demonstrates a failure to grasp the distinction between the Securities Act of 1933 and the Securities Exchange Act of 1934. Anvari's motion repeatedly refers to the provisions of the Securities Exchange Act of 1934. *See, e.g.*, ECF No. 61 at 1, 3. But neither the *GGCC* action, nor the *Baker* action, nor the *Okusko* action assert claims under the Securities Exchange Act of 1934. *See GGCC*, ECF No. 1; *Okusko*, ECF No. 1; *Baker*, ECF No. 1-1. Rather, all assert claims under the Securities Act of 1933.

[5] Other movants recognized this obvious point. *See, e.g.*, ECF No. 53 at 5 n.2 ("[t]he GGCC Group understands that the plaintiff in *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-07095-JSC (the 'MacDonald Action') asserts exclusively violations of California statutes, rather than federal securities laws, and thus does not seek consolidation of the MacDonald Action.").

4

2796592, at *5 (S.D.N.Y. July 16, 2008) ("The PSLRA, of course, does not govern the appointment of class counsel in cases brought under the Investment Advisors Act and state law."); *Hillis v. Heineman*, No. CV-09-73-PHX-DGC, 2009 WL 798872, at *2–3 (D. Ariz. Mar. 25, 2009) ("The PSLRA, by its terms, is limited to actions filed under the federal securities laws and does not apply outside this context.") (internal quotation omitted); *In re Trump Hotel S'holder Derivative Litig.*, No. 96CIV.7820(DAB)(HBP), 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) ("the PSLRA has no application to actions in which only state law claims are alleged"). Anvari's motion in the *MacDonald* action did not seek consolidation with (or even mention) *GGCC*, *Baker*, or *Okusko* (the pending actions that are subject to the PSLRA's lead-plaintiff process). *See MacDonald*, ECF No. 70 (Anvari seeking lead only in the *MacDonald* action). Anvari's failure to acknowledge the existence of the PSLRA Cases or to move to consolidate or coordinate the PSLRA Cases is yet another example of misunderstanding the relevant law and procedure.

### III.  ARGUMENT

####   A.  Anvari Did Not Comply With The PSLRA

In any "private action arising under this subchapter [*i.e.*, the Securities Act of 1933] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure," the pendency of the action must be publicized by notice. 15 U.S.C. § 77z-1(a)(3)(A)(i). Then, "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A)(i). Here, the statutorily required notice was published on November 26, 2017. *See* Exhibit A to Walker Dec., ECF No. 56-1. All movants—including Anvari—agree that the 60-day deadline was January 25, 2018. *See* ECF No. 61 at 4 (Anvari acknowledging the January 25,

2018 deadline). But Anvari did not file in any of the private actions arising under the federal securities laws until January 26, 2018… one day late. ECF No. 61.

Anvari's failure to move by the 60-day deadline is disqualifying. *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) ("The PSLRA is unequivocal and allows for no exceptions. The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed.") (internal citations and quotations omitted); *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 397 (S.D.N.Y. 2014) ("Courts within and outside of this District typically adhere strictly to the requirement that movants file their lead plaintiff motions within sixty days of the date when notice is published."); *Skwortz v. Crayfish Co.*, No. 00 CIV. 6766 (DAB), 2001 WL 1160745, at *5 (S.D.N.Y. Sept. 28, 2001) ("The mandatory nature of the 60 day requirement follows from the structure of the PSLRA itself."; rejecting lead plaintiff motion filed one day late); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 440 (E.D. Va. 2000) ("convincing authority and Congress's intent suggest that the statute's time limits should be strictly enforced").

### B. Trigon Has The Largest Financial Interest Of Any Timely Movant

All of the movants who complied with the PSLRA are typical and adequate. Trigon has the largest financial interest, followed by the Robbins Geller Group, followed by the Tezos Investor Group, followed by the GGCC Group. The relative value of Bitcoin vs. Ethereum fluctuates to some extent. But as the following chart makes clear, Trigon has the largest financial interest—by a considerable margin—regardless of whether the Court measures from the time of

the ICO or the time that the motions were filed:

