Neal A. Potischman (SBN 254862)
Serge A. Voronov (SBN 298655)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
       serge.voronov@davispolk.com

Edmund Polubinski III (*pro hac vice*)
Andrew S. Gehring (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: edmund.polubinski@davispolk.com
       andrew.gehring@davispolk.com

*Attorneys for Defendant Tezos Stiftung*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GGCC, LLC, an Illinois Limited Liability Company, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an individual, and ARTHUR BREITMAN, an individual,<br><br>  Defendants. | Case No. 3:17-cv-06779-RS<br><br>**DEFENDANT TEZOS STIFTUNG'S MEMORANDUM IN SUPPORT OF CONSOLIDATING *MACDONALD* WITH THE RELATED FEDERAL ACTIONS** |

**PRELIMINARY STATEMENT**

Defendant Tezos Stiftung (the "Foundation") takes no position on the applications submitted seeking appointment as lead plaintiff or lead counsel in connection with this matter. Instead, the Foundation submits this memorandum solely to address one narrow, but important, issue raised by the lead plaintiff motions. In particular, the Foundation respectfully submits that *MacDonald v. Dynamic Ledger Solutions, Inc.*, No. 3:17-cv-07095-RS, should be consolidated with the three related actions also pending before this Court.[1] Each of those four cases involves substantially similar allegations against the Foundation. Each raises a number of similar (or in some cases identical) questions of law. Each seeks identical relief. Every single putative class member in the *MacDonald* case would also be a class member in each of the other three cases. If they were to survive the Foundation's forthcoming motion to dismiss on personal jurisdiction and other grounds, each case will entail the same discovery of the Foundation.

The Court recognized early that consolidation is the most logical approach to managing such similar cases, noting that it "want[ed] to consolidate all of this," and it invited the parties "to work together so that there is some sort of logical flow" to the proceedings. (*MacDonald*, TRO Hr'g Tr. [ECF No. 45] at 59:14-60:6.) But only weeks later, MacDonald unilaterally sought expedited discovery. In its order denying that motion, the Court once again recognized that having *MacDonald* proceed separately from the federal cases would "further complicate efforts to consolidate and streamline the litigation of these cases." (*MacDonald*, Order [ECF No. 69] at 2.) The Court should now consolidate *MacDonald* with the other actions, avoiding unnecessarily duplicative litigation and ensuring that this case proceeds efficiently.

**DISCUSSION**

Federal Rule of Civil Procedure 42(a) gives the Court broad discretion to consolidate cases involving common factual and legal questions where judicial convenience outweighs

---

[1] The related federal actions are *GGCC, LLC v. Dynamic Ledger Solutions, Inc.*, No. 3:17-cv-06779-RS, *Okusko v. Dynamic Ledger Solutions, Inc.*, No. 3:17-cv-06829-RS, and *Baker v. Dynamic Ledger Solutions, Inc.*, No. 3:17-cv-06850-RS. Two of the lead plaintiff applications filed with the Court seek to include *MacDonald* among the consolidated matters [ECF Nos. 38, 49]; three do not [ECF Nos. 53, 55, 61].

competing considerations. *See Investors Research Co. v. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010). In cases as closely related as those at issue here, there can be little serious dispute about the justification for consolidation: "Consolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (citing, *inter alia*, *Zhu*, 682 F. Supp. 2d at 1052; *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013)).

       The *MacDonald* action arises from the same factual predicate (the July 2017 fundraising for the Tezos protocol), asserts claims based on the same legal theory (that the fundraiser allegedly constituted an unregistered sale of securities), and seeks the same relief (a return of donated proceeds) as the related cases—all on behalf of a putative class of contributors that the other plaintiffs also seek to represent. The putative class in *MacDonald* is entirely subsumed within each of the putative classes in the other three actions: While *GGCC*, *Baker*, and *Okusko* seek to represent all U.S. contributors to the Tezos fundraiser, the *MacDonald* plaintiff seeks to represent contributors based in California. (*Compare MacDonald*, Compl. ¶ 116, *with GGCC*, Compl. ¶ 76; *Baker*, Compl. ¶ 19; *Okusko*, Compl. ¶ 17.) In these circumstances, the efficiency and convenience of consolidating are patent. *See, e.g.*, *Mulligan*, 2013 WL 3354420, at *3 (consolidating actions "based on substantially identical allegations" because they "present questions of law and fact that overlap almost completely"); *Knox*, 136 F. Supp. 3d at 1162 (consolidating actions that "arise[] out of the exact same allegations" and "encompass[] an identical class period" to "avoid potentially inconsistent rulings").

