THE RESTIS LAW FIRM, P.C.
William R. Restis, Esq. (SBN 246823)
william@restislaw.com
550 West C St., Suite 1760
San Diego, California 92101
Telephone: +1.619.270.8383

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GGCC, LLC,** an Illinois Limited Liability Company, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**DYNAMIC LEDGER SOLUTIONS, INC.,** a Delaware Corporation, **TEZOS STIFTUNG,** a Swiss Foundation, **KATHLEEN BREITMAN**, an Individual, and **ARTHUR BREITMAN**, an Individual,<br><br>Defendants. | Case No: 3:17-cv-06779-RS<br><br>**GGCC GROUP'S CONSOLIDATED RESPONSE TO LEAD PLAINTIFF MOTIONS**<br><br>Date: March 1, 2018<br>Time: 1:30 p.m.<br>Courtroom: 3 – 17th Floor |
| **ANDREW OKUSKO**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DYNAMIC LEDGER SOLUTIONS, INC., THE TEZOS FOUNDATION, KATHLEEN BREITMAN, ARTHUR BREITMAN**, and **TIMOTHY DRAPER**,<br><br>Defendants. | Case No: 3:17-cv-06829-RS |

| | | |
|---|---|---|
| 1 | **ANDREW BAKER**, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-06850-RS |
| 2 | | |
| 3 | Plaintiff, <br> v. | |
| 4 | **DYNAMIC LEDGER SOLUTIONS, INC.**, aDelaware corporation, **TEZOS STIFTUNG**, a Swiss Foundation, **KATHLEEN BREITMAN**, an Individual, **ARTHUR BREITMAN**, an Individual, **JOHANN GEVERS**, an individual, **STRANGE BREW STRATEGIES, LLC**, a California limited liability company, and **DOES 1 through 100 inclusive**, | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | Defendant. | |
| 11 | **BRUCE MACDONALD**, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:17-cv-07095-JSC |
| 12 | | |
| 13 | Plaintiff, <br> v. | |
| 14 | | |
| 15 | **DYNAMIC LEDGER SOLUTIONS, INC.**, a Delaware corporation, **TEZOS STIFTUNG**, a Swiss Foundation, **KATHLEEN BREITMAN**, an Individual, **ARTHUR BREITMAN**, an Individual, **TIMOTHY COOK DRAPER**, an individual, **DRAPER ASSOCIATES**, **JOHANN GEVERS**, **DIEGO PONZ**, **GUIDO SCHMITZKRUMMACHER**, **BITCOIN SUISSE AG**, **NIKLAS NIKOLAJSEN**, and **DOES 1-100, INCLUSIVE**, | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | Defendants. | |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

I. THE COURT SHOULD GRANT ARMAN ANVARI'S MOTION ....... 1

II. OTHER MOVANTS DO NOT ADEQUATELY OR TYPICALLY
REPRESENT CLASS INTERESTS ....................................................... 3

   A. Trigon Trading Pty Ltd. ................................................................... 3
   B. Other Movants Motions Should Be Denied .................................... 6

# TABLE OF AUTHORITIES

*Bodri v. Gopro, Inc.*,
  2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ..................................................................3

*Borochoff v. Glaxosmithkline PLC*,
  246 F.R.D. 201 (S.D.N.Y. 2007) .....................................................................................4

*Citizens Ins. Co. of Am. v. Daccach*,
  217 S.W.3d 430 (Tex. 2007) ............................................................................................4

*E. Tex. Motor Freight Sys. Inc. v. Rodriguez*,
  431 U.S. 395 (1977) .........................................................................................................6

*Espinosa v. Ahearn*,
  Nos. 15-56014, 15-56025, 15-56059, 15-56061, 15-56064, 15-56067
  2018 U.S. App. LEXIS 1626 (9th Cir. Jan. 23, 2018) .....................................................5

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ...........................................................................................1

*Hernandez v. Cty. of Monterey*,
  305 F.R.D. 132 (N.D. Cal. 2015) .....................................................................................1

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ........................................................................................1, 3

*In re DaimlerChrysler AG Sec. Litig.*,
  216 F.R.D. 291 (D. Del. 2003) .........................................................................................5

