Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Donald J. Enright (admitted *pro hac vice*)
Email: denright@zlk.com
**LEVI & KORSINSKY, LLP**
1101 30th St., NW, Ste. 115
Washington, DC 20007
Telephone: (202) 524-4292
Facsimile: (202) 333-2121

Eduard Korsinsky (to be admitted *pro hac vice*)
Email: ek@zlk.com
**LEVI & KORSINSKY, LLP**
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Attorneys for Movants Nicolas Andreasson, Paul Martin, and Richard Reckenbeil*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GGCC, LLC, an Illinois Limited Liability Company, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, and ARTHUR BREITMAN, an Individual,

Defendants.

Case No. 3:17-cv-06779-RS

**THE TEZOS INVESTOR GROUP'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION; APPOINTMENT OF LEAD PLAINTIFF; AND APPROVAL OF COUNSEL**

Date: March 1, 2018
Time: 1:30 p.m.
Judge: Hon. Richard Seeborg
Crtrm.: 3, 17th Floor

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1

STATEMENT OF ISSUE TO BE DECIDED........ 3

ARGUMENT........ 3

I. THE TEZOS INVESTOR GROUP IS THE MOST ADEQUATE PLAINTIFF........ 3

II. TRIGON REMAINS SUBJECT TO DEBILITATING UNIQUE DEFENSES AND IS NEITHER ADEQUATE NOR TYPICAL FOR THE PURPOSES OF RULE 23 ........ 3

A. Trigon's Status As a Foreign Investor Who Purchased a Foreign-Issued Security Outside of the United States Subjects It to Substantial Defenses Under *Morrison* ........ 3

B. Trigon's Deficient Certification Is Disqualifying........ 5

C. Trigon's Arguments Concerning the *MacDonald* Action Undermine Its Adequacy ........ 6

III. THE GAVIRIA GROUP REMAINS INADEQUATE AND ATYPICAL........ 6

A. The Gaviria Group's Failure to Comply with the PSLRA and Deficient Prosecution of the *Gaviria* Florida Action Evidences Its Inadequacy........ 7

B. The Gaviria Group Still Lacks Cohesiveness ........ 7

IV. ANVARI'S TARDY SUBMISSION, DEFICIENT CERTIFICATION, AND SELECTION OF COUNSEL STILL EVIDENCES OBVIOUS INADEQUACIES TO LEAD THIS ACTION........ 9

V. THE GGCC GROUP'S ARGUMENTS SHOULD BE REJECTED........ 9

VI. ALL RELATED ACTIONS SHOULD BE CONSOLIDATED ........ 10

CONCLUSION........ 10

i Case No. 3:17-cv-06779-RS

THE TEZOS INVESTOR GROUP'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION; APPOINTMENT OF LEAD PLAINTIFF; AND APPROVAL OF COUNSEL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carson v. Clarent Corp.*,
2001 U.S. Dist. LEXIS 22059 (N.D. Cal. Dec. 14, 2001) ........ 9

*Guohua Zhu v. UCBH Holdings, Inc.*,
682 F. Supp. 2d 1049 (N.D. Cal. 2010) ........ 5, 9

*Hodges v. Akeena Solar, Inc.*,
263 F.R.D. 528 (N.D. Cal. 2009) ........ 7

*In re Enzymotec Ltd. Sec. Litig.*,
2015 U.S. Dist. LEXIS 25720 (D.N.J. Mar. 3, 2015) ........ 5

*In re Gemstar-Tv Guide Int'l Secs. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ........ 6

*In re Microstrategy Sec. Litig.*,
110 F. Supp. 2d 427 (E.D. Va. 2000) ........ 5

*In re Netflix, Inc., Sec. Litig.*,
2012 U.S. Dist. LEXIS 59465 (N.D. Cal. Apr. 26, 2012) ........ 4, 5

*In re Network Assocs. Sec. Litig.*,
76 F. Supp. 2d 1017 (N.D. Cal. 1999) ........ 3, 6, 8, 9

*In re Silicon Storage Tech., Inc.*,
2005 U.S. Dist. LEXIS 45246 (N.D. Cal. May 3, 2005) ........ 7

