ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
    – and –
LUCAS F. OLTS (234843)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
dmyers@rgrdlaw.com

SILVER MILLER
DAVID C. SILVER
JASON S. MILLER
11780 W. Sample Road
Coral Springs, FL 33065
Telephone: 954/516-6000
dsilver@silvermillerlaw.com
jmiller@silvermillerlaw.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GGCC, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., et al.,<br><br>                Defendants. | Case No. 3:17-cv-06779-RS<br><br><u>CLASS ACTION</u><br><br>REPLY IN FURTHER SUPPORT OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE:    March 1, 2018<br>TIME:    1:30 p.m.<br>CTRM:  Courtroom 3 (17th Floor) |

1373321_1

## I. INTRODUCTION

While several movants have filed motions suggesting that they should each be appointed the lead plaintiff in this matter, all but one of the competing movants failed to address movants David Lang, Ryan Coffey, and Alejandro R. Gaviria's lead plaintiff motion, other than to off-handedly note Messrs. Lang, Coffey, and Gaviria's comparatively smaller financial interest. *See* ECF Nos. 79, 80 at 5, 82 at 6. The Tezos Investor Group – comprised of three individuals, one of whom lacked a pre-litigation relationship with the others – is the only movant to directly address Messrs. Lang, Coffey, and Gaviria's motion, though curiously opposes Messrs. Lang, Coffey, and Gaviria's motion, by contending they are ineligible for appointment because, like the Tezos Investor Group, they are "unaffiliated investors." ECF No. 76 at 2. Regardless of the wisdom of this argument, Messrs. Lang, Coffey, and Gaviria timely evidenced their adequacy and ability to function cohesively and have provided valid reasons for their decision to join together to protect the interests of the putative class, which courts agree readily satisfies the Private Securities Litigation Reform Act of 1995's ("PSLRA") requirements. *See* ECF No. 39-2; §II.A *infra*. Moreover, the similarly unaffiliated Tezos Investor Group filed a nearly identical declaration, undermining the argument entirely. *See* ECF No. 49-2. Their other musings about Mr. Gaviria's qualifications similarly lack merit.

As to consolidation and coordination, upon further assessment of the nature of the cases, claims, and the parties' respective positions, Messrs. Lang, Coffey, and Gaviria concur that the two securities cases, *GGCC, LLC v. Dynamic Ledger Solutions, Inc.* and *Okusko v. Dynamic Ledger Solutions, Inc.*, should be consolidated with one another, while the state-law case, *MacDonald v. Dynamic Ledger Solutions, Inc.*, should be coordinated with the two to-be-consolidated securities cases. *Baker v. Dynamic Ledger Solutions, Inc.* is currently stayed pending the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Ret. Sys.*, No. 15-1439 (U.S.), and should not be consolidated or coordinated until that decision is rendered.

1373321_1

REPLY IN FURTHER SUPPORT OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 3:17-cv-06779-RS

- 1 -

## II. ARGUMENT

### A. Messrs. Lang, Coffey, and Gaviria Are Entirely Adequate

Most of the opposing movants make no arguments against Messrs. Lang, Coffey, and Gaviria's motion, other than pointing out their relatively lower financial stake. *See* ECF Nos. 79, 80 at 5, 82 at 6. The lone challenger, the Tezos Investor Group – comprised of affiliated and unaffiliated members – curiously posits that Messrs. Lang, Coffey, and Gaviria are "an improper aggregation of unaffiliated investors lacking the hallmarks of a cohesive group." ECF No. 76 at 2. This odd contention, which equally applies to the Tezos Investor Group, is meritless.

First, the PSLRA expressly permits the appointment of a group of investors. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (defining "most adequate plaintiff" as the "person or group of persons" that satisfies the statutory criteria). And, in *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002), the Ninth Circuit directed the district court on remand to "proceed based on the presumption that the Cavanaugh group" – an unaffiliated group of individuals – "is the most adequate plaintiff and has made a prima facie showing of satisfying the requirements of Rule 23." *Id.* at 739. This unambiguous statutory text and reasoned authority is why three of the five motions were filed by unaffiliated groups of investors, including the Tezos Investor Group itself.

Indeed, this Court has recognized that "[w]hile a pre-litigation relationship amongst lead plaintiffs is preferred, it is not required." *Bruce v. Suntech Power Holdings Co. Ltd.*, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012) (Seeborg, J.) (quoting *In re Versata*, 2001 WL 34012374, at *5 (N.D. Cal. Aug. 20, 2001) (explaining that "[r]equiring a pre-litigation relationship, though appealing in its simplicity, is too rigid")). As in *Bruce*, here, Messrs. Lang, Coffey, and Gaviria are "just three individuals," which "is a small and cohesive group, in accordance with the PSLRA's goal of having an engaged lead plaintiff." 2012 WL 5927985, at *2. Furthermore, Messrs. Lang, Coffey, and Gaviria made an additional showing of adequacy with their Joint Declaration. *See* ECF No. 39-2; *see also Robb v. Fitbit Inc.*, 2016 WL 2654351, at *4 (N.D. Cal. May 10, 2016) (approving of group of unaffiliated members where "declaration states that the individual members have discussed

1373321_1

REPLY IN FURTHER SUPPORT OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 3:17-cv-06779-RS

- 2 -

the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus").

