Neal A. Potischman (SBN 254862)
Serge A. Voronov (SBN 298655)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California  94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: neal.potischman@davispolk.com
         serge.voronov@davispolk.com

Edmund Polubinski III (*pro hac vice*)
Andrew S. Gehring (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email: edmund.polubinski@davispolk.com
         andrew.gehring@davispolk.com

*Attorneys for Defendant Tezos Stiftung*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GGCC, LLC, an Illinois Limited Liability Company, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an individual, and ARTHUR BREITMAN, an individual,<br><br>      Defendants. | Case No. 3:17-cv-06779-RS<br><br>**DEFENDANT TEZOS STIFTUNG'S MEMORANDUM IN FURTHER SUPPORT OF CONSOLIDATING** *MACDONALD* **WITH THE RELATED FEDERAL ACTIONS** |

The Foundation respectfully submits this memorandum in further support of consolidating *MacDonald v. Dynamic Ledger Solutions, Inc.*, No. 3:17-cv-07095-RS, with the related actions.[1]

## DISCUSSION

There is no dispute that the predicates for consolidation under Rule 42(a) are present: MacDonald's case undoubtedly involves common factual and legal questions with the related cases, and judicial convenience would be served by consolidation. MacDonald acknowledges in his Response that his claims are factually nearly identical to those of the related actions. He is also seeking identical relief on the same legal theory—i.e., he is seeking a return of donated proceeds on the theory that the fundraiser was allegedly an unregistered sale of securities. And MacDonald concedes that significant coordination between the actions is necessary in order for the litigation to be manageable. (Resp. at 4-5.)

Nevertheless, MacDonald urges the Court *not* to consolidate his case, thereby permitting his counsel to pursue a separate, materially identical action, seeking identical relief on behalf of a putative class of contributors who will necessarily also be members of the putative class in the related cases. His sole basis for this exercise in duplication is his desire to exploit his tactical decision to plead state law claims in an attempt to avoid the PSLRA's Congressionally-mandated discovery stay. (*Id.* at 5 & n.9.) But, as the Foundation has explained, this is not a valid reason to oppose consolidation, and MacDonald has not shown *any* entitlement to pre-motion to dismiss discovery. (Mem. at 3-4.) In fact, MacDonald's asserted right to seek discovery ahead of the other, factually identical cases is particularly inappropriate where one of his "state" claims is expressly predicated on violations of the *federal securities law* (*MacDonald*, Compl. ¶ 135(a)) and his counsel represents a lead plaintiff applicant in those other cases [ECF No. 55].

Moreover, even if MacDonald had demonstrated some entitlement to early discovery, his proposal is at best a request for disjointed, seriatim discovery that would prejudice defendants and undermine the efficiencies that militate so strongly in favor of consolidation here. Allowing

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Foundation's Memorandum in Support of Consolidating *MacDonald* with the Related Federal Actions [ECF No. 81] ("Mem."). MacDonald's Response Regarding Motions to Consolidate [ECF No. 74] is referred to as the "Response."

1

two nearly identical cases to proceed on different schedules invites duplication of the kind already seen in these cases, with dueling requests from different plaintiffs.  (*See* Mem. at 3.)[2] MacDonald's suggestion that the Court could lift the PSLRA stay (Resp. at 5 n.8) to permit discovery in the related actions does not resolve this issue because it is squarely inconsistent with the PSLRA's statutory command.  Lifting the stay is permitted only where a plaintiff can show that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice."  15 U.S.C. § 78u-4(b)(3)(B).  MacDonald has offered no basis on which a plaintiff could satisfy that standard here; nor could he, given this Court's prior rulings.  (*MacDonald*, Order [ECF No. 35] at 6 (alleged threat of irreparable harm "little more than speculation"); *MacDonald*, Order [ECF No. 69] at 2 (rejecting effort to depart from "normal discovery procedure").)

In all events, a single lead plaintiff and single lead counsel are better positioned to decide which claims to pursue in the best interest of the entire putative class and to prosecute those claims in a rational and coordinated way.  Consolidation in these circumstances promotes judicial efficiency and avoids prejudicing all concerned parties.  MacDonald can offer no reason to set those concerns aside.[3]

---

[2] In addition, permitting two plaintiffs with separate counsel to pursue materially identical litigation is unfair to putative class members.  *See, e.g.*, *Casden v. HPL Techs., Inc*, No. C-02-3510 VRW, 2003 WL 27164914, at *1 (N.D. Cal. Sept. 29, 2003) (recognizing burden on absent class members as factor in consolidation analysis); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) ("Absent class members will best be served by consolidation because they will have just one case to monitor as it proceeds through litigation.").

[3] The cases MacDonald cites to in arguing that *he* will suffer prejudice from consolidation (Resp. at 6) do not bear on the Court's analysis.  They merely stand for the proposition that consolidation may not be appropriate when it would prejudice a party's *substantive* rights.  *See Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 593 (S.D.N.Y. 2012) (declining to consolidate where consolidation "could result in the loss of the Plaintiffs' state-law claims in their entirety"); *Zola v. TD Ameritrade, Inc.*, No. 8:14CV288, 2015 WL 847450, at *4 (D. Neb. Feb. 26, 2015) (declining to consolidate actions involving fundamentally different legal theories where consolidation would cause plaintiffs' "separate interests in case management and presentation [to] suffer"); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 785 F. Supp. 2d 925, 931 (C.D. Cal. 2011) (outside of the context of a motion for consolidation, noting that consolidation is not intended to alter parties' "substantive rights").  Here, MacDonald asserts prejudice only to his claimed *procedural* right to early discovery.  Furthermore, as noted above, the Court has already considered and rejected MacDonald's application for expedited discovery.

# CONCLUSION

For the foregoing reasons, the Foundation respectfully requests that the Court consolidate the *MacDonald* action with the related actions.

Dated:  February 15, 2018

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Neal A. Potischman*
    Neal A. Potischman (SBN 254862)
    Serge A. Voronov (SBN 298655)
    1600 El Camino Real
    Menlo Park, California  94025
    Telephone:  (650) 752-2000
    Facsimile:   (650) 752-2111
    Email: neal.potischman@davispolk.com
          serge.voronov@davispolk.com

    Edmund Polubinski III (*pro hac vice*)
    Andrew S. Gehring (*pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York  10017
    Telephone:  (212) 450-4000
    Facsimile:   (212) 701-5800
    Email: edmund.polubinski@davispolk.com
          andrew.gehring@davispolk.com

*Attorneys for Defendant Tezos Stiftung*