UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GGCC, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., et al.,<br><br>Defendants. | Case Nos.  17-cv-06779-RS<br> 17-cv-06829-RS<br> 17-cv-06850-RS<br> 17-cv-07095-RS<br><br>**ORDER REGARDING CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND SELECTION OF LEAD COUNSEL** |

## I. INTRODUCTION

This securities class action is brought on behalf of individuals who contributed to the Tezos Initial Coin Offering ("ICO") in July 2017. Four related cases have been filed in (or removed to) this Court asserting a variety of federal and state law claims.[1] At core, all of the cases revolve around the underlying assertion that the Tezos ICO involved the sale of unregistered securities. Five different plaintiffs and plaintiff groups initially moved for appointment as lead plaintiff and for approval of their respective selections of counsel. One plaintiff has since conceded, leaving four remaining contenders.[2] In conjunction with their motions for appointment,

---

[1] The three actions other than this one are: *Okusko v. Dynamic Ledger Solutions, Inc. et al*, Case No. 17-cv-6829; *Baker v. Dynamic Ledger Solutions, Inc. et al*, Case No. 17-cv-6850; and *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 17-cv-7095.

[2] The four remaining contenders for lead plaintiff are: 1) Arman Anvari; 2) Trigon Trading; 3) David Lang, Ryan Coffey, and Alejandro Gaviria (the "Gaviria Group"); and 4) Nicolas Andreasson, Paul Martin, and Richard Reckenbeil (the "Tezos Investors Group").

1  plaintiffs have also proposed varying approaches to consolidating and/or coordinating the four
2  actions at issue.

3  For the reasons explained below, Arman Anvari is appointed as lead plaintiff. LTL Attorneys LLP and Hung G. Ta, Esq. PLLC will serve as lead counsel. The *GGCC*, *Okusko*, and *MacDonald* actions are consolidated and the *Baker* action shall be coordinated for case management purposes. Whether *Baker* should be consolidated can be revisited, if necessary, after the Supreme Court issues its decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund, et al.*, No. 15-1439, and a determination can be made as to whether remand is appropriate.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact." Whether or not to consolidate is at the discretion of the district court. *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). The Private Securities Litigation Reform Act ("PSLRA") requires that when "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions" the court shall not make a determination of lead plaintiff until after a decision on the motion to consolidate is rendered. 15 U.S.C. § 78u–4(a)(3)(B)(ii).

The PSLRA requires the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. §78u-4(a)(3)(B)(i); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009). The Act creates a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" that (i) either filed the complaint or made a motion in response to the published notice; (ii) in the determination of the court, has the largest financial interest in the relief sought; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–4(a)(3)(B)(iii).

## III. DISCUSSION

### A. Consolidation

The movants take varying positions on consolidation. All parties agree that *Okusko* and *GGCC* should be consolidated. They disagree, however, over what to do with *Baker* and *MacDonald*. This disagreement is based on the factors that distinguish these two cases from the other three: *MacDonald* brings only state law claims and *Baker*, which was removed from state court, has been stayed pending a Supreme Court decision that will be relevant to determining whether remand is appropriate. *See Baker*, Case No. 17-cv-6850, Dkt. 18.

Anvari and the Tezos Investors Group both assert *MacDonald* and *Baker* should be consolidated with the other two actions—a position supported by Defendants Tezos Stiftung, Dynamic Ledgers Solutions, Inc., Kathleen and Arthur Breitman, Draper Associates V Crypto LLC, and Timothy Draper. Trigon Trading and the Gaviria Group, by contrast, argue *MacDonald* should be coordinated but not consolidated—i.e., MacDonald and his counsel should coordinate with the other cases when possible regarding scheduling, briefing, and discovery, but the case should not be litigated with the others under a single operative complaint. Finally, Baker argues his case should not be consolidated. Doing so, he contends, would require lifting the stay recently issued in his case, despite not yet having received the Supreme Court guidance that was the reason for the stay, and would thus unjustly force Baker to proceed in federal court.

With regard to *MacDonald*, the arguments in favor of consolidation are far more persuasive than those against. As an initial matter, the fact that *MacDonald* advances state rather than federal claims does not preclude consolidation. *See, e.g., In re Reserve Fund Sec. & Deriv. Litig.*, 2009 WL 10467937, at *1-2 (S.D.N.Y. Aug. 26, 2009) (consolidating PSLRA and non-PSLRA cases involving "the same core set of operative facts"). As previously noted, the standard for consolidation under Rule 42 is whether the actions at issue involve common questions of "law or fact." In applying this standard, courts have found that "[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate." *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015).

