1  Neal A. Potischman (SBN 254862)
   Serge A. Voronov (SBN 298655)
2  DAVIS POLK & WARDWELL LLP
   1600 El Camino Real
3  Menlo Park, California  94025
   Telephone: (650) 752-2000
4  Facsimile:  (650) 752-2111
   Email: neal.potischman@davispolk.com
5          serge.voronov@davispolk.com

6  Edmund Polubinski III (*pro hac vice*)
   Andrew S. Gehring (*pro hac vice*)
7  DAVIS POLK & WARDWELL LLP
   450 Lexington Avenue
8  New York, New York  10017
   Telephone:  (212) 450-4000
9  Facsimile:   (212) 701-5800
   Email: edmund.polubinski@davispolk.com
10         andrew.gehring@davispolk.com

11 *Attorneys for Defendant Tezos Stiftung*

12                UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15 |                                      | Master File No. 17-cv-06779-RS |
   |--------------------------------------|--------------------------------|
16 |                                      | CLASS ACTION                   |
17 | IN RE TEZOS SECURITIES LITIGATION    | **NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TEZOS STIFTUNG'S MOTION TO DISMISS THE CONSOLIDATED COMPLAINT** |
18 | This document relates to: All Actions |                               |
19 |                                      |                                |
20 |                                      | Date:  July 19, 2018           |
21 |                                      | Time:  1:30 p.m.               |
   |                                      | Dept.:  Courtroom 3, 17th Floor |
22 |                                      | Judge: Hon. Richard Seeborg    |

23

24

25

26

27

28

**NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Tezos Stiftung (the "Foundation") hereby requests that the Court take judicial notice of each of the documents attached as Exhibits B and E through H to the Declaration of Andrew S. Gehring in Support of the Foundation's Motion to Dismiss the Consolidated Complaint.

This request is based on this Notice, the supporting Memorandum of Points and Authorities, the Declaration of Andrew S. Gehring and annexed exhibits, all pleadings, other materials in the record, argument of counsel, and such other matters as the Court may consider.

**STATEMENT OF THE ISSUE**

1.  Whether the Court may take judicial notice of websites and documents available on the internet.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Evidence 201, the Foundation respectfully requests that the Court take judicial notice of each of the documents attached as Exhibits E through H to the Declaration of Andrew S. Gehring ("Gehring Decl.") in support of the Foundation's Motion to Dismiss the Consolidated Complaint (the "Motion"). These Exhibits are websites and documents that are publicly available on the internet, and judicial notice is therefore appropriate. In addition, although Exhibit B has been incorporated into the complaint by reference, it is both publicly available and legally operative and accordingly may be judicially noticed.

On a motion to dismiss, a court may consider items of which it can take judicial notice without converting the motion into one for summary judgment. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (Rule 12(b)(6)); *Huthbart v. News Corp.*, No. CV-13-04253-MWF, 2014 WL 12577175, at *2 (C.D. Cal. May 21, 2014) (forum non conveniens). Federal Rule of Evidence 201(b) permits the Court to take judicial notice of any fact that is not subject to reasonable dispute because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is well established that courts may take judicial notice of websites and other materials available on the internet under this rule for purposes of "indicating what was in the

1

1   public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954,

2   960 (9th Cir.2010); *see, e.g.*, *McCrary v. Elations Co., LLC*, No. 13–00242–JGB, 2014 WL

3   1779243, at *1 n.3 (C.D. Cal. Jan. 13, 2014) (taking judicial notice of two internet articles, a

4   Wikipedia entry, and four journal articles); *Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d

5   755, 762 (C.D. Cal. 2015) (taking judicial notice of an internet article on bloomberg.com); *Brodsky*

6   *v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of conference

7   call transcripts, press releases, and news articles).

8           Exhibits E through H are subject to judicial notice because they satisfy the requirements of

9   Federal Rule of Evidence 201(b).  The above Exhibits are all webpages and documents available on

10  the internet, and therefore constitute "information [] in the public realm." *McCrary*, 2014 WL

11  1779243, at *1 n.3.  The Foundation seeks to introduce these Exhibits solely for the fact that they

12  were in existence and publicly available, and not for the truth of the matters asserted therein.

13  Specifically, Exhibits E, F, G, and H demonstrate that the Tezos Contribution and XTZ Allocation

14  Terms and Explanatory Notes (the "Contribution Terms") were mentioned on tezos.ch, Twitter, and

15  public internet forums.

16          In addition, although the Contribution Terms (Exhibit B to the Gehring Declaration) were

17  incorporated by reference in the Complaint and therefore may be considered for all purposes on the

18  Motion, *see* Mot. at n.2, in the alternative, the Foundation requests that the Court take judicial

19  notice of the Contribution Terms.  They were publicly available on tezos.ch and, as a legally

20  operative document, may be considered for the rights and obligations they convey.  *See Koenig v.*

21  *Bank of Am., N.A.*, No. 13-cv-0693 AWI BAM, 2016 WL 8731110, at *2 (E.D. Cal. Mar. 18, 2016)

22  (citing *Permito v. Wells Fargo Bank*, No. C-12-00545 YGR, 2012 WL 1380322, at *2 (N.D. Cal.

23  Apr. 20, 2012)).  Accordingly, the Contribution Terms are subject to judicial notice both as

24  information in the public realm and as a legally operative document.

25

26

27

28

Dated:   May 15, 2018

Respectfully submitted,

DAVIS POLK & WARDWELL LLP


By:   */s/ Neal A. Potischman*
      Neal A. Potischman (SBN 254862)
      Serge A. Voronov (SBN 298655)
      DAVIS POLK & WARDWELL LLP
      1600 El Camino Real
      Menlo Park, California  94025
      Telephone: (650) 752-2000
      Facsimile:  (650) 752-2111
      Email:  neal.potischman@davispolk.com
            serge.voronov@davispolk.com

      Edmund Polubinski III (*pro hac vice*)
      Andrew S. Gehring (*pro hac vice*)
      DAVIS POLK & WARDWELL LLP
      450 Lexington Avenue
      New York, New York  10017
      Telephone: (212) 450-4000
      Facsimile:  (212) 701-5800
      Email:  edmund.polubinski@davispolk.com
            andrew.gehring@davispolk.com

      *Attorneys for Defendant Tezos Stiftung*

3