| | |
|---|---|
| 1 | BAKER MARQUART LLP |
| | BRIAN E. KLEIN (258486) (bklein@bakermarquart.com) |
| 2 | SCOTT M. MALZAHN (229204) (smalzahn@bakermarquart.com) |
| | DONALD R. PEPPERMAN (109809) (dpepperman@bakermarquart.com) |
| 3 | 2029 Century Park East, Suite 1600 |
| | Los Angeles, CA 90067 |
| 4 | Telephone:   (424) 652-7814 |
| | Facsimile:    (424) 652-7850 |
| 5 | |
| | Counsel for Defendants |
| 6 | DYNAMIC LEDGER SOLUTIONS, INC., |
| | KATHLEEN BREITMAN and ARTHUR BREITMAN |
| 7 | |
| 8 | COOLEY LLP |
| | PATRICK E. GIBBS (183174) (pgibbs@cooley.com) |
| 9 | JEFFREY M. KABAN (235743) (jkaban@cooley.com) |
| | SAMANTHA A. KIRBY (307917) (skirby@cooley.com) |
| 10 | 3175 Hanover Street |
| | Palo Alto, CA  94304-1130 |
| 11 | Telephone:   (650) 843-5355 |
| | Facsimile:    (650) 618-0387 |
| 12 | |
| | Counsel for Defendant |
| 13 | DYNAMIC LEDGER SOLUTIONS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Master File No. 17-cv-06779-RS |
| | <u>CLASS ACTION</u> |
| This document relates to: | **[PROPOSED] ORDER GRANTING DLS DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED COMPLAINT** |
| ALL ACTIONS | Date:         July 19, 2018 |
| | Time:         1:30 p.m. |
| | Judge:        Hon. Richard Seeborg |
| | Courtroom:  3, 17th Fl. |
| | Trial Date:   Not yet set |

The Motion to Dismiss Lead Plaintiff's Consolidated Complaint ("Motion to Dismiss") filed by Defendant Dynamic Ledger Solutions, Inc. ("DLS"), and Defendants Kathleen Breitman and Arthur Breitman (together with DLS, "DLS Defendants") and DLS Defendants' Request for Consideration of Documents Incorporated into the Complaint and for Judicial Notice in Support Thereof ("RJN") was heard in this Court on July 19, 2018.  Having considered the Motion to Dismiss and RJN, the accompanying Memorandum of Points and Authorities, the papers submitted in support thereof, the papers submitted in opposition thereto, the oral arguments of counsel, and other pleadings and papers filed herein, the Court orders as follows:

**1.** Consideration of the documents attached as Exhibits 1 through 3 to the Declaration of Samantha A. Kirby in Support of the DLS Defendants' Motion to Dismiss is appropriate under the incorporation by reference doctrine and/or Federal Rule of Evidence 201(b).

**2.** The Complaint must be dismissed pursuant to the *forum non conveniens* doctrine because there is a valid, mandatory forum selection clause requiring that this dispute be litigated in Switzerland, which is enforceable against Lead Plaintiff and the purported class plaintiffs.  *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998); *Medoil Corp. v. Citicorp*, 729 F. Supp. 1456, 1460 (S.D.N.Y. 1990); *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1355-56 (9th Cir. 1990).  Further, Switzerland is an adequate alternative forum, and the balance of private and public factors favor a Swiss forum.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981); *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 767 (9th Cir. 1991).

**3.** The Complaint fails to allege that the DLS Defendants were "direct sellers" of Tezos Tokens or that they "actively solicited" the "sale" of Tezos Tokens to Plaintiff for purposes of Section 12 of the Securities Act.  *See* 15 U.S.C. § 77l(a)(1); *Pinter v. Dahl*, 486 U.S. 622 (1988).

**4.** The Complaint fails to adequately plead that Kathleen and Arthur Breitman are liable as control persons under Section 15(a) of the Securities Act (15 U.S.C. § 77o(a)).  Plaintiff fails to allege a primary violation on the part of DLS, and therefore Kathleen and Arthur Breitman cannot be liable as control persons.  Further, Plaintiff fails to establish that Kathleen and Arthur Breitman had "the power to dictate [the Tezos Foundation's] conduct or operations" or that they actually controlled the conduct constituting the alleged securities violation.  *See In re McKesson HBOC, Inc. Sec. Litig.*,

Cooley LLP
Attorneys At Law
San Francisco

1

[PROPOSED] ORDER GRANTING
DLS DEFENDANTS' MOTION TO DISMISS
CASE NO. 17-CV-06779-RS

126 F. Supp. 2d 1248 (N.D. Cal. 2000); *In re American Apparel, Inc. S'holder Litig.*, 2013 WL 10914316, at *33 (C.D. Cal. Aug. 8, 2013).

Accordingly, the Complaint fails to state a claim under Sections 12 or 15 of the Securities Act or any other claim upon which relief may be granted.

**5.** Further, the Complaint is dismissed without leave to amend. Amendment would be futile, as Plaintiff's claims would not be saved by any amendment. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Kentmaster Mfg. Co. v. Jarvis Prod. Corp.*, 146 F.3d 691, 696 (9th Cir. 1998).

**WHEREFORE, IT IS HEREBY ORDERED** that DLS Defendants' Motion to Dismiss the Complaint is **GRANTED**. The Complaint is **DISMISSED** with prejudice. **IT IS FURTHER ORDERED** that DLS Defendants' Request for Consideration of Documents Incorporated into the Complaint and for Judicial Notice in Support Thereof is **GRANTED**.

**IT IS SO ORDERED.**

Dated: _____, 2018

_____
Hon. Richard Seeborg
United States District Court Judge

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] ORDER GRANTING
DLS DEFENDANTS' MOTION TO DISMISS
CASE NO. 17-CV-06779-RS