BAKER MARQUART LLP
BRIAN E. KLEIN (258486) (bklein@bakermarquart.com)
SCOTT M. MALZAHN (229204) (smalzahn@bakermarquart.com)
DONALD R. PEPPERMAN (109809) (dpepperman@bakermarquart.com)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone:  (424) 652-7814
Facsimile:  (424) 652-7850

Counsel for Defendants
DYNAMIC LEDGER SOLUTIONS, INC.,
KATHLEEN BREITMAN and ARTHUR BREITMAN

COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
JEFFREY M. KABAN (235743) (jkaban@cooley.com)
SAMANTHA A. KIRBY (307917) (skirby@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5355
Facsimile:  (650) 618-0387

Counsel for Defendant
DYNAMIC LEDGER SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Master File No. 17-cv-06779-RS |
| | CLASS ACTION |
| This document relates to: | DLS DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT AND FOR JUDICIAL NOTICE IN SUPPORT OF DLS DEFENDANTS' MOTION TO DISMISS THE COMPLAINT |
| ALL ACTIONS | |
| | Date: July 19, 2018 |
| | Time: 1:30 p.m. |
| | Judge: Hon. Richard Seeborg |
| | Courtroom: 3, 17th Fl. |
| | Trial Date: Not yet set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE THAT** Defendant Dynamic Ledger Solutions, Inc. ("DLS") and

3 Defendants Kathleen and Arthur Breitman (together with DLS, "DLS Defendants") hereby request

4 that the Court consider under the incorporation by reference doctrine and/or take judicial notice of the

5 documents identified below in support of DLS Defendants' concurrently filed Motion To Dismiss

6 Lead Plaintiff's Consolidated Class Action Complaint ("Motion to Dismiss").   All exhibits are

7 attached to the Declaration of Samantha A. Kirby in Support of DLS Defendants' Motion to Dismiss

8 ("Kirby Declaration" or "Kirby Decl.").

9 **I.     INTRODUCTION**

10      The Court should consider Exhibits 1 through 3 attached to the Kirby Declaration, listed in

11 detail in **Attachment A** hereto, when ruling on DLS Defendants' Motion to Dismiss.  All of these

12 documents may be considered under either the incorporation by reference doctrine or pursuant to

13 Federal Rule of Evidence ("FRE") 201.  *First*, Exhibits 1 through 3 were frequently quoted and relied

14 upon in the Consolidated Class Action Complaint ("Complaint" or "Compl."), and were therefore

15 incorporated by reference.  *Second*, Exhibits 1 through 3 are judicially noticeable pursuant to FRE 201

16 as they are publicly available, and not reasonably subject to dispute.  As such, the Court can and should

17 consider these documents in deciding the Motion to Dismiss.

18 **II.    LEGAL STANDARD**

19      "[C]ourts *must* consider the complaint in its entirety, as well as other sources courts ordinarily

20 examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into

21 the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v.*

22 *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *accord, e.g.*, *Skilstaf, Inc.*

23 *v. CVS Caremark Corp.*, No. 09-2514, 2010 WL 199717, at *2 (N.D. Cal. Jan. 13, 2010) (same).

24      In ruling on a motion to dismiss, a court may consider documents not physically attached to

25 the pleading if they are incorporated by reference.  *Solis v. Webb*, 931 F. Supp. 2d 936, 943 (N.D. Cal.

26 2012) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds)).  A

27 document is "incorporated by reference into a complaint if the plaintiff refers extensively to the

28 document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d

903, 908 (9th Cir. 2003). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("We therefore hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). This rule serves to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.* To avoid this result, a defendant may offer a document incorporated by reference, "and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. As such, the Court should consider the documents Plaintiff cites in their entirety when ruling on DLS Defendants' Motion to Dismiss.

A court may also consider any matter that is subject to judicial notice when ruling on a motion to dismiss. *Tellabs*, 551 U.S. at 322; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). On a party's request, the court must take judicial notice of facts "not subject to reasonable dispute" that are either (1) "generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b), (c)(2).

## III. ARGUMENT

### A. The Court May Consider the Documents Incorporated by Reference into the Consolidated Class Action Complaint (Exhibits 1-4).

