Leo Presiado (SBN 166721)
BROWN RUDNICK LLP
2211 Michaelson Drive, 7th Floor
Irvine, CA 92612
Tel: (949) 752-7100
Fax: (949) 252-1514
E-mail: lpresiado@brownrudnick.com

-and-

Sigmund S. Wissner-Gross (*admitted pro hac vice*)
Jessica N. Meyers (*admitted pro hac vice*)
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
E-mail: swissner-gross@brownrudnick.com
         jmeyers@brownrudnick.com

*Attorneys for Defendant Bitcoin Suisse AG*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Master File No. 17-cv-06779-RS |
| This document relates to: | **NOTICE OF MOTION AND MOTION AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT BITCOIN SUISSE AG'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM** |
| ALL ACTIONS. | |
| | Hearing Date: July 19, 2018 |
| | Time: 1:30 p.m. |
| | Dept: Courtroom 3, 17th Floor |
| | Judge: Honorable Richard Seeborg |
| | Action Filed |
| | Trial Date:  TBD |

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES ............................................................................................. 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 2

**I.** INTRODUCTION ............................................................................................. 2

**II.** RELEVANT FACTUAL BACKGROUND ...................................................... 3

**III.** ARGUMENT .................................................................................................... 5

    A. This Court Cannot Exercise Personal Jurisdiction Over Bitcoin Suisse ................... 5

        1. The Law of Personal Jurisdiction ................................................... 5

        2. The Court Cannot Exercise Specific Jurisdiction Over Bitcoin Suisse Because Plaintiff Cannot Demonstrate Purposeful Contacts With California or the United States by Bitcoin Suisse ......................................... 8

            a. Plaintiff Has Failed to Establish Purposeful Availment by Bitcoin Suisse ...................................................................... 8

            b. Plaintiff Has Failed to Establish Purposeful Direction by Bitcoin Suisse ...................................................................... 8

        3. Plaintiff Also Fails to Satisfy the Two Remaining Requirements for Specific Personal Jurisdiction ...................................................... 11

            a. Plaintiff Has Failed to Allege That His Claim Against Bitcoin Suisse Arises From Bitcoin Suisse's Forum-Related Activities ...... 11

            b. The Exercise of Personal Jurisdiction Over Bitcoin Suisse Is Not Reasonable ...................................................................... 12

    B. Plaintiff Has Failed to State a Cause of Action Under Section 12(a)(1) of the Securities Act Against Bitcoin Suisse ..................................................... 14

        1. Standard for Failure to State a Claim .............................................. 14

        2. Bitcoin Suisse is not a Statutory Seller Under Section 12(a)(1) ................. 14

        3. Plaintiff Lacks Standing to Assert Section 12(a)(1) Claim Against Bitcoin Suisse ............................................................................. 17

**IV.** CONCLUSION ................................................................................................ 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,*
    480 U.S. 102 (1987)...............................................................................................................13

*Baker v. Dynamic Ledger Solutions, Inc., et al.,*
    Case No. 3:17-cv-06850 (N.D. Cal. Nov. 29, 2017).......................................................2

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
    223 F.3d 1082 (9th Cir. 2000)..........................................................................................9, 12

*Brand v. Menlove Dodge,*
    796 F.2d 1070 (9th Cir. 1986)...............................................................................................7

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985)................................................................................................................7

*Calder v. Jones,*
    465 U.S. 783 (1984)......................................................................................................8, 9, 10

*Core-Vent Corp. v. Nobel Industries AB,*
    11 F.3d 1482 (9th Cir. 1993) ..............................................................................................13

*Cybersell, Inc. v. Cybersell, Inc.,*
    130 F.3d 414 (9th Cir. 1997) ..............................................................................................10

*In re Daou Sys. Inc.,*
    411 F.3d 1006 (9th Cir. 2005) ......................................................................................15, 16

*DFSB Kollective Co. Ltd. v. Bourne,*
    897 F. Supp. 2d 871 (N.D. Cal. 2012) ..............................................................................10

*Doe v. Am. Nat'l Red Cross,*
    112 F.3d 1048 (9th Cir. 1997) ............................................................................................11

*In re Gilead Sciences Sec. Litig.,*
    536 F.3d 1049 (9th Cir. 2008) .......................................................................................6, 14

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,*
    284 F.3d 1114 (9th Cir. 2002) ..............................................................................................6

*International Shoe Co. v. State of Wash., Office of Unemployment*
    *Compensation and Placement,*
    326 U.S. 310 (1945)................................................................................................................6

ii

*Kirk v. Macs*,
   Case No. CV15-07931 JAK, 2016 WL 5340527 (C.D. Cal. Feb. 17, 2016) ................................6

*Le Kun Wu v. Swabplus, Inc.*,
   Case No. CV 08-07821-RGK, 2009 WL 10673199 (C.D. Cal. Apr. 3, 2009) ..........................15

*Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   64 F.R.D. 432 (S.D.N.Y. 1974) ...............................................................................................17

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*,
   No. 2:10-CV-0302 MRP, 2011 WL 4389689 (C.D. Cal. May 5, 2011) ..............................15, 16

*McNutt v. General Motors Acceptance Corp. of Indiana*,
   298 U.S. 178 (1939) ..................................................................................................................5

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ..............................................................................................15, 16

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Woodhead*,
   No. 86 Civ. 9100 (LLS), 1989 WL 53004 (S.D.N.Y. May 15, 1989) ........................................16

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
   52 F.3d 267 ........................................................................................................................7, 11

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ........................................................................................ *passim*

*Phillips v. Worldwide Internet Solutions*, No. C 05-5125 SBA,
   2006 WL 1709189 (N.D. Cal. June 20, 2006) ..........................................................................13

*Pinter v. Dahl*,
   486 U.S. 622 (1988) ...............................................................................................14, 15, 16, 17

