# EXHIBIT A

Neal A. Potischman (SBN 254862)
Serge A. Voronov (SBN 298655)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California  94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: neal.potischman@davispolk.com
       serge.voronov@davispolk.com

Edmund Polubinski III (*pro hac vice*)
Andrew S. Gehring (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:   (212) 701-5800
Email: edmund.polubinski@davispolk.com
       andrew.gehring@davispolk.com

*Attorneys for Defendant Tezos Stiftung*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This document relates to: All Actions | Master File No. 17-cv-06779-RS<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT TEZOS STIFTUNG'S RESPONSE TO LEAD PLAINTIFF ANVARI'S REPLY IN FURTHER SUPPORT OF THE MOTION TO STAY THE *BAKER* ACTION** |

1    Defendant Tezos Stiftung (the "Foundation") objects to lead plaintiff Arman Anvari's request—improperly made for the first time in his Reply ("Reply") [ECF No. 116] in support of his Motion to Stay the Baker Action ("Motion") [ECF No. 109]—that the Court enjoin the Foundation from engaging in settlement communications with plaintiffs in other actions.

**DISCUSSION**

On April 18, 2018, Anvari filed the Motion, seeking "an order staying *Baker v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06850-RS in the event that the action is remanded" to state court. (Mot. at 1.) As is abundantly clear from the Motion title, supporting Memorandum of Points and Authorities ("Mem.") title, footers, statement of issue to be decided, and the substance of the brief itself, Anvari sought to stay a state court action and the plaintiff who is prosecuting it, not the conduct of the defendants in this case. Anvari sought a writ "to enjoin pending state court proceedings" and to stop plaintiff Andrew Baker from being "allowed to hijack the rudder." (Mem. at 1.) The sole reference in Anvari's motion to the defendants in this case appears at line 8 of page 8 of his brief, and reads as follows: "In this case, allowing the Baker Action to proceed would frustrate lead plaintiff Anvari's PSLRA-conferred right to monitor, manage and control the litigation against Defendants."

Moreover, the proposed order that Anvari submitted with the Motion states that "plaintiff Andrew Baker . . . and all persons, agents, representatives or employees acting in concert with plaintiff Baker are hereby enjoined from prosecuting any claims arising out of or relating to" what Anvari characterizes as an initial coin offering. (Proposed Order at 1.) It further states that "the Superior Court of the State of California for the County of San Francisco is enjoined from proceeding with the Baker Action other than for administrative purposes." (*Id.*) The proposed order never refers to the defendants in this action, or to settlement, much less to enjoining defendants in this action from communicating about settlement with any other plaintiff.

In connection with what he characterizes as a "reply," however, Anvari now asks the Court in the alternative for altogether different relief against different entities and individuals. For the first time, Anvari seeks to enjoin defendants from conducting settlement discussions with any other

1

plaintiff (including Baker, as well as the plaintiffs in the recently filed *Trigon* action[1]).  Anvari asserts that this in some way is a subset of the relief that he had sought in his Motion.  (Reply at 11.)  It is not.[2]  He goes further, suggesting that the defendants in this action must implicitly have no objection to this new requested alternative form of relief.  (*Id.* at 14.)  This is wrong.[3]  Anvari asked for one form of relief in his Motion; he is asking for an altogether different form of relief against different parties in his Reply.  That request is procedurally improper and should be rejected on this ground alone.  *See Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2015 WL 13298075, at *7 (N.D. Cal. Aug. 31, 2015) (holding that it was "improper[ to] raise[] for the first time in . . . [r]eply a wholly new ground for relief," and declining to entertain it (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)); *Dytch v. Yoon*, C10–02915 MEJ, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (holding that it is "improper for the Court to consider" new arguments raised in a reply brief).

And even if it were procedurally proper, Anvari's request to enjoin defendants from engaging in settlement negotiations lacks substantive merit.  Anvari suggests that "[i]nstead of enjoining a parallel *state court action*, [this Court] undoubtedly has the power to enjoin the *parties* before it" from engaging in settlement negotiations.  (Reply at 11.)  However, the Ninth Circuit has already considered—and rejected—precisely the sort of injunction Anvari proposes.  In *Negrete v. Allianz Life Ins. Co. of N. Am.*, a case that neither the Motion nor the Reply cite, the Court of Appeals held that an injunction nominally declining to halt parallel state court proceedings but still

---

[1] *Trigon Trading Pty. Ltd. v. Dynamic Ledger Solutions*, No. 18-civ-02045 (Sup. Ct. San Mateo Cnty. Apr. 24, 2018).

[2] Days before filing his Reply, plaintiff's counsel contacted the Foundation's counsel to ask whether the Foundation planned to file a response to the Motion because, as a party to *Baker*, the Motion could "technically . . . be construed as 'directed' at [the Foundation]."  (See Decl. of Neal A. Potischman, Ex. B.)  Plaintiff nowhere indicated that the Motion sought the alternative relief that the Reply now seeks.

