UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE TEZOS SECURITIES LITIGATION | Case No. 17-cv-06779-RS |
|---|---|
| This Document Relates to:<br>ALL ACTIONS | **ORDER DENYING MOTION TO ENJOIN STATE COURT PROCEEDINGS** |

## I. INTRODUCTION

The lead plaintiff in this PSLRA action, Arman Anvari, moves to enjoin a parallel state court proceeding brought by Plaintiff Andrew Baker. For the reasons set forth below, Anvari's motion is denied.

## II. BACKGROUND

This consolidated class action ("*In re Tezos*") arises from alleged securities law violations by Dynamic Ledger Solutions ("DLS") and various other defendants involved with the Tezos Initial Coin Offering ("ICO"). While this case is relatively young and has not yet progressed past the motion to dismiss stage, no reasonable observer would claim its short life has suffered from a lack of motions practice. The instant motion is merely the latest skirmish over where and how the case should be litigated.

Additional procedural background can be found in prior orders issued in both this case and *Baker v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 17-cv-6850. In brief, four putative class actions were filed in federal court last fall on behalf of individuals who contributed money to the

Tezos ICO. A fifth action filed in state court was removed to federal court by the defendants. Baker, the state court plaintiff, moved for remand. At the time, an already argued Supreme Court case appeared poised to provide potentially dispositive guidance, within a matter of months, as to whether remand was appropriate. Accordingly, Baker's motion was denied without prejudice and his case stayed, pending issuance of the Supreme Court's decision. *See Baker*, Dkt. No. 18.

While the *Baker* action was stayed, the four federal actions were consolidated and Arman Anvari was appointed lead plaintiff. *In re Tezos*, Dkt. No. 101. Shortly thereafter, the anticipated Supreme Court decision issued, s*ee Cyan, Inc. v. Beaver Cty. Emp.'s Ret. Fund, et al.*, 138 S. Ct. 1061 (2018), and Baker renewed his motion for remand. Finding that *Cyan* had largely vindicated Baker's position, the Court granted the motion. Before that order even issued, however, Lead Plaintiff Anvari, who opposed the motion to remand, also filed the instant motion requesting, in the event of remand, that the *Baker* action be enjoined from proceeding in state court.

### III. LEGAL STANDARD

The All Writs Act provides that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The Anti-Injunction Act, however, provides that a federal court "may not grant an injunction to stay proceedings in a State court except" when doing so is: (1) expressly authorized by a federal statute; (2) necessary in aid of the federal court's jurisdiction; or, (3) necessary to protect or effectuate the federal court's judgments. 28 U.S.C. 2283. These three exceptions are to be narrowly construed: "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970). Only the first exception is at issue here.

### IV. DISCUSSION

**A. Motion to Enjoin *Baker* Action**

Anvari argues the PSLRA expressly authorizes district courts to enjoin state proceedings

ORDER DENYING MOTION TO ENJOIN STATE COURT PROCEEDINGS
CASE NO. 17-cv-06779-RS
2

by providing a mechanism for appointing a lead plaintiff in federal securities class actions. The power which that mechanism vests in the lead plaintiff to control the litigation, Anvari contends, is a "uniquely federal right" that cannot be given its intended meaning or scope if a state court can give control of duplicative litigation to another class member.

Anvari's motion raises two key issues. The first is whether there are any circumstances under which a federal court can enjoin a state court proceeding based upon the PSLRA. The second is whether, assuming an injunction might be justified under certain circumstances, such circumstances exist in this case.

A court in this District was recently confronted with similar issues in *In re LendingClub Securities Litigation*, 282 F.Supp.3d 1171 (N.D. Cal. 2017). In *LendingClub*, a number of putative class actions were filed in federal court on behalf of investors who purchased securities in the defendant's public offering. Those actions were consolidated in the Northern District and a lead plaintiff was appointed. When the lead plaintiff moved for class certification, however, class representatives in a parallel state court action (which had been filed three-and-a-half months before the federal action) moved to intervene for the purpose of opposing class certification. The lead plaintiff in the federal suit responded by moving to enjoin the state action.

In resolving the motion, the district court noted only one federal court had found "an express right to enjoin a state court proceeding based upon the PSLRA" and that the circumstances justifying an injunction in that case, *BankAmerica Corp. Sec. Litig.*, 95 F.Supp.2d 1044 (E.D. Mo. 2000), were readily distinguishable from the circumstances present in *LendingClub*. *Id.* at 1190. In *BankAmerica*—which is heavily relied upon here by Anvari—the court "stayed a state securities suit due to the woefully inadequate representation in the state action, which it found threatened the rights of the federal litigants." *Id.* Most notably, the state plaintiffs had taken almost no discovery, had filed numerous inadequate motions for class certification, had overlooked conflicts of interest, and had engaged in "precisely the sort of lawyer-driven machinations the

ORDER DENYING MOTION TO ENJOIN STATE COURT PROCEEDINGS
CASE NO. 17-cv-06779-RS

3

PSLRA was designed to prevent." *Id.* (citing *BankAmerica,* 95 F.Supp.2d at 1050).[1] Moreover, despite having only "one-twenty-sixth the financial stake of the federal plaintiffs," the state plaintiffs had managed to convince the state court to order "premature settlement negotiations." *BankAmerica*, 95 F.Supp.2d at 1050.

