UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Master File No. 17-cv-06779-RS |
| | **CLASS ACTION** |
| This document relates to: | |
| ALL ACTIONS. | |

## STIPULATION AND AGREEMENT

WHEREAS, on June 10, 2018, Tezos Stiftung ("Tezos Foundation") implemented a "KYC/AML Process," available at https://verification.tezos.com/ ("KYC/AML Registration");

WHEREAS, the KYC/AML Registration requires "contributors" to "indicate that you have read and agree to the Tezos Foundation's Terms and Conditions" (the "KYC/AML Terms and Conditions"), attached hereto as Exhibit A;

WHEREAS, the KYC/AML Terms and Conditions provide, among other provisions:

> "The following terms and conditions ("Terms") govern your acceptance and use of the Tezos Foundation's recommended allocation of XTZ in its proposed genesis block (including in connection with the Tezos Network). You hereby confirm you understand the Terms and hereby expressly agree to be bound by and comply with the Terms.";
>
> "there is no guarantee that you will in fact receive any XTZ as a result of the Foundation's recommended allocation in its proposed genesis block";
>
> **"Limitation of Liability**
>
> **You hereby acknowledge and agree that, to the maximum extent permitted by applicable law, the disclaimers of liability contained herein apply to any and all damages or injury whatsoever caused by or related to risks of, use of, or inability to use, XTZ (including in connection with the Tezos Network) or the loss or devaluation of XTZ under any and all causes of action whatsoever of any kind in any jurisdiction, including, without limitation, actions for breach of warranty, breach of contract or tort (including negligence). To the maximum extent permitted by applicable law, in no event shall the Subject Persons be liable for any indirect, punitive, incidental, special, consequential damages or any

damages whatsoever including, without limitation, damages for loss of use, data or profits, arising out of or in any way connected with the use or performance of XTZ (including in connection with the Tezos Network), with the delay or inability to use XTZ (including in connection with the Tezos Network) or related software, the provision of or failure to provide XTZ, or for any information, software and products obtained in connection with your acceptance and use of the recommended allocation of XTZ in the Foundation's proposed genesis block, or otherwise arising out of your acceptance and use of XTZ (including in connection with the Tezos Network), whether based on contract, tort, negligence, strict liability or otherwise, even if any of the Subject Persons or any of their suppliers have been advised of the possibility of damages. **Notwithstanding anything herein to the contrary, to the maximum extent permitted by applicable law, in no event shall any of the Subject Person's maximum aggregate liability for any and all claims associated with or related to these Terms and/or the issuance of XTZ be greater than CHF50,000."**

"**Dispute Resolution**

For any and all controversies, disputes, demands, claims, or causes of action between you and the Subject Persons (including the interpretation and scope of this Section) arising out of your acceptance or use of the recommended allocation of XTZ in the Foundation's proposed genesis block (including in connection with the Tezos Network), these Terms (as well as any related or prior agreement that you may have had with any of the Subject Persons), or any other aspect of XTZ or the Tezos Network shall be subject to the <u>exclusive jurisdiction of the courts of Zug, Switzerland</u>.

**To the maximum extent permitted by applicable law, in connection with any claims arising out of your acceptance or use of the recommended allocation of XTZ in the Foundation's proposed genesis block (including in connection with the Tezos Network), (i) you will only be permitted to pursue claims against the Subject Persons on an individual basis, not as a plaintiff or class member in any class or representative action or proceeding, and (ii) you will only be permitted to seek relief (including monetary, injunctive, and declaratory relief) on an individual basis."**

(all emphasis in original);

WHEREAS, the parties to this Stipulation seek to clarify that the KYC/AML Terms and Conditions generally, and the above provisions specifically, are intended to address future potential disputes that may arise in connection with the use and operation of the Tezos Network;

WHEREAS, the parties seek to clarify that the KYC/AML Terms and Conditions are not intended to, and do not, have any impact on the parties' claims or defenses in connection with the July 2017 fundraiser ("Tezos Fundraiser") that is the subject of the class action styled *In re Tezos Securities Litigation*, No. 17-cv-6779-RS (N.D. Cal.), including the extent to which the Lead Plaintiff or putative Class members may properly assert their claims relating to the Tezos Fundraiser in the United States, or proceed with or participate in those pending claims on a class-wide basis;

IT IS HEREBY STIPULATED AND AGREED, by the undersigned counsel on behalf of all parties, as follows:

1. The KYC/AML Terms and Conditions are not intended to, and do not, have any impact on the claims or defenses relating to the Tezos Fundraiser that is the subject of *In re Tezos Securities Litigation*.

