Neal A. Potischman (SBN 254862)
Serge A. Voronov (SBN 298655)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California  94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: neal.potischman@davispolk.com
        serge.voronov@davispolk.com

Edmund Polubinski III (*pro hac vice*)
Andrew S. Gehring (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:   (212) 701-5800
Email:  edmund.polubinski@davispolk.com
        andrew.gehring@davispolk.com

*Attorneys for Defendant Tezos Stiftung*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This document relates to: All Actions | Master File No. 17-cv-06779-RS<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT TEZOS STIFTUNG'S ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED COMPLAINT**<br><br>Dept.: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Tezos Stiftung (the "Foundation"), by its undersigned attorneys, responds to the allegations contained in the numbered paragraphs of Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint") in the above-captioned action, as to itself, based on its present knowledge.  The Foundation denies all allegations contained in the Consolidated Complaint, including headings, captions, footnotes, the Prayer for Relief, and the Jury Trial Demand, unless specifically admitted.

### RESPONSES TO ALLEGATIONS OF THE CONSOLIDATED COMPLAINT

1.      Denies, except admits that Lead Plaintiff brings a putative class action for alleged violations of the federal securities laws based on contributions of cryptocurrency to a fundraiser conducted in July 2017 (the "Fundraiser") in connection with the Tezos blockchain project (the "Tezos Project").

2.      Denies, except admits that the equivalent of approximately $232 million in bitcoin and ether was raised during the Fundraiser (at July 2017 prices) and that the U.S. dollar value of contributed bitcoin and ether have, according to the website Coinmarketcap.com, fluctuated following the Fundraiser.  Further, denies the allegations in footnote 2, except admits that, according to the website Coinmarketcap.com, bitcoin was valued at $17,131.27 per bitcoin on January 7, 2018, and ether was valued at $1,097.67 per ether.

3.      Contains legal arguments or conclusions of law as to which no response is necessary or required.  To the extent that any response is required, denies.

4.      Contains legal arguments or conclusions of law as to which no response is necessary or required.  To the extent that any response is required, denies, except admits that this paragraph contains excerpts of quotations that appear in the cited sources.  The Foundation respectfully refers the Court to those sources for their complete and accurate contents.

5.      Denies, except admits that the excerpts of quotations from Jay Clayton's January 22, 2018 remarks appear in the cited source.  The Foundation respectfully refers the Court to the cited sources for their complete and accurate contents.

6.      Denies the allegation in the first sentence.  The remaining allegations contain legal arguments or conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

7.      Contains legal arguments or conclusions of law as to which no response is necessary or required.  To the extent any response is required, denies to the extent directed to the Foundation, and otherwise denies knowledge or information sufficient to form a belief as to their truth as to other persons.  Further, denies the allegations in footnote 4, except admits that HitBTC purports to be a cryptocurrency exchange accessible via the internet and that footnote 4 contains an excerpt of a quotation that appears in the cited source, which excerpt does not pertain to Tezos.  The Foundation respectfully refers the Court to that source for its complete and accurate contents.

8.      Denies, except admits that the Foundation was to receive a recommended allocation of approximately 10% of the initial allocation of XTZ in order to finance the purchase of the shares of Dynamic Ledger Solutions, Inc ("DLS"), and that the Foundation was to receive a recommended allocation of approximately 10% of the initial allocation of XTZ to be used at the Foundation's discretion.  The Foundation respectfully refers the Court to the Tezos Contribution and XTZ Allocation Terms and Explanatory Notes ("Contribution Terms"), which describe the recommended allocations, for their complete and accurate contents.

9.      Denies, and respectfully refers the Court to the Contribution Terms, which describe the Foundation's obligations in connection with the Fundraiser, for their complete and accurate contents.

10.     Contains legal arguments and conclusions of law as to which no response is necessary or required.  To the extent any response is required, denies.

11.     Contains legal arguments and conclusions of law as to which no response is necessary or required.  To the extent any response is required, denies.

12.     Contains legal arguments and conclusions of law as to which no response is necessary or required.  To the extent any response is required, denies.

13.     Contains legal arguments and conclusions of law as to which no response is necessary or required.  To the extent any response is required, denies.

