1  BAKER MARQUART LLP
   BRIAN E. KLEIN (258486)
2  (bklein@bakermarquart.com)
   SCOTT M. MALZAHN (229204)
3  (smalzahn@bakermarquart.com)
   DONALD R. PEPPERMAN (109809)
4  (dpepperman@bakermarquart.com)
   TERESA L. HUGGINS (263257)
5  (thuggins@bakermarquart.com)
   777 So. Figueroa Street, Suite 2850
6  Los Angeles, CA 90017
   Telephone: (424) 652-7800
7  Facsimile: (424) 652-7850

8  Attorneys for Defendants
   DYNAMIC LEDGER SOLUTIONS, INC.,
9  KATHLEEN BREITMAN AND ARTHUR
   BREITMAN

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14  IN RE TEZOS SECURITIES LITIGATION          Case No: 3:17-cv-06779-RS

15                                             **CLASS ACTION**

16  This document relates to:                  **DEFENDANT ARTHUR BREITMAN'S**
                                               **ANSWER TO LEAD PLAINTIFF'S**
17              ALL ACTIONS                     **CONSOLIDATED COMPLAINT FOR**
                                               **VIOLATIONS OF THE FEDERAL**
18                                             **SECURITIES LAWS**

19

20                                             Judge:   Hon. Richard Seeborg
                                               Courtroom 3

21

22

23

24

25

26

27

28

*(left margin, vertical text)* BAKER MARQUART LLP · 777 S. FIGUEROA STREET, SUITE 2850 · LOS ANGELES, CA 90017 · Tel: (424) 652-7800 • Fax: (424) 652-7850

1

## ANSWER

In accordance with the Federal Rules of Civil Procedure, Defendant Arthur Breitman ("Arthur"), by his undersigned attorneys, answers the allegations contained in the numbered paragraphs of Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint") in the above-captioned action, as to himself, based on his present knowledge. Arthur denies all allegations contained in the Consolidated Complaint, including headings, captions, footnotes, the Prayer for Relief, and the Jury Trial Demand, unless specifically admitted. Additionally, Arthur's answers shall not be construed as a waiver of any privilege or protection.

## I.   RESPONSE TO ALLEGATIONS IN LEAD PLAINTIFF'S CONSOLIDATED COMPLAINT

## I.   INTRODUCTION

1.      Admit that this is a putative class action arising under securities law that is allegedly brought on behalf of certain persons who contributed Bitcoin and/or Ether to the fundraiser (the "Tezos Fundraiser") conducted by defendant Tezos Stiftung (the "Foundation") that took place between July 1, 2017 and July 13, 2017.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 1.

2.      Admit that the Tezos Fundraiser was conducted from July 1 to July 13, 2017, which resulted in contributions of Bitcoin and Ether with a value of about $232 million (at July 2017 prices). The value of Bitcoin and Ether as reported by CoinMarketCap speaks for itself.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 2.

3.      Paragraph 3 contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 3.

4.      Admit that the quoted language in paragraph 4 appears in the cited sources.  Paragraph 4 contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 4.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

5.      Admit that the quoted language in paragraph 5 attributed to remarks purportedly given by Jay Clayton on January 22, 2018 appear in a document posted on the SEC's website entitled *Opening Remarks at the Securities Regulation Institute*.  Arthur refers the Court to the cited sources for their complete and accurate contents.  Except as expressly admitted, Arthur otherwise denies each and every remaining allegation in paragraph 5.

6.      Deny.

7.      Deny.

8.      Admit that, subject to certain terms and conditions, DLS's shareholders have certain contractual rights to consideration that may be paid to them in exchange for all outstanding shares of DLS at a future time.  The governing contracts speak for themselves.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 8.

9.       Paragraph 9 contains arguments, opinions and legal conclusions that require no response.  Arthur refers the Court to the "Tezos Contribution and XTZ Allocation Terms and Explanatory Notes" (the "Contribution Terms"), which speaks for itself.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 9.

10.      Deny.

## II.    JURISDICTION

11.      Paragraph 9 contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 9.

12.      Admit that DLS previously resided in this District.  To the extent that paragraph 12 pertains to other defendants, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.  Except as expressly admitted, Arthur denies each and every allegation of paragraph 12.

13.      Paragraph 13 contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 13.

III.   **PARTIES**

14.     Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph pertaining to the residency of Lead Plaintiff and his alleged contribution to the Fundraiser, and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 14.

15.     Admit that DLS is a Delaware corporation.  Admit that DLS had its principal place of business at one time in Mountain View, California, which was previously the residence of Arthur Breitman and Kathleen Breitman.  Admit that DLS's current shareholders consist of Arthur Breitman, Kathleen Breitman and Draper Associates V. Crypto LLC.  Admit that DLS owns certain intellectual property rights associated with the Tezos project, including, but not limited to, source code, logos, and trademark applications associated with the name Tezos.  Paragraph 15 also contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 15.

16.     Admit that defendant Tezos Stiftung (the "Foundation") is organized as a Swiss nonprofit foundation, with its principal place of business in Zug, Switzerland; the Foundation has custody of the proceeds of the Tezos Fundraiser, and has entered into certain agreements with DLS.  Arthur is without sufficient knowledge or information to form a belief as to the truth of the "claims" allegedly made by the Foundation as described in paragraph 16 and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 16.

17.     Admit that the Foundation conducted the Tezos Fundraiser between July 1, 2018 and July 13, 2018, and received donations of Bitcoin and Ether from contributors around the world, including, but not limited to, the United States; the "crowdfund.tezos.com" website used by the Foundation is a sub-domain of tezos.com; approximately 31,000 wallets were funded during the Tezos Fundraiser.  Admit that the quoted statements in paragraph 17 appear in the "Tezos Overview" document identified in this paragraph; Arthur refers the Court to the Tezos Overview for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 17.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

18.     Admit that a video purporting to be an "instructional video" by Ross Kenyon appears on YouTube.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 18.

