**LTL ATTORNEYS LLP**
Enoch H. Liang (SBN 212324)
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
Tel: 650-422-2130
Fax: 213-612-3773
enoch.liang@ltlattorneys.com

James M. Lee (SBN 192301)
Caleb H. Liang (Bar No. 261920)
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel: 213-612-8900
Fax: 213-612-3773
james.lee@ltlattorneys.com
caleb.liang@ltlattorneys.com

**HUNG G. TA, ESQ. PLLC**
Hung G. Ta
JooYun Kim
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7288
hta@hgtlaw.com
jooyun@hgtlaw.com

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class*

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Master File No. 17-cv-06779-RS |
| | **CLASS ACTION** |
| This document relates to: | **LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| ALL ACTIONS. | |
| | Date: December 6, 2018 |
| | Time: 1:30 p.m. |
| | Crtrm: 3 |
| | Judge: Hon. Richard Seeborg |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT**, on December 6, 2018, at 1:30 p.m., before the Honorable Richard Seeborg of the United States District Court, Northern District of California, located at Golden Gate Avenue, San Francisco, California 94102, Lead Plaintiff Arman Anvari ("Lead Plaintiff") will move before this court pursuant to Local Rule 7-9 for an order granting Lead Plaintiff leave to file a motion for reconsideration of this Court's September 6, 2018 Case Management Scheduling Order (Dkt. No. 165). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Law, the Proposed Order filed herewith, all pleadings and papers filed herein, the arguments made regarding this matter, and any other information properly before the Court.

Respectfully Submitted,

Date: November 1, 2018

LTL ATTORNEYS LLP

By: *s/ Enoch H. Liang*
    Enoch H. Liang
    LTL ATTORNEYS LLP
    601 Gateway Boulevard, Suite 1010
    South San Francisco, California 94080
    Tel: 650-422-2130
    Fax: 213-612-3773
    enoch.liang@ltlattorneys.com

James M. Lee
Caleb H. Liang
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel: 213-612-8900
Fax: 213-612-3773
james.lee@ltlattorneys.com
caleb.liang@ltlattorneys.com

Hung G. Ta
JooYun Kim
HUNG G. TA, ESQ., PLLC
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7288
Fax: 646-453-7289
hta@hgtlaw.com
jooyun@hgtlaw.com

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class*

William R. Restis
THE RESTIS LAW FIRM, P.C.
550 West C Street, Suite 1760
San Diego, California 92101
Tel: 619.270.8383
william@restislaw.com

Joe J. DePalma
Bruce D. Greenberg
LITE DEPALMA GREENBERG, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
Jdepalma@litedepalma.com
bgreenberg@litedepalma.com

*Additional Counsel for the Class*

# MEMORANDUM OF LAW

Lead Plaintiff Arman Anvari ("Lead Plaintiff") respectfully submits this memorandum of law in support of his Motion for Leave to File a Motion for Reconsideration, pursuant to Local Rule 7-9. Under Local Rule 7-9(b), a party may seek such relief if, "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Local Rule 7-9(b)(1). "The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order …." *Id.*

Here, Lead Plaintiff seeks leave to file a motion for reconsideration of the Court's September 6, 2018 Case Management Scheduling Order ("September 6 Order"), in which the Court granted Defendants' request for an additional two-hour deposition as to the issue of Lead Plaintiff's knowledge (or lack thereof) of the purported "Contribution Terms," and the issue of *forum non conveniens* generally. In obtaining the September 6 Order, Defendants failed to apprise the Court of an email authored by Defendant Tezos Stiftung (the "Tezos Foundation"), which expressly instructed investors to "**always refer exclusively to the Tezos website at** https://tezos.com" and that "**No other websites are authorized to provide information on Tezos or accept contributions to the Tezos fundraiser**." Ta Decl.[1] Ex. A. Because the Contribution Terms were never posted on the tezos.com contributions website, the Tezos Foundation's own instructions establish that the Contribution Terms were not legally binding. Accordingly, based on this email, which was only recently received by Lead Counsel, the Court should either reverse its decision to permit the additional deposition, or modify the September 6 Order to afford Lead Plaintiff a fair opportunity to present to the Court a complete and accurate picture of the facts.

