**LTL ATTORNEYS LLP**
Enoch H. Liang (SBN 212324)
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
Tel:  650-422-2130
Fax:  213-612-3773
enoch.liang@ltlattorneys.com

James M. Lee (SBN 192301)
Caleb H. Liang (Bar No. 261920)
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel:  213-612-8900
Fax:  213-612-3773
james.lee@ltlattorneys.com
caleb.liang@ltlattorneys.com

**HUNG G. TA, ESQ. PLLC**
Hung G. Ta
JooYun Kim
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7288
hta@hgtlaw.com
jooyun@hgtlaw.com

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class*
*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Master File No.  17-cv-06779-RS |
| | **CLASS ACTION** |
| This document relates to: | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE LEAD PLAINTIFF** |
| ALL ACTIONS. | |
| | Date:     March 7, 2019<br>Time:    1:30 p.m.<br>Crtrm:   3<br>Judge:   Hon. Richard Seeborg |

1  **TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

2  **PLEASE TAKE NOTICE THAT**, on March 7, 2019, at 1:30 p.m., before the Honorable
3  Richard Seeborg of the United States District Court, Northern District of California, located at 450
4  Golden Gate Avenue, San Francisco, California 94102, Lead Plaintiff Arman Anvari and additional
5  named plaintiffs Artiom Frunze and Pumaro LLC (collectively, "Plaintiffs") will move before this
6  court for an order to withdraw Arman Anvari as Lead Plaintiff, and substitute Artiom Frunze as the
7  new Lead Plaintiff.  This motion is based upon this Notice of Motion and Motion, the accompanying
8  Memorandum of Points and Authorities, the Proposed Order filed herewith, all pleadings and papers
9  filed herein, the arguments made regarding this matter, and any other information properly before the
10 Court.

11 Date: January 25, 2019                                          LTL ATTORNEYS LLP

12                                                                 By:   s/ Enoch H. Liang
13                                                                       Enoch H. Liang
                                                                         LTL ATTORNEYS LLP
14                                                                       601 Gateway Boulevard, Suite 1010
                                                                         South San Francisco, California 94080
15                                                                       Tel:  650-422-2130
                                                                         Fax: 213-612-3773
16                                                                       enoch.liang@ltlattorneys.com

17
                                                                         James M. Lee
18                                                                       Caleb H. Liang
                                                                         LTL ATTORNEYS LLP
19                                                                       300 S. Grand Ave., 14th Floor
                                                                         Los Angeles, California 90071
20                                                                       Tel:  213-612-8900
                                                                         Fax: 213-612-3773
21                                                                       james.lee@ltlattorneys.com
22                                                                       caleb.liang@ltlattorneys.com

23                                                                       Hung G. Ta
                                                                         JooYun Kim
24                                                                       HUNG G. TA, ESQ., PLLC
25                                                                       250 Park Avenue, 7th Floor
                                                                         New York, New York 10177
26                                                                       Tel: 646-453-7288
                                                                         Fax: 646-453-7289
27                                                                       hta@hgtlaw.com
                                                                         jooyun@hgtlaw.com
28

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class*

William R. Restis
THE RESTIS LAW FIRM, P.C.
402 West Broadway, Suite 1520
San Diego, CA 92101
Tel: 619.270.8383
william@restislaw.com

Joseph J. DePalma
Bruce D. Greenberg
Jeremy Nash
LITE DEPALMA GREENBERG, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
jdepalma@litedepalma.com
bgreenberg@litedepalma.com
jnash@litedepalma.com

*Additional Counsel for the Class*

**LTL ATTORNEYS LLP**
Enoch H. Liang (SBN 212324)
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
Tel:  650-422-2130
Fax:  213-612-3773
enoch.liang@ltlattorneys.com

James M. Lee (SBN 192301)
Caleb H. Liang (Bar No. 261920)
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel:  213-612-8900
Fax:  213-612-3773
james.lee@ltlattorneys.com
caleb.liang@ltlattorneys.com

**HUNG G. TA, ESQ. PLLC**
Hung G. Ta
JooYun Kim
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7288
hta@hgtlaw.com
jooyun@hgtlaw.com

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class*
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS. | Master File No.  17-cv-06779-RS<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO SUBSTITUTE LEAD PLAINTIFF**<br><br>Date:     March 7, 2019<br>Time:     1:30 p.m.<br>Crtrm:    3<br>Judge:    Hon. Richard Seeborg |

