Joel A. Fleming (SBN 281264)
Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
joel@blockesq.com
jake@blockesq.com

*Attorneys for Movant Trigon Trading Pty. Ltd.*

[Additional counsel listed on signature block]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Case No. 3:17-cv-06779-RS |
| This document relates to:<br>ALL ACTIONS | **NOTICE OF MOTION AND MOTION TO SUBSTITUTE TRIGON TRADING PARTY LTD. AS LEAD PLAINTIFF; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Date:      March 7, 2019<br>Time:      1:30 p.m.<br>Courtroom: 3<br>Judge:     Hon. Richard Seeborg |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 7, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 3 on the 17th floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102, before the Honorable Richard Seeborg, Trigon Trading Pty. Ltd. ("Trigon") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), for an order (1) denying, without prejudice, the motion for class certification of Pumaro LLC ("Pumaro") and Artiom Frunze ("Frunze"); (2) denying the motion of Lead Plaintiff Arman Anvari ("Anvari"), Pumaro, and Frunze to substitute Frunze as Lead Plaintiff; and (3) substituting Trigon as Lead Plaintiff consistent with the requirements of the PSLRA.

MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

[T]he district court's order designating a lead plaintiff is not a conclusive, immutable determination of the issue. It can be revisited if circumstances warrant. … [A] lead plaintiff appointed originally might turn out to be an inadequate class representative and … a change might have to be made … consistent with the district court's continuing duty to see that a class is adequately represented[.]

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218–19 (9th Cir. 2000).

Former Lead Plaintiff Arman Anvari has abandoned the putative Class.

On November 20, 2018, Anvari traded away the right to revive the Class's claims against Timothy Cook Draper, Draper Associates V Crypto LLC and Bitcoin Suisse AG in exchange for the ability to add a new named Plaintiff, Pumaro LLC ("Pumaro").

On January 9, 2019, Pumaro, and a second plaintiff who was added just five days earlier, Artiom Frunze ("Frunze," and, with Pumaro, the "Lawyer-Selected Replacement Plaintiffs"), moved for class certification.[1] The Lawyer-Selected Replacement Plaintiffs were the only plaintiffs proposed as class representatives. Anvari's name was not even mentioned in the class certification motion. On January 25, 2019, Anvari moved for leave to withdraw as Lead Plaintiff and substitute Frunze as Lead Plaintiff.[2]

If Anvari cannot act as lead plaintiff, the PSLRA does not authorize his lawyers to select a replacement. Instead, the Court must look to the next most adequate plaintiff who filed a timely motion for appointment as lead plaintiff. That plaintiff is Trigon.

---

[1] Technically, the motion filed on January 9, 2019 was a motion for leave to file a motion for class certification under seal. On January 23, 2019—after the confidentiality issues were resolved—the Court granted leave to re-file the motion *nunc pro tunc* as of January 9, 2019. Docket No. 192.

[2] Docket No. 196.

1

## II. STATEMENT OF THE ISSUE TO BE DECIDED

When the Lead Plaintiff withdraws does the PSLRA permit his lawyers to hand-pick his replacement?

## III. PROCEDURAL HISTORY

On March 16, 2018, the Court appointed Anvari as lead plaintiff and his chosen counsel, (Hung G. Ta, Esq. PLLC and LTL Attorneys LLP) as lead counsel.

"[F]iling the complaint or a timely motion is the threshold requirement to serve as lead plaintiff." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010). Then, "the court must decide which plaintiff has the most to gain financially from the lawsuit, and whether this plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. … Finally, the court must consider competing plaintiffs' attempts to rebut the presumptive plaintiff's showing that it satisfies Rule 23. … [T]he process is sequential, starting with the potential plaintiff with the greatest financial interest." *GGCC, LLC v. Dynamic Ledger Sols., Inc.* ("*Tezos*"), No. 17-CV-06779-RS, 2018 WL 1388488, at *3 (N.D. Cal. Mar. 16, 2018).

Here, "five different plaintiffs and plaintiff groups," including Trigon, "initially moved for appointment as lead plaintiff and for approval of their respective selections of counsel. One plaintiff … conceded, leaving four remaining contenders." *Id.* at *1. Of the four contenders, Anvari had the largest financial interest; Trigon had the next largest. *Id.* at *4. Despite expressing some concerns about the experience of Anvari's counsel, the Court appointed Anvari. *Id.* at *5-6.

On August 7, 2018, the Court denied, in large part, Defendants' motions to dismiss. The Court noted, however, that this could "ultimately prove to be fleeting procedural mercy," if Anvari had actual notice of the ICO Contribution Terms, which provided for a Swiss forum. *In re Tezos Sec. Litig.*, No. 17-CV-06779-RS, 2018 WL 4293341, at *7 (N.D. Cal. Aug. 7, 2018). As the Court observed, Anvari's "complaint and opposition papers, even where called directly to the question, [were] conspicuously silent regarding whether he had actual notice" and "at oral argument, Anvari's counsel represented that they did not know whether Anvari had actual notice of the

1  terms." *Id.* at *7 & n.11.[3]

2  On September 6, 2018, the Court ordered that "Defendants may take an additional deposition of Lead Plaintiff Arman Anvari focused solely on the *forum non conveniens* issue. This additional deposition shall be limited to two hours and will not count towards Defendants' deposition limits." Docket No. 165. On November 1, 2018, Anvari filed a Motion for Leave to File a Motion for Reconsideration of that order. Docket No. 179. On November 13, 2018, the Court denied Anvari's Motion for Leave to File a Motion for Reconsideration. Docket No. 181.

