# EXHIBIT A

**Scott Malzahn**

| | |
|---|---|
| **From:** | Becky Isomoto |
| **Sent:** | Thursday, August 2, 2018 10:00 AM |
| **To:** | enoch.liang@ltlattorneys.com |
| **Cc:** | Scott Malzahn |
| **Subject:** | Litigation Hold Demand – In Re Tezos Securities Litigation |
| **Attachments:** | 2018.08.02 Letter to Liang (00122178xB0A52).pdf |

Mr. Liang – Please find attached a letter re a Litigation Hold Demand in the In re Tezos Securities Litigation. Thank you.

Becky Isomoto
Paralegal
Baker Marquart LLP
2029 Century Park East
Sixteenth Floor
Los Angeles, CA 90067
(424) 652-7800 P
(424) 652-7850 F
www.bakermarquart.com

1



# BAKER MARQUART LLP
### ATTORNEYS

WRITER'S DIRECT DIAL NO.
(424) 652-7814

WRITER'S INTERNET ADDRESS
bklein@bakermarquart.com

August 2, 2018

**Via Email**

Enoch H. Liang, Esq.
LTL Attorneys LLP
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
E-mail: enoch.liang@ltlattorneys.com

Re:  **Litigation Hold Demand –** *In Re Tezos Securities Litigation*

Dear Mr. Liang:

As you know, I represent defendants Dynamic Ledger Solutions, Inc.; Arthur Breitman; and Kathleen Breitman (collectively, the "DLS Defendants") in the action captioned *In Re Tezos Securities Litigation* pending in the Northern District of California, San Francisco Division, Master File No. 17-cv-067789-RS (the "Litigation"), in which your client, Arman Anvari ("Anvari"), has been designated as the lead plaintiff. The purpose of this letter is to put Anvari and your office on notice of the duty to preserve documents, tangible things and electronically stored information that is potentially relevant to the allegations, claims and defenses raised, or to be raised, in the Litigation.

I am confident that Anvari and your office already have taken proper steps to preserve documents and electronic data since the time Anvari had a duty to preserve potentially relevant evidence. Among other things, please ensure that Anvari and your office have preserved all social media postings made by Anvari, including his posts under the user names ".,.,.,,,.,,.,.,,.,.,.,,.,.,.,,.,.,.", "Short Quotemo", "Gs456", "Gs457", "GS4555", "Airspeakers", "Danieldaycrypto", "Aanvari" and "AA."

For example, using the pseudonym ".,.,.,,.,,.,.,,.,.,.,,.,.,.,,.,.," on AutoAdmit, Anvari repeatedly posted about Tezos both before and after the fundraiser in which, *inter alia*, he commented on the value of Tezzies. In about November 2017, Anvari expressed interest in purchasing Tezzies from other contributors "for the price you paid for them." He told two users to email him at airspeakers@gmail.com after they offered to sell him 80,000 XTZ at the fundraiser price and 60,000 XTZ at $0.85 each. Anvari should preserve his correspondence with these users and evidence of any transactions with them, as well as

any other potentially relevant information (such as anti-semitic posts directed towards Arthur Breitman and Arthur Breitman on Reddit and AutoAdmit).

Additionally, please ensure that Anvari and your office have taken all appropriate actions to preserve data contained on any computers or other devices that Anvari used to access or download information relating to the Tezos fundraiser. For example, Anvari should preserve files, Internet history and download history relating to the Tezos Contribution and XTZ Allocation Terms and Explanatory Notes (the "Contribution Terms") containing a forum selection clause, class action waiver and choice of law clause.

I trust that you and your client will continue to preserve such documents and electronic data throughout the course of the Litigation. The DLS Defendants' demand and procedures for preservation are set forth in more detail below:

### Demand for Preservation of Documents and Electronically Stored Information

As used in this letter, "You" and "Your" refers to Arman Anvari, and his employers, agents, attorneys, accountants, employees, partners, investigators, consultants or other persons in similar positions or otherwise acting on his behalf. The DLS Defendants demand that You preserve all documents, tangible things and electronically stored information potentially relevant to the Litigation.

