1  Joel A. Fleming (SBN 281264)
   Jacob A. Walker (SBN 271217)
2  **BLOCK & LEVITON LLP**
   155 Federal Street, Suite 400
3  Boston, MA 02110
   (617) 398-5600 phone
4  (617) 507-6020 fax
5  joel@blockesq.com
   jake@blockesq.com
6

7  *Attorneys for Movant Trigon Trading Pty. Ltd.*

8  [Additional counsel listed on signature block]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Case No. 3:17-cv-06779-RS |
| This document relates to: <br> ALL ACTIONS | **TRIGON TRADING PARTY LTD'S OPPOSITION TO ARMAN ANVARI, ARTIOM FRUNZE, AND PUMARO LLC'S MOTION TO SUBSTITUTE LEAD PLAINTIFF** |
| | Date: March 7, 2019 <br> Time: 1:30 p.m. <br> Courtroom: 3 <br> Judge: Hon. Richard Seeborg |

## I.     ARGUMENT

Lead Plaintiff Arman Anvari ("Anvari") and additional named plaintiffs Artiom Frunze ("Frunze") and Pumaro LLC ("Pumaro") seek an order withdrawing Anvari as Lead Plaintiff, and substituting Frunze as the new Lead Plaintiff. Docket No. 196 (the "Anvari Motion").

The Court should deny the Anvari Motion for all the reasons set forth in Trigon Trading Party Ltd's ("Trigon") cross-motion to substitute Trigon as Lead Plaintiff, which is incorporated by reference (the "Trigon Motion"; Docket No. 198).

Many of the cases that the Anvari Motion cites actually support Trigon's motion.

In *In re Initial Pub. Offering Sec. Litig.*, the Court expressly noted that "[i]f other plaintiffs had filed a lawsuit or originally moved to be appointed lead plaintiff—*i.e.*, moved for appointment as lead plaintiff in response to the initial notice of pendency," as Trigon did here, "then those plaintiffs would arguably be entitled to priority over any other potential lead plaintiffs." 214 F.R.D. 117, 120 n.5 (S.D.N.Y. 2002) (cited in Anvari Motion at 3).

In *In re Herley Indus. Inc.*, the replacement lead plaintiff was similarly situated to Trigon: it had "the second highest financial loss of any plaintiff" and "was a timely applicant for lead plaintiff status" during the original sixty-day period. No. CIV.A. 06-2596, 2010 WL 176869, at *4 (E.D. Pa. Jan. 15, 2010) (cited in Anvari Motion at 3).

Similarly, in *In re Rackable Systems, Inc.*, C-09-0222-CW, Docket No. 53 (N.D. Cal. Mar. 22, 2010) (cited in Anvari Motion at 2), the original lead plaintiff was successful in seeking substitution *because the replacement plaintiff had filed the original complaint*. *Id.*, Docket No. 48 at 5 ("In this case there is no need to reopen the PSLRA lead plaintiff selection process because the court already has before it Gerald Dull -- the one member of the putative plaintiff class who satisfies the threshold requirement under the express statutory scheme, *i.e.*, the one that '… has either filed the complaint or made a motion' in response to the initial notice…").

Anvari cites only a handful of cases in which a lead plaintiff was permitted to withdraw in favor of a replacement plaintiff selected by the original lead plaintiff's lawyer where the

replacement plaintiff had not sought appointment within the original sixty-day period. **Not a single one** involved the situation presented here where a plaintiff who filed a timely motion within the original period (*i.e.*, Trigon) was seeking to be appointed:

- In *Portal Software*, No. C-03-5138-VRW, Docket No. 100 (N.D. Cal. Mar. 9, 2005) (cited in Anvari Motion at 4), the original lead plaintiff was remaining in the case and a new named plaintiff was simply being added. *Id.* at 2 ("[original lead plaintiff] adds [new named plaintiff] to the complaint as a proposed representative (along with [original lead plaintiff] himself)").

- Similarly, in *In re NYSE Specialists Sec. Litig.*, one of the two original lead plaintiffs withdrew and the case moved forward with the remaining original lead plaintiff as the sole lead plaintiff. 240 F.R.D. 128, 139 (S.D.N.Y. 2007) (cited in Anvari Motion at 3, 4).

- In *Morgan v. AXT, Inc.*, No. C04-04362 (MJJ), Docket No. 93 (N.D. Cal. Mar. 14, 2007) (cited in Anvari Motion at 2), the other plaintiffs who had filed a timely motion within the original sixty-day period did not seek appointment when the original lead plaintiff withdrew. *Id.*, Docket No. 89 at 1-2 ("All of the other movants were represented by the law firm Glancy Binkow & Goldberg. … Current Lead Counsel consulted with Glancy Binkow & Goldberg and they do not seek lead plaintiff status for their prior movants. Given Mr. Morgan's desire to withdraw, and there being no motion from counsel for the only prior movants for lead plaintiff, Mr. Wei stands ready to pursue this action on behalf of the Class.").

- The same thing was true in in *Billhofer v. Flamel Technologies*, No. 1:07-cv-09920-RWS, Docket No. 34 (S.D.N.Y. Apr. 29, 2010) (cited in Anvari Motion at 2) where "[n]o movants other than [the original lead plaintiff] filed a motion for appointment as Lead Plaintiff" in the original sixty-day period."

- Similarly, no other movants who had filed a timely motion within the original sixty-day period stepped forward in *In re Impax Labs., Inc. Sec. Litig.*, No. C 04-04802 JW, 2008 WL 1766943, at *1 (N.D. Cal. Apr. 17, 2008) (cited in Anvari Motion at 3) or *Johnson v. CBD Energy Ltd.*, No. CV H-15-1668, 2016 WL 3654657, at *7 (S.D. Tex. July 6, 2016) (cited in Anvari Motion at 4 n.2).

February 8, 2019                                      Respectfully submitted,

**BLOCK & LEVITON LLP**

/s/ Joel Fleming
Joel A. Fleming (SBN 281264)
Jacob A. Walker (SBN 271217)
155 Federal Street, Suite 400

2

Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
joel@blockesq.com
jake@blockesq.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (139304)
Michael W. Stocker (179083)
Danielle Smith (291237)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  510-725-3000
510-725-3001 (fax)
reed@hbsslaw.com
mikes@hbsslaw.com
danielles@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone:  206-623-7292
206-623-0594 (fax)
steve@hbsslaw.com

*Counsel to Trigon Trading Pty. Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I authorized the electronic filing of the foregoing with the Clark of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Joel Fleming
Joel Fleming

4