# EXHIBIT A

Michael W. Stocker (179083)
Reed R. Kathrein (139304)
Danielle Smith (291237)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel.: (510) 725-3000
Fax: (510) 725-3001
mikes@hbsslaw.com
reed@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for Plaintiff*
*[Additional counsel listed on signature page]*

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**12/14/2018**
Clerk of the Court
BY:SEAN KANE
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>**TEZOS ICO CASES**<br><br>_____<br><br>Included actions:<br><br>*Baker v. Dynamic Ledger Solutions, Inc., et al.*, Superior Court of California, County of San Francisco, Case No. CGC-17-562144<br><br>*Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.*, Superior Court of California, County of San Mateo, Case No. 18CIV02045<br>_____ | Case No.: CJC-18-004978<br>JCCP: 4978<br><br><br><br><br>JOINT CASE MANAGEMENT STATEMENT<br><br><br>Date:  December 19, 2018<br>Time:  9:30 a.m.<br>Dept.:  305<br>Judge: Hon. Mary E. Wiss |

The undersigned parties submit the following Joint Case Management Statement in advance of the December 19, 2018 Case Management Conference and in accordance with the Court's October 22, 2018 Order After October 19, 2018 Initial Case Management Conference.

## I. STATUS OF THE COORDINATED ACTIONS

On October 22, 2018, Your Honor partially lifted the stay of the coordinated actions "for the limited purpose of allowing Plaintiffs to effect service on any defendants not yet served with the complaint." In addition, the Court ordered the parties to work on a protective order and ESI protocol consistent with the federal action, and ordered defendants to consider securing agreement from the parties in the federal action as to whether plaintiff in these cases may be provided with copies of discovery served on defendants in the federal action. The status of these items is detailed below.

### A. Status of Service of Defendants Not yet Served with the Complaint

To date, plaintiff Baker has served defendants Strange Brew Strategies LLC, Dynamic Ledger Solutions, Inc. ("DLS"), Draper Associates V Crypto LLC and Timothy Draper (the "Draper Defendants"). Plaintiff Trigon Trading Pty. Ltd. has served defendants DLS and the Draper Defendants. Plaintiffs have previously sought to negotiate service on defendants Kathleen Breitman, Arthur Breitman, and Tezos Stiftung (the "Tezos Foundation"), and Plaintiff Baker has recently renewed those efforts, without success. Although these defendants reside overseas, they are represented by counsel in the United States and have agreed to waive service in the pending federal action asserting similar claims. *See GGCC, LLC v. Dynamic Ledger Solutions, Inc. et al.*, 3:17-cv-06779-RS (N.D. Cal.). Nevertheless, these defendants have refused to accept service in this case. If these defendants continue to attempt to evade service of process, Plaintiffs will pursue service under the Hague convention or other legally authorized means and will seek the costs associated with such service.

### B. Status of Protective Order and ESI Protocol

<u>Plaintiffs' Position</u>

Following the October 19, 2018 status conference, this Court continued the stay but ordered the parties to "work on a protective order and ESI protocol consistent with the federal action" and suggested that Defendants "consider securing agreement from the parties in the federal action as to whether plaintiffs in these cases may be provided with copies of discovery served on defendants in the federal action."

Plaintiff Baker has conferred with defendants regarding the protective order and establishing an ESI protocol, and has stated a willingness to be bound by the terms of the protective order in place in the federal action and to enter into an ESI protocol. Defendants have refused to enter into an agreement that would bind plaintiffs to the protective order in place in the federal action.

Plaintiff Trigon has sent Defendants and Baker a proposed stipulation regarding these matters in accordance with the court's direction, but, despite multiple requests, none have responded (with the exception of the Draper Defendants who refuse to agree to any stipulation because they were dismissed from the federal action).

