# EXHIBIT D

1  **MILBERG WEISS BERSHAD**
   **& SCHULMAN LLP**
2  JEFF S. WESTERMAN (SBN 94559)
   ELIZABETH P. LIN (SBN 174663)
3  355 S. Grand Avenue, Suite 4170
   Los Angeles, CA 90071-3172
4  Telephone: (213) 617-1200
   (213) 617-1975 (fax)
5
   [Proposed] Lead Counsel and Counsel for Plaintiff
6
   **LAW OFFICES OF CHARLES**
7  **J. PIVEN, P.A.**
   Charles J. Piven
8  The World Trade Center-Baltimore
   401 East Pratt Street, Suite 2525
9  Baltimore, MD  21201
   Telephone:  (410) 332-0030
10
   Plaintiff's Counsel
11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13

14  CITY OF HARPER WOODS EMPLOYEES      )  Case No. C-04-04362-MJJ
    RETIREMENT SYSTEM, Individually and on )
15  Behalf of all others Similarly Situated,  )  NOTICE OF MOTION AND MOTION FOR
                                           )  CONSOLIDATION, APPOINTMENT OF
16                          Plaintiffs,    )  THOMAS O. MORGAN AS LEAD
                                           )  PLAINTIFF AND APPROVAL OF
17      vs.                                )  SELECTION OF LEAD COUNSEL AND
                                           )  MEMORANDUM OF POINTS AND
18  AXT, INC., and MORRIS S. YOUNG,       )  AUTHORITIES IN SUPPORT THEREOF
                                           )
19                          Defendants.    )
                                           )
20  _____ )

21  MARC D. ROBERTSON, Individually and on )
    Behalf of all others Similarly Situated,  )  Case No. C-04-05106-MJJ
22                                         )
                            Plaintiffs,    )  DATE:    February 1, 2005
23                                         )  TIME:    9:30 a.m.
        vs.                                )  CTRM:    Hon. Martin J. Jenkins
24                                         )
    AXT, INC., and MORRIS S. YOUNG,       )
25                                         )
                            Defendants.    )
26  _____ )

27

28

─────────────────────────────────────────────────────────
NOTICE OF MOTION FOR CONSOLIDATION & TO APPOINT LEAD PLAINTIFF & TO APPROVE LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL – CASE NO. C-04-04362-MJJ
DOCS\246217v1

1   TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

2          PLEASE TAKE NOTICE that on February 1, 2005 at 9:30 a.m., or as soon thereafter as the

3   matter may be heard in the Courtroom of Martin J. Jenkins, Thomas O. Morgan ("Morgan") will

4   move this Court for an Order: (i) consolidating the above captioned actions; (ii) appointing Morgan

5   as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15

6   U.S.C. § 78u-4; (iii) approving Morgan's selection of the law firm of Milberg Weiss Bershad &

7   Schulman LLP ("Milberg Weiss") as lead counsel pursuant to the PSLRA; and (iv) granting such

8   other and further relief as the Court may deem just and proper.

9          This motion is made on the grounds that the above captioned actions are substantially

10  identical because each alleges claims for violations of the Securities Exchange Act of 1934

11  ("Exchange Act") and are based upon similar factual allegations against the same defendants,

12  consolidation of these actions will promote efficiency and conserve judicial resources and Morgan is

13  the "most adequate" plaintiff to represent those who purchased or otherwise acquired AXT, Inc.

14  ("AXT" or the "Company") securities between February 6, 2001 and April 27, 2004 ("Class

15  Period"). In addition to its large financial interest, Morgan meets the requirements of Rule 23 of the

16  Federal Rules of Civil Procedure because his claims are typical of the class, and he will fairly and

17  adequately represent the class. Morgan has also selected and retained Milberg Weiss as lead

18  counsel, a law firm with substantial experience in prosecuting securities fraud class actions. This

19  motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities,

20  the Declaration of Elizabeth P. Lin ("Lin Decl.") in support thereof, the pleadings, other files and

21  records in each of the above captioned actions and such other written or oral argument as may be

22  presented to the Court.

23  **I.     INTRODUCTION**

24         Presently pending in this District are two related class action lawsuits (the "Actions") brought

25  on behalf of persons who purchased or otherwise acquired securities of AXT. These Actions are

26  brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

27  U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17

28

1 C.F.R. §240.10b-5. Defendants are AXT and Morris S. Young, AXT's former Chairman and Chief
2 Executive Officer.

3       Pursuant to the PSLRA, prior to selecting a lead plaintiff, the Court must decide whether to
4 consolidate the above-captioned actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable
5 after a decision on consolidation has been rendered, the Court is to appoint as lead plaintiff the
6 movant or group of movants that have demonstrated the "largest financial interest" in the litigation
7 and also meets the typicality and adequacy prongs of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-
8 4(a)(3)(B)(iii). As demonstrated herein, the above-captioned actions should be consolidated because
9 they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). In addition,
10 Morgan, with a loss of $119,148.71, has, to the best of his and his counsel's knowledge, the largest
11 financial interest in this litigation of any plaintiff or lead plaintiff movant, is typical of the class he
12 seeks to represent, and will more than adequately protect the interest of class members. *See* 15
13 U.S.C. §78u-4(a)(3)(B)(iii).

14       Pursuant to the PSLRA, the lead plaintiff selects the lead counsel subject to Court approval.
15 *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Morgan has selected the law firm of Milberg Weiss to serve as
16 lead counsel. Milberg Weiss has extensive experience successfully litigating securities class actions
17 and possess as the resources necessary to vigorously pursue this litigation on behalf of the class. For
18 the reasons summarized herein and discussed more fully below, Morgan's motion should be
19 approved in its entirety.

20 **II.**    **STATEMENT OF FACTS**[1]

21       The complaint alleges defendants knew or recklessly disregarded that their statements were
22 materially false and misleading when made because AXT: (i) did not follow requirements for testing
23 of products (and provision of testing data and information) relating to customer requirements; and, as
24 a consequence of this conduct; (ii) failed to accrue adequate reserves; (iii) falsely stated its reported
25 reserves, revenue and income; and (iv) issued false statements about the Company meeting customer

26

27 [1] The facts are from the complaint captioned *City of Harper Woods Employees Ret. Sys. v. AXT Corp.*, No. C-04-4362-MJJ (N.D. Cal. Oct. 15, 2004) (the *Harper Woods* Action).

