Joel A. Fleming (SBN 281264)
Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
joel@blockesq.com
jake@blockesq.com

*Attorneys for Movant Trigon Trading Pty. Ltd.*

[Additional counsel listed on signature block]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE TEZOS SECURITIES LITIGATION | Case No. 3:17-cv-06779-RS |
|---|---|
| This document relates to: ALL ACTIONS | **TRIGON TRADING PTY LTD'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>No hearing set per L.R. 7-9(d)<br>Judge: Hon. Richard Seeborg |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff Trigon Trading Pty. Ltd. ("Trigon") will and hereby does move this Court pursuant to the Local Rule 7-9(b) for leave to file a motion for partial reconsideration of the Court's April 8, 2019 Order On Plaintiffs' Motions to Substitute Lead Plaintiffs (Docket No. 213) (the "Order"). Pursuant to Local Rule 7-9(d), no response to this Motion for Leave need be filed and no hearing held unless ordered by the Court.

As discussed in the Memorandum of Points and Authorities submitted herewith, the Court should grant Trigon leave to file a motion for partial reconsideration because the Order did not apply dispositive statutory and Ninth Circuit authority that prohibits the appointment of lead counsel not selected by the lead plaintiff in an action governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Civil L.R. 7-9(b)(3). This Motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities, the papers and pleadings on file with the Court, and such other written or oral argument as may be presented before the time this Motion is taken under submission by the Court.

## ISSUE TO BE DECIDED

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In *In re Cavanaugh*, the Ninth Circuit held that "the district court has no authority to select for the class what it considers to be the best possible lawyer," that "the district court does not select class counsel at all," and that "[w]hile the appointment of counsel is made subject to the *approval* of the court, the [PSLRA] clearly leaves the *choice* of class counsel in the hands of the lead plaintiff." 306 F.3d 726, 732, 734 (9th Cir. 2002) (emphasis added). It said the same thing in *Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 709 (9th Cir. 2009) ("The clause subjecting the lead plaintiff's selection of counsel 'to the approval of the district court' in no way suggests that a district court shares in the lead plaintiff's authority to select lead counsel or that disapproval of a lead plaintiff's choice divests the lead plaintiff of this authority. The ordinary reading of this clause merely gives the district court the limited power to accept or reject the lead plaintiff's selection."). Here, Trigon moved for appointment as lead plaintiff and sought the Court's approval of Trigon's selection of Block & Leviton LLP ("Block & Leviton") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel.

Did the Court fail to consider dispositive authority when, after it appointed Trigon as Lead Plaintiff, the Court selected Hung G. Ta, Esq. PLLC ("Hung Ta") to act as co-lead counsel, over Trigon's objection, rather than approve Trigon's selected counsel?

**MEMORANDUM OF POINTS AND AUTHORITIES**

On January 25, 2019, the former lead plaintiff, Arman Anvari ("Anvari") moved for an order to withdraw Anvari as Lead Plaintiff, and substitute Artiom Frunze as the new Lead Plaintiff. Docket No. 196. On January 30, 2019, Trigon filed a cross-motion asking that it be substituted as lead plaintiff and that the Court approve its chosen counsel, Block & Leviton and Hagens Berman, as lead counsel. Docket No. 198; Docket No. 198-1. On April 8, 2019, the Court granted Trigon's motion to substitute as lead plaintiff but appointed Block & Leviton and Hung Ta as co-lead counsel. Docket No. 213.

Trigon respectfully seeks leave to file a motion for partial reconsideration of the Order to the extent that it appoints Hung Ta as co-lead counsel. Trigon, through its counsel, discussed this motion with Hung Ta in an effort to reach agreement on this question but could not secure Hung Ta's consent. If the Court does, ultimately, modify its order, and approve Trigon's choice of Block & Leviton and Hagens Berman as co-lead counsel, those firms will continue to work collaboratively and cooperatively with Hung Ta and LTL Attorneys LLP ("LTL") whose clients, including Frunze, will remain in the action as named plaintiffs.

