UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GGCC, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-06779-RS (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket No. 219 |

In the joint statement regarding their discovery issue filed on June 3, 2019, the parties dispute whether Defendants' offer to produce only documents created before November 26, 2017 is reasonable. (Dkt. 219.) In this matter, Plaintiffs allege that Defendants sold Tezos tokens to tens of thousands of investors in a July 2017 initial coin offering ("ICO"), that those Tezos tokens are "securities" under Section 2(a)(1) of the Securities Act, 15 U.S.C. § 77b(a)(1), and that Defendants sold the securities without registration and without an applicable exemption in violation of Sections 5 and 12(a)(1) of the Securities Act, 15 U.S.C. §§ 77e and 77l(a)(1).[1] (Dkt. 108, ¶¶137-143.)

Here, Defendants have agreed to produce documents created through November 26, 2017 – the date of the filing of the complaint in the first purported class action in this matter – for some categories of requests and through September 18, 2018 – the day after the launch of the "Tezos mainnet" – for other requests. Plaintiff instead argue that Defendants must produce documents that are responsive to the requests, no matter when the documents were created. Plaintiffs argue

---

[1] Plaintiffs allege that certain defendants are "control persons" who caused the unregistered securities to be sold and thus that they are liable under Section 15 of the Securities Act, 15 U.S.C. § 77o. (Dkt. 108, ¶¶ 144-150.)

1   that Federal Rule of Civil Procedure 26(b)(1) entitles them to the documents.

2         The central issue in this case is whether the Tezos tokens constitute "securities" under the
3   Securities Act.  To that end, Plaintiffs have issued 32 individual requests for production of
4   documents.  (Dkt. 219-1.)  Although some of the documents are directed to the location of
5   documents and general corporate matters, most of the requests are targeted at this main issue.
6   Under the seminal case *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 297 (1946), a "security" under
7   the Securities Act includes an "investment contract."  To prove that the Tezos tokens constituted
8   an "investment contract," Plaintiffs must prove that they invested money in a common enterprise
9   with the expectation of profit by the efforts of others.  S.*E.C. v. R.G. Reynolds Enter., Inc.*, 952
10  F.2d 1125, 1130 (9th Cir. 1991).  The test must be "determined at the time of issuance, rather than
11  at some subsequent time."  *Danner v. Himmelfarb*, 858 F.2d 515, 5209 (9th Cir. 1988).  Thus, the
12  focus of the inquiry must be the communications and actions taken at the time of the sale of the
13  Tezos tokens.  It is difficult to imagine documents created months after the Tezos ICO that are
14  relevant to whether the Tezos tokens constituted "securities" at the time of the July 2017 ICO.
15  Plaintiffs have not pointed to any such categories or explained how documents created after the
16  first complaint in this action was filed in November 2017 are relevant to the central inquiry at the
17  time of the July 2017 ICO.  For this reason, the Court finds that Defendants' proposal for
18  production of documents is appropriate.

19        The sole exception to this is Document Request No. 24.  In this request, Plaintiffs seek
20  documents regarding communications between Defendants and the SEC or any other
21  governmental or regulatory agency.  The Court finds that it is possible that these documents may
22  be relevant to this litigation.  If Defendants characterized the Tezos tokens in those
23  communications in a manner that conflicts with the manner they characterize them in this
24  litigation, Plaintiffs are entitled to obtain those documents.  For that reason, the Court holds that
25  Defendants must produce documents responsive to Document Request No. 24, regardless of when
26  they were created.  However, the Court will limit the responses to the actual communications,
27  because the burden of creating an attorney-client privilege log for all internal communications
28  about the response to any governmental agency is too great compared to the possibility that there

United States District Court
Northern District of California

might be some relevant documents in the communications.

**IT IS SO ORDERED**.

Dated: June 10, 2019



SALLIE KIM
United States Magistrate Judge

3