# EXHIBIT A

BAKER MARQUART LLP
BRIAN E. KLEIN (258486)
(bklein@bakermarquart.com)
SCOTT M. MALZAHN (229204)
(smalzahn@bakermarquart.com)
DONALD R. PEPPERMAN (109809)
(dpepperman@bakermarquart.com)
TERESA L. HUGGINS (263257)
(thuggins@bakermarqaurt.com)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

Attorneys for Defendants
DYNAMIC LEDGER SOLUTIONS, INC.,
KATHLEEN BREITMAN AND ARTHUR
BREITMAN

COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
JEFFREY M. KABAN (235743)
(jkaban@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendant
DYNAMIC LEDGER SOLUTIONS, INC.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | Case No: 3:17-cv-06779-RS |
| This document relates to: | **CLASS ACTION** |
| ALL ACTIONS | **DYNAMIC LEDGER SOLUTIONS, INC.S' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY LEAD PLAINTIFF** |
| | Judge:  Hon. Richard Seeborg Courtroom 3 |

{00122884.DOCX}

1  PROPOUNDING PARTY:    LEAD PLAINTIFF

2  RESPONDING PARTY:     DEFENDANT DYNAMIC LEDGER SOLUTIONS. INC.

3  SET NUMBER:           ONE

4      Defendant Dynamic Ledger Solutions, Inc. ("Defendant") hereby objects and responds to

5  Lead Plaintiff's (hereinafter, "Lead Plaintiff's") First Set of Requests for Production of Documents,

6  served upon Defendant's counsel pursuant to Rule 34 of the Federal Rules of Civil Procedure, as

7  follows:

8                           **Preliminary Statement**

9      Defendant has not yet completed its investigation of the facts relating to this action, has not

10 yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action,

11 and not all depositions have been conducted in this action.  Consequently, without undertaking an

12 obligation to do so, Defendant reserves the right to amend and/or supplement its responses if and

13 when additional facts or documents are discovered.  Additionally, because Defendant's responses are

14 based on facts and documents that Defendant has identified to date, they do not preclude Defendant

15 from later relying on facts or documents discovered or generated pursuant to subsequent investigation

16 or discovery.  Defendant's partial response to any of the Requests is not to be construed as a waiver

17 of any of its objections, including, without limitation, admissibility and duplicative objections, or its

18 right to object to any other request.  Neither a statement that documents will be produced nor an

19 objection to a particular request is a representation that any documents or things responsive to the

20 particular request in fact exist.  The inadvertent disclosure of privileged information shall not

21 constitute a waiver of any applicable privilege nor shall any such disclosure be construed as a waiver

22 of any objection to the admissibility of such information. Defendant's objection to the disclosure of

23 any information requested by the Requests is not and shall not be construed as an admission by

24 Defendant that any such information exists.

25      Subject to the general and specific objections set forth below and consistent with its responses

26 to the individual document requests below, Defendant will produce copies of documents on a rolling

27 basis. as such documents are reviewed and become available for production. Defendant's production

28 will begin after entry of an appropriate Protective Order and will be completed on or about 100 days

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

{00122884.DOCX} - 1 -

from that date.  Defendant will meet and confer with Lead Plaintiff regarding the schedule for production as necessary, and reserves the right to supplement its production, beyond the forecasted deadline for completion.  This schedule for production is based on the information currently available to Defendant and the documents Defendant has presently agreed to search for and produce, and is subject to change depending on the volume of documents discovered and further requests by Lead Plaintiff.

## **General Objections**

Defendant generally objects to each of the Requests on each of the following grounds, which are incorporated into and made part of Defendant's response to each individual request:

1.     Defendant objects to the Requests on the ground and to the extent that they call for information that does not exist, is not relevant to the subject matter of the pending action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendant objects to the Requests on the ground and to the extent that they call for the disclosure of information protected by third parties' rights to privacy.  Defendant is not authorized to and cannot waive these privacy rights by the disclosure of such information.

3.     Defendant objects to the Requests on the ground and to the extent that they seek confidential business and trade secret information.

4.     Defendant objects to the Requests on the ground and to the extent that they are vague and ambiguous.

5.     Defendant objects to the Requests on the ground and to the extent that they are otherwise overly broad, unduly burdensome and oppressive.

6.     Defendant objects to the Requests on the ground and to the extent that the Requests seek to impose obligations greater than or more extensive than those provided by Rule 34 of the Federal Rules of Civil Procedure.

7.     Defendant objects to each and every Request to the extent that it seeks documents and things protected by the attorney-client privilege, attorney work-product doctrine, the marital communications privilege, or any other applicable privilege.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

{00122884.DOCX} - 2 -

8.      Defendant objects to the extent the Requests seek documents and things already in Lead Plaintiff's possession, custody, or control, and/or equally available to Lead Plaintiff.

9.      Defendant objects to each and every Request to the extent they seek documents whose production is limited or prohibited by applicable law, including, without limitation, laws relating to personal data and privacy, such as the General Data Protection Regulation, (EU) 2016/679 (May 25, 2018) (prohibiting the transfer of personal data to recipients outside the European Economic Area absent certain protections), the Swiss Federal Data Protection Act (June 19, 1992) (prohibiting the transfer of personal data to recipients outside of Switzerland absent certain protections), Articles 271 and 273 of the Swiss Criminal Code, and/or non-disclosure orders from the courts of Switzerland or other non-U.S. authorities.

10.     Defendant objects to the Requests to the extent that they seek the production of documents that are protected by bank confidentiality laws or related laws of foreign nations, including without limitation Swiss laws or regulations concerning customer confidentiality, privacy, and bank secrecy, the disclosure of which would contravene or violate such laws or regulations, or expose the Foundation to civil or criminal liability for such disclosures, such as the Swiss Federal Bank Act (Nov. 8, 1934).

11.     Defendant objects to each and every Request to the extent that it purports to be a "continuing request" for future production of documents and things of which Defendant does not currently have possession, custody, or control.

12.     Defendant reserves the right to amend and/or modify these responses in the event of error, inadvertent mistake, and/or omission.

13.     Without asserting an obligation to do so, and without waiving these objections, Defendant reserves the right to amend, modify, and/or supplement these responses as and when additional documents and things are discovered.  Investigation and discovery are ongoing. Defendant's objections and responses are made in good faith and after diligent inquiry based on investigation and discovery conducted and identified to date. Defendant provides these objections and responses without prejudice to its right to present further facts, information, documents, things, evidence, or analyses not yet obtained or identified or subject to further investigation or discovery.

{00122884.DOCX} - 3 -

DYNAMIC LEDGER SOLUTIONS, INC.S' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY LEAD PLAINTIFF

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
Los Angeles, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

## Objections to Definitions

Defendant objects to the definitions offered by Lead Plaintiff on the following grounds, which are incorporated into and made part of Defendant's response to each individual request:

1.    Defendant objects to the definitions of "Bitcoin Suisse," and "Draper Associates Crypto", and "Tezos Foundation" on the grounds that they are overbroad and purport to include persons and entities that are not reasonably ascertainable.  Defendant will construe these terms to refer only to Bitcoin Suisse AG, Draper Associates V Crypto LLC, and Tezos Stiftung, respectively.

