UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TEZOS SECURITIES LITIGATION

This document relates to:

ALL ACTIONS

Case No. 17-cv-06779-RS   (SK)

**ORDER REGARDING DISCOVERY DISPUTE**

Regarding Docket No. 231

Plaintiffs move to compel production of documents that Defendants Kathleen Breitman ("Kathleen") and Arthur Breitman ("Arthur") withheld from production based on the marital communications privilege.

## Background

In this matter, Plaintiffs allege that Defendants sold Tezos tokens to tens of thousands of investors in a July 2017 initial coin offering ("ICO"), that those Tezos tokens are "securities" under Section 2(a)(1) of the Securities Act, 15 U.S.C. § 77b(a)(1), and that Defendants sold the securities without registration and without an applicable exemption in violation of Sections 5 and 12(a)(1) of the Securities Act, 15 U.S.C. §§ 77e and 77l(a)(1).[1] (Dkt. 108, ¶¶137-143.)

Kathleen and Arthur are married and have been married since December 2013. They also own 90% of Defendant Dynamic Ledger Solutions, Inc. ("DLS"), which was the entity selling Tezos tokens. They are the sole officers and employees of DLS.

Plaintiffs issued requests for production of documents, and Kathleen and Arthur withheld from production documents in which they communicated only with each other. (Dkt. 231-2.) The

---

[1] Plaintiffs allege that certain defendants are "control persons" who caused the unregistered securities to be sold and thus that they are liable under Section 15 of the Securities Act, 15 U.S.C. § 77o. (Dkt. 108, ¶¶ 144-150.)

documents at issue are electronic mail messages sent and received using DLS's email system or Gmail accounts or documents shared on a Google drive. (*Id*.)

### Analysis

Federal courts recognize the common law of privilege. F.R.Evid. 501. The Ninth Circuit protects from disclosure (1) words and acts that are intended to be a communication, (2) between two people in a valid marriage, and (3) that are confidential. *United States v. Vo*, 413 F.3d 1010, 106 (9th Cir. 2005.) The privilege is construed narrowly "to promote marriage without thwarting the administration of justice." *Id*. (internal citation omitted). "Marital communications are presumptively confidential;" and thus the party opposing the application of the privilege has the burden of showing that the communications are not privileged. *United States v. Marashi*, 913 F.2d 724, 730 (9th Cir. 1990) (citing *Haddad v. Lockheed Cal. Corp*., 720 F.2d 1454, 1456 (9th Cir. 1983l); *United States v. Weinberg*, 439 F.2d 743, 750 (9th Cir. 1971).

Here, there is no dispute that the documents in question constitute communications and that the communications were made between two people in a valid marriage. The dispute centers on the confidential nature of the communications. Plaintiffs argue that, because Kathleen and Arthur used their business email addresses to communicate and because DLS "owns, controls, and possesses" the work email accounts and servers on which the communications were stored, Kathleen and Arthur knew that third parties could learn of those communications. (Dkt. 231 at page 3.) Communications that are "likely to be overhead by . . . third parties" are not confidential for purposes of the marital communications privilege. *Marashi*, 913 F.2d at 730.

Kathleen and Arthur have offered to provide declarations to explain why they believed that third parties could not access their communications. They were not able to do so, given the format of the discovery letter brief. Thus, the Court will allow them to provide declarations, under penalty of perjury, showing the policies (or lack thereof) of DLS regarding the confidentiality of email communications, the extent to which third parties could and did access communications between Kathleen and Arthur that they had over email, and the expectations of privacy held by Kathleen and Arthur. The declarations may attach exhibits.

/ / /

1   Any declaration must be filed by July 23, 2019.

2   **IT IS SO ORDERED**.

3   Dated: July 15, 2019



SALLIE KIM
United States Magistrate Judge

3