UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 17-cv-06779-RS<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Plaintiffs seek review of the assigned magistrate judge's order denying Plaintiffs' motion to compel certain communications withheld under the marital communications privilege and denying Plaintiffs' administrative motion for leave to file a response to Defendants' declarations in support of their privilege designations. A district court may modify a magistrate judge's ruling on a nondispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Because Plaintiffs have shown no such error here, the motion for relief is denied.

The magistrate judge carefully analyzed the facts surrounding the communications at issue and concluded that, although the disputed communications between spouses took place over work email addresses, the spousal communications privilege nonetheless applied. Because Defendant Kathleen Breitman ("Kathleen") and Defendant Arthur Breitman ("Arthur") are the sole officers and employees of Defendant Dynamic Ledger Solutions, Inc and because their communications were therefore not "likely to be overheard by . . . third parties," *United States v. Marashi*, 913 F.2d 724, 730 (9th Cir. 1990), the magistrate judge reasoned that the communications were indeed

1    confidential for purposes of the privilege.  Furthermore, despite a Chief Security Officer gaining

2    administrator access to these communications, Arthur's declaration noted the existence of an

3    agreement whereby this officer agreed not to access either Kathleen's or Arthur's emails.  As

4    noted in the challenged order, the standard is not whether it is *possible* that a third party might

5    "overhear" the communications, but rather whether it is *likely*.  *Marashi*, 913 F.2d at 730.

6    Plaintiffs' reference to case law disavowing an employee's "reasonable expectation of privacy" in

7    communications made on a work computer generally has little bearing on the unique situation

8    here—namely where the husband and wife were the sole officers and employees.  In short, the

9    magistrate judge's conclusion that the privilege applies was neither "clearly erroneous" nor

10   "contrary to law."  Fed. R. Civ. P. 72(a).

11         Nor are Plaintiffs entitled to relief based on the magistrate judge's decision not to apply the

12   "business affairs" exception to the marital communications privilege.  As noted in the challenged

13   order, there is no controlling law applying this exception within the Ninth Circuit.  While

14   Plaintiffs are correct that the marital communications privilege is to be narrowly construed, *United

15   States v. Vo*, 413 F.3d 1010, 1016 (9th Cir. 2005), it does not follow that the magistrate judge

16   should have embraced an exception from cases outside the Ninth Circuit, particularly cases

17   interpreting a *different* spousal privilege.  *See, e.g.*, *G-Fours, Inc. v. Miele*, 496 F.2d 809, 811-13

18   (2d Cir. 1974) (applying "business affairs" exception to marital communications privilege under

19   New York state law).  The decision not to import this carve-out and apply it to the unique facts of

20   this husband-and-wife business operation was neither clearly erroneous nor contrary to law.

21         Lastly, the magistrate judge likewise did not commit clear error by denying Plaintiffs the

22   opportunity to respond to the declarations from Kathleen and Arthur in a separate filing.  Plaintiffs

23   had an adequate opportunity to challenge Defendants' assertion of privilege in their joint letter

24   brief, where Plaintiffs were allotted over four pages of argument.  The Federal Rules do not

25   guarantee an opportunity to respond to each and every declaration filed by the opposing party.

26   Still, the magistrate judge was generally aware that Plaintiffs took issue with allegedly conclusory

27   and self-serving statements within the declarations through Plaintiffs' administrative motion, and

it was not contrary to law for her to rule on the discovery dispute without first affording Plaintiffs another five pages to articulate these grievances with the declarations in greater detail.

Because the magistrate judge's rulings on the motion to compel and the administrative motion for leave to file a response were not clearly erroneous, Plaintiffs' motion for relief is denied.

**IT IS SO ORDERED**.

Dated:  August 27, 2019

_____
RICHARD SEEBORG
United States District Judge

ORDER DENYING MOTION FOR RELIEF
CASE NO. 17-cv-06779-RS

3