## STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated March 16, 2020 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Trigon Trading Pty. Ltd. ("Trigon" or "Federal Lead Plaintiff"), and plaintiffs Pumaro LLC, Artiom Frunze, Hayden Hsiung, and Gijs Matser (collectively, the "Federal Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined herein), by and through their counsel of record in the Federal Litigation (as defined herein); (ii) plaintiff Andrew Baker (the "State Plaintiff") (together with the Federal Plaintiffs, "Plaintiffs") on behalf of himself and the other members of the Settlement Class, by and through his counsel of record in the State Litigation (as defined herein); and (iii) Defendants Dynamic Ledger Solutions, Inc. ("DLS" or the "Company"), Arthur Breitman and Kathleen Breitman (collectively the "DLS Defendants") and Tezos Stiftung (the "Tezos Foundation") (together with the DLS Defendants, "Defendants"), by and through their respective counsel of record in the Litigations (as defined herein).  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein) as against all Released Defendants (as defined herein) in both the Federal Litigation and the State Litigation, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.     FEDERAL LEAD PLAINTIFF'S CLAIMS

The Federal Litigation is a consolidated putative securities class action brought in this Court against Defendants by Federal Lead Plaintiff individually and on behalf of all persons or entities who contributed digital currencies, including Bitcoin and/or Ethereum, to what Plaintiffs describe as the Tezos blockchain "Initial Coin Offering" and what Defendants describe as a fundraiser conducted in July 2017.  The initial complaint in this action alleged claims under the Securities Act of 1933 (the "1933 Act") and was filed against Defendants DLS, Arthur Breitman, Kathleen Breitman and the Tezos Foundation on November 26, 2017, in the United States District

1

Court for the Northern District of California.  On March 16, 2018, the Court appointed Arman Anvari ("Anvari") as lead plaintiff and LTL Attorneys LLP ("LTL") and Hung G. Ta, Esq. PLLC ("HGT Law") as lead counsel.  ECF No. 96.

Anvari filed the Consolidated Complaint for Violation of the Federal Securities Laws on April 3, 2018.  ECF No. 108.  The complaint alleged violations of §§ 5 and 12(a)(1) of the 1933 Act against Defendants DLS, Arthur Breitman, Kathleen Breitman, the Tezos Foundation, Timothy Draper ("Draper"), Draper Associates V Crypto LLC ("Draper Associates") (Draper and Draper Associates collectively, the "Draper Defendants") and Bitcoin Suisse AG ("Bitcoin Suisse"), and § 15 of the 1933 Act against Defendants Arthur Breitman, Kathleen Breitman,  and the Draper Defendants.  Anvari asserted that Defendants offered and sold Tezos tokens without filing a registration statement with the United States Securities and Exchange Commission ("SEC") in violation of the 1933 Act.

Following briefing on Defendants' motions to dismiss and oral argument, on August 7, 2018, the Court denied the motion to dismiss as to the claims against the DLS Defendants and the Tezos Foundation, but granted the motion to dismiss filed by Bitcoin Suisse and the Draper Defendants.  ECF No. 148.  The Court granted Anvari leave to amend with respect to the Draper Defendants, but dismissed the claims against Bitcoin Suisse with prejudice.  *Id.*  Anvari elected not to amend the complaint, and the Draper Defendants were dismissed from the Federal Litigation with prejudice on August 31, 2018.  ECF No. 163.

The parties thereafter engaged in document and deposition discovery.

On December 14, 2018, the parties engaged in an in-person mediation before Professor Eric D. Green.  The mediation was preceded by submission of mediation statements and exhibits by each party.  Settlement discussions were unsuccessful.

On January 9, 2019, named plaintiffs Artiom Frunze ("Frunze") and Pumaro LLC ("Pumaro") moved to certify a class, to appoint Frunze and Pumaro as the class representatives, and to appoint LTL and HGT Law as class counsel.  ECF No. 187-3.  Plaintiffs' motion sought to certify the following class:

> All persons and entities who, directly or indirectly, contributed Bitcoin or Ethereum to the Tezos Initial Coin Offering conducted in July 2017.  Excluded from the Class are Defendants, and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendant.

*Id*.

On January 25, 2019, Anvari moved to withdraw and substitute named plaintiff Frunze as lead plaintiff.  ECF No. 196.  Trigon filed a competing motion to appoint itself as lead plaintiff on January 30, 2019.  ECF No. 198.  On April 8, 2019, the Court granted Anvari's motion to withdraw as lead plaintiff, granted Trigon's motion to substitute as lead plaintiff, denied the pending class certification motion with leave to amend, and appointed Block & Leviton LLP and HGT Law as co-lead counsel.  ECF No. 213.

Document and deposition discovery continued throughout 2019.

On November 22, 2019, the parties—including counsel for the Federal Plaintiffs, counsel for the State Plaintiff, and counsel for the Defendants—engaged in another in-person mediation conference before the Honorable Layn Phillips (Ret.) of Phillips ADR Enterprises, P.C.  The parties submitted and exchanged both opening mediation statements and reply statements, along with supporting exhibits.  The parties also conducted pre-mediation teleconferences with representatives of Phillips ADR Enterprises, P.C.  The parties then engaged in arm's-length negotiations during the mediation session.  At the end of the conference, Judge Phillips facilitated a settlement between the parties that was documented in a binding term sheet.  Thereafter, all

parties reached an agreement-in-principle to resolve the Litigations on the terms set forth herein, subject to approval by the Court.

