1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

10    IN RE TEZOS SECURITIES LITIGATION

Case No.  17-cv-06779-RS

11

12    **ORDER PRELIMINARILY**
      **APPROVING SETTLEMENT AND**
13    **PROVIDING FOR NOTICE**

14

15        WHEREAS, a consolidated class action is pending before this Court entitled *In re Tezos*

16    *Securities Litigation*, Case No. 3:17-cv-06779-RS (the "Federal Litigation" or the "Action");

17        WHEREAS, a coordinated action is pending in the Superior Court of the State of

18    California, County of San Francisco, entitled *Tezos ICO Cases*, Case No. CJC-18-004978 (the

19    "State Litigation");

20        WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

21    Procedure 23(e), for an order preliminarily approving the settlement of the Federal Litigation, in

22    accordance with a Stipulation of Settlement dated March 16, 2020 (the "Stipulation"), which,

23    together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed

24    settlement of the Federal Litigation and for dismissal of the Federal Litigation and the State

25    Litigation with prejudice upon the terms and conditions set forth therein; and the Court having

26    read and considered the Stipulation and Exhibits annexed thereto; and

27        WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set

28    forth in the Stipulation.

United States District Court
Northern District of California

1    NOW, THEREFORE, IT IS HEREBY ORDERED:

2        1.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily

3    approves the settlement, as embodied in the Stipulation, because it "appears to be the product of

4    serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly

5    grant preferential treatment to class representatives or segments of the class, and falls within the

6    range of possible approval." *Uschold v. NSMG Shared Services, LLC*, 333 F.R.D. 157 (N.D. Cal.

7    Oct. 8, 2019) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal.

8    2007)).  The Court also certifies the Settlement Class for purposes of judgment on the settlement

9    based on the parties' showing that the Court will likely be able to approve the settlement, subject

10   to further consideration at the Settlement Hearing to be conducted as described below.

11       2.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement

12   Hearing") on **August 27, 2020 at 1:30 p.m.** at the United States District Court for the Northern

13   District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following

14   purposes: (a) to determine whether the proposed settlement on the terms and conditions provided

15   for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be

16   approved by the Court; (b) to determine whether a Judgment substantially in the form attached as

17   Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against

18   Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the

19   settlement is fair and reasonable and should be approved; (d) to determine the amount of fees and

20   expenses that should be awarded to Federal and State Lead Counsel; and (e) to consider any other

21   matters that may properly be brought before the Court in connection with the settlement. Notice of

22   the settlement and the Settlement Hearing ("Notice") shall be given to the Settlement Class

23   Members as set forth in paragraph 4 of this Order.

24       3.    The Court may adjourn the Settlement Hearing without further notice to the

25   Settlement Class, and may approve the proposed settlement with such modifications as the parties

26   may agree to, if appropriate, without further notice to the Settlement Class.

27       4.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for

United States District Court
Northern District of California

United States District Court
Northern District of California

1   purposes of this settlement only, the Action is hereby preliminarily certified as a class action on

2   behalf of: all persons and entities who, directly or through an intermediary, contributed bitcoin

3   and/or ether to what the Defendants describe as a fundraiser and what the Plaintiffs describe as an

4   initial coin offering conducted by the Foundation between July 1, 2017 and July 13, 2017,

5   inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate

6   family of Arthur Breitman, Kathleen Breitman, Johann Gevers, or Timothy Draper; (iii) any

7   person who was an officer or director of the Foundation, Dynamic Ledger Solutions, Inc.

8   ("DLS"), Draper Associates V Crypto LLC ("Draper Associates"), or Bitcoin Suisse AG

9   ("BTCS") during the Fundraiser and any members of their immediate families; (iv) any parent,

10   subsidiary, or affiliate of the Foundation, DLS, Draper Associates, or BTCS; (v) any firm, trust,

11   corporation, or other entity in which any Defendant or any other excluded person or entity had a

12   controlling interest during the Fundraiser; and (vi) the legal representatives, agents, affiliates,

13   heirs, successors-in-interest, or assigns of any such excluded persons or entities.

14       5.      Also excluded from the Settlement Class are those Persons who timely and validly

15   request exclusion from the Settlement Class pursuant to the requirements described below and in

16   the Notice to be sent to Class Members pursuant to this Order.

17       6.      The Court finds, for the purposes of the settlement only, that the prerequisites for a

18   class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

19   satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all

20   members is impracticable; (b) there are questions of law and fact common to the Settlement Class;

21   (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class they seek to

22   represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the

23   interests of the Settlement Class; (e) the questions of law and fact common to members of the

24   Settlement Class predominate over any questions affecting only individual members of the

25   Settlement Class; and (f) a class action is superior to other available methods for the fair and

26   efficient adjudication of the controversy.

