# EXHIBIT 8

THE RESTIS LAW FIRM, P.C.
William R. Restis (SBN 246823)
402 West Broadway, Suite 1520
San Diego, CA 92101
619.270.8383
william@restislaw.com

Co-Counsel for Plaintiff Pumaro, LLC
and Additional Counsel for the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This document relates to:<br><br>    ALL ACTIONS. | Master File No.  17-cv-06779-RS<br><br>**CLASS ACTION**<br><br>**DECLARATION OF WILLIAM R. RESTIS IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES AND CHARGES**<br><br>**FILED ON BEHALF OF PLAINTIFF PUMARO, LLC**<br><br>Date:          August 27, 2020<br>Time:         1:30 p.m.<br>Courtroom: 3, 17th floor<br>Judge:        Hon. Richard Seeborg |

MASTER FILE NO. 17-CV-06779-RS
DECLARATION OF WILLIAM R. RESTIS

I, William R. Restis, Esq., pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am admitted to practice law before the Northern District of California. I am the founding member of THE RESTIS LAW FIRM, P.C. ("RLF"), counsel of record for Plaintiff Pumaro, LLC ("Pumaro"), and Additional Counsel for the Class. I respectfully submit this declaration in support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

2.     I have personally participated in, overseen, and monitored the prosecution of this Action, and have otherwise been kept informed of developments in this Litigation. Thus, if called upon, I can testify to the matters set forth herein.

3.     My firm has served as co-counsel to plaintiff Pumaro, and as "additional counsel" for Plaintiffs and the Settlement Class throughout the course of this litigation. The background and experience of RLF's professionals are summarized in the firm resume attached hereto as **Exhibit A.**

4.     RLF has prosecuted this litigation solely on a contingent-fee basis, and has been at risk it would not receive any compensation for prosecuting claims on behalf a class of investors in the Tezos ICO. While RLF devoted its time and resources to this matter, it has foregone other legal work for which it would have been compensated.

5.     During the pendency of this litigation, RLF has played an integral role in performing all manner of tasks related to the successful prosecution and settlement of this Action. For example, as counsel for plaintiff GGCC, LLC and other putative class members, RLF investigated the Tezos ICO between July and November 2017, including, *inter alia,* researching the current defendants and the structure of the ICO, their public statements and interviews, blockchain in general, relevant law and remedies, and interviewing potential class members. At this point in time there had been no lawsuits challenging Initial Coin Offerings as offers and sales of securities, as it was a novel legal issue.

6.     After months of investigation, RLF and Lite DePalma Greenberg, LLC ("Lite DePalma") drafted and filed the original complaint in this consolidated Action. *See* No. 17-cv-06779-RS, Dkt No. 1. RLF and Lite DePalma handled service of the original complaint and

published the PSLRA notice. Dkt No 12. Thereafter, RLF and Lite DePalma sought to be appointed as co-lead counsel for lead plaintiff group GGCC, LLC, Pumaro, LLC and Nick Anthony. Dkt No 53.

7. Due to its quality of work product, and familiarity with the underlying facts and legal issues, RLF was invited to jointly prosecute the Action by Co-Lead Counsel for Lead Plaintiff Arman Anvari, and materially assisted the research and drafting of the Consolidated Complaint. *See* Dkt No 108, at 41 (RLF as "Additional Counsel for the Class").

8. At the direction and approval of Co-Lead Counsel for the Lead Plaintiffs, RLF materially and directly participated in all aspects of the litigation, as follows:

9. RLF assisted researching and drafting the motion to stay the related state actions. *See* Dkt No. 109. RLF was integral in responding to Defendants' motions to dismiss the Consolidated Complaint (Dkt Nos 117, 119, 123, 126), including drafting certain sections of the oppositions, conducting related research and memoranda, and assisting Co-Lead Counsel in preparation for oral argument. *See* Dkt Nos 133, 134, 135. During this time RLF was also busy preparing research, outlines and arguments for class certification to ensure that class certification issues were understood and contextualized in the context of the motions to dismiss. The denial of defendants' motions to dismiss were integral to the success of this Action, and made groundbreaking law on the application of the federal securities laws to ICOs. *See* Dkt No. 148.

