Jeffrey C. Block (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockesq.com

*Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS. | Master File No. 17-cv-06779-RS<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JAMES TAYLOR-COPELAND IN SUPPORT OF LEAD COUNSEL'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION**<br><br>**FILED ON BEHALF OF TAYLOR-COPELAND LAW**<br><br>Date: August 27, 2020<br>Time: 1:30 p.m.<br>Courtroom: 3, 17th floor<br>Judge: Hon. Richard Seeborg |

I, James Taylor-Copeland, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I am admitted to practice law before the courts of California and the United States District Court for the Northern District of California. I am the founding partner of the law firm Taylor-Copeland Law ("State Lead Counsel"), counsel of record for State Plaintiff Andrew Baker ("Baker" or "State Plaintiff"). I respectfully submit this declaration in support of Lead Counsel's Motion for Final Approval of Class Action Settlement and Plan of Allocation.

## I. STATE COURT PROCEDURAL HISTORY

2. On October 25, 2017, Plaintiff Baker filed the first complaint alleging that the Tezos ICO constituted an offering of unregistered securities in San Francisco Superior Court.

3. Baker subsequently filed a First Amended Complaint on June 22, 2018, a Second Amended Complaint on May 16, 2019 and a Third Amended Complaint (the "Operative Complaint") on September 17, 2019. The Operative Complaint in the Baker Action alleged that beginning in July 2017, defendants Dynamic Ledger Solutions, Inc. ("DLS"), Tezos Stiftung (the "Tezos Foundation" or the "Foundation"), Kathleen Breitman, Arthur Breitman, Johann Gevers, Timothy Draper, Draper Associates V Crypto LLC, Bitcoin Suisse AG and Does 1-10 (collectively, "Defendants") engaged in the unregistered public sale of securities.

4. Following the filing of the Baker Action, a number of related class actions were filed in the Northern District of California where they were consolidated and assigned to this Court.

5. On November 29, 2017, Defendant DLS removed the Baker Action to federal court where it was also assigned to this Court. Baker sought remand to California state court on grounds that removal was improper under the express provisions of §22(a) of the Securities Act, which states that "[e]xcept as provided in §77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

6. DLS opposed this motion, arguing that the Court should stay the Baker Action pending the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund, et al.*, No. 15-1439, and on February 1, 2018, this Court stayed the Baker Action pending

MASTER FILE NO. 17-CV-06779-RS
DECLARATION OF JAMES TAYLOR-COPELAND                                                                   - 1
4843-1816-0068.v1

the decision in *Cyan*, and gave Baker leave to refile his motion "within twenty-one (21) days of the Supreme Court issuing its opinion in *Cyan*."

7. While Baker and this Court awaited that guidance, the Court consolidated all other related actions, but declined to consolidate the Baker Action pending the outcome of *Cyan*.

8. On March 20, 2018, the Supreme Court issued its opinion in Cyan, holding that state courts have subject matter jurisdiction "over class actions alleging violations of only the Securities Act of 1933" and that such class actions may not be removed. *Cyan, Inc. v. Beaver Cty. Employees Ret. Fund*, 138 S. Ct. 1061 (2018). On that same day, Baker renewed his motion to remand, and this Court remanded the Baker Action to state court on April 19, 2018.

9. On April 24, 2018, MacDonald and Trigon Trading Party Ltd. ("Trigon") filed a complaint in San Mateo Superior Court captioned *Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.*, No. 18-CIV-02045 (the "Trigon Action"), where it was assigned to the Honorable Marie S. Weiner. The Complaint in the Trigon Action also alleged Securities Act claims.

10. On June 22, 2018, Baker filed the First Amended Complaint in the Baker Action.

11. On that same day, Defendant DLS filed a motion to stay the Baker Action, which defendants Timothy Draper and Draper Associates V Crypto LLC (the "Draper Defendants") joined. On July 10, 2018, Baker opposed DLS and the Draper Defendants' motion to stay.

12. On July 23, 2018, the Honorable Harold E. Kahn stayed the Baker Action pending resolution of the coordination petition.

13. On August 16, 2018, the Baker Action and the Trigon Action were coordinated in San Francisco Superior Court ("State Action"). In addition, the Court concluded that the State Action was complex and stayed the proceedings pending further direction from the coordination trial judge. On September 7, 2018, the Honorable Mary E. Wiss was appointed as the trial judge for the State Action.

14. On October 22, 2018, the Court partially lifted the stay on the State Action to allow plaintiffs to effect service on any defendants not yet served with the complaint, and on December 19, 2018 the Court further lifted the stay to allow discovery to proceed in the State

Action.

15. On January 18, 2019, DLS and the Draper Defendants filed a renewed motion to stay the State Action, which Baker opposed on February 1, 2019. On March 28, 2019, the court partially granted the stay with regard to the Draper Defendants but denied the stay with regard to DLS.

