| | |
|---|---|
| Jeffrey C. Block (*pro hac vice*) <br> Jacob A. Walker (SBN 271217) <br> **BLOCK & LEVITON LLP** <br> 260 Franklin Street, Suite 1860 <br> Boston, MA 02110 <br> (617) 398-5600 phone <br> jeff@blockesq.com <br> jake@blockesq.com <br> joel@blockesq.com | Hung G. Ta (SBN 331458) <br> JooYun Kim (*pro hac vice*) <br> **HUNG G. TA, ESQ. PLLC** <br> 250 Park Avenue, 7th Floor <br> New York, NY 10017 <br> (646) 453-7288 phone <br> hta@hgtlaw.com <br> jooyun@hgtlaw.com |
| *Co-Lead Counsel* | *Co-Lead Counsel* |

[Additional counsel listed on signature block]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION <br><br> This document relates to: <br><br> ALL ACTIONS | Master File No. 17-cv-06779-RS <br><br> **CLASS ACTION** <br><br> **REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES AND CHARGES** <br><br> Date:       August 27, 2020 <br> Time:       1:30 p.m. <br> Courtroom: 3, 17th floor <br> Judge:      Hon. Richard Seeborg |

Lead Plaintiff and Lead Counsel respectfully submit this reply memorandum in further support of: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 255, the "Final Approval Brief"); and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and Charges (ECF No. 256, the "Fee Brief").[1] This memorandum updates the Court on the status of the notice program and the Settlement Class' reaction to the Settlement, including the fact that there have been *no* objections to the Settlement, Plan of Allocation, or request for attorneys' fees and litigation expenses, and only ten requests for exclusion from the Settlement Class, representing less than a tenth of one percent of all allocated Tezos tokens.

## I. PRELIMINARY STATEMENT

Pursuant to the Court's May 1, 2020 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 250, the "Preliminary Approval Order"), a total of 118,979 Notice Packets have been e-mailed to 59,490 potential Settlement Class Members. Supplemental Declaration of Nicholas Schmidt (the "Supplemental Schmidt Decl."), ¶ 3 (submitted herewith); Exhibit 1-A to Block Decl. (ECF No. 257-1, the "Initial Schmidt Decl."), ¶¶ 5, 7. The Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees and litigation expenses and charges. *Id*. The Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement, and the last day for filing an objection to the Settlement, the Plan of Allocation, or the request for an award of attorneys' fees and litigation expenses, was August 6, 2020. *Id*.

The exclusion and objection deadlines have now passed. Importantly, not a single Settlement Class Member has objected to the Settlement, the Plan of Allocation, the request for attorneys' fees and litigation expenses, or the awards to Plaintiffs. Supplemental Schmidt Decl. ¶¶ 9-10. Additionally, the Court-approved claims administrator, Epiq Class Action & Claims

---

[1] Unless otherwise indicated, capitalized terms shall have the meaning ascribed to them in the Stipulation of Settlement filed with the Court on March 20, 2020 (ECF No. 246-1, the "Stipulation"), or the Declaration of Jeffrey C. Block in Support of: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and Charges (the "Block Declaration" or "Block Decl.") (ECF No. 257).

Solutions, Inc. ("Epiq"), has received a total of twelve requests for exclusion from potential Settlement Class Members. *Id.* ¶¶ 6-8.[2] The lack of objections and minimal number of requests for exclusion strongly militates in favor of the Court granting the requested relief.

## II. ARGUMENT

### A. The Positive Reaction of the Settlement Class Strongly Supports Approval of the Settlement and Plan of Allocation

The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy. *See In re RAMBUS Inc. Deriv. Litig.*, No. C 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) ("'[T]he reaction of the class to the proffered settlement[,] is perhaps the most significant factor to be weighed in considering its adequacy[.]'") (quoting *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 1990)). Here, the absence of any objections and the small number of requests for exclusion strongly supports a finding that this Settlement enjoys the vast support of the Settlement Class, and that the Settlement is fair, reasonable, and adequate. *See*, *e.g.*, *Giroux v. Essex Prop. Tr., Inc.*, No. 16-cv-01722-HSG, 2019 WL 2106587, at * 5 (N.D. Cal. May 14, 2019) ("The Courts find that the absence of objections and very small number of opt-outs indicate overwhelming support among the Class Members and weigh in favor of approval."); *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (finding, where there were no objections and only sixteen opt-outs, the reaction of the class "strongly supports settlement."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.") (quotation and citation omitted). This Settlement enjoys the support of the Settlement Class as a whole.

In addition, no Settlement Class Member has objected to the proposed Plan of Allocation. Supplemental Schmidt Decl. ¶ 10. This reaction provides strong support for the Plan of Allocation's approval. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at

---

[2] As explained below, two of the twelve requests arrived after the August 6, 2020 deadline.

\*5 (N.D. Cal. June 8, 2017) ("'[T]he fact that there has been no objection to this plan of allocation favors the Court's approval.") (quoting *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at \*11 (C.D. Cal. June 10, 2005)); *In re Quintus Sec. Litig.*, No. C-00-4263 VRW, 2006 WL 3507936, at \*4 (N.D. Cal. Dec. 5, 2006) (approving plan of allocation that was "fully described in notice letters to potential class members and no objections were submitted to the court or raised at the hearing.").

