1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

IN RE TEZOS SECURITIES LITIGATION

Case No. 3:17-cv-06779-RS

**[PROPOSED] JUDGMENT**

{00146592.DOCX - v2}

This matter came before the Court on the application for final approval of the Settlement set forth in the Stipulation of Settlement dated March 16, 2020 (the "Stipulation"). Full and adequate notice having been given to the Class as required in the Court's Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated May 1, 2020, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     For the purposes of settlement only, this Court has jurisdiction over the subject matter of the Federal Litigation and over all parties to the Federal Litigation, including all Settlement Class Members.

3.     The Court finds that the distribution of the Notice, Proof of Claim and Release, and Summary Notice complied with the terms of the Stipulation and the Order, and provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rule of Civil Procedure 23; Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act; the United States Constitution (including the Due Process Clause); and any other applicable laws and rules.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Order and finally certifies for purposes of settlement only a settlement class defined as: "all persons and entities who, directly or through an intermediary,

contributed bitcoin and/or ether to what the defendants describe as a fundraiser and what the plaintiffs describe as an initial coin offering conducted by the Foundation between July 1, 2017 and July 13, 2017, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of Arthur Breitman, Kathleen Breitman, Johann Gevers, or Timothy Draper; (iii) any person who was an officer or director of the Foundation, DLS, Draper Associates V Crypto LLC ("Draper Associates"), or Bitcoin Suisse AG ("BTCS") during the Fundraiser and any members of their immediate families; (iv) any parent, subsidiary, or affiliate of the Foundation, DLS, Draper Associates, or BTCS; (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity had a controlling interest during the Fundraiser; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded persons or entities."

5. Also excluded from the Settlement Class are those persons who timely and validly request exclusion (attached as Exhibit 1).

6. In light of the benefits to the Settlement Class Members, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, the risks and costs of continued litigation, and the other reasons set forth in the Stipulation, the Court hereby approves the Settlement set forth in the Stipulation pursuant to Federal Rule of Civil Procedure 23 and finds that:

    (a) the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class Members;

    (b) there was no collusion between or among the parties in reaching the agreement set forth in the Stipulation;

    (c) the Stipulation was the product of informed, arm's-length negotiations

among competent, able counsel and with the assistance of the Honorable Layn Phillips (Ret.) of Phillips ADR Enterprises, P.C.; and

   (d) the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

7. Except as to any individual claim of those persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Federal Litigation and all claims contained therein, including the Released Claims, are dismissed with prejudice as to all Settling Parties and their Related Parties (as defined in the Stipulation). The Settling Parties are to bear their own fees and costs except as otherwise provided in the Stipulation or in any separate order with respect to the application for attorneys' fees or expenses, and notice and administration expenses, pursuant to the Stipulation.

8. The Releases set forth in paragraphs 5.1-5.3 of the Stipulation, together with the definitions contained in paragraph 1.23 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

  a) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Releasing Plaintiffs and Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished,

waived, and discharged each and every Released Claim (including Unknown Claims) against the Released Defendants, their Related Parties, and their respective counsel, and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting Released Claims against any of the Released Defendants, their Related Parties, and their respective counsel.

    b) Without further action by anyone, and subject to paragraph 7 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Releasing Plaintiffs and Settlement Class Members, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Releasing Plaintiffs and Settlement Class Members. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties and their Related Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. As set forth in the Stipulation, State Plaintiff and State Lead Counsel shall notify the State Court within two (2) business days of entry of Judgment.

11. Each Settlement Class Member, whether or not such Settlement Class Member

executes and delivers a Proof of Claim and Release, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12. All persons and entities whose names appear on Exhibit 1 hereto are excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement.

13. This Settlement resolves claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigations, or of any wrongdoing, fault, or liability of the Defendants or their respective Related Parties, or that Federal Lead Plaintiff or State Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss; (b) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Litigations as a class action for any other purpose than the Settlement; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Any Plan of Allocation submitted by Federal or State Lead Counsel or any order

entered regarding an attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Defendants and their Related Parties shall have no responsibility, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Federal Lead Counsel or State Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid from the Settlement Fund; or (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith.  No Person shall have any claim of any kind against Defendants or their Related Parties with respect to the matters set forth in ¶¶6.1-6.9 of the Stipulation; and the Settlement Class Members, Federal Plaintiffs, State Plaintiff, and Federal and State Lead Counsel release Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigations; and (d) the Settling Parties and Settlement Class Members for the purpose of interpreting, construing, enforcing, and administering the terms, conditions, and obligations under the Stipulation of Settlement, and matters relating to the Settlement.

16. The Court finds that during the course of the Litigations, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil

Procedure 11.

17. In the event that the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. Nothing herein shall release or alter the rights, if any, under the terms of any bylaws or other written agreements: (i) between the DLS Defendants, on the one hand, and the Tezos Foundation, on the other hand, (ii) between the Draper Defendants, on the one hand, and the Tezos Foundation, on the other hand, or (iii) between or among any Related Parties.

20. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED:

DATED: _____     _____
                                          The Honorable Richard G. Seeborg
                                          United States District Judge

EXHIBIT 1

- Christof Weber of Austria (21,000 XTZ)
- Sandra & Brad Frisby of United States (6,707.04 XTZ)
- Luigi Bajetti of Italy (10,500 XTZ)
- Byron Berrio Cardona of United States (940.69 XTZ)
- Markus Schneider of Germany (449,994 XTZ)
- Shapeshift AG of United States (114,997.1415 XTZ)
- Lana Langevin of Canada (6,000 XTZ)
- Simone Colzi of Italy (532.99 XTZ)
- Samuel Benketaf of Switzerland (2,094 XTZ)
- Markus Schneider of Great Britain (102,000 XTZ)
- Gregory Reinbold of France (276 XTZ)
- Gustav Gutowski of Canada (6,000 XTZ)