**HUNG G. TA, ESQ. PLLC**
Hung G. Ta (SBN 331458)
JooYun Kim
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7288
hta@hgtlaw.com
jooyun@hgtlaw.com

*Co-Lead Counsel*

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS. | Master File No. 17-cv-06779-RS<br><br>**CLASS ACTION**<br><br>**DECLARATION OF HUNG G. TA IN SUPPORT OF MOTION FOR DISTRIBUTION OF ATTORNEYS' FEES**<br><br>Date:   Oct. 29, 2020<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 3, 17th Floor<br>Judge:   Hon. Richard Seeborg |

I, HUNG G. TA, ESQ., declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the principal and Managing Director of the law firm Hung G. Ta, Esq. PLLC ("HGT Law"), Co-Lead Counsel in this action. I am an active member in good standing of the bar of the State of California, as well as the bar of the State of New York. I submit this declaration in support of HGT Law's Motion for Distribution of Attorneys' Fees. I have direct and personal knowledge of the matters set forth in this declaration, and if called to testify, I could and would testify competently thereto.

## RELEVANT COURT FILINGS IN TEZOS STATE ACTION

2. Attached hereto as Exhibit 1 is a true and correct copy of the First Amended Complaint filed on June 22, 2018 by Plaintiff Andrew Baker in *Baker v. Dynamic Ledger Solutions, Inc., et al.*, Case No. CGC-17-562144 (Super. Ct. Cal. San Francisco County) ("*Baker* Action").

3. Attached hereto as Exhibit 2 is a true and correct copy of the August 16, 2018 Order of the California Superior Court coordinating the *Baker* Action and the action styled *Trigon Trading Pty. Ltd. and Bruce MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 18-CIV-02045 (Super. Ct. Cal. San Mateo County) ("*Trigon* Action," and together with the *Baker* Action, the "State Action"), under Case No. CJC-18-004978.

4. Attached hereto as Exhibit 3 is a true and correct copy of the August 13, 2018 Order of the California Superior Court in the *Trigon* Action.

5. Attached hereto as Exhibit 4 is a true and correct copy of the October 22, 2018 Order of the California Superior Court in the State Action.

6. Attached hereto as Exhibit 5 is a true and correct copy of the Minutes of the December 19, 2018 Case Management Conference held in the State Action.

7. Attached hereto as Exhibit 6 is a true and correct copy of the March 28, 2019 Order of the California Superior Court in the State Action.

8. Attached hereto as Exhibit 7 is a true and correct copy of the Second Amended Complaint filed on May 16, 2019 by Plaintiff Andrew Baker in the State Action (redactions in the filing).

9.     Attached hereto as Exhibit 8 is a true and correct copy of Defendants Arthur Breitman and Dynamic Ledger Solutions, Inc.'s Memorandum of Points and Authorities in Support of Renewed Notice of Motion and Motion to Stay All Proceeding Pending Resolution of Federal Action,[1] filed on June 10, 2019 in the State Action.

10.    Attached hereto as Exhibit 9 is a true and correct copy of Specially Appearing Defendant Tezos Stiftung's Notice of Motion and Motion to Quash Service of Summons; Memorandum of Points and Authorities in Support, filed on July 30, 2019 in the State Action.

11.    Attached hereto as Exhibit 10 is a true and correct copy of the August 28, 2019 Order Granting Specially Appearing Defendant Tezos Stiftung's Motion to Quash Service of Summons, issued by the California Superior Court in the State Action.

12.    Attached hereto as Exhibit 11 is a true and correct copy of Plaintiff's Memorandum of Points and Authorities in Support of Motion for Reconsideration of Order Granting Specially Appearing Defendant Tezos Stiftung's Motion to Quash Service of Summons, filed on September 9, 2019 in the State Action (redactions in the filing).

13.    Attached hereto as Exhibit 12 is a true and correct copy of the Order Granting Specially Appearing Defendant Johann Gevers' Motion to Quash Service of Summons, issued by the California Superior Court on September 24, 2019 in the State Action.

