# Exhibit 2



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Aug-16-2018 2:46 pm

Case Number: CJC-18-004978

Filing Date: Aug-16-2018 2:46

Filed by: SEAN KANE

Image: 06459902

ORDER

TEZOS ICO CASES

001C06459902

**Instructions:**
Please place this sheet on top of the document to be scanned.

F I L E D
Superior Court of California
County of San Francisco

AUG 16 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 305

| | |
|---|---|
| COORDINATION PROCEEDING<br>SPECIAL TITLE [RULE 3.550]<br><br>**TEZOS ICO CASES** | Case No. CJC-18-004978<br>JUDICIAL COUNCIL COORDINATION<br>PROCEEDING NO. 4978 |
| The Included Actions:<br><br>*Baker v. Dynamic Ledger Solutions, Inc., et al.*, Superior Court of California, County of San Francisco, Case No. CGC-17-562144<br><br>*Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.*, Superior Court of California, County of San Mateo, Case No. 18CIV02045 | **ORDER GRANTING PETITION FOR COORDINATION AND RECOMMENDING SAN FRANCISCO SUPERIOR COURT AS THE SITE FOR THE COORDINATED PROCEEDINGS** |

The above matter was assigned to the undersigned to hear and determine a petition for coordination submitted by petitioners Trigon Trading Pty. Ltd., and Bruce Macdonald ("Trigon Plaintiffs" or "petitioners"), seeking to coordinate the following cases: *Baker v. Dynamic Ledger Solutions, Inc., et al.,* Superior Court of California, County of San Francisco, Case No. CGC-17-562144 ("the San Francisco action"), and *Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.*, Superior Court of California, County of San Mateo, Case No. 18CIV02045 ("the San Mateo action"). Andrew Baker ("Baker"), plaintiff in the San Francisco action, filed an opposition. Defendant Dynamic Ledger Solutions, Inc. ("DLS") filed a response, which was joined by Defendants Timothy

- 1 -

Draper and Draper Associates V Crypto LLC ("Draper Defendants"). The petition came on for hearing on August 16, 2018, with appearances as noted in the record. Having considering the materials submitted in support and opposition and the oral argument of counsel, the Court grants the petition for coordination, and recommends San Francisco Superior Court as the site for the coordinated proceedings

## I.   REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, the Court takes judicial notice of the documents attached as Exhibits A through K to DLS' Request for Judicial Notice in Support of DLS' Response to Petition for Coordination pursuant to Evidence Code section 452, subdivisions (d) and (h).

## II.  RELEVANT FACTS

The San Francisco action was initially filed on October 25, 2017. The operative First Amended Complaint in that action asserts causes of action based on the federal Securities Act of 1933 ("Securities Act") sections 5, 12, and 15 in connection with defendants' alleged sale of "Tezos tokens" to investors during an "initial coin offering" or "ICO" in July 2017 without registering with the Securities and Exchange Commission ("SEC"). The following are named defendants in the San Francisco action: DLS, the Draper Defendants, Tezos Stiftung, Kathleen Breitman, Arthur Breitman, Johann Gevers, Strange Brew Strategies, LLC, and Bitcoin Suisse AG. The San Francisco action is brought on behalf of a putative class of persons who purchased "Tezos tokens" from defendants during the July 2017 ICO.

Subsequently, on April 24, 2018, petitioners filed the San Mateo action, asserting similar causes of action based on sections 5 and 12 of the Securities Act on behalf of a class of persons who purchased Tezos tokens during the same ICO conducted by defendants in July 2017. The same defendants in the San Francisco action are also named as defendants in the San Mateo action, with the exception of defendants Johann Gevers, Strange Brew Strategies, LLC, and Bitcoin Suisse AG.

Through the instant petition, the Trigon Plaintiffs seek to coordinate the San Francisco and San Mateo actions, and ask that the San Mateo Superior Court be designated as the site for the coordinated proceedings. Baker opposes the petition, asserting that the San Mateo action ought to be stayed or abated in deference to the first-filed San Francisco action. Similarly, DLS maintains that the San Mateo action ought to be stayed or abated in deference to the San Francisco action and/or the related litigation pending

in federal court. However, DLS asserts that if the Court declines to stay and/or abate the San Mateo action, the two actions should be coordinated in San Francisco Superior Court.

### III. STANDARD FOR COORDINATION

A petition for coordination of civil actions must be supported by facts showing that the actions are complex and that the actions meet the standards specified in section 404.1 of the Code of Civil Procedure. Code Civ. Proc., § 404. Coordination of civil actions sharing a common question of fact or law is appropriate if it "will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the actions." Code Civ. Proc., § 404.1.

### III. DISCUSSION

For the reasons stated below, the Court grants the petition for coordination, and recommends San Francisco Superior Court as the site for the coordinated proceedings.

