# Exhibit 8

1  BAKER MARQUART LLP
2  BRIAN E. KLEIN (258486) (bklein@bakermarquart.com)
   SCOTT M. MALZAHN (229204) (smalzahn@bakermarquart.com)
3  DONALD R. PEPPERMAN (109809) (dpepperman@bakermarquart.com)
   777 S. Figueroa Street, Suite 2850
   Los Angeles, California 90017
4  Telephone: (424) 652-7800
   Facsimile: (424) 652-7850
5
6  *Attorneys for Defendants*
   DYNAMIC LEDGER SOLUTIONS, INC. AND
   ARTHUR BREITMAN
7
8  COOLEY LLP
   PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
9  JESSICA VALENZUELA SANTAMARIA (220934) (jvs@cooley.com)
   DAVID S. HOUSKA (295918) (dhouska@cooley.com)
   JESSIE A.R. SIMPSON LAGOY (305257) (jsimpsonlagoy@cooley.com)
10 3175 Hanover Street
   Palo Alto, CA 94304-1130
11 Telephone:   (650) 843-5000
   Facsimile:   (650) 849-7400
12
13 *Attorneys for Defendant*
   DYNAMIC LEDGER SOLUTIONS, INC.
14

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

06/10/2019
Clerk of the Court
BY: ERNALYN BURA
Deputy Clerk

15          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16     **COUNTY OF SAN FRANCISCO CIVIC CENTER COURTHOUSE**

17 | COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] | Case No.: CJC-18-004978 |
18 | | Judicial Council Coordination Proceeding No.: 4978 |
19 | **TEZOS ICO CASES** | |
20 | Included actions: | **DEFENDANTS ARTHUR BREITMAN AND DYNAMIC LEDGER SOLUTIONS, INC.'S RENEWED NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF FEDERAL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES** |
21 | *Baker v. Dynamic Ledger Solutions, Inc. et al.,* Superior Court of California, County of San Francisco, Case No. CGC-17562144 | |
22 | | |
23 | *Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.,* Superior Court of California, County of San Mateo, Case No. 18CIV02045 | |
24 | | Date:  July 10, 2019 |
25 | | Time:  1:30 p.m. |
   | | Dept:  305 |
26 | | Judge:  Hon. Mary E. Wiss |
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 10, 2019, at 1:30 p.m., in Department 305, or as soon thereafter as counsel can be heard at the Civic Center Courthouse, 400 McAllister Street, San Francisco 94102, defendants Arthur Breitman and Dynamic Ledger Solutions, Inc. ("DLS") will, and do, move the Court for an order staying these putative class actions pending final resolution of an identical putative class action known as *In Re Tezos Securities Litigation* (the "Federal Action"), Master File No. 17-cv-06779-RS, currently being actively litigated before the United States District Court for the Northern District of California.  As it relates to DLS, this renewed motion is brought pursuant to California Civil Procedure Code section 1008(b) on the ground that new facts and circumstances in the procedural development of the Federal Action and this action justify a stay. *See* Declaration of Jessie Simpson LaGoy filed concurrently herewith, 2.

This Court has inherent discretion to stay litigation in the interests of judicial efficiency and comity in deference to a parallel proceeding in federal court.  *See Farmland Irrigation Co., Inc. v. Dopplmaier,* 48 Cal. 2d 208, 215 (1957).

This renewed motion is, and will be, based upon all the papers in the Court's file (including all the filings related to the January 18, 2019 joint motion to stay), these moving papers, the attached memorandum of points and authorities, the concurrently filed request for judicial notice, the concurrently filed declarations of Scott Malzahn and Jessie Simpson LaGoy, and such further evidence and argument as may be offered at or before the hearing of this motion. The parties have met and conferred regarding this renewed motion on May 16, 2019 but were unable to reach agreement.  *See* Declaration of Scott Malzahn filed concurrently herewith at 3.

