# Exhibit 10

FILED
San Francisco County Superior Court
AUG 28 2019
CLERK OF THE COURT
BY: _____
Deputy Clerk



SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 613

| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] **TEZOS ICO CASES** | Case No. CJC-18-004978 <br><br> JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4978 |
|---|---|
| Included Actions: <br><br> *Baker v. Dynamic Ledger Solutions, Inc., et al.,* Superior Court of California, County of San Francisco, Case No. CGC-17-562144 <br><br> *Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.,* Superior Court of California, County of San Mateo, Case No. 18CIV02045 | ORDER GRANTING SPECIALLY APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF SUMMONS |

Specially Appearing Defendant Tezos Stiftung ("the Foundation") moved the Court for an order quashing the service of summons for lack of personal jurisdiction over Plaintiff Andrew Baker's ("Plaintiff") claims, or in the alternative, staying the action. Plaintiff opposed the motion. The motion came on for hearing on August 27, 2019, and appearances are as noted in the record. Having considered the materials submitted in support and opposition and the oral argument of counsel, the Court grants the motion to quash.

I. **RELEVANT FACTS**

This putative class action is brought against multiple defendants who allegedly promoted, sold, and solicited the unregistered sale of "Tezos blockchain tokens," also referred to in the SAC as "Tezzies"

or "XTZ," in violation of the registration provisions of federal securities laws.[1] Second Amended Complaint ("SAC") ¶ 1. Plaintiff purchased XTZ from Defendants during the Tezos initial coin offering ("ICO") on July 12, 2017, in which Defendants allegedly sold over 607 million XTZ in exchange for digital currency worth more than $230 million at the time. *Id.* ¶¶ 6, 17. Plaintiff generally alleges that Defendants offered and sold XTZ tokens without filing a registration statement with the Securities and Exchange Commission ("SEC") in violation of the Securities Act. Plaintiff and the putative class seek a rescission of their purchases, and the return of their investment. *Id.* ¶ 13.

The SAC asserts two causes of action under federal securities laws. Plaintiff's first cause of action is for alleged violations of section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1), prohibiting the sale of unregistered securities. *Id.* ¶¶ 137-147. This first cause of action is asserted against all Defendants in this case. The second cause of action is for alleged violations of section 15 of the Securities Act, 15 U.S.C. § 77o, which imposes liability on persons who control persons liable under section 12, and is asserted only as to Defendants Arthur and Kathleen Breitman, Gevers, Draper, Draper Associates, and DLS. *Id.* ¶¶ 148-155.

The following facts are relevant to the instant motion. The Foundation is a Swiss nonprofit organization located in Zug, Switzerland. *Id.* ¶ 18; Declaration of Eric Stupp ("Stupp Decl.") ¶ 11; Mtn. at 2. To conduct the Tezos ICO, Defendants Kathleen and Arthur Breitman and Dynamic Ledger Solutions, Inc. (collectively, "DLS Defendants") helped create the Foundation. *Id.* ¶ 38. In July 2017, the Foundation conducted the Tezos ICO. *Id.* ¶ 18. Plaintiff, a resident of San Diego, California, purchased 5,000 Tezos tokens from the Foundation's website. *Id.* ¶ 17, 127. Plaintiff further alleges that the DLS Defendants, Timothy Draper, and Draper Associates V Crypto LLC – all of whom reside in California – controlled and directed the actions of the Foundation in the time prior to and during the Tezos ICO. *Id.* ¶ 25.

---

[1] The SAC names the following defendants: Dynamic Ledger Solutions, Inc., the Tezos Stiftung ("Tezos Foundation"), Kathleen Breitman, Arthur Breitman, Johann Gevers, Timothy Draper, Draper Associates V Crypto LLC, and Bitcoin Suisse AG.

-2-

The Foundation filed the instant motion to quash service of summons for lack of personal jurisdiction, or in the alternative, to stay the action.[2] It contends that no such facts form the basis for personal jurisdiction over it.

## II.   LEGAL STANDARD

A defendant may move "[t]o quash service of summons on the ground of lack of personal jurisdiction of the court" over defendant. Code Civ. Proc. § 418.10(1). In such a motion, the plaintiff bears the burden to demonstrate facts, as to each nonresident defendant, justifying the exercise of jurisdiction by a preponderance of evidence. *Strasner v. Touchstone Wireless Repair & Logistics, LP* (2016) 5 Cal.App.5th 215, 221-22.

