# Exhibit 11

1 | TAYLOR-COPELAND LAW
JAMES Q. TAYLOR-COPELAND (284743)

2 | 501 West Broadway, Suite 800
San Diego, CA  92101

3 | Telephone:  619/400-4944

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/09/2019**
**Clerk of the Court**
BY: JUDITH NUNEZ
Deputy Clerk

4 | ROBBINS GELLER RUDMAN
  & DOWD LLP

5 | LUCAS F. OLTS (234843)
SARA B. POLYCHRON (244685)

6 | BRIAN E. COCHRAN (286202)
655 West Broadway, Suite 1900

7 | San Diego, CA  92101
Telephone:  619/231-1058

8 | 619/231-7423 (fax)

9 | *Attorneys for Plaintiff Andrew Baker*

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | COUNTY OF SAN FRANCISCO

12 | COORDINATION PROCEEDING SPECIAL  )
TITLE [RULE 3.550]  )

13 | )
)

14 | **TEZOS ICO CASES**  )
)

15 | _____  )
)

Included Actions:  )

16 | )
)

17 | *Baker v. Dynamic Ledger Solutions, Inc., et al.,*)
Superior Court of California, County of San  )
Francisco, Case No. CGC-17-562144  )

18 | )
)

19 | *Trigon Trading Pty. Ltd., et al. v. Dynamic*  )
*Ledger Solutions, Inc., et al.*, Superior Court of )

20 | California, County of San Mateo, Case No.  )
18CIV02045  )

21 | )
_____  )

Case No.: CJC-18-004978
Judicial Council Coordination
Proceeding No. 4978

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR RECONSIDERATION OF
ORDER GRANTING SPECIALLY
APPEARING DEFENDANT TEZOS
STIFTUNG'S MOTION TO QUASH
SERVICE OF SUMMONS; MEMORANDUM
OF POINTS AND AUTHORITIES  IN
SUPPORT

Complaint Filed: October 25, 2017

Date:       October 25, 2019
Time:       2:30 p.m.
Dept:       613
Judge:      Honorable Teri L. Jackson

22

23 | **REDACTED**

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING
SPECIALLY APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF SUMMONS
4820-0329-7700.v1

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES IN THE ABOVE-REFERENCED ACTION AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 25, 2019 at 2:30 p.m., or as soon thereafter as this matter may be heard, in Department 613 of the above-entitled Court, located at 400 McAllister Street, San Francisco, California 94102, plaintiff Andrew Baker ("Plaintiff") will and hereby does move the Court under California Code of Civil Procedure §1008 for an order granting reconsideration of the Court's August 28, 2019 Order quashing service of summons on Specially Appearing Defendant Tezos Stiftung (the "Foundation"), or in the alternative, modifying its Order to allow Plaintiff limited jurisdictional discovery.  This motion will be made on the grounds that recently produced evidence demonstrates the Foundation's purposeful availment of California which supports this Court's exercise of jurisdiction over it.

This motion is based upon this Notice of Motion, the accompanying memorandum of points and authorities in support of the motion, the papers and records on file in the above-referenced action, all matters of which this Court may take judicial notice, the concurrently filed declaration and exhibits, other materials in the record, argument of counsel, and such other matters as the Court may consider.

- 1 -

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.     PRELIMINARY STATEMENT**

3          Plaintiff Andrew Baker ("Plaintiff") brings this motion for reconsideration to request that the

4  Court modify its August 28, 2019 Order Granting Specially Appearing Defendant Tezos Stiftung's (the

5  "Foundation") Motion to Quash Service of Summons.   After the briefing and hearing on the

6  Foundation's Motion to Quash, Plaintiff discovered additional facts and evidence which demonstrate

7  the Foundation's purposeful availment of California and support this Court's exercise of jurisdiction

8  over the Foundation.  This evidence consists of encrypted communications between Dynamic Ledger

9  Solutions, Inc. ("DLS") and the Foundation that were recently produced by defendant Arthur Breitman.

10 These contacts between the Foundation and Arthur Breitman were sent via technology which was

11 designed to make these communications *vanish* and thus never become discoverable.