|  | BTC | ETH | July 14, 2017 (close of ICO) ($2,355.20 / BTC and $195.17 / ETH)[6] | | | January 25, 2018 (lead plaintiff deadline) ($11,137.24 / BTC and $1,054.64 / ETH) | | |
|---|---|---|---|---|---|---|---|---|
|  |  |  | Value of BTC | Value of ETH | Total (as of July 14, 2017) | Value of BTC | Value of ETH | Total (as of Jan. 25, 2018) |
| Trigon | 18.9999 |  | $44,748.56 | $0 | $44,748.56 | $211,606.45 | $- | $211,606.45 |
| Robbins Geller Group | 9.6163174 | 53.0799 | $22,648.35 | $10,359.60 | $33,007.95 | $107,099.23 | $55,980.19 | $163,079.42 |
| Tezos Investor Group | 4 | 64.97925707 | $9,420.80 | $12,682.00 | $22,102.80 | $44,548.96 | $68,529.72 | $113,078.68 |
| GGCC Group | 1.90406 | 11 | $4,484.44 | $2,146.87 | $6,631.31 | $21,205.97 | $11,601.04 | $32,807.01 |

### C.     Trigon Is Typical And Adequate

In meet-and-confer discussions after the initial motions were filed, the other PSLRA-compliant movants focused primarily on one argument against appointing Trigon: the fact that Trigon is an Australian entity.

"[C]ourts routinely appoint foreign investors as lead plaintiffs." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 176 (S.D.N.Y. 2010). "[W]hile in a recent case the Supreme Court held that Section 10(b) claims brought by foreign cubed plaintiffs could not be brought in the United States, *Morrison v. Nat'l Austl. Bank Ltd.*, [561 U.S. 247,] 130 S.Ct. 2869 [] (2010), nothing in the Court's decision provides any support for the notion that foreign investors are not adequate plaintiffs in United States courts" as long as the transactions were subject to the U.S. securities laws. *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133–34 (S.D.N.Y. 2011).

A transaction is domestic under *Morrison* if "the seller incurred irrevocable liability within the United States to deliver a security." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 67-68 (2d Cir. 2012) *Sec. & Exch. Comm'n v. World Capital Mkt., Inc.*, 864 F.3d 996, 1008 (9th Cir. 2017) (same; citing *Absolute Activist*); *Sec. & Exch. Comm'n v. Yin Nan Michael Wang*, No. LACV1307553JAKSSX, 2015 WL 12656906, at *9 (C.D. Cal. Aug. 18,

---

[6] Prices are based on the earliest price listed for the day on http://www.coindesk.com.

7

2015) (same; citing *Absolute Activist*); *MVP Asset Mgmt. (USA) LLC v. Vestbirk*, No. 2:10-CV-02483-GEB, 2012 WL 2873371, at *5 (E.D. Cal. July 12, 2012) (same; citing *Absolute Activist*).

Here, the securities to be delivered are the Tezos tokens, which will exist on the Tezos blockchain. *GGCC* Complaint, ECF No. 1 ¶¶ 1, 18, 21, 33, 34, 86. The liability to deliver those securities was incurred by Dynamic Ledger Solutions, which owns all of the intellectual property in the Tezos project, including the source code for the Tezos blockchain. *Id.* ¶ 13. DLS is a California-headquartered, Delaware-incorporated corporation. *Id.* Thus, it incurred that liability in the United States. *See Sec. & Exch. Comm'n v. Traffic Monsoon, LLC*, 245 F. Supp. 3d 1275, 1295 (D. Utah 2017) ("Traffic Monsoon sold all of the AdPacks over the internet to both foreign and domestic purchasers. In all of these transactions, the seller of these securities, a Utah LLC, incurred irrevocable liability in the United States to deliver this security. Thus, all of the transactions satisfy the domestic transaction test under Morrison and Absolute Activist.").

Notably, both the *Gaviria* complaint (filed by the Silver Miller firm in the Middle District of Florida on behalf of Gaviria of the Robbins Geller Group) and the *Okusko* complaint (filed by the Levi & Korsinsky firm representing the Tezos Investor Group) propose class definitions that include both foreign and domestic investors. *See Gaviria v. Dynamic Ledger Solutions, Inc., et al.*, No. 6:17-cv-01959-ORL-40-KRS, ECF No. 1 ¶ 128 (M.D. Fla. Nov. 13, 2017) (defining class to include "All TEZOS investors who, between July 1, 2017 and July 15, 2017, transferred Bitcoins [*sic*], Ether, alternative cryptocurrencies or other form of monies or currency to TEZOS in furtherance of TEZOS' ICO."); *Okusko*, Compl. ECF No. 1 ¶ 17 (defining class to include "all investors in the Tezos ICO who are being, and will be, harmed by Defendants' actions described herein … absent judicial intervention."). Sudden changes-of-heart regarding the danger of potential *Morrison* issues are simply a response to being beaten out by a foreign investor.