       The mere fact that *MacDonald* asserts state claims, rather than federal ones, does not preclude consolidation. *See, e.g.*, *Boilermakers Nat'l Annuity Tr. Fund v. WaMu Mortg. Pass Through Certificates*, No. C09-0037MJP, 2010 WL 1336959, at *1 (W.D. Wash. Mar. 24, 2010) (consolidating cases alleging federal and state securities claims after finding "common questions of law and fact"); *In re Reserve Fund Sec. & Derivative Litig.*, No. 08 CIV. 8060 PGG, 2009 WL 10467937, at *1-2 (S.D.N.Y. Aug. 26, 2009) (consolidating PSLRA and non-PSLRA cases involving "the same core set of operative facts" in order to "reduc[e] costs"). This is particularly

1  true given that one of *MacDonald*'s two state law claims is based on the alleged violation of the
2  *federal* securities laws. (*MacDonald*, Compl. ¶ 135(a) (alleging that the "failure to register
3  Tezos tokens as a security with the SEC prior to offering them" constituted a violation of, *inter
4  alia*, "Sections 5(a) and 5(c) of the Securities Act of 1933 (15 U.S.C. §§ 77e(a) and 77e(c))").)
5         Indeed, declining to consolidate *MacDonald* with the related actions would result in
6  significant prejudice to the Foundation and other defendants—and inconvenience to the Court—
7  because of the duplication that would necessarily follow. The Court and the Foundation already
8  have seen dueling applications for interim relief (a temporary restraining order sought in
9  *MacDonald* while a preliminary injunction application was pending in *Okusko*), along with
10 duplicative requests for discovery—all of which could have been avoided. These considerations
11 counsel strongly in favor of consolidation. *See Casden v. HPL Techs., Inc.*, No. C-02-3510
12 VRW, 2003 WL 27164914, at *1-2 (N.D. Cal. Sept. 29, 2003) (consolidating securities fraud
13 cases "to relieve the parties . . . of the burdens associated with participating in duplicative
14 litigation" and to "minimize[] the expenditure of time and money"); *Reserve Fund*, 2009 WL
15 10467937, at *2 (consolidating cases to prevent "duplicative discovery" that would "only waste
16 [defendant's] assets"). It makes little sense to permit substantially identical cases to proceed,
17 seeking the same relief, on the same set of facts, all purportedly on behalf of the same contributors.
18         MacDonald would suffer no prejudice as a result of consolidation. Regardless of whether
19 *MacDonald* is subject to the Private Securities Litigation Reform Standards Act (the "PSLRA"), he
20 should not be permitted to undermine the stay of discovery that applies to the other actions. And
21 he certainly should not be permitted to jump the line and disrupt the sensible, Congressionally-
22 mandated organizational requirements in the PSLRA by seeking discovery on an unnecessarily
23 accelerated schedule in the limited time it will take this Court to resolve motions to dismiss. *See*
24 15 U.S.C. §§ 77z-1(b)(4), 78u-4(b)(3)(B) (permitting a court to stay state discovery proceedings
25 pertinent to a case under the PSLRA); *see also In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp.
26 2d 1150, 1165-66 (S.D. Cal. 2008) (Congress intended "to prevent plaintiffs from circumventing
27 the [PSLRA's] stay of discovery"). A stay of discovery in a related action asserting state law
28 claims is particularly appropriate where there is "substantial factual and legal overlap between"

the federal and state actions, *Dot Hill*, 594 F. Supp. 2d at 1166, or where there is a "risk of federal plaintiffs obtaining the state plaintiff's discovery," *Salameh v. Tarsadia Hotel*, No. 9-cv-2739 DMS(BLM), 2012 WL 12941995, at *2 (S.D. Cal. July 2, 2012).  A separate *MacDonald* action presents precisely this risk, a fact that is brought into sharp relief by MacDonald's own counsel having sought appointment as lead counsel in the *federal* actions.  [ECF No. 55.]

## CONCLUSION

For the foregoing reasons, the Foundation respectfully requests that the Court consolidate the *MacDonald* action with the related actions.

Dated:  February 8, 2018

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By:  /s/ Neal A. Potischman
Neal A. Potischman (SBN 254862)
Serge A. Voronov (SBN 298655)
1600 El Camino Real
Menlo Park, California  94025
Telephone:  (650) 752-2000
Facsimile:   (650) 752-2111
Email: neal.potischman@davispolk.com
          serge.voronov@davispolk.com

Edmund Polubinski III (*pro hac vice*)
Andrew S. Gehring (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Telephone:  (212) 450-4000
Facsimile:   (212) 701-5800
Email: edmund.polubinski@davispolk.com
          andrew.gehring@davispolk.com

*Attorneys for Defendant Tezos Stiftung*