*In re Dynamic Random Access Memory Antitrust Litig.*,
  2013 U.S. Dist. LEXIS 188116 (N.D. Cal. Jan. 7, 2013) ................................................5

*In re Lidoderm Antitrust Litig.*,
  2017 U.S. Dist. LEXIS 24097 (N.D. Cal. Feb. 21, 2017) ................................................2

*In re Outerwall Inc.*,
  2017 U.S. Dist. LEXIS 31570 (W.D. Wash. Mar. 6, 2017) .............................................3

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
   219 F.R.D. 343 (D. Md. 2003) ...................................................................................4

*In re Royal Bank of Scotland Group PLC Securities Litig.*,
   765 F.Supp.2d 327 (S.D.N.Y. 2011)..........................................................................4

*In re Smart Techs., Inc.*,
   295 F.R.D. 50 (S.D.N.Y. 2013) .................................................................................4

*In re Surebeam Corp. Securities Litig.*,
   2004 WL 5159061 (S.D. Cal. Jan. 5, 2004)...............................................................3

*In re Telectronics Pacing Sys.*,
   No. MDL-1057, 1996 U.S. Dist. LEXIS 11088 (S.D. Ohio Feb. 22, 1996) ..........5

*Morrison v. Nat'l Austl. Bank Ltd.*,
   561 U.S. 247 (2010) ...................................................................................................4

*Smilovits v. First Solar, Inc.*,
   2012 U.S. Dist. LEXIS 102032 (D. Ariz. July 23, 2012) .......................................3

*Tawfilis v. Allergan, Inc.*,
   2017 U.S. Dist. LEXIS 122974 (C.D. Cal. June 26, 2017) ...................................2

*Willcox v. Lloyds TSB Bank, PLC*,
   2016 U.S. Dist. LEXIS 2227 (D. Haw. Jan. 8, 2016)..............................................5

## I. THE COURT SHOULD GRANT ARMAN ANVARI'S MOTION

Movants GGCC, LLC ("GGCC"), Pumaro, LLC ("Pumaro"), and Nick Anthony (collectively, the "GGCC Group") respectfully file this response in support of Arman Anvari's Motion for Appointment of Lead Plaintiff and Approval of Counsel. MacDonald Action, Dkt. # 70; GGCC Action, Dkt # 61. Having invested 250 ethereum into the Tezos ICO, Anvari has the largest losses and is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (the PSLRA "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.").

Anvari is typical of the entire class of Tezos investors because he suffered the "same or similar injury" "from the same injurious course of conduct" and shares the same claims as the rest of the Class. *Hernandez v. Cty. of Monterey*, 305 F.R.D. 132, 159 (N.D. Cal. 2015) (discussing typicality). This is because "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). All Class members share claims under federal (or state) securities laws, even though they may have contributed different cryptocurrencies. Thus, Anvari is unambiguously typical of all class members.

In addition, there are no conflicts between Anvari and the rest of the putative class since they all invested in the Tezos ICO with an expectation of receiving Tezos tokens. *Hernandez,* at 160 ("class representatives are adequate if they do not have "any conflicts of interest with other class members" and if they will "prosecute the action vigorously on behalf of the class."). Anvari "shares interests" in a right to rescission with all class members, and has no "antagonism" with any other type of

Tezos investor. *In re Lidoderm Antitrust Litig.*, 2017 U.S. Dist. LEXIS 24097, at *74 (N.D. Cal. Feb. 21, 2017) ("Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest."); *cf. Tawfilis v. Allergan, Inc.*, 2017 U.S. Dist. LEXIS 122974, at *26 (C.D. Cal. June 26, 2017) ("mere speculation as to conflicts that may develop" is insufficient).[1]

Even though Anvari himself satisfies all the elements to be appointed Lead Plaintiff, he has adopted a "belt and suspenders" approach to adequacy. In an abundance of caution to protect class interests, Anvari intends to include bitcoin investor Pumaro, LLC and sub-minimum investor Nick Anthony as additional named class representatives in a consolidated amended complaint, if the need arises. *See* Declaration of Hung Ta in Opposition to Competing Motions for Lead Plaintiff and Approval of Counsel ("Hung Decl."), ¶ 6; *see also* Declaration of William R. Restis In Support Of GGCC Group's Consolidated Response To Lead Plaintiff Motions, ¶ 2. This will ensure that any latent factual differences between class members cannot pose