*In re Spectrum Pharms., Inc.*,
2014 U.S. Dist. LEXIS 38322 (D. Nev. Mar. 20, 2014) ........ 8

*In re Telxon Corp. Sec. Litig.*,
67 F. Supp. 2d 803 (N.D. Ohio 1999) ........ 8, 10

*In re Versata, Inc.*,
2001 U.S. Dist. LEXIS 24270 (N.D. Cal. Aug. 20, 2001) ........ 7

*Inchen Huang v. Depomed, Inc.*,
2017 U.S. Dist. LEXIS 202580 (N.D. Cal. Dec. 8, 2017) ........ 4

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ........ 10

*Mitchell v. Complete Mgmt., Inc.*,
1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999) ........ 10

*Morrison v. National Australia Bank Ltd.*,
51 U.S. 247 (2010) ........ 3, 4, 8

*Oklahoma Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268 (E.D. Tex. Aug. 31, 2017) ....... 6, 8, 9

*Ross v. Abercrombie & Fitch Co.*, 2007 U.S. Dist. LEXIS 24903 (S.D. Ohio Mar. 22, 2007) ....... 7, 8

*Serafimov v. Netopia, Inc.*, 2014 U.S. Dist. LEXIS 25184 (N.D. Cal. Dec. 3, 2007) ....... 4

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129 (C.D. Cal. 1999) ....... 6, 10

*Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001) ....... 10

**Statutes**

15 U.S.C. § 77z-1(a)(2) ....... 7

15 U.S.C. § 77z-1(a)(2)(A) ....... 9

15 U.S.C. § 77z-1(a)(3)(A) ....... 7

28 U.S.C. § 1746 ....... 5

**Rules**

Fed. R. Civ. P. 23 ....... 1

Fed. R. Civ. P. 42(a) ....... 6, 10

iii Case No. 3:17-cv-06779-RS

THE TEZOS INVESTOR GROUP'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION; APPOINTMENT OF LEAD PLAINTIFF; AND APPROVAL OF COUNSEL

Movant Tezos Investor Group respectfully submits this Reply memorandum of points and authorities in further support of its motion for consolidation, appointment as lead plaintiff, and approval of proposed lead counsel.[1] The Tezos Investor Group has the largest financial interest among the adequate movants, and thus is the presumptive lead plaintiff under the PSLRA and controlling authority in this District and the Ninth Circuit. The Tezos Investor Group also satisfies the adequacy and typicality requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). Accordingly, the Tezos Investor Group should be appointed lead plaintiff and its selection of counsel, Levi & Korsinsky, LLP ("Levi & Korsinsky"), should be approved.

**PRELIMINARY STATEMENT**

On February 8, 2018, the Tezos Investor Group, Trigon, the Gaviria Group, Anvari, and MacDonald, each submitted memoranda of law in opposition to, or in support of, one or more of the competing motions for appointment as lead plaintiff and approval of lead counsel (the "Oppositions"). Additionally, Baker submitted a memorandum in opposition to the motions requesting consolidation of the Actions. The Oppositions have only served to provide additional evidence that the Tezos Investor Group is the presumptive lead plaintiff because it has the largest loss of any movant qualified for appointment under Rule 23.

Specifically, the competing movants are all engaged in clear, lawyer-driven litigation and are more concerned with ensuring that their respective counsel receive a piece of this litigation than with protecting the interests of the Class. For example, the Gaviria Group's Opposition proposes that this Court appoint a new improper group of unaffiliated investors including Trigon—potentially resulting in catastrophic consequences for the Class. ECF No. 77. This new proposed group by the Gaviria Group would be comprised of a foreign entity subject to debilitating unique defenses, three additional unaffiliated investors lacking cohesion, one of whom has already failed to follow the statutory requirements of the PSLRA and repeatedly demonstrated his inadequacy to represent the Class, and,

[1] Capitalized terms contained herein have the same meaning ascribed to them in the Tezos Investor Group's Memorandum of Points and Authorities in Opposition to the Competing Motions for Lead Plaintiff and Approval of Counsel, unless otherwise defined. ECF No. 76.

evidently, at least five law firms representing the Class (Block & Leviton, Hagens Berman,[2] Silver Miller, Robbins Geller, and Wites Law Firm).