Moreover, Messrs. Lang, Coffey, and Gaviria have provided valid, strategic reasons for their decision to join forces to protect the putative class, namely to provide effective representation for all class members, including those who invested in Tezos with Bitcoin and those who invested in Tezos with Ether. *See* ECF No. 39-2, ¶6. The relative values of these cryptocurrencies are in constant flux, and important and potentially novel legal issues may be decided in the course of this litigation that would benefit by having both types of investors serve as lead plaintiff. Where the diversity of a small, cohesive group will further protect the interests of the class, this fact supports – rather than detracts from – its adequacy to serve as lead plaintiff. *See, e.g.*, *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678, at *8 (N.D. Ill. Apr. 18, 2012) (citing group's "diversity" among factors making "it the most capable of adequately representing the interests of the class members").

Finally, Messrs. Lang, Coffey, and Gaviria each individually have a greater interest than any individual member of the Tezos Investor Group, as well as a greater collective financial interest. *Compare* ECF No. 48-1 *with* ECF No. 49-2; *Bruce*, 2012 WL 5927985, at *3 (recognizing that group had larger financial interest collectively and individually). As such, the "evidence on record" should satisfy the Court that Messrs. Lang, Coffey, and Gaviria are "what the PSLRA contemplated as effective class plaintiffs." *Versata*, 2001 WL 34012374, at *7; *see also Robb*, 2016 WL 2654351, at *4 (rejecting one group's challenge to another group's declaration, noting that both declarations do "not substantially differ," that "neither group asserts that its members had a preexisting relationship," and that one group would have the largest financial interest individually).

The Tezos Investor Group's other contentions – that the PSLRA notice was not published for a voluntarily dismissed action and that Mr. Gaviria inadvertently did not include a certification with his Florida Complaint – are similarly deficient challenges to his adequacy. ECF No. 76 at 14-17. First, the Tezos Investor Group does not, and cannot, dispute that notice was in fact published, and that interested putative class members were able to file motions in these related cases pursuant to the

1 PSLRA. *See* ECF No. 49-1 at 5 (recognizing that notice was published). The Tezos Investor Group's argument also ignores the fact that the first notice triggering the lead plaintiff motion deadline was issued on November 26, 2017, a week ***before*** the statutory deadline for Mr. Gaviria to issue a notice expired, rendering subsequent notices moot. *See* 15 U.S.C. §78u-4(a)(3)(A) (providing that plaintiffs have 20 days to publish notice and that subsequent notices are not necessary). Regardless, Mr. Gaviria's Florida Complaint was voluntarily dismissed before the lead plaintiff motion deadline and had no impact on any putative class member's ability to serve as lead plaintiff. Moreover, the Tezos Investor Group fails to identify any adverse impact or cite any pertinent authority finding the failure to issue a notice when multiple complaints were filed and notice was issued impacts adequacy in any way. *See generally Carson v. Merrill Lynch, Pierce, Fenner & Smith Inc*., 1998 WL 34076402, at *6 (W.D. Ark. Mar. 30, 1998) (permitting plaintiff that filed initial complaint, but did not provide notice or attach certification, to amend complaint, add a certification, and amend the notice to class members).

The Tezos Investor Group's challenge that Mr. Gaviria's Complaint did not include a Certification is similarly specious. *See* ECF No. 76 at 15. To be clear, Mr. Gaviria has executed and filed not only a Certification but also a Joint Declaration in this action. *See* ECF Nos. 39-1, 39-2. Notably, the Tezos Investor Group did not cite any authority for the proposition that an inadvertent failure to file a certification with a complaint impacts adequacy. In fact, such an inadvertent failure does not. *See Carson*, 1998 WL 34076402, at *6; *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig*., 934 F. Supp. 2d 1219, 1231 n.13 (C.D. Cal. 2013) (recognizing that "courts have generally been lenient in granting leave to amend the complaint to include this certification"); *Khunt v. Alibaba Grp. Holding Ltd*., 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015) ("'minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement'"). This is true particularly when, as here, a certification is subsequently filed, remedying any initial defect. *See Chao Lu v. Jumei Int'l Holding Ltd*., 2015 WL 4104570, at *2 (S.D.N.Y. June 22, 2015) (holding that "supplemental declarations submitted by Ouije remedied any deficiencies in the initial certification"); *Roby v. Ocean Power Techs., Inc*., 2015 WL 1334320, at *9