ORDER RE: CONSOLIDATION, LEAD PLAINTIFF, & LEAD COUNSEL
CASE NO. 17-cv-06779-RS

3

Here, the claims in *MacDonald* arise from the same factual predicate as the other cases: the Tezos ICO. They rely on the same legal theory: that the ICO constituted an unregistered sale of securities. They seek the same relief: the return of the funds raised. Lastly, they are brought on behalf of a putative class of California contributors to the ICO that is entirely subsumed by the classes in the other three actions. Under these circumstances, the gains in efficiency, convenience, and cost reduction that flow from consolidation are apparent and outweigh any prejudice that might be caused.[3] *See Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989) ("To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation.")

Baker's arguments against consolidation are more compelling than MacDonald's. Like *MacDonald*, *Baker* arises from the same factual predicate, advances similar legal theories, and seeks similar relief. It is quite possible that at some point in the future these factors will make *Baker* ripe for consolidation. For now, however, Baker is correct that consolidating his action would run counter to the very reason for which the action was stayed. Having refrained from issuing a decision on Baker's remand motion until guidance is provided by the Supreme Court, it would not make sense to force Baker to proceed in federal court before that guidance is forthcoming. Moreover, given that *Baker* is stayed, there is little prejudice that can flow from failing to consolidate the case at this juncture. In light of the above, *GGCC*, *Okusko*, and *MacDonald* are consolidated. *Baker* shall be coordinated with the consolidated action—i.e., Baker and his counsel shall be kept informed of all case management and scheduling matters so later consolidation, should that prove appropriate, can be as streamlined as possible.[4]

---

[3] MacDonald presents no reasons why the state law claims would be prejudiced through consolidation beyond being subject to the temporary discovery stay imposed by the PSLRA. Such a limited stand down period ultimately is unlikely to have a negative impact on the plaintiffs.

[4] Bitcoin Suisse AG and Niklas Nikolajsen, two defendants in the *MacDonald* action, object to consolidation of *MacDonald* on the grounds that they believe they were improperly named in the *MacDonald* action and are not subject to personal jurisdiction. *See MacDonald*, 17-cv-7095, Dkt. No. 88. Consolidation of *MacDonald* does not require that Bitcoin Suisse AG or Nikolajsen waive either of these arguments. They may raise their jurisdictional objections in the consolidated action if they so choose. Accordingly, their objection to consolidation is overruled.

**B. Lead Plaintiff**

The Ninth Circuit has articulated a three-part test for determining which applicant meets the criteria for lead plaintiff under the PSLRA. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). First, the court must determine whether the first plaintiff to file an action issued a notice publicizing the pendency of the action. *Id.* at 729 (citing 15 U.S.C. §78u-4(a)(3)(A)). Second, the court must decide which plaintiff has the most to gain financially from the lawsuit, and whether this plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* at 730. Rule 23 provides that a party may serve as a class representative if the claims or defenses of the representative parties are typical of claims or defenses of the class and the representative parties fairly and adequately protect the interests of the class. Fed. R. Civ. Proc. 23(a). Finally, the court must consider competing plaintiffs' attempts to rebut the presumptive plaintiff's showing that it satisfies Rule 23. *Cavanaugh*, 306 F.3d at 730.

As long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he or she is entitled to lead plaintiff status. *Id.* at 732. The district court may not overcome this statutory presumption, even if it thinks a different plaintiff would do a better job. *Id.* Nor may the district court consider the relative merits of the plaintiffs seeking lead status. *Id.* Rather, the process is sequential, starting with the potential plaintiff with the greatest financial interest. *Id.*

*1. Notice Requirement and Filings*

Here, as required by statute, the plaintiff in *GGCC* published a notice on November 26, 2017, via *PRNewswire*, which announced the litigation and correctly stated that motions for lead plaintiff had to be filed within 60 days (i.e., by January 25, 2018). *See* Dkt. No. 12; 15 U.S.C. §78u-4(a)(3)(A)(I). Four plaintiffs filed motions clearly falling within the statutory deadline:

1. Trigon Trading asserts a financial interest of 18.9999 Bitcoin ("BTC") and seeks approval of Block & Leviton as lead counsel (Dkt. No. 55);