Exhibits 1 through 3 may be considered because they were incorporated by reference in the Complaint. The Complaint quotes from and/or refers extensively to these documents, including:

- Tezos Overview – Exhibit 1: Plaintiff repeatedly refers to the Tezos Overview and bases many of his claims on information from this document. *See* Compl. at ¶¶ 17, 47, 48, 87, 97, 100, 103, 118, and 119; Kirby Decl. ¶ 2, Ex. 1.

- Tezos Contribution Terms – Exhibit 2:  The Complaint makes a number of incomplete references to and observations about the Contribution Terms.  *See* Compl. at ¶¶ 125-126; Kirby Decl. at ¶ 3, Ex. 2.

- "Transparency Memo" – Exhibit 3:    Plaintiff quotes from and references the Transparency Memo throughout the Complaint to explain the roles of the parties and establish other facts upon which he has based his claims.  *See* Compl. at ¶¶ 46-47, 79; Kirby Decl. at ¶ 4, Ex. 3.

As such, the Court may consider these documents under the incorporation by reference doctrine.  *See Ritchie*, 342 F.3d at 908.  As discussed above, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" when deciding a Rule 12(b)(6) motion to dismiss.  *Patel v. Parnes*, 253 F.R.D. 531, 545 (C.D. Cal. 2008) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405, n.4 (9th Cir. 1996)).  Here, Plaintiff has selectively quoted or referenced all of the above-referenced documents.  The Court should take judicial notice of these complete documents so it may consider them in context rather than just the statements cherry-picked by Plaintiff.  Moreover, the authenticity of these documents cannot be questioned.  The documents are all publicly available on the Internet, and have been provided for the Court in the Kirby Declaration.  Therefore, the Court can and should consider the full text of those documents in ruling on DLS Defendants' Motion to Dismiss.

### B.    The Court May Consider Publicly Available Website Content

"[A]s a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party provides the court with a copy of the relevant web page.  *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Frances Kenny Family Trust v. World Savs. Bank FSB*, 2005 WL 106792, at *1 n.1 (N.D. Cal. Jan. 19, 2005) (stating that content on plaintiffs' website is judicially noticeable); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (judicially noticing information found on government agency's website).  Here, Exhibits 1 through 3 are all subject to judicial notice because they are publicly available on websites which have been

1  provided in the Kirby Declaration.[1]  *See* Kirby Decl. ¶¶ 2-4.  Therefore, the Court should take judicial

2  notice of Exhibits 1 through 3.

3  **IV.**  **CONCLUSION**

4        For the foregoing reasons, DLS Defendants respectfully request that the Court consider under

5  the incorporation by reference doctrine and/or take judicial notice of the documents attached to the

6  Kirby Declaration as Exhibits 1 through 3, inclusive.

7
8  Dated:  May 15, 2018

9                              **BAKER MARQUART LLP**

10

11

12                                 */s/ Brian E. Klein*
                              Brian E. Klein (258486)

13

14                          Attorney for Defendants DYNAMIC LEDGER
SOLUTIONS, INC., KATHLEEN

15                          BREITMAN, and ARTHUR BREITMAN

16                          **COOLEY LLP**

17

18                                 */s/ Patrick E. Gibbs*
                             Patrick E. Gibbs (183174)

19

20                          Attorneys for Defendant
DYNAMIC LEDGER SOLUTIONS, INC.,

21

22

23

24

25

---

[1] Although Exhibits 1 and 3 are no longer available on the Tezos website, "[c]ourts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" under FRE 201.  *Erickson v. Nebraska Machinery Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (finding that "[a]s a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for the taking of judicial notice").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, Patrick E. Gibbs hereby attests that concurrence in the filing of this document has been obtained from all the signatories above.

Dated:  May 15, 2018                                    **COOLEY LLP**


                                                                */s/ Patrick E. Gibbs*
                                                                Patrick E. Gibbs

## ATTACHMENT A:  DOCUMENTS SUBJECT TO THIS REQUEST

**Exhibit 1**     "Tezos Overview" presentation posted to the Tezos website.

**Exhibit 2**     The "Tezos Contribution Terms" posted to the Tezos website.

**Exhibit 3**     The "Transparency Memo" posted to the Tezos website.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO.  17-CV-06779-RS