*Rano v. Sipa Press, Inc.*,
   987 F.2d 580 (9th Cir. 1993) ....................................................................................................13

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) .......................................................................................... *passim*

*Shetty v. Lewis*,
   704 Fed. App'x 687 (9th Cir. 2017) ............................................................................................4

*In re Worlds of Wonder Sec. Litig.*,
   721 F. Supp. 1140 (N.D. Cal. 1989) ...................................................................................15, 17

*XOMA Corp. Securities Litig.*, No. C-91-2252 TEH, 1990 WL 357807, at *11 (N.D.
   Cal. Dec. 27, 1991) .................................................................................................................15

iii

**Federal Statutes**

15 U.S.C.

§ 77e ..........................................................................................................3, 14
§ 77l ........................................................................................................3, 4, 14

**California Statutes**

Securities Act of 1933

§ 5 ............................................................................................................2, 3, 4
§ 12(a)(1) ...................................................................................................... *passim*
§ 12(a)(2) .............................................................................................15, 16, 17

**Other Authorities**

Bitcoin Suisse's website (http://www.bitcoinsuisse.ch/tezos-4/) ........................................4, 9, 10, 13

Federal Rule of Civil Procedure 4(k)(2) ............................................................................6

Federal Rule of Civil Procedure 12(b)(2) ..........................................................................2

Federal Rule of Civil Procedure 12(b)(6) ......................................................................2, 14

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 19, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Richard Seeborg, located at Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Bitcoin Suisse AG will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6) for an order dismissing this action on the ground that the court lacks personal jurisdiction over this defendant and that Plaintiff has failed to state a claim against this defendant upon which relief can be granted.  Bitcoin Suisse AG neither consents nor submits to the jurisdiction of this Court and, instead, contests jurisdiction by way of this motion.

This motion is based on this Notice of Motion, the Memorandum and Points of Authorities, and the Declaration of Niklas Nikolajsen filed and served herewith and upon the papers, records, and pleadings on file herein.

DATED: May 15, 2018

**BROWN RUDNICK LLP**

By:*/s/ Leo J. Presiado*
          Leo J. Presiado (SBN 166721)
          BROWN RUDNICK LLP
          2211 Michelson Drive, 7th Floor
          Irvine, CA 92612
          Telephone: (949) 752-7100
          Facsimile: (949) 252-1514
          Email: lpresiado@brownrudnick.com

          -and-

          Sigmund S. Wissner-Gross (*admitted pro hac vice*)
          Jessica N. Meyers (*admitted pro hac vice*)
          BROWN RUDNICK LLP
          Seven Times Square
          New York, NY 10036
          Tel: (212) 209-4800
          Email: swissner-gross@brownrudnick.com
               jmeyers@brownrudnick.com

          *Attorneys for Bitcoin Suisse AG and Niklas Nikolajsen*

**STATEMENT OF ISSUES**

1. Whether the Plaintiff's claim against Bitcoin Suisse AG should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Bitcoin Suisse AG.

2. Whether Plaintiff's claim against Bitcoin Suisse AG should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiff fails to sufficiently state a claim against Bitcoin Suisse AG under Section 12(a)(1) of the Securities Act of 1933.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

Bitcoin Suisse AG submits this motion to the Consolidated Complaint [Dkt. No. 108] for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for failure to state a claim for violation of Sections 5 and 12(a)(1) of the Securities Act of 1933 pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.   INTRODUCTION**

At the end of 2017, four lawsuits were initiated before this Court in connection with Tezos' alleged coin offering.[2]   Bitcoin Suisse AG ("Bitcoin Suisse"), however, was only named as a defendant in one of the actions, the *MacDonald* Action, which asserted only claims under California securities laws.  On March 16, 2018, this Court issued an order consolidating three of the four Tezos litigations, including the *MacDonald* Action, appointing Arman Anvari as lead plaintiff ("Plaintiff"), and directing Plaintiff to file a consolidated complaint [Dkt. No. 101].[3]  Plaintiff filed his consolidated complaint (the "Complaint") on April 3, 2018, asserting only two causes of action

---

[1] As set forth below, Bitcoin Suisse joins in and adopts the argument of Defendant Tezos Stiftung that the Securities Act is not applicable to this action.

[2] *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-06779 (N.D. Cal. Nov. 26, 2017); *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, Case no. 3:17-cv-06829 (N.D. Cal. Nov. 28, 2017); *Baker v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-06850 (N.D. Cal. Nov. 29, 2017*); MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-07095 (N.D. Cal. Dec. 13, 2017) (the "*MacDonald* Action").

[3] After consolidation, the *MacDonald* Action was voluntarily dismissed.  *See* Notice of Voluntary Dismissal, *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-07095 (N.D. Cal. Apr. 20, 2018) [Dkt. No. 110].

under the federal securities laws, and no causes of action under California state law.  [Dkt. No. 108].  Bitcoin Suisse is only named as a defendant in Count I, a claim for alleged violation of Sections 5 and 12(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77e, 77l .[4]  Complaint ¶¶ 137-43.

Bitcoin Suisse submits that it is not properly named as a defendant in the Tezos litigation because of  its lack of contacts with both California and the United States sufficient to establish personal jurisdiction and because the alleged, limited currency conversion services it provided, solely in Switzerland, prior to the alleged Tezos ICO, and its alleged post-ICO conduct, cannot establish liability under Sections 5 and 12(a)(1) of the Securities Act.  Plaintiff's Complaint contains strikingly few specific allegations against Bitcoin Suisse, and those few allegations are woefully inadequate to establish personal jurisdiction or securities liability.  Plaintiff has, quite simply, failed to allege any basis for maintaining this action against Bitcoin Suisse in his Complaint.  Bitcoin Suisse should, accordingly, be dismissed from this action.