[3] To the best of undersigned counsel's knowledge, the Foundation has not been served in *Baker*.  Counsel for the Foundation has not filed any appearance in that action.  For those reasons, among others, the Foundation did not serve a response to Anvari's Motion.

requiring settlement negotiations to be conducted only by the federal lead plaintiff would in "substance . . . interfere[] with proceedings in other courts" and was therefore clearly "tantamount to enjoining the proceeding[]" itself.  523 F.3d 1091, 1098 (9th Cir. 2008) (internal quotation marks omitted).  As such, no injunction was appropriate unless the plaintiff could establish the applicability of one of the enumerated exceptions to the Anti-Injunction Act—which it could not do in the absence of a proposed settlement or collusion by the defendants with the state court plaintiffs.  *See id.* at 1100-03.  Anvari has not even attempted to make this sort of showing.[4]

Whatever the Court determines regarding the relief Anvari originally sought in the Motion, there is no scenario in which the Court should simultaneously allow *Baker* to advance and enjoin defendants from negotiating a resolution with anyone other than Anvari.  To the extent that Anvari is concerned that some theoretical, future settlement with Baker would not adequately protect the interests of the proposed class in this case, there is already a mechanism built in to the California Rules of Court to ensure that any class settlement is fair, that the proposed class receives notice and an opportunity to object, and that it is subject to appropriate judicial review.  *See* Cal. R. Ct. 3.769(e)-(g).  In light of this existing protection, there is no reason to unduly favor Anvani and,

---

[4] The cases relied upon by Anvari are not to the contrary and, in fact, underscore why an injunction barring settlement negotiations is inappropriate.  All involve advanced federal multi-district litigation cases where class settlements were imminent or where there was evidence of collusion between defendants and plaintiffs in other actions.  *See In re Jamster Mktg. Litig.*, No. 05-CV-0819JM(CAB), 2008 WL 4482307, at *8, *10 (S.D. Cal. Sept. 29, 2008) (proposed settlement in state court action, which "appear[ed] inadequate to protect rights of Plaintiffs," would have extinguished all claims against central defendant in "sufficiently advanced" federal action); *In re Lease Oil Antitrust Litig. No. II*, 48 F. Supp. 2d 699, 701, 702, 704 (S.D. Tex. 1998) (settlement had been proposed in state court that would have released pending federal claims); *In re Managed Care Litig.*, 236 F. Supp. 2d 1336, 1342 (S.D. Fla. 2002) (finding "underhanded maneuvers" by a defendant to circumvent federal court's authority by attempting to settle a state case recently removed to federal court without informing that federal court of the original proceeding).  These cases follow the analysis of the article relied on by Anvari, which acknowledges that enjoining settlement discussions "unfairly prejudice[s]" defendants unless limited to "actions filed at the last minute to block an action that is approaching trial."  John C. Coffee Jr., *Class Actions: Interjurisdictional Warfare*, N.Y.L.J., Sept. 25, 1997, at 5 (cited in Reply at 12-13).  Here, none of these circumstances is present.

3

DEFENDANT TEZOS STIFTUNG'S RESPONSE TO THE REPLY IN FURTHER
SUPPORT OF ANVARI'S MOTION TO STAY THE *BAKER* ACTION
MASTER FILE NO. 17-CV-06779-RS

correspondingly, to tie defendants' hands, all to protect against a purely hypothetical concern in connection with a purely hypothetical future settlement discussion.

## CONCLUSION

For the foregoing reasons, the Foundation respectfully requests that the Court deny Anvari's alternative request to enjoin defendants from engaging in settlement negotiations with anyone other than Anvari.

Dated:   May 17, 2018

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By:   */s/ Neal A. Potischman*
      Neal A. Potischman (SBN 254862)
      Serge A. Voronov (SBN 298655)
      DAVIS POLK & WARDWELL LLP
      1600 El Camino Real
      Menlo Park, California  94025
      Telephone: (650) 752-2000
      Facsimile:  (650) 752-2111
      Email:       neal.potischman@davispolk.com
                   serge.voronov@davispolk.com

      Edmund Polubinski III (*pro hac vice*)
      Andrew S. Gehring (*pro hac vice*)
      DAVIS POLK & WARDWELL LLP
      450 Lexington Avenue
      New York, New York 10017
      Telephone: (212) 450-4000
      Facsimile:  (212) 701-5800
      Email:       edmund.polubinski@davispolk.com
                   andrew.gehring@davispolk.com

*Attorneys for Defendant Tezos Stiftung*

4

DEFENDANT TEZOS STIFTUNG'S RESPONSE TO THE REPLY IN FURTHER
SUPPORT OF ANVARI'S MOTION TO STAY THE BAKER ACTION
MASTER FILE NO. 17-CV-06779-RS