By contrast, in *LendingClub*, the state plaintiffs had succeeded in certifying a class before the federal plaintiffs could do so, were advanced in discovery, and were not accused of engaging in improprieties of the sort at issue in *BankAmerica*. *LendingClub*, 282 F.Supp.3d at 1190. Furthermore, no party had raised "the specter of settlement, certainly not a settlement that threaten[ed] to dispose of all claims on behalf of all class members." *Id.* Under the circumstances, the district court concluded the state action did not so "threaten the integrity of the PSLRA that failing to enjoin it would amount to an abrogation of a Congressional mandate." *Id.* Nonetheless, it left open the possibility that such circumstances might arise at a later point and, for that reason, denied the federal plaintiff's motion "without prejudice to the future imposition of an injunction or stay of either the state or federal action should it become necessary." *Id.* at 1192.[2]

Here, Baker argues the Supreme Court's decision in *Cyan* makes clear the PSLRA does not authorize enjoining a parallel state securities action. Issuing such an injunction, he contends,

---

[1] Specifically, lead counsel in the state court proceeding had simultaneously filed suits in state and federal court in "a blatant attempt at forum shopping." *Id.* at 1050. When it became clear the firm's clients "lacked the financial stake to become lead plaintiffs in the federal case, and thereby select . . . lead counsel," the firm dismissed the federal case to focus on the cases it had filed in state court. *Id.* at 1046. It then proceeded to litigate those state cases in a manner that was "not in the best interests of class members" but instead aimed at avoiding federal court "at all costs." *Id.* at 1050. In sum, the *BankAmerica* court called the firm's attempts to control the conduct of the suit "outrageous." *Id.*

[2] Another court in this District made a similar determination in *Primo v. Pacific Biosciences of California, Inc.*, 2013 WL 4482739 (N.D. Cal. Aug. 20, 2013). In *Primo*, the defendants in a duplicative state action moved to stay a federal PSLRA case pending final approval of a settlement in state court. The lead plaintiff in the federal case counter-moved to enjoin the state court proceedings. The court concluded that "to the extent [it] ha[d] the authority to issue [] an injunction" doing so was not warranted under the circumstances, which were readily distinguishable from *BankAmerica*. *Id.* at *3. In particular, the court noted the state case: (a) was earlier filed; (b) was further along in that a class had already been certified; and (c) the state plaintiffs had a larger financial stake in the matter than the federal plaintiffs. *Id.*

would effectively strip state courts of their jurisdiction over Securities Act claims and thereby circumvent the Supreme Court's holding in *Cyan*.

This argument is unconvincing. As Anvari correctly notes, Congress can expressly authorize injunctions of state court proceedings under certain circumstances without completely depriving state courts of jurisdiction over all similar claims. *See Mitchum v. Foster*, 407 U.S. 225 (1972) (finding express authorization to enjoin a suit under 42 U.S.C. § 1983). *LendingClub* acknowledged the application of this distinction within the PSLRA context by leaving open the possibility that later circumstances might justify an injunction even though circumstances at the time of the order did not. In other words, whether or not the PSLRA authorizes the injunction of a state court proceeding is a context-specific inquiry. Baker points to nothing in *Cyan* that compels a different conclusion.

Unfortunately for Anvari, his successful navigation of this particular legal strait does not leave open water between him and the relief toward which he attempts to sail. As in *LendingClub* and *Primo*, and unlike in *BankAmerica*, the circumstances here do not justify an injunction. Anvari attempts to avoid this outcome by arguing primarily: a) the state proceedings in *Baker* are not as advanced as were the state proceedings in the earlier Northern District cases; b) unlike the federal plaintiff in *Primo*, Anvari has a larger financial interest than the state plaintiff; and c) the conduct of Baker's counsel (particularly with regard to his alleged teaming up with Robbins Geller Rudman & Dowd LLP, counsel for one of the plaintiffs who already lost out to Anvari in the competition for lead) is of the same sort that merited an injunction in *BankAmerica*.

The first argument, while true, is not compelling. As an initial matter, *Baker* was the first Tezos action filed and so cannot rightly be characterized as a copycat action trying to piggy back on or disrupt an earlier filed federal action. To the extent *Baker* is less advanced than this consolidated action, it is hardly fair to place blame for the lack of progress on Baker or his counsel. The case was stayed pending the Supreme Court's decision in *Cyan* and that decision largely vindicated Baker's argument that the action should have been remanded sooner.