2. Without limiting the generality of the preceding paragraph 1, and for the avoidance of doubt, the Tezos Foundation shall not cite the fact of, or otherwise rely on, the KYC/AML Terms and Conditions and any purported agreement to those terms and conditions by any member of the Class, to do any of the following in connection with the claims currently asserted in *In re Tezos Securities Litigation*:

    a. Argue that the KYC/AML Terms and Conditions constitute the terms and conditions under which Class members contributed to the Tezos Fundraiser;

    b. Argue that Class members have no contractual or other entitlement or right to receive Tezos tokens ("XTZ");

    c. Argue that Class members have elected to opt out of the putative Class in *In re Tezos Securities Litigation*;

    d. Argue that Class members have waived, compromised or otherwise released any claims arising from their contributions to the Tezos Fundraiser;

    e. Argue that the United States District Court for the Northern District of California does not have personal jurisdiction over the Tezos Foundation;

  f. Argue that the Northern District of California is not a convenient forum under the doctrine of *forum non conveniens*, and/or that Class members may not properly assert their claims relating to the Tezos Fundraiser in the Northern District of California or anywhere else in the United States;

  g. Argue that Class members do not have a claim under Sections 5, 12 and 15 of the Securities Act of 1933 ("Securities Act"), or that the Securities Act does not apply to the transactions in the Tezos Fundraiser;

  h. Argue that Swiss law governs the claims asserted in *In re Tezos Securities Litigation*;

  i. Argue that Class members may not proceed with or participate in the claims asserted in *In re Tezos Securities Litigation* on a class-wide basis;

  j. Argue that any of the requirements for obtaining class certification under Fed. R. Civ. P. 23 are not satisfied, including but not limited to the requirement in Rule 23(b)(3) that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

 3. Lead Plaintiff and the putative Class take no position on the validity or enforceability of the KYC/AML Terms and Conditions, and reserve all rights relating thereto. Specifically, Lead Plaintiff and the putative Class reserve their ability to argue that the KYC/AML Terms and Conditions are legally invalid, coercive and otherwise unenforceable under the laws of any United States or overseas jurisdiction.

 4. Except as set forth in Paragraphs 1 and 2 above, the Tezos Foundation reserves all rights regarding any argument that Lead Plaintiff and the Putative Class may make in the future regarding the validity or enforceability of the KYC/AML Terms and Conditions, which the Foundation believes are fully valid and enforceable. Moreover, nothing in this stipulation is intended to waive, or have any bearing whatsoever on, any of the arguments that the Foundation has raised in its pending motion to dismiss, or arguments that the Foundation may raise in the future that do not

depend on the KYC/AML Terms and Conditions. For avoidance of doubt, the Foundation believes that the terms and conditions that governed the Tezos Fundraiser were and are fully valid and enforceable.

5. To the extent that any Defendant in *In re Tezos Securities Litigation* other than the Tezos Foundation seeks to rely upon the KYC/AML Terms and Conditions to make any argument inconsistent with paragraphs 1 and 2 above, the parties hereto agree that the KYC/AML Terms and Conditions are not intended to benefit or confer any rights on such other Defendant for purposes of making any such argument, and that such other Defendant is not a third-party beneficiary of the KYC/AML Terms and Conditions for purposes of making any such argument.

Dated: June 27, 2018

LTL ATTORNEYS LLP

By: /s/Enoch H. Liang
  Enoch H. Liang
  LTL ATTORNEYS LLP
  601 Gateway Boulevard, Suite 1010
  South San Francisco, California 94080
  Tel: 650-422-2130
  Fax: 213-612-3773
  enoch.liang@ltlattorneys.com

  James M. Lee
  Caleb H. Liang
  LTL ATTORNEYS LLP
  300 S. Grand Ave., 14th Floor
  Los Angeles, California 90071
  Tel: 213-612-8900
  Fax: 213-612-3773
  james.lee@ltlattorneys.com
  caleb.liang@ltlattorneys.com

  Hung G. Ta
  JooYun Kim
  Natalia Williams
  HUNG G. TA, ESQ., PLLC
  250 Park Avenue, 7th Floor
  New York, New York 10177

Dated: June 27, 2018

DAVIS POLK & WARDWELL LLP

By: /s/ Ed
  Neal A. Potischman (SBN 254862)
  Serge A. Voronov (SBN 298655)
  DAVIS POLK & WARDWELL LLP
  1600 El Camino Real
  Menlo Park, California 94025
  Telephone: (650) 752-2000
  Facsimile: (650) 752-2111
  Email: neal.potischman@davispolk.com
         serge.voronov@davispolk.com

  Edmund Polubinski III (*pro hac vice*)
  Andrew S. Gehring (*pro hac vice*)
  DAVIS POLK & WARDWELL LLP
  450 Lexington Avenue
  New York, New York 10017
  Telephone: (212) 450-4000
  Facsimile: (212) 701-5800
  Email: edmund.polubinski@davispolk.com
         andrew.gehring@davispolk.com

  *Attorneys for Defendant Tezos Stiftung*

Tel: 646-453-7288
Fax: 646-453-7289
hta@hgtlaw.com
jooyun@hgtlaw.com
natalia@hgtlaw.com

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class*

    William R. Restis
    THE RESTIS LAW FIRM, P.C.
    550 West C Street, Suite 1760
    San Diego, California 92101
    Tel: 619.270.8383
    william@restislaw.com

    Joe J. DePalma
    Bruce D. Greenberg
    LITE DEPALMA GREENBERG, LLC
    570 Broad Street, Suite 1201
    Newark, NJ 07102
    Tel: (973) 623-3000
    Fax: (973) 623-0858
    Jdepalma@litedepalma.com
    bgreenberg@litedepalma.com

*Additional Counsel for the Class*

| | |
|---|---|
| 1 | FILER'S ATTESTATION |
| 2 | Pursuant to Local Rule 5-1(i)(3), I, Enoch Liang, attest that concurrence in filing this |
| 3 | document has been obtained from the other signatories. |

*/s/ Enoch Liang*
Enoch H. Liang