2

14.     Denies to the extent directed to the Foundation, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations as to other persons.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

16.     Admits the allegation in first sentence.  Denies the allegations in the second and third sentences, except admits that the Foundation has a contractual agreement with DLS and took custody of the proceeds of the Fundraiser.

17.     The allegation in the first sentence contains a legal argument or conclusion of law as to which no response is necessary or required.  To the extent any response is required, denies the allegation in the first sentence, except admits that the Court has determined that it has jurisdiction over the Foundation.  Denies the allegation in the second sentence, except admits that the Fundraiser was conducted for approximately two weeks during July 2017.  Admits that the allegations in the third and fourth sentences contain excerpts of quotations that appear in the cited source, and respectfully refers the Court to the Tezos Overview for its complete and accurate contents.  Denies the allegations in the fifth sentence, except admits that the allegations contain excerpts of quotations that appear in the cited source, and respectfully refers the Court to the Tezos Overview for its complete and accurate contents.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations in the sixth sentence.  Denies the allegation in the seventh sentence.

18.     The allegation in the first sentence contains a legal argument or conclusion of law to which no response is required.  To the extent any response is required, denies the allegation in the first sentence.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that a video purporting to be an "instructional video" by Ross Kenyon was posted on YouTube.

19.     Denies, except admits that the domain name registration information for tezos.com purports to identify Johann Gevers and the Foundation's address as the administrative contact, that Mr. Gevers was a director of the Foundation at the time of the Fundraiser, and that the allegations

1   contain excerpts of quotations that appear in the cited sources.  The Foundation respectfully refers

2   the Court to these sources for their complete and accurate contents.

3         20.    Denies knowledge or information sufficient to form a belief as to the truth of the

4   allegations.

5         21.    Denies knowledge or information sufficient to form a belief as to the truth of the

6   allegations.

7         22.    Denies knowledge or information sufficient to form a belief as to the truth of the

8   allegations.

9         23.    Denies knowledge or information sufficient to form a belief as to the truth of the

10   allegations.

11         24.    Denies knowledge or information sufficient to form a belief as to the truth of the

12   allegations.

13         25.    Contains legal arguments and conclusions of law to which no response is necessary

14   or required.  To the extent any response is required, denies to the extent directed to the Foundation

15   and denies knowledge or information sufficient to form a belief as to the truth of the remaining

16   allegations, except admits that Bitcoin Suisse provided financial services to the Foundation in

17   connection with the Fundraiser.

18         26.    Denies the allegations in the first sentence, except admits that Bitcoin Suisse acted

19   as a co-signatory for funds contributed during the Fundraiser.  Denies knowledge or information

20   sufficient to form a belief as to the remaining allegations.

21         27.    Denies, except admits that the Tezos Project involves blockchain technology, and

22   that the allegations contain an excerpt of a quotation that appears in the cited source.  The

23   Foundation respectfully refers the Court to that source for its complete and accurate contents.

24         28.    Denies knowledge or information sufficient to form a belief as to the truth of the

25   allegations, except admits that the blockchain technology utilized by the Tezos Project is

26   decentralized and not controlled or maintained by any single entity.

27

28

TEZOS STIFTUNG'S ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED COMPLAINT
MASTER FILE NO. 17-CV-06779-RS

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the blockchain technology utilized by the Tezos Project records transactions throughout the world.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the blockchain technology utilized by the Tezos Project is widely distributed and designed to prevent false transactions from being recorded.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences, except admits that the blockchain technology utilized by the Tezos Project involves the creation of virtual tokens that entitle holders to vote on amendments to the protocol. Denies the allegation in the fourth sentence, except admits that the allegation contains an excerpt of a quotation that appears in the cited source. The Foundation respectfully refers the Court to the cited source for its complete and accurate content.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the Tezos White Paper purports to discuss the Tezos Project. The Foundation respectfully refers the Court to the Tezos White Paper for its complete and accurate content.

34. Denies, except admits that the Tezos White Paper purports to describe the Tezos Project. The Foundation respectfully refers the Court to the Tezos White Paper for its complete and accurate content.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

37. Denies, except admits that the allegations contain excerpts of quotations that appear in the cited source. The Foundation respectfully refers the Court to the cited source for its complete and accurate content.

5

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies the allegations to the extent that they purport to describe the Fundraiser.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to the cited source for its complete and accurate content.