19.     Admit that Johann Gevers was a director of the Foundation at the time of the Tezos Fundraiser.  The domain registration information for tezos.com speaks for itself.  Admit that, with the exception of the quoted language "receive[d] and manage[d] all contributions", the remaining language quoted in paragraph 19 appears in the source referenced in footnote 7; Arthur refers the Court to this source for its complete and accurate contents.  Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and on that basis denies them.

20.     Admit that Arthur Breitman previously resided with his wife, Kathleen Breitman, at an apartment in Mountain View, California.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 20.

21.     Admit that Kathleen Breitman is the Chief Executive Officer of DLS.  Admit that the statement quoted in paragraph 21 appears to have been accurately transcribed from the source identified in footnote 8; Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 21.

22.     Because Timothy Draper has been dismissed as a party, this allegation is irrelevant and no further response is required.  To the extent that a response is deemed necessary, Arthur admits that Draper Associates V. Crypto LLC is a minority shareholder in DLS.  Arthur is without sufficient knowledge or information to form a belief as to the truth of other allegations that pertain to other named or unnamed parties in paragraph 22 and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 22.

23.     Because Draper Associates V. Crypto LLC has been dismissed as a party, this allegation is irrelevant and no further response is required.  To the extent that a response is deemed necessary, Arthur admits that Draper Associates V. Crypto LLC is a minority shareholder in DLS.  Arthur is without sufficient knowledge or information to form a belief as to the truth of other

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

allegations in paragraph 23 and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 23.

24.     Because Bitcoin Suisse AG has been dismissed as a party, this allegation is irrelevant and no further response is required.  To the extent that a response is deemed necessary, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 24.

25.     Because Bitcoin Suisse AG has been dismissed as a party, this allegation is irrelevant and no further response is required.  To the extent that a response is deemed necessary, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and on that basis denies them.  Paragraph 25 also contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 25.

26.     Because Bitcoin Suisse AG has been dismissed as a party, this allegation is irrelevant and no further response is required.  To the extent that a response is deemed necessary, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies them.  Paragraph 26 also contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 26.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.     BLOCKCHAIN TECHNOLOGIES GENERALLY

27.     Admit that the blockchains underlying Bitcoin and Ethereum are examples of blockchain technologies, and that the Tezos project is intended, in part, to continue development of a blockchain technology.  Admit that the quoted language in paragraph 27 appears in the source cited in footnote 10; Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 27.

28.     Admit that the blockchain technology used by the Tezos project is decentralized and not controlled or maintained by any single entity.  Arthur is without sufficient knowledge or

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

- 5 -

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1    information to form a belief as to the truth of the allegations in paragraph 28 that purport to apply to

2    all blockchain technologies, and on that basis denies them.  Except as expressly admitted, Arthur

3    denies each and every remaining allegation of paragraph 28.

4           29.    Arthur is without sufficient knowledge or information to form a belief as to the truth

5    of the allegations in paragraph 29 that purport to apply to all transactions on other blockchain

6    technologies, and on that basis denies them.  Except as expressly admitted, Arthur denies each and

7    every remaining allegation of paragraph 29.

8           30.    Admit that the blockchain technology used by the Tezos project is widely distributed

9    and designed to prevent the recordation of false transactions.  Arthur is without sufficient knowledge

10   or information to form a belief as to the truth of allegations in paragraph 30 that purport to apply to

11   all blockchains, and on that basis denies them.  Except as expressly admitted, Arthur denies each and

12   every remaining allegation of paragraph 30.

13          31.    Admit that the Tezos project involves the creation of virtual tokens that entitle holders

14   to vote on amendments to the protocol. Admit that the quoted language in the last sentence of

15   paragraph 31 appears in the source identified in footnote 11; Arthur refers the Court to this source for

16   its complete and accurate contents.  Arthur is without sufficient knowledge or information to form a

17   belief as to the truth of the allegations in paragraph 31 that purport to apply to all blockchain

18   technologies and distributed ledgers, and on that basis denies them.

19   **B.      THE TEZOS PROJECT**

20          32.    Admit that Arthur Breitman formulated an idea for a new, self-governing and self-

21   amending blockchain:  Tezos.  Admit that the quoted statement in paragraph 32 appears in the source

22   identified in footnote 12; Arthur refers the Court to this source for its complete and accurate contents.

23   Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 32.

24          33.    Admit that, in 2014, Arthur Breitman posted a version of a white paper (the "White

25   Paper") that described the concept for and benefits of Tezos, which was described in the paper as "a

26   generic and self-amending crypto-ledger."  The White Paper speaks for itself and Arthur refers the

27   Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur

28   denies each and every remaining allegation of paragraph 33.

- 6 -

34.    Deny.

35.    Admit that DLS was formed in August 2015 and holds certain intellectual property rights associated with the Tezos project.  Admit that, since March 28, 2017, the Chief Executive Officer of DLS has been Kathleen Breitman and the Chief Technology Officer has been Arthur Breitman.  Admit that DLS's principal place of business has previously been identified as the former residence of Kathleen Breitman and Arthur Breitman in Mountain View, California.   Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 35.

36.    Admit that prior to the Tezos Fundraiser, certain individuals and entities paid DLS for the right to receive a certain value of Tezos tokens upon the occurrence of certain conditions.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 36.

37.    Admit that the quoted statements in paragraph 37 appear in the source identified in footnote 37; Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 37.

38.    Admit that Draper Associates V Crypto LLC has a minority ownership interest in DLS. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 38.

C.    **THE TEZOS ICO**

39.    Arthur denies that the allegations in paragraph 39 accurately describe the Tezos Fundraiser.  Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 that purport to describe "ICOs" in general, and on that basis denies them.

40.    Admit that Arthur Breitman has used "arthurb" as a social media identifier on bitcointalk.org.  Admit that the quoted statements in paragraph 40 appear in the source identified in footnote 16; Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 40.