I.  **BACKGROUND**

On April 3, 2018, Lead Plaintiff filed his Consolidated Complaint in this action. On May 15, 2018, the Tezos Foundation and Defendants Dynamic Ledger Solutions, Inc. ("DLS"), and Kathleen

---

[1] "Ta Decl." refers to the Declaration of Hung G. Ta, Esq. in support of Motion for Leave to File Motion for Reconsideration, dated November 1, 2018.

and Arthur Breitman (collectively with DLS, the "DLS Defendants") moved to dismiss based on, among other grounds, *forum non conveniens* and the inapplicability of the U.S. securities laws under *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010). Defendants based these arguments on the Contribution Terms, a document that was posted *not* on the investment contributions website itself (www.tezos.com and crowdfund.tezos.com), but on a totally separate and distinct website – www.tezos.ch. Defendants repeatedly asserted that these Contribution Terms were binding on investors, and dispositive of this lawsuit. *See*, *e.g.*, Tezos Foundation Motion to Dismiss Br. (Dkt. No. 119) at 5-6, 16; DLS Defendants' Motion to Dismiss Br. (Dkt. No. 123) at 6-8. At the oral argument hearing on August 1, 2018, Defendants repeated these arguments.

On September 6, 2018, the Court conducted an initial Case Management Conference ("CMC"). In advance of the CMC, and again at the CMC, Defendants argued that discovery should be bifurcated, specifically, that "discovery should commence with the threshold issue of Lead Plaintiff's knowledge of the Contribution Terms prior to his contribution." Joint Case Management Statement (Dkt. No. 162) at 12. Defendants suggested that Lead Plaintiff had something to hide, asserting that "Lead Plaintiff has declined every opportunity, from the filing of the complaint to the filing of this statement, to explain whether he reviewed the Contribution Terms prior to making his contribution." *Id.* at 12-13. (In response to Defendants' Requests for Admission, Lead Plaintiff has now submitted a sworn response denying that he accessed the Contribution Terms before he made his investment, and that his computer files indicated that he downloaded the Contribution Terms only on April 17, 2018, after this consolidated lawsuit was filed.) Although the Court stated at the CMC its view that Defendants were unlikely to prevail on their *forum non conveniens* argument, the Court granted Defendants' request for a two-hour deposition as to the issue of Lead Plaintiff's knowledge of the Contribution Terms. September 6, Order (Dkt. No. 165) at 1 ("Defendants may take an additional deposition of Lead Plaintiff Arman Anvari focused solely on the forum non conveniens issue. This additional deposition shall be limited to two hours and will not count towards Defendants' deposition limits.").

As it turns out, it was Defendants who were not forthcoming with the Court. On October 26, 2018, Lead Counsel received an email that the Tezos Foundation sent to investors on June 15, 2017 ("Tezos Foundation Email"), approximately two weeks before the commencement of the Tezos initial coin offering ("Tezos ICO"). Ta Decl. ¶ 2, Ex. A. In the email, the Tezos Foundation announced to investors that "the official start of the Tezos fundraiser [was] Saturday, July 1, 2017 at 6 am UTC." Importantly, the Tezos Foundation expressly instructed investors *to not refer to any website other than the contributions website at tezos.com*. Specifically, the Tezos Foundation instructed investors that, "For technical information on how to participate in the Tezos fundraiser, **please always refer exclusively to the Tezos website at** https://tezos.com" (emphasis in original) and that, "If you would like to contribute, only do so through our own website https://tezos.com once the fundraiser opens, or through https://www.bitcoinsuisse.ch/tezos starting today. **No other websites are authorized to provide information on Tezos or accept contributions to the Tezos fundraiser**." *Id.* (emphasis in original). It is undisputed that the Contributions Terms resided on tezos.ch, and not on the Tezos contributions website (tezos.com) or on the Bitcoin Suisse contributions website (bitcoinsuisse.ch). Accordingly, contrary to the position adopted by Defendants in their motions to dismiss and at the CMC, the Tezos Foundation's own statements conclusively establish that the Contribution Terms are not and never were legally binding on anyone.

On October 29, 2018, Lead Counsel brought the Tezos Foundation Email to the attention of Defendants' counsel, and asked whether, in light of the document and Lead Plaintiff's discovery responses evidencing lack of knowledge of the Contribution Terms, Defendants intended to proceed with the two-hour deposition and discovery related to Lead Plaintiff's awareness of the Contribution Terms. Lead Plaintiff also asked Defendants' counsel to advise whether they were aware of this document before they made their various arguments to the Court for dismissal based on the Contribution Terms and for an additional two-hour deposition. Defendants rejected Lead Plaintiff's request, and insisted on taking Lead Plaintiff's deposition. Defendants' counsel also refused to disclose any information relating to the timing of their knowledge of the Tezos Foundation Email.

## II. THE COURT SHOULD RECONSIDER AND/OR MODIFY THE SEPTEMBER 6 ORDER

Apart from raising questions about Defendants' candor with the Court (for example, without the benefit of the Tezos Foundation Email, the Court has previously characterized Defendants' *forum non conveniens* argument as "strong" (Dkt. No. 148 at 11) and the issue as one that "needs to be resolved early" (8/1/18 Transcript at 71)), the Tezos Foundation Email constitutes a "material difference in fact" such that the Court should reconsider and/or modify the September 6 Order.