# TABLE OF CONTENTS

**Page No.**

STATEMENT OF THE ISSUES ...........................................................................................................1

PROCEDURAL BACKGROUND ......................................................................................................1

ARGUMENT........................................................................................................................................2

I. THE COURT SHOULD PERMIT MR. ANVARI TO WITHDRAW AS LEAD PLAINTIFF ............................................................................................................................2

II. THE COURT SHOULD APPOINT MR. FRUNZE AS THE SUBSTITUTE LEAD PLAINTFF.................................................................................................................3

    A. It Is Within The Court's Discretion And Authority To Substitute The Lead Plaintiff In Appropriate Circumstances .......................................................3

    B. Mr. Frunze Should Be Appointed As The Substitute Lead Plaintiff ............................4

CONCLUSION.....................................................................................................................................7

## STATEMENT OF THE ISSUES

Lead Plaintiff Arman Anvari and additional named plaintiffs Artiom Frunze and Pumaro LLC (collectively, "Plaintiffs") respectfully submit this memorandum of points and authorities in support of their motion to: (a) withdraw Arman Anvari as the Lead Plaintiff; and (b) substitute Artiom Frunze as the new Lead Plaintiff.

## PROCEDURAL BACKGROUND

On March 16, 2018, the Court appointed Mr. Anvari Lead Plaintiff in this action, and appointed his attorneys, LTL Attorneys ("LTL") and Hung G. Ta, Esq. PLLC ("HGT Law"), as co-lead counsel for the proposed class. Dkt. No. 101. On April 3, 2018, Lead Plaintiff filed his Consolidated Class Action Complaint ("Complaint").

On May 15, 2018, Defendants Tezos Stiftung, Dynamic Ledger Solutions, Inc., Arthur Breitman and Kathleen Breitman filed motions to dismiss this lawsuit. Dkt. Nos. 119, 123. The Court denied these motions to dismiss. Dkt. No. 148. However, the Court granted the motions to dismiss filed by Bitcoin Suisse AG, Timothy C. Draper and Draper Associates V Crypto LLC. Dkt. Nos. 117, 126, 148. On September 6, 2018, the parties attended the initial Case Management Conference with the Court, which resulted in the entry of a Case Management Scheduling Order. Dkt. No. 165. On October 22, 2018, the Court entered a Stipulated Protective Order governing discovery in this action. Dkt. No. 178.

Considerable activity has occurred since the initial Case Management Conference. The parties are presently in the midst of discovery, and have exchanged voluminous discovery requests and document productions, and served discovery requests on and obtained documents from various third parties. To provide additional representation for the putative Class, on November 21, 2018 and January 7, 2019, Lead Plaintiff added named plaintiffs Pumaro LLC and Artiom Frunze to the lawsuit, which was stipulated to by Defendants and so-ordered by the Court. Dkt. Nos. 183 and 186. On December 14, 2018, the parties attended a one-day private mediation before Professor Eric Green of Resolutions, LLC. However, the mediation was unsuccessful. On January 9, 2019, Plaintiffs filed their Motion for Class Certification. Dkt. Nos. 193 to 195. That motion is pending.

Although Mr. Anvari has actively participated in the lawsuit so far, including by providing discovery responses and documents, he has informed Co-Lead Counsel that he no longer believes he can adequately represent the putative class and therefore seeks to withdraw as Lead Plaintiff.

## **ARGUMENT**

### I. THE COURT SHOULD PERMIT MR. ANVARI TO WITHDRAW AS LEAD PLAINTIFF

Federal Rule of Civil Procedure 21 ("Rule 21") provides in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "It is certainly within the lead plaintiffs' discretion and, perhaps more importantly, part of a lead plaintiff's responsibility to propose their own withdrawal and substitution should it be discovered that they may no longer adequately represent the interests of the purported plaintiff class." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D 128, 134 (S.D.N.Y. 2007); *see also In re Currency Conversion Fee Antitrust Litig.*, 01 MDL No. 1409, 2004 U.S. Dist. LEXIS 22320, *4 (S.D.N.Y. Nov. 3, 2004) ("If the [w]ithdrawing Plaintiffs are inadequate representatives, due process requires their withdrawal as class representatives. . . . '[A]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to.'") (citation omitted).