A week later, the parties stipulated to add Pumaro as an additional named plaintiff in exchange for Anvari withdrawing claims asserted in an amended complaint against Timothy Cook Draper, Draper Associates V Crypto LLC and Bitcoin Suisse AG. Docket No. 182.

On January 4, 2019, the parties stipulated to add Frunze as an additional named plaintiff. Docket No. 185.

On January 9, 2019, Anvari's counsel, on behalf of the Lawyer-Selected Replacement Plaintiffs filed an Administrative Motion for Leave To File Under Seal (Docket No. 187) in connection with a proposed motion for class certification. The class certification motion seeks the appointment of the Lawyer-Selected Replacement Plaintiffs as class representatives. Docket No. 187-3 at 1. The motion does not ask that Anvari be appointed as a class representative. Indeed, Anvari's name is not even mentioned.

On January 23, 2019—after the confidentiality issues were resolved—the Court granted leave to re-file the class certification motion *nunc pro tunc* as of January 9, 2019. Docket No. 192.

On January 25, 2019, Anvari moved to withdraw as Lead Plaintiff and to substitute Frunze as Lead Plaintiff. Docket No. 196.

This motion follows.

---

[3] By contrast, Trigon can and will testify that it did not see the Contribution Terms before making its purchase.

3

## IV. ARGUMENT

"The goal of the PSLRA was … to promote a client-driven rather than lawyer-driven process." *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 399 (S.D.N.Y. 2014). "Congress found that the named plaintiffs, while ostensibly in charge of the litigation as fiduciaries for all similarly situated, were, in reality, token figureheads with no actual control over their cases. In the vast run of cases, it was the lawyers who initiated them, selected the plaintiffs, controlled the strategy, controlled the settlement, and collected fees from the settlement—or at least so Congress found. … In place of … a practice wherein the class lawyer selected the class plaintiff[,] Congress sought to substitute a new model, one that reversed the roles. Under the new model, the court would appoint the lead plaintiff who, in turn, would select and direct class counsel." *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1019–20 (N.D. Cal. 1999).

Unsurprisingly, the PSLRA does not permit plaintiff's counsel to simply hand-select a replacement when the lead plaintiff decides to abandon his role as a representative of the putative class. "[A] lead plaintiff appointed originally might turn out to be an inadequate class representative and … a change might have to be made. Ordering such a change would be consistent with the district court's continuing duty to see that a class is adequately represented by counsel." *Z-Seven*, 231 F.3d at 1218–19.

Here, Anvari's withdrawal shows he is not an adequate lead plaintiff. And Frunze is ineligible because he did not move during the sixty-day window. "The plain language of the statutes precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed." *UCBH Holdings*, 682 F. Supp. 2d at 1053; *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 117 & n.2 (S.D.N.Y. 2009) (rejecting original lead plaintiff's request to substitute new lead plaintiff which had not sought

4

leadership within original sixty-day window because "under the PSLRA the Court can only consider those class members that filed a motion sixty days after the publication of notice as candidates for appointment as lead plaintiff"; instead, appointing the timely movant with the next-largest losses); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 440 (E.D. Va. 2000) (where original lead plaintiff withdrew, court refused to consider motion for appointment by new lead plaintiff who "did not file a timely motion to be named lead plaintiff" where "other class members [did satisfy] the statute's requirements, and … Congress's intent suggest that the statute's time limits should be strictly enforced."); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 143 (S.D.N.Y. 2007) ("strictly applying the sixty-day limit set forth in the PSLRA, the motions of both Sea Carriers and Martin to now be appointed co-lead plaintiff are denied as untimely."); *Endress v. Gentiva Health Servs., Inc.*, 276 F.R.D. 62, 64 (E.D.N.Y. 2011) (refusing to permit substitution of new lead plaintiff that "neither filed the original complaint, nor moved to be named lead plaintiff within sixty days of [original plaintiff] publishing a notice of the filing of the case.").

The path forward is clear. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). That plaintiff is Trigon. *Tezos*, 2018 WL 1388488, at *4 (noting that "the most rational and consistent way to estimate the financial interest of the potential plaintiffs is by assessing the value of their contributions at the time the Tezos ICO concluded" and that Trigon's contribution was the second-largest after Anvari).

## V. CONCLUSION

For all the foregoing reasons, the Court should deny, without prejudice, the motion for certification of a class represented by Pumaro and Frunze, deny Anvari's motion seeking to substitute Frunze as lead plaintiff, and substitute Trigon as lead plaintiff.

January 30, 2019

Respectfully submitted,

**BLOCK & LEVITON LLP**

/s/ Joel Fleming
Joel A. Fleming (SBN 281264)
Jacob A. Walker (SBN 271217)
155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
joel@blockesq.com
jake@blockesq.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (139304)
Michael W. Stocker (179083)
Danielle Smith (291237)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  510-725-3000
510-725-3001 (fax)
reed@hbsslaw.com
mikes@hbsslaw.com
danielles@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone:  206-623-7292
206-623-0594 (fax)
steve@hbsslaw.com

*Counsel to Trigon Trading Pty. Ltd.*

**CERTIFICATE OF SERVICE**

 I hereby certify that on January 30, 2019, I authorized the electronic filing of the foregoing with the Clark of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                /s/ Joel Fleming
                Joel Fleming