The DLS Defendants demand that You preserve documents, tangible things and electronically stored information potential relevant to any and all issues related to the Litigation. You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on Your current and/or former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories, cloud storage and cell phones). Electronically stored information (hereinafter, "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (*e.g.*, e-mail, voice mail, instant messaging, text messages);
- Word processed documents (*e.g.*, Word or WordPerfect documents and drafts);
- Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);
- Accounting application data (*e.g.*, QuickBooks, Money, Peachtree data files);
- Image and facsimile files (*e.g.*, PDF, TIFF, JPG, GIF images, and screen shots);
- Sound recordings (*e.g.*, WAV and MP3 files);
- Video and animation (*e.g.*, AVI and MOV files);
- Databases (*e.g.*, Access, Oracle, SQL server data, SAP);
- Contact and relationship management data (*e.g.*, Outlook, ACT!);
- Calendar and diary application data (*e.g.*, Outlook PST, Yahoo and blog tools);
- Online access data (*e.g.*, temporary internet files, history and cookies);
- Presentations (*e.g.*, PowerPoint, Corel presentations);
- Network access and server activity logs;

- Project management application data; and
- Back-up and archival files (*e.g.*, Zip, GHO).

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to You, but also in areas You may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from all these sources of ESI, even if You do not anticipate producing or exchanging such ESI. The demand that You preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), You must identify all sources of ESI You decline to produce and demonstrate to the Court why such sources are not reasonably accessible. For good cause shown, the Court may then order production of the ESI, even if it finds that it is not reasonable accessible. Accordingly, even ESI that You deem reasonably inaccessible must be preserved in the interim so as not to deprive the DLS Defendants or other parties of their right to secure evidence or the Court of its right to adjudicate the issue.

## Preservation Requires Immediate Intervention

You must act immediately to preserve potentially relevant documents and ESI including, without limitation, information through the date of this demand (and on an on-going basis) and concerning or relating to:

- The events and causes of actions described and set forth in the Lead Plaintiff's Consolidated Complaint;
- Your claims and allegations in this case;
- Your qualifications to serve as an adequate and competent representative of the putative class(es) in the Litigation;
- Your veracity and integrity;
- Your personal or business relationship with your legal counsel, including any compensation or gifts that You may have received from counsel;
- Your contribution for anticipated Tezos tokens;
- The source and circumstances surrounding Your purchase or acquisition of the 250 Ethereum referenced in your Complaint;
- Your access to documents or websites relating to the Tezos fundraiser, including the Contribution Terms;
- Documents You downloaded or printed related to the Tezos fundraiser;
- Your acquisition of, or contributions, to all forms of actual or potential blockchains or cryptocurrencies;
- Content and history of Your cryptocurrency digital wallet(s);
- Data contained on Your computer or any other electronic device that may have been used to access information related to the Tezos fundraiser or to make contributions to the fundraiser;
- Your online interactions in chat rooms, message boards, discussion websites or other forums (*e.g.*, Reddit, AutoAdmit, Twitter etc.) relating to blockchains or cryptocurrencies; and

- Any Documents mentioning, referencing, or relating to Kathleen Breitman, Arthur Breitman, Dynamic Ledger Solutions, the Tezos Foundation (the "Foundation"), any Foundation board member, or the Tezos token.

### Suspension of Routine Destruction and Litigation Hold

Adequate preservation of documents and ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of documents and ESI. Be advised that sources of ESI are altered and erased by continued use of Your computers and other electronic devise. Booting a drive, examining its contents, copying, transferring, or running any application will irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI. Nothing in this demand for preservation of ESI should be understood to eliminate or diminish Your continuing and concurrent obligation to preserve documents, tangible things and other potentially relevant evidence.

You are directed to immediately initiate a "litigation hold" for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure, monitor and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of Your information and storage systems and devices that, in routine operation, function or operate to cause the loss or change of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail or text messaging repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back-up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online or cloud storage repositories;
- Using metadata stripper utilities; and
- Executing drive or file defragmentation or compression programs.

### Preservation in Native Form

You should anticipate that certain ESI, including but not limited to, spreadsheets and databases, will be sought in the form(s) in which it is ordinarily maintained. Accordingly, You should preserve ESI in such native forms, and You should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the Litigation.

### Metadata

You should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to preserve ESI. For electronic mail, metadata includes all header routing data and encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields.

### Home Systems, Laptops, Notebooks, Online Accounts and Other ESI Venues

Though the DLS Defendants expect that You will act swiftly and diligently to preserve data on office workstations, servers and networks, You should also determine if any home or portable systems may contain potentially relevant ESI. To the extent You have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from Your office or place of employment, You must preserve the contents of systems, devices and media used for these purposes. This would include not only potentially relevant data from portable and home computers, but also from, portable thumb drives, CD-R disks, PDAs, smart phones, voice mail box or other forms of ESI storage or creation devices.

If You have any questions concerning any of the above, please feel free to contact me.

Very truly yours,

Brian E. Klein
Counsel for DLS Defendants