<u>Defendants' Position</u>

1. DLS

Contrary to Plaintiffs' assertion, the difficulties the parties have experienced so far are entirely of Plaintiffs' making. Plaintiffs have to date only proposed that they informally agree to be bound by the existing Federal Protective Order. As DLS has explained, this is entirely inadequate. Plaintiffs are not parties to the federal action and are accordingly not bound by the terms of the Federal Protective Order; their "informal" agreement to abide by the Federal Protective Order is not contemplated by the terms of the Federal Protective Order (which allows the parties to show materials designated "Confidential" only to two narrowly defined categories of people beyond the

parties themselves and their counsel: (1) expert witnesses; and (2) jury consultants, trial consultants, and mock jurors). Moreover, DLS would risk waiving its own protections under the Federal Protective Order if it produced confidential materials to third parties not subject to its terms.

This Court's last Case Management Order directed the parties to work on a protective order and ESI protocol; Plaintiffs have not done this. Instead, they suggested that they would agree to be bound informally by an order that does not apply to them in a case they are not parties to. DLS is willing to try to work to address these issues with Plaintiffs, but DLS does not have control over the Federal Action and must abide by its obligations there.

2.   The Draper Defendants

The Draper Defendants have been dismissed from the Federal Action and therefore are not in a position to secure agreement from the parties in the Federal action to provide Plaintiffs with copies of discovery served in the Federal action. The Draper Defendants are unaware whether or not any ESI protocol has been established or entered in the Federal Action.

C.   **Status of Discovery from the Federal Action**

Plaintiffs' Position

Plaintiffs' position is that defendants should provide copies of all discovery exchanged in the federal action pursuant to the protective order in the federal action which allows for the production of such materials in this litigation or, alternatively, that such documents be produced pursuant to a new protective order and ESI protocol entered into in this action on essentially the same terms as the agreements in force in the federal action. Plaintiffs believe that the documents are clearly relevant to the claims at issue in this action and there is minimal (if any) burden for the production of these discovery materials as they have already been produced. Plaintiff Baker has requested on multiple occasions that he be provided with copies of the discovery in the federal

action, and has agreed to be bound by the federal action's protective order. Defendants have thus far refused to produce any discovery materials.

Defendants' Position

1. DLS

As explained above, Plaintiffs have refused to acknowledge the complicated confidentiality obligations at issue here. Defendants are willing to work to overcome them, but note that there is no conceivable prejudice to Plaintiffs from any delay given that all documents DLS is preparing to produce in the federal case are by definition being preserved.

2. The Draper Defendants

The Draper Defendants have been dismissed from the Federal Action and therefore are not in a position to provide Plaintiff with copies of discovery served in the Federal Action.

## II. ANTICIPATED MOTIONS

Plaintiffs anticipate filing one or more of the following motions:

(a) Motion to partially or fully lift the stay imposed in this case;

(b) Motion for relief from the requirements of California Rules of Court 3.110 for the purpose of serving Defendants otherwise evading service; and/or

(c) Motion for permission to serve via publication, posting, or through counsel.

DLS and the Draper Defendants anticipate opposing all of Plaintiffs' motions.

## III. SUGGESTIONS FOR CASE MANAGEMENT

Plaintiffs' Position

Plaintiffs believe that the stay in this case should be lifted to allow the matter to proceed. Plaintiff Baker filed his complaint more than thirteen months ago. Defendants have attempted to delay this case at every turn, including by filing an improper removal of this action to federal court, withholding and opposing all discovery requests, seeking multiple stays, and refusing service of

process.  Plaintiffs will be prejudiced by a continued stay of this action, as witnesses' memories fade and justice delayed ages into justice denied.

At the October 19, 2018 case management conference ("CMC") the Court implemented a partial stay of the action in order to allow events to unfold in the federal action.  Plaintiffs raised significant concerns about the Lead Plaintiff, Arman Anvari, in the federal action and believe that he is not an adequate representative for the claims of Plaintiffs or the putative class.  At the time, defendants assured the Court that the deposition of Mr. Anvari would soon go forward and the Court scheduled the current CMC so that the parties could reassess the continued propriety of the stay in light of that eventuality.  Unfortunately, it appears that Plaintiffs' fears are becoming realized.