28

1  requirements. The truth began to emerge on April 27, 2004 when the Company disclosed that the

2  "first quarter's financial review and verification process has been delayed due to an investigation by

3  AXT's Audit Committee of certain product testing practices and policies." The next day, April 28,

4  2004, AXT common stock dropped 13.64% on heavy trading. One day later, AXT stock fell even

5  further, nearly 23% in one day, to close at $2.20 on April 29, 2004, on even heavier trading than the

6  previous day.

7  **ARGUMENT**

8  **III.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

9  Consolidation is appropriate where there are actions involving common questions of law or

10  fact. *See* Fed. R. Civ. P. 42(a); *Casden v. HPL Techs., Inc.*, No. C-02-3510 VRW, 2003 U.S. Dist.

11  LEXIS 19606, at *4-5 (N.D. Cal. Sept. 29, 2003). Pending before this Court are two related actions,

12  each of which assert class claims on behalf of those who purchased or otherwise acquired AXT

13  securities for alleged violations of the Exchange Act. The Actions name the Company and certain of

14  its officers and/or directors as defendants and involve the same factual and legal issues, namely,

15  whether plaintiffs purchased or otherwise acquired AXT securities at artificially inflated prices as a

16  result of defendants' allegedly false and misleading statements, and whether defendants' conduct

17  violates Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Consolidation is

18  appropriate where, as here, there are actions involving common questions of law or fact. *See* Fed. R.

19  Civ. P. 42(a). Moreover, consolidation will result in substantial efficiencies for the Court and the

20  litigants. Therefore, the actions should be consolidated.

21  **IV.    MORGAN SHOULD BE APPOINTED LEAD PLAINTIFF**

22  **A.    The Procedure Required By The PSLRA**

23  The PSLRA has established a procedure that governs the appointment of a lead plaintiff in

24  each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant

25  to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

26  First, the plaintiff who files the initial action must publish a notice to the class within 20 days

27  of filing the action, informing class members of their right to file a motion for appointment as lead

28  plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on the *Primezone*

1  wire on October 15, 2004.[2]  Within 60 days after publication of the notice, any person or group of

2  persons who are members of the proposed class may apply to the Court to be appointed as lead

3  plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-

4  4(a)(3)(A) and (B).

5  Second, the PSLRA provides that within 90 days after publication of the notice, the Court

6  shall consider any motion made by a class member and shall appoint as lead plaintiff the member or

7  members of the class that the Court determines to be most capable of adequately representing the

8  interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff,"

9  the PSLRA provides that:

10  [T]he court shall adopt a presumption that the most adequate plaintiff in any private action

11  arising under this [Act] is the person or group of persons that –

12  (aa)  has either filed the complaint or made a motion in response to a notice . . .;

13  (bb)  in the determination of the court, has the largest financial interest in the relief

14  sought by the class; and

15  (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

16  Procedure.

17  15 U.S.C. §78u-4(a)(3)(B)(iii).  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  As

18  discussed below, Morgan has complied with the procedural prerequisites of the PSLRA, has

19  demonstrated what, to the best of his knowledge, is the largest financial interest in the litigation of

20  any other class member(s) seeking appointment as lead plaintiff (if any) and meets the relevant

21  requirements of Fed. R. Civ. P. 23, and should be appointed as the lead plaintiff.

22

23

24

25  [2]  *See* Exhibit A to the Declaration of Elizabeth P. Lin in Support of the Motion of Thomas O.
Morgan for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead

26  Counsel, dated December 14, 2004 ("Lin Decl.").  Unless otherwise indicated, all exhibit references
are to the Lin Decl.

27

28

NOTICE OF MOTION FOR CONSOLIDATION & TO APPOINT LEAD PLAINTIFF & TO APPROVE LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL – CASE NO. C-04-04362-MJJ                                    - 4 -
DOCS\246217v1

**B.**   **Morgan Satisfies The Lead Plaintiff Requirements Of The Exchange Act And Should Be Appointed Lead Plaintiff**

**1.**   **Morgan Has Timely Moved for Appointment as Lead Plaintiff**

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by December 14, 2004. 15 U.S.C. §78u-4(a)(3)(A) and (B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (*i.e.*, within 60 days after the notice published on October 15, 2004), Morgan hereby moves this Court in a timely manner to be appointed lead plaintiff on behalf of all members of the Class.

Morgan has signed and filed a certification stating that he has reviewed the allegations of a complaint and is willing to serve as a representative party on behalf of the Class, pursuant to 15 U.S.C. §78u-4(a)(2). *See* Exhibit B (attaching certification). In addition, Morgan has selected and retained competent counsel to represent him and the Class as lead counsel. *See* Exhibit D (Firm Resume of Milberg Weiss). Accordingly, Morgan has satisfied the procedural requirements of 15 U.S.C. §78u-4(a)(3)(B).

**2.**   **Morgan Has The Requisite Financial Interest In The Relief Sought By The Class**

Pursuant to the PSLRA, identification of the most adequate plaintiff begins with the identification of the movant with "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). *See Cavanaugh*, 306 F.3d. at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."). During the Class Period, as evidenced by the certification signed by Morgan (*see* Exhibit B) and analysis of his transactions in AXT securities (*see* Exhibit C), Morgan has suffered total losses of $119,148.71. Morgan believes he has the requisite financial interest pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

**3.**   **Morgan Otherwise Satisfies Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "'otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *See Cavanaugh*, 306 F.3d. at 730. Rule 23(a) provides that a party may serve as a class representative only if the following four

1   requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable,
2   (2) there are questions of law or fact common to the class, (3) the claims or defenses of the
3   representative parties are typical of the claims or defenses of the class, and (4) the representative
4   parties will fairly and adequately protect the interests of the class." Of these four prerequisites, only
5   two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff
6   movants. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the
7   typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements
8   until a class certification motion is filed. *See id.*; *see also Lax v. First Merchs. Acceptance Corp.*,
9   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997); *Fischler v. Amsouth*
10  *Bancorporation*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6,
11  1997).