To obtain leave to file a motion for reconsideration, Trigon must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b).[1] Both elements are satisfied here.

*First*, the Court failed to consider dispositive authority that disables the Court from selecting class counsel other than those chosen by the lead plaintiff. The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In *In re Cavanaugh*, the Ninth Circuit held that "the district court has no authority to select for the class what it considers to be the best possible lawyer," that "the district court does not select class counsel at all," and that "[w]hile the appointment of counsel is made subject to the *approval* of the court, the [PSLRA] clearly leaves

---

[1] Trigon must also show reasonable diligence. It has done so by moving for leave to file a motion for reconsideration within eight days of the Order.

1

1  the *choice* of class counsel in the hands of the lead plaintiff." 306 F.3d 726, 732, 734 (9th Cir.
2  2002) (emphasis added). Similarly, in *Cohen v. U.S. Dist. Court for N. Dist. of California*, the
3  Ninth Circuit held that it was "clearly erroneous" for the district court to appoint, as co-lead
4  counsel, two firms that had not been chosen by the appointed lead plaintiff. 586 F.3d 703, 710 (9th
5  Cir. 2009); *id.* at 709 ("The clause subjecting the lead plaintiff's selection of counsel 'to the
6  approval of the district court' in no way suggests that a district court shares in the lead plaintiff's
7  authority to select lead counsel or that disapproval of a lead plaintiff's choice divests the lead
8  plaintiff of this authority. The ordinary reading of this clause merely gives the district court the
9  limited power to accept or reject the lead plaintiff's selection.").

10  *Second* this authority was presented to the Court before its Order. Trigon's motion cited
11  *Cavanaugh* (Docket No. 198 at 5) and other authority showing that under the PSLRA "model[] the
12  court … appoint[s] the lead plaintiff who, in turn, … select[s] and direct[s] class counsel." *Id.*
13  at 4 (citing *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1019–20 (N.D. Cal.
14  1999)).[2] At oral argument, the Court stated: "What I am inclined to do is so we don't -- the class
15  does not lose the work that Mr. Ta and his colleagues have done, is to have Trigon Trading come
16  in, but then have a co-lead counsel situation, with counsel for Trigon Trading, and then Mr. Ta."
17  Docket No. 210 (Transcript) at 4. Trigon's counsel objected to this proposal, suggesting it would
18  "invade[] the … lead plaintiff's ability to select his own counsel," (*id.* at 14) and stating that "I
19  don't think … under the PSLRA, … that the Court can make Hung Ta and LTL [c]ounsel to
20  Trigon," (*id.* at 16), and that "the PSLRA, frankly, requires that there be a lead plaintiff. And that
21  that lead plaintiff have the choice of counsel." (*Id.* at 16-17).

22  Trigon's counsel suggested, instead, that if Trigon was appointed as lead counsel, it would
23  "add [Hung Ta's] plaintiffs as named plaintiffs to a complaint" and its chosen counsel would
24  "consult and work cooperatively Hung Ta and LTL as … co-counsel." *Id.* at 15. Trigon and its

---

[2] Trigon's motion did not cite *Cohen* but had no reason to, as neither movant was seeking the appointment of a firm not chosen by the proposed lead plaintiff.

2

counsel will honor this proposal if the Court grants this motion and the motion for reconsideration that would follow.

April 16, 2019                                         Respectfully submitted,

**BLOCK & LEVITON LLP**

/s/ Joel Fleming
Joel A. Fleming (SBN 281264)
Jacob A. Walker (SBN 271217)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
joel@blockesq.com
jake@blockesq.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (139304)
Danielle Smith (291237)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  510-725-3000
510-725-3001 (fax)
reed@hbsslaw.com
danielles@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone:  206-623-7292
206-623-0594 (fax)
steve@hbsslaw.com

*Counsel to Trigon Trading Pty. Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2019, I authorized the electronic filing of the foregoing with the Clark of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Joel Fleming
Joel Fleming