2.    Defendant objects to the definitions of "Communication" and "Documents" on the grounds that they are overly broad, unduly burdensome and to the extent that they seek to impose discovery obligations beyond or inconsistent with those set forth in the applicable treaties and rules, including Federal Rule of Civil Procedure 34(a)(1)(A).

3.    Defendant objects to the definition of "DLS" on the grounds that it calls for information protected by the attorney-client privilege because it purports to include the DLS's attorneys.  Defendant further objects to the definition of "DLS" on the grounds that it calls for information not in Defendant's possession, custody, and control because it purports to include DLS's "advisors, consultants, and vendors."

4.    Defendant objects to the definition of "Tezos ICO" on the grounds that it assumes facts and legal conclusions that are disputed or erroneous.  Defendant will refer to the fundraiser conducted in July 2017 as the "Fundraiser."

5.    Defendant objects to the definition of "Relevant Time Period" on the grounds that it is overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case to the extent that it purports to require Defendant to identify and produce documents post-dating both the Fundraiser and the initiation of this action.  Except where expressly noted, Defendant will only search for documents dating prior to November 26, 2017, which is the date of the first-filed complaint in the Consolidated Action.

6.    Defendant objects to the definition of "Tezos Project" on the grounds that it incorporates disputed and erroneous allegations of the Complaint.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

1

## Specific Responses And Objections To Requests For Production Set One

2

## REQUEST FOR PRODUCTION NO. 1:

3   All documents identified or referred to in Your answers to any interrogatories served by Lead

4   Plaintiff on Defendants Dynamic Ledger Solutions, Inc., Kathleen Breitman and Arthur Breitman,

5   without regard to the date of the document.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1.:**

7   Defendant incorporates by reference the general objections and objections to definitions set

8   forth above. Defendant specifically objects to this request on the grounds that (a) documents sought

9   are already in the possession, custody or control of Lead Plaintiff or obtainable from some other

10  source that is more convenient, less burdensome or less expensive; (b) the request is overbroad,

11  unduly burdensome, oppressive, and harassing; (c) the request seeks documents protected by the

12  attorney-client privilege, the attorney work-product doctrine, common interest doctrine, and/or other

13  applicable privilege provided by law; (d) the request seeks documents protected by the marital

14  communications privilege; and (e) the request seeks trade secret, confidential, and/or proprietary

15  information, and/or information Defendant is under an obligation to keep confidential.

16  Subject to the foregoing general and specific objections, Defendant responds as follows: Lead

17  Plaintiff has not served any interrogatories on Defendant, and therefore Defendant has no responsive

18  documents at this time.

19  **REQUEST FOR PRODUCTION NO. 2:**

20  All documents concerning the organization or incorporation of DLS.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

22  Defendant incorporates by reference the general objections and objections to definitions set

23  forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

24  documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

25  the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

26  obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

27  the request is vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive,

28  and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1    work-product doctrine, common interest doctrine, and/or other applicable privilege provided by law;

2    (d) the request seeks documents protected by the marital communications privilege; and (f) the request

3    seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under

4    an obligation to keep confidential.

5         Subject to the foregoing general and specific objections, Defendant responds as follows:

6    Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

7    and produce responsive non-privileged documents sufficient to show the organization or

8    incorporation of DLS that are within its possession, custody, or control on a rolling basis following

9    entry of an appropriate Protective Order, to be concluded within 100 days of the date thereof;

10   provided; however, that Defendant will produce documents only to the extent that it is permitted to

11   do so by applicable law.

12   **REQUEST FOR PRODUCTION NO. 3:**

13        All documents concerning the organization or incorporation of the Tezos Foundation, and the

14   work performed by the DLS Defendants, Draper, Draper Associates Crypto or any other investor of

15   DLS in organizing and incorporating the Tezos Foundation, including but not limited to

16   communications discussing the reasons why the Tezos Foundation was formed and the decision to

17   form the Tezos Foundation as a Swiss entity.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

19        Defendant incorporates by reference the general objections and objections to definitions set

20   forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

21   documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

22   the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

23   obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

24   the undefined term "work performed" is vague and ambiguous; (d) the request is overbroad, unduly

25   burdensome, oppressive, and harassing; (e) the request seeks documents protected by the attorney-

26   client privilege, the attorney work-product doctrine, common interest doctrine, and/or other

27   applicable privilege provided by law; (f) the request seeks documents protected by the marital

28   communications privilege; and (g) the request seeks trade secret, confidential, and/or proprietary

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel. (424) 652-7800 • Fax (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1    information, and/or information Defendant is under an obligation to keep confidential.

2         Subject to the foregoing general and specific objections, Defendant responds as follows:

3    Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

4    and produce responsive non-privileged documents sufficient to show the organization or

5    incorporation of Tezos Stiftung (the "Foundation") that are within its possession, custody or control

6    on a rolling basis following entry of an appropriate Protective Order, to be concluded within 100 days

7    of the date thereof; provided; however, that Defendant will produce documents only to the extent that

8    it is permitted to do so by applicable law.

9    **REQUEST FOR PRODUCTION NO. 4:**

10         All documents concerning the investment in and ownership of DLS, including but not limited

11    to: (a) the acquisition of a 10% interest in DLS by Draper Associates Crypto, as described in the

12    Memorandum of Points and Authorities in Support of the Motion of Defendants Timothy C. Draper

13    and Draper Associates V Crypto LLC to Dismiss Consolidated Complaint, Dkt. No. 117, at 5 n.5;

14    and (b) the investments by Polychain Capital and any "Early Backers" referenced in Section 3.5 of

15    the Tezos Overview.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

17         Defendant incorporates by reference the general objections and objections to definitions set

18    forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

19    trade secret, confidential, and/or proprietary information, and/or information Defendant is under an

20    obligation to keep confidential, including in connection with the "Early Backers" referenced in

21    Section 3.5 of the Tezos Overview; (b) the request seeks documents that are neither relevant to the

22    claims or defenses at issue nor proportional to the needs of the case; (c) documents sought are already

23    in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is

24    more convenient, less burdensome or less expensive; (d) the request is vague and ambiguous; (e) the

25    request is overbroad, unduly burdensome, oppressive, and harassing; (f) the request seeks documents

26    protected by the attorney-client privilege, the attorney work-product doctrine, common interest

27    doctrine and/or other applicable privilege provided by law; and (g) the request seeks documents

28    protected by the marital communications privilege.