Federal Lead Plaintiff and its counsel recognize and acknowledge the expense and time it would take to prosecute the Federal Litigation against Defendants through trial and through any subsequent appeals.  Likewise, Federal Lead Plaintiff and its counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Federal Litigation, as well as the difficulties and delays inherent in such litigation.  Accordingly, Federal Lead Plaintiff and its counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon Settlement Class Members and is in the best interests of Settlement Class Members under all the circumstances.

## II.    THE STATE PLAINTIFF'S CLAIMS

On October 25, 2017, plaintiff Andrew Baker ("Baker") filed the first class action complaint asserting securities laws violations in connection with what Plaintiffs describe as the Tezos blockchain "Initial Coin Offering" and what Defendants describe as a fundraiser, in the Superior Court of California, County of San Francisco (the "State Litigation" or the "Baker Action").  The State Litigation alleged that the DLS Defendants, the Tezos Foundation, Johann Gevers and Strange Brew Strategies had violated §§ 5(a), 5(c), 17(a)(1), 17(a)(2), and 17(a)(3) of the 1933 Act related to the sale of unregistered securities.  Shortly thereafter, nearly identical class actions were filed in U.S. District Court for the Northern District of California.[1]  On November

---

[1]    *See GGCC, LLC v. Dynamic Ledger Sols., Inc.*, Case No. 3:17-cv-06779, United States District Court, Northern District of California (filed November 26, 2017) ("*GGCC*"); *Okusko v. Dynamic Ledger Sols., Inc.*, Case No. 3:17-cv-06829, United States District Court, Northern District of California (filed November 28, 2017) ("*Okusko*"); and *MacDonald v. Dynamic Ledger Sols., Inc.*, Case No. 3:17-cv-7095, United States District Court, Northern District of California (filed December 13, 2017) ("*MacDonald*").  All three of the federal lawsuits, including the *MacDonald*

29, 2017, Defendants removed the State Litigation to this Court.  Baker moved to remand the case to California state court.  On February 1, 2018, the Court stayed the Baker Action pending the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund, et al.*, No. 15-1439 (*Baker v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 17-cv-6850, Dkt. No. 18), which presented the question of whether state courts had concurrent jurisdiction over certain class actions filed under the 1933 Act.

On March 20, 2018, the Supreme Court issued its opinion in *Cyan Inc. v. Beaver County Employees Retirement Fund*, No. 15-1439, and the Court thereafter remanded the Baker Action on April 19, 2018.

On June 22, 2018, Baker filed his First Amended Complaint ("FAC") in the State Litigation, alleging that beginning in July 2017, the DLS Defendants, the Tezos Foundation, Johann Gevers, the Draper Defendants, Strange Brew Strategies, LLC, and Bitcoin Suisse AG (collectively, "State Court Defendants") engaged in an unregistered public sale of securities.  The FAC alleged two causes of action: (1) violation of §§ 5 and 12(a)(1) of the Securities Act against all State Court Defendants; and (2) violation of § 15 of the Securities Act against the DLS Defendants, the Draper Defendants and Johann Gevers (the "Control Person Defendants").

On May 16, 2019, following document productions by DLS, Baker filed his Second Amended Complaint ("SAC") against the Tezos Foundation, Johann Gevers, the Draper Dfeendants and Bitcoin Suisse AG.  Baker did not assert any claims in the SAC against Strange Brew Strategies, LLC.  The SAC asserted the same two causes of action as the FAC, but added additional factual allegations based on document discovery obtained from DLS.  On June 10, 2019,

---

Action, were related to each other, were assigned to the Honorable Richard Seeborg, and were eventually consolidated as the Federal Litigation.

the DLS and Draper Defendants filed demurrers to Plaintiff's SAC.  On July 24, 2019, the Tezos Foundation and Johann Gevers filed motions to quash service of summons.

During 2019, the DLS Defendants continued to provide additional documentary discovery to the State Plaintiff.

On August 27, 2019, the State Court denied the DLS Defendants' demurrer, sustaining Baker's §12(a)(2) and related §15 "control person" liability claims as to the DLS Defendants.  On August 28, 2019, the State Court granted the Tezos Foundation's motion to quash service of summons and the Draper Defendants' demurrer.  With respect to the Draper Defendants' demurrer, Baker was granted leave to amend, and on September 17, 2019, he filed his Third Amended Complaint ("TAC") as to the Draper Defendants.  Baker filed a Motion for Reconsideration of the Order granting the Tezos Foundation's motion to quash on September 9, 2019.  On September 24, 2019, the State Court also granted Gevers' motion to quash service of summons.  On October 9, 2019 the Draper Defendants demurred to the TAC.

As noted above, on November 22, 2019, the State Plaintiff participated in the mediation conference before Judge Phillips.  This mediation led to the parties' agreement-in-principle to resolve both Litigations, subject to approval by the Court.