27       7.      **Retention of Claims Administrator and Manner of Giving Notice** – Federal and

28

ORDER PRELIMINARILY APPROVING SETTLEMENT
CASE NO. 17-cv-06779-RS

3

State Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed settlement as well as the processing of Claims as more fully set forth below. Notice of the settlement and the Settlement Hearing shall be given by Federal and State Lead Counsel as follows:

    a. Defendant Tezos Stiftung (the "Tezos Foundation" or the "Foundation") shall cooperate in providing or causing to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator), information in the possession of the Foundation that is designed to allow the Notice Administrator to attempt to contact class members and potential class members, including contact information collected in 2017, through the "Know Your Customer" process, or otherwise (the "Email List");

    b. At least 70 days prior to the Settlement Hearing, the Claims Administrator shall send one copy of the Summary Notice and at least one reminder via electronic mail to all email addresses on the Email List (the "Notice Date");

    c. The Claims Administrator shall establish and run a website (the "Settlement Website") which includes relevant documents from the State and Federal Litigation, a copy of the Summary Notice and Notice, a copy of the Claim Form, an electronic version of the Claim Form, contact information for the Claims Administrator, and other relevant information;

    d. Not later than ten business days after the Notice Date, the Claims Administrator shall cause advertisements to begin running on websites associated with Tezos and cryptocurrency generally, including, but not limited to Twitter, Reddit, the Google Display Network, and the Baidu Display Network, and those advertisements shall link to the Settlement Website;

e.  Not later than ten business days after the Notice Date, the Claims Administrator shall cause to be published over a reputable business newswire a press release announcing the details of the settlement and providing a link to the Settlement Website;

f.  Not later than seven calendar days prior to the Settlement Hearing, Federal Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such publication;

g.  The Claims Administrator will treat the Email List and other information provided by the Foundation about actual and potential contributors as confidential information. The Claims Administrator will not disseminate such information unless required by Court order, and will maintain such information in compliance with applicable privacy and data protection laws. To the extent that any personal identifying information is required to be filed with the Court, the parties agree to cooperate and to seek to file such information under seal. Within 90 days after the settlement becomes Final or is terminated, the Claims Administrator will destroy the Email List and related information within 90 days, and will report on its compliance to the Tezos Foundation.

8.  **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Notice, Claim Form, and the Summary Notice attached hereto as Exhibits 1, 2, and 3, respectively; and (b) finds that the electronic distribution of the Summary Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed settlement (including the Releases to be provided thereunder), of Federal and State Lead Counsel's motion for an award of attorneys' fees and expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due,

adequate and sufficient notices to all persons and entities entitled to receive notice of the proposed settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act; the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

9.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Federal and State Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. By submitting a Proof of Claim and Release, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the settlement.

10.     Each Proof of Claim and Release submitted must be signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

11.     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, late Proofs of Claim and Release may be accepted for processing as set forth in paragraph 9 above.

12.     **Exclusion from the Settlement Class** – Any member of the Settlement Class who

United States District Court
Northern District of California

1   wishes to opt out of the Settlement Class must submit a timely written request for exclusion on or

2   before the opt out date and in the manner set forth in the Notice; which shall provide that: (a) any

3   such request for exclusion from the Settlement Class must be mailed or delivered such that it is

4   received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re*

5   *Tezos Securities Litigation*, c/o Epiq, P.O. Box 3770, Portland, OR 97208-3770; and (b) each

6   request for exclusion must state (i) the name, address, email address, and telephone number of the

7   person or entity requesting exclusion, and in the case of entities, the name and telephone number

8   of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the

9   Settlement Class in *In re Tezos Securities Litigation*, No. 3:17-cv-06779-RS; (iii) state the date

10  and amount of Bitcoin or Ethereum contributed to the Tezos Foundation in July 2017, the number

11  of Tezos tokens (*i.e.*, Tezzies or XTZ) allocated to such person or entity in connection with the

12  contribution; as well as the date or dates of any sale or distribution of Tezos tokens (*i.e.*, Tezzies

13  of XTZ); and provide documentary proof of the above; and (iv) be signed by the person or entity

14  requesting exclusion or an authorized representative. A request for exclusion shall not be effective

15  unless it provides all the information required and is received within the time stated above, or is

16  otherwise accepted by the Court.

17      13.     Any person or entity who or which timely and validly requests exclusion in

18  compliance with the terms stated in this Order and is excluded from the Settlement Class shall not

19  be a Settlement Class Member, shall not be bound by the terms of the settlement or any orders or

20  judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

21      14.     Any Settlement Class Member who or which does not timely and validly request

22  exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have

23  waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred

24  from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be

25  bound by the provisions of the Stipulation and settlement and all proceedings, determinations,

26  orders and judgments in the Action, including, but not limited to, the Judgment or Alternative

27  Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable

28

to the Settlement Class; and (d) will be barred from commencing, instituting, prosecuting or continuing to prosecute any of the Released Claims (including Unknown Claims) against any of the Released Defendants, their Related Parties, and their respective counsel as more fully described in the Stipulation and Notice.

15.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Federal and State Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Federal Lead Counsel.