10. During the briefing of, and following the denial of defendants' motions to dismiss, RLF prepared a class certification litigation plan, including proposed discovery. RLF was integral in researching and drafting the motion for class certification. *See* Dkt No 193.

11. RLF also materially assisted with discovery, including drafting and responding to written discovery, document production and review, protective orders, and preparation for and attendance at depositions, including acting as first chair defending defendants' deposition of Pumaro. This was critical as Plaintiffs sought to appoint Pumaro as a class representative in Plaintiffs' motion for class certification. *See* Dkt No 193.

MASTER FILE NO. 17-CV-06779-RS
DECLARATION OF WILLIAM R. RESTIS

12.     RLF's expertise in blockchain matters was also integral in identifying testifying and non-testifying experts to develop the factual record and legal theories for presentation on class certification and settlement, including theories and models of damages.

13.     RLF was also materially involved in other aspects of case strategy, including both lead plaintiff motions under the PSLRA, the motion to stay related state actions, a motion to substitute lead plaintiff, as well as presenting issues such as choice of law, updates on SEC enforcement actions and legal theories, damages, and contract terms for eventual summary judgment, as well as research and preparation of "Letters of Request" to obtain documents from Swiss witnesses under the Hague Convention.

14.     RLF was also integral in preparing for the first mediation of this Action before Professor Eric Green. RLF assisted mediator selection, drafted material portions of the mediation brief, prepared Plaintiffs' damages model and proposed settlement structure(s), and prepared for and attended the mediation in San Francisco.

15.     After the Court appointed Trigon Trading Party, Ltd. as Lead Plaintiff, and created a new lead counsel structure, RLF took a more subdued role in the litigation to preserve party resources and ensure billing reasonableness. However, RLF provided input at the request and approval of Co-Lead Counsel on matters such as the current proposed settlement.

16.     Provided below is RLF's total hours and lodestar, computed at current rates, from July 26, 2017 through July 23, 2020. The total number of hours spent by RLF during this time period was 868.3 hours with a corresponding lodestar of $638,072.  This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by RLF. The lodestar amounts reflected below are for work assigned and approved by Co-Lead Counsel, and has been performed by professional staff at RLF for the benefit of Plaintiffs and the Settlement Class. The hourly rates for myself and support staff are RLF's regular hourly rates, which are based on comparable rates charged by firms in the field of securities litigation and approved by courts in connection with contingency fee applications by plaintiffs' counsel in similar securities litigation matters.

MASTER FILE NO. 17-CV-06779-RS
DECLARATION OF WILLIAM R. RESTIS

17. Attorneys and Professional Support Staff at my firm billed the following aggregate hours to this matter as of the date of filing, with fees applied at the firms current billing rates:

| Timekeeper | Type | Hours | Hourly Rate | Total |
|---|---|---|---|---|
| William R. Restis, Esq. | P | 844.6 | $750 | $633,450 |
| Anne Donovan | PL | 23.7 | $195 | $4,622 |
| Total | | | | $638,072 |

P = Partner; PL = Paralegal

18. Attached hereto as **Exhibit B** is RLF's total hours and lodestar broken out by task category. I believe that all of the time reflected in these charts was reasonable and necessary to achieve the successful result in this case.[1]

19. RLF has expended a total of $2,872.83 in unreimbursed costs and expenses in connection with the prosecution of this Action. A summary of these costs and expenses are set forth below. They were incurred by RLF on behalf of Plaintiffs on a contingent basis, and have not been reimbursed. These expenses are reflected in the books and records of RLF. These books and records are prepared from receipts, check records and other source materials, and represent an accurate record of the expenses incurred:

| Category | Expense |
|---|---|
| Expert Witnesses | $0 |
| Travel (Flights, Lodging, Meals) | $1,591.71 |
| Document Review Software | $0 |
| Legal Research | $334.52 |

---

[1] RLF has not included detailed time records because they contain attorney work product. However, they are available at the Court's request for an *in camera* review.

MASTER FILE NO. 17-CV-06779-RS
DECLARATION OF WILLIAM R. RESTIS

| | |
|---|---:|
| Mediation Fees | $0 |
| Court Reporters / Depositions | $0 |
| Printing | $256.6 |
| Filing Fees, PSLRA Notice and Process Servers | $600 |
| Shipping & Postage | $90 |
| **Total Expenses** | **$2,872.83** |

20. I have reviewed the time and expenses reported by RLF in this Action which are included in this declaration and exhibits, and I affirm they are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. Executed on the 24th of July, 2020 at San Diego, California.