16. As Defendants refused to accept service of process in the State Action, Plaintiff was forced to expend significant time and resources effecting service on Swiss defendants the Tezos Foundation, Bitcoin Suisse AG, and Johann Gevers, which were served under the Hague Convention on May 14, 2019.

17. On January 24, 2019, after spending months attempting to serve Arthur and Kathleen Breitman at various locations throughout the United States, Baker filed a motion for leave to serve the Breitmans via publication. On March 28, 2019, the court denied Baker's motion without prejudice. Baker continued to attempt service on the Breitmans, and on April 4, 2019 successfully served Arthur Breitman, but was unable to locate Kathleen Breitman despite numerous attempts. On May 23, 2019, Baker renewed the motion for leave to serve the summons and complaint upon Kathleen Breitman via publication. On July 8, 2019, the court granted Baker's motion.

18. On January 25, 2019, Lead Plaintiff in the Federal Action moved to withdraw, and Trigon subsequently sought appointment as Lead Plaintiff in the Federal Action. On April 8, 2019, this Court appointed Trigon as the new Lead Plaintiff in the Federal Action  Trigon subsequently moved to dismiss its claims in the State Action, and on June 26, 2019, Judge Wiss dismissed Trigon's claims without prejudice, leaving Baker as the sole Plaintiff proceeding in state court.

19. On March 28, 2019, Judge Wiss fully lifted the stay in the State Action, and urged the parties to coordinate with counsel in the Federal Action regarding joint participation in discovery.

20. On May 16, 2019, Baker filed the Second Amended Complaint ("SAC"). The SAC supplemented allegations based on Baker's extensive review of thousands of documents produced by DLS.

21. On June 10, 2019, the DLS Defendants filed both a demurrer to the SAC and a renewed motion to stay the State Action. The Draper Defendants also filed demurrers to the SAC on June 10, 2019. Baker opposed the demurrers on August 5, 2019, and opposed the renewed motion to stay on August 14, 2019.

22. On July 24, 2019, the Tezos Foundation and Johann Gevers filed motions to quash service of summons. Baker opposed the Tezos Foundation's motion to quash service on August 14, 2019 and opposed Gevers' motion to quash on September 11, 2019.

23. On August 20, 2019, the parties filed a Proposed Amended Stipulated Protective Order, which was entered on September 19, 2019.

24. On August 28, 2019, the Court denied the DLS Defendants' demurrer, sustained the Draper Defendants' demurrers, and granted Baker leave to amend the complaint as to the Draper Defendants. The Court also denied the DLS Defendants' motion to stay all proceedings pending resolution of the Federal Action and sustained the Tezos Foundation's motion to quash service of summons.

25. On September 9, 2019, Baker filed a motion for reconsideration of the Court's order quashing service of summons as to the Tezos Foundation.

26. On September 17, 2019, Baker filed the Third Amended Complaint ("TAC") based on newly discovered evidence in documents produced by DLS and the Breitmans. On October 9, 2019, the Draper Defendants demurred to the TAC.

27. From December 2018 through October 2019, the parties engaged in a comprehensive fact discovery process.

28. On November 22, 2019, in coordination with the parties in the Federal Action, Baker participated in a full day mediation which led to the settlement and dismissal of both actions with prejudice upon the terms and conditions set forth therein.

1  29. On March 23, 2020, Baker filed a Notice of Settlement in the State Action.

**II. DISCOVERY**

30. Following the State Court's order lifting the stay on discovery on December 19, 2018, Baker engaged in a comprehensive discovery process, which included, among other things: (1) serving and responding to multiple document requests, interrogatories and requests for admissions; (2) reviewing and analyzing more than 29,000 pages of documents received from Defendants and non-parties, as well as an additional set of core documents produced by Defendants in connection with the second mediation; (3) negotiating a Stipulated Protective Order and subsequent amendments; (4) engaging in multiple meet and confer conferences with Defendants to discuss the scope of discovery and various document production and technical issues, including, but not limited to, the preservation and production of certain cellular data and messages; and (5) serving PMQ deposition notices and preparing to depose Defendants.

31. Had litigation continued, Baker faced significant challenges and increased expenses relating to discovery, particularly because the Tezos Foundation, the entity that maintained custody of investors' investments in the Tezos ICO, is based in Switzerland, and the Breitmans also reside in Europe. Preparing this case for trial would thus have required Baker to conduct substantial discovery at great expense and under foreign procedures. Indeed, throughout the discovery process, the Tezos Foundation consistently objected to discovery requests on the basis that it was based in Switzerland, and that Swiss, European, and other non-U.S. laws related to personal data and privacy barred it from producing discovery.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 28th day of July 2020, at San Diego, California.

By: _____
James Taylor-Copeland
**Taylor-Copeland Law**
501 W. Broadway, Suite 800
San Diego, CA 92101
(619) 734-8770 phone
james@taylorcopelandlaw.com
*State Lead Counsel and Counsel to State Plaintiff Andrew Baker*