### B. The Positive Reaction of the Settlement Class Strongly Supports Approval of the Request for Attorneys' Fees and Litigation Expenses

The positive reaction of the Settlement Class also supports approval of Lead Counsel's requested attorneys' fees and litigation expenses and charges. Here, the Notice informed the Settlement Class that Lead Counsel would apply to the Court for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Fund and litigation expenses in an amount not to exceed $300,000, which may include an application for the reasonable costs and expenses incurred by Federal Plaintiffs and State Litigation Plaintiff directly related to their representation of the Settlement Class. Block Decl. ¶ 99; Ex. 1-A to the Block Decl.

The absence of any objections to the requested fee, expense, and Plaintiff awards in this action weighs strongly in favor of approval. *See e.g., Acosta v. Frito-Lay, Inc.* No. 15-cv-02128-JSC, 2018 WL 2088278, at \*12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members . . . supports the finding that Plaintiffs' request is reasonable."); *Zynga*, 2016 WL 537946, at \*18 ("the lack of objection by any Class Members" supported the fee requested); *In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at \*3 (N.D. Cal. July 6, 2011) (finding only one objection to fee request to be "a strong, positive response from the class, supporting an upward adjustment of the benchmark [fee award]").

### C. The Parties Recommend the Court Allow Two Late-Received Opt-Out Requests

Finally, under the terms of the Preliminary Approval Order, opt-out requests were required to be *received* by the Claims Administrator by August 6, 2020. ECF No. 251 ¶ 12. Ten opt-out requests were received prior to the deadline. Two requests, both sent from abroad, were postmarked before the deadline but not received until after August 6, 2020 (Gregory Reinbold of France and Gustav Gutoski of Canada). Neither Lead Plaintiffs nor Defendants object to allowing

these two late-received opt-out requests to be excluded from the settlement. They have been included in Exhibit 1 to the [Proposed] Judgment filed herewith.

### III. CONCLUSION

For the reasons set forth herein and in the Final Approval Brief, the Fee Brief, and the Block Declaration, Lead Plaintiff and Lead Counsel respectfully request that the Court: (1) grant final approval of the Settlement and Plan of Allocation as fair, reasonable, and adequate; (2) approve the application for an award of attorneys' fees of one-third of the Settlement Amount ($8,333,333.33), plus $203,017.93 in litigation expenses that were reasonably and necessarily incurred by Plaintiffs' Counsel in prosecuting and resolving this Action; and (3) services awards totaling $37,500 for Federal Plaintiffs and for State Litigation Plaintiff Andrew Baker; and (4) reimbursement of $475 in expenses actually incurred by Lead Plaintiff Trigon Trading Party Ltd.

August 20, 2020                     Respectfully submitted,

/s/ Jeffrey C. Block
Jeffrey C. Block (*pro hac vice*)
Jacob A. Walker (SBN 271217)
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, Massachusetts 02110
(617) 398-5600 phone
joel@blockesq.com
jake@blockesq.com

*Co-Lead Counsel and Counsel to
Lead Plaintiff Trigon Trading Pty. Ltd.*

/s/ Hung G. Ta
Hung G. Ta, (SBN 331458)
JooYun Kim, *pro hac vice*
**Hung G. Ta., Esq. PLLC**
250 Park Avenue, 7th Floor
New York, NY 10177 (646) 453-7288
hta@hgtlaw.com
jooyun@hgtlaw.com

*Co-Lead Counsel and Counsel to
Plaintiffs Pumaro LLC, Artiom Frunze,
Hayden Hsiung, and Gijs Matser*

Danielle Smith (291237)
Reed R. Smith (139304)
**Hagens Berman Sobol Shapiro LLP**
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
**Hagens Berman Sobol Shapiro LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Additional Counsel to*
*Lead Plaintiff Trigon Trading Pty. Ltd.*

Enoch H. Liang
**LTL Attorneys LLP**
601 Gateway Boulevard, Suite 1010
South San Francisco, CA 94080
(650) 422-2130
enoch.liang@ltlattorneys.com

James M. Lee
Caleb H. Liang
**LTL Attorneys LLP**
300 S. Grand Ave., 14th Floor
Los Angeles, CA 90071
(212) 612-8900 phone
james.lee@ltlattorneys.com
caleb.liang@ltlattorneys.com

William R. Restis (SBN 246823)
**The Restis Law Firm, P.C.**
402 West Broadway, Suite 1520
San Diego, CA 92101
(619) 270-8383
william@restislaw.com

| | |
|---|---|
| 1 | Joseph J. DePalma (*pro hac vice*) |
| 2 | Bruce D. Greenberg (*pro hac vice*) |
| | **Lite DePalma Greenberg, LLC** |
| 3 | 570 Broad Street, Suite 1201 |
| | Newark, NJ 07102 |
| 4 | (973) 623-3000 phone |
| | jdepalma@litedepalma.com |
| 5 | bgreenberg@litedepalma.com |

*Additional Counsel to Plaintiffs Pumaro LLC, Artiom Frunze, Hayden Hsiung, and Gijs Matser*