### WORK PERFORMED BY HGT LAW AND THE FIRMS IN THE HGT GROUP

14.    After they were appointed Co-Lead Counsel by this Court, HGT Law and LTL Attorneys ("LTL") worked diligently to prosecute the litigation.

15.    On April 3, 2018, after completing a diligent investigation and research of potential claims, HGT Law and LTL, together with their co-counsel Restis Law Firm, P.C. ("Restis Law") and Lite DePalma Greenberg LLC ("Lite DePalma") (collectively, the "HGT Group"), filed Lead Plaintiff's Consolidated Class Action Complaint against Defendants in connection with the Tezos

---

[1] "Federal Action" refers to the several related purported class actions that were consolidated by this Court under the caption *In re Tezos Securities Litigation*. Dkt. 101.

ICO. Dkt. 108. At all relevant times, HGT Law and LTL assigned specific tasks to Restis Law and Lite DePalma, who provided valuable contributions to the work performed on behalf of the Class.

16. On June 8, 2018, HGT Law and LTL opposed four separate motions to dismiss filed by Defendant Tezos Stiftung ("Tezos Foundation"), Defendants Dynamic Ledger Solutions, Inc. ("DLS"), Arthur Breitman and Kathleen Breitman ("Breitmans"), Defendants Timothy C. Draper and Draper Associates V Crypto LLC ("Draper Defendants"), and Defendant Bitcoin Suisse AG, respectively. Dkt. 131-135. HGT Law and LTL prepared extensively for these motions and, on August 1, 2018, HGT Law and LTL attended the oral argument before this Court. Dkt. 144. HGT Law and LTL prevailed on the motions to dismiss filed by the Tezos Foundation, DLS and the Breitmans. Dkt. 148 at 1.

17. On August 29, 2018, HGT Law and LTL, together with Defendants, prepared and filed a joint case management statement. Dkt. 162. On September 6, 2018, HGT Law and LTL attended the initial case management conference. Dkt. 164.

18. HGT Law and LTL then proceeded to conduct discovery, including:

- negotiating a protective order with Defendants, which was signed and entered by this Court on October 22, 2018 (Dkt 178);

- drafting and serving Defendants with requests for documents in August 2018, November 2018 and October 2019;

- drafting and serving interrogatories on Defendants in January 2019, February 2019 and October 2019;

- issuing subpoenas on various third parties, such as Draper Associates V Crypto LLC, Timothy Draper, Polychain Capital, Amazon AWS, A Medium Corporation, Substack Inc., Strange Brew Strategies LLC, Coinbase, Inc. and Payward, Inc. d/b/a Kraken;

- assisting each of their clients in preparing and responding to discovery requests from Defendants, including multiple sets of requests for documents, multiple sets of interrogatories, and requests for admissions;

- conducting numerous meet-and-confers with Defendants in connection with various discovery disputes;

- reviewing the approximately 30,000 pages of documents produced by Defendants DLS, the Tezos Foundation, and the Breitmans; and

- interviewing and consulting with testifying and non-testifying experts regarding blockchain technology.

19. On November 21, 2018 (Dkt. 183) and January 7, 2019 (Dkt. 186), HGT Law and LTL added Pumaro LLC and Artiom Frunze as named plaintiffs to the Federal Action.

20. Throughout 2018, HGT Law and LTL had several discussions with Defendants' counsel about resolving the litigation. In November 2018, Lead Plaintiff and Defendants agreed to a mediation before Professor Eric Green of Resolutions, LLC. On December 14, 2018, a whole-day mediation was conducted in San Francisco (the "First Mediation"). The First Mediation was attended by HGT Law and LTL on behalf of Lead Plaintiff, as well as Restis Law and Lite DePalma. In advance of the First Mediation, HGT Law and LTL and their additional counsel drafted, and exchanged with Defendants, detailed mediation submissions. However, the First Mediation was unsuccessful.