First, the Court concludes that the cases are complex in view of the factors set forth in California Rules of Court Rule 3.400. Both the San Francisco and San Mateo actions are putative class actions and allege securities violations or investment losses involving many parties, and thus provisionally complex. C.R.C. Rule 3.400(c)(3) and (c)(6). The San Mateo action was previously granted complex designation.

Second, the Court finds, and the Trigon Plaintiffs, Baker, DLS, and Draper Defendants agree, that the San Francisco and San Mateo actions present common questions of fact and law that predominate and are significant to the litigation. Both actions assert violations of sections 5 and 12 of the Securities Act arising from defendants' alleged sale of Tezos tokens during the July 2017 ICO and failure to register with the SEC. The issue of whether federal securities laws apply to cryptocurrency assets, such as the Tezos tokens, as well as the issue of whether the San Francisco and San Mateo actions ought to be stayed in deference to the pending federal litigation, are mere examples of common factual and legal issues that are presented by both actions. Moreover, the San Francisco and San Mateo actions seek the same relief,

i.e. rescission of class members' investments. Coordination will reduce the likelihood of inconsistent rulings, not just on the motions for stay and/or abatement that are pending in both actions, but also on a variety of future pre-trial motions, discovery disputes, and at trial.

Third, the convenience of the parties, witnesses, and counsel, and the efficient use of judicial resources, weigh in favor of coordination. Both actions are in the early stages of litigation. The pleadings have not yet been settled and discovery has not commenced. Because the San Francisco and San Mateo actions raise common factual and legal questions suggests that coordination of discovery, alone, will provide substantial benefits to the litigants. Coordination may also streamline global settlement negotiations. Indeed, DLS is represented by the same counsel in both actions. In any event, the coordination trial judge retains the discretion to try certain issues or defenses separately, and/or sever unique cases from the coordination pool and transfer them to other courts. C.R.C. Rule 3.541(b). In view of the complex nature of both actions, the common issues raised, the convenience of the parties, and the efficient use of judicial resources, the Court concludes that the San Francisco and San Mateo actions should be coordinated.

Fourth, California Rules of Court Rule 3.530 sets forth several factors courts may consider in recommending a particular site for the coordinated proceedings. Although the Court finds that none of those factors weigh heavily in favor of either the San Francisco or San Mateo court, the Court notes that Baker, DLS, and the Draper Defendants have all taken the position that San Francisco Superior Court offers a more convenient venue than San Mateo Superior Court. Moreover, the San Francisco action is broader than the San Mateo action in that it asserts "control person" liability claims under Section 15 of the Securities Act, and names three additional defendants not named in the San Mateo action, i.e. Johann Gevers, Strange Brew Strategies, LLC, and Bitcoin Suisse AG. The San Francisco action was also filed before the San Mateo action. Based on these facts, the Court recommends San Francisco Superior Court as the site for the coordinated proceedings, and that the Court of Appeal, First Appellate District be designated as the reviewing court.

Finally, the Court declines Baker's and DLS' request to stay and/or abate the San Mateo action. This issue should be decided by the merits judge, not the coordination motion judge.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Coordination is granted. The Court recommends that the situs for the coordinated proceeding be the San Francisco Superior Court and that the Court of Appeal, First Appellate District, be designated as the reviewing court. All further proceedings in the included actions are stayed until and at such time as directed by the coordination trial judge pursuant to Cal. Rules of Court, rule 3.529(b).

The petitioners must promptly file a copy of this order in each included action, serve it on each party appearing in the included actions, and submit it to the Chair of the Judicial Council. Cal. Rule of Court, rule 3.529(a).

IT IS SO ORDERED.

Dated: August 16, 2018

_____
Mary E. Wiss
Judge of the Superior Court

*TEZOS ICO Cases* JCCP 4978 Order Granting Petition for Coordination and Recommending San Francisco Superior Court as Site for Coordinated Proceedings

CASE NO. **CJC-18-004978**
JUDICIAL COUNCIL COORDINATION PROCEEDING NO. **4978**
**TEZOS ICO CASES**

### CERTIFICATE OF SERVICE BY MAIL (C.C.P. §1013)

I, the undersigned, certify that I am an employee of the Superior Court of California, County Of San Francisco and not a party to the above-entitled cause and that on August 16, 2018, I served the foregoing ORDER GRANTING PETITION FOR COORDINATION AND RECOMMENDING SAN FRANCISCO SUPERIOR COURT AS THE SITE FOR THE COORDINATED PROCEEDINGS on each counsel of record or party listed below by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Reed R. Kathrein, Esq.
Peter E. Borkon, Esq.
Danielle Smith, Esq.
HAGENS BERMAN
SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

DATED: August 16, 2018

*[signature]*
Deputy Clerk, Sean Kane