- 1 -

RENEWED NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS
MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. CJC-18-004978

1  Dated:  June 10, 2019                    **BAKER MARQUART LLP**

2

3                                           */s/ Scott M. Malzahn*
                                            Scott M. Malzahn (229204)
4

5                                           Attorneys for Defendant Arthur Breitman

                                            **COOLEY LLP**
6
    Dated:  June 10, 2019
7
                                            */s/ Jessica Valenzuela Santamaria*
8                                           Jessica Valenzuela Santamaria (220934)

9                                           Attorneys for Defendant Dynamic Ledger Solutions,
                                            Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2  I.    INTRODUCTION ......................................................................................... - 1 -

3  II.   PROCEDURAL HISTORY AND CURRENT STATUS ...................................... - 2 -

4        A.   The Federal Action ............................................................................ - 2 -

5        B.   The Coordinated State Proceedings ................................................. - 4 -

6  III.  ARGUMENT ............................................................................................... - 6 -

7        A.   New Facts and Circumstances Justify a Renewed Motion .............. - 6 -

8        B.   Under *Farmland*, this Court Should Exercise its Discretion to Stay this Action ....... - 7 -

9             1.   The Rights of the Parties Are Best Determined in the Federal Action ....... -7-

10            2.   Baker's Attempt to Redo the Federal Court's Decision Will Create An

11                 Unseemly Inter-Court Conflict ................................................. - 9 -

12            3.   It Will Be Extraordinarily Costly and Burdensome for the Parties to

13                 Conduct New Discovery in the Baker Action. ...................... - 10 -

14  IV.  CONCLUSION ........................................................................................... - 12 -

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Computer, Inc. v. Superior Court,*

   126 Cal. App. 4th 1253 (2005) ......................................................................................... 8, 9

*Bancomer, S.A. v. Superior Court,*

   44 Cal. App. 4th 1450 (1996) .............................................................................................. 11

*Caiafa Professional Law Corp. v. State Farm Fire & Casualty Co.,*

   15 Cal. App. 4th 800 (1993) ................................................................................................ 7

*Farmland Irrigation Co. v. Dopplmaier,*

   48 Cal. 2d 208 (1957) .......................................................................................................... 7

*Fox Factory, Inc. v. Superior Court,*

   11 Cal. App. 5th 197 (2017) ................................................................................................ 8

*Kerns v. CSE Insurance Group,*

   106 Cal. App. 4th 368 (2003) ............................................................................................. 6

*McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co,.*

   263 A.2d 281 (Del. 1970) .................................................................................................. 10

*Redman v. Radioshack Corp.,*

   768 F.3d 622 (2014) ........................................................................................................... 11

*Reese v. Wal-Mart Stores, Inc.,*

   73 Cal. App. 4th 1225 (1999) ........................................................................................ 10-11

*Schneider v. Vennard,*

   183 Cal. App. 3d 1340 (1986) ........................................................................................... 11

*Simmons v. Superior Court,*

   96 Cal. App. 2d 119 (1950) ................................................................................................. 7

*Woods v. Google, LLC,*

   Case No. 11-CV-01263-EJD, 2018 WL 4030570 (N.D. Cal. Aug. 28, 2018) ..................... 9

ii

RENEWED NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS
MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. CJC-18-004978

1

**Statutes**

2

15 U.S.C. § 77z-1(a)(3)(B)(iii) ............................................................................. 8

3

Civ. Proc. Code § 1008(b) .............................................................................. 1, 6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   Introduction

3    Defendants Arthur Breitman ("Arthur") and Dynamic Ledger Solutions, Inc. ("DLS") bring

4    this renewed motion to stay, in light of the recent appointment of Trigon Trading Pty., Ltd. ("Trigon")

5    as the new lead plaintiff in the parallel federal court litigation before the Honorable Richard Seeborg

6    in the Northern District of California (the "Federal Action").  Arthur was served with the complaint

7    in this action in April 2019, and has not previously moved to stay this action.  Based on recent

8    developments, the grounds for re-instituting a stay of this case are more compelling than ever.

9    Even where a motion has been previously denied, it may be renewed based on a showing of

10   "new or different facts, circumstances or law."  Civ. Proc. Code § 1008(b).  That is the case here.  On

11   March 28, 2019, this Court expressed concern that "problems with the former lead plaintiff in the

12   Consolidated Federal Action have already caused considerable delay in the Consolidated Federal

13   Action[.]"  (Request for Judicial Notice in Support of Motion to Stay ("RJN"), Ex. A at 2.)  At the

14   time, "the federal court ha[d] not yet issued its order deciding who may proceed as the new lead

15   plaintiffs."  (*Id*.)  Based on "these circumstances," this Court partially denied a motion to stay.

16   Notably, this Court expressly stated that its order was "*without prejudice*" to a renewal of the motion.

17   (*Id*. (emphasis in original).)