Personal jurisdiction is governed by California's long-arm statute, which permits a court to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state of the United States." *See DVI, Inc. v. Sup. Ct.* (2002) 104 Cal.App.4th 1080, 1089. "To comport with federal and state due process, California courts may only exercise jurisdiction when a defendant has sufficient minimum contacts with the state to satisfy 'traditional notions of fair play and substantial justice.'" *Strasner, supra*, 5 Cal.App.5th at 221. There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *DVI, Inc., supra*, 104 Cal.App.4th at 1090. General jurisdiction over a defendant exists where the defendant's contacts are substantial, continuous and systematic. *Id*. Specific jurisdiction, on the other hand, requires the plaintiff to show that the defendant purposefully availed himself of forum benefits with respect to the matter in controversy; that the controversy is "related to or arises out of" the defendant's contacts with the forum; and that the exercise of jurisdiction would comport with fair play and substantial justice. *Id*. "[J]urisdiction over a nonresident must be based on an analysis of the relationship between *that* defendant and the forum state." *Pa. Health & Life Ins. Guaranty Assn. v. Super. Ct.* (1994) 22 Cal.App.4th 477, 487.

## III.   ANALYSIS

Neither party suggests that the Court has general jurisdiction over the Foundation. Rather, Plaintiff contends that this Court has personal jurisdiction over the Foundation because the Foundation

---

[2] Because the Court grants the motion to quash, the Court declines to address the parties' arguments with regard to the Foundation's request to stay the action.

purposefully availed itself of, and benefited from, doing business in California by accepting currency in exchange for unregistered Tezos tokens in California from California residents. Plaintiff further argues that because Judge Seeborg in the Federal Consolidated Action has previously ruled that there exists an adequate basis for asserting personal jurisdiction over the Foundation, this Court should follow Judge Seeborg's decision and deny the motion to quash. For the reasons set forth below, the Court finds that Plaintiff failed to satisfy his burden of demonstrating facts that would justify this Court's exercise of jurisdiction over the Foundation.

Plaintiff argues that this Court should exercise jurisdiction over the Foundation because the Foundation operated a website to accept money from Californians and because the Foundation was created by and for the benefit of the California-based DLS Defendants.

First, under California law, a defendant's "act of placing information on the Internet is not sufficient by itself to subject that [defendant] to personal jurisdiction in each State in which the information is accessed." *Burdick v. Super. Ct.* (2015) 233 Cal.App.4th 8, 21 (internal quotations omitted). Personal jurisdiction requires a defendant to "manifest[] an intent to direct [its] website content . . . to a forum state audience." *Id.* at 20. The Court finds Plaintiff has not presented any evidence to show that the Foundation purposefully directed activity toward the *state of California*.

Second, Plaintiff's argument is misplaced. Even if the Foundation was created for the benefit of the DLS Defendants, it is not sufficient for Plaintiff to present evidence regarding the DLS Defendants' conduct in California. Plaintiff must meet his burden to demonstrate facts to justify this Court's exercise of personal jurisdiction over *the Foundation*.

Furthermore, Plaintiff requests that this Court should follow Judge Seeborg's ruling in the Federal Consolidated Action. The Court disagrees. The legal standard for jurisdiction in federal court differs from the legal standard for jurisdiction in this Court. Under California law, the Court finds that Plaintiff has not presented facts that would justify this Court's exercise of jurisdiction over the Foundation.

Based on the foregoing, the Court concludes that the Foundation does not have sufficient minimum contacts with California to justify this Court's jurisdiction over it. Accordingly, the Court grants Defendants' motion to quash.[3]

---

[3] On p. 13, fn. 10 of the Opposition, Plaintiff requests the Court for leave to conduct jurisdictional

- 4 -

## IV. CONCLUSION

For the foregoing reasons, Defendant Tezos Stiftung's Motion to Quash Service of Summons is granted.

IT IS SO ORDERED.

Dated: August ___, 2019

Teri L. Jackson
Judge of the Superior Court

discovery to discover facts to assert general jurisdiction over the Foundation. The Court denies Plaintiff's request.

- 5 -

*Tezos ICO Cases* JCCP No. 4978  Order Granting Specially Appearing Defendant Tezos Stiftung's Motion to Quash

# CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.251)

I, Sajja Ravinantapricha, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On AUG 2 8 2019, I electronically served the ATTACHED DOCUMENT(S) via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated: AUG 2 8 2019

T. Michael Yuen, Clerk

By: _____
S. Ravinantapricha, Deputy Clerk