12         Established as a Swiss entity by the California-based DLS Defendants[1] in order to skirt U.S.

13 securities laws, the Foundation collected the funds during the Tezos initial coin offering ("ICO") selling

14 hundreds of millions of dollars-worth of Tezos blockchain tokens ("XTZ") to investors, including

15 Plaintiff, a California resident, in violation of the Securities Act of 1933 ("Securities Act").  The

16 Foundation, however, was not independent of the DLS Defendants.  According to the Foundation's

17 former president Johann Gevers ("Gevers"), the DLS Defendants bypassed the Foundation's legal

18 structure, interfered with its management and operations, and attempted to control the Foundation *as if*

19 *it were their own private entity*.

20         Recently, defendant Arthur Breitman produced thousands of pages which contained numerous

21 incomplete and selectively deleted communications.  These communications, though difficult to

22 comprehend due to their incompleteness, have confirmed Gevers' assertion that the Foundation was *not*

23 an independent entity.  Rather these partially deleted encrypted communications reveal that the

24 Foundation was run by, and for the benefit of, the DLS Defendants from their headquarters in

25 California.  In one partially deleted message, ████████████████████████████████████████

26

27 [1]   The "DLS Defendants" refer collectively to defendants Arthur and Kathleen Breitman (together, the "Breitmans") and defendant DLS, all of which are based in California.  Second Amended Complaint, ¶¶20-22.  Citations are omitted and emphasis is added throughout unless otherwise indicated.

28

- 1 -

1 ███████████████████████.  Another partially deleted message reveals that ████████████

2 ████████████████████████████████████████████████.

3      Based on this new evidence, Plaintiff respectfully requests that the Court modify its order and

4 deny the Foundation's Motion to Quash, or alternatively allow Plaintiff to conduct limited jurisdictional

5 discovery.

6 **II.      STATEMENT OF FACTS**

7      The Foundation, through its former president Gevers, coordinated the unregistered Tezos ICO

8 with the California-based DLS Defendants through a private encrypted messaging application (the

9 "Signal App") which was designed to allow users to automatically delete and make communications

10 "*vanish*."  Declaration of Sara B. Polychron in Support of Plaintiffs' Motion for Reconsideration of

11 Order Granting Specially Appearing Defendant Tezos Stiftung's Motion to Quash Service of Summons

12 ("Polychron Decl."), Ex. 1. ████████████████████████████████████

13 ████████████████████████████████████████████████

14 ██████████████████████████████ Polychron Decl., Ex. 2.[2]

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████████

18 ███████████████████ Polychron Decl., Ex. 3. ███████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 ███████████████████████ Polychron Decl., Ex. 4. ████████████

22 ████████████████████████████████████████████ Polychron

23 Decl., Ex. 5.

24 ██████████████████████████████████████████

25 ████████████████████████████████████████ Polychron Decl.,

26 _____
[2]  Pursuant to the January 24, 2019 Stipulated Protective Order and Plaintiff's concurrently filed
27 Notice of Lodging of Certain Evidence Conditionally Under Seal, these document are filed
provisionally under seal.  The Foundation has not signed the protective order in this action.

28
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING
SPECIALLY APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF SUMMONS
4820-0329-7700.v1

1   Ex. 6. ██████████████████████████████████

2   ████████████████████████████████████████████

3   ████████   Polychron Decl., Ex. 7.

4   ██████████████████████████████████████

5   ████████████████████████████████████████████

6   ████████   Polychron Decl., Ex. 8. ████████████████

7   ████████████████████████████████████████████

8   Polychron Decl., Ex. 9.

9   ██████████████████████████████████████

10  ████████████████████████████████████████████

11  ████████████████████████████████████████████

12  ████████████████████████████████████████████

13  ████████   Polychron Decl., Ex. 11.

14  ██████████████████████████████████████

15  ████████████████████████████████████████   Polychron

16  Decl., Ex. 12. ██████████████████████████

17  ████████████████████████   Polychron Decl., Ex. 13.

18  ██████████████████████████████████████

19  ██████████████████   Polychron Decl., Ex. 14. ████████████

20  ████████████████████████████████████████████

21  ██████████████████████████████████   Polychron Decl., Ex. 15.