D. **The GGCC Group's Remaining Makeweight Arguments Can Be Easily Rejected**

Finally, the GGCC Group, which has, by far, the smallest interest offers a grab bag of long-shot, unpersuasive arguments.

*First*, the GGCC Group argues that "only a Lead Plaintiff group that consists of bitcoin, ethereum and sub-minimal investors [*i.e.*, investors who invested so little that they were not allocated any Tezos tokens] can be assured to [*sic*] satisfy the typicality requirement of Rule 23. The GGCC Group should be appointed Lead Plaintiff because it is the only (known) applicant that contains every kind of plaintiff that contributed to the Tezos ICO." ECF No. 53 at 8. This creative argument—which turns the PSLRA's "largest financial interest" rule on its head—has been repeatedly rejected. *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2004 WL 5159061, at *9 (S.D. Cal. Jan. 5, 2004) ("the majority of courts have refused to appoint niche lead plaintiffs") (collecting cases). Moreover, the GGCC Group makes no effort to articulate *why* separate representation might be necessary. *Compare* ECF No. 53 at 8 ("Defendants may ultimately try to limit the class by arguing that a bitcoin investor does not have 'standing' to represent an ethereum investor, or some other similar excuse.") *with Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 (N.D. Cal. 1999) ("The 'niche' plaintiffs have not met their statutory burden. Their speculations about possible conflicts do not rebut the statutory presumption that one lead plaintiff can vigorously pursue all available causes of action against all possible defendants under all available legal theories.").

*Second*, the GGCC Group argues that it should be appointed because its counsel has "not sought to freeze Defendants' assets, which would actually harm members of the Class that wish to someday claim their Tezos tokens." ECF No. 53 at 10. But the entire point of the PSLRA is that these kind of strategic choices should be made by the lead plaintiff with the largest financial interest. Trigon has the largest financial interest and approves of the strategic

choices made by Block & Leviton[7] to date.

*Finally*, the GGCC Group argues that it should be appointed because it has negotiated a fee cap of 20%. ECF No. 53 at 11. "But this is not a beauty contest; the district court has no authority to select for the class what it considers to be the best possible lawyer or the lawyer offering the best possible fee schedule." *In re Cavanaugh*, 306 F.3d 726, 732–33 (9th Cir. 2002).

### E. The Court Should Consolidate The PSLRA Cases And Coordinate The *MacDonald* Action

As set forth in detail in the MacDonald Response, the *MacDonald* Action is not subject to the PSLRA's automatic stay or lead-plaintiff provisions. *See UBS*, 2008 WL 2796592, at *5; Hillis, 2009 WL 798872, at *2–3. Consolidating the *MacDonald* Action with the PSLRA Cases would give Defendants an unfair advantage by extending the PSLRA's automatic stay to a case that alleges only state law claims. For the reasons given in the MacDonald Response, the Court should coordinate, but not consolidate the MacDonald Action—at least until the case moves past the motion-to-dismiss phase.

## IV. CONCLUSION

Trigon has the largest financial interest and has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Thus, all of the cross-motions seeking to be appointed as lead plaintiff should be denied. The Court should consolidate the PSLRA Cases and coordinate the *MacDonald* Action.

February 8, 2018                                    Respectfully submitted,

                                                    **BLOCK & LEVITON LLP**

                                                    /s/ Jacob A. Walker
                                                    Joel A. Fleming (SBN 281264)
                                                    Jacob A. Walker (SBN 271217)

---

[7] Block & Leviton is also co-counsel to the plaintiff in *MacDonald* who sought a temporary restraining order.

10

155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
joel@blockesq.com
jake@blockesq.com

*Counsel to Trigon Trading Pty. Ltd. and Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2018, I authorized the electronic filing of the foregoing with the Clark of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Jacob A. Walker
Jacob A. Walker