---

[1] Not all movants share Anvari's absence of antagonism. Prior to the Court ruling on Lead Plaintiff issues, several plaintiffs sought temporary injunctive relief freezing all assets from the Tezos ICO. *See* Okusko Action, Dkt # 9 (motion for preliminary injunction); MacDonald Action, Dkt # 8 (motion for TRO). As the development team for the Tezos project is headed by defendant Andrew Breitman, and the funds from the ICO are in the (reputed) possession of defendant Tezos Foundation, the motions for preliminary injunctive relief threatened to starve the Tezos project of funding. Such moves demonstrate sharp antagonism with members of the proposed class that wish to receive their yet to be completed Tezos tokens. *In re Lidoderm*, 2017 U.S. Dist. LEXIS 24097, at *74 ("Adequate representation depends on . . . an absence of antagonism between representatives and absentees"); GGCC Action, Dkt # 53-1, Restis Decl., ¶ 3 ("While researching this action, I have spoken with dozens of United States investors in the Tezos Initial Coin Offering ("ICO"). In addition, I have reviewed hundreds of internet comments and twitter postings concerning the Tezos project. Based on this investigation, it has become clear that a significant portion of the proposed Class wish to see the Tezos project succeed.").

a barrier to class certification. *See* GGCC Motion, Dkt # 53, at p. 8:6-7 (arguing that "only a Lead Plaintiff group that consists of bitcoin, ethereum and sub-minimal investors can be *assured* to satisfy the typicality requirement of Rule 23.") (emphasis added); *see also Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *6 (N.D. Cal. Apr. 28, 2016) ("the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class"); *In re Surebeam Corp. Securities Litig.*, 2004 WL 5159061, at *9 (S.D. Cal. Jan. 5, 2004) ("the lead plaintiff in a securities class action has a responsibility to identify and include named plaintiffs who have standing to represent various potential subclasses of plaintiffs who may be determined, at the class certification stage, to have distinct interests of claims.").

## II. OTHER MOVANTS DO NOT ADEQUATELY OR TYPICALLY REPRESENT CLASS INTERESTS

As Anvari has demonstrated the largest losses and otherwise satisfies the requirements of Rule 23, the Court need not consider any other movant. *In re Cavanaugh*, 306 F.3d at 732 ("The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical.") (emphasis added).

### A. Trigon Trading Pty Ltd.

Trigon Trading Pty Ltd. ("Trigon") does not have the largest financial losses, and can only be considered if Anvari is *conclusively* deemed inadequate. *Smilovits v. First Solar, Inc.*, 2012 U.S. Dist. LEXIS 102032, at *16 (D. Ariz. July 23, 2012) (holding that the PSLRA requires "proof" of inadequacy or lack of typicality because "speculative defects are not enough to defeat the [lead plaintiff] presumption.") (citing cases); *In re Outerwall Inc.*, 2017 U.S. Dist. LEXIS 31570, at *29 (W.D. Wash. Mar. 6, 2017) ("A speculative defense 'is insufficient to rebut the presumption' that the

3

presumptively most adequate plaintiff 'satisfies the adequacy and typicality requirements.'").

Even so, Trigon's motion (Dkt # 55) should be denied because it is an Australian entity. Hung Decl., Ex. A ("Current Company Extract" from the Australian Securities and Investments Commission). As such, Trigon may have standing problems because the Supreme Court has held that the federal securities laws cannot be applied extraterritorially. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 250-51 (2010); *see also In re Royal Bank of Scotland Group PLC Securities Litig.*, 765 F.Supp.2d 327,338 & n. 11 (S.D.N.Y. 2011) ("the Securities Act, like the Exchange Act, does not have extraterritorial reach."); *In re Smart Techs., Inc.*, 295 F.R.D. 50, 56 (S.D.N.Y. 2013) (same).