Moreover, as detailed in the Tezos Investor Group's Opposition, and expanded upon herein, Anvari, Trigon, the Gaviria Group, and the GGCC Group are ineligible for consideration because, *inter alia*:

(1) Trigon is still subject to unique defenses that render it incapable of adequately representing the Class, and its position concerning the *MacDonald* Action further demonstrates its inadequacy;

(2) the Gaviria Group contains a self-disqualified group member (movant Gaviria), and is an improper aggregation of unaffiliated investors lacking the hallmarks of a cohesive group (as further evidenced by their improper efforts to create a new group of unaffiliated investors with Trigon);

(3) Anvari failed to comply with the PSLRA's statutory requirements, is inadequate to competently and effectively represent the Class, and is now attempting to further amend his motion by creating an improper and untimely aggregation of unaffiliated investors; and

(4) the GGCC Group's financial interest is significantly lower than the Tezos Investor Group's, and is also now attempting to create a new, improper group of unaffiliated investors with Anvari.

Accordingly, the Tezos Investor Group is the presumptive lead plaintiff because it has the largest loss of any movant qualified for appointment under Rule 23.

---

[2] As discussed herein, Trigon is seeking consolidation of every Action other than the *MacDonald* Action, ECF No. 79 at 10, which Trigon's counsel, Block & Leviton, is currently pursuing as "**co-lead**" counsel with Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), *MacDonald* Action ECF No. 1. Given Block & Leviton's clear intention to move forward in the *MacDonald* Action, regardless of this Court's decision on the appointment of lead plaintiff and the fact that plaintiff MacDonald submitted a memorandum of points and authorities supporting Trigon as lead plaintiff and indicating that he is "coordinating" his action with Trigon, ECF No. 74-4, it is highly unlikely that the arrangement between Hagens Berman and Block & Leviton does not also include a fee split agreement or work arrangement in the event that Block & Leviton is appointed as lead counsel in the instant action. Accordingly, an appointment of Trigon as lead plaintiff will undoubtedly result in a *de facto* co-lead counsel structure including both Block & Leviton and Hagens Berman.

## STATEMENT OF ISSUE TO BE DECIDED

1. Whether the Court should grant the Tezos Investor Group's motion for consolidation, appointment as lead plaintiff, and approval of selection of counsel, and deny the competing motions.

2. Whether all of the Related Actions should be consolidated.

## ARGUMENT

### I. THE TEZOS INVESTOR GROUP IS THE MOST ADEQUATE PLAINTIFF

As detailed in the Tezos Investor Group's Opposition, after excluding the inadequate movants, it is the most adequate plaintiff with the largest financial interest in the litigation that otherwise has made a *prima facie* showing of "typicality" and "adequacy" under Rule 23. ECF No. 76. Indeed, none of the competing movants question any aspect of the Tezos Investor Group's typicality or adequacy to represent the Class. ECF Nos. 74, 77, 79, 80, 82. Rather, the competing movants each have chosen to ignore their various deficiencies in favor of engaging in side deals with counsel for other movants to ensure their firms participate in some aspect of this litigation. Such efforts raise the clear specter of improper, lawyer-driven litigation in contravention of one of the primary purposes of the PSLRA. *See, e.g.*, *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1023 (N.D. Cal. 1999) ("One of the principal legislative purposes of the PSLRA [was to] to prevent lawyer-driven litigation.") (citation omitted).

### II. TRIGON REMAINS SUBJECT TO DEBILITATING UNIQUE DEFENSES AND IS NEITHER ADEQUATE NOR TYPICAL FOR THE PURPOSES OF RULE 23

Trigon remains subject to debilitating unique defenses disqualifying it from serving as lead plaintiff, including the fact that it is subject to an obvious unique defense under *Morrison v. National Australia Bank Ltd.*, 51 U.S. 247 (2010), as well the fact that there are deficiencies in its certification. Additionally, Trigon's arguments concerning the *MacDonald* Action further undermine its adequacy to effectively represent the Class.