(D.N.J. Mar. 17, 2015) ("Courts have found supplemental certifications sufficient to remedy deficiencies in the PSLRA certification.") (collecting cases); *Cooke v. Equal Energy Ltd.*, No. 5:14-cv-00087-C, ECF No. 23 at 4 (W.D. Okla. May 8, 2014) (finding that failure to include certification with complaint "is not a fatal defect which would exclude Mr. Cooke from consideration as Lead Plaintiff" where certification was filed in connection with lead plaintiff motion), attached as Exhibit A to the Declaration of Danielle S. Myers in Support of Reply in Further Support of David Lang, Ryan Coffey, and Alejandro R. Gaviria's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, submitted concurrently herewith.

Finally, the Tezos Investor Group is critical of claims alleged in Mr. Gaviria's voluntarily dismissed Florida lawsuit. *See* ECF No. 76 at 15. In attacking a fellow class member's counsel who is attempting to vigorously pursue all potential claims available to the class to achieve the relief sought, the Tezos Investor Group forgets that parties and their counsel are permitted to advance nonfrivolous theories to change existing law, even binding circuit authority, as many Supreme Court cases implicitly demonstrate, particularly those resolving splits among circuits. This is especially true where, as here, the facts and issues involve novel areas of law and emerging technologies and investment products.

What the Tezos Investor Group also fails to acknowledge is that Silver Miller has been on the vanguard of pursuing justice for injured investors in cryptocurrencies and other blockchain-related assets. Although a new and emerging area of law, Silver Miller has already recovered tens of millions of dollars in judgments and settlements on behalf of injured investors. *See* ECF No. 39-4. By contrast, it appears counsel for the Tezos Investor Group has yet to secure any significant recovery for investors in cryptocurrency or blockchain-related assets. The fact that Messrs. Lang, Coffey, and Gaviria have selected well-qualified counsel with complimentary specialties, including a preeminent securities class action firm (Robbins Geller Rudman & Dowd LLP) and a firm at the forefront of representing injured cryptocurrency investors (Silver Miller), only further demonstrates their adequacy. *See* ECF Nos. 39-2, ¶8, 39-3, 39-4.

1373321_1

REPLY IN FURTHER SUPPORT OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 3:17-cv-06779-RS - 5 -

1      Ultimately, the Tezos Investor Group's adequacy challenges either apply equally to itself or lack legal support. As indicated by the other movants' failure to challenge Messrs. Lang, Coffey, and Gaviria's adequacy, the contentions have no merit. Thus, if the Court does not find Trigon Trading Pty. Ltd. to be the presumptive sole lead plaintiff, Messrs. Lang, Coffey, and Gaviria remain willing and able to fulfill that role on behalf of the class and, alternatively, remain willing and able to serve alongside Trigon to ensure the broadest possible representation for both Bitcoin and Ether contributors to the Tezos ICO.

### B. Mr. Anvari Is Decidedly Atypical and Inadequate

In his opposition brief, which reads more like a response in further support of his motion, Mr. Anvari seeks to have himself and the GGCC Group appointed as lead plaintiff. *See* ECF No. 82 at 2. Not only was his original application untimely, the overarching problem with his request is that, like Mr. Anvari's attorney-signed Certification, the request was entirely lawyer-driven by Hung Ta (the same lawyer that signed the Certification). *See* ECF No. 80-1. There is a complete absence of evidence *by Mr. Anvari* as to either his financial interest or his willingness and ability to proactively oversee and direct counsel, which is what the PSLRA requires. *See* 15 U.S.C. §77z-1(a)(2) (certification "shall be personally signed by such plaintiff"). Attorney affidavits, like those submitted by Hung Ta here, simply do not demonstrate a proposed lead plaintiff's adequacy. *See Ross v. Abercrombie & Fitch Co.*, 2006 U.S. Dist. LEXIS 98594, at *20-*21 (S.D. Ohio June 15, 2006) ("Leaving aside the fact that any declaration or affidavit submitted to the Court is hearsay because it represents a statement made out of court, the contents of Mr. Nespole's declaration are themselves hearsay because he has related statements made by the [proposed lead plaintiff] to him (which is classic hearsay) and has argued that the Court should accept those representations as true. Consequently, even though the Court is willing to accept a single level of hearsay (e.g. the affidavit) the Nespole declaration is double hearsay. While the Court will not strike it from the record, it agrees with Dearborn that the affidavit essentially has no evidentiary value . . . .").

Consequently, Mr. Anvari's motion should be denied.