2. David Lang, Ryan Coffey, and Alejandro Gaviria (the "Gaviria Group") assert a financial interest of 9.6163174 BTC and 53.0799 Ethereum ("ETH") and seek approval of the Robbins Geller and Silver Miller firms as lead counsel (Dkt. No. 38);

ORDER RE: CONSOLIDATION, LEAD PLAINTIFF, & LEAD COUNSEL
CASE NO. 17-cv-06779-RS

5

3. Nicolas Andreasson, Paul Martin, and Richard Reckenbeil (the "Tezos Investors Group") assert a financial interest of 4 BTC and 64.97925707 ETH and seek approval of Levi & Korsinsky as lead counsel (Dkt. 49); and

4. GGCC, LLC, Pumaro, LLC, and Nick Anthony (the "GGCC Group") assert a financial interest of 1.90406 BTC and 11 ETH and seek approval of the Restis and Lite DePalma firms as lead counsel (Dkt. No. 53).[5]

A fifth plaintiff, Arman Anvari, also filed a motion on January 25, 2018. Unlike the other plaintiffs, however, Anvari filed his motion in the related *MacDonald* action rather than this action (*GGCC*). One day later, on January 26, 2018, he refiled an identical version of his motion in *GGCC*, asserting a financial interest of 250 ETH and seeking approval of LTL Attorneys LLP and Hung G. Ta, Esq. PLLC ("HGT Law") as lead counsel.

The timing of Anvari's motion is critical because he undisputedly asserts the largest financial interest (see section below). Thus, if his motion is timely, and he satisfies the Rule 23 requirements, he is the presumptive lead plaintiff. *Cavanaugh*, 306 F.3d at 730.

Not surprisingly, the other movants argue Anvari's motion came too late and therefore should not be considered. They point to various cases in which courts have rigidly enforced the 60-day filing deadline and have emphasized the importance of the strict time requirements imposed by the PSLRA. *See, e.g., Zhu v. UCBH Holdings, Inc.*, 682 F.Supp. 2d 1049, 1053 (N.D. Cal. 2010) ("The plain language of the statutes precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed.") (citations omitted). They even identify one case, *Skwortz v. Crayfish Co.*, 2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001), in which the court rejected a lead plaintiff application that was filed one day late. *Id.* at *5.

None of the cases, however, are satisfactorily analogous to the situation presented here.[6]

---

[5] The GGCC Group has subsequently withdrawn its application for lead and given its support to the application of Arman Anvari.

[6] Some of the cases cited also acknowledge that while courts generally enforce the sixty-day deadline, "rare circumstances" may justify consideration of an untimely motion. *See, e.g., In re MicroStrategy Inc. Sec. Litig.*, 110 F.Supp. 2d 427, 433 (E.D. Va. 2000). *See also Reitan v. China Mobile Games & Entm't Grp, Ltd.*, 68 F. Supp. 3d 390, 397 (S.D. N.Y. 2014) (collecting cases and noting common reasons why certain courts "have not adhered strictly to the PSLRA's timing

While Anvari's motion in *GGCC* is one day late, he did file an identical motion in the related *MacDonald* action by the January 25, 2018 deadline. Moreover, Anvari claims he filed his motion in *MacDonald* in response to a notice issued by MacDonald's counsel, Hagens Berman. That notice announced a securities class action had been brought on behalf of investors in the Tezos ICO alleging "unregistered offering and sale of securities in violation of Sections 5, 12(a)(1) and 15 of the Securities Act of 1933." It stated the Lead Plaintiff deadline was January 25, 2018. The notice also included a link to a webpage with information regarding *MacDonald*—including the *MacDonald* case number (3:17-cv-07095-JSC) and a second reference to the January 25 "Lead Plaintiff Deadline"—but with no mention of *GGCC* or any of the other related cases.