## II.   RELEVANT FACTUAL BACKGROUND

In Plaintiff's 150-paragraph Complaint, only six paragraphs even identify Bitcoin Suisse by name.  *See* Complaint ¶¶ 17, 24-26, 59, 138.  Plaintiff's limited and conclusory allegations with respect to Bitcoin Suisse boil down to the following: (1) "Bitcoin Suisse was involved in the promotion and/or offer and sale of tokens in the Tezos ICO;" (2) "Bitcoin Suisse  provided a currency conversion facility through which U.S. investors could  invest in the Tezos ICO;" and (3) after the purported ICO, Bitcoin Suisse "continued to provide crypto-financial services to the Tezos Foundation, including acting as a mandatory co-signatory on all crypto-asset transactions."[5]

---

[4] Because Section 12(a)(1) essentially sets forth a private cause of action for violations of Section 5, we herein refer to Plaintiff's cause of action for violation of Sections 5 and 12(a)(1) as a "Section 12(a)(1) claim."

[5] This allegation regarding Bitcoin Suisse's post-ICO role as a co-signatory does not appear to be a jurisdictional allegation or have any relevance to the Section 12(a)(1) claim against Bitcoin Suisse.  *See* Complaint ¶ 26.  Plaintiff sets forth this allegation separately from the jurisdictional allegations in paragraph 25 and does not allege that Bitcoin Suisse's post-ICO conduct in Switzerland as a co-signatory on crypto-asset transactions provides any legal basis to support a claim of long-arm jurisdiction.  *See* Complaint ¶ 26.  In any event, Section 12(a)(1) sets forth a potential cause of action against defendants who violated Section 5 by issuing unregistered

3

Complaint ¶¶ 25-26; *see also* Complaint ¶¶ 17, 59.   Notably, Plaintiff does not set forth any non-conclusory allegations regarding Bitcoin Suisse's purported involvement in the promotion and offer of Tezos tokens or allege that any U.S. investors did, in fact, utilize Bitcoin Suisse's currency conversion services to contribute to the alleged Tezos ICO.   Indeed, Bitcoin Suisse is conspicuously absent from any of Plaintiff's specific allegations regarding the conception, development, and implementation of the Tezos project, the drafting and release of the Tezos White Paper, and the promotion of the alleged Tezos ICO in the U.S. or elsewhere, underscoring Bitcoin Suisse's tangential role in the alleged ICO.  *See* Complaint ¶¶ 32-58.

Plaintiff's sole alleged basis for personal jurisdiction over Bitcoin Suisse is an allegation that "Bitcoin Suisse provided a currency conversion facility through which U.S. investors *could* invest in the Tezos ICO."  Complaint ¶ 25 (emphasis added).  In support of this allegation, Plaintiff cites to a "Framework Agreement," which was and is available on Bitcoin Suisse's website (http://www.bitcoinsuisse.ch/tezos-4/), which, according to Plaintiff, purportedly indicated that Bitcoin Suisse "accepted US dollars, and that it offered it services to U.S. clients."  *See* Complaint ¶ 25.  At best, this allegation suggests that U.S. investors might be able to utilize Bitcoin Suisse's currency conversion services to participate in the alleged Tezos ICO.  However, the very website Plaintiff cites as the source of the "Framework Agreement," explicitly states, in a section notably omitted by Plaintiff, that Bitcoin Suisse *would not take on U.S. clients* in connection with the alleged Tezos ICO.  *See* http://www.bitcoinsuisse.ch/tezos-4/ ("We regret to inform you all that . . . Bitcoin Suisse AG (BTCSAG) can no longer accept US clients, be it natural persons or legal entities, as clients for ICOs or wealth management.").[6]  This language appeared on Bitcoin Suisse's website over a month before the alleged Tezos ICO and Bitcoin Suisse did not, in fact, contribute any funds to the Tezos Foundation on behalf of any U.S. citizens.  *See* Decl. of Niklas Nikolajsen ("Decl.") ¶ 5.  Plaintiff's sole jurisdictional allegation with respect to Bitcoin Suisse is not only

---

securities.  *See* 15 U.S.C. § 77l.  Bitcoin Suisse's conduct *after* the alleged ICO, therefore, cannot possibly constitute a violation of Section 5 or Section 12(a)(1).

[6] On a motion to dismiss, a court may properly consider materials that are referenced within the complaint.  *See Shetty v. Lewis*, 704 Fed. App'x 687 (9th Cir. 2017).

1 insufficient to establish personal jurisdiction over Bitcoin Suisse, it is inaccurate, contradicted by

2 the very source of Plaintiff's allegations.

3      There is no other alleged basis for this Court to exercise personal jurisdiction over Bitcoin

4 Suisse.  As acknowledged by Plaintiff, Bitcoin Suisse is headquartered in Zug, Switzerland.

5 Complaint ¶ 24; Decl. ¶ 2.  Bitcoin Suisse is incorporate in Switzerland and operates under the laws

6 of Switzerland.  Decl. ¶ 2.  Bitcoin Suisse does not hold any assets in California or elsewhere in the

7 United States, does not have any offices or employees in California or elsewhere in the United

8 States, and does not pursue or solicit business from U.S. clients.  Decl.¶ 3.  All of Bitcoin Suisse's

9 conduct in connection with the alleged Tezos ICO occurred exclusively in Switzerland and was

10 limited to handling contributions for certain non-U.S. clients.  Decl. ¶¶ 5, 8.  In fact, in that limited

11 capacity, Bitcoin Suisse only facilitated approximately 5% of the total contributions, all from non-