The second argument regarding financial stake, while also true, is not dispositive. Given,

as the Supreme Court affirmed in *Cyan*, that certain securities class actions can be adjudicated in state court without being subject to the PSLRA, it would make little sense to have the PSLRA's financial stake requirement be sufficient on its own to justify enjoining a parallel state proceeding. This reasoning is consistent with the court's refusal to issue an injunction in *LendingClub* despite the federal plaintiff in that case possessing a larger financial stake than the plaintiffs in the parallel state action. *LendingClub*, 82 F.Supp.3d at 1191.

Lastly, and most importantly, Anvari's allegations of improper conduct by Baker's counsel are slimly supported and, even if credited, are not comparable to the conduct at issue in *BankAmerica.* Anvari provides little evidence that Baker's counsel initiated the state action as part of a collaborative litigation strategy with Robbins Geller to provide an escape hatch from application of the PSLRA. Moreover, facts which are not in dispute provide the framework for a different story. Baker filed the first action involving the Tezos ICO in the forum of his choice: state court. When his action was stayed, he chose not to participate in the lead plaintiff process based on well-founded beliefs that: a) his lesser financial stake would make him uncompetitive; and b) his argument for remand would eventually be vindicated. Now that he has prevailed in obtaining remand, he has picked up where he left off, attempting to prosecute his earlier filed action in the forum of his choice.

Under these circumstances, Anvari's allegations of bad faith ring hollow and permitting *Baker* to proceed in state court does not appear to "so threaten the integrity of the PSLRA that failing to enjoin it would amount to an abrogation of a Congressional mandate." *LendingClub*, 82 F.Supp.3d at 1190. As in *LendingClub*, this does not foreclose the possibility that an injunction or stay of either the state or federal action may at some point be justified by future developments. Nor does it necessarily preclude the enjoining of state proceedings other than *Baker* related to the Tezos ICO. Before filing further requests for such relief, however, Anvari (and all of the parties in this action) are cautioned that the presumption against enjoining state proceedings will continue to weigh heavily against granting such requests. As the Ninth Circuit has previously noted, the Anti-Injunction Act is "based upon considerations of federalism" that are a matter of "high public

policy." *Negrete v. Allianz Life Ins. Co. of N. Amer.*, 523 F.3d 1091 (9th Cir. 2008). The Act is not a minor obstacle but rather "a fortress which may only be penetrated through the portals that Congress has made available." *Id.*

**B. Alternative Request to Enjoin Defendants from Conducting Settlement Discussions**

As an alternative to enjoining *Baker* in its entirety, Anvari asks the Court to enjoin defendants from engaging in any settlement negotiations with any plaintiff purporting to represent the class (or part of the class) other than Lead Plaintiff Anvari without: (a) notifying the Court and Anvari; and (b) obtaining the Court's approval. As an initial matter, Anvari raised this request for the first time in his reply and, in doing so, did not provide defendants with a fair opportunity to respond. The prejudice to defendants has been somewhat mitigated by Tezos Stiftung (the "Foundation") seeking and being granted leave to file a response. *See* Dkt. No. 128. In the end, however, the procedural impropriety of Anvari's request is less damning than its lack of substantive merit.

As the Foundation's response points out, the Ninth Circuit has previously disapproved of providing the relief Anvari seeks. In *Negrete*, a District Court issued an order barring the defendant from engaging in settlement negotiations in parallel litigation in state and other federal courts. Even though the order was not styled as an injunction—and in fact the district court expressly declined to enjoin the parallel proceedings in their entirety—the Ninth Circuit found the order was still an injunction "in practical effect" as it "preclude[d] Allianz from proceeding in other actions brought against it in other courts." *Id.* at 1097. As such, it was barred by the Anti-Injunction Act unless it fell within one of the three previously discussed exceptions. In *Negrete*, none of the exceptions was applicable. The same is true here.

In reaching its decision, the *Negrete* court outlined some of the circumstances that might justify the issuance of injunctions "despite the strictures of the Anti-Injunction Act." These circumstances involved situations where the federal litigation was advanced, where a class settlement was imminent, and/or where there was evidence of collusive procedures such as a reverse auction. *Id.* at 1103. Anvari has not satisfactorily demonstrated that any such

ORDER DENYING MOTION TO ENJOIN STATE COURT PROCEEDINGS
CASE NO. 17-cv-06779-RS

7

circumstances are present here. This litigation is not advanced. There is no indication that Baker, or any other state litigant, has initiated negotiations with defendants or is anywhere near reaching a settlement that threatens to dispose of all or even some of the claims of the putative class members. Finally, as previously discussed, there is slim to no evidence that Baker, his counsel, or any of the defendants have at any point acted in bad faith.

## V. CONCLUSION

For the reasons stated above, Lead Plaintiff Anvari's motion for an injunction is denied without prejudice.

**IT IS SO ORDERED**.

Dated: May 25, 2018

_____
RICHARD SEEBORG
United States District Judge