41.     Denies, except admits that the Fundraiser was held from approximately July 1, 2017 to July 14, 2017 and was open to the public.

42.     Denies, except admits that the Fundraiser had no limit on the number of contributors who could participate or on the amount that could be contributed by any one donor.

43.     Denies, and respectfully refers the Court to the Contribution Terms, which describe the recommended allocations, for their complete and accurate contents.

44.     Denies.

45.     Denies.

46.     Denies, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

47.     Denies, except admits that the Foundation was founded as a Swiss non-profit (Stiftung) with its principle place of business in Zug, Switzerland; that the Foundation's mission includes providing support in the form of grants in connection with the Tezos protocol; and that the allegations contain excerpts of quotations that appear in the cited sources.  The Foundation respectfully refers the Court to those sources for their complete and accurate content.

48.     Denies, except admits that the Foundation did not control www.tezos.ch as of the date of the complaint and that the allegations contain excerpts of quotations that appear in the cited sources.  The Foundation respectfully refers the Court to those sources for their complete and accurate content.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.  Further, denies the allegations in footnote 23, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain excerpts of quotation that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the Fundraiser was scheduled to begin on Saturday, July 1, 2017 at 6:00 a.m. UTC.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Bitcoin Suisse acted as a co-signatory for funds contributed during the Fundraiser.

7

60.     Denies.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

64.     Denies.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies to the extent that they purport to describe the Fundraiser, which is described in the Contribution Terms.  The Foundation respectfully refers the Court to that document for its complete and accurate content.

66.     Denies.

67.     Admits that the allegations describe, in general, certain aspects of some cryptocurrencies, but denies the allegations to the extent that they purport to describe the technology underlying the Tezos Project.

68.     Admits that the allegations describe, in general, certain aspects of some cryptocurrencies, but denies the allegations to the extent that they purport to describe the technology underlying the Tezos Project.

69.     Admits that the allegations describe, in general, certain aspects of some cryptocurrencies, but denies the allegations to the extent that they purport to describe the technology underlying the Tezos Project.

70.     Denies to the extent directed at the Foundation, and otherwise denies knowledge or information sufficient to form a belief as to the truth as to the remaining allegations.

8

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies that contributors to the Fundraiser were investors and admits that contributors to the Fundraiser were provided with digital wallets, private keys, and public keys.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies that contributors to the Fundraiser were investors and admits that the Foundation provided contributors with addresses to make contributions in bitcoin and ether and that addresses for contributions in bitcoin were unique to each contributor.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies that contributions to the Fundraiser effected a digital transaction.

75.     Denies.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the website check.tezos.com enabled contributors to confirm their recommended allocation of XTZ.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences, except admits that bitcoin and ether contributions to the Fundraiser were recorded on the Bitcoin and Ethereum blockchain ledgers, respectively.  The allegations in the third sentence contain legal arguments and conclusions of law to which no response is necessary or required.  To the extent a response any required, denies the allegations in the third sentence.

78.     Denies, except admits that over 30,000 wallets were funded during the Fundraiser and that the Foundation recommended the allocation of  Tezos tokens in its genesis block.

79.     Denies, except admits that the Foundation was to recommend that approximately 10% of the initial allocation of Tezos tokens be allocated to it and vest over four years.  The Foundation respectfully refers the Court to the Transparency Memo for its complete and accurate contents, as well as to the Contribution Terms.

1       80.     Denies, except admits that the Foundation collected the Fundraiser contributions to provide support to the Tezos Project, pursuant to the Foundation's charter.  Further, the allegations in the first sentence of footnote 28 contain legal arguments or conclusions of law to which no response is necessary or required.  Denies the allegations in the second and third sentences of footnote 28, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

81.     Contains legal arguments or conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

82.     Contains legal arguments or conclusions of law to which no response is necessary or required.  To the extent any response is required, denies, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

83.     Contains legal arguments or conclusions of law to which no response is necessary or required.  To the extent any response is required, denies, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

84.     Contains legal arguments or conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

85.     Contains legal arguments or conclusions of law to which no response is necessary or required.  To the extent any response is required, denies, except admits that participants in the Fundraiser made contributions of bitcoin and ether.