41.    Admit that the Tezos Fundraiser was open to the public and took place from July 1, 2017 through July 13, 2017.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 41.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

42.     Admit that there was no limit on the number of contributors who could participate, or the amount that could contributed by any one donor, to the Tezos Fundraiser.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 42.

43.     The Contribution Terms speaks for itself; Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 43.

44.     Paragraph 44 requires no response.  Except as expressly admitted, these allegations are denied.

**D.     DEFENDANTS' ROLES IN THE TEZOS ICO**

45.     Deny.

**1.     DLS And The Tezos Foundation**

46.     Admit that DLS owns certain intellectual property associated with the Tezos project. Admit that the quoted statement in paragraph 46 appears in the source identified in footnote 17; Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 46.

47.     Admit that the Foundation was established in 2017 as a Swiss non-profit in Zug, Switzerland.  Admit that the Foundation agreed to recommend the allocation of XTZ tokens in the Genesis State according to the terms and conditions set forth in the Contribution Terms, which speaks for itself.  Admit that the quoted statements in paragraph 47 appear in the source identified in footnotes 18 and 19; Arthur refers the Court to this source for its complete and accurate contents. Admit that the Foundation and DLS entered into certain agreements, which speak for themselves. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 47.

48.     Admit that the quoted statements in paragraph 48 appear in the sources identified in that paragraph and footnote 20; Arthur refers the Court to this source for its complete and accurate contents.  Admit that Johann Gevers previously was one of the directors of the Foundation.  Arthur is without sufficient knowledge or information to form a belief as to the truth of other allegations in paragraph 48 that pertain to statements allegedly made by third parties and on that basis denies them. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 48. 48.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

## 2.     The Breitmans

49.     Admit that, since at least mid-2016, Arthur Breitman and Kathleen Breitman have posted about the Tezos project on Reddit.  Admit that Arthur Breitman has previously posted to Reddit under the usernames "murbard" and "abtezos," and Kathleen Breitman has previously posted to Reddit under the username "breitwoman."  Arthur refers the Court to these posts for their complete and accurate contents.  Arthur is without sufficient knowledge or information to form a belief as to the truth of other allegations in paragraph 49 consisting of general descriptions about a third party website, and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 49.

50.     Admit that, in the months leading up to the Tezos Fundraiser, Arthur Breitman (under the usernames "murbard" and "abtezos") and Kathleen Breitman (under the username "breitwoman") posted on r/Tezos.  Admit that these posts concerned a variety of subjects about the Tezos project, which speak for themselves.  Arthur refers the Court to these posts for their complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 50.

51.     Admit that the statements quoted in paragraph 51 appear in the Reddit discussion threads referenced in this paragraph, and that Arthur Breitman used the usernames "abtezos" and "murbard" to post the messages attributed to him in this paragraph.  Arthur refers the Court to these sources for their complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 51.

52.     Admit that the questions allegedly made by "another user" that are quoted in paragraph 52 appear in the Reddit discussion thread referenced in this paragraph; Arthur refers the Court to this source for its complete and accurate contents.  Arthur is without sufficient knowledge or information to form a belief as to the truth of other allegations in this paragraph concerning a post that does not appear on this discussion thread, and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 52.

53.     Admit that the statements quoted in paragraph 53 appear in the Reddit discussion threads referenced in this paragraph.  Arthur refers the Court to these sources for their complete and

1 | accurate contents.  Admit that Arthur used the username "murbard" to post the messages attributed
2 | to him in this paragraph.  To the extent the allegations in this paragraph concern the identity of another
3 | person who allegedly posted a particular message, Arthur is without sufficient knowledge or
4 | information to form a belief as to the truth of those allegations and on that basis denies them.  Except
5 | as expressly admitted, Arthur denies each and every remaining allegation of paragraph 53.

6 |     54.    Admit that all or portions of an "Ask Me Anything" (or "AMA") session appear to
7 | have been posted on a Reddit sub-forum of Ark.  Admit the language "one woman band", "promoting
8 | the protocol", "after the sale" and "I don't have any plans to leave the US" appear in this post.  Arthur
9 | refers the Court to these sources for their complete and accurate contents.  To the extent the allegations
10 | in this paragraph concern the identity of another person who allegedly posted a particular message,
11 | Arthur is without sufficient knowledge or information to form a belief as to the truth of those
12 | allegations and on that basis denies them.  Arthur refers the Court to this source for its complete and
13 | accurate contents.  Except as expressly admitted, Arthur denies each and every allegation in paragraph
14 | 54.

15 |     55.    Admit that Arthur Breitman and DLS was involved in providing technical and
16 | operational support for the Tezos Fundraiser.  Except as expressly admitted, Arthur denies each and
17 | every remaining allegation of paragraph 55.

18 |     56.    Admit that the statements quoted in paragraph 56 appear in the Reddit discussion
19 | threads referenced in this paragraph.  Admit that Arthur Breitman used the username "Murbard" to
20 | post the messages attributed to him in this paragraph.  Arthur refers the Court to these sources for
21 | their complete and accurate contents.  Except as expressly admitted, Arthur denies each and every
22 | remaining allegation of paragraph 56.

23 |     57.    Admit that the statements quoted in paragraph 57 appear in the Reddit discussion
24 | threads referenced in this paragraph. Admit that Arthur Breitman used the username "Murbard" to
25 | post the messages attributed to him in this paragraph. Arthur refers the Court to this source for its
26 | complete and accurate contents.  Except as expressly admitted, Arthur denies each and every
27 | remaining allegation of paragraph 57.

28

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

58.     Admit that the statements quoted in paragraph 58 appear in a Reddit discussion thread. Admit that Arthur Breitman used the username "murbard" to post the messages attributed to him in this paragraph. Arthur refers the Court to these sources for their complete and accurate contents. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 58.