*First*, the Tezos Foundation Email makes clear that Defendants' strategy, in seeking an early 2-hour deposition of Lead Plaintiff, was to obtain a quick ruling on the issue of *forum non conveniens*, presumably before Lead Plaintiff had a fair opportunity to conduct discovery relating to the validity of the Contribution Terms. Consistent with this strategy, and despite repeated requests from Lead Counsel, Defendants have so far failed to produce *any* documents in response to Lead Plaintiff's document requests (served more than two-and-a-half months ago on August 16, 2018), or to even advise when they intend to start producing documents. In light of Defendants' lack of candor, and in order to prevent abuse and any prejudice to Lead Plaintiff, the Court should disallow the additional 2-hour deposition of Lead Plaintiff. The Court should instead require that, to the extent Defendants seek to depose Lead Plaintiff, they do so under the normal limitations of the Federal Rules of Civil Procedure and in the normal course of this litigation. Defendants can then make any motion they wish to make based on *forum non conveniens*, if they believe such a motion would not be frivolous.

*Second*, if the Court is not inclined to disallow the additional 2-hour deposition of Lead Plaintiff, Lead Plaintiff requests that he be permitted reciprocal discovery rights – to take an additional Rule 30(b)(6) deposition of the Tezos Foundation and an additional Rule 30(b)(6) deposition of DLS, limited to the issue of the Contribution Terms and *forum non conveniens*. *See Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) ("[A] plaintiff should be able to conduct directed discovery on the issues raised by the [*forum non conveniens*] motion[.]") (citation omitted); *Vivendi, S.A. v. T-Mobile USA, Inc.*, No. 06-cv-1524, 2007 WL 1168819, at *2 (W.D. Wash. Apr. 18, 2007) (allowing non-movant to "pursue discovery that is narrowly tailored to the question of *forum non conveniens*"). Like Defendants' 2-hour deposition of Lead Plaintiff, Lead Plaintiff's two Rule 30(b)(6) depositions

would not count towards Lead Plaintiff's deposition limits. In light of the Tezos Foundation Email, Lead Plaintiff should be afforded a fair opportunity to obtain testimony from the Defendants' corporate representatives with respect to the factual issues of the Contribution Terms, their location on the separate website www.tezos.ch and the reasons therefor, and any communications by the Tezos Foundation to investors to rely or not to rely on these Contribution Terms and these separate websites. If the Court remains inclined to permit Defendants to renew their motions to dismiss based on *forum non conveniens* even in light of the Tezos Foundation Email, Lead Plaintiff should be afforded an opportunity to fully develop an opposing record.

Finally, given Defendants' failure so far to produce any documents, the Court should require Defendants to certify that they have produced to Lead Plaintiff all documents relating to the Contribution Terms and *forum non conveniens* before they renew their motion to dismiss. This would ensure that Defendants do not file any motions to dismiss before Lead Plaintiff has had an opportunity to develop the factual record.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court grant Lead Plaintiff leave to file a motion for reconsideration of the September 6 Order.

Date: November 1, 2018

LTL ATTORNEYS LLP

By: *s/ Enoch H. Liang*
    Enoch H. Liang
    LTL ATTORNEYS LLP
    601 Gateway Boulevard, Suite 1010
    South San Francisco, California 94080
    Tel: 650-422-2130
    Fax: 213-612-3773
    enoch.liang@ltlattorneys.com

    James M. Lee
    Caleb H. Liang
    LTL ATTORNEYS LLP
    300 S. Grand Ave., 14th Floor
    Los Angeles, California 90071
    Tel: 213-612-8900
    Fax: 213-612-3773
    james.lee@ltlattorneys.com
    caleb.liang@ltlattorneys.com

|   |   |
|---|---|
| 1 |   |
| 2 | Hung G. Ta |
|   | JooYun Kim |
| 3 | HUNG G. TA, ESQ., PLLC |
|   | 250 Park Avenue, 7th Floor |
| 4 | New York, New York 10177 |
|   | Tel: 646-453-7288 |
| 5 | Fax: 646-453-7289 |
|   | hta@hgtlaw.com |
| 6 | jooyun@hgtlaw.com |

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class*

William R. Restis
THE RESTIS LAW FIRM, P.C.
550 West C Street, Suite 1760
San Diego, California 92101
Tel: 619.270.8383
william@restislaw.com

Joseph J. DePalma
Bruce D. Greenberg
LITE DEPALMA GREENBERG, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
Jdepalma@litedepalma.com
bgreenberg@litedepalma.com

*Additional Counsel for the Class*