Consistent with these principles, courts in this district and other jurisdictions routinely allow parties to withdraw from class actions at various stages of the litigation, and recognize that occasionally the need arises for a court to exercise its authority to substitute another plaintiff to serve as the Lead Plaintiff. *See*, *e.g.*, *Morgan v. AXT, Inc.*, No. C04-04362 (MJJ) (N.D. Cal. Mar. 14, 2007), Dkt. No. 93 (granting motion of lead plaintiff to withdraw and substituting new lead plaintiff); *In re Rackable Systems, Inc. Sec. Litig.*, No. C09-0222-CW (N.D. Cal. Mar. 22, 2010), Dkt. No. 53 (permitting lead plaintiff to withdraw under Rule 21 and substituting in a new lead plaintiff); *Billhofer v. Flamel Techs.*, No. 07-civ-9920, 2010 U.S. Dist. LEXIS 99438, *8-9 (S.D.N.Y. Sept. 21, 2010) (ordering that "Billhofer's motion to withdraw as Lead Plaintiff is granted, and Jenkins is substituted as Lead Plaintiff in this action").

In this case, Mr. Anvari no longer believes that he can adequately represent the putative Class. *See* Declaration of Arman Anvari, attached as Ex. A to the Ta Declaration.[1]  In addition, Mr. Frunze, another qualified class member who is also a named plaintiff, is ready, willing and able to serve as a substitute Lead Plaintiff.  *See infra*, Section II.  Accordingly, Mr. Anvari's motion to withdraw as Lead Plaintiff should be granted.

## II. THE COURT SHOULD APPOINT MR. FRUNZE AS THE SUBSTITUTE LEAD PLAINTFF

### A. It Is Within The Court's Discretion And Authority To Substitute The Lead Plaintiff In Appropriate Circumstances

The PSLRA is "entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002). In the absence of statutory guidance, courts in this and other districts recognize that it is in the Court's discretion to permit withdrawal and substitution in appropriate circumstances.  *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218 (9th Cir. 2000) ("the district court's order designating a lead plaintiff is not a conclusive, immutable determination of the issue. It can be revisited if circumstances warrant."); *In re Impax Labs., Inc. Sec. Litig.*, No. C04-04802-JW, 2008 U.S. Dist. LEXIS 104485, *28 (N.D. Cal. Apr. 17, 2008) (Ware, J.) (analyzing "legislative intent with respect to the PSLRA's lead plaintiff process" and "find[ing] that at this stage of the litigation, there is no prejudice in permitting Plaintiffs to substitute a new Lead Plaintiff"); *In re NYSE Specialists*, 240 F.R.D. at 133-34 (Sweet J.) (collecting cases holding that courts have the "ability to consider motions to disqualify, remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action"); *In re Herley Indus. Inc.*, No. 06-2596, 2010 U.S. Dist. LEXIS 3463, at *8, n.2 (E.D. Pa. Jan. 15, 2010) (holding that courts "retain inherent power to reconsider the appointment of a lead plaintiff during the course of a securities class action because it is the Court's continuing duty to ensure the lead plaintiff is competent to represent the class."). Specifically, a motion to substitute a lead plaintiff is appropriate where, as here, "it is

---

[1] "Ta Declaration" or "Ta Decl." refers to the Declaration of Hung G. Ta, dated January 25, 2019, filed contemporaneously with this motion.

necessary to maintain representation of the prospective class." *In re NYSE Specialists*, 240 F.R.D at 139-40; *see also Manual for Complex Litigation*, § 21.26 ("Later replacement of a class representative may become necessary if, for example, the representative[ ] … is no longer pursuing the litigation.").

When substituting a new Lead Plaintiff, the Court need not re-start the PSLRA notice process. "[T]he statute [PSLRA] does not contemplate any sort of lead-plaintiff proceedings beyond the very earliest stages of the litigation. … The absence of statutory lead-plaintiff mechanics for suits already in progress stands in stark contrast to the detailed mechanics cited above for suits that are only just beginning. This alone suggests that Congress contemplated invoking the PSLRA's lead plaintiff process only once -- at the very beginning of the suit." *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138-VRW, 2005 U.S. Dist. LEXIS 41178, at *9-10 (N.D. Cal. Mar. 9, 2005). As Chief Judge Walker noted in *Portal Software*, there is a "practical sense to this outcome," because "[i]t would turn securities litigation into a game of snakes and ladders to hold that any time a new plaintiff is added, the action must 'go back to square one' and recommence the PSLRA lead plaintiff selection process. Relatedly, there is no indication that Congress intended such repetitive preliminaries to securities litigation." *Id.* at *14. *See also In re Impax Labs.,* 2008 U.S. Dist. LEXIS 104485 at *28 (citing *In re Portal Software* and allowing the plaintiffs to substitute a new Lead Plaintiff without need for further notice under the PSLRA).[2]