On September 6, 2018, Judge Seeborg ordered that the deposition of Mr. Anvari go forward on issues that directly implicate his adequacy to serve as a class representative.  Apparently fearing what this deposition may reveal, on November 1, 2018, Mr. Anvari filed a motion for reconsideration, which was denied by Judge Seeborg on November 13, 2018.  One week later, Mr. Anvari, together with defendants, filed a joint stipulation to add a new plaintiff and withdraw an amended complaint which had only been filed eight days previously.  Rather than proceed quickly, as represented to the Court at the last CMC, now defendants are stating that the deposition of Mr. Anvari will not take place until January 2019 at the earliest.

Plaintiffs believe that events since the last CMC have only heightened the concerns surrounding Mr. Anvari.  It is by now clear that defendants hope to force plaintiffs to press their claims by proxy through an inadequate representative in the federal proceeding because they believe the tactic offers them a strategic advantage.  Defendants have continued their strategy of relentlessly delaying these proceedings since the last CMC, as they have refused to provide any discovery (even if already produced in the federal proceedings), accept service for foreign defendants (even if they

have already accepted service in the federal proceedings), or even negotiate a protective order and ESI protocol in line with the agreements in force in the federal action despite the Court's order directing them to do so.

In contrast to Mr. Anvari, Plaintiffs are fully capable of representing all members of the class, and their claims should be allowed to proceed. As the U.S. Supreme Court recently unanimously affirmed, forcing claims under the Securities Act of 1933 to proceed in federal court contravenes the "long and unusually pronounced tradition of according authority to state courts over 1933 Act litigation." *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1073 (2018). To prevent even further undue delay, plaintiffs respectfully request that the Court lift the partial stay of the coordinated actions to allow their claims to be resolved on the merits.

Defendants' Position

Defendants contend that this action, which asserts only federal securities law claims and is entirely duplicative of the Federal Action, should remain stayed. Plaintiffs have not articulated any kind of prejudice from a continued stay in this action. Nor can they in light of the fact that the Federal Action guarantees that all of the relevant documents and evidence have been preserved. Even if Plaintiffs' worst fears come to pass and the federal plaintiffs are denied class certification on the grounds that Anvari is an inadequate class representative, that *would have no impact on their claims*. Their cases are stayed—not dismissed—and Plaintiffs would be free at that point to pursue their action in this court. On the other side of the coin, there *is* prejudice to DLS and the Draper Defendants if the stay is lifted here—both in the form of duplicative and wasteful discovery, and the very real possibility of inconsistent or even outright contradictory rulings between two courts on the same issue. Notwithstanding the foregoing, if the Court is inclined to entertain the possibility of lifting the stay in this action, defendants would ask that it only do so after allowing the parties to fully brief the issue.

Furthermore, Plaintiffs are (once again) essentially asking this Court to second guess Judge Seeborg's determination that Anvari and his counsel are best positioned to represent the interests of the class in the Federal Action based solely on their speculation as to his possible shortcomings. Besides underscoring the potential for contradictory or conflicting rulings, this is not a sufficient justification for this action to proceed in parallel with all of the attendant inefficiencies.

Finally, Plaintiffs' assumed indignation about justice delayed and denied is negated by their own conduct. Plaintiffs have made no effort to serve the various defendants who remain absent from this action—including the Tezos Foundation itself, which as the entity that actually ran the Fundraiser and holds title to the assets received from it, is the single most indispensable defendant in this case. Actions speak louder than words, and Plaintiffs failure to take what actions they could to advance this matter clearly indicate what their real objections are here.

**IV. ADDITIONAL MATTERS**

None.

DATED: December 14, 2018

| HAGENS BERMAN SOBOL SHAPIRO LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
|---|---|
| By:/s/ *Reed R. Kathrein* | By:/s/ *Lucas F. Olts* |
| Reed R. Kathrein (139304) | Lucas F. Olts (234843) |
| Michael W. Stocker (179083) | Sara B. Polychron (244685) |
| Danielle Smith (291237) | Brian E. Cochran (286202) |
| 715 Hearst Avenue, Suite 202 | 655 West Broadway, Suite 1900 |
| Berkeley, CA 94710 | San Diego, CA 92101 |
| Tel.: (510) 725-3000 | Tel.: (619) 231-1058 |
| Fax: (510) 725-3001 | Fax: (619) 231-7423 |
| reed@hbsslaw.com | lolts@rgrdlaw.com |
| mikes@hbsslaw.com | spolychron@rgrdlaw.com |
| danielles@hbsslaw.com | bcochran@rgrdlaw.com |
| Steve W. Berman | James Q. Taylor-Copeland (284743) |

| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA  98101<br>Tel.: (206) 623-7292<br>Fax: (206) 623-0594<br>steve@hbsslaw.com<br><br>Joel A. Fleming (281264)<br>Jacob A. Walker (271217)<br>BLOCK & LEVITON LLP<br>155 Federal Street, Suite 400<br>Boston, MA 02110<br>Tel.: (617) 398-5600<br>Fax: (617) 507-6020<br>joel@blockesq.com<br>jake@blockesq.com<br><br>*Attorneys for Plaintiff Trigon Trading Pty. Ltd.* | TAYLOR-COPELAND LAW<br>501 West Broadway, Suite 800<br>San Diego, CA  92101<br>Tel.: (619) 400-4944<br>james@taylorcopelandlaw.com<br><br>*Attorneys for Plaintiff Andrew Baker* |
| MANATT, PHELPS & PHILLIPS, LLP<br><br>By:/s/  *Christopher L. Wanger*<br>Christopher L. Wanger (164751)<br>Ana Guardado (286732)<br>One Embarcadero Center, 30th Floor<br>San Francisco, CA  94111<br>Tel.: (415) 291-7400<br>Fax: (415) 291-7474<br>cwanger@manatt.com<br>aguardado@manatt.com<br><br>*Attorneys for Defendants Timothy C. Draper and Draper Associates V Crypto LLC* | COOLEY LLP<br><br>By:/s/  *Patrick E. Gibbs*<br>Patrick E. Gibbs (183174)<br>3175 Hanover Street<br>Palo Alto, CA  94304<br>Tel.: (650) 843-5000<br>Fax: (650) 849-7400<br>pgibbs@cooley.com<br><br>*Attorneys for Defendant Dynamic Ledger Solutions, Inc.* |

- 9 -
JOINT CASE MANAGEMENT STATEMENT

# DECLARATION OF SERVICE BY MAIL AND ELECTRONIC MAIL

I, the undersigned, declare:

1. I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. My business address is 715 Hearst Avenue, Suite 202, Berkeley, California, 94710 and my email address is lisal@hbsslaw.com.

2. On December 14, 2018, I caused to be served copies of the foregoing **JOINT CASE MANAGEMENT STATEMENT** on the persons listed below by depositing a true copy thereof in a United States mailbox in Berkeley, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed below. I also served the parties by electronic mail.

| | |
|---|---|
| Lucas F. Olts<br>Sara B. Polychron<br>Brian E. Cochran<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>lolts@rgrdlaw.com<br>spolychron@rgrdlaw.com<br>bcochran@rgrdlaw.com | Christopher L. Wanger<br>Ana Guardado<br>MANATT, PHELPS & PHILLIPS, LLP<br>One Embarcadero Center, 30th Floor<br>San Francisco, CA 94111<br>cwanger@manatt.com<br>aguardado@manatt.com<br><br>*Attorneys for Defendants Timothy C. Draper and Draper Associates V Crypto LLC* |
| James Q. Taylor-Copeland<br>TAYLOR-COPELAND LAW<br>501 West Broadway, Suite 800<br>San Diego, CA 92101<br>james@taylorcopelandlaw.com<br><br>*Attorneys for Plaintiff Andrew Baker* | Patrick E. Gibbs<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>pgibbs@cooley.com<br><br>*Attorneys for Defendant Dynamic Ledger Solutions, Inc.* |

3. There is regular communication by mail between the place of the mailing and the places so addressed.

CERTIFICATE OF SERVICE - 1
Case No.: CJC-18-004978 | JCCP No. 4978

1  I declare under penalty of perjury under the laws of the State of California that the foregoing
2  is true and correct. Executed on December 14, 2018, in Berkeley, California.



Alessandra T. Lin

CERTIFICATE OF SERVICE                                  - 2
Case No.: CJC-18-004978 | JCCP No. 4978