12      Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of
13  those of the class. Typicality exists where the plaintiff's claims arise from the same series of events
14  and are based on the same legal theories as the claims of all the class members. *See In re Oxford*
15  *Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 50 (S.D.N.Y. 1998). Typicality does not require that
16  there be no factual differences between the class representatives and the class members because it is
17  the generalized nature of the claims asserted which determines whether the class representatives are
18  typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to
19  typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and
20  those of absent class members, but need only show that their claims arise from the same course of
21  conduct that gave rise to the claims of the absent [class] members.'") (citation omitted).

22      Morgan satisfies the typicality requirement of Rule 23 because, just like all other class
23  members, he: (1) acquired AXT securities during the Class Period at inflated prices; and (2) suffered
24  damages thereby. Thus, Morgan's claims are typical of those of other class members since his
25  claims and the claims of other class members arise out of the same course of events. *See Bell v.*
26  *Ascendant Solutions, Inc.*, No. 3:01-CV-0166-P, 2002 U.S. Dist. LEXIS 6850, at *18 (N.D. Tex.
27  Apr. 17, 2002) ("The Court is aware of no differences among the class members that would
28

1  substantially alter the proof required for one member's claims versus another's. Thus ... the claims

2  of the [movants] are typical of those of the purported class members.").

3       Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the

4  interests of the class." Pursuant to the PSLRA, a movant is adequate if: (1) the movant's counsel is

5  qualified, experienced, and generally able to conduct the proposed litigation; and (2) the movant

6  does not have interests antagonistic to those of the class.

7       Morgan will more than adequately represent the interests of the Class. There is no conflict

8  between the interests of Morgan and those of the other members of the Class. Moreover, as

9  demonstrated below, Morgan's proposed lead counsel, Milberg Weiss is highly qualified,

10 experienced, and able to conduct this complex litigation in a professional manner. Thus, Morgan

11 *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this

12 motion and should be appointed as lead plaintiff.

13 **V.    MORGAN'S SELECTION OF LEAD COUNSEL SHOULD BE
       APPROVED**

14

15      Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval,

16 select and retain counsel to represent the class he seeks to represent. In that regard, Morgan, as the

17 presumptively most adequate plaintiff, has selected Milberg Weiss to serve as lead counsel, subject

18 to this Court's approval. As is demonstrated by its firm resume, Milberg Weiss possesses extensive

19 experience litigating securities class actions and has successfully prosecuted numerous securities

20 fraud class actions on behalf of injured investors. *See* Exhibit D. Accordingly, Morgan's selection

21 of lead counsel should be approved.

22

23

24

25

26

27

28

1

**CONCLUSION**

2    For the foregoing reasons, Morgan satisfies the requirements of Rule 23 and all of the

3  PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead

4  plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).  Morgan respectfully requests that this Court:

5  (1) consolidate the Actions; (2) appoint Morgan as lead plaintiff pursuant to §15 U.S.C. §78u-

6  4(a)(3)(B); and (3) approve his selection of Milberg Weiss as lead counsel.

7  DATED: December 14, 2004

**MILBERG WEISS BERSHAD**
8                                               **& SCHULMAN LLP**
JEFF S. WESTERMAN
ELIZABETH P. LIN

9

10

11                                              _____
ELIZABETH P. LIN
12
355 South Grand Avenue, Suite 4170
13                                              Los Angeles, CA 90071
Telephone:  (213) 617-1200
14                                              213/617-1975 (fax)

15                                              [Proposed] Lead Counsel

16
**LAW OFFICES OF CHARLES**
17                                              **J. PIVEN, P.A.**
Charles J. Piven
18                                              The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
19                                              Baltimore, MD  21201
Telephone:  (410) 332-0030
20

21                                              Plaintiffs Counsel

22

23

24

25

26

27

28

NOTICE OF MOTION FOR CONSOLIDATION & TO APPOINT LEAD PLAINTIFF & TO APPROVE LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL – CASE NO. C-04-04362-MJJ

- 8 -

DOCS\246217v1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a resident of the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 355 South Grand Avenue, Suite 4170, Los Angeles, California 90071.

2.     That on December 14, 2004, declarant served the NOTICE OF MOTION AND MOTION FOR CONSOLIDATION AND TO APPOINT THOMAS O. MORGAN AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 14th day of December, 2004, at Los Angeles, California.

FAITH UMAGUING

NOTICE OF MOTION FOR CONSOLIDATION & TO APPOINT LEAD PLAINTIFF & TO APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL – CASE NO. C-04-04362-MJJ
DOCS\246217v1

- 9 -

**SERVICE LIST**

Peter A. Binkow
Lionel Z. Glancy
Mark L. Labaton
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff*

E. Powell Miller
**MILLER SHEA, P.C.**
1301 West Long Lake Road, Suite 135
Troy, Michigan 48098
Telephone: (248) 267-8200
Facsimile: (248) 267-8211

*Attorneys for Plaintiff*

1  LIONEL Z. GLANCY (#134180)
2  PETER A. BINKOW (#173848)
   MARK I. LABATON (#159555)
3  GLANCY BINKOW & GOLDBERG LLP
   1801 Avenue of the Stars, Suite 311
4  Los Angeles, California 90067
   Telephone:    (310) 201-9150
5  Facsimile:    (310) 201-9160

6  SUSAN KUPFER (#141724)
   GLANCY BINKOW & GOLDBERG LLP
7  455 Market Street, Suite 1810
   San Francisco, California 94105
8  Telephone:    (415) 972-8160
   Facsimile:    (415) 972-8166
9
10 Attorneys for Movants, The Behm Plaintiffs
   Group, and Proposed Co-Lead Counsel
11
   *[Additional Counsel on Signature Page]*
12
                    UNITED STATES DISTRICT COURT
13                 NORTHERN DISTRICT OF CALIFORNIA