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1      Subject to the foregoing general and specific objections, Defendant responds as follows:

2  Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

3  and produce responsive non-privileged documentation sufficient to show the equity interests of

4  Arthur Breitman, Kathleen Breitman and Draper Associates V. Crypto LLC in DLS that are within

5  its possession, custody, or control on a rolling basis following entry of an appropriate Protective

6  Order, to be concluded within 100 days of the date thereof; provided; however, that Defendant will

7  produce documents only to the extent that it is permitted to do so by applicable law.

8  **REQUEST FOR PRODUCTION NO. 5:**

9      All documents concerning the private pre-sale of Tezos tokens by the DLS Defendants

10  conducted between approximately September 2016 and March 2017, as alleged in the Complaint, ¶

11  36.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13      Defendant incorporates by reference the general objections and objections to definitions set

14  forth above.  Defendant specifically objects to this request on the grounds that (a) the request seeks

15  trade secret, confidential, and/or proprietary information, and/or information Defendant is under an

16  obligation to keep confidential; (b) the request seeks documents that are neither relevant to the claims

17  or defenses at issue nor proportional to the needs of the case; (c) documents sought are already in the

18  possession, custody or control of Lead Plaintiff or obtainable from some other source that is more

19  convenient, less burdensome or less expensive; (d) the undefined term "private pre-sale" is vague and

20  ambiguous; (e) the request is overbroad, unduly burdensome, oppressive, and harassing; (f) the

21  request seeks documents protected by the attorney-client privilege, the attorney work-product

22  doctrine, common interest doctrine and/or other applicable privilege provided by law; and (g) the

23  request seeks documents protected by the marital communications privilege.

24      Subject to the foregoing general and specific objections, Defendant responds as follows:

25  Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

26  //

27  //

28  //

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
Los Angeles, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1    **REQUEST FOR PRODUCTION NO. 6**

2    　　All documents concerning records of meetings of the DLS Board, including but not limited to

3    minutes, agendas, reports, presentations and communications exchanged concerning such meetings.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5    　　Defendant incorporates by reference the general objections and objections to definitions set

6    forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

7    documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

8    the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

9    obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

10   the request is vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive,

11   and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney

12   work-product doctrine, common interest doctrine and/or other applicable privilege provided by law;

13   (f) the request seeks documents protected by the marital communications privilege; and (g) the request

14   seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under

15   an obligation to keep confidential.

16   　　Subject to the foregoing general and specific objections, Defendant responds as follows:

17   Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

18   **REQUEST FOR PRODUCTION NO. 7**

19   　　All documents concerning the "contractual agreement" between Tezos Foundation and DLS,

20   as described in the Transparency Memo, and as alleged in the Complaint, ¶ 47.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

22   　　Defendant incorporates by reference the general objections and objections to definitions set

23   forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

24   documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

25   the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

26   obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

27   the request is vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive,

28   and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney

work-product doctrine, common interest doctrine and/or other applicable privilege provided by law; (f) the request seeks documents protected by the marital communications privilege; and (g) the request seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under an obligation to keep confidential.

Subject to the foregoing general and specific objections, Defendant responds as follows: Defendant will conduct a reasonable search for documents dated on or before November 26, 2017 and produce the agreement between Foundation and DLS described in the Transparency Memo to that is within its possession, custody, or control on a rolling basis following entry of an appropriate Protective Order, to be concluded within 100 days of the date thereof; provided; however, that Defendant will produce documents only to the extent that it is permitted to do so by applicable law.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any other agreement, arrangement or understanding between Tezos Foundation, on the one hand, and any of the DLS Defendants, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant incorporates by reference the general objections and objections to definitions set forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is more convenient, less burdensome or less expensive; (c) the undefined terms "agreement," "arrangement," and "understanding" are vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive, and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable privilege provided by law; (f) the request seeks documents protected by the marital communications privilege; and (g) the request seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under an obligation to keep confidential.

Subject to the foregoing general and specific objections, Defendant responds as follows: Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1   and produce responsive non-privileged contractual agreements between the Foundation and any of

2   the DLS Defendants concerning the Fundraiser that are within its possession, custody, or control on

3   a rolling basis following entry of an appropriate Protective Order, to be concluded within 100 days

4   of the date thereof; provided; however, that Defendant will produce documents only to the extent

5   that it is permitted to do so by applicable law.

6   **REQUEST FOR PRODUCTION NO. 9:**

7       All documents concerning the funds raised in the Tezos ICO, including but not limited to:

8       (a)    documents concerning identifying information and location of the persons from whom

9           the funds were raised and the amounts raised from each such person;

10      (b)    documents concerning the custody, investment or other disposition of the funds raised

11          in the Tezos ICO; and

12      (c)    documents concerning any agreement or arrangement between Tezos Foundation and

13          Bitcoin Suisse, including any agreement or arrangement by which Bitcoin Suisse was

14          designated a "mandatory co-signatory on all crypto-asset transactions," as alleged in

15          the Complaint, at ¶ 26.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

17      Defendant incorporates by reference the general objections and objections to definitions set

18  forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

19  trade secret, confidential, and/or proprietary information, and/or information Defendant is under an

20  obligation to keep confidential with regard to financial information and any identifying information

21  and the location of persons from whom funds were raised; (b) the request seeks documents that are

22  neither relevant to the claims or defenses at issue nor proportional to the needs of the case, including

23  with regard to any agreements or arrangements with Bitcion Suisse now that Bitcoin Suisse has been

24  dismissed; (c) documents sought are already in the possession, custody or control of Lead Plaintiff or

25  obtainable from some other source that is more convenient, less burdensome or less expensive; (d)

26  the term "Tezos ICO" is a factual mischaracterization; (e) the request is vague and ambiguous; (f) the

27  request is overbroad, unduly burdensome, oppressive, and harassing; (g) the request seeks documents

28  protected by the attorney-client privilege, the attorney work-product doctrine, common interest

{00122884.DOCX} - 11 -

DYNAMIC LEDGER SOLUTIONS, INC.S' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS PROPOUNDED BY LEAD PLAINTIFF

1   doctrine and/or other applicable privilege provided by law; and (h) the request seeks documents

2   protected by the marital communications privilege.

3       Subject to the foregoing general and specific objections, Defendant responds as follows:

4   Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

5   **REQUEST FOR PRODUCTION NO. 10:**

6       All documents concerning the marketing and promotion of the Tezos ICO and the Tezos

7   Project, including but not limited to:

8       (a)    all communications by Kathleen and Arthur Breitman posted on social media, including

9              but not limited to communications posted on Reddit under the usernames "murbard,"

10             "abtezos" and "breitwoman," and tweets posted in the Twitter accounts @tez0s,

11             @tezos, @TezosFoundation, @breitwoman and @ArthurB;

12      (b)    all interviews, speeches and presentations given by the DLS Defendants;

13      (c)    any communications between the DLS Defendants and the Tezos Foundation

14             concerning the marketing and promotion of the Tezos ICO and the Tezos Project.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

16      Defendant incorporates by reference the general objections and objections to definitions set

17  forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

18  documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

19  the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

20  obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

21  the term "Tezos ICO" is a factual mischaracterization; (d) the request is vague and ambiguous; (e)

22  the request is overbroad, unduly burdensome, oppressive, and harassing; (f) the request seeks

23  documents protected by the attorney-client privilege, the attorney work-product doctrine, common

24  interest doctrine and/or other applicable privilege provided by law; (g) the request seeks documents

25  protected by the marital communications privilege; and (h) the request seeks trade secret, confidential,

26  and/or proprietary information, and/or information Defendant is under an obligation to keep

27  confidential.