State Plaintiff Baker and his counsel recognize and acknowledge the expense and time it would take to prosecute the State Litigation against Defendants through trial and through any subsequent appeals.  Likewise, the State Plaintiff and his counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the State Litigation, as well as the difficulties and delays inherent in such litigation.  Accordingly, the State Plaintiff and his counsel believe that the settlement set forth in this Stipulation confers substantial

benefits upon Settlement Class Members and is in the best interests of Settlement Class Members under all the circumstances.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of the law.   Specifically, Defendants have denied, and continue to deny, each and every one of the claims and contentions alleged by the plaintiffs in the Litigations.  Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigations.  Defendants further have denied, and continue to deny, that Federal Plaintiffs and State Plaintiff suffered any damages or were harmed by the conduct alleged in the Litigation.  Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law. Nonetheless, Defendants have concluded that further defense of the Litigations in two separate forums could be protracted and expensive.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Litigations.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigations be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

As set forth below, neither the settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Federal Plaintiffs (for themselves and the Settlement Class Members), the State Plaintiff (for himself and the Settlement Class Members), and Defendants, by and through their respective

counsel or attorneys of record, that, subject to the approval of the Court, the Litigations and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigations shall be dismissed with prejudice, as to all Settling Parties and their Related Parties (as defined below) and the other defendants in the Litigations, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.    Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claims Administrator" means the firm of Epiq Class Action & Claims Solutions, Inc.

1.3     "Court" means the United States District Court for the Northern District of California.

1.4     "Defendants" means the Tezos Foundation, Dynamic Ledger Solutions, Inc. ("DLS"), Arthur Breitman and Kathleen Breitman.

1.5     "Effective Date," or the date upon which this settlement becomes "effective," means the date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.6     "Escrow Account" means the segregated and separate escrow account designated and controlled by the Escrow Agent at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of Settlement Class Members.

1.7     "Escrow Agent" means The Huntington National Bank or its successor(s).

1.8     "Federal Lead Counsel" means Block & Leviton LLP, 260 Franklin Street, Suite 1860, Boston, Massachusetts 02110, and Hung G. Ta, Esq. PLLC, 250 Park Avenue, 7th Floor, New York, New York 10177.

1.9     "Federal Plaintiffs" means lead plaintiff Trigon Trading Pty. Ltd. and plaintiffs Pumaro LLC, Artiom Frunze, Hayden Hsiung, and Gijs Matser.

1.10    "Federal Litigation" means the action captioned *In re Tezos Securities Litigation*, Case No. 3:17-cv-06779-RS.

1.11    "Final" means, with respect to any order or judgment of court, including, without limitation, the Court's Judgment and the State Court's order of dismissal, that such order or judgment represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when the last of the following has occurred: (a) the expiration of the time to file a motion to reconsider, alter or amend the judgment or order without any such motion having been filed; (b) the time in which to appeal the judgment or order has passed without any appeal having been taken; and (c) if a motion to reconsider, alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and

expenses, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.12    "Foundation" or "Tezos Foundation" means Tezos Stiftung, a Swiss foundation.

1.13    "Judgment" means the Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, and the dismissal with prejudice of the State Litigation.

1.14    "Litigations" means, collectively, the Federal Litigation (defined above) and the State Litigation (defined below).

1.15    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.16    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.17    "Notice and Administration Expenses" means reasonable costs and expenses incurred in connection with providing notice to Settlement Class Members, locating Settlement Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.18    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and including any of their heirs, successors, representatives, or assigns.

10

1.19    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation, and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.  If the Plan of Allocation provides for different payment to Class Members who have not claimed or accessed their tokens, the parties agree to work together to submit an appropriate modification to the proposed Judgment to provide that any such Class Members who submit claims and are deemed Authorized Claimants shall be barred from later claiming their tokens and, if they nonetheless do so, shall be subject to the jurisdiction of the courts of California (for U.S. residents) or to the courts of Switzerland (for non-U.S. residents) to resolve any dispute relating thereto.

1.20    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice as approved by the Court, substantially in the form attached hereto as Exhibit A.

1.21    "Proof of Claim and Release" means a Proof of Claim and Release, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.22    "Related Parties" means, as applicable, each and all of a person or entity's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each and all of their respective present and former employees, contractors, members, partners, principals, agents, founders, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators,

agents, representatives, and assigns, in their capacity as such, and any entity in which a person or entity has a controlling interest.

1.23    "Released Claims" means any and all claims, demands, rights, causes of action, and liabilities of every nature and description (including Unknown Claims as defined herein), whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, heretofore or previously existed, or may hereafter exist, including, but not limited to, any claims arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class asserted in the Consolidated Complaint for Violations of the Federal Securities Laws filed in the Federal Action on April 3, 2018, as amended, or the Second Amended Complaint filed in the State Action, on May 16, 2019, or could have asserted in either the Federal Action or the State Action or could in the future assert in any forum that concern, arise out of, refer to, are based upon, or are related in any manner to the allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in any of the Litigations. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the settlement, nor does this release cover, include, or release any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action.