16.     Any Settlement Class Member may appear and show cause why the proposed settlement should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the proposed Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Federal and State Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that person or entity has submitted said objections, papers, and briefs to the Court and served copies of such objection on Federal and State Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|            **Class Counsel**            |          **Defendants' Counsel**          |
|-----------------------------------------|-------------------------------------------|
| Block & Leviton LLP                     | Baker Marquart LLP                        |
| Attn: Jacob A. Walker, Esq.             | Attn: Brian E. Klein                      |
| 260 Franklin Street, Suite 1860         | 777 S. Figueroa Street, Suite 2850        |
| Boston, MA 02110                        | Los Angeles, CA 90017                     |
|                                         |                                           |
|                                         | Davis Polk & Wardwell LLP                 |
|                                         | Attn: Neal A. Potischman                  |
|                                         | 1600 El Camino Real                       |

Menlo Park, CA 94025

17.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reason for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class. The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objections or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.     Any Settlement Class Member who or which does not make their objection in the manner provided herein shall be deemed to have waived their right to object to any aspect of the proposed settlement, the proposed Plan of Allocation, and Federal and State Lead Counsel's motion for an award of attorneys' fees and expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the settlement, the Plan of Allocation or the requested attorneys' fees and expenses, or from otherwise being heard concerning the settlement, the Plan of Allocation or the requested attorneys' fees and expenses in this or any other proceeding.

19.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against any of the Defendants.

20.     As set forth in the Stipulation, State Plaintiff and State Lead Counsel, within three

United States District Court
Northern District of California

(3) business days of entry of the Preliminary Approval Order, will file a motion in the State Court to (a) stay further proceedings in the State Court except as may be necessary or appropriate to facilitate consummation of this settlement pending dismissal, and (b) enter an order dismissing the State Litigation with prejudice contingent upon Final approval of the settlement by the Court.

21.   **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the settlement, as well as in administering the settlement and providing appropriate notice under 28 U.S.C. § 1715, shall be paid as set forth in the Stipulation without further order of the Court.

22.   **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.   **Taxes** – The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings or payment in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.   **Termination of Settlement** – In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigations as of November 25, 2019. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.42, 2.10-2.13, 7.3, 8.5-8.7, 9.7, and 9.9 thereof, shall be null and void, have no further force and effect, and shall not be used in the Litigations or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and shall not be used in the Litigations or in any other proceeding for any purpose.

25.   **Use of this Order** – This proposed settlement would resolve claims which are

United States District Court
Northern District of California

1  contested and shall not be deemed an admission by any Settling Party as to the merits of any claim

2  or defense. Neither this Order, the Term Sheet, the Stipulation (whether or not consummated),

3  including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of

4  allocation that may be approved by the Court), the negotiations leading to the execution of the

5  Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the

6  Term Sheet, the Stipulation and/or approval of the settlement (including any agreements proffered

7  in connection therewith): (a) is or may be deemed to be or may be used as an admission of, or

8  evidence of, the validity of any claim that was or could have been asserted or the deficiency of any

9  defense that has been or could have been asserted in this Action or in any other litigation, or of any

10  liability, negligence, fault, or other wrongdoing of any kind of the Defendants or their respective

11  related Parties, or that Federal Lead Plaintiff or State Plaintiff or any Settlement Class Members

12  have suffered any damages, harm, or loss; (b) is or may be deemed to be or may be used as an

13  admission of, or evidence of, the appropriateness of treating the Litigations as a class action for

14  any other purpose than the settlement; (c) is or may be deemed to be or may be used as an

15  admission of, or evidence of, any fault or omission of any of the Defendants or their respective

16  Related Parties in any civil, criminal, or administrative proceeding in any court, administrative

17  agency, or other tribunal, other than such proceedings as may be necessary to effectuate the

18  provisions of the Stipulation; (d) is or may be deemed to be or may be used as an admission, or

19  evidence, that any of the Plaintiffs' claims are without merit, that any of the Defendants had

20  meritorious defenses, or that recoverable damages would not have exceeded the Settlement

21  Amount, other than such proceedings as may be necessary to effectuate the provisions of the

22  Stipulation; provided, however, that if the Stipulation is approved by the Court, the Settling Parties

23  and the Releasees and their respective counsel may refer to it to effectuate the protections from

24  liability granted thereunder or otherwise to enforce the terms of the settlement.

25         26.    **Supporting Papers** – Federal Lead Counsel shall file and serve the opening papers

26  of the proposed settlement, the Plan of Allocation, and Federal and State Lead Counsel's motion

27  for an award of attorneys' fees and expenses no later than 30 calendar days prior to the Settlement

28

1   Hearing; and reply papers, if any, shall be filed and served no later than 7 calendar days prior to

2   the Settlement Hearing.

3          27.     The Court reserves the right to adjourn the date of the Settlement Hearing without

4   further notice to Settlement Class Members.

5          28.     The Court retains jurisdiction to consider all further applications arising out of or

6   connected with the proposed settlement.

7

8   **IT IS SO ORDERED**.

9

10   Dated:  May 1, 2020

11

12   RICHARD SEEBORG
     United States District Judge

(left margin, rotated) United States District Court
Northern District of California