By: /s/ William R. Restis

William R. Restis, Esq.

# RESTIS DECLARATION

# EXHIBIT A



# William R. Restis

**EDUCATION**

- *U. San Diego School of Law*, J.D., 2006

- *James Madison College*, Michigan State University, B.A. 2002 (*Dean's List*)

**BAR ADMISSIONS**

- California 2006

**COURT ADMISSIONS**

- Southern District of California
- Northern District of California
- Central District of California
- Eastern District of California
- Ninth Circuit Court of Appeals
- California Fourth District Court of Appeals
- California Supreme Court

Since 2006, William has been litigating complex, multi-district, and multi-party class actions. He has recovered over two hundred-seventy million dollars for class members and clients, and changed the law to help protect them.

He founded The Restis Law Firm, P.C. in late 2016. Prior to founding RLF, William represented investors and consumers at San Diego's oldest class action law firm, Finkelstein & Krinsk LLP.

In addition to class actions, William also practices other forms of complex litigation. This includes corporate governance and derivative claims, and representing whistleblowers before the Department of Justice and Securities and Exchange Commission.

William also served as general counsel for two technology start-ups, and is a longtime board member of a highly successful non-profit.

William is currently Lead Counsel or co-counsel to Lead Counsel in the following cases:

- *In re Tezos Securities Litigation,* No. 3:17-cv-06779-RS (N.D. Cal.) (class action challenging whether "Initial Coin Offering" of cryptocurrency was an illegal offer and sale of securities in violation of the Securities Act of 1933) (Co-Counsel to Court appointed Lead Counsel)

- *Hunichen v. Atonomi LLC et al*, No. 2:19-cv-00615-RAJ-MAT (W.D. Wash) (class action challenging whether "Initial Coin Offering" of cryptocurrency was an illegal offer and sale of securities in violation of Washington Securities Act) (Co-Lead Counsel)

- *Kusada et al v. Jailin Niu et al.*, No. 20-2-03299-9 SEA (Wash. Sup. Ct.) (Mass action challenging "Golden Sun" Ponzi scheme. Preliminary injunction and writ of attachment secured on $30m+ of defendants' real property) (Co-Lead Counsel)

+1.619.270.8383  •  restislaw.com  •  402 West Broadway, Suite 1520  •  San Diego, CA 92101

Notable past cases that William was either lead attorney or had significant involvement include:

- *Grevle v. Closets by Design, Inc.*, No. 2:19-cv-03881-JFW-AS (challenging fictitious discounts in violation of false advertising laws) (Lead Counsel)

- *Beck v. PLPCC et al.*, No. 37-2017-00037524-CU-BT-CTL (San Diego Sup. Ct.) (Final approval granted to class settlement redistributing medical marijuana cooperative profits to cooperative members) (Lead Class Counsel)

- *Faasse et al. v. Coinbase, Inc.*, No. 3:18-cv-01382-JD (N.D. Cal.) (challenging Coinbase's ability to keep Bitcoin that was sent from Coinbase users to third parties but was never claimed) (Lead Counsel)

- *Blevins v. Capital Alliance Group,* No. 2:18-cv-364-EAS-KAJ (S.D. Ohio) (won dismissal of TCPA class action within 4 months) (Lead Counsel for Defendant)

- *Northrup v. Capital Alliance Group,* No. 8:18-cv-23-JLS-DFM (C.D. Cal.) (won dismissal of TCPA class action within 8 months) (Lead Counsel for Defendant)

- *Hahn v. Massage Envy Franchising LLC*, No. 3:12-cv-000153 (S.D. Cal.) (nationwide settlement with 75% restitution of class members' lost prepaid massages valued by experts between $179-$225 million). In *Massage Envy*, William won every motion, and established complete liability to the class on *plaintiff's* motion for summary judgment. 2014 WL 5100220 (S.D. Cal. Sept. 25, 2014). In doing so, the Court adopted his proposed extension of California's doctrines on unconscionability, liquidated damages and franchisor liability that have since been relied upon by several courts.