21. On January 9, 2019, HGT Law and LTL, with the assistance of their additional counsel, drafted and filed a motion for class certification. Dkt. 187.

22. Even after Trigon Trading Pty. Ltd. ("Trigon") was substituted as Lead Plaintiff on April 8, 2019, HGT Law continued to handle the bulk of the litigation efforts, including discovery. Specifically, it was HGT Law who performed most of the review of Defendants' document productions. HGT Law also prepared and served subpoenas on various third parties, and negotiated the productions of documents from these third parties, including Cloudflare, Inc., Amazon.com, Inc., Substack, Inc., Strange Brew Strategies LLC, Coinbase, Inc. and Payward, Inc. d/b/a Kraken. Block & Leviton LLP ("Block & Leviton") played no role in any of these discovery efforts.

23. HGT Law, with the assistance of LTL, also was responsible for pursuing various discovery issues with defense counsel, including corresponding with defense counsel, meeting and conferring with defense counsel on multiple occasions, and preparing the necessary discovery motions when the discovery issues could not be resolved via meet-and-confer. For example, it was HGT Law who prepared and filed the motion to compel Defendants to produce documents post-dating November 26, 2017, which Defendants had unilaterally set as the cutoff for their document productions. Dkt. 219. It was also HGT Law who prepared and filed the motion to compel Defendants to produce documents that were withheld by Defendants Arthur and Kathleen Breitman based on the

marital communications privilege. Dkt. 231. Block & Leviton played only a limited role in reviewing these discovery motions before they were filed.

24.     HGT Law also prepared and produced three named plaintiffs for deposition – former Lead Plaintiff Anvari, and named Plaintiffs Artiom Frunze and Pumaro LLC. Block & Leviton played no role in defending these Plaintiffs' depositions. Lead Plaintiff Trigon itself was never deposed.

25.     On September 18, 2019, Plaintiffs and Defendants agreed to conduct another mediation before the Hon. Layn Phillips (Ret.), of Phillips ADR ("Second Mediation"). In connection with preparing for the Second Mediation, HGT Law and Block & Leviton shared the work equally.

## COMMUNICATIONS BETWEEN HGT LAW AND BLOCK & LEVITON

26.     On March 7, 2019, immediately after the Court's hearing of the Motion to Substitute the Lead Plaintiff (Dkt. No. 196), Alex Hu of LTL and I spoke via telephone with Joel Fleming, the partner from Block & Leviton who attended the hearing. In light of the Court's oral ruling that Block & Leviton and HGT Law should be designated Co-Lead Counsel, I made a proposal to Mr. Fleming for the division of work and attorneys' fees. Mr. Fleming responded that this was premature, and asked: "What about Robbins Geller?"[2] Mr. Fleming did not fully explain why, as the Court-appointed Co-Lead Counsel in the Federal Action, we would need to take into account the interests of Robbins Geller, the counsel in the State Action. At that point in time, the State Action was significantly behind the Federal Action. The Tezos Foundation still had not been served and thus was not even a party to the State Action. As a result of Mr. Fleming's position, HGT Law and Block & Leviton did not engage in any further discussions about the allocation of work and fees.

27.     On September 18, 2019, as Plaintiffs and Defendants were finalizing the agreement to conduct the Second Mediation, I spoke via telephone with Jeffrey Block and Jacob Walker, partners of Block & Leviton. In this conversation, Mr. Block disclosed for the first time that he had invited State Action Plaintiff Baker and his counsel Robbins Geller/Taylor-Copeland to the Second Mediation. Mr. Block presented this as a *fait accompli*, without first consulting with me.

---

[2]     "Robbins Geller" refers to Robbins Geller Rudman & Dowd LLP. "Taylor-Copeland" refers to Taylor-Copeland Law.