18   Since this Court's March 28, 2019 order, the factual circumstances that this Court relied upon

19   in denying the earlier motion have changed.  On April 8, Judge Seeborg appointed Trigon as the new

20   lead plaintiff in the Federal Action.  Judge Seeborg declined to reopen the lead plaintiff selection

21   process, and directed that the litigation proceed based on the existing pleadings without further delay.

22   Additionally, Judge Seeborg directed that Trigon's counsel work with the counsel who represented

23   the original lead plaintiff, so that there would be continuity in plaintiffs' counsel and earlier work

24   conducted by the parties would not be lost.  Trigon has filed a request asking that its state court

25   complaint in this coordinated proceeding be dismissed without prejudice.  At this stage, Andrew

26   Baker ("Baker") is the only plaintiff seeking relief before this Court.  By his Second Amended

27

28

- 1 -

RENEWED NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS
MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. CJC-18-004978

1  Complaint, Baker seeks to rescind his alleged purchase of 5,000 Tezos tokens, which are currently

2  worth more than twice the $2,800 he alleges he paid for the tokens.[1]

3        Under principles of comity and efficiency, this Court has the inherent discretion to stay this

4  action pending resolution of a duplicative proceeding in federal court.  Despite the temporary delays

5  caused by the withdrawal of the original lead plaintiff, the Federal Action is far more advanced than

6  this action.  There, all pleading challenges have been resolved, all defendants served, and discovery

7  is well underway.  In contrast, Baker only recently filed a second amended complaint and his

8  Complaint has not yet survived the demurrers that defendants in this action are preparing in response

9  to the facially defective Complaint.  It is extremely costly and burdensome for the defendants to

10 defend against identical class action lawsuits.  Additionally, this Court should not permit Baker to

11 seek a redo of Judge Seeborg's decisions, which could lead to inconsistent or contradictory rulings.

12       Moreover, there are grave doubts regarding Baker's ability to adequately represent a class.

13 Investigation has shown that Baker has a close personal friendship with his counsel, James Taylor-

14 Copeland, who apparently served as a groomsman in Baker's wedding.  Baker's suit is intended to

15 benefit his groomsman-attorney, not the putative class.

16       This Court should re-institute a stay of this action to conserve resources, mitigate the risk of

17 contradictory rulings, and avoid unseemly conflicts with the federal court.

18 **II.    Procedural History and Current Status**

19       **A.    The Federal Action**

20       Over the past 18 months since November 2017 when the first federal complaint was filed,

21 Judge Seeborg has ably presided over the Federal Action – handling and resolving pleading

22 challenges, an application for a temporary restraining order, and appointments of lead plaintiff and

23 lead plaintiff's counsel.  (*See* LaGoy Decl., ¶ 5.)

24       On March 16, 2018, Judge Seeborg initially appointed Arman Anvari ("Anvari") as the lead

25 plaintiff and his counsel at HGT Law, Esq. PLLC and LTL Attorneys LLP as co-lead plaintiff's

26 counsel.  (*Id.*, ¶ 6.)  Anvari filed a consolidated complaint on April 3, 2018.  (*Id.*)  Four separate

27

28 _____

[1] *See* Baker's Second Amended Complaint, ¶ 129 and www.coinbase.com/price/tezos.

groups of defendants filed motions to dismiss: (1) the Tezos Foundation, (2) DLS, Arthur Breitman and Kathleen Breitman (collectively, the "DLS Defendants"), (3) Draper Associates Crypto V LLC and Timothy Draper (the "Draper Defendants"), and (4) Bitcoin Suisse AG ("Bitcoin Suisse").  (*Id*.)

On August 7, 2018, Judge Seeborg dismissed Bitcoin Suisse and the Draper Defendants, but allowed claims to move forward against the Tezos Foundation and the DLS Defendants.  (*Id*., ¶ 7.) The remaining parties proceeded to exchange discovery and produce documents.  (*Id*.)  Over the ensuing months, Anvari amended the Consolidated Complaint on two different occasions to add additional class representatives: Artiom Frunze (an individual) and Pumaro LLC.  (*Id*.)

On January 25, 2019, Anvari filed a motion to withdraw as lead counsel and to substitute Artiom Frunze as the new lead plaintiff.  (*Id*., ¶ 12.)  Trigon and its counsel filed a competing motion to be appointed as lead plaintiff and lead counsel.  (*Id*.)  The hearing took place on March 7, 2019. (*Id*.)