22  **III.   PROCEDURAL HISTORY**

23         Plaintiff filed his securities class action in San Francisco Superior Court on October 25, 2017,

24  under the express jurisdiction of the Securities Act.  On November 29, 2017, defendant DLS improperly

25  removed this action to federal court, causing significant delays.  Plaintiff filed a motion to remand, and

26  on April 19, 2018, Judge Seeborg ordered Plaintiff's case remanded to this Court.  Additional delays in

27  this action resulted from a Petition for Coordination, which was granted on August 16, 2018.  On

28

- 3 -

1  October 19, 2018, the Court partially lifted the stay on proceedings in order to allow Plaintiff to effect

2  service on the Foundation, and *recommended that defendants share discovery* in the related Federal

3  Action with Plaintiff.[3]  Polychron Decl., Ex. 16.  On November 8, 2018, Plaintiff requested that the

4  Foundation's counsel accept service on behalf of the Foundation, and *requested that defendants share*

5  *copies of all discovery* in the Federal Action.  Polychron Decl., Ex. 17. On November 13, 2018, the

6  Foundation refused to accept service, forcing Plaintiff to undertake the lengthy and expensive process

7  of serving the Foundation through the Hague Service Convention, but *ignored Plaintiff's discovery*

8  *requests*. *Id*.  On December 4, 2018, Plaintiff again requested all discovery produced by defendants in

9  the Federal Action, but again received no response from the Foundation.  Polychron Decl., Ex. 18.

10         On May 14, 2019, the summons and complaint were served on the Foundation in Zug,

11  Switzerland via the Hague.  On June 24, 2019 the Foundation acknowledged service through its

12  counsel.  On July 24, 2019, the Foundation specially appeared in this Court for the first time for the sole

13  purpose of filing a motion to quash service of summons (the "Motion").  The Foundation's Motion

14  specifically objected to providing Plaintiff with *any* discovery, arguing that "*[a]ny discovery in United*

15  *States courts would need to proceed pursuant to the Hague Evidence Convention*," and comply with

16  European data and privacy protection laws.  Motion at 10-11.  Plaintiff opposed the Foundation's

17  Motion (the "Opposition") on August 14, 2019, and requested the Court's leave to conduct

18  jurisdictional discovery of the Foundation.  Opposition at 13-14.  On August 28, 2019, Your Honor

19  granted the Foundation's Motion and denied Plaintiff's request for leave to conduct jurisdictional

20  discovery.

21  **IV.     LEGAL STANDARD**

22         "[A]ny party affected by [an] order may, within 10 days after service upon the party of written

23  notice of entry of the order and based upon new or different facts, circumstances, or law, make

24  application to the same judge or court that made the order, to reconsider the matter and modify, amend,

25  or revoke the prior order."  C.C.P. §1008(a); *see Mink v. Superior Court*, 2 Cal. App. 4th 1338, 1342-44

26  (1992) (compelling the trial court to grant motion for reconsideration and for relief from order where

27  ───────────────
[3]   *See In re Tezos Sec. Litig.*, No. 17-cv-06779-RS (N.D. Cal.) (the "Federal Action").

28
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING
SPECIALLY APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF SUMMONS
4820-0329-7700.v1

1  moving party presented new facts to challenge the premise of the order).  Reconsideration is appropriate

2  if the moving party shows "that (1) evidence of new or different facts exist, and (2) the party has a

3  satisfactory explanation for failing to produce such evidence at an earlier time."  *Kalivas v. Barry*

4  *Controls Corp.*, 49 Cal. App. 4th 1152, 1160-61 (1996).  Where new or different facts justifying a

5  different outcome come to light, "then that new information will support a renewed application that

6  satisfies section 1008."  *Even Zohar Constr. & Remodeling, Inc. v. Bellaire Townhouses, LLC*, 61 Cal.

7  4th 830, 842 (2015).

8      Moreover, the Court has the absolute ability to reconsider its Order on its own outside of the

9  framework of section 1008.  *See Darling Hall & Rae v. Kritt*, 75 Cal. App. 4th 1148, 1157 (1999) ("the

10  only requirement of the court is that it exercise 'due consideration' before modifying, amending, or

11  revoking its prior orders"); *Case v. Lazben Fin. Co.*, 99 Cal. App. 4th 172, 189 (2002).  As the

12  California Supreme Court explained:

13          We cannot prevent a party from communicating the view to a court that it should
            reconsider a prior ruling (although any such communication should never be ex parte).
14          We agree that it should not matter whether the "judge has an unprovoked flash of
            understanding in the middle of the night" (*Remsen v. Lavacot, supra*, 87 Cal. App. 4th at
15          p. 427 . . .) or acts in response to a party's suggestion.  If a court believes one of its prior
            interim orders was erroneous, it should be able to correct that error no matter how it
16          came to acquire that belief.