Trigon's vulnerability on this issue disqualifies it from adequately representing the class. At the least, it subjects Trigon to unique defenses not generally applicable to the class as a whole. *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (holding that the risk that foreign investors may be excluded from the class because Germany may not recognize a judgment was sufficient to deny German investors lead plaintiff status); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 353 (D. Md. 2003) (holding that the possibility that foreign courts would not recognize judgment was enough to deny a group of foreign parties lead plaintiff status).

And even if the Court were to later determine that Trigon's foreign citizenship is no barrier under *Morrison* and its progeny, Trigon is still not an adequate plaintiff. The Lead Plaintiff may ultimately seek to plead a worldwide class in a consolidated complaint. However, the Court may determine that under the predominance, suitability, manageability or other requirements *of Rule 23*, it is only appropriate to certify a class of United States persons. *E.g., Citizens Ins. Co. of Am. v. Daccach,* 217 S.W.3d 430, 447-48 (Tex. 2007) (in suit by foreign plaintiffs against Texas company

for failure to register a security, class was decertified and remanded: "[T]he fact that other jurisdictions are implicated by the pleadings raises an issue of adequacy of representation."); *In re Telectronics Pacing Sys.*, No. MDL-1057, 1996 U.S. Dist. LEXIS 11088, at *4 (S.D. Ohio Feb. 22, 1996) (decertifying worldwide class because judgment may not have preclusive effect in other jurisdictions) (citing cases); *In re DaimlerChrysler AG Sec. Litig.*, 216 F.R.D. 291, 301 (D. Del. 2003) (excluding foreign investors from the class due to both management concerns and concerns that foreign courts would not recognize the judgment); *Willcox v. Lloyds TSB Bank, PLC*, 2016 U.S. Dist. LEXIS 2227, at *25-26 (D. Haw. Jan. 8, 2016) ("The trending approach of federal courts nationwide appears to be evaluating the *res judicata* effects of class judgments with respect to groups of foreign plaintiffs and then excluding from the class those whose home countries would not honor a class judgment from the United States.").

As the GGCC Group mentioned in their opening brief, the technology and law surrounding crypto assets is new. International regulation of the subject matter is still developing. For this reason, differences in national law may pose certification difficulties. *See Espinosa v. Ahearn*, Nos. 15-56014, 15-56025, 15-56059, 15-56061, 15-56064, 15-56067, 2018 U.S. App. LEXIS 1626, at *8 (9th Cir. Jan. 23, 2018) ("[A] court must consider the impact of potentially varying state laws, because '[i]n a multi-state class action, variations in state law may swamp any common issues and defeat predominance.' [Citations] … On the other hand, where 'the consumer-protection laws of the affected States vary in material ways, no common legal issues favor a class-action approach to resolving a dispute.'").

In the plausible scenario of a U.S. only class, Trigon would not even be a member of it. *See In re Dynamic Random Access Memory Antitrust Litig.*, 2013 U.S. Dist. LEXIS 188116, at *183 (N.D. Cal. Jan. 7, 2013) ("A class representative must be part of the class and 'possess the same interest and suffer the same injury' as

5

the class members.") citing *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). Trigon's motion to be appointed Lead Plaintiff should be denied.[2]

### B. Other Movants Motions Should Be Denied

Like Trigon, the other movants do not have the largest financial interest in the case, and thus are not the presumptive Lead Plaintiff. *In re Cavanaugh*, 306 F.3d at 732. Because they cannot rebut Anvari's satisfaction of Rule 23, their motions should be denied.

Dated: February 8, 2018

Respectfully submitted,

THE RESTIS LAW FIRM, P.C.

/s/ William R. Restis
William R. Restis, Esq.
550 West C Street, Suite 1760
San Diego, CA 92101
Tel: +1.619.270.8383
Fax: +1.619.752.1552
Email: william@restislaw.com

LITE DEPALMA GREENBERG, LLC
Joseph J. DePalma, Esq.
Bruce D. Greenberg, Esq.
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: +1.973.623.3000
Fax +1.973.623.0858
Email: jdepalma@litedepalma.com
Email: bgreenberg@litedepalma.com
**ATTORNEYS FOR GGCC GROUP**

---

[2] Even though Trigon's foreign citizenship is highly material to the Court's determination of typicality and adequacy, this fact was not disclosed in its motion. *See* Dkt ## 55-56.