#### A. Trigon's Status As a Foreign Investor Who Purchased a Foreign-Issued Security Outside of the United States Subjects It to Substantial Defenses Under *Morrison*

Trigon remains subject to a unique defense under *Morrison* because the Foundation would undoubtedly argue that Trigon is a foreign entity that purchased a foreign-issued security. ECF No. 76

at 14–17. In *Morrison*, the Supreme Court held that if no part of the purchase or sale of a security occurred within the United States, then a presumption against extraterritorial application would apply and the plaintiff would not be entitled to relief. *Morrison*, 51 U.S. at 269–70. Given the potential applicability of *Morrison*, Trigon is subject to a unique defense—one which the Foundation would be unable to raise against the U.S. based movants, including the Tezos Investor Group.

If Trigon was to be appointed as lead plaintiff, a defense under *Morrison* would certainly become the focus of this litigation at the expense of the Class. This alone clearly and unequivocally disqualifies Trigon from being appointed. *See, e.g., Serafimov v. Netopia, Inc.*, 2014 U.S. Dist. LEXIS 25184, at *16 (N.D. Cal. Dec. 3, 2007) (stating "[a] proposed class representative is not adequate or typical if it is subject to a unique defense that threatens to become the focus of the litigation."). Importantly, there is a "low bar to the raising of such defenses [and] a movant need not prove the defense at this stage of the case, but merely 'show a degree of likelihood that a unique defense might play a significant role at trial.'" *Inchen Huang v. Depomed, Inc.*, 2017 U.S. Dist. LEXIS 202580, at *11 (N.D. Cal. Dec. 8, 2017) (citing *In re Netflix, Inc., Sec. Litig.*, 2012 U.S. Dist. LEXIS 59465, at *17 (N.D. Cal. Apr. 26, 2012). Given that Defendants have already raised jurisdictional and territoriality issues in their submissions to this Court, a focus on *Morrison* issues if Trigon was appointed lead plaintiff is not just a likelihood; it is a certainty. *See* ECF No. 76 at 16–17.

Clearly perceiving that Trigon is subject to a debilitating *Morrison* defense, Trigon's counsel contend in their Opposition that the *Okusko* complaint (filed by the Tezos Investor Group's counsel) includes a class definition which covers domestic and foreign investors and thus, the Tezos Investor Group has had a "[s]udden change[]-of-heart regarding the danger of potential *Morrison* issues" in response to "being beaten out by a foreign investor." ECF No. 79 at 8. Importantly, neither the *Okusko* complaint, nor any of the other complaints in the Related Actions, will be the operative complaint in this litigation. Indeed, the class definition will probably need to be refined as this litigation moves forward. Additionally, plaintiff Okusko is not a member of the Tezos Investor Group—unlike movant Gaviria who was plaintiff in the *Gaviria* Florida Action.

Most troublingly, Trigon fails to appreciate the import of the fact that, if it is appointed lead plaintiff, a defense under *Morrison* would become a **major focus** of the litigation and would threaten

the entire Class' interests. Indeed, were Defendants to succeed on such a defense, the Class would certainly not be certified with Trigon as their representative, resulting in costly delays to this action to the significant detriment of the Class. *See, e.g., Netflix*, 2012 U.S. Dist. LEXIS 59465, at *17 (holding that "[t]he point of this requirement is not to adjudicate the case before it has even begun, but rather to protect the absent class members from the expense of litigating defenses applicable to lead plaintiffs but not to the class as a whole."). The fact that Trigon's counsel are pushing forward with this application anyway—despite the likely damage to the interests of the Class—underscores the lawyer-driven nature of their actions.