### C. Consolidation and Coordination

Messrs. Lang, Coffey, and Gaviria concur that *GGCC, LLC* and *Okusko* – the two cases filed in federal court alleging Securities Act of 1933 claims – should be consolidated with one another and that *MacDonald* – the case alleging state law claims – should be coordinated with *GGCC, LLC* and *Okusko*. *Baker* is currently stayed pending the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Ret. Sys.*, No. 15-1439 (U.S.), and should not be consolidated or coordinated until that decision is rendered.

### III. CONCLUSION

The only substantive challenges to Messrs. Lang, Coffey, and Gaviria's motion equally apply to the challenger (the Tezos Investor Group) or lack any citation to authority. As such, there is no basis to conclude that Messrs. Lang, Coffey, and Gaviria are anything but entirely typical and adequate. To the extent Trigon is not appointed sole lead plaintiff, Messrs. Lang, Coffey, and Gaviria are prepared to fulfill that role on behalf of the class, and alternatively, remain willing and able to serve alongside Trigon if the Court so desires.

DATED: February 15, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
LUCAS F. OLTS
DANIELLE S. MYERS

     s/ Danielle S. Myers
    DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

1373321_1

REPLY IN FURTHER SUPPORT OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 3:17-cv-06779-RS - 7 -

| | |
|---|---|
| 1 | |
| 2 | SILVER MILLER<br>DAVID C. SILVER |
| 3 | JASON S. MILLER<br>11780 W. Sample Road |
| 4 | Coral Springs, FL  33065<br>Telephone:  954/516-6000 |
| 5 | dsilver@silvermillerlaw.com<br>jmiller@silvermillerlaw.com |
| 6 | [Proposed] Lead Counsel for Plaintiff |
| 7 | |
| 8 | WITES LAW FIRM<br>MARC A. WITES |
| 9 | 4400 North Federal Highway<br>Lighthouse Point, FL 33064 |
| 10 | Telephone: 954/933-4400<br>954-354-0205 (fax) |
| 11 | mwites@witeslaw.com |
| 12 | Additional Counsel for Plaintiff |

1373321_1

REPLY IN FURTHER SUPPORT OF DAVID LANG, RYAN COFFEY, AND ALEJANDRO R. GAVIRIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 3:17-cv-06779-RS - 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2018.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

1373321_1

# Mailing Information for a Case 3:17-cv-06779-RS GGCC, LLC v. Dynamic Ledger Solutions, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joseph J. DePalma**
  jdepalma@litedepalma.com,epalomino@litedepalma.com

- **Draper Associates V Crypto LLC**
  cwanger@manatt.com

- **Donald J. Enright**
  denright@zlk.com

- **Joel Anderson Fleming**
  joel@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Andrew S. Gehring**
  andrew.gehring@davispolk.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,bgiovannoni@cooley.com

- **Bruce Daniel Greenberg**
  bgreenberg@litedepalma.com,sgreenfogel@litedepalma.com,epalomino@litedepalma.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,eFilingNotice@cooley.com,lalmanza@cooley.com,efiling-notice@ecf.pacerpro.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,peterb@hbsslaw.com,brianm@hbsslaw.com,sf_filings@hbsslaw.com

- **Samantha Anne Kirby**
  skirby@cooley.com,lsantamaria@cooley.com

- **Brian E. Klein**
  bklein@bakermarquart.com,file@bakermarquart.com,calendar@bakermarquart.com

- **Enoch H Liang**
  enoch.liang@ltlattorneys.com,katie.tokushige@ltlattorneys.com,docket@ltlattorneys.com,caleb.liang@ltlattorneys.com,erica.schoenberg@ltlattorneys.com

- **Scott Matthew Malzahn**
  smalzahn@bakermarquart.com,file@bakermarquart.com,calendar@bakermarquart.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Jeremy Nash**
  jnash@litedepalma.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Edmund Polubinski , III**
  edmund.polubinski@davispolk.com

- **Neal Alan Potischman**
  neal.potischman@dpw.com,ecf.ct.papers@dpw.com,lit.paralegals.mp@davispolk.com,tezos.lit@davispolk.com

- **William Richard Restis**
  william@restislaw.com,support@restislaw.com

- **Rosemary M. Rivas**
  rrivas@zlk.com,qroberts@zlk.com,ebigelow@zlk.com

- **Daniel Louis Sachs**
  dsachs@cooley.com,asmith@cooley.com,cmalick@cooley.com

- **James Quinn Taylor-Copeland**
  james@taylorcopelandlaw.com,docketing@mintz.com,DSJohnson@mintz.com

- **Serge Alexander Voronov**
  serge.voronov@davispolk.com

- **Jacob Allen Walker**
  jake@blockesq.com,4836372420@filings.docketbird.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Christopher L. Wanger**
  cwanger@manatt.com,AGuardado@manatt.com,BMiller-Phillips@manatt.com,fstephenson@manatt.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`