Under the circumstances, Anvari's filing in *MacDonald* appears best understood as a mistake made in good faith rather than as an act of legal gamesmanship of the sort the PSLRA was designed to prevent. *See Reitan*, 68 F. Supp. 3d at 399 ("The goal of the PSLRA was not to select individuals for lead plaintiff who make no mistakes—rather it was to promote a client-driven rather than lawyer-driven process . . . ."). Ideally, Anvari's lawyers would have avoided this mistake. There is no indication, however, that the less than twenty-four hours that elapsed between their filing in *MacDonald* and their subsequent filing of the same motion in *GGCC* caused any prejudice to the other movants—at oral argument, the other movants acknowledged as much. There is similarly little reason to believe that considering Anvari's motion would foil the overall goals of the PSLRA's time provisions "to ensure that the lead plaintiff is appointed at the earliest possible time and to expedite the lead plaintiff process." *See Zhu*, 682 F.Supp. 2d at 1053. Rather, refusing to consider Anvari's motion would be an unnecessarily stringent application of the statutory deadlines that would undercut the PSLRA's preference for appointing the plaintiff with the greatest financial stake in the outcome. *Cavanaugh*, 306 F.3d at 729-30.

---

requirements in every instance," including where "granting the motion would not undermine any of the policies that underlie the PSLRA").

*2. Financial Interest of Potential Plaintiffs*

The Ninth Circuit has not provided clear guidance on which metrics district courts should employ in identifying the lead plaintiff which has the largest financial interest, noting only that "the court may select accounting methods that are both rational and consistently applied." *See Mulligan v. Impax Labs Inc.*, 2013 WL 3354420, at *4 (N.D. Cal. July 2, 2013) (quoting *Cavanaugh,* 306 F.3d at 730). Here, given the volatility of cryptocurrency assets, the most rational and consistent way to estimate the financial interest of the potential plaintiffs is by assessing the value of their contributions at the time the Tezos ICO concluded. Using this benchmark, the financial interest of each of the movants is as listed below:

| MOVANT | ETH/BTC CONTRIBUTED | APPROXIMATE USD VALUE AT CLOSE OF ICO[7] |
|---|---|---|
| **Arman Anvari** | 250 ETH | $49,467.50 |
| **Trigon Trading** | 18.9999 BTC | $44,235.76 |
| **Gaviria Group** | 9.62 BTC; 53.1 ETH | $32,904.28 |
| **Tezos Investors Group** | 4 BTC; 65 ETH | $22,174.39 |
| **GGCC Group** | 1.9 BTC; 11 ETHC | $6,600.17 |

As evidenced by this chart, Anvari has the largest financial interest in the litigation, a fact that no movant has disputed.

*3. Rule 23(a) Requirements - Typicality and Adequacy*

Because Anvari has the largest financial interest, the next step is to determine whether he meets the "typicality" and "adequacy" requirements of Rule 23(a). *Cavanaugh*, 306 F.3d at 730. In making this determination, two questions are considered: "(1) do[es] the named plaintiff[] and [his] counsel have any conflicts of interest with the other class members and (2) will the named plaintiff[] and [his] counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

---

[7] The USD value of BTC and ETH are based on the closing prices for each currency for July 14, 2017 (the final day of the Tezos ICO) as found on http://www.coindesk.com. For BTC, that price is $2328.21. For ETH, it is $197.87.

Here, there is no serious dispute as to Anvari's typicality. As an individual who contributed to the Tezos ICO, his claims are representative of the putative class.[8] The other movants do challenge Anvari's adequacy, however, on the grounds that: 1) he filed an improper certification; 2) he previously worked at a law firm, Perkins Coie LLP, which has counselled other cryptocurrency startups; and 3) he has selected counsel that is not sufficiently qualified.

The first two of these arguments are especially unpersuasive. With regard to certification, Civil Local Rule 3-7(c) explicitly states that "[a]ny party seeking to serve as lead plaintiff, but who does not file a complaint, ***need not file*** the certification required in Civil L.R. 3-7(b)." (emphasis added). Accordingly, Anvari was not required to file the certification in question and any deficiencies in that certification that have not already been corrected by his subsequent filings are not a "determinative factor" in selecting the lead plaintiff. *Pirelli Armstrong Tire Corp. Retiree med. Benefits Trust v. Labranche & Co., Inc.*, 229 F.R.D. 395, 407 (S.D.N.Y. 2004). With regard to his past employment, Anvari has stated that he never worked on cryptocurrency assignments while at Perkins Coie. Even if he had, it is unclear why he would have any continuing allegiance to the interests or views of his former employer in a way that would put him in conflict with other class members.