12 U.S. citizens, to the alleged Tezos ICO.  Decl. ¶ 4.

13 **III.**    **ARGUMENT**

14      Plaintiff's cause of action against Bitcoin Suisse is subject to dismissal on multiple grounds.

15 As a threshold matter, Plaintiff's claim against Bitcoin Suisse should be dismissed for lack of

16 personal jurisdiction.  Furthermore, Bitcoin Suisse should also be dismissed because Plaintiff fails

17 to state a claim and lacks the standing to assert a claim under Section 12(a)(1) against Bitcoin

18 Suisse.

19     **A.**    **This Court Cannot Exercise Personal Jurisdiction Over Bitcoin Suisse**

20        **1.**    **The Law of Personal Jurisdiction**

21     It is well established that, when a defendant moves to dismiss a complaint for lack of

22 personal jurisdiction, the plaintiff bears the burden of demonstrating the factual foundation for

23 personal jurisdiction over the defendant.  *See McNutt v. General Motors Acceptance Corp. of*

24 *Indiana*, 298 U.S. 178, 189 (1939); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800

25 (9th Cir. 2004).  The Supreme Court instructs that a plaintiff seeking to subject a foreign defendant

26 to a forum of the plaintiff's choice must plead facts sufficient to establish that the defendant has

27 "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional

28

notions of fair play and substantial justice.'"  *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945).  A court need not accept as true allegations that are merely conclusory or contradicted by evidence properly subject to judicial notice.  *See Kirk v. Macs*, Case No. CV15-07931 JAK, 2016 WL 5340527, at *6 (C.D. Cal. Feb. 17, 2016) (citing *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).

Personal jurisdiction is typically governed by the state in which the district court sits, in this case California.  *See Schwarzenegger*, 374 F.3d at 800.  The Plaintiff, here, however appears to allege that this Court has personal jurisdiction over Bitcoin Suisse based on its purported contacts with the *United States* (as opposed to California), apparently invoking Federal Rule of Civil Procedure 4(k)(2) as a federal long-arm statute.  Complaint ¶ 25; *see Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002).  The due process requirements of the California and federal long-arm statutes, however, are coextensive, so analysis of a defendant's contacts with a forum for purposes of personal jurisdiction are "identical" under both long-arm statutes, except that, under the California long-arm statute, the relevant forum is California and, under the federal long-arm statute, the relevant forum is the United States.  *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).  While Bitcoin Suisse does not concede that the federal long-arm statute is applicable here, or that the United States is the proper forum for this jurisdictional analysis,[7] because, as set forth below, Bitcoin Suisse does not have sufficient contacts with California or the United States as whole, the result under either long-arm statute is the same:  this Court cannot exercise personal jurisdiction over Bitcoin Suisse.

The Plaintiff alleges only that this Court has *specific* personal jurisdiction over Bitcoin Suisse.[8]  *See* Complaint ¶ 25.  A court may only exercise specific personal jurisdiction over a non-

---

[7]  A plaintiff may invoke Federal Rule of Civil Procedure 4(k)(2) as a federal long-arm statute only by proving that: (1) the claim against defendant arises under federal law; (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction comports with due process. *Glencore*, 284 F.3d at 1126.

[8]  Plaintiff does not contend that this Court has general jurisdiction over Bitcoin Suisse, nor could he.  *See* Complaint ¶ 25.  The standard for general personal jurisdiction over a defendant is quite exacting and requires "substantial" or "continuous and systematic," contacts between the

resident or foreign defendant if the plaintiff can demonstrate that the defendant purposefully established contacts with the forum state, the plaintiff's cause of action arises out of such contacts, and the court's exercise of jurisdiction comports with fair play and substantial justice.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  The Ninth Circuit's three-part test for specific jurisdiction requires that: (1) the non-resident defendant purposefully directed his activities or consummated some transaction with the forum or resident thereof or perform some act by which he purposefully avails himself of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable, and thus, comports with fair play and substantial justice.  *See Pebble Beach Co. v.* Caddy, 453 F.3d at 1155; *Schwarzenegger*, 374 F.3d at 802.  The Plaintiff bears the burden of satisfying the first two requirements of this test.  *See Schwarzenegger*, 374 F.3d at 802. "If any of the[se] three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of the law," and thus, would not be proper.  *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

Accordingly, a plaintiff's failure to satisfy the first prong of the Ninth Circuit's three-part test for specific personal jurisdiction is, alone, sufficient a court to decline exercising personal jurisdiction over a defendant.  *See, e.g.*, *Pebble Beach*, 453 F.3d at 1158-60; *Schwarzenegger*, 374 F.3d at 802, 807.  As set forth below, Plaintiff fails to satisfy this first prong of the test for specific personal jurisdiction, which is sufficient to warrant dismissal of Bitcoin Suisse from this action.  In fact, as set forth below, Plaintiff cannot satisfy *any* of the three requirements for this Court to exercise specific personal jurisdiction over Bitcoin Suisse.  This Court, accordingly, cannot exercise personal jurisdiction over Bitcoin Suisse and should dismiss Bitcoin Suisse from this action.

---

defendant and the forum state.  *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). Here, Plaintiff does not allege any such "substantial" or "systemic" contacts between Bitcoin Suisse and the United States or California.  Nor are there any: Bitcoin Suisse is a Swiss entity, with no property, employees, or business in the United States.  Decl. ¶¶ 2-3.