86.     Denies to the extent directed at the Foundation, except admits that participants in the Fundraiser made contributions of bitcoin and ether.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

87.     Denies, except admits that the allegations contain excerpts of quotations that appear in the cited sources.  The Foundation respectfully refers the Court to those sources for their complete and accurate content.

10

1    88.    Denies knowledge or information sufficient to form a belief as to the truth of the

2    allegations, except admits that the allegations contain an excerpt of a quotation that appears in the

3    cited source.  The Foundation respectfully refers the Court to that source for its complete and

4    accurate content.

5    89.    Denies knowledge or information sufficient to form a belief as to the truth of the

6    allegations, except admits that the allegations contain an excerpt of a quotation that appears in the

7    cited source.  The Foundation respectfully refers the Court to that source for its complete and

8    accurate content.

9    90.    Denies to the extent directed at the Foundation.  Denies knowledge or information

10   sufficient to form a belief as to the truth of the remaining allegations.

11   91.    Denies knowledge or information sufficient to form a belief as to the truth of the

12   allegations, except admits that the allegations contain an excerpt of a quotation that appears in the

13   cited source.  The Foundation respectfully refers the Court to that source for its complete and

14   accurate content.

15   92.    Denies to the extent directed at the Foundation.  Denies knowledge or information

16   sufficient to form a belief as to the truth of the remaining allegations.

17   93.    Denies knowledge or information sufficient to form a belief as to the truth of the

18   allegations, except admits that the allegations contain excerpts of quotations that appear in the cited

19   source.  The Foundation respectfully refers the Court to that source for its complete and accurate

20   content.

21   94.    Denies to the extent directed at the Foundation.  Denies knowledge or information

22   sufficient to form a belief as to the truth of the remaining allegations.

23   95.    Denies knowledge or information sufficient to form a belief as to the truth of the

24   allegations.

25   96.    Denies, except admits that the Contribution Terms identify certain risks associated

26   with the Fundraiser.  The Foundation respectfully refers the Court to the Contribution Terms for

27   their complete and accurate content.

28

97.     Denies, except admits that holders of Tezos tokens are permitted to vote on upgrades to the blockchain protocol and amendments to the voting procedure and that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

98.     Contains legal arguments or conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

99.     Denies.

100.     Denies, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

101.     Denies, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

102.     Denies, except admits that the Foundation collected the Fundraiser contributions to provide support to the Tezos Project, pursuant to the Foundation's charter.

103.     Denies to the extent directed at the Foundation.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotations that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

109.    Denies to the extent directed at the Foundation.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotation that appears in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

112.    Denies.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain excerpts of quotations that appear in the cited

source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

114.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

116.    Denies.

117.    Denies.

118.    Denies to the extent directed at the Foundation.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that the allegations contain excerpts of quotations that appear in the cited sources.  The Foundation respectfully refers the Court to those sources for their complete and accurate content.

119.    Denies, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

120.    Denies, except admits that the Foundation announced a commitment of $50 million in funding to companies looking to build on the Tezos platform.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotation that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain an excerpt of a quotation that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

124.    Denies.

125.    Denies, except admits that the Contribution Terms were posted to tezos.ch, that contributors to the Fundraiser were not entitled to receive anything solely by virtue of their contributions, and that the allegations contain excerpts of quotations that appear in the Contribution Terms.  The Foundation respectfully refers the Court to the Contribution Terms for their complete and accurate content.

126.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies, except admits that the Contribution Terms were posted on tezos.ch.

127.    Denies.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the allegations contain excerpts of quotations that appear in the cited source.  The Foundation respectfully refers the Court to that source for its complete and accurate content.

129.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, the Foundation admits that the action purports to represent a class of persons who contributed to the Fundraiser.

130.    Contains legal arguments and conclusions of law to which no response is necessary or required.

131.    Denies the allegations in the first sentence, except admits that over 30,000 wallets were funded during the Fundraiser.  The remaining allegations contain legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies the remaining allegations.

132.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

133.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

134.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

135.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

136.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

137.    The Foundation incorporates by reference and restates its responses as set forth in paragraphs 1 to 136 of this Answer.

138.    Contains legal arguments and conclusions of law to which no response is necessary or required.

139.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

140.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

141.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

142.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies, except admits that no registration statement was filed with the SEC in connection with the Fundraiser.