**3.     Bitcoin Suisse**

59.     Because Bitcoin Suisse AG has been dismissed as a party, this allegation is irrelevant and no further response is required. To the extent that a response is deemed necessary, DLS admits that the quoted language in paragraph 59 appears in a statement reportedly published by Bitcoin Suisse on or about November 13, 2017; Arthur refers the Court to this source for its complete and accurate contents. Admit that Bitcoin Suisse served as a co-signatory for certain donations made during the Tezos Fundraiser. Arthur is without sufficient knowledge or information to form a belief as to the truth of other allegations in this paragraph concerning statements allegedly made by a third party, and on that basis denies them. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 59.

**4.     Timothy Draper And Draper Associates Crypto**

60.     Because Timothy Draper and Draper Associates V. Crypto LLC have been dismissed as parties, this allegation is irrelevant and no further response is required. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 60.

61.     Because Timothy Draper and Draper Associates V. Crypto LLC have been dismissed as parties, this allegation is irrelevant and no further response is required. To the extent that a response is deemed necessary, Arthur admits that the quoted language in paragraph 61 appears in a *Reuters* article dated May 5, 2017. Arthur refers the Court to this source for its complete and accurate contents. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 61.

62.     Because Timothy Draper and Draper Associates V. Crypto LLC have been dismissed as parties, this allegation is irrelevant and no further response is required. To the extent that a response is deemed necessary, Arthur admits that the quoted language in paragraph 62 appears in an article by *The Wall Street Journal* dated July 7, 2017. Arthur refers the Court to this source for its complete

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

- 11 -

1   and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining

2   allegation of paragraph 62

3       63.     Because Timothy Draper and Draper Associates V. Crypto LLC have been dismissed

4   as parties, this allegation is irrelevant and no further response is required.  To the extent that a response

5   is deemed necessary, Arthur admits that the quoted response in paragraph 63 appears in a Reddit post.

6   Arthur refers the Court to this source for its complete and accurate contents.  To the extent the

7   allegations in this paragraph concern the identity of another person who allegedly posted a particular

8   message, Arthur is without sufficient knowledge or information to form a belief as to the truth of

9   those allegations and on that basis denies them.  Except as expressly admitted, Arthur denies each

10  and every other allegation in paragraph 63.

11      64.     Deny.

12  **E.     THE MECHANICS OF THE TEZOS ICO**

13      65.     Arthur denies that the allegations in paragraph 65 accurately describe the Tezos

14  Fundraiser.  Arthur is without sufficient knowledge or information to form a belief as to the truth of

15  the allegations in this paragraph that purport to describe all "ICOs", and on that basis denies them.

16  Except as expressly admitted, Arthur denies each and every allegation in paragraph 65.

17      66.     Paragraph 66 contains arguments, opinions and legal conclusions that require no

18  response.  Except as expressly admitted, Arthur denies each and every allegation that pertains to it.

19      67.     Admit that the allegations in paragraph 67 describe certain aspects of some

20  cryptocurrencies, but deny that these allegations accurately describe the technology underlying the

21  Tezos project.  Except as expressly admitted, Arthur denies each and every allegation in this

22  paragraph.

23      68.     Admit that the allegations in paragraph 68 describe certain aspects of some

24  cryptocurrencies, but deny that these allegations accurately describe the technology underlying the

25  Tezos project.  Except as expressly admitted, Arthur denies each and every allegation in this

26  paragraph.

27      69.     Admit that the allegations in paragraph 69 describe certain aspects of some

28  cryptocurrencies, but deny that these allegations accurately describe the technology underlying the

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

Tezos project.  Except as expressly admitted, Arthur denies each and every allegation in this paragraph.

70.    Admit that contributors to the Tezos Fundraiser made contributions through www.tezos.com, and that Arthur Breitman was involved in setting up this website.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 70.

71.    Admit that information was provided to potential contributors about certain steps to make a contribution.  From the tezos.com website, persons were instructed to manually enter "crowdfund.tezos.com" into their website browser; after accessing that page, potential contributors were instructed to conduct a browser compatibility check and generate an email/password combination; based on that information, a wallet then was generated on the next screen for the user; the browser generated a set of 15 words representing, in conjunction with the email and password provided, a private key and the hash of the public key.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 71.

72.    To the extent the allegations in paragraph 72 pertain to the actions and experiences of Lead Plaintiff and putative class members, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.  Admit that, in general, after a user saves the wallet and verifies certain facts, a PDF document is automatically downloaded that contains the user's private key and public key; this PDF document identified the "Bitcoin deposit address" and an "Ethereum contract address" for the Foundation; there is an instructional video featuring Ross Kenyon; the example address for Bitcoin contributions is as stated in paragraph 72; the example address for Ether contributions is as stated in paragraph 72; the actual addresses for Bitcoin contributors were unique to each contribution.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 72.

73.    To the extent the allegations in paragraph 73 pertain to the actions and experiences of Lead Plaintiff and putative class members, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.  Admit that, in general, users were redirected to the contributions web-page, which was part of the tezos.com website.  There, a user was instructed to input the amount of Bitcoin or Ether they sought to contribute or accept the

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

- 13 -

default minimum contribution amount.  The browser automatically populates the appropriate unique Bitcoin or Ether deposit address for the contribution.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 73.

74.    To the extent the allegations in paragraph 74 pertain to the actions and experiences of Lead Plaintiff and putative class members, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.  Admit that, in general, the addresses where contributors sent their Bitcoin or Ether contributions represent digital identifying information for the Foundation's Bitcoin and Ether wallets; the contributors were effecting a digital transaction, which was digitally recorded as part of a block of information and recorded on the Bitcoin and Ethereum blockchain, respectively.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 74.

75.    Deny.

76.    To the extent the allegations in paragraph 76 pertain to the actions and experiences of Lead Plaintiff and putative class members, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.  Admit that, in general, after a user made a contribution, a user was able to check whether its contributions were received by going to check.tezos.com, which was a sub-domain of the tezos.com website; by entering its public key into the check.tezos.com web page, a user could confirm that its Bitcoin and Ether were received by the Foundation.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 76.