### B.    Mr. Frunze Should Be Appointed As The Substitute Lead Plaintiff

The Court should appoint Mr. Frunze as the Lead Plaintiff in place of Mr. Anvari.

First, as reflected in his declaration submitted with this motion, Mr. Frunze is familiar with

---

[2] Numerous other courts have followed the approach stated by the courts of the Northern District of California in *Portal Software* and *Impax*. *See*, *e.g.*, *Morgan v. AXT, Inc.*, No. C04-04362 (MJJ) (N.D. Cal. Mar. 14, 2007), Dkt. No. 93 (granting motion of lead plaintiff to withdraw and substituting new lead plaintiff); *In re Rackable Systems, Inc. Sec. Litig.*, No. C09-0222-CW (N.D. Cal. Mar. 22, 2010), Dkt. No. 53 (permitting lead plaintiff to withdraw under Rule 21 and substituting in new lead plaintiff); *Johnson v. CBD Energy, Ltd.*, No. H-15-1668, 2016 U.S. Dist. LEXIS 87174, *22-24 (S.D. Tex. July 6, 2016) (noting *Impax*, and its proposition that "there is no need to reopen the lead plaintiff process when there is a named plaintiff who has standing" and granting motion to substitute in a new lead plaintiff); *Billhofer*, 2010 U.S. Dist. LEXIS 99438 at *8-9 (ordering that "Billhofer's motion to withdraw as Lead Plaintiff is granted, and Jenkins is substituted as Lead Plaintiff in this action").

the facts of this lawsuit, understands his responsibilities and obligations as a Lead Plaintiff, and is ready, willing and able to serve the interests of the putative Class. Declaration of Artiom Frunze, ("Frunze Decl."), attached as Ex. B to the Ta Declaration. Specifically, Mr. Frunze is already a party to this lawsuit, having been added as a named plaintiff by stipulation of the parties, which was so-ordered by the Court on January 7, 2019. Dkt. No. 186. With the approval of the existing Lead Plaintiff, Mr. Frunze and the other named plaintiff, Pumaro LLC, have now proceeded to move for class certification and requested appointment as the Class Representatives. Dkt. Nos. 193 to 195.

Second, Mr. Frunze has a significant financial interest in this lawsuit, larger than the financial interest of Mr. Anvari which rendered him the presumptive Lead Plaintiff under the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Specifically, Mr. Anvari was promised 133,608.75 Tezos tokens in the Tezos initial coin offering ("Tezos ICO") (based on an investment of 250 Ethereum). Dkt. No. 70-3. By comparison, Mr. Frunze was promised a total of 165,607.38 Tezos tokens in the Tezos ICO, or nearly 25% more than the number promised to Mr. Anvari (based on an investment of 238 Ethereum).[3] Frunze Decl. at ¶ 4.

Third, as reflected in Plaintiffs' pending motion for class certification (Dkt. Nos. 193 to 195), Mr. Frunze satisfies the requirements of Fed. R. Civ. P. 23. For purposes of assessing the Lead Plaintiff, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citation omitted); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (focusing "in particular" on typicality and adequacy when assessing lead plaintiff).

Rule 23(a)(3) requires that the class representative's claims or defenses must be "typical" of the claims or defenses of the prospective class. "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Where a "[p]laintiff's claims are based upon the

---

[3] The Tezos ICO incentivized investors by awarding bonus tokens to investors who, like Mr. Frunze, invested earlier in the Tezos ICO.