14 | CITY OF HARPER WOODS EMPLOYEES | No. 3:04-cv-04362-MJJ |
15 | RETIREMENT SYSTEM, Individually And | |
   | On Behalf Of All Others Similarly Situated, | **NOTICE OF MOTION AND MOTION** |
16 | | **OF THE BEHM PLAINTIFFS GROUP** |
   | Plaintiff, | **FOR CONSOLIDATION OF RELATED** |
17 | | **ACTIONS, FOR APPOINTMENT AS** |
   | v. | **LEAD PLAINTIFF AND FOR** |
18 | | **APPROVAL OF LEAD PLAINTIFF'S** |
   | AXT, INC. and MORRIS S. YOUNG, | **SELECTION OF CO-LEAD COUNSEL** |
19 | | |
   | Defendants. | Date: January 11, 2005 |
20 | | Time: 9:30 a.m. |
   | | Ctrm: 11 |
21 | | |
22 | MARK D. ROBERTSON, Individually And | No. 3:04-cv-05106-MJJ |
   | On Behalf Of All Others Similarly Situated, | |
23 | | |
   | Plaintiff, | |
24 | | |
   | v. | |
25 | | |
   | AXT, INC. and MORRIS S. YOUNG, | |
26 | | |
   | Defendants. | |
27
28

---

1    **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE, that on January 11, 2005 at 9:30 a.m., or as soon thereafter as

3    the matter can be heard, in the courtroom of the Honorable Martin J. Jenkins, situated at 450

4    Golden Gate Ave.,19th Floor, San Francisco, California 94102, Movants Hongyuan Zheng,

5    Dennis Behm, the City of Sterling Heights Police & Fire Retirement System, James Pasquale

6    LLC, the City of Harper Woods Employees Retirement System and Roger A. Smith ("The Behm

7    Plaintiffs Group" or "Movants," herein) will move (1) under §§21(D) *et seq.* of the Securities

8    Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995

9    ("PSLRA"), for an order (a) consolidating related actions, (b) appointing The Behm Plaintiffs

10   Group as Lead Plaintiff; and (c) approving its selection of Glancy Binkow & Goldberg LLP and

11   Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Co-Lead Counsel for the Class.

12       This motion is brought pursuant to the Securities Exchange Act of 1934, the Federal

13   Rules of Civil Procedure and the PSLRA.

14       This motion is based on this Notice, the attached memorandum of points and authorities,

15   the declaration of Peter A. Binkow, and the Court's complete files and records in these actions, as

16   well as such further argument as the Court may allow at the hearing on this motion.

17       A copy of this Notice has been sent to all parties on the attached proof of service.

18

19

20   Dated: December 14, 2004                    Respectfully submitted,

21                                               **GLANCY BINKOW & GOLDBERG LLP**

22                                               By: ___*/s/ Peter A. Binkow*_____
                                                      Lionel Z. Glancy
23                                                    Peter A. Binkow
                                                      Mark I. Labaton
24

25                                               1801 Avenue of the Stars, Suite 311
                                                 Los Angeles, California 90067
26                                               Telephone: (310) 201-9150
                                                 Facsimile:  (310) 201-9160
27

28

---

1   **GLANCY BINKOW & GOLDBERG LLP**
    Susan Kupfer
2   455 Market Street, Suite 1810
    San Francisco, California 94105
3   Telephone:    (415) 972-8160
    Facsimile:     (415) 972-8166
4

5   **COHEN, MILSTEIN,**
    **HAUSFELD & TOLL, P.L.L.C.**
6   Steven J. Toll
    Daniel S. Sommers
7   Adam T. Savett
    1100 New York Avenue, NW
8   West Tower, Suite 500
    Washington, DC  20005-3934
9   Telephone:    (202) 408-4600
    Facsimile:     (202) 408-4699
10

11  *Proposed Co-Lead Counsel*

12  **MILLER SHEA, P.C.**
    E. Powell Miller
13  1301 West Long Lake Road Suite 135
    Troy, Michigan 48098
14  Telephone:    (248) 267-8200
    Facsimile:     (248) 267-8211
15

16  *Counsel for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

1  LIONEL Z. GLANCY (#134180)
2  PETER A. BINKOW (#173848)
   MARK I. LABATON (#159555)
3  GLANCY BINKOW & GOLDBERG LLP
   1801 Avenue of the Stars, Suite 311
4  Los Angeles, California  90067
   Telephone:     (310) 201-9150
5  Facsimile:     (310) 201-9160

6  SUSAN KUPFER (#141724)
   GLANCY BINKOW & GOLDBERG LLP
7  455 Market Street, Suite 1810
   San Francisco, California 94105
8  Telephone:     (415) 972-8160
   Facsimile:     (415) 972-8166
9
10 Attorneys for Movants, The Behm Plaintiffs
   Group, and Proposed Co-Lead Counsel
11
   [Additional Counsel on Signature Page]
12
                       UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA

14
   CITY OF HARPER WOODS EMPLOYEES          No. 3:04-cv-04362-MJJ
15 RETIREMENT SYSTEM, Individually And
   On Behalf Of All Others Similarly Situated,   **MEMORANDUM OF POINTS AND**
16                                         **AUTHORITIES IN SUPPORT OF**
                    Plaintiff,             **MOTION OF THE BEHM PLAINTIFFS**
17                                         **GROUP FOR CONSOLIDATION OF**
          v.                               **RELATED ACTIONS, FOR**
18                                         **APPOINTMENT AS LEAD PLAINTIFF**
   AXT, INC. and MORRIS S. YOUNG,          **AND FOR APPROVAL OF LEAD**
19                                         **PLAINTIFF'S SELECTION OF CO-**
                    Defendants.            **LEAD COUNSEL**
20
21                                         Date: January 11, 2005
                                           Time: 9:30 a.m.
22                                         Ctrm: 11

23 [Caption Continues on Following Page]
24
25
26
27
28

| | |
|---|---|
| MARK D. ROBERTSON, Individually And On Behalf Of All Others Similarly Situated, | No. 3:04-cv-05106-MJJ |
| Plaintiff, | |
| v. | |
| AXT, INC. and MORRIS S. YOUNG, | |
| Defendants. | |

Movants Hongyuan Zheng, Dennis Behm, the City of Sterling Heights Police & Fire Retirement System, James Pasquale LLC, the City of Harper Woods Employees Retirement System and Roger A. Smith ("The Behm Plaintiffs Group" or "Movants," herein), respectfully submit this memorandum of points and authorities in support of their motion for consolidation of related actions, appointment as Lead Plaintiff and approval of Lead Plaintiff's choice of Co-Lead Counsel.