28

{00122884.DOCX} - 12 -

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1  Subject to the foregoing general and specific objections, Defendant responds as follows:

2  Defendant refers Lead Plaintiff to publicly available documentation that is equally available to him.

3  Notwithstanding the foregoing, Defendant will conduct a reasonable search for documents dated on

4  or before November 26, 2017 and produce responsive non-privileged documents consisting of

5  statements published or otherwise made about the Tezos project to the public or community before

6  or during the Fundraiser, including (a) communications by Kathleen and Arthur Breitman posted on

7  social media; and (b) interviews, speeches and presentations given by Defendant or its agents, that

8  are within its possession, custody, or control on a rolling basis following entry of an appropriate

9  Protective Order, to be concluded within 100 days of the date thereof; provided; however, that

10  Defendant will produce documents only to the extent that it is permitted to do so by applicable law.

11  **REQUEST FOR PRODUCTION NO. 11:**

12  All documents concerning the payment of any monies, for any purpose, by the Tezos

13  Foundation to any of the DLS Defendants.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

15  Defendant incorporates by reference the general objections and objections to definitions set

16  forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

17  documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

18  the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

19  obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

20  the request is vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive,

21  and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney

22  work-product doctrine, common interest doctrine and/or other applicable privilege provided by law;

23  (f) the request seeks documents protected by the marital communications privilege; and (g) the request

24  seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under

25  an obligation to keep confidential.

26  Subject to the foregoing general and specific objections, Defendant responds as follows:

27  Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

28  and produce responsive non-privileged contractual agreements between the Foundation and DLS

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel. (424) 652-7800 • Fax (424) 652-7850

1 described in the Transparency Memo, and as alleged in the Complaint, ¶ 47, that are within its

2 possession, custody, or control on a rolling basis following entry of an appropriate Protective Order,

3 to be concluded within 100 days of the date thereof; provided; however, that Defendant will produce

4 documents only to the extent that it is permitted to do so by applicable law.

5 **REQUEST FOR PRODUCTION NO. 12:**

6 All documents concerning the execution of the Tezos ICO, and the allocation of

7 responsibilities for the execution of the Tezos ICO among and between Tezos Foundation, the DLS

8 Defendants and any other persons, including but not limited to documents sufficient to identify the

9 persons responsible for handling the execution of the Tezos ICO and the locations of these persons.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

11 Defendant incorporates by reference the general objections and objections to definitions set

12 forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

13 documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

14 the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

15 obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

16 the term "Tezos ICO" is a factual mischaracterization; (d) the undefined term "responsibilities" is

17 vague and ambiguous; (e) the request is overbroad, unduly burdensome, oppressive, and harassing;

18 (f) the request seeks documents protected by the attorney-client privilege, the attorney work-product

19 doctrine, common interest doctrine and/or other applicable privilege provided by law; (g) the request

20 seeks documents protected by the marital communications privilege; and (h) the request seeks trade

21 secret, confidential, and/or proprietary information, and/or information Defendant is under an

22 obligation to keep confidential.

23 Subject to the foregoing general and specific objections, Defendant responds as follows:

24 Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

25 and produce documents sufficient to show individuals who were involved in the execution of the

26 Fundraiser that are within its possession, custody, or control on a rolling basis following entry of an

27 appropriate Protective Order, to be concluded within 100 days of the date thereof; provided;

28

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1  however, that Defendant will produce documents only to the extent that it is permitted to do so by

2  applicable law.

3  **REQUEST FOR PRODUCTION NO. 13:**

4      All documents concerning the Contribution Software System ("CSS"), as described in the

5  Contribution Terms at ¶¶ 6, 7, 19, 20, 25, 26, 37, 38, 39, 42 and 43, including but not limited to: (a)

6  the function(s) and purpose(s) of the CSS; (b) the "location" of the CSS; (c) the location of the server

7  where all the files underlying the CSS are stored; and (d) the data and information purportedly

8  generated by the CSS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

10     Defendant incorporates by reference the general objections and objections to definitions set

11 forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

12 documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

13 the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

14 obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

15 the request for "all documents concerning the CSS" is vague and ambiguous; (d) the request for "all

16 documents concerning the CSS" and the request for "data and information purportedly generated by

17 the CSS" are overbroad, unduly burdensome, oppressive, and harassing; (e) the request seeks

18 documents protected by the attorney-client privilege, the attorney work-product doctrine, common

19 interest doctrine and/or other applicable privilege provided by law; (f) the request seeks documents

20 protected by the marital communications privilege; and (g) the request seeks trade secret, confidential,

21 and/or proprietary information, and/or information Defendant is under an obligation to keep

22 confidential.

23     Subject to the foregoing general and specific objections, Defendant responds as follows:

24 Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

25 and produce responsive non-privileged documentation sufficient to show the location of the servers

26 that hosted the Contribution Software System that are within its possession, custody, or control on a

27 rolling basis following entry of an appropriate Protective Order, to be concluded within 100 days of

28

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

1  the date thereof; provided; however, that Defendant will produce documents only to the extent that

2  it is permitted to do so by applicable law.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      All documents concerning the "Contribution Software," as described in the Contribution

5  Terms at ¶¶ 17, 18, 19, 37, 38, 39, 42, 43, and 46, including but not limited to: (a) the function(s) and

6  purpose(s) of the Contribution Software; (b) the "location" of the Contribution Software; (c) the

7  location of the server where all the files underlying the Contribution Software are stored; and (d) the

8  data and information purportedly generated by the Contribution Software.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10      Defendant incorporates by reference the general objections and objections to definitions set

11  forth above. Defendant specifically objects to this request on the grounds and to the extent that it is

12  duplicative of Request for Production No. 13 and on the grounds that (a) the request seeks documents

13  that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case;

14  (b) documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable

15  from some other source that is more convenient, less burdensome or less expensive; (c) the request

16  for "all documents concerning the Contribution Software" is vague and ambiguous; (d) the request

17  for "all documents concerning the Contribution Software" and the request for "data and information

18  purportedly generated by the Contribution Software" are overbroad, unduly burdensome, oppressive,

19  and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney

20  work-product doctrine, common interest doctrine and/or other applicable privilege provided by law;

21  (f) the request seeks documents protected by the marital communications privilege; and (g) the request

22  seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under

23  an obligation to keep confidential.