1.24    "Released Defendants" means each and all of the Defendants and each of their Related Parties, as well as Johann Gevers, Timothy Draper, Draper Associates, and Bitcoin Suisse.

1.25    "Releasing Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common

or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the Litigations or the Released Claims against the Defendants.  Notwithstanding the foregoing, "Releasing Defendants' Claims" does not include claims relating to the enforcement of the settlement.

1.26   "Releasing Plaintiffs and Settlement Class Members" means Federal Plaintiffs, State Plaintiff, each Settlement Class Member, and to the fullest extent permissible under law, each of their Related Parties.

1.27   "Settlement Amount" means Twenty-Five Million Dollars (USD 25,000,000.00) in cash to be paid by the Tezos Foundation to the Escrow Agent by wire transfer, check, or as otherwise agreed pursuant to ¶2.1 of this Stipulation.  This Settlement Amount shall be paid by the Tezos Foundation within twenty-one (21) days after the execution of this Stipulation by all parties hereto.

1.28   "Settlement Class" means all persons and entities who, directly or through an intermediary, contributed bitcoin and/or ether to what Plaintiffs describe as the Tezos blockchain "Initial Coin Offering" and what Defendants describe as a fundraiser conducted between July 1, 2017 and July 13, 2017, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of Arthur Breitman, Kathleen Breitman, Johann Gevers, or Timothy Draper; (iii) any person who was an officer or director of the Foundation, DLS, Draper Associates, or Bitcoin Suisse during the Fundraiser and any members of their immediate families; (iv) any parent, subsidiary, or affiliate of the Foundation, DLS, Draper Associates, or Bitcoin Suisse; (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity had a controlling interest during the Fundraiser; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded

persons or entities. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion.

1.29    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth above.

1.30    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.31    "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate and should be approved.

1.32    "Settling Parties" means, collectively, Plaintiffs, all other Settlement Class Members, and Defendants.

1.33    "State Court" means the Superior Court of the State of California, County of San Francisco.

1.34    "State Lead Counsel" means Taylor-Copeland Law, LLP, 501 West Broadway, Suite 800, San Diego, CA 92101, and Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.35    "State Plaintiff" means plaintiff Andrew Baker.

1.36    "State Litigation" means the coordinated action captioned *Tezos ICO Cases*, Case No. CJC-18-004978, pending in State Court.

1.37    "Summary Notice" means the Summary Notice for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.38    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

14

1.39   "Unknown Claims" means (i) any Released Claims that Releasing Plaintiffs and Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Defendants, or might have affected his, her or its decision not to object to this settlement or seek exclusion from this settlement, and (ii) any Releasing Defendants' Claims that Defendants do not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Plaintiffs and Settlement Class Members.   With respect to any and all Released Claims and Releasing Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Federal Lead Plaintiff and State Plaintiff shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542 and any law of the United States, or any state or territory thereof, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Releasing Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Federal Lead Plaintiff and State Plaintiff shall fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not

concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Federal Lead Plaintiff and State Plaintiff acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

     **2.**     **The Settlement**

     (a)     The Settlement Amount

     2.1     Within twenty-one (21) days of the execution of this Stipulation, the Tezos Foundation will pay or cause to be paid the Settlement Amount on behalf of Defendants in accordance with the instructions to be provided by the Escrow Agent.  No individual or entity other than the Tezos Foundation shall be responsible for paying or causing to be paid the Settlement Amount.  The Settlement Amount may be paid by wire transfer, by delivering to the Escrow Agent a check or checks payable to the Settlement Fund, by any combination of those methods, or in any other manner agreed upon by Federal Lead Plaintiff and State Plaintiff and the Foundation.  Within one (1) business day of execution of this Stipulation, the Escrow Agent will furnish to the Tezos Foundation adequate payment instructions consisting of wire transfer instructions, instructions for payment by check, and a completed IRS Form W-9 for the Settlement Fund, including an address and tax ID number.

     2.2     If the entire Settlement Amount is not timely paid to the Escrow Agent, Federal Lead Plaintiff and State Plaintiff may terminate the settlement but only if (a) Federal and State Lead Counsel have notified Defendants' counsel in writing of Federal and State Lead Counsel's

Case 3:17-cv-06779-RS   Document 246-1   Filed 03/20/20   Page 17 of 43

intention to terminate the settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) calendar days after Federal and State Lead Counsel have provided such written notice.  Failure by the Escrow Agent or Federal and State Lead Counsel to timely furnish adequate payment instructions to the Tezos Foundation pursuant to ¶2.1 shall not be a basis for termination under this section and any delay in providing such instructions shall extend the period in which the Settlement Amount will be paid under ¶2.1 by an equivalent number of days.

2.3     The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated Escrow Account maintained by the Escrow Agent.

2.4     Other than the obligation of the Tezos Foundation to cause the payment of the Settlement Amount pursuant to ¶2.1, the Released Defendants shall have no obligation to make any other payments into the Escrow Account or to any Releasing Plaintiffs and Settlement Class Members or to Federal or State Lead Counsel pursuant to this Stipulation.