- *Sanai v. BMW of North America,* No. 2:12-cv-06105 (D.N.J.) (nationwide settlement recovering lost warranty and 100% reimbursement of repair costs valued by expert at $12.8 million)

- *Derry v. Jackson Nat'l Insurance Co.*, No. 4:12-cv-1380 (N.D. Cal.) (California settlement recovering $11.2 million in annuity surrender charges, and reducing future surrender charges)

- *Klien v. Walgreen Company et al.*, No. GIC 795254 (S.D. Sup. Ct.) (California class settlement prohibiting pharmacies from using medical information for marketing)

- *Utility Consumers Action Network v. Albertsons, Inc. et al.*, No. GIC830069 (S.D. Sup. Ct.) (California class settlement prohibiting pharmacies from using medical information for marketing)

- *Scherer v. Tiffany and Company, Co.*, 3:11-cv-00532 (S.D. Cal.) (class action settlement providing free Tiffany's merchandise)

- *Austin v. Michaels Stores Inc.*, No. 37-2011-00085906 (S.D. Sup. Ct.) (class action settlement providing free merchandise)

- *Saratoga Advantage Trust v. ICG, Inc. et al.*, No. 2:08-cv-00011 (S.D.W. Va.) ($1.4 million securities class action settlement)



+1.619.270.8383   •   restislaw.com   •   402 West Broadway, Suite 1520   •   San Diego, CA 92101

## Anne Donovan

Anne Donovan is a paralegal who has worked in the legal field since 1995.  She was a co-owner of a legal services company operating in Southern California from 1995 through 2004, running the operations of the company as well as doing field work.  Since 2004 she has worked in the San Diego area performing paralegal and office administrator duties for various law firms working in the fields of securities, class actions, and patent litigation among others.

# RESTIS DECLARATION

# EXHIBIT B

**In re Tezos Securities Litigation**
Time and Billing by Category
July 2017 through July 24, 2020
The Restis Law Firm, P.C.

| Timekeeper | Position | A | B | C | D | E | F | G | H | I | J | Total | Hourly Rate | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| William R. Restis, Esq. | Partner | 185.4 | 2.7 | 126.6 | 52.8 | 118.0 | 152.1 | 25.0 | 80.4 | 97.6 | 4.0 | 844.6 | $ 750 | $ 633,450 |
| Anne Donovan | Paralegal | | | | 9.1 | | | | 13.6 | 1.0 | | 23.7 | $ 195 | $ 4,622 |
| | | | | | | | | | | | | 0.0 | | $ - |
| | | | | | | | | | | | | 0.0 | | $ - |
| | | | | | | | | | | | | 0.0 | | $ - |
| | | | | | | | | | | | | 0.0 | | $ - |
| | | | | | | | | | | | | 0.0 | | $ - |
| | | | | | | | | | | | | 0.0 | | $ - |
| | | | | | | | | | | | | 0.0 | | $ - |
| | | | | | | | | | | | | 0.0 | | $ - |
| | | | | | | | | | | | | 0.0 | | $ - |
| **Grand Total** | | 185.4 | 2.7 | 126.6 | 61.9 | 118.0 | 152.1 | 25.0 | 94.0 | 98.6 | 4.0 | 868.3 | $ 734.85 | $ 638,072 |
| % of Total Hours | | 21.4% | 0.3% | 14.6% | 7.1% | 13.6% | 17.5% | 2.9% | 10.8% | 11.4% | 0.5% | | | |
| Lodestar | | $ 139,050 | $ 2,025 | $ 94,950 | $ 41,375 | $ 88,500 | $ 114,075 | $ 18,750 | $ 62,952 | $ 73,395 | $ 3,000 | $ 638,072 | | |
| % of Lodestar | | 21.8% | 0.3% | 14.9% | 6.5% | 13.9% | 17.9% | 2.9% | 9.9% | 11.5% | 0.5% | | | |

**Category Key**
A = Investigation, Research, Complaints
B = TRO / Preliminary Injunction / Service
C = Leadership / Intervention Motions
D = Case Management, Client Updates
E = Ongoing Research
F = Non-Discovery Motions and Briefing
G = Discovery Negotiations, Disputes, Briefing
H = Discovery / Document Review
I = Settlement Negotiations
J = Settlement Approval, Class Member Comms