28.     Given that the First Mediation had proceeded without the State Action Plaintiffs, and given that the Federal Action could settle Class claims without approval or consent of Plaintiff Baker in the State Action, I was surprised and asked Mr. Block what events led to the inclusion of Baker. Mr. Block proceeded to relate a telephone conversation that Mr. Block had with defense counsel, which apparently was the impetus for including Baker and his counsel at the Second Mediation. According to Mr. Block, during his conversation with defense counsel, it was Mr. Block himself who raised the question of whether Baker and his counsel should be included at the Second Mediation. Defense counsel then responded that Defendants were proceeding on the understanding, from the First Mediation, that the Federal Action Plaintiffs did not want to include the State Action Plaintiffs at the mediation. Although defense counsel believed it might be productive to include Baker and his counsel at the Second Mediation, defense counsel did not indicate that this was a precondition for the Second Mediation to proceed. According to Mr. Block, after this conversation with defense counsel, he proceeded to call Robbins Geller and invited them to the Second Mediation, without first consulting with his Co-Lead Counsel, HGT Law.

29.     In light of these unilateral actions by Mr. Block, I asked Mr. Block directly whether there was any agreement or understanding between Block & Leviton and Robbins Geller. Mr. Block responded: "What do you mean by agreement?" Mr. Block then proceeded to give a non-responsive answer and evaded my direct question.

30.     After the Second Mediation was held on November 22, 2019, and resulted in a settlement in principle on November 25, 2019, Block & Leviton proceeded to assign the drafting of the Settlement Agreement to Robbins Geller. Again, Block & Leviton did not first consult with me. Although I viewed this as an attempt by Block & Leviton to confer on Robbins Geller the opportunity to bolster its lodestar, I did not object because I wished to maintain harmony amongst Plaintiffs' counsel.

31.     On December 18, 2019, during the drafting of the Settlement Agreement with Defendants, Mr. Block called me to provide advance notice of a draft of the Settlement Agreement that Block & Leviton was about to circulate for review and comment. In particular, Mr. Block

highlighted a provision that Robbins Geller had inserted, under which any fee awarded by the Court would be divided 50%-50% between counsel for the State Action and counsel for the Federal Action, respectively. Mr. Block stated that he was calling in advance to let me know that the provision did not emanate from Block & Leviton. Mr. Block stated that he allowed the provision to remain in the draft of the Settlement Agreement because he was then working on a number of other cases with Robbins Geller, and was therefore conflicted. Mr. Block stated that he did not want to pick a fight with Robbins Geller over the 50%-50% fee split, because it would affect his relationship with Robbins Geller in those other cases.

32. After the draft was circulated, on December 23, 2019, I emailed all the Plaintiffs' counsel, objecting to the inclusion of the 50%-50% fee split provision. Apart from the lack of merit in such a split, I stated that it was inappropriate for inclusion in a settlement agreement with Defendants, who had expressly disclaimed any responsibility for the fee allocation. Attached hereto as Exhibit 13 is a true and correct copy of my December 23, 2019 email (without attachment and redacted). As a result, the 50%-50% fee split proposed by Robbins Geller was removed from the draft Settlement Agreement.

33. Attached hereto as Exhibit 14 is a true and correct copy of an email from Mr. Block to me, sent on August 31, 2020.

34. Attached hereto as Exhibit 15 is a true and correct copy of a chain of emails between Mr. Block and me and other email recipients, all sent on September 1, 2020.

35. Attached hereto as Exhibit 16 is a true and correct copy of a chain of emails between Mr. Block and me and other email recipients, sent on September 10, 2020 and September 14, 2020.

36. Attached hereto as Exhibit 17 is a true and correct copy of an email from me to Mr. Block and other email recipients, sent on September 21, 2020 (without attachment).

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on this 23rd day of September 2020, at New York, New York.

    /s/ *Hung G. Ta*    

Hung G. Ta (SBN 331458)
**Hung G. Ta, Esq. PLLC**
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7288
hta@hgtlaw.com


*Co-Lead Counsel and Counsel to Plaintiffs Pumaro LLC, Artiom Frunze, Hayden Hsiung, and Gijs Matser*