On April 8, 2019, Judge Seeborg issued a nine-page order on the substitution motions in which he granted Anvari's motion to withdraw and appointed Trigon as the new lead plaintiff.  (RJN, Ex. N at 2-3, 9.)  He also ordered that Trigon's counsel Block & Leviton work with Anvari's counsel Hung G. Ta, Esq. PLLC as co-lead counsel, so that there would be continuity in plaintiff's counsel and earlier work conducted by the parties would not be lost.  (RJN, Ex. N at 8-9; Ex. M (3/7/19 Hearing Tr. at 4:19-22) ("What I am inclined to do is so we don't -- the class does not lose the work that Mr. Ta and his colleagues have done, is to have Trigon Trading come in, but then have a co-lead counsel situation, with counsel for Trigon Trading, and then Mr. Ta.").)

Over the course of several months, the parties have engaged in significant discovery in the Federal Action and the DLS Defendants have incurred substantial legal costs associated with their document review and production.  (Malzahn Decl., ¶ 6.)  To date, DLS has produced 8,221 documents, and more than 24,000 pages.  (LaGoy Decl., ¶ 16.)  Arthur Breitman and Kathleen Breitman have produced 1,028 documents, and more than 2,875 pages.  (Malzahn Decl., ¶ 7.)  The documents already produced in the Federal Action contain vast information concerning the formation of the Tezos Foundation, the fundraiser at issue in the Federal Action and the instant action, and a

- 3 -

Renewed Notice Of Motion And Motion To Stay All Proceedings
Memorandum of Points and Authorities; Case No. CJC-18-004978

1  variety of other topics.  (*Id.*)  At this time, the DLS Defendants have completed production of

2  documents dated through November 26, 2017, and are in the process of completing an additional

3  production of documents dated through September 18, 2018.  (*Id.*, ¶ 7; LaGoy Decl., ¶ 15.)  The DLS

4  Defendants have provided copies of the produced documents to Baker's counsel and intend to

5  continue doing so.  (LaGoy Decl., ¶ 20.)

6      On June 3, 2019, the parties filed a joint stipulation regarding a discovery dispute over the

7  DLS Defendants' document production.  (LaGoy Decl., ¶ 17.)  Magistrate Judge Sallie Kim has been

8  assigned to handle discovery disputes.  (*Id.*)

9      **B.    The Coordinated State Proceedings**

10     Unlike in the Federal Action, where pleading challenges have been resolved and discovery

11 has been underway for more than a year, the instant coordinated state proceedings remain in a nascent

12 stage.  (*See* LaGoy Decl., ¶¶ 8, 20.)

13     Plaintiff Andrew Baker filed the first putative class action in San Francisco Superior Court on

14 October 25, 2017, captioned *Baker v. Dynamic Ledger Solutions, Inc.* (the "Baker Action")*,* Case No.

15 CGC-17562144.  (*See* RJN, Ex. E, pg. 1.)  Shortly thereafter, this action was removed to federal court.

16 During the time his suit was pending in federal court, Baker elected not to seek appointment as lead

17 plaintiff.  (*See* RJN, Ex. H, pg. 5-6.)  On April 1, 2018, his suit was remanded following the Supreme

18 Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund,* 138 S. Ct. 1061 (2018).

19     After Anvari was appointed as lead plaintiff and the Baker Action was remanded, Trigon filed

20 another suit in San Mateo Superior Court on April 24, 2018, captioned *Trigon Trading Pty. Ltd. v.*

21 *Dynamic Ledger Solutions, Inc.* (the "Trigon Action"), Case No. 18CIV02045.  DLS, joined by the

22 Draper Defendants moved to stay the Baker and Trigon Actions pending resolution of the Federal

23 Action.  Those proceedings were stayed, pending resolution of a coordination petition filed by Trigon.

24 On August 16, 2018, the Judicial Council ordered the two state cases coordinated and all proceedings

25 were automatically stayed pursuant to California Rule of Court rule 3.529(b).

26     In the interim, Baker amended his complaint in June 2018 to conform it to and assert the same

27 claims as the consolidated complaint in the Federal Action.  Specifically, in his First Amended

28

Complaint ("FAC"), Baker (1) dropped his state law claims and his fraud claims under Sections 17 of the Act; (2) added claims under Sections 12 and 15 of the Act; and (3) added the Draper Defendants and others as parties to his claims.  In all material respects, Baker's FAC was identical to the consolidated complaint in the Federal Action.