17  *Le Francois v. Goel*, 35 Cal. 4th 1094, 1108 (2005); *see also Cox v. Bonni*, 30 Cal. App. 5th 287, 312-

18  13 (2018) ("section 1008 imposes no limits on 'a court's ability to reconsider its previous interim orders

19  on its own motion'").

20  **V.    ARGUMENT**

21      **A.    Recently Revealed Evidence Justifies Reconsideration of the Court's
                Order**
22
23      Here, reconsideration is appropriate under C.C.P. §1008 and the Court's inherent power.  Since

    the briefing on the Foundation's Motion and the hearing on that Motion, Plaintiff has discovered
24
    additional facts and evidence which demonstrate the Foundation's purposeful availment of California
25
    and support this Court's exercise of jurisdiction over the Foundation.  This evidence, sprinkled
26
    throughout over 2,000 pages of documents, was produced by Arthur Breitman shortly before the
27
    briefing on the Foundation's motion to quash.  This evidence provides hard proof that the Foundation's
28
                                          - 5 -

1    activities were directed by the DLS Defendants here in California.  Plaintiff respectfully offers this new

2    evidence for the Court's reconsideration.[4]

3         First, Plaintiff has discovered through documents recently produced by Arthur Breitman,[5] that

4    Arthur Breitman and Gevers, the Foundation's President, utilized an encrypted messaging application

5    which allowed them to ***automatically delete*** communications related to their orchestration of the Tezos

6    ICO.  Polychron Decl., Ex. 1.  The Signal App touts its service as enabling users to automatically delete

7    their messages and make "***words vanish***." *Id*.  Deciphering communications sent via the Signal App is

8    particularly difficult, given that the application's stated purpose is to create "***disappearing message[s]***"

9    for its users, making full discovery of those communications impossible.  *Id*.  According to counsel for

10   DLS and the Breitmans, the Signal App communications were manually produced as "screen-shots"

11   from Arthur Breitman's mobile phone.  Polychron Decl., Ex. 19.  These screen-shots show that many of

12   Arthur Breitman's communications with Gevers via the Signal App have been deleted, leaving many of

13   the resulting conversations extremely difficult, if not impossible, to fully decipher.[6]  Nonetheless, a

14   painstaking inspection of these messages demonstrates that the DLS Defendants were coordinating with

15   and directing the Foundation's activities from California:

16       • ████████████████████████████████████

17        ████████████████████████████████████

18   _____

     [4]    As noted above, the Foundation has not produced ***any*** discovery in the instant action, arguing that to
19   do so would be burdensome, time-consuming and expensive, noting that "[a]ny discovery in United
     States courts would need to proceed pursuant to the Hague Evidence Convention," and would need to
20   comply with European data and privacy protection laws.  Motion at 10-11.  In order to lessen any
     burden, Plaintiff requested discovery that had already been produced by the Foundation in the Federal
21   Action, but received no response.  Polychron Decl., Exs. 17-18.  Hence, Plaintiff has been afforded no
     discovery from the Foundation in this action, let alone jurisdictional discovery.
22
     [5]    Documents AB00000001 through AB00002288 were produced by Arthur Breitman on July 17,
23   2019.

     [6] ████████████████████████████████████████
24   ████████████████████████████████████████
     ████████████████████████████████████████
25   ████████████████████████████████████████
     ████████████████████████████████████████
26   ████████████████████████████████████████
     ████████████████████████████████████████
27   Polychron Decl., Ex. 2.

28
                                        - 6 -

1



Polychron Decl., Ex. 2.

- Polychron Decl., Ex. 3.

- Polychron Decl., Ex. 4.

- Polychron Decl., Ex. 5.

- Polychron Decl., Ex. 6.

- Polychron Decl., Ex. 7.

- Polychron Decl., Ex. 8.

- Polychron Decl., Ex. 9.

- Polychron Decl., Ex. 10.

- Polychron Decl., Ex. 11.

These recently produced encrypted communications are evidence of newly unearthed facts which paint a more complete picture of the Foundation's coordination with the California-based DLS Defendants, and Arthur Breitman in particular, who often directed the Foundation from California.