**B. Trigon's Deficient Certification Is Disqualifying**

Trigon's deficient Certification remains disqualifying. As noted in the Tezos Investor Group's Opposition, Trigon's Certification failed to state Anna Dupont's authority to execute the Certification on behalf of Trigon. ECF No. 76 at 17–18. Indeed, it has since been revealed (as a result of Trigon filing a supplemental certification of interested entities or persons after it failed to disclose any of the owners or entities financially intertwined with Trigon) that Anna Dupont is not a director, or even a minority owner of Trigon, but rather Trigon's Secretary. ECF No. 73 at 3. Evidently, absent specific authority from Trigon's owners or directors, Ms. Dupont would not have had authority to execute the Certification on behalf of Trigon. *Id.* Trigon's failure to provide any indication of Ms. Dupont's authority to execute the Certification subjects it to an additional unique defense. *See, e.g., In re Enzymotec Ltd. Sec. Litig.*, 2015 U.S. Dist. LEXIS 25720, at *8-10 (D.N.J. Mar. 3, 2015) (finding the a movant "subject to a unique defense with respect to its certification" where the "certification could be subject to an attack because it provide[d] no indication that its signer . . . [was] authorized to sign the certification on [the corporation's] behalf"). Additionally, Trigon's Certification failed to comply with the penalty of perjury requirement in 28 U.S.C. § 1746. ECF No. 76 at 18. Significantly, Trigon's Opposition does not address these deficiencies at all. ECF No. 79. Regardless, at this point, it would be too late to correct these deficiencies. *See Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (stating "[t]he PSLRA is unequivocal and allows for no exceptions."); *In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 433 n.12 (E.D. Va. 2000) ("District courts applying the PSLRA note that the sixty-day time period is a significant element of the statute, and reflects

Congress's sensible intent that the lead plaintiff be appointed as early in the litigation as possible.") (citations omitted); *Oklahoma Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268, at *13 (E.D. Tex. Aug. 31, 2017) ("A motion for appointment as lead plaintiff cannot be supplemented or augmented beyond the sixty (60) day window established by the PSLRA.") (citation omitted).

### C. Trigon's Arguments Concerning the *MacDonald* Action Undermine Its Adequacy

In addition to the foregoing, Trigon's position with regard to the *MacDonald* Action has further undermined its adequacy. Specifically, Trigon is insistent that the *MacDonald* Action not be consolidated with the Related Actions. ECF No. 79 at 10. Moreover, Trigon's counsel, Block & Leviton, has also submitted a response in support of a "coordinating" structure wherein the *MacDonald* Action would not be consolidated with the Related Actions, but would work alongside Trigon. ECF No. 74. Such a strategy would certainly result in duplicative costs to the Class, given the fact that the *MacDonald* Action is clearly based on the "same questions of law or fact." Fed. R. Civ. P. 42(a); *see also Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999).

Perhaps most troubling, Trigon's and MacDonald's efforts clearly evidence the fact that their litigation tactics are more concerned with ensuring Block & Leviton and Hagens Berman are allowed to keep a large stake in this action, than with ensuring an effective and efficient prosecution of these claims for the Class. Such efforts are precisely the sort of "lawyer-driven" litigation that the PSLRA was designed to prevent. *See, e.g.*, *Network*, 76 F. Supp. 2d at 1020 ("The PSLRA was provoked by a wide-spread perception that securities class actions had become 'lawyer-driven,' *i.e.*, that such litigation had been typically initiated and controlled by plaintiff's counsel, bark to core, start to finish."); *In re Gemstar-TV Guide Int'l Secs. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (stating "[t]he record in this case suggests that [the movant group] was created in an effort to have its members designated as lead plaintiffs and, more important, its counsel designated as class counsel.").

## III. THE GAVIRIA GROUP REMAINS INADEQUATE AND ATYPICAL

As detailed in the Tezos Investor Group's Opposition, the Gaviria Group is inadequate to serve as lead plaintiff due to its failure to comply with the PSLRA, deficient prosecution of the *Gaviria* Florida Action, and its lacking of any measure of cohesiveness. ECF No. 76 at 19–22.

**A. The Gaviria Group's Failure to Comply with the PSLRA and Deficient Prosecution of the *Gaviria* Florida Action Evidences Its Inadequacy**

Plaintiff *Gaviria* failed to follow essentially all of the PSLRA's requirements in his prosecution of the *Gaviria* Florida Action, including: (a) failing to file the required PSLRA notice under 15 U.S.C. § 77z-1(a)(3)(A), despite being the first-filed action in a federal district court against Tezos alleging claims under the Securities Act; and (b) failing to file the required PSLRA Certification when initiating the *Gaviria* Florida Action pursuant to 15 U.S.C. § 77z-1(a)(2). ECF No. 76 at 20. Moreover, the *Gaviria* Florida Action alleged claims for which there is no private right of action under the Securities Act, evincing Gaviria's personal inadequacy to serve as lead plaintiff, in a group or otherwise. *Id.* at 20–21.