The third argument merits slightly more consideration. The other movants contend that Anvari has selected counsel that is not equal to the task of litigating this securities class action. First, they argue the resumes for both LTL Attorneys and HGT Law reveal a lack of experience in litigation of this sort. Second, they assert Anvari's counsel has already made mistakes demonstrating their inadequacy including: filing Anvari's motion late (and/or in the wrong case), filing an allegedly deficient certification, and inaccurately referencing the wrong securities laws.

It is true that LTL and HGT appear to have somewhat less experience in litigating complex

---

[8] At least one movant has suggested that issues may arise from having a lead plaintiff (or plaintiff group) that contributed either BTC or ETH to the Tezos ICO but not both. At oral argument, however, counsel could not identify how the currency used to make the contribution made any discernible difference to the issues to be litigated.

securities class actions than do some of the law firms selected by other movants. They are not, however, as inexperienced as the other movants suggest, nor is the Court tasked with assessing the adequacy of a putative lead plaintiff's choice of counsel with the rigor that the other movants seek. As the Ninth Circuit explained in *Cavanaugh*,

> The presumptive lead plaintiff's choice of counsel and fee arrangements may be relevant in ensuring that the plaintiff is not receiving preferential treatment through some back-door financial arrangement with counsel, or proposing to employ a lawyer with a conflict of interest. But this is not a beauty contest; the district court has no authority to select for the class what it considers to be the best possible lawyer or the lawyer offering the best possible fee schedule. Indeed, the district court does not select class counsel at all. Rather, such information is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff.

306 F.3d at 732–33.

As evidenced by its submitted materials, LTL is a litigation firm with three offices and over 30 attorneys. Its lawyers have substantial experience litigating complex class actions in state and federal court and appear to have obtained favorable results for class members in multiple cases. HGT's filings, as well as Mr. Ta's presentation at oral argument, similarly make clear that its attorneys, though less numerous, have reputable credentials and significant litigation experience. Accordingly, Anvari's selection of LTL and HGT as lead counsel comes nowhere near to being "so irrational" as to "cast genuine doubt" on Anvari's adequacy.

Given that Anvari has the most significant financial interest in this action and also satisfies the typicality and adequacy requirements of Rule 23, he is the presumptive lead plaintiff. The other movants have failed to offer evidence sufficient to overcome that presumption. Therefore, Anvari shall be appointed lead plaintiff in this action.

*4. Selection of Lead Counsel*

Once a lead plaintiff is chosen, that plaintiff may select its counsel, subject to approval of the court. 15 U.S.C. §78u-4(a)(3)(B)(iv). As discussed above, Anvari's choice of counsel is acceptable. LTL Attorneys LLP and HGT Law are therefore appointed as co-lead counsel.

ORDER RE: CONSOLIDATION, LEAD PLAINTIFF, & LEAD COUNSEL
CASE NO. 17-cv-06779-RS
10

## V. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Actions 17-cv-6829 (*Okusko*), 17-cv-7095 (*MacDonald*), and 17-cv-6779 (*GGCC*) are hereby consolidated pursuant to Federal Rule of Civil Procedure 42(a) for pretrial purposes. The consolidated action shall be captioned: "*In re Tezos Securities Litigation*," and shall be maintained in one file under Master File No. 17-cv-06779-RS.

2. All related actions subsequently filed in, or transferred to, this District shall be consolidated with this action for pretrial purposes. The parties shall notify the Court of any other action pending or filed outside of this District which may be related to the subject matter of the consolidated action when they become aware of such actions.

3. Every pleading filing in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE TEZOS SECURITIES LITIGATION | Master File No. 17-cv-06779-RS |
|---|---|
| This document relates to: | CLASS ACTION |

4. When a pleading is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This document relates to:" in the caption above. When a pleading applies only to some of the actions, the document shall list, immediately after the phrase "This document relates to:" the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5. Arman Anvari is appointed as lead plaintiff. LTL Attorneys LLP and Hung G. Ta, Esq. PLLC will serve as lead counsel.

6. Within ten (10) days of the entry of this Order, the parties shall meet and confer and file with the Court a stipulation and proposed order setting forth a proposed schedule

for the filing of a consolidated complaint and a briefing schedule for defendants' anticipated motions in response to the consolidated complaint.

7. Anvari and his selected counsel shall coordinate with Baker and his counsel regarding case management matters so that later consolidation of the *Baker* action, Case No. 17-cv-6850, if necessary, can be completed as efficiently as possible.

**IT IS SO ORDERED**.

Dated: 3/16/18

RICHARD SEEBORG
United States District Judge