2.   **The Court Cannot Exercise Specific Jurisdiction Over Bitcoin Suisse Because Plaintiff Cannot Demonstrate Purposeful Contacts With California or the United States by Bitcoin Suisse**

In order to satisfy the first requirement of the Ninth Circuit's three-part test for specific personal jurisdiction, Plaintiff must establish either that Bitcoin Suisse (1) purposefully availed itself of the privileges of conducting activities in California or the United States as a whole, or (2) that it purposefully directed its activities toward one of these two forums. *See Pebble Beach*, 453 F.3d at 1155; *Schwarzenegger*, 374 F.3d at 802. Because plaintiff has not, and cannot, establish either, Bitcoin Suisse should be dismissed from this action for lack of personal jurisdiction.

a.   *Plaintiff Has Failed to Establish Purposeful Availment by Bitcoin Suisse*

First, Plaintiff has failed to establish any action by Bitcoin Suisse that adequately supports purposeful availment of California or the United States. Evidence of purposeful availment is typically an action by the defendant taking place in the forum that invokes the benefits and protections of the laws in the forum. *See Pebble Beach*, 453 F.3d at 1155; *Schwarzenegger*, 374 F.3d 797. Here, Plaintiff has failed to identify any conduct by Bitcoin Suisse that took place in California or the United States. *See generally* Complaint. Bitcoin Suisse is headquartered in Switzerland and all services conducted in connection with the alleged Tezos ICO were, in fact, conducted in Switzerland. Decl. ¶¶ 2, 8; *see also* Complaint ¶ 24 ("Defendant Bitcoin Suisse . . . is headquartered in Zug, Switzerland."). Bitcoin Suisse has not purposefully availed itself of conducting business within California or the United States and Plaintiff has failed to set forth any allegations or evidence to the contrary. *See Pebble Beach*, 453 F.3d 1155-56 (rejecting plaintiff's assertion that defendant availed himself of the forum where plaintiff failed to identify any conduct by defendant that took place in California or the United States).

b.   *Plaintiff Has Failed to Establish Purposeful Direction by Bitcoin Suisse*

Plaintiff has also failed to demonstrate that Bitcoin Suisse purposefully directed its conduct towards California or the United States. Purposeful direction is evaluated under a three-part test set forth in the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). The "*Calder* test"

8

1    is satisfied only if a plaintiff can demonstrate that a defendant (1) committed an intention act, (2)

2    which was expressly aimed at the relevant forum, and (3) caused harm, the brunt of which is

3    suffered and which the defendant knows is likely to be suffered in the forum state.  *See Pebble*

4    *Beach*, 453 F.3d at 1156; *Schwarzenegger*, 374 F.3d at 803.  The Ninth Circuit has warned that the

5    *Calder* test is not an "effects" test, meaning that the test's third prong requires "something more"

6    than a mere foreseeable effect in the forum, such as "individualized targeting" within the forum.

7    *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000); *see also*

8    *Pebble Beach*, 453 F.3d at 1156.  Plaintiff fails to satisfy at least two of the three elements of the

9    *Calder* test.

10          Plaintiff's assertion that this Court can exercise specific personal jurisdiction over Bitcoin

11   Suisse appears to rest solely on the allegation that "in connection with the Tezos ICO, Bitcoin

12   Suisse provided a currency conversion facility through which U.S. investors *could* invest in the

13   Tezos ICO."  Complaint ¶ 25 (emphasis added).  Plaintiff notably does not allege that any U.S.

14   investors actually did invest in the alleged Tezos ICO through Bitcoin Suisse and, as set forth

15   above, this allegation is contradicted by the very website cited by Plaintiff, which explicitly states

16   that Bitcoin Suisse would not take on U.S. clients in connection with the alleged Tezos ICO. *See*

17   http://www.bitcoinsuisse.ch/tezos-4/ ("We regret to inform you all that . . . Bitcoin Suisse AG

18   (BTCSAG) can no longer accept US clients, be it natural persons or legal entities, as clients for

19   ICOs or wealth management."). Plaintiff's tepid allegation, contradicted by the very website

20   Plaintiff cites in his Complaint, does not provide any basis for this Court's exercise of specific

21   personal jurisdiction over Bitcoin Suisse.

22          First, Plaintiff has not alleged, let alone demonstrated, that Bitcoin Suisse's services in

23   Switzerland as a crypto-financial intermediary for the alleged Tezos ICO were "expressly aimed" at

24   California or U.S. clients.  Even if Bitcoin Suisse had, in fact, "provided a currency conversion

25   facility through which U.S. investors could invest in the Tezos ICO," as alleged by the Plaintiff

26   (Complaint ¶ 25 (emphasis added)), this fact is insufficient to demonstrate that Bitcoin Suisse

27   "expressly aimed" its services at the United States (or California).  *See Pebble Beach*, 453 F.3d at

28

9

1159 (finding that defendant's website was not expressly aimed at the United States simply by virtue of the fact that it the website used a ".com" domain name and a majority of defendant's prior business was primarily with U.S. customers); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (finding that the fact that "anyone, anywhere could access" defendant's website was, standing alone,  insufficient to demonstrate that defendant deliberately directed its business toward the forum state of Arizona absent a showing that defendant actively encouraged people in Arizona to access the site); *DFSB Kollective Co. Ltd. v. Bourne*, 897 F. Supp. 2d 871, 880-81 (N.D. Cal. 2012) (holding that an "interactive, commercial website" was insufficient to confer specific personal jurisdiction over a defendant in the absence of allegations that the defendant specifically targeted the relevant forum).  But, in actuality and as evidenced by Bitcoin Suisse's website, Bitcoin  Suisse's  services  were  expressly  *not*  aimed  at  U.S.  clients.  *See* http://www.bitcoinsuisse.ch/tezos-4/; *Schwarzenegger*, 374 F.3d at 807 (finding that defendant's advertisement was not expressly aimed at the forum state of California where the advertisement was instead expressly aimed at Ohio).   Plaintiff, thus, has failed to satisfy the first essential element of *Calder* test for purposeful direction.