143.    Contains legal arguments and conclusions of law to which no response is necessary or required.  To the extent any response is required, denies.

144.    The Foundation incorporates by reference and restates its responses as set forth in paragraphs 1 to 143 of this Answer.

145.    Contains legal arguments and conclusions of law and is not directed at the Foundation, and thus no response is required.

146.    Contains legal arguments and conclusions of law and is not directed at the Foundation, and thus no response is required.  To the extent any response is required, denies.

147.    Contains legal arguments and conclusions of law and is not directed at the Foundation, and thus no response is required.  To the extent any response is required, denies.

148.    Contains legal arguments and conclusions of law and is not directed at the Foundation, and thus no response is required.  To the extent any response is required, denies.

149.    Contains legal arguments and conclusions of law and is not directed at the Foundation, and thus no response is required.  To the extent any response is required, denies.

150.    Contains legal arguments and conclusions of law and is not directed at the Foundation, and thus no response is required.  To the extent any response is required, denies.

## **DEFENSES**

Without assuming any burden that it would not otherwise bear, the Foundation asserts the following defenses to Lead Plaintiff's Consolidated Complaint.

### **First Defense**

Lack of standing bars Lead Plaintiff's claims.

### **Second Defense**

Lead Plaintiff is precluded from any recovery asserted in the Consolidated Complaint because Lead Plaintiff has sustained no injury or damages whatsoever as a result of any acts committed by Foundation or purportedly chargeable to the Foundation.

### **Third Defense**

Lack of jurisdiction over the Foundation bars Lead Plaintiff's claims as to the Foundation.

### **Fourth Defense**

Lead Plaintiff's claims are barred because he agreed to a different forum for the resolution of his claims.

TEZOS STIFTUNG'S ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED COMPLAINT
MASTER FILE NO. 17-CV-06779-RS

1

**Fifth Defense**

2

The Consolidated Complaint should be dismissed on grounds of *forum non conveniens*.

3

**Sixth Defense**

4

Lead Plaintiff's claims are barred because Lead Plaintiff's contribution to the Foundation

5

constituted a foreign transaction, to which the U.S. securities laws do not apply.

6

**Seventh Defense**

7

Lead Plaintiff claims are barred because he agreed that Swiss Law, not U.S. law, would

8

apply to any dispute arising out of or in connection with his contribution.

9

**Eighth Defense**

10

The Consolidated Complaint fails to state facts sufficient to state a claim upon which relief

11

can be granted.

12

**Ninth Defense**

13

Lead Plaintiff's claims are barred because he has not adequately tendered his tokens as

14

required by Section 12(a)(1) of the Securities Act of 1933.

15

**Tenth Defense**

16

Lead Plaintiff's claims are barred because the Foundation is not a "seller" within the

17

meaning of Section 12(a)(1) of the Securities Act of 1933.

18

**Eleventh Defense**

19

Lead Plaintiff's claims are barred because the Tezos token is not a security as defined under

20

the federal securities laws.

21

**Twelfth Defense**

22

Lead Plaintiff's claims are barred because, assuming that the transactions described herein

23

were "securities" as defined under the federal securities laws—which is denied—such transactions

24

were exempt from registration.

25

**Thirteenth Defense**

26

Lead Plaintiff's claims are barred to the extent that the alleged offer or sale of a security did

27

not involve the use of interstate commerce or the mails.

28

**Fourteenth Defense**

Lead Plaintiff's claims are barred because no wrongful conduct attributable to Foundation was the cause-in-fact or proximate cause of any injury or damage that Lead Plaintiffs purportedly sustained.  To the extent that Lead Plaintiff sustained any injury or damage as alleged in the Consolidated Complaint, which is denied, any such injury or damage was caused and brought about by other factors, including, but not limited to, economic factors and/or the acts, conduct or omissions of individuals and/or entities other than the Foundation.

**Fifteenth Defense**

The Consolidated Complaint and each and every purported claim therein are barred by the doctrine of third party liability.  If Lead Plaintiff sustained any loss, injury, or damages, equitable or legal, these were contributed to by, incurred as a result of, and directly and proximately caused by the breach, acts, omissions, negligence, recklessness, failure to exercise due care, and/or intentional acts of one or more third parties, not the Foundation.