77.    Admit that users made contributions in Bitcoin and Ether to the Tezos Fundraiser, which were recorded on the Bitcoin and Ethereum blockchain ledgers, respectively.  To the extent the allegations in paragraph 77 pertain to the actions and experiences of Lead Plaintiff and putative class members, Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.  The last sentence of paragraph 77 contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 77.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

F.    <u>**THE RESULTS OF THE TEZOS ICO**</u>

78.    Admit that approximately 31,000 wallets were funded during the Tezos Fundraiser. Admit that the Contribution Terms include multiple provisions that describe the allocation recommendations for XTZ tokens for early backers, contractors, contributors and others.    The Contribution Terms speaks for itself and Arthur refers the Court to this source for its complete and accurate contents.   Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 78.

79.    Admit that the Transparency Memo posted on tezos.com outlined certain proactive steps that were taken to limit the Foundation's risk in any future acquisition of DLS.   It states in part that "[t]he Tezos blockchain must launch and operate successfully as a public blockchain for a period of three months before DLS' shareholders can receive any compensation for their shares."   It further states that "payments to DLS are contractually prescribed" on certain terms and conditions, including a 10% recommended (but not guaranteed) allocation of the tokens in the genesis block and possible future compensation to DLS' shareholders in the amount of 8.5% of the contributions made during the Tezos Fundraiser.   Arthur refers the Court to the Transparency Memo and the Contribution Terms for their complete and accurate contents.   Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 79.

80.    Admit that the Foundation holds title to the contributions raised during the Tezos Fundraiser. Admit that, as described in the "Tezos Overview" document, the "goal" of the Foundation is to promote and foster the user of the Tezos blockchain, its technology and its ongoing development."   Arthur refers the Court to this source for its complete and accurate contents.   Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 80.

G.    <u>**THE TEZOS TOKENS ARE SECURITIES**</u>

81.    Paragraph 81 contains arguments, opinions and legal conclusions that require no response.   To the extent that a response is deemed necessary, Arthur denies each and every remaining allegation in this paragraph.

82.    Admit that the quoted language in paragraph 82 appears in the source identified in footnote 29.   The quoted source speaks for itself and Arthur refers the Court to this source for its

- 15 -

complete and accurate contents.  Paragraph 82 contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation in this paragraph.

83.     Admit that the quoted language in paragraph 83 appears in the source identified in footnote 29.  The quoted source speaks for itself and Arthur refers the Court to this source for its complete and accurate contents.  Paragraph 83 contains arguments, opinions and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation in this paragraph.

84.     Deny.

**1.     Participants In The Tezos ICO Made An Investment Of**

**Money In A Common Enterprise**

85.     Admit that contributors to the Tezos Fundraiser made contributions in Bitcoin and/or Ether pursuant to the Contribution Terms, which speaks for itself.  Arthur refers the Court to this source for its complete and accurate contents.  Paragraph 85 otherwise contains arguments, opinions and legal conclusions that require no response.  To the extent that a response is deemed necessary, Arthur denies each and every remaining allegation in this paragraph.

86.     Deny.

87.     Admit that the terms "fundraiser" and "crowdsale" appear in the Tezos Overview document referenced in paragraph 87.  Admit that the language "the token supply will be the number of tokens issued during the crowdsale" appears in the version of the Tezos White Paper dated September 2, 2014.  Arthur refers the Court to these sources for their complete and accurate contents. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 87.

88.     Admit that the statements quoted in paragraph 88 appear in the *Bitcoin Magazine* article referenced in paragraph 88.  Arthur refers the Court to this source for its complete and accurate contents.  To the extent the allegations in this paragraph concern the identity of another person who allegedly made a particular statement, Arthur is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 88.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

- 16 -

89.     Admit that the language quoted in paragraph 89 appears in the *Reuters* Article referenced in this paragraph.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 89.

90.     Admit that the language quoted in paragraph 90 appears in the source identified in footnote 34.  Arthur refers the Court to this source for its complete and accurate contents.  To the extent the allegations in this paragraph concern the identity of another person who allegedly made a particular statement, Arthur is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 90.

91.     Admit that the language quoted in 91 appears in the source identified in footnote 35.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 91.

92.     Admit that the statements quoted in paragraph 92 appear in a Reddit post dated July 7, 2017, which was approximately half-way through the Tezos Fundraiser.  Admit that Arthur Breitman used the username "murbard" to post the messages attributed to him in this paragraph.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 92.

93.     Admit that the statements quoted in paragraph 93 appear in the source identified in footnote 36.  Arthur refers the Court to this source for its complete and accurate contents.  To the extent the allegations in this paragraph concern the identity of another person who allegedly made a particular statement, Arthur is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 93.

94.     Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 94 and on that basis denies them. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 94.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

95.     Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 95 and on that basis denies them. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 95.

96.     Admit that contributors were advised about certain risks associated with the Tezos project, as described in the Contribution Terms. Arthur refers the Court to this source for its complete and accurate contents. Paragraph 96 contains arguments, opinions and legal conclusions that require no response. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 96.

97.     Admit that the language attributed to the Tezos Overview document appears in that source as identified in footnotes 37, 38 and 39. Admit that the language attributed to the Tezos White Paper that is quoted in paragraph 97 appears in that source. Arthur refers the Court to these sources for their complete and accurate contents. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 97.

98.     Deny.

**2.      Investors In The Tezos ICO Made Their Investment With A Reasonable Expectation Of Profits**

99.     Paragraph 99 contains arguments, opinions and legal conclusions that require no response. To the extent that a response is deemed necessary, Arthur denies each and every allegation in this paragraph.

100.     Admit that the statements quoted in paragraph 100 appear in the source identified in footnote 40. Arthur refers the Court to this source for its complete and accurate contents. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 100.

101.     Admit that the statement quoted in paragraph 101 appears in the source identified in footnote 41. Arthur refers the Court to this source for its complete and accurate contents. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 101.