same course of events as the claims of all class members, and all claims are based on the same theories and will be proven by the same evidence," they are typical of the class. *In re Celera Corp. Sec. Litig.*, No. 5:10-cv-02604-EJD, 2014 U.S. Dist. LEXIS 25098, at *9 (N.D. Cal. Feb. 25, 2014). Here, Mr. Frunze's claims, like the claims of the rest of the Class, are all based on Defendants' sale of unregistered securities, and his purchases of Tezos tokens, in the July 2017 Tezos ICO. The legal and factual arguments that Mr. Frunze advances regarding Defendants' liability are the same as the arguments that other Class members would advance in support of their claims. Thus, the typicality requirement is readily satisfied.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." In the Ninth Circuit, resolution of "two questions" determines legal adequacy: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *In re LendingClub Secs. Litig.*, 282 F. Supp. 3d 1171, 1182 (N.D. Cal. 2017) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Here, Mr. Frunze and the putative Class members were all sold unregistered securities in violation of the Securities Act of 1933, and Mr. Frunze's interest in establishing Defendants' liability and obtaining appropriate relief is wholly aligned with the interests of absent Class members. Accordingly, there is no indication of any conflict of interest. In addition, Mr. Frunze has retained LTL and HGT Law, whom this Court already appointed as Co-Lead Counsel. As demonstrated throughout the course of this litigation, Co-Lead Counsel have capably and diligently led this litigation since their appointment.

<u>Fourth</u>, Defendants will not be prejudiced by the substitution of a new Lead Plaintiff, because the significance of a Lead Plaintiff is to control the litigation only up until Class Representatives are appointed. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 125 (S.D.N.Y. 2001) ("the class representative is going to control the case. He is the Rule 23 fiduciary, not the lead plaintiffs."); *In re Portal Software*, 2005 U.S. Dist. LEXIS 41178, at *14-15 ([t]he PSLRA's lead plaintiff provisions is designed only to get cases off on the right foot."). Substituting the Lead Plaintiff therefore does not fundamentally alter the course of the litigation. That is especially the case here,

because Mr. Frunze has also moved to be appointed as a Class Representative. Thus, from the Defendants' perspective, nothing changes in terms of the relevance or importance of obtaining discovery from Mr. Frunze.[4] Before filing this motion, Co-Lead Counsel notified Defendants' counsel of Mr. Anvari's decision to withdraw. Defendants have indicated that, as of the date of filing of this motion, Defendants do not take any position with respect to this motion.

Fifth, the Court should appoint Mr. Frunze as the substitute Lead Plaintiff because it will ensure continuity of litigation strategy and judicial economy. Mr. Frunze is already a named party to this lawsuit, and he is represented by the same counsel as Mr. Anvari. Substituting Mr. Frunze as the Lead Plaintiff will therefore protect the interests of absent class members and avoid duplication of effort.

## CONCLUSION

For all the foregoing reasons, the Court should allow Mr. Anvari to withdraw as Lead Plaintiff, and appoint Mr. Frunze as the substitute Lead Plaintiff.

Date: January 25, 2019						LTL ATTORNEYS LLP

							By: *s/ Enoch H. Liang*
								Enoch H. Liang
								LTL ATTORNEYS LLP
								601 Gateway Boulevard, Suite 1010
								South San Francisco, California 94080
								Tel: 650-422-2130
								Fax: 213-612-3773
								enoch.liang@ltlattorneys.com

								James M. Lee
								Caleb H. Liang
								LTL ATTORNEYS LLP
								300 S. Grand Ave., 14th Floor
								Los Angeles, California 90071
								Tel: 213-612-8900
								Fax: 213-612-3773
								james.lee@ltlattorneys.com
								caleb.liang@ltlattorneys.com

---

[4] In addition, Mr. Anvari is making himself available for a deposition, which Defendants remain interested in pursuing even though Mr. Anvari is withdrawing as Lead Plaintiff.

| | |
|---|---|
| 1 | |
| 2 | Hung G. Ta |
| | JooYun Kim |
| 3 | HUNG G. TA, ESQ., PLLC |
| | 250 Park Avenue, 7th Floor |
| 4 | New York, New York 10177 |
| | Tel: 646-453-7288 |
| 5 | Fax: 646-453-7289 |
| | hta@hgtlaw.com |
| 6 | jooyun@hgtlaw.com |

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class*

William R. Restis
THE RESTIS LAW FIRM, P.C.
402 West Broadway, Suite 1520
San Diego, CA 92101
Tel: 619.270.8383
william@restislaw.com

Joseph J. DePalma
Bruce D. Greenberg
Jeremy Nash
LITE DEPALMA GREENBERG, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
jdepalma@litedepalma.com
bgreenberg@litedepalma.com
jnash@litedepalma.com

*Additional Counsel for the Class*