## I.     FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of AXT, Inc. ("AXT" or the "Company") publicly traded securities during the period beginning on or about February 6, 2001 through April 27, 2004 (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Defendant AXT manufactures semiconductor parts, known as substrates, for a variety of electronic products including wireless and fiber optic telecommunications, lasers, light emitting diodes, satellite solar cells and consumer electronics. During the Class Period Defendants artificially inflated the price of AXT stock by disseminating knowing and/or recklessly made, materially false and misleading statements concerning the Company's revenue, income and reserves. Defendants also made materially false and misleading statements about the Company meeting its customers' requirements, and failed to follow AXT's reported revenue recognition policies.

Throughout the Class Period, defendants knew or recklessly disregarded that their statements were materially false and misleading when made because AXT: (i) did not follow requirements for testing of products (and provision of testing data and information) relating to customer requirements; and, as a consequence of this conduct, (ii) failed to accrue adequate reserves; (iii) falsely stated its reported reserves, revenue and income, and (iv) issued false statements about the Company meeting customer requirements.

On April 27, 2004, the last day of the Class Period, an AXT press release disclosed that the Company's "first quarter's financial review and verification process has been delayed due to an investigation by AXT's Audit Committee of certain product testing practices and policies."

News of this investigation shocked the market, and the next day, April 28, 2004, the price of AXT common stock dropped 13.64%, from $3.30 to close at $2.85 on heavy trading. One day later, AXT stock plummeted even further, falling nearly 23% in one day, to close at $2.20 on April 29, 2004, on even heavier trading than the previous day. In a period of only two days following the disclosure that the Company had not followed requirements for testing of products and provision of testing data and information relating to customer requirements, AXT shares had lost more than one-third of their value as a result of these negative disclosures.

Approximately one month later, on or about May 24, 2004, AXT filed a Form 10-Q and a Form 8-K with the SEC, explaining why AXT's quarterly results were delayed – the precipitating event for the drastic drop in its share price. According to the 10-Q, for an undisclosed period of years the Company had "not followed requirements for testing of products and provision of testing data and information relating to customer requirements for certain shipments made over the past several years." As a consequence, the Company "established a reserve based on our best estimate of future returns."

The Company reported in the May 24, 2004, 10-Q that it discovered the failure to comply with customers' requirements for product testing in March 2004 "as part of the Company's

implementation of our Code of Business Conduct and Ethics." Highlighting the seriousness of this discovery, the Board, at the direction of outside counsel and the Company's Audit Committee, revamped its product testing and quality control procedures, and reshuffled the Company's executive officers, demoting a number of these officers including the Company's CEO. Additionally, the Company acknowledged its failure to comply with testing requirements, and disclosed that it was taking the certain actions to address this serious failure as well as implementing a new revenue recognition policy.

The Company's adoption of a new revenue recognition policy, and its disclosure that AXT failed to follow customer testing requirements over several years, are admissions that the Company previously recognized revenue on the sale of products that were not merchantable and violated Generally Accepted Accounting Principles ("GAAP"), and rendered AXT's stated revenue recognition policies false and misleading.

On June 24, 2004, the Company announced that it had appointed Burr, Pilger & Mayer, LLP as its independent auditor in place of its previous independent auditor, PricewaterhouseCoopers LLP. Significantly, the Company took this action after PricewaterhouseCoopers noted the serious "material weakness" in the Company's monitoring and operational oversight, and recommended that "the Company implement specific measures to ensure greater operational controls and compliance with customer requirements."

On August 5, 2004, AXT filed a Form 10-Q with the SEC in which the Company admitted that it had not followed requirements for testing of products and provision of testing data. As a result, the Company set aside additional reserves to deal with this problem, thereby further indicating that its reserves during the Class Period were inadequate and that its revenue, income and other financial information had been inflated.

## II.    PROCEDURAL HISTORY

Plaintiff the City of Harper Woods Employees Retirement System ("Harper Woods") commenced case number 04-4362, the first-filed related case, on October 15, 2004, and that day

1   counsel for plaintiff Harper Woods published a notice of pendency of plaintiff's case. *See*

2   Declaration of Peter A. Binkow In Support Of Motion of The Behm Plaintiffs Group For

3   Consolidation of Related Actions, For Appointment As Lead Plaintiff and For Approval of Lead

4   Plaintiff's Selection of Co-Lead Counsel (the "Binkow Declaration") at Exhibit A.  A subsequent

5   related action, *Robertson v. AXT, Inc., et al.*, No. 04-5106, has been filed in this District, as

6   reflected above in the caption of this document.

7         Movants bring the instant motion pursuant to the City of Harper Woods Employees

8   Retirement System's notice of pendency, and file this motion prior to expiration of the 60-day

9   period from publication of the October 15, 2004, notice.

10  **III.    ARGUMENT**

11        **A.    The Related Actions Should Be Consolidated**

12        Consolidation pursuant to Rule 42(a) is proper when actions involve common questions

13  of law and fact. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal.

14  1999); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976).

15  The Court has broad discretion under this Rule to consolidate cases pending within its District.

16  *Investors Research Co. v. United States District Court*, 877 F.2d 777 (9th Cir. 1989).

17

18        Courts recognize that class action shareholder suits are ideally suited to consolidation

19  because their unification expedites proceedings, reduces duplication, and minimizes the

20  expenditure of time and money by all concerned. *See Equity Funding*, 416 F. Supp. at 176;

21  *Aronson*, 79 F. Supp. 2d at 1150.  Consolidation facilitates discovery, conserves judicial

22  resources, and reduces the confusion and delay that result from prosecuting related class action

23  cases separately. *See Equity Funding*, 416 F. Supp. at 176.

24        The actions pending before this Court present similar factual and legal issues, as they all

25  involve the same subject matter, and present the same legal issues.  Each alleges the same

26  violations of the Exchange Act, and is based on the same wrongful course of conduct.  Each

27  names the Company and certain of its officers and/or directors as defendants.  Because the

28

1    actions arise from the same facts and circumstances and involve the same subject matter, the

2    same discovery and similar class certification issues will be relevant to all related actions.

3    Accordingly, consolidation under Rule 42(a) is appropriate.

### 1.    The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff

6         Once the Court decides the consolidation motion, it must decide the lead plaintiff issue

7    "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii).  As Movants

8    have an interest in moving these actions forward, they respectfully urge the Court to resolve the

9    consolidation motion as soon as practicable.  A prompt determination is reasonable and

10   warranted under Rule 42(a), especially given the common questions of fact and law presented by

11   the related actions now pending in this District.