24      Subject to the foregoing general and specific objections, Defendant responds as follows:

25  Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

26  and produce responsive non-privileged documentation sufficient to show the location of the servers

27  that hosted the Contribution Software that are within its possession, custody, or control on a rolling

28  basis following entry of an appropriate Protective Order, to be concluded within 100 days of the date

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

1   thereof; provided; however, that Defendant will produce documents only to the extent that it is

2   permitted to do so by applicable law.

3   **REQUEST FOR PRODUCTION NO. 15:**

4        All documents concerning the software technology or "Client," as described in the

5   Contribution Terms, at ¶ 2, including but not limited to: (a) the "location" of the Client; and (b) the

6   location of the server where all the files underlying the Client are stored.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

8        Defendant incorporates by reference the general objections and objections to definitions set

9   forth above. Defendant specifically objects to this request on the grounds and to the extent that it is

10  duplicative of Requests for Production No. 13 and No. 14 and on the grounds that (a) the request

11  seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the

12  needs of the case; (b) documents sought are already in the possession, custody or control of Lead

13  Plaintiff or obtainable from some other source that is more convenient, less burdensome or less

14  expensive; (c) the request for "all documents concerning the software technology or 'Client'" is vague

15  and ambiguous; (d) the request for "all documents concerning the software technology or 'Client'" is

16  overbroad, unduly burdensome, oppressive, and harassing; (e) the request seeks documents protected

17  by the attorney-client privilege, the attorney work-product doctrine, common interest doctrine and/or

18  other applicable privilege provided by law; (f) the request seeks documents protected by the marital

19  communications privilege; and (g) the request seeks trade secret, confidential, and/or proprietary

20  information, and/or information Defendant is under an obligation to keep confidential.

21  Subject to the foregoing general and specific objections, Defendant responds as follows:  Defendant

22  will conduct a reasonable search for documents dated on or before November 26, 2017 and produce

23  responsive non-privileged documentation sufficient to show the location of the servers that hosted

24  the Client that are within its possession, custody, or control on a rolling basis following entry of an

25  appropriate Protective Order, to be concluded within 100 days of the date thereof; provided;

26  however, that Defendant will produce documents only to the extent that it is permitted to do so by

27  applicable law.

28  //

{00122884.DOCX} - 17 -

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

**REQUEST FOR PRODUCTION NO. 16**

All documents concerning the "terms and conditions set forth in the 'Contribution Software System' or 'CSS', existing on the blockchain at the addresses published before the start of the Contribution Period at https://crowdfund.tezos.com", as described in the purported Contribution Terms, ¶ 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant incorporates by reference the general objections and objections to definitions set forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is more convenient, less burdensome or less expensive; (c) the undefined phrase "All documents concerning" is vague and ambiguous; (d) the request for "All documents concerning" the "terms and conditions set forth in the 'Contribution Software System' or 'CSS,' existing on the blockchain at the addresses published before the start of the Contribution Period at https://crowdfund.tezos.com" is overbroad, unduly burdensome, oppressive, and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable privilege provided by law; (f) the request seeks documents protected by the marital communications privilege; and (g) the request seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under an obligation to keep confidential.

Subject to the foregoing general and specific objections, Defendant responds as follows: Defendant will conduct a reasonable search for documents dated on or before November 26, 2017 and produce responsive non-privileged documents sufficient to show (a) the "Tezos Contribution and XTZ Allocation Terms and Explanatory Notes" (the "Contribution Terms") and (b) the terms and conditions set forth in the Contribution Software System, if any, that are within its possession, custody, or control on a rolling basis following entry of an appropriate Protective Order, to be concluded within 100 days of the date thereof; provided; however, that Defendant will produce documents only to the extent that it is permitted to do so by applicable law.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning the "separate independent database that creates a summary of the results," as described in the Tezos Foundation's July 5, 2017 update.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant incorporates by reference the general objections and objections to definitions set forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is more convenient, less burdensome or less expensive; (c) the request is vague and ambiguous; (d) the request for "All documents concerning" the "separate independent database that creates a summary of the results" is overbroad, unduly burdensome, oppressive, and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable privilege provided by law; (f) the request seeks documents protected by the marital communications privilege; and (g) the request seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under an obligation to keep confidential.

Subject to the foregoing general and specific objections, Defendant responds as follows: Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the registration, ownership, administration and control of the websites tezos.ch, tezos.com, crowdfund.tezos.com and tezosfoundation.ch, including but not limited to documents reflecting the hosting of these websites/subdomains and the location of the servers where each of these websites/subdomains is hosted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant incorporates by reference the general objections and objections to definitions set forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

1   obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

2   the request is vague and ambiguous; (d) the request seeks documents protected by the attorney-client

3   privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable

4   privilege provided by law; (e) the request is overbroad, unduly burdensome, oppressive, and

5   harassing; (f) the request seeks documents protected by the marital communications privilege; and

6   (g) the request seeks trade secret, confidential, and/or proprietary information, and/or information

7   Defendant is under an obligation to keep confidential.

8       Subject to the foregoing general and specific objections, Defendant responds as follows:

9   Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

10  and produce responsive non-privileged documentation sufficient to show location of the servers that

11  hosted the websites or subdomains identified in this request that are within its possession, custody, or

12  control on a rolling basis following entry of an appropriate Protective Order, to be concluded within

13  100 days of the date thereof; provided; however, that Defendant will produce documents only to the

14  extent that it is permitted to do so by applicable law.

15  **REQUEST FOR PRODUCTION NO. 19:**

16      All documents concerning the registration, ownership, administration and control of the

17  Twitter accounts @tez0s, @tezos, @TezosFoundation, @breitwoman and @ArthurB.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19      Defendant incorporates by reference the general objections and objections to definitions set

20  forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

21  documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

22  the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

23  obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

24  the request is vague and ambiguous; (d) the request seeks documents protected by the attorney-client

25  privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable

26  privilege provided by law; (e) the request is overbroad, unduly burdensome, oppressive, and

27  harassing; (g) the request seeks documents protected by the marital communications privilege; and

28  (g) the request seeks trade secret, confidential, and/or proprietary information, and/or information

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1    Defendant is under an obligation to keep confidential.