(b)     The Escrow Agent

2.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for all Defendants, and the Escrow Agent shall copy one of the two State Lead Counsel firms on all such instructions to disburse any portion of the Settlement Fund.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation and shall copy one of the two State Lead Counsel firms on all such transactions.  The Released Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent in its capacity as such.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.9     Upon the occurrence of the Effective Date, no Defendant, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Proof of Claim and Release forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶8.8 below.

2.10    Prior to the Effective Date and without further order of the Court, up to $250,000 of the Settlement Fund may be used by Federal and State Lead Counsel to pay reasonable Notice and Administration Expenses actually incurred.  After the Effective Date, Federal and State Lead

Counsel may pay all further actual and reasonable Notice and Administration Expenses from the Settlement Fund, without further order of the Court.

2.11    Dissemination of the Notice and Summary Notice to Settlement Class Members in accordance with this Stipulation and as ordered by the Court shall be solely Federal Lead Counsel and State Lead Counsel's responsibility, except that the Tezos Foundation shall provide to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) email addresses in the Foundation's possession collected from the Foundation mailing list (tezos-list@tezos.com) through July 13, 2017 and from the "Know Your Customer" process, in order to assist the Notice Administrator in attempting to provide notice to class members and potential class members. Settlement Class Members shall have no recourse as to the Released Defendants with respect to any claims they may have that arise from any failure of the notice process.  However, the Tezos Foundation agrees to work in good faith to provide the Claims Administrator with information sufficient to allow claims to be verified.   Released Defendants shall be responsible for working with the Notice Administrator to ensure that any notice required under the Class Action Fairness Act (CAFA) is provided in a timely fashion. Any and all costs incurred by the Notice Administrator in providing CAFA notice shall be reimbursed from the Settlement Amount.

(c)    Taxes

2.12    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance

with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.12(a) hereof) shall be consistent with this ¶2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.12(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendants and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by

reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendants nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.12.

> (d)    Termination of Settlement

2.13    In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from counsel for the Tezos Foundation in accordance with ¶8.5 herein.

**3.    Preliminary Approval Order and Settlement Hearing**

3.1    Promptly (and no later than ten (10) business days) after execution of the Stipulation, Federal Lead Plaintiff shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, inter alia, the preliminary approval of the settlement set forth in the Stipulation; certification of the class for purposes of settlement as specified in ¶ 1.28; setting of dates for the mailing of the Notice, claims deadline, opt out date, objection date, and

Settlement Hearing; approval of the Claims Administrator; approval of the Notice; approval of the form and content of the Proof of Claim and Release; and approval of the publication of the Summary Notice, substantially in the forms of Exhibits A-1, A-2, and A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation and the general terms of the Fee and Expense Application, as defined in ¶7.1 hereof, and the date of the Settlement Hearing.

3.2     Any Settlement Class Member who wishes to opt out of the Settlement Class must submit a timely written request for exclusion on or before the opt out date, in the manner specified in the Court's Preliminary Approval Order and Notice.  Group opt-outs, including "mass" or "class" opt outs, are prohibited.  Any Settlement Class Member who does not submit a timely written request for exclusion will be bound by all proceedings, orders and judgments in the Litigations, whether or not he, she, or it timely submits a Proof of Claim and Release.

3.3     Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of this settlement or the award of attorneys' fees and expenses, must do so timely and in the manner specified in the Court's Preliminary Approval Order and Notice.

3.4     If the Court grants preliminary approval, the Settling Parties will jointly move the Court to stay all proceedings and deadlines other than necessary to effectuate the settlement.  If the Court denies preliminary approval of the settlement as set forth herein, the Settling Parties will jointly move the Court to extend the current deadlines.

3.5     Federal Lead Plaintiff shall request that after notice to Class Members is given, the Court hold the Settlement Hearing and approve the settlement of the Litigations as set forth herein. At or after the Settlement Hearing, Federal Lead Counsel and State Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

4.      **Dismissal of State Litigation**

4.1     Within one (1) business day of the Federal Lead Plaintiff's filing of a motion seeking a Preliminary Approval Order, as set forth in ¶3.1, State Plaintiff and State Lead Counsel will file a notice of settlement with the State Court, attaching the Federal Lead Plaintiff's filing, and notifying the State Court that State Plaintiff will file a motion seeking dismissal of the State Litigation with prejudice after the Court enters the Preliminary Approval Order as contemplated by this Stipulation.

4.2     Within three (3) business days of entry of the Preliminary Approval Order, the State Plaintiff and State Lead Counsel will file a motion in the State Court to (a) stay further proceedings in the State Court except as may be necessary or appropriate to facilitate consummation of this settlement pending dismissal, and (b) enter an order dismissing the State Litigation with prejudice contingent upon Final approval of the settlement by the Court.   The Motion will request that dismissal not occur until entry of Judgment in the Federal Litigation, and that the dismissal order become Final upon the Judgment becoming Final.   All parties agree to cooperate regarding any additional steps as may be necessary or appropriate to modify the proposed forms of Notice to include any additional notice information that may be requested or required by the State Court under California Rule of Court 3.770(c).   Federal Plaintiffs, Federal Lead Counsel, and the Tezos Foundation do not, however, submit to the jurisdiction of the State Court.   Any additional incremental costs of notice that may be required by the State Court shall be deemed costs of notice in this action, and shall be payable from the Settlement Fund.