On February 15, 2019, this Court heard argument on another motion to stay and took the motion under submission.  It "revisited the motion again during the Case Management Conference on March 26, 2019 to discuss developments in the Consolidated Federal Action."  (*Id.*, Ex. A at 1.)  In its March 28, 2019 order, this Court "den[ied] *without prejudice*" the request for a continued stay of the proceedings.  (*Id.*, Ex. A at 2 (emphasis in original).)  At the time, this Court reasoned:

> The Baker action was filed before each of the individual federal actions that comprise the Consolidated Federal Action were filed.  Moreover, problems with the former lead plaintiff in the Consolidated Federal Action have already caused considerable delay in the Consolidated Federal Action, and the federal court has not yet issued its order deciding who may proceed as the new lead plaintiffs.  Under these circumstances, no good cause exists to further delay the instant case by a continued stay of the proceedings.

(*Id.*, Ex. A at 2.)  Recognizing that Judge Seeborg previously dismissed similar claims brought against the Draper Defendants in federal court, this Court stayed discovery "as to the Draper Defendants pending the resolution of the pleadings."  (*Id.*, Ex. A at 2-3.)

On April 11, 2019, Trigon filed a request for voluntary dismissal of its putative class action without prejudice.  In its request, Trigon stated it "intends to prosecute this action as lead plaintiff in the federal case." (RJN, Ex. C at 2.)

On May 9, 2019, Baker filed a second amended complaint.  (RJN, Ex. D.)  As with the Federal Action, Baker asserts two causes of action for (1) the unregistered offer and sale of securities in violation of sections 5 and 12(a)(1) of the Securities Act, and (2) violation of Section 15 of the Securities Act against certain alleged control persons.  (LaGoy Decl., ¶ 19.)  DLS, the Draper Defendants and Arthur Breitman are scheduled to file demurrers on June 10, and a hearing on those demurrers or other responses is presently scheduled for July 17.  (*Id.*)  No briefing schedule has been set for other defendants.  (*Id.*)  The Draper Defendants contend that, notwithstanding Baker's multiple amendments, his claims still fail to state a claim against them and are in all material respects identical

1   to the claims that Judge Seeborg dismissed.  Baker's claims and the Draper Defendants' impending

2   demurrers thus present an immediate risk that this Court's rulings will conflict with or be inconsistent

3   with Seeborg's ruling dismissing the same claims as legally deficient.

4          To date, Baker and DLS have exchanged written discovery requests.  (*Id.*, ¶ 20.)  DLS served

5   its response to Baker's first set of requests for production on May 10, 2019, and Baker responded to

6   DLS's first set of written discovery on May 30.  (*Id.*)  No other discovery has taken place in state

7   court.  (*Id.*)

8   **III.    Argument**

9          **A.    New Facts and Circumstances Justify a Renewed Motion.**

10         Although Arthur (who only recently was served) has not previously filed a motion to stay,

11  DLS did previously move for a stay of this action.  Accordingly, DLS bears the burden of

12  demonstrating that "new or different facts, circumstances, or law" warrant a renewed motion.  *See*

13  Civ. Proc. Code § 1008(b); *Kerns v. CSE Ins. Grp.*, 106 Cal. App. 4th 368, 388 (2003).

14         Since this Court's March 28, 2019 order partially lifting the discovery stay, material changes

15  in the procedural status of the Federal Action (and the instant proceeding) warrant a renewed motion.

16  This Court previously expressed concern that "problems with the former lead plaintiff in the

17  Consolidated Federal Action" had led to delays and that there was uncertainty as to "who may proceed

18  as the new lead plaintiff."  (RJN, Ex. A at 2.)  That uncertainty has now been resolved.  Judge Seeborg

19  has appointed Trigon as the new lead plaintiff, two plaintiffs' firms have been designated as co-lead

20  counsel, motion practice and discovery are continuing in the Federal Action, and a magistrate has

21  been assigned to handle a pending discovery dispute.  (*See* RJN, Ex. N; LaGoy Decl., ¶ 3.)

22  Accordingly, the concerns about the Federal Action that led this Court to partially lift the discovery

23  have been addressed.

24         Likewise, new developments in this coordinated action demonstrate there is no genuine need

25  for this action to proceed on a dual track with the Federal Action.  Trigon has moved to dismiss its

26  state court complaint.  (RJN, Ex. C.)  Baker is not pursuing any claims different from those in the

27  Federal Action.  To the contrary, on May 9, 2019, Baker filed a second amended complaint asserting

28

- 6 -

RENEWED NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS
MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. CJC-18-004978

the same causes of action as the operative complaint in the Federal Action. (RJN, Ex. D.) Although Baker has asserted this action should proceed to protect the interests of the class, there is little reason to believe that Baker would be a better representative than Trigon. In the near future, this Court will hear demurrers and any other pleading challenges to Baker's second amended complaint, which is an unnecessary waste of party and judicial resources given the parallel Federal Action.