---

7   As Judge Seeborg noted in his Order Denying the Foundation's Motion to Dismiss the Federal Action on jurisdictional grounds, Kenyon, was the Foundation's American spokesperson.  Federal Action, ECF No. 148 at 3.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING SPECIALLY APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF SUMMONS

4820-0329-7700.v1

1     Polychron Decl., Ex. 2.  The Foundation's conduct of the ICO was based on these

2    frequent contacts and the DLS Defendants' direction.

3

4    Polychron Decl., Ex. 8.

5

6

7

8                                                                    Polychron Decl., Ex. 12.

9

10        Polychron Decl., Ex. 13.

11

12                                                             Polychron Decl., Ex. 14.

13

14

15          Polychron Decl., Ex. 15.

16        While these documents clearly demonstrate that the Foundation was conducting the Tezos ICO

17   through and at the behest of the DLS Defendants and other California employees, Arthur Breitman's

18   deletion of his Signal App messages with Gevers obscures the full extent of the Foundation's reliance

19   upon the DLS Defendants in California.  It also underscores the need for further jurisdictional discovery

20   from the Foundation, and its former president, Gevers, who are the only parties that may retain Arthur

21   Breitman's deleted messages.[8]

22

23   ─────────────────
     [8]  Plaintiff's inability to produce this new evidence in its Opposition was reasonable because the
24   evidence was hidden within thousands of pages of documents produced by Arthur Breitman shortly
     before Plaintiff's Opposition was due.  *Kalivas*, 49 Cal. App. 4th at 1160-61 (Reconsideration is
25   appropriate if the moving party shows "that (1) evidence of new or different facts exist, and (2) the
     party has a satisfactory explanation for failing to produce such evidence at an earlier time.").  At the
26   time of the production, Plaintiff's counsel was also focused on opposing three additional motions filed
     by the DLS and Draper Defendants.  Plaintiff's counsel was thus unable to piece-together this new
27   evidence before the Opposition was due.  Moreover, the nature of Arthur Breitman's Signal App
     messages with Gevers, and Arthur Breitman's missing half of the conversation, made those messages
28   difficult and time consuming to decipher.  If the Foundation had agreed to produce documents from the

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING
SPECIALLY APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF SUMMONS
4820-0329-7700.v1

1  **VI.    CONCLUSION**

2        For all of the reasons stated herein, Plaintiff respectfully requests that the Court grant his Motion

3  for Reconsideration and deny the Foundation's Motion to quash service of summons in its entirety, or

4  alternatively modify its order to allow Plaintiff to conduct limited jurisdictional discovery.[9]

5  DATED:  September 9, 2019                       Respectfully submitted,

6                                                 ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
7                                                 LUCAS F. OLTS
                                                  SARA B. POLYCHRON
8                                                 BRIAN E. COCHRAN

9

10                                                       s/ Sara B. Polychron
                                                     SARA B. POLYCHRON

11
                                                  655 West Broadway, Suite 1900
12                                                San Diego, CA  92101
                                                  Telephone:  619/231-1058
13                                                619/231-7423 (fax)
                                                  lolts@rgrdlaw.com
14                                                spolychron@rgrdlaw.com
                                                  bcochran@rgrdlaw.com
15
                                                  TAYLOR-COPELAND LAW
16                                                JAMES Q. TAYLOR-COPELAND
                                                  501 West Broadway, Suite 800
17                                                San Diego, CA  92101
                                                  Telephone:  619/400-4944
18                                                james@taylorcopelandlaw.com

19                                                *Attorneys for Plaintiff Andrew Baker*

20

21

22

23

24  Federal Action, as requested, Plaintiff would have had an opportunity to timely discover the deleted
    communications and other evidence of the Foundation's contacts.

25  [9]    If the Court is inclined to deny the Motion for Reconsideration, Plaintiff respectfully requests leave
26  to amend the complaint. *See, e.g.*, *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 746-47 (2007)
    ("leave to amend is liberally allowed as a matter of fairness, unless the complaint shows on its face that
27  it is incapable of amendment").  Although Plaintiff has previously amended his complaint, he has not
    done so with regards to the Foundation.