**B. The Gaviria Group Still Lacks Cohesiveness**

Additionally, the Gaviria Group still lacks any of the hallmarks of a cohesive group, and thus should not be permitted to move as a unit. In this District, to evidence cohesiveness and the ability to manage a litigation, a "proposed group should provide descriptions of its members, including any pre-existing relationships among them; an explanation of how it was formed and how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation." *In re Silicon Storage Tech., Inc.*, 2005 U.S. Dist. LEXIS 45246, at *32 (N.D. Cal. May 3, 2005) (citation omitted). Here, the Gaviria Group has failed to provide any evidence of solidarity, decision making processes, pre-existing relationships, or cohesiveness in general. *See* ECF No. 76 at 21–23; *see also Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532-33 (N.D. Cal. 2009) ("A group without a preexisting relationship or decision making apparatus is likely to run afoul of the PSLRA's objective of placing control of the litigation with the parties instead of the lawyers.") (citation omitted); *In re Versata, Inc.*, 2001 U.S. Dist. LEXIS 24270, at *19-20 (N.D. Cal. Aug. 20, 2001) (in determining the adequacy of a group movant, "the singular focus [should] be whether the asserted group has demonstrated the ability to represent the class and direct the litigation without undue influence from counsel"); *Ross v. Abercrombie & Fitch Co.*, 2007 U.S. Dist. LEXIS 24903, at *12-13 (S.D. Ohio Mar. 22, 2007) (concluding that "[i]n view of this lack of evidence, there was no basis from which to ascertain the

ability of the [movant] Group as a whole, or its members, to fairly and adequately represent the interests of the class.")

Moreover, not only has the Gaviria Group proposed the appointment of two firms as co-lead counsel, and a third as "additional counsel," but also proposes the creation of an entirely new lead plaintiff group comprised of Trigon, the Gaviria Group, and ostensibly MacDonald (as a party in "coordination"). The foregoing proposal is impermissible per the plain language of the PSLRA. *See Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268, at *13 ("A motion for appointment as lead plaintiff cannot be supplemented or augmented beyond the sixty (60) day window established by the PSLRA.") (quoting *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Ohio 1999)).

The Gaviria Group's new efforts to join forces with Trigon clearly demonstrate that the Gaviria Group's counsel is engaged in precisely the type of "lawyer-driven" litigation the PSLRA is designed to prevent. This is especially true in light of the fact that the Gaviria Group's Opposition inexplicably failed to address the glaringly obvious unique defense to which Trigon is subject under *Morrison*.[3] ECF No. 77. Such "lawyer-driven" litigation should not be countenanced by this Court. *See Network*, 76 F. Supp. 2d at 1020 ("The PSLRA was provoked by a wide-spread perception that securities class actions had become 'lawyer-driven,' *i.e.*, that such litigation had been typically initiated and controlled by plaintiff's counsel, bark to core, start to finish."); *see also In re Spectrum Pharms., Inc.*, 2014 U.S. Dist. LEXIS 38322, at *10 (D. Nev. Mar. 20, 2014) ("While the [Group] is correct that it is not necessary that a group have a pre-existing relationship to be appointed lead plaintiff, a clear purpose of the reforms adopted in the PSLRA was to prevent **lawyer-driven** litigation. This purpose is undermined when a group . . . cannot establish that the formation of their group was driven by some mechanism other than the same law firm that the group intends to nominate as lead counsel.") (emphasis added); *Ross*, 2007 U.S. Dist. LEXIS 24903, at *13 ("There is no requirement in the PSLRA that the Court realign a proposed group to cure a deficiency in adequacy of representation.").

[3] Alternatively, if the Gaviria Group simply did not register the fact that Trigon is subject to a unique defense under *Morrison*, this would evidently mean not one of the Gaviria Group's three counsel was capable of recognizing an obvious unique defense to which Trigon is subject to. This, in turn, indicates that the group's selection of counsel further indicates its inadequacy to prosecute these claims.