        Plaintiff also, and relatedly, cannot satisfy the third requirement of the *Calder* test, that Bitcoin Suisse foreseeably caused harm in the relevant forum.  Because Bitcoin Suisse expressly did not provide services to U.S. clients in connection with the alleged Tezos ICO, Bitcoin Suisse could not have "caused harm," and had no reason to believe that it was likely to cause harm, in California or the United States by its conduct in connection with the alleged Tezos ICO.  *See Schwarzenegger*, 374 F.3d at 807 (finding that, because the defendant expressly aimed its advertisement at Ohio, rather than the forum state of California, the defendant had no reason to believe that any Californians would even see the advertisement or that the plaintiff, who lived in California, would be harmed there).   And again, even if Bitcoin Suisse had, in fact, provided services to U.S. clients, without "something more," this fact is insufficient to satisfy the third prong of the *Calder* test.  *See Pebble Beach*, 453 F.3d at 1157-58 (holding that plaintiff failed to satisfy *Calder*'s "effects test" where defendant's website had foreseeable effects in the forum state of

10

California, but defendant did not do "something more" by, for instance, individually targeting California residents).   Plaintiff has, thus, failed to establish that Bitcoin Suisse purposefully directed its conduct in connection with the alleged Tezos ICO at California or the United States at large.

Because Plaintiff has demonstrated neither purposeful availment nor purposeful direction by Bitcoin Suisse with respect to the two relevant forums, Plaintiff cannot satisfy the Ninth Circuit's three-part test for exercising specific personal jurisdiction over Bitcoin Suisse.  *See Pebble Beach*, 453 F.3d at 1155-60 (holding that defendant was not subject to specific personal jurisdiction because defendant did not purposefully avail himself or purposefully direct his conduct at the United States or California); *Omeluk*, 52 F.3d at 270-71 (holding that the defendant was not subject to specific personal jurisdiction where the first element of the Ninth Circuit's three-part test for specific jurisdiction was not satisfied).

### 3. Plaintiff Also Fails to Satisfy the Two Remaining Requirements for Specific Personal Jurisdiction

Plaintiff's failure to satisfy the first prong of the Ninth Circuit's three-part test for personal jurisdiction is, alone, sufficient for this Court to decline exercising personal jurisdiction over Bitcoin Suisse.  Even so, Plaintiff also cannot satisfy the two remaining requirements of the Ninth Circuit's test for specific personal jurisdiction.

#### a. *Plaintiff Has Failed to Allege That His Claim Against Bitcoin Suisse Arises From Bitcoin Suisse's Forum-Related Activities*

First, Plaintiff has not, and cannot, allege facts that would demonstrate that his claim against Bitcoin Suisse arise from Bitcoin Suisse's conduct within California or the United States.  The Ninth Circuit has adopted a "but for" analysis for determining whether a plaintiff's claim "arises out" of a defendant's forum related activities, meaning that a court may not exercise specific personal jurisdiction over a defendant unless, but for the defendant's forum-related activities, the plaintiff's injuries would not have occurred.  *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051-52 (9th Cir. 1997); *Omeluk*, 52 F.3d at 271-72.   Here, not only are there no forum-related activities attributable to Bitcoin Suisse, even if Bitcoin Suisse's services pre- and post-ICO were forum-

related activities (they are not), such conduct cannot be the "but for" causation of Plaintiff's alleged injury because Bitcoin Suisse did not provide intermediary services to Plaintiff (or contribute any funds on behalf of U.S. citizens) in connection with the alleged Tezos ICO.  *See* Decl. ¶¶ 5-6. Plaintiff, after all, has not alleged that he or any other U.S. citizens entered into a Framework Agreement with Bitcoin Suisse or otherwise utilized Bitcoin Suisse's services in connection with the alleged Tezos ICO.  The Plaintiff, accordingly, fails to satisfy the second requirement of the test for specific jurisdiction, because it has not alleged any forum-related conduct by Bitcoin Suisse that could form a basis for his claim and purported injury.

> **b.**     ***The Exercise of Personal Jurisdiction Over Bitcoin Suisse Is Not Reasonable***

Second, it would not be reasonable to require Bitcoin Suisse to defend itself in this jurisdiction. Courts balance the following facts to determine whether it would be reasonable to subject a foreign defendant to the jurisdiction of our courts:

> (1) the extent of the defendants' purposeful interjections into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendants' state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Bancroft & Masters*, 223 F.3d at 1088.  Here, all the applicable factors dictate against asserting jurisdiction over Bitcoin Suisse.

First, there is no allegation that Bitcoin Suisse purposefully injected itself into California or the United States.  In fact, the opposite is true: Bitcoin Suisse expressly insulated itself from the United States with respect to the alleged Tezos ICO by explicitly stating on its website that it would not take on U.S. clients. *See* http://www.bitcoinsuisse.ch/tezos-4/.

Second, it would be an obvious burden for Bitcoin Suisse, which is headquartered in Switzerland, to travel thousands of miles to defend itself against Plaintiff's claim that Bitcoin Suisse's role in Switzerland as a financial intermediary for non-U.S. contributors to the alleged Tezos ICO somehow violated U.S. securities laws.  The "unique burdens" placed on a foreign defendant defending itself locally "should have significant weight" in assessing the reasonableness

of a local court's exercise of personal jurisdiction.  *Asahi Metal Industry Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 115 (1987); *Phillips v. Worldwide Internet Solutions*, No. C 05-5125 SBA, 2006 WL 1709189, at *7 (N.D. Cal. June 20, 2006).  In fact, because "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field," *Asahi*, 480 U.S. at 115, the Ninth Circuit imposes a "higher jurisdictional barrier" in assessing the reasonableness of exercising jurisdiction over a foreign defendant.  *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).  Here, there are quite simply no overriding policy considerations compelling a U.S. court to assert jurisdiction over Bitcoin Suisse that outweigh the unique and significant burden that would be imposed on Bitcoin Suisse if it were to remain in the action.