**Sixteenth Defense**

Lead Plaintiff's claims are barred in whole or in part because the Foundation acted in good faith, exercised reasonable care, and complied with any duties owed to Lead Plaintiff with respect to matters alleged in the Consolidated Complaint.

**Seventeenth Defense**

Lead Plaintiff's claims are barred, in whole or in part, under the doctrine of *in pari delicto*.

**Eighteenth Defense**

Lead Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

**Nineteenth Defense**

Lead Plaintiff fails to allege the specific damages he has suffered, and any damages Lead Plaintiff alleges to have suffered from the matters alleged in the Consolidated Complaint are too remote, uncertain, or speculative to allow recovery.

**Twentieth Defense**

Other defendants and/or their agents and employees were comparatively at fault and, should Lead Plaintiff recover damages against the Foundation, then the Foundation is entitled to have the amount abated, reduced, or eliminated.

**Twenty-First Defense**

No basis in contract, case law, or statute exists for Lead Plaintiff's claim for prejudgment interest.

**Twenty-Second Defense**

No basis in contract, case law, or statute exists for Lead Plaintiff's claim for attorneys' fees and costs of suit, including expert fees.

**Twenty-Third Defense**

No basis in contract, case law, or statute exists for Lead Plaintiff's claim for a constructive trust.

**Twenty-Fourth Defense**

No basis in contract, case law, or statute exists for Lead Plaintiff's claim for an accounting of remaining assets and funds raised by the Foundation during the Fundraiser.

**Twenty-Fifth Defense**

Any recovery by Lead Plaintiff is barred, in whole or in part, by Lead Plaintiff's failure to mitigate his purported damages.

**Twenty-Sixth Defense**

Lead Plaintiff would be improperly and unjustly enriched were he allowed to recover any relief claimed to be due.

**Twenty-Seventh Defense**

Lead Plaintiff's claims are barred, in whole or in part, by the Contribution Terms, including but not limited to his representations, acknowledgements, and agreements pursuant thereto.

**Twenty-Eighth Defense**

Lead Plaintiff's claims are barred, in whole or in part, by the existence of sufficient remedies at law.

20

1

### Twenty-Ninth Defense

2      Lead Plaintiff's claims may not be maintained as a class action because Lead Plaintiff

3 waived the right to participate in a class action lawsuit against the Foundation.

4

### Thirtieth Defense

5      Lead Plaintiff's claims may not be maintained as a class action for failure to satisfy the

6 requirements of Federal Rule of Civil Procedure 23.

7

### Thirty-First Defense

8      The Foundation hereby reserves and asserts all affirmative defenses available under federal

9 law.  The Foundation presently has insufficient knowledge or information as to whether it may

10 have other, as yet unstated, affirmative defenses in the event that discovery indicates that it would

11 be appropriate, including at later enforcement stages of this proceeding, if necessary.

12

### PRAYER FOR RELIEF

13      WHEREFORE, the Foundation prays as follows:

14      1.     That the Consolidated Complaint be dismissed with prejudice;

15      2.     That the Court enter judgment in favor of the Foundation;

16      3.     That the Court award the Foundation its costs and expenses, including attorneys'

17             fees; and

18      4.     That the Court award further relief as deemed just and proper.

19

20

21

22

23

24

25

26

27

28

Dated:   September 14, 2018                      DAVIS POLK & WARDWELL LLP


By:   */s/ Neal A. Potischman*
      Neal A. Potischman (SBN 254862)
      Serge A. Voronov (SBN 298655)
      1600 El Camino Real
      Menlo Park, California  94025
      Telephone: (650) 752-2000
      Facsimile:  (650) 752-2111
      Email:      neal.potischman@davispolk.com
                  serge.voronov@davispolk.com

      Edmund Polubinski III (*pro hac vice*)
      Andrew S. Gehring (*pro hac vice*)
      DAVIS POLK & WARDWELL LLP
      450 Lexington Avenue
      New York, New York 10017
      Telephone: (212) 450-4000
      Facsimile:  (212) 701-5800
      Email:      edmund.polubinski@davispolk.com
                  andrew.gehring@davispolk.com

      *Attorneys for Defendant Tezos Stiftung*