102.     Admit that the contributions made during the Tezos Fundraiser were collected to provide support to the Tezos project, as set forth in the Contribution Terms and elsewhere. To the extent that allegations in paragraph 102 pertain to other parties, Arthur lacks sufficient knowledge or

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1   information to form a belief as to the truth of those allegations and on that basis denies them.  Except

2   as expressly admitted, Arthur denies each and every remaining allegation of paragraph 102.

3        103.    Admit that the quoted language "many of whom were also LPs of the hedge funds"

4   appears in the source identified in footnote 42.  Arthur refers the Court to this source for its complete

5   and accurate contents.  To the extent that allegations in paragraph 103 pertain to other parties, Arthur

6   lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on

7   that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining

8   allegation of paragraph 103.

9        104.    Admit that the language quoted in paragraph 104 appears in the source identified in

10  footnote 43.  Arthur refers the Court to this source for its complete and accurate contents.  Except as

11  expressly admitted, Arthur denies each and every remaining allegation of paragraph 104.

12       105.    Admit that, on or about May 5, 2017, it was announced that Timothy Draper planned

13  to support the Tezos project and articles were published about his support.  Admit that the statement

14  quoted in paragraph 105 appears in the source identified in footnote 44.  Arthur refers the Court to

15  this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each

16  and every remaining allegation of paragraph 105.

17       106.    Admit that the statement quoted in paragraph 106 appears in the source

18  identified in footnote 45. Arthur refers the Court to this source for its complete and accurate contents.

19  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 106.

20       107.    Admit that the comment quoted in paragraph 107 appears in a Reddit

21  discussion thread, and that Arthur Breitman posted this comment.  Arthur refers the Court to this

22  source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and

23  every remaining allegation of paragraph 107.

24       108.    Admit that the quoted language in paragraph 108 appears in the source identified in

25  footnote 47.  Arthur is without sufficient knowledge or information to form a belief as to the truth of

26  the allegations in paragraph 108 pertaining to statements allegedly made by a third party and on that

27  basis denies them.  Arthur refers the Court to this source for its complete and accurate contents.

28  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 108.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

109.    Admit that the statement quoted in paragraph 109 appears in the source identified in footnote 48.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 109.

110.    Admit that the quoted statement in paragraph 110 appears in the source identified in footnote 49.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 110.

111.    Admit that the quoted statements in paragraph 111 appear in the source identified in footnotes 50 and 51, with the exception that the timestamps do not appear to be correct.  Arthur refers the Court to this source for its complete and accurate contents.  To the extent the allegations in this paragraph concern the identity of another person who allegedly made a particular statement, Arthur is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 111.

112.    Deny.

113.    Admit that the quoted statements appear in the Reddit discussion thread referenced in paragraph 113.  Arthur refers the Court to this source for its complete and accurate contents.  To the extent the allegations in this paragraph concern the identity of another person who allegedly made a particular statement, Arthur is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.  Except as expressly admitted, Arthur denies each and every remaining allegations of paragraph 113.

114.    Admit that the quoted statements in paragraph 114 appear in the source identified in footnote 52.  The quoted statements appear in the source, with the exception that the timestamps do not appear to be correct.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 114.

115.    Admit that the quoted statements in paragraph 115 appear in the source identified in footnote 53.  Arthur refers the Court to this source for its complete and accurate contents.  Arthur is without sufficient knowledge or information to form a belief as to the truth of the allegations and on

- 20 -

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1   that basis denies them.   Except as expressly admitted, Arthur denies each and every remaining

2   allegation of paragraph 115.

3           **3.      The   Success   Of   the   Tezos   Project   Requires   The   Technical,**

4           **Entrepreneurial And Managerial Efforts Of Defendants And Others**

5       116.    Deny.

6       117.    Deny.

7       118.    Admit that the quoted language in the first sentence of paragraph 118 appears in the

8   source identified in footnote 54.   Admit that the other quoted statements in this paragraph appear in

9   the "Tezos Overview" document as identified in footnotes 55 and 56.   This Tezos Overview document

10  also describes various positions and roles to fill within the Foundation and sets forth certain

11  development goals.   This document speaks for itself and Arthur refers the Court to this source for its

12  complete and accurate contents.   Except as expressly admitted, Arthur denies each and every

13  remaining allegation in paragraph 118.

14      119.    Admit that the quoted statements in paragraph 119 appear in the "Tezos Overview"

15  document, which speaks for itself.   Arthur refers the Court to this source for its complete and accurate

16  contents.   Except as expressly admitted, Arthur denies each and every remaining allegation in

17  paragraph 119.

18      120.    Admit that the statement quoted in paragraph 120 was made on or about August 10,

19  2017, after the completion of the Tezos Fundraiser.   Arthur refers the Court to this source for its

20  complete and accurate contents.   Except as expressly admitted, Arthur denies each and every

21  remaining allegation in paragraph 120.

22      121.    Admit that Arthur and Kathleen Breitman are knowledgeable in blockchain

23  technologies, and that they were involved in the development of the Tezos project.   The last sentence

24  of paragraph 121 contains arguments, opinions, and legal conclusions that require no response.

25  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 121.

26      122.    Admit that the quoted language in paragraph 122 appears in the Reddit

27

28

thread, and Arthur Breitman used the username "murbard" to post the message attributed to him in this paragraph.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 122.

123.   Admit that Arthur Breitman posted an article on medium.com dated on or about October 18, 2017, and that this article contains the statements quoted in paragraph 123, with the exception that the bold language that appears in paragraph 123 is not present in the original.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 123.