### B.    Movants Should Be Appointed Lead Plaintiff For The Consolidated Cases

14        Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting Lead Plaintiff in

15   class actions brought under the Act.  The PSLRA directs courts to consider any motion to serve

16   as Lead Plaintiff filed by class members in response to a published notice of class action by the

17   later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after

18   the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA

19   provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff

20   is the person or group of persons that:

21              (aa)  has either filed the complaint or made a motion in response to

22              a notice. . . ;

23              (bb)  in the determination of the Court, has the largest financial

24              interest in the relief sought by the class; and

25              (cc)  otherwise satisfies the requirements of Rule 23 of the Federal

26              Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, The Behm Plaintiffs Group satisfies all three of these criteria, and thus it is entitled to the presumption that it is the most adequate Lead Plaintiff for the Class.

### 1. Movants Are Making A Motion In Response To A Notice

On October 15, 2004, counsel for plaintiff Harper Woods published a notice of pendency of plaintiff's case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of AXT securities that they had until December 14, 2004, to file a motion to be appointed as Lead Plaintiff. Binkow Declaration, Exhibit A. Movants have filed the instant motion pursuant to the published notice and submit herewith their Sworn Certifications attesting that they are willing to serve as representative of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Binkow Declaration, Exhibit B. Movants have already demonstrated a high level of interest in this litigation by communicating with counsel regarding the status and facts of the case and by making this motion. Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being "lawyer-driven." *In re Enron Corp. Securities Litigation* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Exchange Act §21D(a)(3)(B) provides that the most adequate Lead Plaintiff is presumed to be the "***person or group of persons***" that, among other things, "has the largest financial

1  interest in the relief sought by the class." *See* §21D(a)(3)(B). The statutory language explicitly

2  provides that a "***member or members***" of the class or the "***person or group of persons***" may

3  combine to constitute "the largest financial interest" and thereby jointly serve as the "most

4  adequate plaintiff." *Id. See also, In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346,

5  350, n. 11 (S.D. Cal. 1998). Thus, according to the plain language of the statute, individual

6  plaintiffs may aggregate their losses in order to serve as the lead plaintiff.[1]

7      Here, Movants purchased AXT securities during the Class Period, and have suffered

8  aggregate losses of $117,453.65. Binkow Declaration, Exhibit C. Moreover, The Behm

9  Plaintiffs Group, comprising six members, is a "small group of manageable size that is capable

10  of

11  joint decisionmaking regarding the litigation," consistent with the provisions of the PSLRA. *See*

12  *Takeda,* 67 F. Supp. 2d at 1135. To the best of its knowledge, The Behm Plaintiffs Group

13  believes that it has the largest financial interest in this case, and thus satisfies the largest financial

14  interest requirement to be appointed as Lead Plaintiff for the Class.

15      Because The Behm Plaintiffs Group is a small, manageable group with substantial losses

16  of $117,453.65. and believes that it has the largest financial interest in this case, Movants are

17  presumptively the most-adequate Lead Plaintiff.

18

19          **3.    Movants Satisfy The Requirements Of Rule 23
                   Of The Federal Rules Of Civil Procedure**

20

21

22

23      [1]Although there is no bright-line rule for the maximum number of members in a lead
    plaintiff group, District courts applying the PSLRA have construed its provision for appointment

24  of a "group of persons" to mean a group of between five and seven individuals or entities. *See
    Takeda,* 67 F. Supp. 2d at 1135 (group of seven appointed lead plaintiff)*; Accord In re Advanced*

25  *Tissue Sciences*, 184 F.R.D. at 352-53 (group of six); *Chill v. Green Tree Financial Corp.*, 181
    F.R.D. 398, 408-09 (D.Minn.1998) (group of six). Alternatively, if this Court concludes that

26  Movants' proposed group of six would be too large, Plaintiffs propose a five-member group,

27  comprising the five members of The Behm Plaintiffs Group with the largest financial losses.

28

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software,* 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Enron,* 206 F.R.D. at 441; *In re Waste Management,* 128 F. Supp. 2d at 411; *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(*citing Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation,* 176 F.R.D. 583 (M.D. Fla 1997)); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a.     Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Enron,* 206 F.R.D. at 441; *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. It is enough that the Lead

Plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480. Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning AXT's revenue, income and reserves. The members of the Behm Plaintiffs Group, like all of the members of the Class, purchased AXT securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. The interests of The Behm Plaintiffs Group and other Class members are closely aligned and they are, therefore, typical of the other members of the Class.

### b. Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d at 1133 (citing *In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney,* 113 F.R.D. 60, 64 (N.D. III 1986). Movants have demonstrated their adequacy as a Lead Plaintiff by evincing a strong desire to prosecute these actions on behalf of the Class, and have shown that they are "'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger,* 257 F.3d at 479. Movants have communicated with counsel concerning this case and have made this motion to be appointed Lead Plaintiff. Movants have also sustained significant individual losses from their investments in AXT securities and are, therefore, extremely motivated to pursue the claims in this action. Binkow Declaration, Exhibit C.

### 4. Movants Are Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movants as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Movants are the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class. Accordingly, The Behm Plaintiffs Group should be appointed Lead Plaintiff for the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).(aa). In the present case, Movants have retained Glancy Binkow & Goldberg LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. to pursue this litigation on their behalf, and will retain these firms as Plaintiff's Co-Lead Counsel, in the event they are appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumés attached to the Binkow Declaration as Exhibit D.

## IV. CONCLUSION

1       For the foregoing reasons, Movants respectfully ask the Court to grant their motion and

2  enter an Order consolidating related actions, appointing The Behm Plaintiffs Group as Lead

3  Plaintiff, approving its choice of Glancy Binkow & Goldberg LLP and Cohen, Milstein, Hausfeld

4  & Toll, P.L.L.C. as Co-Lead Counsel, and granting such other relief as the Court may deem just

5  and proper.