2         Subject to the foregoing general and specific objections, Defendant responds as follows:

3    Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

4    **REQUEST FOR PRODUCTION NO. 20:**

5         All documents concerning the Tezos Foundation's and/or the DLS Defendants' development

6    of the Tezos Project, including but not limited to:

7         (a)    all work performed by the Tezos Foundation and/or the DLS Defendants to achieve

8                the "Development Goals" and "Research Goals" described in the Tezos Overview, at

9                16-18;

10        (b)    the hiring of employees or outside contractors to develop, complete, maintain and

11               promote the Tezos Project, including the "development team" referred to in the Tezos

12               Overview, at 16, and the persons identified in the Tezos Overview, at 19;

13        (c)    the Tezos Foundation's and/or DLS Defendants' management and oversight of the

14               work performed by third parties to develop the Tezos Project;

15        (d)    the issue of grants to third parties such as Cornell University (Emin Gün Sirer), the

16               University of Beira Interior, Decet Consulting, and France-IOI, as announced by the

17               Tezos Foundation on August 9, 2018;

18        (e)    all payments for services made by the Tezos Foundation to benefit the promotion of

19               the Tezos protocol, as described in the Tezos Overview, at 13;

20        (f)    any audits of the Tezos codebase conducted by code auditing services including but

21               not limited to Inria; and

22        (g)    any partnerships with third parties to develop applications on the Tezos protocol,

23               including but not limited to the Tezos Foundation's partnership with Obsidian Systems

24               announced on March 10, 2018.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

26        Defendant incorporates by reference the general objections and objections to definitions set

27   forth above.  Defendant specifically objects to this request on the grounds that (a) the request seeks

28   trade secret, confidential, and/or proprietary information, and/or information Defendant is under an

{00122884.DOCX} - 21 -

DYNAMIC LEDGER SOLUTIONS, INC.'S' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS PROPOUNDED BY LEAD PLAINTIFF

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 ● Fax (424) 652-7850

1  obligation to keep confidential; (b) the request seeks documents that are neither relevant to the claims

2  or defenses at issue nor proportional to the needs of the case; (c) documents sought are already in the

3  possession, custody or control of Lead Plaintiff or obtainable from some other source, which is more

4  convenient, less burdensome or less expensive (e.g., subparts (d), (e), (f), and (g) seek documents that

5  may be within the possession, custody or control of the Foundation); (d) the undefined terms "work

6  performed" and "partnerships" are vague and ambiguous; (e) the request is overbroad, unduly

7  burdensome, oppressive, and harassing; (f) the request seeks documents protected by the attorney-

8  client privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable

9  privilege provided by law; and (g) the request seeks documents protected by the marital

10  communications privilege.

11      Subject to the foregoing general and specific objections, Defendant responds as follows:

12  Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

13  and produce responsive non-privileged documents sufficient to show the pre-Fundraiser efforts of

14  DLS to assist with development of the Tezos project, including the Tezos Overview, Transparency

15  Memo, blog posts, public posts, and other materials, that are within its possession, custody, or control

16  on a rolling basis following entry of an appropriate Protective Order, to be concluded within 100 days

17  of the date thereof; provided; however, that Defendant will produce documents only to the extent that

18  it is permitted to do so by applicable law.

19  **REQUEST FOR PRODUCTION NO. 21:**

20      All documents concerning communications among and between any of the DLS Defendants'

21  employees or DLS Board members, concerning the Tezos Project and the Tezos ICO.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23      Defendant incorporates by reference the general objections and objections to definitions set

24  forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

25  documents protected by the marital communications privilege to the extent that it seeks

26  communications between Kathleen and Arthur Breitman; (b) the request seeks documents that are

27  neither relevant to the claims or defenses at issue nor proportional to the needs of the case; (c)

28  documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1  from some other source that is more convenient, less burdensome or less expensive; (d) the term

2  "Tezos ICO" is a factual mischaracterization; (e) the request for "documents concerning

3  communications" is vague and ambiguous; (f) the request is overbroad, unduly burdensome,

4  oppressive, and harassing; (g) the request seeks documents protected by the attorney-client privilege,

5  the attorney work-product doctrine, common interest doctrine and/or other applicable privilege

6  provided by law; and (h) the request seeks trade secret, confidential, and/or proprietary information,

7  and/or information Defendant is under an obligation to keep confidential.

8       Subject to the foregoing general and specific objections, Defendant responds as follows:

9  Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

10 **REQUEST FOR PRODUCTION NO. 22:**

11      All documents concerning communications between the DLS Defendants, on the one hand,

12 and the Tezos Foundation, Draper, Draper Associates Crypto, Bitcoin Suisse, Polychain Capital and

13 any "Early Backers" referenced in Section 3.5 of the Tezos Overview, on the other hand, concerning

14 the Tezos Project and the Tezos ICO.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16      Defendant incorporates by reference the general objections and objections to definitions set

17 forth above.  Defendant specifically objects to this request on the grounds that (a) the request seeks

18 documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

19 the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

20 obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

21 the term "Tezos ICO" is a factual mischaracterization; (d) the request for "documents concerning

22 communications" is vague and ambiguous; (e) the request is overbroad, unduly burdensome,

23 oppressive, and harassing; (f) the request seeks documents protected by the attorney-client privilege,

24 the attorney work-product doctrine, common interest doctrine and/or other applicable privilege

25 provided by law; (g) the request seeks documents protected by the marital communications privilege;

26 and (h) the request seeks trade secret, confidential, and/or proprietary information, and/or information

27 Defendant is under an obligation to keep confidential.

28

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1  Subject to the foregoing general and specific objections, Defendant responds as follows:

2  Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

3  **REQUEST FOR PRODUCTION NO. 23:**

4  All documents concerning the DLS Defendants' public communications concerning the Tezos

5  Project and the Tezos ICO, regardless of form and forum, including but not limited to drafts of such

6  communications and documents sufficient to identify the author of each such draft.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

8  Defendant incorporates by reference the general objections and objections to definitions set

9  forth above.  Defendant specifically objects to this request on the grounds that (a) the request is

10 overbroad, unduly burdensome, oppressive, and harassing, including with respect to the demand for

11 "drafts" of the requested documents; (b) the request seeks documents that are neither relevant to the

12 claims or defenses at issue nor proportional to the needs of the case; (c) documents sought are already

13 in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is

14 more convenient, less burdensome or less expensive; (d) the request seeks documents protected by

15 the attorney-client privilege, the attorney work-product doctrine, common interest doctrine and/or

16 other applicable privilege provided by law; (e) the term "Tezos ICO" is a factual mischaracterization;

17 (g) the request is vague and ambiguous; and (g) the request seeks trade secret, confidential, and/or

18 proprietary information, and/or information Defendant is under an obligation to keep confidential.

19 Subject to the foregoing general and specific objections, Defendant responds as follows:

20 Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

21 and produce responsive non-privilege documents within its possession, custody or control, consisting

22 of the DLS Defendants' public communications concerning the Tezos project and Fundraiser that are

23 within its possession, custody, or control on a rolling basis following entry of an appropriate

24 Protective Order, to be concluded within 100 days of the date thereof; provided; however, that

25 Defendant will produce documents only to the extent that it is permitted to do so by applicable law.

26 //

27 //

28 //

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning any communications between the DLS Defendants, on the one hand, and the SEC or any other regulator or governmental agency, on the other hand. This Document Request includes all documents produced to any regulator or governmental agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant incorporates by reference the general objections and objections to definitions set forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is more convenient, less burdensome or less expensive; (c) the request for "documents concerning any communications" is vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive, and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable privilege provided by law; and (f) the request seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under an obligation to keep confidential.