4.3     State Plaintiff and State Lead Counsel will notify the State Court within two (2) business days of entry of Judgment.

4.4     State Plaintiff and State Lead Counsel will notify the State Court within two (2) business days of Judgment becoming Final.

**5.     Mutual Releases**

5.1     The Proof of Claim and Release to be executed by Releasing Plaintiffs and Settlement Class Members shall release all Released Claims against the Released Defendants and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.2     Upon the Effective Date, all Releasing Plaintiffs and Settlement Class Members and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, unconditionally and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Defendants, their Related Parties, and their respective counsel, whether arising under federal, state, common, or foreign law, whether or not such Releasing Plaintiff or Settlement Class Member executes and delivers a Proof of Claim and Release or shares in the Settlement Fund. Upon the Effective Date, the Releasing Plaintiffs and Settlement Class Members will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Defendants, their Related Parties, and their respective counsel.  Releasing Plaintiffs are aware of the California Civil Code §1542 and expressly waive and relinquish any rights or benefits available to them under this statute and any rights or benefits conferred by any law of the United States, or any state or territory thereof, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.

5.3     Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Releasing Defendants' Claims (including Unknown Claims) against Released Plaintiffs and Settlement Class Members, and Federal and State Lead Counsel, whether arising under federal, state, common or foreign law.  Upon the Effective Date, the Defendants will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Releasing Defendants' Claims against any of the Released Plaintiffs and Class Members, and Federal and State Lead Counsel.  Defendants are aware of the California Civil Code §1542 and expressly waive and relinquish any rights or benefits available to them under this statute.

5.4     In exchange for the mutual releases and other consideration set forth herein, including full payment of the Settlement Amount, Federal Plaintiffs and State Plaintiff will dismiss with prejudice all Defendants from the Litigations as set forth herein.

5.5     The Settling Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Settling Parties and the Settlement Class Members to interpret and enforce the terms, conditions, and obligations under this Stipulation.

5.6     Nothing herein shall release or alter the rights, if any, under the terms of any bylaws or other written agreements: (i) between the DLS Defendants, on the one hand, and the Tezos Foundation, on the other hand, (ii) between the Draper Defendants, on the one hand, and the Tezos Foundation, on the other hand, or (iii) between or among any Related Parties.

**6.      Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

6.1      The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2      The Court shall have and retain exclusive jurisdiction over the Settlement Fund, which shall be applied as follows:

(a)      to pay all Notice and Administration Expenses;

(b)      to pay the Taxes and Tax Expenses described in ¶2.12 hereof;

(c)      to pay attorneys' fees and expenses of Federal Lead Counsel and State Lead Counsel (the "Fee and Expense Award") and any service award to Federal Plaintiffs, if and to the extent allowed by the Court, and any service award and/or reimbursement to State Plaintiff approved by the State Court; and

(d)      after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3      After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.4      Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of

Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.5      Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Federal Lead Counsel and State Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  Federal Lead Counsel and State Lead Counsel shall also have the right, but not the obligation, to advise the Claims Administrator to waive what Federal Lead Counsel and State Lead Counsel deem to be de minimis or formal or technical defects in any Proof of Claim and Release submitted.

6.6      Proofs of Claim and Release that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under such supervision of Federal Lead Counsel and State Lead Counsel, as necessary, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected

has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶6.7 below.

6.7     If any claimant whose timely claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶6.6 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

6.8     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Federal Lead Counsel and State Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in the manner described in the Plan of Allocation.  Thereafter, any balance not economically feasible to otherwise distribute which still remains in the Net Settlement Fund shall be donated to a 501(c)(3) non-profit organization selected by, and unaffiliated with, Federal Lead Counsel and State Lead Counsel, subject to approval by the Court.

6.9     Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Federal Lead Counsel or State Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan

of Allocation; (iv) the determination, administration, or calculation of claims to be paid from the Settlement Fund; or (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith.  No Person shall have any claim of any kind against Defendants or their Related Parties with respect to the matters set forth in ¶¶6.1-6.9 hereof; and the Settlement Class Members, Federal Plaintiffs, State Plaintiff, and Federal and State Lead Counsel release Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

6.10    No Person shall have any claim against Federal Plaintiffs, State Plaintiff, Federal Lead Counsel or State Lead Counsel or the Claims Administrator, or any other Person designated by Federal Lead Counsel and State Lead Counsel, based on determinations or distributions made substantially in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein.

## 7.    Federal and State Lead Counsel's Attorneys' Fees and Expenses

7.1    Federal Lead Counsel and State Lead Counsel may submit an application or applications (the "Fee and Expense Application") to the Court for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges incurred in connection with

prosecuting the Litigations; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

7.2     Any fees and expenses awarded by the Court shall be paid to Federal Lead Counsel and State Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses.

7.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Federal Lead Counsel and State Lead Counsel, including its partners and/or shareholders who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from the Tezos Foundation's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Any refunds required pursuant to ¶7.3 shall be the several obligation of Federal Lead Counsel and State Lead Counsel, including their partners and/or shareholders.