Based on these new facts and other important considerations discussed further below, this Court should re-institute a stay.

### B.   Under *Farmland*, this Court Should Exercise its Discretion to Stay this Action.

As this Court held in its March 28, 2018 order, a California court has discretion to stay a lawsuit that covers the same subject matter as a pending federal lawsuit. (RJN, Ex. A at 2.)   To determine whether a stay is appropriate, California courts consider the three-factor test in *Farmland Irrigation Co. v. Dopplmaier,* 48 Cal. 2d 208 (1957). These factors include (1) whether the rights of the parties can best be determined by another jurisdiction, (2) the importance of avoiding unseemly conflicts with the courts of other jurisdictions, and (3) the burden associated with duplicative or harassing litigation. *Id.* at 215; *see also Simmons v. Super. Ct.*, 96 Cal. App. 2d 119, 125 (1950). Each of these factors weigh heavily in favor of a stay, especially in light of recent procedural developments.

### 1.   The Rights of the Parties Are Best Determined in the Federal Action.

For multiple reasons, federal court is the best forum to decide this dispute. The fact that Judge Seeborg's courtroom is venued *literally across the street from this Court* is a "critical" factor weighing in favor of a stay. Clearly, the location of the federal court is "of equal convenience to parties and witnesses." *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.*, 15 Cal. App. 4th 800, 807. (1993)

While state court has concurrent jurisdiction, the securities claims at issue arise under federal law and present novel issues of first impression: namely, whether electronic tokens tied to a blockchain constitute a "security" within the meaning of the Securities Act of 1933. California courts

1  recognize "the interest in trying the case in a forum familiar with the applicable law" is a factor

2  relevant to a stay.  *See Fox Factory, Inc. v. Super. Ct.,* 11 Cal. App. 5th 197, 204 (2017).

3       Consistent with Congress's intent to place securities class actions in the hands of investors

4  with the greatest financial incentive to prosecute the case (15 U.S.C. § 77z-1(a)(3)(B)(iii)), Judge

5  Seeborg has appointed Trigon as lead plaintiff.  It is difficult to see how Baker should be permitted

6  to pursue the same federal claims on behalf of the same class in state court given his far lower financial

7  interest in the case.  Baker alleges he contributed a single Bitcoin to the Tezos fundraiser.  (RJN, Ex.

8  E at 5.)  In contrast, Trigon alleges it contributed nearly 19 times that amount.  (*See* RJN, Ex. H at 5,

9  8 (showing Trigon contributed 18.9999 Bitcoin, which was equivalent to about USD $44,235.76 at

10  the time of the fundraiser).  If Baker believed that Trigon would not be an adequate lead plaintiff, he

11  could and should have challenged Trigon's appointment.  He has not done so.  At the March 26, 2019

12  Case Management Conference, Baker's counsel endorsed Trigon and represented that it could and

13  would work cooperatively with Trigon and its counsel, if Trigon were appointed lead plaintiff in the

14  Federal Action.

15       Additionally, Baker has a close personal friendship with his counsel, which raises grave

16  doubts about his adequacy as a proposed class representative.  According to an on-line wedding

17  profile, James Taylor-Copeland was a groomsman in Baker's wedding.  (*See* Malzahn Decl., ¶ 9, Ex.

18  1.)  Further, Taylor-Copeland posted a photograph on his Instagram depicting Baker's engagement,

19  and additional photographs of Baker and Taylor-Copeland at a January 2016 pool party and a

20  November 2016 boxing match in Las Vegas.  (*See id.*, ¶ 9, Ex. 4-5.)  This raises serious questions

21  about Baker's motives, ability to serve as an independent check on his counsel, and the perceived

22  integrity of the class action process.