28
                                                 - 9 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING
SPECIALLY APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF SUMMONS
4820-0329-7700.v1

1    DECLARATION OF SERVICE BY FILE & SERVE XPRESS AND EMAIL

2    I, the undersigned, declare:

3    1.    That declarant is and was, at all times herein mentioned, a citizen of the United

4    States and employed in the City and County of San Diego, over the age of 18 years, and not a party

5    to or interested party in the within action; that declarant's business address is 655 West Broadway,

6    Suite 1900, San Diego, CA 92101.

7    2.    That on September 9, 2019, declarant served PLAINTIFF'S NOTICE OF

8    MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING SPECIALLY

9    APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF

10   SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

11   [REDACTED] via File & Serve XPress on the recipients designated on the Transaction Receipt

12   located on the File & Serve XPress website.

13   3.    That on September 9, 2019, declarant served PLAINTIFF'S NOTICE OF

14   MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING SPECIALLY

15   APPEARING DEFENDANT TEZOS STIFTUNG'S MOTION TO QUASH SERVICE OF

16   SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

17   [REDACTED] by delivering via electronic mail to the parties on the attached Service List.

18   I declare under penalty of perjury that the foregoing is true and correct.  Executed on

19   September 9, 2019, at San Diego, California.

20

21

22                                                    NATALEE HORSTMAN

23

24

25

26

27

28

1525958_1

**SERVICE LIST**

| | |
|---|---|
| Brian E. Klein<br>Scott M. Malzahn<br>Donald R. Pepperman<br>Keri Curtis Axel<br>Emily Stierwalt<br>BAKER MARQUART LLP<br>777 S. Figueroa Street, Suite 2850<br>Los Angeles, CA 90017<br>bklein@bakermarquart.com<br>smalzahn@bakermarquart.com<br>dpepperman@bakermarquart.com<br>kaxel@bakermarquart.com<br>estierwalt@bakermarquart.com<br><br>*Counsel for Defendants Dynamic Ledger Solutions, Inc., Arthur Breitman and Kathleen Breitman* | \* Patrick E. Gibbs<br>   Samantha A. Kirby<br>   Jessica Valenzuela Santamaria<br>   David S. Houska<br>   Jessie A.R. Simpson Lagoy<br>   COOLEY LLP<br>   3175 Hanover Street<br>   Palo Alto, CA  94304<br>   pgibbs@cooley.com<br>   skirby@cooley.com<br>   jvs@cooley.com<br>   dhouska@cooley.com<br>   jsimpsonlagoy@cooley.com<br><br>   *Counsel for Defendant Dynamic Ledger Solutions, Inc.* |
| \* Christopher L. Wanger<br>   Ana G. Guardado<br>   MANATT, PHELPS & PHILLIPS, LLP<br>   One Embarcadero Center, 30th Floor<br>   San Francisco, CA 94111<br>   cwanger@manatt.com<br>   aguardado@manatt.com<br><br>   *Counsel for Defendants Timothy Draper and Draper Associates V Crypto LLC* | Edward W. Swanson<br>Britt Evangelist<br>SWANSON & McNAMARA LLP<br>300 Montgomery Street, Suite 1100<br>San Francisco, California 94104<br>ed@smllp.law<br>britt@smllp.law<br><br>*Counsel for Defendant Johann Gevers* |
| Neal A. Potischman<br>Serge A. Voronov<br>DAVIS, POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, CA 94025<br>neal.potischman@davispolk.com<br>serge.voronov@davispolk.com<br><br>Edmund Polubinski III<br>Andrew S. Gehring<br>450 Lexington Avenue<br>New York, NY 10017<br>edmund.polubinski@davispolk.com<br>andrew.gehring@davispolk.com<br><br>*Counsel for Defendant Tezos Stiftung* | \* Lucas F. Olts<br>   Sara B. Polychron<br>   Brian E. Cochran<br>   ROBBINS GELLER RUDMAN & DOWD LLP<br>   655 West Broadway, Suite 1900<br>   San Diego, CA  92101<br>   lolts@rgrdlaw.com<br>   spolychron@rgrdlaw.com<br>   bcochran@rgrdlaw.com<br><br>\* James Q. Taylor-Copeland<br>   TAYLOR-COPELAND LAW<br>   501 West Broadway, Suite 800<br>   San Diego, CA  92101<br>   james@taylorcopelandlaw.com<br><br>   *Counsel for Plaintiff Andrew Baker* |

\* Denotes parties authorized to view Protected Material under paragraph 12.3 of the January 24, 2019 Stipulated Protective Order.