## IV. ANVARI'S TARDY SUBMISSION, DEFICIENT CERTIFICATION, AND SELECTION OF COUNSEL STILL EVIDENCES OBVIOUS INADEQUACIES TO LEAD THIS ACTION

As discussed in the Tezos Investor Group's Opposition, Anvari should be disqualified from consideration for a number of reasons. ECF No. 76 at 8–14. Specifically, Anvari failed to timely move for lead plaintiff in the proper action, after having moved incorrectly in a non-PSLRA case. *Id*. at 8–10. This tardy filing is fatal to Anvari's application. "The PSLRA is unequivocal and allows for no exceptions." *Zhu*, 682 F. Supp. 2d at 1053; *see also Carson v. Clarent Corp.*, 2001 U.S. Dist. LEXIS 22059, at *6-7 (N.D. Cal. Dec. 14, 2001) (declining an untimely movant's "invitation to ignore the PSLRA's time requirements").

Additionally, Anvari submitted a deficient Certification signed and executed by his attorney "by permission." ECF No. 76 at 11. This is a direct violation of the PSLRA's plain text. 15 U.S.C. § 77z-1(a)(2)(A) ("Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, **which shall be personally signed by such plaintiff** . . . .")(emphasis added). Further, as explained in great detail in the Tezos Investor Group's Opposition, Anvari's proposed co-lead counsel are woefully inadequate to represent the Class in any respect. ECF No. 76 at 11–14. Indeed, evidently Anvari's counsel have resorted to engaging threats against other movants' counsel. *See* ECF No. 73 at 3 (Trigon's counsel stating that Anvari's counsel called to discuss Trigon's deficient certification of interested parties and that "Anvari's counsel suggested that if Trigon withdrew to avoid 'embarrassment,' Anvari would not raise [the] 'issue' with the Court.").

## V. THE GGCC GROUP'S ARGUMENTS SHOULD BE REJECTED

The GGCC Group's request that this Court create a new group comprised of the GGCC Group and Anvari should be rejected as untimely and in opposition to the PSLRA's intentions and requirements. First, the GGCC Group's efforts are nearly identical to the Gaviria Group's, in that it aims to remedy its inadequacy to represent the Class by belatedly cobbling together a new group. ECF No. 82 at 7–8. Just as with the Gaviria Group and Trigon, such efforts are precisely the type of "lawyer-driven" litigation the PSLRA is designed to prevent. *Network*, 76 F. Supp. 2d at 1020; *see also Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268, at *13 ("A motion for appointment as lead plaintiff cannot

be supplemented or augmented beyond the sixty (60) day window established by the PSLRA.") (quoting *Telxon*, 67 F. Supp. 2d at 819).

The fact remains that the GGCC Group is the movant with the smallest financial interest in this relief sought by the Class, and thus is not the most adequate plaintiff. ECF No. 76 at 24 n.13. Hence, its application should be rejected.

**VI. ALL RELATED ACTIONS SHOULD BE CONSOLIDATED**

It cannot be reasonably disputed that all of the Related Actions should be consolidated under Fed. R. Civ. P. 42(a). Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law **or** fact. *See id*; *Takeda*, 67 F. Supp. 2d at 1132-33; *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted).

Accordingly, any arguments to the contrary should be rejected entirely.

**CONCLUSION**

For the foregoing reasons, the Tezos Investor Group respectfully requests that this Court: (1) appoint the Tezos Investor Group as Lead Plaintiff for the Class in the Actions; (2) approve Levi & Korsinsky as Lead Counsel; and (3) consolidate the Actions.

Respectfully submitted,

Dated: February 15, 2018

**LEVI & KORSINSKY, LLP**

By: */s/ Donald J. Enright*

Donald J. Enright (admitted *pro hac vice*)
1101 30th St., NW, Ste. 115
Washington, DC 20007
Telephone: (202) 524-4292
Facsimile: (202) 333-2121

Rosemary M. Rivas
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Eduard Korsinsky (to be admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Attorneys for Movants Nicolas Andreasson, Paul Martin, and Richard Reckenbeil*