Third, there is no compelling, let alone any credible, reason why this court should exercise jurisdiction over Bitcoin Suisse, a Swiss entity, when Bitcoin Suisse is compliant with Swiss law and a decision on the merits by this Court may be inconsistent with Bitcoin Suisse's obligations under Swiss law.  The Ninth Circuit has repeatedly stated that this sovereignty factor weighs heavily against the exercise of personal jurisdiction where the defendant is a resident of a foreign nation rather than another state.  *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1489 (9th Cir. 1993) ("Sovereignty concerns weigh more heavily when the defendants have no United States-based relationships.").  This Court's exercise of jurisdiction over Bitcoin Suisse risks encroaching on the purview of Swiss law and regulation of Swiss entities, such as Bitcoin Suisse.

Fourth, neither California nor the United States have any material interest in adjudicating Plaintiff's claim against Bitcoin Suisse.  There are no American or Californian interests implicated by Bitcoin Suisse's conduct in Switzerland in connection with the alleged Tezos ICO, because Bitcoin Suisse's services were expressly limited to non-U.S. clients.  Thus, there is, quite simply, no conduct by Bitcoin Suisse that the United States or California needs to protect the Plaintiff, or others similarly situated, from.

The remaining factors are not particularly applicable to the present circumstances, but in no way favor the exercise of jurisdiction here.  Bitcoin Suisse maintains that it is not properly named

as a defendant in this action because it did not provide its services to U.S. citizens in connection with the alleged Tezos ICO.  Therefore, this Court declining to exercise personal jurisdiction over Bitcoin Suisse, as it should in light of the foregoing, has no bearing on the efficient and effective resolution of Plaintiff's claims against any other defendant.

Plaintiff, in short, has not and cannot satisfy any of the Ninth Circuit's three requirements for exercising specific personal jurisdiction over Bitcoin Suisse.  This Court, accordingly, may not properly exercise personal jurisdiction over Bitcoin Suisse and should dismiss Bitcoin Suisse from this action for lack of personal jurisdiction.

**B.  Plaintiff Has Failed to State a Cause of Action Under Section 12(a)(1) of the Securities Act Against Bitcoin Suisse**

**1.  Standard for Failure to State a Claim**

In addition to this Court's lack of personal jurisdiction over Bitcoin Suisse, Plaintiff's complaint is subject to dismissal for failure to state a claim for violation of Section 12(a)(1) of the Securities Act, assuming, *argundo*, the Securities Act even applies to this action.[9] FED. R. CIV. P. 12(b)(6).  In evaluating a complaint's sufficiency, all factual allegations set forth in the complaint are taken as true, but a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis., Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

To assert a claim under Section 12(a)(1) of the Securities Act, a plaintiff must allege that defendant offered or sold a security in violation of 15 U.S.C. § 77e to the plaintiff.  15 U.S.C. § 77l; *see Pinter v. Dahl*, 486 U.S. 622, 643 (1988).  Here, Plaintiff has failed to sufficiently allege: (2) that Bitcoin Suisse offered or sold a security in connection with the Tezos ICO; and (2) that Plaintiff purchased a security from Bitcoin Suisse in connection with the Tezos ICO.

**2.  Bitcoin Suisse is not a Statutory Seller Under Section 12(a)(1)**

---

[9] Bitcoin Suisse hereby joins in and adopts the points and authorities regarding the inapplicability of the U.S. Securities Act extraterritorially in Defendant Tezos Stiftung's Motion to Dismiss the Consolidated Complaint [Dkt. No. 119] (Part III).

14

A defendant may only be held liable for the sale of unregistered securities under Section 12(a)(1) of the Securities Act if defendant was the "offeror" or "seller" of securities within the meaning of Section 12(a)(1).  *Pinter*, 486 U.S. at 640.  Section 12(a)(1)'s liability is, thus, restricted to sellers of securities and those who solicit the securities purchase.  *Id.* at 650; *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989) (dismissing Section 12(a)(2) claim against legal and accounting professionals where plaintiff failed to allege that these professionals played any role in the solicitation of securities purchases);[10] *Le Kun Wu v. Swabplus, Inc.*, Case No. CV 08-07821-RGK, 2009 WL 10673199, at *4 (C.D. Cal. Apr. 3, 2009) (dismissing Section 12(a)(1) claim against defendant for plaintiff's failure to sufficiently allege defendant was a "seller" under Section 12(a)(1)).

Only a defendant who directly participated in the solicitation or sale of securities is subject to Section 12 liability. *See In re Daou Sys. Inc.*, 411 F.3d 1006, 1029 (9th Cir. 2005) (holding that the district court must determine whether defendants were "directly involved" in the actual solicitation of a securities purchase in order to determine whether plaintiff's Section 12 claims survive a motion to dismiss); *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-0302 MRP, 2011 WL 4389689, at *9 (C.D. Cal.  May 5, 2011) (dismissing Section 12 claim with respect to defendants for whom plaintiff failed to make specific allegations of solicitation and merely alleged such defendants "promoted" the sale of securities).  A "collateral participant" to the offer or sale of securities or one who "merely assist[ed] in another's solicitation efforts" is not subject to Section 12 liability.  *Pinter*, 486 U.S. at 651 n.27; *In re Worlds of Wonder Sec. Litig.*, 721 F. Supp. 1140, 1148 (N.D. Cal. 1989) (dismissing Section 12(a)(2) claim against individual where plaintiff failed to allege that the individual "was more than a collateral participant to" the securities sales). If a defendant does not satisfy the standard of a statutory seller, it may not be held liable under Section 12 as an aider and abettor of a securities violation.  *See XOMA Corp. Securities Litig.*, No.