124.   Deny.

### 4.   The Contribution Terms Do Not Alter The Substance And Economic Reality Of The Tezos ICO

125.   Admit that the Contribution Terms were publicly posted on a website dedicated to providing information about the Tezos project and fundraiser:  tezos.ch.  The Contribution Terms state in paragraph 12 that a contribution made during the fundraiser "qualified as a non-refundable donation," except for a portion of an administrative support fee.  Additionally, in paragraph 3, the Contribution Terms provide that the Foundation would recommend allocations of XTZ tokens "to reflect early contributions made," but that "since the Tezos Network will be operated by an independent community of participants" with the discretion to not adopt those recommendations, the Foundation "cannot guarantee to any party that they will have an initial allocation of XTZ."  The Contribution Terms speaks for itself and Arthur refers the Court to this source for its complete and accurate contents.   Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 125.

126.   Admit that the Contribution Terms were publicly posted on the tezos.ch website.  Paragraph 121 contains arguments, opinions, and legal conclusions that require no response.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 126.

### H.   EVENTS SUBSEQUENT TO THE ICO

127.   Admit that, between August and October 2017, some updates were given on the Tezos project.  On or about October 18, 2017, Arthur Breitman posted an open letter on www.medium.com,

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

which letter speaks for itself.  Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 127.

128.     Admit that Arthur Breitman posted an open letter on www.medium.com on or about October 18, 2017.  The letter speaks for itself and Arthur refers the Court to this source for its complete and accurate contents.  Except as expressly admitted, Arthur denies each and every remaining allegation in paragraph 128.

## V.    CLASS ALLEGATIONS

129.     Admit that Lead Plaintiff purports to bring this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the putative class described in paragraph 29.  Arthur denies that any such class is proper.

130.     Paragraph 130 contains arguments, opinions and legal conclusions that require no response.

131.     Admit that approximately 30,317 wallets were funded during the Tezos Fundraiser. Paragraph 131 contains various arguments, opinions and legal conclusions that require no response. Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 131.

132.     Deny.

133.     Deny.

134.     Deny.

135.     Deny.

136.     Deny.

## VI.    CAUSES OF ACTION

### FIRST COUNT

### VIOLATION OF SECTIONS 5 AND 12(a)(1) OF THE SECURITIES ACT

### (Against All Defendant)

137.     Arthur hereby incorporates by reference the objections and responses contained in the preceding paragraphs of this Answer.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

138.    Paragraph 138 contains arguments, opinions and legal conclusions that require no response.

139.    Deny.

140.    Deny.

141.    Deny.

142.    Admit that no registration statement was filed with the SEC in connection with the Tezos Fundraiser or in effect at the time of the Tezos Fundraiser, and that no such filing was necessary.  Except as expressly admitted, Arthur denies each and every remaining allegation of paragraph 142.

143.    Deny.

### SECOND COUNT

### VIOLATION OF SECTIONS 15 OF THE SECURITIES ACT

### (Against Arthur Breitman, Kathleen Breitman,

### Timothy Draper and Draper Associates Crypto)

144.    Arthur hereby incorporates by reference the objections and responses contained in the preceding paragraphs of this Answer.

145.    Paragraph 145 contains arguments, opinions and legal conclusions that require no response.

146.    Deny.

147.    Deny.

148.    Deny.

149.    Deny.

150.    Deny.

## VII.    PRAYER FOR RELIEF

To the extent that a response is required to Lead Plaintiff's Prayer for Relief, Arthur denies that Lead Plaintiff or the putative class are entitled to any of the relief requested therein.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

**AFFIRMATIVE DEFENSES**

Pursuant to Rules 8(c) and 12 of the Federal Rules of Civil Procedure, and in further response to the Consolidated Complaint, and each and every cause of action stated therein, Arthur hereby sets forth the following affirmative defenses without assuming or undertaking any burdens of proof not otherwise assigned to it under the law:

**First Affirmative Defense**

The Consolidated Complaint fails to state facts sufficient to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Lead Plaintiff's claims are barred, in whole or in part, by the Tezos Contribution Terms, including but not limited to his representations, acknowledgements, and agreements pursuant thereto.

**Third Affirmative Defense**

Lead Plaintiff's action is barred, in whole or in part, because the relief Lead Plaintiff seeks violates Arthur's rights to due process under the United States Constitution.   In particular, the definition of an "investment contract" under the Securities Act, as stated in *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946), is unconstitutionally vague as applied to Tezos tokens such that its application violates Arthur's due process rights.

**Fourth Affirmative Defense**

Lead Plaintiff's claims may not be maintained as a class action because Lead Plaintiff waived the right to participate in a class action lawsuit against Arthur.

**Fifth Affirmative Defense**

Lead Plaintiff's claims may not be maintained as a class action for failure to satisfy the requirements of Federal Rule of Civil Procedure 23.

**Sixth Affirmative Defense**

Lead Plaintiff's claims are barred because he agreed to a different forum for the resolution of his claims.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800  •  Fax: (424) 652-7850

### Seventh Affirmative Defense

Lead Plaintiff claims are barred because he agreed that Swiss Law, not U.S. law, would apply to any dispute arising out of or in connection with his contribution.

### Eighth Affirmative Defense

The Consolidated Complaint should be dismissed on grounds of *forum non conveniens* because Lead Plaintiff agreed that any dispute arising out of or in connection with the creation of XTZ and the development and execution of the Tezos Network would be exclusively and finally settled by the ordinary courts of Zug, Switzerland, and in any event that forum is more convenient.

### Ninth Affirmative Defense

Lead Plaintiff's claims are barred because Lead Plaintiff's contribution to the Tezos Foundation constituted a foreign transaction, as to which the U.S. securities laws do not apply.

### Tenth Affirmative Defense

Lead Plaintiff's claims are barred because he has not adequately tendered his Tezos tokens as required by Section 12(a)(1) of the Securities Act of 1933.

### Eleventh Affirmative Defense

Lead Plaintiff's claims are barred because Arthur is not a "seller" within the meaning of Section 12(a)(1) of the Securities Act of 1933.

### Twelfth Affirmative Defense

Lead Plaintiff's claims are barred because the Tezos token is not a security as defined under the federal securities laws.