6

7  Dated: December 14, 2004             Respectfully submitted,

8                                **GLANCY BINKOW & GOLDBERG LLP**

9

10                          By:   **/s/ *Peter A. Binkow***
                                      Lionel Z. Glancy

11                                   Peter A. Binkow
                                   Mark I. Labaton

12                          1801 Avenue of the Stars, Suite 311

13                          Los Angeles, California 90067
                          Telephone: (310) 201-9150

14                          Facsimile:  (310) 201-9160

15                          **GLANCY BINKOW & GOLDBERG LLP**
                          Susan Kupfer

16                          455 Market Street, Suite 1810
                          San Francisco, California 94105

17                          Telephone:   (415) 972-8160
                          Facsimile:    (415) 972-8166

18

19                          **COHEN, MILSTEIN,**
                             **HAUSFELD & TOLL, P.L.L.C.**

20                          Steven J. Toll
                          Daniel S. Sommers

21                          Adam T. Savett
                          1100 New York Avenue, NW

22                          West Tower, Suite 500
                          Washington, DC 20005-3934

23                          Telephone:   (202) 408-4600
                          Facsimile:    (202) 408-4699

24                          ***Proposed Co-Lead Counsel***

25                          **MILLER SHEA, P.C.**
                          E. Powell Miller

26                          1301 West Long Lake Road Suite 135

27                          Troy, Michigan 48098

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: (248) 267-8200
Facsimile: (248) 267-8211

***Counsel for Plaintiffs***

---

1   LIONEL Z. GLANCY (#134180)
2   PETER A. BINKOW (#173848)
    MARK I. LABATON (#159555)
3   GLANCY BINKOW & GOLDBERG LLP
    1801 Avenue of the Stars, Suite 311
4   Los Angeles, California 90067
    Telephone:    (310) 201-9150
5   Facsimile:    (310) 201-9160

6   SUSAN KUPFER (#141724)
    GLANCY BINKOW & GOLDBERG LLP
7   455 Market Street, Suite 1810
    San Francisco, California 94105
8   Telephone:    (415) 972-8160
    Facsimile:    (415) 972-8166
9

10  Attorneys for Movants, The Behm Plaintiffs
    Group, and Proposed Co-Lead Counsel

11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA

13  | CITY OF HARPER WOODS EMPLOYEES | No. 3:04-cv-04362-MJJ |
14  RETIREMENT SYSTEM, Individually And
    On Behalf Of All Others Similarly Situated,   **DECLARATION OF PETER A.**
15                                                **BINKOW IN SUPPORT OF MOTION OF**
                        Plaintiff,                **THE BEHM PLAINTIFFS GROUP FOR**
16                                                **CONSOLIDATION OF RELATED**
            v.                                    **ACTIONS, FOR APPOINTMENT AS**
17                                                **LEAD PLAINTIFF AND FOR**
    AXT, INC. and MORRIS S. YOUNG,                **APPROVAL OF LEAD PLAINTIFF'S**
18                                                **SELECTION OF CO-LEAD COUNSEL**
                        Defendants.
19                                                Date: January 11, 2005
20                                                Time: 9:30 a.m.
                                                  Ctrm: 11

21  MARK D. ROBERTSON, Individually And          No. 3:04-cv-05106-MJJ
    On Behalf Of All Others Similarly Situated,
22
                        Plaintiff,
23
            v.
24
    AXT, INC. and MORRIS S. YOUNG,
25
                        Defendants.
26

27

28

---

DECLARATION OF PETER A. BINKOW IN SUPPORT OF MOTION OF THE BEHM PLAINTIFFS GROUP FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL
X:\wp51\AXT\LEAD\OPERATIVE LEAD\AXT DECLARATION OF PETER BINKOW 120904.wpd                    Page 1

I, Peter A. Binkow, hereby declare as follows:

1.     I am a partner of Glancy Binkow & Goldberg LLP, counsel for Hongyuan Zheng, Dennis Behm, the City of Sterling Heights Police & Fire Retirement System, James Pasquale LLC, the City of Harper Woods Employees Retirement System and Roger A. Smith ("The Behm Plaintiffs Group" or "Movants").

2.     Movants seek to be appointed as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") in the above-captioned actions.

3.     I submit this Declaration, together with the attached exhibits, in support of the motion of The Behm Plaintiffs Group, *inter alia*, to appoint it to serve as Lead Plaintiff on behalf of the class in the Action and to approve Movants' choice of Glancy Binkow & Goldberg LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Co-Lead Counsel.  I am fully familiar with the facts set forth herein.

4.     Attached hereto as the exhibits indicated are true and correct copies of the following:

Exhibit A:     Press release published on October 15, 2004, on *Primezone,* a widely circulated national business-oriented wire service, announcing pendency of the lawsuit commenced by the City of Harper Woods Employees Retirement System against defendants herein.

Exhibit B:     Sworn shareholder certifications of Hongyuan Zheng, Dennis Behm, the City of Sterling Heights Police & Fire Retirement System, James Pasquale LLC, the City of Harper Woods Employees Retirement System and Roger A. Smith.

Exhibit C:     Tables reflecting the calculated losses incurred by Hongyuan Zheng, Dennis Behm, the City of Sterling Heights Police & Fire  Retirement System, James Pasquale LLC, the City of Harper Woods  Employees Retirement System and Roger A. Smith as a result of transactions in AXT,

1                 Inc. securities. Exhibit C reflects aggregate losses of $117,453.65.

2        Exhibit D:     Firm resumés of Glancy Binkow & Goldberg LLP and Cohen, Milstein,

3                       Hausfeld & Toll, P.L.L.C.

4        I declare under penalty of perjury under the laws of the State of California that the

5   foregoing facts are true and correct. Executed this 14th day of December, 2004, at Los Angeles,

6   California.

7

8           _____*/s/ Peter A. Binkow*_____
                 Peter A. Binkow

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF PETER A. BINKOW IN SUPPORT OF MOTION OF THE BEHM PLAINTIFFS GROUP FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL
X:\wp51\AXT\LEAD\OPERATIVE LEAD\AXT DECLARATION OF PETER BINKOW 120904.wpd        Page 3

# PROOF OF SERVICE BY MAIL

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On    December 14, 2004, I served the following:

1    **NOTICE OF MOTION AND MOTION OF THE BEHM PLAINTIFFS GROUP FOR CONSOLIDATION OF RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

on the parties shown below by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