Subject to the foregoing general and specific objections, Defendant responds as follows: Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning any audits of the Tezos Foundation, including but not limited to the audit by Pricewaterhousecoopers announced on July 24, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant incorporates by reference the general objections and objections to definitions set forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case, given that the audit by Pricewaterhousecoopers occurred well after the Fundraiser; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is more convenient, less burdensome or less expensive; (c) the request is

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1   vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive, and harassing;

2   (e) the request seeks documents protected by the attorney-client privilege, the attorney work-product

3   doctrine, common interest doctrine and/or other applicable privilege provided by law; (f) the request

4   seeks documents protected by the marital communications privilege; and (g) the request seeks trade

5   secret, confidential, and/or proprietary information, and/or information Defendant is under an

6   obligation to keep confidential.

7        Subject to the foregoing general and specific objections, Defendant responds as follows:

8   Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

9   **REQUEST FOR PRODUCTION NO. 26:**

10       All documents concerning the listing and trading of Tezos tokens on any exchange, alternative

11  trading system or order execution venue, including any communications among and between the DLS

12  Defendants, and any communications between the DLS Defendants, on the one hand, and any

13  exchange, alternative trading system, order execution venue, intermediaries and market-makers for

14  Tezos tokens, on the other hand.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

16       Defendant incorporates by reference the general objections and objections to definitions set

17  forth above. Defendant specifically objects to this request on the grounds that (a) the request seeks

18  documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

19  the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

20  obtainable from some other source that is more convenient, less burdensome or less expensive; (c)

21  the undefined terms "exchange," "alternative trading system," "order execution venue,"

22  "intermediaries," and "market-makers" are vague and ambiguous; (d) the request is overbroad, unduly

23  burdensome, oppressive, and harassing; (e) the request seeks documents protected by the attorney-

24  client privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable

25  privilege provided by law; (f) the request seeks documents protected by the marital communications

26  privilege; and (g) the request seeks trade secret, confidential, and/or proprietary information, and/or

27  information Defendant is under an obligation to keep confidential.

28

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 ● Fax (424) 652-7850

1   Subject to the foregoing general and specific objections, Defendant responds as follows:

2   Defendant refers Lead Plaintiff to responsive information through CoinMarketCap and other publicly

3   available resources.  To the extent that Lead Plaintiff seeks other information, Defendant offers to

4   meet and confer with Lead Plaintiff regarding the scope of this request.

5   **REQUEST FOR PRODUCTION NO. 27:**

6   All documents concerning the "KYC/AML Process," implemented by the Tezos Foundation

7   on June 10, 2018 and available at https://verification.tezos.com/, including but not limited to all

8   responses submitted to the KYC/AML Process.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10   Defendant incorporates by reference the general objections and objections to definitions set

11   forth above.  Defendant specifically objects to this request on the grounds that (a) the request seeks

12   documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of

13   the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or

14   obtainable from some other source, which is more convenient, less burdensome or less expensive; (c)

15   the request is vague and ambiguous; (d) the request seeks documents protected by the attorney-client

16   privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable

17   privilege provided by law; (e) the request is overbroad, unduly burdensome, oppressive, and

18   harassing; and (f) the request seeks trade secret, confidential, and/or proprietary information, and/or

19   information Defendant is under an obligation to keep confidential.

20   Subject to the foregoing general and specific objections, Defendant responds as follows:

21   Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

22   **REQUEST FOR PRODUCTION NO. 28:**

23   All documents concerning the provision of services to the Tezos Foundation or the DLS

24   Defendants by any person in the United States, including but not limited to Ross Kenyon.  The

25   documents responsive to this Request include but are not limited to documents concerning the

26   employment, hiring and retention of such persons.

27   //

28   //

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant incorporates by reference the general objections and objections to definitions set forth above.  Defendant specifically objects to this request on the grounds that (a) the request seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is more convenient, less burdensome or less expensive; (c) the undefined term "provision of services" is vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive, and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable privilege provided by law; (f) the request seeks documents protected by the marital communications privilege; and (g) the request seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under an obligation to keep confidential.

Subject to the foregoing general and specific objections, Defendant responds as follows: Defendant offers to meet and confer with Lead Plaintiff regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning any policy or practice of the DLS Defendants concerning the destruction or retention of records, files or other documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant incorporates by reference the general objections and objections to definitions set forth above.  Defendant specifically objects to this request on the grounds that (a) the request seeks documents that are neither relevant to the claims or defenses at issue nor proportional to the needs of the case; (b) documents sought are already in the possession, custody or control of Lead Plaintiff or obtainable from some other source that is more convenient, less burdensome or less expensive; (c) the request is vague and ambiguous; (d) the request is overbroad, unduly burdensome, oppressive, and harassing; (e) the request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, common interest doctrine and/or other applicable privilege provided by law; (f) the request seeks documents protected by the marital communications privilege; and (g) the request seeks trade secret, confidential, and/or proprietary information, and/or information Defendant is under

1    an obligation to keep confidential.

2           Subject to the foregoing general and specific objections, Defendant responds as follows:

3    Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

4    and produce any responsive non-privileged document retention policies that are within its possession,

5    custody, or control on a rolling basis following entry of an appropriate Protective Order, to be

6    concluded within 100 days of the date thereof; provided; however, that Defendant will produce

7    documents only to the extent that it is permitted to do so by applicable law.

8    **REQUEST FOR PRODUCTION NO. 30:**

9           All documents You considered, consulted, relied upon, read, reviewed or analyzed in

10   connection with the preparation of Your Answer to the Complaint.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

12          Defendant incorporates by reference the general objections and objections to definitions set

13   forth above.  Defendant specifically objects to this request on the grounds that (a) documents sought

14   are already in the possession, custody or control of Lead Plaintiff or obtainable from some other

15   source that is more convenient, less burdensome or less expensive; (b) the request is overbroad,

16   unduly burdensome, oppressive, and harassing; (c) the request is vague and ambiguous; (d) the

17   request seeks documents protected by the attorney-client privilege, the attorney work-product

18   doctrine, common interest doctrine and/or other applicable privilege provided by law; (e) the request

19   seeks documents protected by the marital communications privilege; and (f) the request seeks trade

20   secret, confidential, and/or proprietary information, and/or information Defendant is under an

21   obligation to keep confidential.

22          Subject to the foregoing general and specific objections, Defendant responds as follows:

23   Defendant will conduct a reasonable search for documents dated on or before November 26, 2017

24   and produce responsive non-privileged documents that are within its possession, custody, or control

25   on a rolling basis following entry of an appropriate Protective Order, to be concluded within 100 days

26   of the date thereof; provided; however, that Defendant will produce documents only to the extent that

27   it is permitted to do so by applicable law.