7.4     The procedure for and the allowance or disallowance by the Court of any applications by any plaintiff's counsel for attorneys' fees and expenses, by the Federal Plaintiffs for a service award, or by any State Plaintiff for a service award in the State Court, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court (and/or the State Court, in the case of any application for a service award

to the State Plaintiff) separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation. Any order or proceeding relating to the Fee and Expense Application, or application for service award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigations set forth therein.

7.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Federal Lead Counsel or State Lead Counsel, or any other plaintiff's counsel, or service award to any Federal Plaintiffs or State Plaintiff.

7.6     Defendants are not entitled to any award of fees or expenses from the Settlement Fund.

7.7     Defendants and their Related Parties shall have no responsibility or liability whatsoever for the allocation among Federal Lead Counsel or State Lead Counsel, or any other plaintiff's counsel, and or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigations.  Nor shall Defendants or their Related Parties have any responsibility for the allocation of any Fee and Expense Award that the Court may award to State Lead Counsel, and any allocation of any such award among the various State Lead Counsel shall be at the sole discretion of State Lead Counsel.

## 8.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been deposited into the Escrow Account;

(b) the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d) the Foundation has not exercised its option to terminate the Stipulation pursuant to ¶8.4 hereof;

(e) the Judgment has become Final, as defined in ¶1.13 hereof; and

(f) the State Court has entered an order dismissing the State Litigation with prejudice, and the State Court's order dismissing the State Litigation with prejudice has become Final, as defined in ¶1.13 hereof.

8.2 Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

8.3 If the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶¶8.5-8.7 hereof unless Federal Lead Counsel and State Lead Counsel and counsel for all Defendants mutually agree in writing to proceed with the Stipulation.

8.4 If Persons who would otherwise be Settlement Class Members have timely requested exclusion from this settlement in accordance with the Notice, the Foundation shall have the option to terminate the settlement in the event that Settlement Class Members representing more than 5% of all XTZ tokens allocated in the Tezos genesis block (i.e. 38,000,000 of XTZ tokens) exclude themselves from the Class.

8.5 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for any Defendant or Federal Lead Counsel and State Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest),

less expenses which have either been disbursed pursuant to ¶¶2.10 or 2.12 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.10 or 2.12 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from the Tezos Foundation's counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from the Tezos Foundation's counsel.

8.6     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigations as of November 25, 2019. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.39, 2.10-2.13, 6.9, 7.3, 7.5, 8.5-8.7, 9.7, and 9.9 hereof, shall be null and void, have no further force and effect, and shall not be used in these Litigations or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and shall not be used in the Litigations or in any other proceeding for any purpose. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, or any attorneys' fees, expenses, and interest awarded by the Court to Federal Lead Counsel or State Lead Counsel, or any other plaintiff's counsel, or any order of the Court or State Court concerning the amount of any service award, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

8.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Federal Lead Plaintiff nor State Plaintiff nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.10 or 2.12. In addition, any expenses

already incurred pursuant to ¶¶2.10 or 2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 8.5 hereof.

       8.8     The Tezos Foundation warrants and represents that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and anticipates it will not be as of the time the payments of the Settlement Amount are actually transferred or made as reflected in the Stipulation.  This representation is made by the Tezos Foundation and not by the Foundation's counsel.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Amount to the Settlement Fund, or any portion thereof, by the Foundation to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded, then the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of Defendants, the Settling Parties shall be restored to their litigation positions as of November 25, 2019, and the Settlement Fund shall be promptly returned.

       **9.**     **Miscellaneous Provisions**

       9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

       9.2     The Settling Parties and their respective counsel agree that they will act in good faith, will not engage in any conduct that could frustrate the purpose of this Stipulation or the mutual releases contained therein.

9.3     Defendants and the State Plaintiff agree that they will cooperate in obtaining dismissal of the State Litigation with prejudice pursuant to ¶¶4.1- 4.4.

9.4     In connection with the approval of the settlement by the Court, Defendants will not dispute that, based upon the publicly available information at the time, the action filed was filed in good faith and with an adequate basis in fact, was not frivolous and is being settled voluntarily by the Defendants after consultation with competent legal counsel in an amount and in a fashion that reflects the merits of the claims.

9.5     The determination of the terms and conditions contained herein and the drafting of the provisions of this Stipulation have been by mutual understanding after negotiation, with consideration by, and participation of, the Settling Parties and their counsel.  This Stipulation shall not be construed against any Settling Party on the basis that it was the drafter or participated in the drafting.  Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Stipulation and the Settling Parties agree that the drafting of this Stipulation has been a mutual undertaking.

9.6     The Settling Parties intend this settlement to be a final and complete resolution of all disputes and claims between Releasing Plaintiffs and Settlement Class Members, on the one hand, and Released Defendants, on the other hand, with respect to the Litigations.  The settlement resolves claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that, and the Judgment will contain a finding that, during the course of the Litigations, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and California Code of Civil Procedure §128.7.  The Settling Parties agree that the Settlement Amount and the

other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.7    Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigations of any wrongdoing, fault, or liability of Defendants or their respective Related Parties, or that Federal Lead Plaintiff or State Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss; (b) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Litigations as a class action for any other purpose than the settlement; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

9.8    Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.9    All agreements made and orders entered during the course of the Litigations relating to the confidentiality of information shall survive this Stipulation.