23       California and federal courts alike are concerned by the potential conflict of interest and

24  appearance of divided loyalties that arise where a proposed class representative has a close

25  relationship with counsel.  *Apple Computer, Inc. v. Super. Ct.,* 126 Cal. App. 4th 1253, 1264

26  (2005) (quoting *Susman v. Lincoln Am. Corp.,* 561 F.2d 86, 90-91 (7th Cir. 1977)).  For example, in

27  *London v. Wal-Mart Stores, Inc.,* 340 F.3d 1246, 1255 (11th Cir. 2003), the court reasoned that a

28

1   "long-standing personal friendship . . . casts doubt on [the plaintiff's] ability to place the interests of

2   the class above that of class counsel."   "Close relationships between the class representative and

3   counsel, whether personal or professional, can create a conflict that renders the class representative

4   inadequate to protect the interests of the class."  *Woods v. Google, LLC,* 2018 WL 4030570, *4 (N.D.

5   Cal. Aug. 28, 2018) (citing 1 William B. Rubenstein, Newberg on Class Actions § 3:70).  In fact,

6   "scrutinizing for conflicts is essential to guard the due-process right of absent class members not to

7   be bound to a judgment without adequate representation by the parties participating in the litigation."

8   *Id.*

9       The evidence here strongly suggests that Baker "is simply lending his name to a suit controlled

10  entirely by the class attorney."  *See Apple Computer,* 126 Cal. App. 4th at 1279 (internal quotations

11  omitted).  In about July 2017, Baker's attorney, James Taylor-Copeland ("Taylor-Copeland"), left his

12  old firm (Mintz Levin) to form his own crypto-currency focused firm.  (Malzahn Decl., ¶ 9, Ex. 2-3.)

13  A few months later in October 2017, Taylor-Copeland filed this action with Baker as a named

14  plaintiff.  (*See* RJN, Ex. E, pg. 1.)  When parallel litigation was filed in federal court, another one of

15  Taylor-Copeland's friends (Ryan Coffey) appeared in the Federal Action to apply for the lead plaintiff

16  position.  (*See* RJN, Ex. F.)  Taylor-Copeland, Baker and Ryan Coffey ("Coffey") all appeared in a

17  photograph together on Facebook.  (*See* Malzahn Decl., ¶ 29, Ex. 6.)  Further, this action is not the

18  only time that Taylor-Copeland has used his friends to file class actions.  Taylor-Copeland previously

19  represented Coffey in another securities class action in the crypto-currency space.  (RJN, Ex. O.)

20  Coffey voluntarily dismissed that lawsuit about three months later on August 22, 2018.  (RJN, Ex.

21  P.)

22      Given the conflict of interest posed by Baker's personal friendship with his counsel and other

23  considerations, the Federal Action is a better forum to decide this dispute.

24          **2.      Baker's Attempt to Redo the Federal Court's Decision Will Create An
                      Unseemly Inter-Court Conflict.**

25      The most prudent course of action is to allow the Federal Action to proceed uninhibited to

26  avoid the specter of inconsistent or even contradictory rulings by this Court.  Judge Seeborg already

27  has heard and ruled on challenges to the pleadings.

28

- 9 -

On July 17, 2019, this Court is scheduled to hear demurrers or other pleading challenges to the second amended complaint in the Baker Action.  Even though Judge Seeborg already dismissed the Draper Parties and Bitcoin Suisse from the Federal Action, Baker has refiled the exact same causes of action against them and parrots the same factual and legal allegations.  (*Compare* RJN, Ex. E at ¶¶ 23-24, 26, 49, 50, 70-71, 148-155) *to* RJN, Ex. L at ¶¶ 23-25, 39, 60-61, 145-151.)  Based on similar allegations, Judge Seeborg previously ruled that Bitcoin Suisse is not subject to personal jurisdiction in California and that the factual allegations are legally insufficient to establish "control person" liability for Bitcoin Suisse and the Draper Defendants.   (*See* RJN, Ex. K at 8-9, 16-19.)  If this Court were to reach a different conclusion, that would create an "unseemly conflict" with the federal court and a "race by each party to trial and judgment in the forum of its choice."  *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'r Co.,* 263 A.2d 281, 283 (Del. 1970).

Moreover, Judge Seeborg rightly observed, "[t]here is no extensive body of federal law for the San Francisco County Superior Court to apply should this case be remanded.  Thus, the risk is higher here than in the average securities case that parallel state and federal proceedings could produce inconsistent (and even contradictory) conclusions".  (RJN, Ex. G at 4.)  Judge Seeborg also found that, while the *Cyan* decision forced him to remand the Baker Action, doing so "creates the risk that parallel state and federal proceedings could produce inconsistent (and even contradictory) conclusions regarding key questions of fact and law."  (*Id*., Ex. J at 3.) Judge Seeborg does not have the ability to stay the Baker Action and avoid such a result, but this Court does and should exercise its discretion to do so.