---

[10] In *Moore*, the Ninth Circuit held that the statutory language of "offers and sells" in Sections 12(a)(1) and 12(a)(2) have "identical" meanings in both sections.  *Moore*, 885 F.2d at 536. Accordingly, the scope of persons that can be held liable for a Section 12(a)(1) claim and a Section 12(a)(2) claim are also "identical."  *See id.*

C-91-2252 TEH, 1990 WL 357807, at *11 (N.D. Cal. Dec. 27, 1991) (dismissing claims for aiding and abetting Section 11 an 12 violations for failure to state a claim); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Woodhead*, No. 86 Civ. 9100 (LLS), 1989 WL 53004, at *5 (S.D.N.Y. May 15, 1989) (dismissing Section 12(a)(1) claim against issuer of financial guarantee bonds because there was no evidence that the defendant was a statutory seller and defendant could not be held liable to aiding and abetting co-defendants alleged violation of Section 12(a)(1)).

Here, Plaintiff fails to allege that Bitcoin Suisse offered or sold securities within the meaning of Section 12(a)(1) in connection with the alleged Tezos ICO. Plaintiff alleges only that Bitcoin Suisse was "*involved* in the promotion and/or or offer and sale of tokens in the Tezos ICO" by acting "as a crypto-financial service provider and intermediary[,] . . . providing investors with virtual currency conversion services, and then contributing these virtual currencies to the Tezos ICO on behalf of the investors." Complaint ¶ 25 (emphasis added). Plaintiff does not allege that Bitcoin Suisse was directly involved in the offer or sale of tokens in connection with the alleged Tezos ICO. *See Daou Sys.*, 411 F.3d at 1029 (defendants must be "directly involved" in the actual solicitation of a securities purchase in order to be subject to Section 12 liability). Plaintiff also does not make any specific allegations regarding Bitcoin Suisse's alleged role in offering tokens for sale. *See Me. State Ret. Sys.*, 2011 WL 4389689, at *10 (holding that plaintiffs "must include very specific allegations of solicitation" to sustain a Section 12 claim against defendants). Plaintiff's allegation that Bitcoin Suisse was "involved in the promotion" of tokens is not sufficient for Section 12 liability. *See id.* (holding that plaintiffs' allegation that defendants "'promoted' the sale of securities is not sufficient to sustain a Section 12 claim). Nor are Plaintiff's allegations that Bitcoin Suisse was "involved in the . . . offer and sale of tokens" as a financial intermediary, which allege, at most, that Bitcoin Suisse was a "collateral participant," "merely assist[ing] in another's solicitation efforts" to offer or sell securities. *See Pinter*, 486 U.S. at 651 n.27 (rejecting argument that a person who participates in the soliciting of a purchase of securities may be liable as a statutory seller under Section 12(a)(1)); *Moore*, 885 F.2d at 537 (dismissing Section 12(a)(2) claim against defendants who merely "performed professional services in their respective capacities as

16

accountants and lawyers" in connection with a securities issuance because such professionals did not offer or sell securities within the meaning of Section 12(a)(2)); *In re Worlds of Wonder Sec. Litig.*, 721 F. Supp. at 1148 (dismissing Section 12 claim against a "collateral participant" to a securities sale).    Accordingly, Plaintiff's Section 12(a)(1) claim against Bitcoin Suisse must be dismissed for failure to state a claim upon which relief may be granted, because Plaintiff's allegations fall far short of alleging that Bitcoin Suisse actually sold or solicited the sale of any tokens in connection with the alleged Tezos ICO.

### 3.    Plaintiff Lacks Standing to Assert Section 12(a)(1) Claim Against Bitcoin Suisse

Finally, Plaintiff's Section 12(a)(1) claim against Bitcoin Suisse is also subject to dismissal because Plaintiff lacks standing to assert such a claim.    Section 12(a)(1) provides that only a defendant "from" whom the plaintiff "purchased" securities may be liable.    *See Pinter*, 486 U.S. at 643.    In *Pinter*, the Supreme Court concluded that this language "clearly confines § 12 liability to those situations in which a sale has taken place."    *Id.* at 644. Accordingly, a plaintiff may not maintain a Section 12(a)(1) claim against a defendant from whom the plaintiff did not actually purchase securities.    *See id.*; *see also Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 64 F.R.D. 432, 433-34 (S.D.N.Y. 1974) (holding that Section 12(a)(1) claims may only be maintained by an "aggrieved purchaser" of the defendant).    Here, Plaintiff has not alleged that he purchased tokens in the alleged Tezos ICO through Bitcoin Suisse (and indeed, he did not, *see* Decl.¶ 6), and so his Section 12(a)(1) claim against Bitcoin Suisse must be dismissed.    *See Leonard*, 64 F.R.D. at 434 (dismissing Section 12(a)(1) claim against defendants with whom plaintiffs did not have "any dealings whatsoever" with respect to the allegedly unregistered securities).

/ / /

/ / /

/ / /

/ / /

/ / /

1  IV.   **CONCLUSION**

2         For the foregoing reasons, Bitcoin Suisse respectfully requests that its Motion to Dismiss be

3  granted.

4

5  DATED: May 15, 2018

6                           **BROWN RUDNICK LLP**

7

8                  By: */s/ Leo J. Presiado*
                          Leo J. Presiado (SBN 166721)
9                         BROWN RUDNICK LLP
                          2211 Michelson Drive, 7th Floor
10                        Irvine, CA 92612
                          Telephone: (949) 752-7100
11                        Facsimile: (949) 252-1514
                          Email: lpresiado@brownrudnick.com
12

13                        -and-

14                        Sigmund S. Wissner-Gross (admitted *pro hac vice*)
                          Jessica N. Meyers (*admitted pro hac vice*)
15                        BROWN RUDNICK LLP
                          Seven Times Square
16                        New York, NY 10036
                          Tel: (212) 209-4800
17                        Email: swissner-gross@brownrudnick.com
                                     jmeyers@brownrudnick.com
18

19

20                        *Attorneys for Defendant Bitcoin Suisse AG*

21

22

23

24

25

26

27

28