### Thirteenth Affirmative Defense

Lead Plaintiff's claims are barred because, assuming that the transactions described in the Consolidated Complaint were "securities" as defined under the federal securities laws—which is denied—such transactions were exempt from registration.

### Fourteenth Affirmative Defense

Lead Plaintiff's claims are barred to the extent that the alleged offer or sale of a security did not involve the use of interstate commerce or the U.S. mails.

### Fifteenth Affirmative Defense

Lack of standing bars Lead Plaintiff's claims.

### Sixteenth Affirmative Defense

Lead Plaintiff is precluded from any recovery asserted in the Consolidated Complaint because Lead Plaintiff has sustained no injury or damages whatsoever as a result of any acts committed by Arthur or purportedly chargeable to Arthur.

### Seventeenth Affirmative Defense

Lead Plaintiff is precluded from any recovery because he has sustained no damage at all.

### Eighteenth Affirmative Defense

Lack of jurisdiction over Arthur bars Lead Plaintiff's claims as to Arthur.

### Nineteenth Affirmative Defense

Lead Plaintiff's claims are barred, in whole or in part, under the doctrine of *in pari delicto*.

### Twentieth Affirmative Defense

Lead Plaintiff's claims are barred by the doctrine of waiver.

### Twenty-First Affirmative Defense

Lead Plaintiff's claims are barred by the doctrine of estoppel.

### Twenty-Second Affirmative Defense

Lead Plaintiff's claims are barred by the doctrine of unclean hands.

### Twenty-Third Affirmative Defense

No basis in contract, case law, or statute exists for Lead Plaintiff's claim for prejudgment interest.

### Twenty-Fourth Affirmative Defense

No basis in contract, case law, or statute exists for Lead Plaintiff's claim for an award of attorneys' fees and costs of suit, including expert fees.

### Twenty-Fifth Affirmative Defense

No basis in contract, case law, or statute exists for Lead Plaintiff's claim for the imposition of a constructive trust.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1

### Twenty-Sixth Affirmative Defense

2      No basis in contract, case law, or statute exists for Lead Plaintiff's claim for an accounting

3  of remaining assets and funds raised during the Tezos Fundraiser.

4

### Twenty-Seventh Affirmative Defense

5      Lead Plaintiff's claims are barred in whole or in part because Arthur at all times acted with

6  reasonable business justification.

7

### Twenty-Eighth Affirmative Defense

8      Lead Plaintiff's claims are barred in whole or in part because Arthur acted in good faith,

9  exercised reasonable care, and complied with any duties owed to Lead Plaintiff with respect to

10  matters alleged in the Consolidated Complaint.

11

### Twenty-Ninth Affirmative Defense

12      Lead Plaintiff fails to allege the specific damages it has suffered, and any damages Lead

13  Plaintiff alleges to have suffered from the matters alleged in the Consolidated Complaint are too

14  remote, uncertain or speculative to allow recovery.

15

### Thirtieth Affirmative Defense

16      The Consolidated Complaint and each and every purported claim therein are barred by the

17  doctrine of third party liability.  If Lead Plaintiff sustained any loss, injury, or damages, equitable or

18  legal, these were contributed to by, incurred as a result of, and directly and proximately caused by

19  the breach, acts, omissions, negligence, recklessness, failure to exercise due care, and or intentional

20  acts of one or more third parties, not Arthur.

21

### Thirty-First Affirmative Defense

22      Lead Plaintiff would be improperly and unjustly enriched were it allowed to recover any

23  relief claimed to be due.

24

### Thirty-Second Affirmative Defense

25      Any recovery by Lead Plaintiff is barred, in whole or in part, by Lead Plaintiff's failure to

26  mitigate his purported damages.

27

28

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

**Thirty-Third Affirmative Defense**

All, or some, of Lead Plaintiff's purported claims are barred because Lead Plaintiff consented to the conduct of which he complains.

**Thirty-Fourth Affirmative Defense**

Lead Plaintiff's claims are barred, in whole or in part, by reasons of his own conduct, acts and omissions and/or by the existence of sufficient remedies at law.

**Thirty-Fifth Affirmative Defense**

Arthur was justified in doing and and/or all of the acts alleged in the Consolidated Complaint.

**Thirty-Sixth Affirmative Defense**

Other defendants and/or their agents and employees were comparatively at fault and, should Lead Plaintiff recover damages against Arthur, then Arthur is entitled to have the amount abated, reduced, or eliminated.

**Thirty-Seventh Affirmative Defense**

No basis in contract, case law, or statute exists for Lead Plaintiff's claim for an award of damages.

**Thirty-Eighth Affirmative Defense**

The Consolidated Complaint, and each and every cause of action alleged therein, is barred because Defendants' acts were privileged.

**Thirty-Ninth Affirmative Defense**

Arthur has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses, and reserves the right to assert additional defenses if and as he learns of facts that may support such defenses.

**PRAYER**

WHEREFORE, Arthur prays for judgment as follows:

1.  That judgment be awarded in favor of Arthur and against Lead Plaintiff, and that the Consolidated Complaint be dismissed with prejudice;

2.  That Lead Plaintiff and the putative class take nothing by the Consolidated Complaint;

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 ● Fax: (424) 652-7850

1      3.   That Arthur be awarded all its costs of suit, including attorneys' fees and expenses;

2  and

3      4.   For such other and further relief as the Court deems just and proper.

4                            **DEMAND FOR JURY TRIAL**

5      Defendant Arthur Breitman hereby demands a jury trial of all claims, defenses and request for

6  relief in this matter for which there is a right to a jury trial.

7

8

9  DATED:  September 14, 2018                **BAKER MARQUART LLP**

10

11

12                                         */s/Brian E. Klein*
                                           Brian E. Klein (258486)

13                                         Attorneys for Defendants
                                           DYNAMIC LEDGER SOLUTIONS, INC.,
14                                         KATHLEEN BREITMAN AND ARTHUR
                                           BREITMAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850