## SEE SERVICE LIST

Executed on December 14, 2004, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Kyaa D.  Heller

proof 12 14 2004.wpd

**AXT, Inc. Securities Litigation**

<u>**Service List**</u>

***For Plaintiffs:***

Susan Kupfer
Glancy Binkow & Goldberg LLP
455 Market Street, Suite 1810
San Francisco, California 94105
Telephone:    (415) 972-8160
Facsimile:    (415) 972-8166

Powell Miller
Miller Shea, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307
Telephone:    (248) 841-2200
Facsimile:    (248) 652-2852

Steven J. Toll
Daniel S. Sommers
Adam T. Savett
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC  20005-3934
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699

***For Defendants:***

AXT, Inc.
General Counsel
4281 Technology Drive
Fremont, California 94538
Telephone:    (510) 683-5900
Facsimile:    (510) 683-5901

Morris S. Young
c/o AXT, Inc.
4281 Technology Drive
Fremont, California 94538
Telephone:    (510) 683-5900
Facsimile:    (510) 683-5901

1 | **MILBERG WEISS BERSHAD**
  | **& SCHULMAN LLP**
2 | JEFF S. WESTERMAN (SBN 94559)
  | ELIZABETH P. LIN (SBN 174663)
3 | 355 S. Grand Avenue, Suite 4170
  | Los Angeles, CA 90071-3172
4 | Telephone: (213) 617-1200
  | (213) 617-1975 (fax)
5 |
  | [Proposed] Lead Counsel for Plaintiff
6 |
  | **LAW OFFICES OF CHARLES J. PIVEN,**
7 | **P.A.**
  | Charles J. Piven
8 | The World Trade Center-Baltimore
  | 401 East Pratt Street, Suite 2525
9 | Baltimore, MD 21201
  | Telephone: (410) 332-0030
10 |
   | Plaintiff's Counsel
11 |

12 |                 **UNITED STATES DISTRICT COURT**

13 |                 **NORTHERN DISTRICT OF CALIFORNIA**

14 |

15 | CITY OF HARPER WOODS EMPLOYEES    ) Case No. 3:04-CV-04362 (MJJ)
   | RETIREMENT SYSTEM, Individually and on )
16 | Behalf of all others Similarly Situated, ) NOTICE OF NON-OPPOSITION TO
   |                                         ) THOMAS O. MORGAN'S MOTION
17 |                      Plaintiffs,        ) FOR CONSOLIDATION,
   |                                         ) APPOINTMENT AS LEAD PLAINTIFF
18 | vs.                                     ) AND APPROVAL OF SELECTION OF
   |                                         ) LEAD COUNSEL
19 | AXT, INC., and MORRIS S. YOUNG,         )
   |                                         )
20 |                      Defendants.        )
   |                                         )
21 |                                         )
   | MARC D. ROBERTSON, Individually and on  ) Case No. 3:04-CV-05106 (MJJ)
22 | Behalf of all others Similarly Situated, )
   |                                         )
23 |                      Plaintiffs,        )
   |                                         )
24 | vs.                                     )
   |                                         )
25 | AXT, INC. and MORRIS S. YOUNG,          )
   |                                         )
26 |                      Defendants.        )
   |                                         )
27 |                                         )

28 | NOTICE OF NON-OPPOSITION TO THOMAS O. MORGAN'S MOTION FOR CONSOLIDATION,
   | APPT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
   |                                                          DOCS\250907v1

TO THE COURT, THE PARTIES AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that counsel for Thomas O. Morgan ("Morgan") has been advised by counsel for the Behm Plaintiffs Group that the Behm Plaintiffs Group will not oppose Morgan's motion for consolidation, appointment for lead plaintiff and approval of selection of lead counsel, filed with the Court on December 14, 2004.

As the Behm Plaintiffs Group was the only competing movant, Thomas O. Morgan hereby respectfully requests that the Court enter the proposed order attached hereto as Exhibit A, granting Morgan's motion for consolidation, appointment for lead plaintiff and approval of his choice of counsel as lead counsel.

DATED: January 12, 2005

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
JEFF S. WESTERMAN
ELIZABETH P. LIN


_____
    /s/  Elizabeth P. Lin
ELIZABETH P. LIN

355 South Grand Avenue, Suite 4170
Los Angeles, CA 90071
Telephone: (213) 617-1200
213/617-1975 (fax)

*[Proposed] Lead Counsel*

**LAW OFFICES OF CHARLES J. PIVEN,
P.A.**
Charles J. Piven
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD 21201
Telephone: (410) 332-0030

*Plaintiff's Counsel*

NOTICE OF NON-OPPOSITION TO THOMAS O. MORGAN'S MOTION FOR CONSOLIDATION,
APPT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

DOCS\250907v1     - 1 -

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a resident of the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 355 South Grand Avenue, Suite 4170, Los Angeles, California 90071.

2.     That on January 12, 2005, declarant served the NOTICE OF NON-OPPOSITION TO THOMAS O. MORGAN'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of January, 2005, at Los Angeles, California.

FAITH UMAGUING

NOTICE OF NON-OPPOSITION TO THOMAS O. MORGAN'S MOTION FOR CONSOLIDATION, APPT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

DOCS\250907v1      - 2 -

**SERVICE LIST**
**AXT**
January 12, 2005

*Attorneys for Plaintiff*

Peter A. Binkow
Lionel Z. Glancy
Mark L. Labaton
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

Susan Kupfer
**GLANCY BINKOW & GOLDBERG LLP**
455 Market Street, Suite 1810
San Francisco, CA 94105
Telephone:  (415) 972-8160
Facsimile:  (415) 972-8166

E. Powell Miller
**MILLER SHEA, P.C.**
1301 West Long Lake Road, Suite 135
Troy, Michigan  48098
Telephone:  (248) 267-8200
Facsimile:  (248) 267-8211

Steven J. Toll
Daniel S. Sommers
Adam T. Savett
**COHEN, MILSTEIN, HAUSFELD**
 **& TOLL, P.L.L.C.**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN, P.A.
World Trade Center – Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD  21201
Telephone: (410) 332-0030

*Attorneys For Defendants*

David A. Priebe
DLA PIPER RUDMAN GRACY
 CARY US LLP
2000 University Avenue
East Palo Alto, CA 94303
T: (650) 833-2056
F: (650) 833-2001
david.priebe@dlapiper.com

1