28          //

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

1 | **REQUEST FOR PRODUCTION NO. 31:**

2 | All documents that You intend to rely on, introduce as evidence or otherwise use to oppose

3 | any motion for class certification, including but not limited to any documents concerning the

4 | adequacy of Lead Plaintiff.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

6 | Defendant incorporates by reference the general objections and objections to definitions set

7 | forth above.  Defendant specifically objects to this request on the grounds that (a) documents sought

8 | are already in the possession, custody or control of Lead Plaintiff or obtainable from some other

9 | source that is more convenient, less burdensome or less expensive; (b) the request is overbroad,

10 | unduly burdensome, oppressive, and harassing; (c) the request is vague and ambiguous; (d) the

11 | request seeks documents protected by the attorney-client privilege, the attorney work-product

12 | doctrine, common interest doctrine and/or other applicable privilege provided by law; (e) the request

13 | seeks documents protected by the marital communications privilege; and (f) the request seeks trade

14 | secret, confidential, and/or proprietary information, and/or information Defendant is under an

15 | obligation to keep confidential.

16 | Subject to the foregoing general and specific objections, Defendant responds as follows:  It is

17 | premature for Defendant to respond to this request given that the hearing date for a motion for class

18 | certification is not scheduled until April 2019 and discovery commenced only recently.

19 | **REQUEST FOR PRODUCTION NO. 32:**

20 | All documents not falling within the above demands that You intend to rely on, introduce as

21 | evidence or otherwise use at the trial of this case.

22 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

23 | Defendant incorporates by reference the general objections and objections to definitions set

24 | forth above.  Defendant specifically objects to this request on the grounds that (a) documents sought

25 | are already in the possession, custody or control of Lead Plaintiff or obtainable from some other

26 | source that is more convenient, less burdensome or less expensive; (b) the request is overbroad,

27 | unduly burdensome, oppressive, and harassing; (c) the request is vague and ambiguous: (d) the

28 | request seeks documents protected by the attorney-client privilege, the attorney work-product

BAKER MARQUART LLP<br>777 S. FIGUEROA STREET, SUITE 2850<br>LOS ANGELES, CA 90017<br>Tel (424) 652-7800 • Fax: (424) 652-7850

1   doctrine, common interest doctrine and/or other applicable privilege provided by law; (e) the request

2   seeks documents protected by the marital communications privilege; and (f) the request seeks trade

3   secret, confidential, and/or proprietary information, and/or information Defendant is under an

4   obligation to keep confidential.

5          Subject to the foregoing general and specific objections, Defendant responds as follows: It is

6   premature for Defendant to respond to this request given that no trial date has been set and discovery

7   commenced only recently.

8

9   DATED: September 17, 2018                BAKER MARQUART LLP

10

11                                          By: /s/ Scott M. Malzahn
                                               Scott M. Malzahn
                                               Attorneys for Defendants
12                                             Dynamic Ledger Solutions, Inc., Kathleen
                                               Breitman and Arthur Breitman
13

14  DATED: September 17, 2018                COOLEY LLP

15

16                                          By: /s/ Jeffrey M. Kaban
                                               Jeffrey M. Kaban
                                               Attorneys for Defendant Dynamic Ledger
17                                             Solutions. Inc.

18

19

20

21

22

23

24

25

26

27

28

DYNAMIC LEDGER SOLUTIONS, INC.'S' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS PROPOUNDED BY LEAD PLAINTIFF

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
Los ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

*In Re: Tezos Securities litigation*
*Case No. 3:17-CV-06779-RS*
**PROOF OF SERVICE**

**(FRCP 5)**

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 101 California Street, 5th Floor, San Francisco, California 94111-5800. On the date set forth below I served the documents described below in the manner described below:

- **DYNAMIC LEDGER SOLUTIONS, INC.S' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY LEAD PLAINTIFF**

☒ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by FedEx for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

**SEE ATTACHED SERVICE LIST**

Executed on September 17, 2018, at San Francisco, California.

_____
Adriana R. Vera

BAKER MARQUART LLP
777 S. FIGUEROA STREET, SUITE 2850
LOS ANGELES, CA 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SERVICE LIST
### *In Re: Tezos Securities litigation*
### *Case No. 3:17-CV-06779-RS*

LTL ATTORNEYS LLP
Enoch H. Liang
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
enoch.liang@ltlattorneys.com

***Lead Counsel for Court-Appointed Lead Plaintiff and the Class***

James M. Lee
Caleb H. Liang
Alex Hu
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
james.lee@ltlattorneys.com
caleb.liang@ltlattorneys.com
alex.hu@ltlattorneys.com

***Lead Counsel for Court-Appointed Lead Plaintiff and the Class***

HUNG G. TA, ESQ. PLLC
Hung G. Ta
JooYun Kim
Angus Ni
250 Park Avenue, 7th Floor
New York, New York 10177
hta@hgtlaw.com
jooyun@hgtlaw.com
angus@hgtlaw.com

***Lead Counsel for Court-Appointed Lead Plaintiff and the Class***

THE RESTIS LAW FIRM, P.C.
William R. Restis
550 West C Street, Suite 1760
San Diego, California 92101
william@restislaw.com

***Additional Counsel for the Class***

LITE DEPALMA GREENBERG, LLC
Joe J. DePalma
Bruce D. Greenberg
Jeremy Nash
570 Broad Street, Suite 1201
Newark, NJ 07102
Jdepalma@litedepalma.com
bgreenberg@litedepalma.com

***Additional Counsel for the Class***

DAVIS POLK & WARDWELL LLP
Edmund Polubinski III
Andrew S. Gehring
450 Lexington Avenue
New York, New York 10017
edmund.polubinski@davispolk.com
andrew.gehring@davispolk.com

***Attorneys for Defendant Tezos Stiftung***

DAVIS POLK & WARDWELL LLP
Neal A. Potischman (SBN 254862)
Serge A. Voronov (SBN 298655)
1600 El Camino Real
Menlo Park, California 94025
neal.potischman@davispolk.com
serge.voronov@davispolk.com

***Attorneys for Defendant Tezos Stiftung***

GOODWIN PROCTER LLP
Grant P. Fondo
601 Marshall Street
Redwood City, CA 94063
gfondo@goodwinlaw.com

***Attorneys for Defendant Tezos Stiftung***

DYNAMIC LEDGER SOLUTIONS, INC.S' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY LEAD PLAINTIFF

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

GOODWIN PROCTER LLP
Nicholas A. Reider
Three Embarcadero Center
28th Floor
San Francisco, CA 94111
nreider@goodwinlaw.com

***Attorneys for Defendant Tezos Stiftung***

BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, CA 90017
Tel (424) 652-7800 • Fax (424) 652-7850

{00122884.DOCX} - 34 -

DYNAMIC LEDGER SOLUTIONS, INC.S' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY LEAD PLAINTIFF