9.10   All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.11    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.12    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein or under the terms of any bylaws or other written agreements between or among some or all Defendants, each party shall bear its own costs and expenses.

9.13    Federal Lead Counsel, on behalf of the Settlement Class, is expressly authorized by the Federal Lead Plaintiff, and State Lead Counsel, on behalf of the State Class, is expressly authorized by the State Plaintiff, to take all appropriate action required or permitted to be taken by the class members they represent pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the class members they represent, which they deem appropriate.

9.14    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.15    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.16    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.17    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation and matters related to the settlement.

9.18    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in these Litigations shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants.

9.19    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated March 16, 2020.


Dated _March 16, 2020_          BLOCK & LEVITON LLP


_____
Jeffrey C. Block
Jacob A. Walker
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockesq.com
jake@blockesq.com

*Court-Appointed Co-Lead Counsel and*
*Counsel to Lead Plaintiff Trigon Trading Pty.*
*Ltd.*


Dated _____          HUNG G. TA, ESQ. PLLC


_____
Hung G. Ta
JooYun Kim
Natalia Williams
Angus Ni
250 Park Avenue, 7th Floor
New York, NY 10177
(646) 453-7288 phone
hta@hgtlaw.com
jooyun@hgtlaw.com
natalia@hgtlaw.com
angus@hgtlaw.com

*Court-Appointed Co-Lead Counsel and*
*Counsel to Pumaro LLC, Artiom Frunze,*
*Hayden Hsiung, and Gijs Matser*

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys, dated March 16, 2020.

Dated _____          BLOCK & LEVITON LLP

                                        _____
                                        Jeffrey C. Block
                                        Jacob A. Walker
                                        260 Franklin Street, Suite 1860
                                        Boston, MA 02110
                                        (617) 398-5600 phone
                                        jeff@blockesq.com
                                        jake@blockesq.com

                                        *Court-Appointed Co-Lead Counsel and
                                        Counsel to Lead Plaintiff Trigon Trading Pty.
                                        Ltd.*

Dated _____          HUNG G. TA, ESQ. PLLC

                                        _____
                                        Hung G. Ta
                                        JooYun Kim
                                        Natalia Williams
                                        Angus Ni
                                        250 Park Avenue, 7th Floor
                                        New York, NY 10177
                                        (646) 453-7288 phone
                                        hta@hgtlaw.com
                                        jooyun@hgtlaw.com
                                        natalia@hgtlaw.com
                                        angus@hgtlaw.com

                                        *Court-Appointed Co-Lead Counsel and
                                        Counsel to Pumaro LLC, Artiom Frunze,
                                        Hayden Hsiung, and Gijs Matser*

Dated  3/16/20

ROBBINS GELLER RUDMAN & DOWD LLP

Luke Olts
Sarah Polychron
Brian Cochran
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058 phone
lolts@rgrdlaw.com
spolychron@rgrdlaw.com
bcochran@rgrdlaw.com

*Counsel to State Court Plaintiff Andrew Baker*

Dated _March 19, 2020_

DAVIS POLK & WARDWELL LLP

Neal A. Potischman
Serge A. Voronov
1600 El Camino Real
Menlo Park, CA 94025
(650) 752-2000
neal.potischman@davispolk.com
serge.voronov@davispolk.com

Edmund Polubinski III
Andrew S. Gehring
450 Lexington Avenue
New York, NY 10017
(212) 450-4000 phone
edmund.polubinski@davispolk.com
andrew.gehring@davispolk.com

GOODWIN PROCTER LLP
Grant P. Fondo
601 Marshall Street
Redwood City, CA 94063
(650) 752-3100 phone
gfondo@goodwinlaw.com

Nicholas A. Reider
Three Embarcadero Center
San Francisco, CA 94111
(415)733-6000 phone
nreider@goodwinlaw.com

Daniel P Roeser
Charles A. Brown
620 Eighth Avenue
New York, NY 10018
(212) 813-8800 phone
droeser@goodwinlaw.com
cbrown@goodwinlaw.com

*Attorneys for Defendant Tezos Stiftung*

Dated 3/16/20

COOLEY LLP

Patrick E. Gibbs
Jessica Valenzuela Santamaria
Davis S. Houska
Jessie A.R. Simpson Lagoy
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000 phone
pgibbs@cooley.com
jvs@cooley.com
dhouska@cooley.com
jsimpsonlagoy@cooley.com

*Attorneys for Defendant Dynamic Ledger Solution*

Dated 3/18/20

BAKER MARQUART LLP

Brian E. Klein
Scott M. Malzahn
Donald R. Pepperman
Teresa L. Huggins
777 S. Figueroa St., Suite 2850
Los Angeles, CA 90017
(424) 652-7800 phone
bklein@bakermarquart.com
smalzahn@bakermarquart.com
dpepperman@bakermarquart.com
thuggins@bakermarquart.com

*Attorneys for Defendants Arthur Breitman, Kathleen Breitman, and Dynamic Ledger Solutions, Inc.*