### 3.    It Will Be Extraordinarily Costly and Burdensome for the Parties to Conduct New Discovery in the Baker Action.

It is extremely costly and harassing for defendants to defend against identical lawsuits in both federal and state court, as is evident by the wide-ranging requests for production that Baker has served on DLS.

Class actions are specifically meant to conserve resources and efficiently adjudicate complex disputes, and allowing parallel discovery—the most burdensome phase of litigation—would defeat the underlying purpose of this vehicle.  *See Reese v. Wal-Mart Stores, Inc.* 73 Cal. App. 4th 1225,

1236-38 (1999). It is "undoubtedly preferable from the point of view of the judicial system to resolve the instant dispute by one class action rather than by duplicate class actions in two jurisdictions." *Schneider v. Vennard,* 183 Cal. App. 3d 1340, 1347-48 (1986); *see also Bancomer, S.A. v. Super. Ct.,* 44 Cal. App. 4th 1450, 1462 (1996) (It is "unreasonable and illogical to have an individual involved in simultaneous litigation in two separate forums over the same issue . . . This outcome violates the principles of judicial economy.").

To date, the DLS Defendants have produced more than 9,200 documents in response to requests for production served by the lead plaintiff in the Federal Action. (*See* Malzahn Decl., ¶ 7; LaGoy Decl., ¶ 16.) The DLS Defendants have hired and trained contract reviewers (who have already been dismissed), and spent hundreds of hours reviewing and producing documents over a period of six months. (*See* Malzahn Decl., ¶¶ 5-6; LaGoy Decl., ¶¶ 10.) While the DLS Defendants are not opposed to providing Baker with discovery in the Federal Action, it would be extraordinarily expensive for defendants to engage in a re-do of that entire process at this late hour for minimal (if any) benefit. (*See* Malzahn Decl., ¶¶ 5-6; LaGoy Decl., ¶ 21.)

Moreover, a stay is particularly proper here to prevent this lawyer-driven, duplicative action, which continues to burden and harass defendants. While full-fledged discovery is expected to uncover additional information, even the information known to date casts grave doubt on Baker's ability to place the interests of absent class members over those of his own attorney and groomsman. If this Court desires additional information about Baker's relationship with counsel and the circumstances surrounding the filing of this lawsuit, it could conduct an evidentiary hearing. *See, e.g., Redman v. Radioshack Corp.*, 768 F.3d 622, 638 (2014) ("we do wish to remind the class action bar of the importance of insisting that named plaintiffs be genuine fiduciaries, uninfluenced by family ties (as in Eubank) or friendships.")

Defendants remain willing to provide Baker with the same documents that have been produced in the Federal Action. And, the DLS Defendants have already done so to date. But forcing defendants to answer additional discovery requests, engage in parallel meet and confers, and subject

- 11 -

RENEWED NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS
MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. CJC-18-004978

its witnesses to multiple depositions in this matter would be both extraordinarily burdensome and a waste of resources.  This matter should therefore be stayed.

**IV.     CONCLUSION**

For the foregoing reasons, this Court should re-institute a stay of this action.

Dated:  June 10, 2019                      **BAKER MARQUART LLP**


*/s/ Scott M. Malzahn*
Scott M. Malzahn (229204)

Attorneys for Defendant Arthur Breitman

Dated:  June 10, 2019                      **COOLEY LLP**


*/s/ Jessica Valenzuela Santamaria*
Jessica Valenzuela Santamaria (220934)

Attorneys for Defendant Dynamic Ledger Solutions, Inc.

**PROOF OF SERVICE**

SFSC Case No. CJC-18-004978

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2850, Los Angeles, CA 90017.

On **June 10, 2019**, I served true copies of the document(s) described as:

**DEFENDANTS ARTHUR BREITMAN AND DYNAMIC LEDGER SOLUTIONS, INC.'S RENEWED NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF FEDERAL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
on the parties in this action as follows:

**[ X ]    BY FILE & SERVE***XPRESS* **:** I caused the document to be filed and served electronically via the File & Serve*Xpress* website at  http://www.fileandservexpress.com to the recipients designated on the transaction receipt. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]      BY ELECTRONIC MAIL:**
I caused the document to be sent to the respective e-mail addresses of the parties. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 10, 2019**, at Los Angeles, California.



_____
Becky Isomoto