# Exhibit 12

F I L E D
Superior Court of California
County of San F...

SEP 24 2019

CLERK OF THE COURT
BY: [signature]
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 613

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>**TEZOS ICO CASES**<br><br>Included Actions:<br><br>*Baker v. Dynamic Ledger Solutions, Inc., et al.,* Superior Court of California, County of San Francisco, Case No. CGC-17-562144<br><br>*Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.,* Superior Court of California, County of San Mateo, Case No. 18CIV02045 | Case No. CJC-18-004978<br><br>JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4978<br><br>ORDER GRANTING SPECIALLY APPEARING DEFENDANT JOHANN GEVERS' MOTION TO QUASH SERVICE OF SUMMONS |

## INTRODUCTION

The above-entitled matter came on regularly for hearing on September 24, 2019. A court reporter was not present. Plaintiff Andrew Baker appeared by James Q. Taylor-Copeland via CourtCall. Defendant Johann Gevers appeared by Edward Swanson. Having reviewed and considered the argument and written submissions of all parties and being fully advised, the Court grants the motion to quash.

## BACKGROUND

This putative class action is brought against multiple defendants who allegedly promoted, sold, and solicited the unregistered sale of "Tezos blockchain tokens," also referred to in the SAC as "Tezzies" or "XTZ," in violation of the registration provisions of federal securities laws.[1] (Second Amended

---
[1] The SAC names the following defendants: Dynamic Ledger Solutions, Inc., the Tezos Stiftung ("Tezos

- 1 -

Complaint ["SAC"] ¶ 1.) Plaintiff purchased XTZ from Defendants during the Tezos initial coin offering ("ICO") on July 12, 2017, in which Defendants allegedly sold over 607 million XTZ in exchange for digital currency worth more than $230 million at the time. (*Id.* ¶¶ 6, 17.) Plaintiff generally alleges that Defendants offered and sold XTZ tokens without filing a registration statement with the Securities and Exchange Commission ("SEC") in violation of the Securities Act. Plaintiff and the putative class seek a rescission of their purchases, and the return of their investment. (*Id.* ¶ 13.)

The SAC asserts two causes of action under federal securities laws. Plaintiff's first cause of action is for alleged violations of section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1), prohibiting the sale of unregistered securities. (*Id.* ¶¶ 137-147.) This first cause of action is asserted against all Defendants in this case. The second cause of action is for alleged violations of section 15 of the Securities Act, 15 U.S.C. § 77o, which imposes liability on persons who control persons liable under section 12. (*Id.* ¶¶ 148-155.) The second cause of action is asserted only as to Defendants Arthur and Kathleen Breitman, Gevers, Draper, Draper Associates, and DLS. (*Id.*)

The following facts are relevant to the instant motion. Gevers is an individual who was the president of the Tezos Foundation at the time of the Tezos ICO. (*Id.* ¶ 19.) Gevers lives in Zug, Switzerland, where he has been a permanent resident since 2014 and intends to remain. (Declaration of Johann Gevers in Support of the Motion to Quash ["Gevers Decl."] ¶ 2.) Gevers has never traveled to California or any other place in the United States as part of his work for the Tezos Foundation. (*Id.* ¶ 7.) To conduct the Tezos ICO, Defendants Kathleen and Arthur Breitman and Dynamic Ledger Solutions, Inc. (collectively, "DLS Defendants") helped create the Tezos Foundation. (SAC ¶ 38.) In July 2017, the Foundation conducted the Tezos ICO. (*Id.* ¶ 18.) Plaintiff, a resident of San Diego, California, purchased 5,000 Tezos tokens from the Tezos Foundation's website. (*Id.* ¶ 17, 127.) Plaintiff further alleges that the DLS Defendants, Timothy Draper, and Draper Associates V Crypto LLC – all of whom reside in California – controlled and directed the actions of the Foundation in the time prior to and during the Tezos ICO. (*Id.* ¶ 25.)

---

Foundation"), Kathleen Breitman, Arthur Breitman, Johann Gevers, Timothy Draper, Draper Associates V Crypto LLC, and Bitcoin Suisse AG.

Gevers filed the instant motion to quash service of summons for lack of personal jurisdiction. Gever contends that no facts form the basis for personal jurisdiction over him.

### LEGAL STANDARD

A defendant may move "[t]o quash service of summons on the ground of lack of personal jurisdiction of the court" over defendant. (Code Civ. Proc. § 418.10(1).) In such a motion, the plaintiff bears the burden to demonstrate facts, as to each nonresident defendant, justifying the exercise of jurisdiction by a preponderance of evidence. (*Strasner v. Touchstone Wireless Repair & Logistics, LP* (2016) 5 Cal.App.5th 215, 221-222.)

Personal jurisdiction is governed by California's long-arm statute, which permits a court to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state of the United States." (See *DVI, Inc. v. Sup. Ct.* (2002) 104 Cal.App.4th 1080, 1089.) "To comport with federal and state due process, California courts may only exercise jurisdiction when a defendant has sufficient minimum contacts with the state to satisfy 'traditional notions of fair play and substantial justice.'" (*Strasner, supra*, 5 Cal.App.5th at 221.) There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. (*DVI, Inc., supra*, 104 Cal.App.4th at 1090.) General jurisdiction over a defendant exists where the defendant's contacts are substantial, continuous and systematic. (*Id.*) Specific jurisdiction, on the other hand, requires the plaintiff to show that the defendant purposefully availed himself of forum benefits with respect to the matter in controversy; that the controversy is "related to or arises out of" the defendant's contacts with the forum; and that the exercise of jurisdiction would comport with fair play and substantial justice. (*Id.*) "[J]urisdiction over a nonresident must be based on an analysis of the relationship between *that* defendant and the forum state." (*Pa. Health & Life Ins. Guaranty Assn. v. Super. Ct.* (1994) 22 Cal.App.4th 477, 487.)

### DISCUSSION AND ANALYSIS

Neither party suggests that the Court has general jurisdiction over Gevers. Rather, Plaintiff contends that this Court has personal jurisdiction over Gevers because Gevers purposefully availed himself of, and benefited from, doing business in California by (1) accepting currency in exchange for unregistered Tezos tokens in California from California residents via websites accessible to Californians,

and (2) coordinating the unregistered Tezos ICO with the California-based DLS Defendants through a private encrypted messaging application (the "Signal App"). (Plaintiff's Opposition ["Opp."] at 2.)  For the reasons set forth below, the Court finds that Plaintiff failed to satisfy his burden of demonstrating facts that would justify this Court's exercise of jurisdiction over Gevers.

Plaintiff argues that this Court should exercise jurisdiction over Gevers because he participated "in an unregistered security offering on behalf of the California-based DLS Defendants who hired a California-based marketing firm, partnered with the California-based Draper Defendants, and importantly, actually *sold* unregistered securities *to* Californians." (Opp. at 6 [emphasis in original.])

First, Plaintiff's argument that the DLS Defendants' conduct during the Tezos ICO can be imputed to Gevers is misplaced. (See Opp. at 6-7). Even if the Tezos Foundation was created for the benefit of the DLS Defendants while Gevers was the President, it is not sufficient for Plaintiff to present evidence regarding the DLS Defendants' conduct in California. Plaintiff must meet his burden to demonstrate facts to justify this Court's exercise of personal jurisdiction over *Gevers*. (See *Strasner, supra,* 5 Cal.App.5th at 221-222.) It is also not sufficient for Plaintiff to assert Gevers "frequently acted at the direction of the DLS Defendants" or communicated through the Signal App with the DLS Defendants about their activity in California. (Opp. at 6-8; see *In re Automobile Antitrust Cases I & II* (2005) 135 Cal.App.4th 100, 113 ["The purposes and acts of one party—even an alleged co-conspirator—cannot be imputed to at third party to establish jurisdiction over the third party defendant."].)  Plaintiff has not offered evidence to dispute that Gevers did not (1) raise funds from, or promote Tezos technology to, or fundraise from anyone in California; and (2) create or control any of the software used to conduct the Tezos ICO. (Gevers Decl. ¶¶ 9-12.)

Second, Plaintiffs have not shown that Gevers himself placed the information on the internet causing the Tezos Foundation to accept money from California investors, such as Plaintiff. In fact, the evidence submitted by Plaintiff indicates that Gevers did not have control over Tezos' Foundation websites. (See Sarah B. Polychron Declaration in Support of Plaintiff's Opposition ["Polychron Decl."] Exs. 1, 5, 6, 7, 18.) However, even if Gever's control over the websites was established, under California law, a defendant's "act of placing information on the Internet is not sufficient by itself to subject that [defendant] to personal jurisdiction in each State in which the information is accessed." (*Burdick v.*

*Super. Ct.* (2015) 233 Cal.App.4th 8, 21 [internal quotations omitted].) Personal jurisdiction requires a defendant to "manifest[] an intent to direct [its] website content . . . to a forum state audience." (*Id.* at 20.) The Court finds Plaintiff has not presented any evidence to show Gevers (through the websites) purposefully directed activity toward the *state of California*.

Based on the foregoing, the Court concludes that Gevers does not have sufficient minimum contacts with California to justify this Court's jurisdiction over it. Accordingly, the Court grants Defendants' motion to quash.[2]

## IV.   CONCLUSION

For the foregoing reasons, Defendant Gevers' Motion to Quash Service of Summons is granted.

IT IS SO ORDERED.

Dated: September 24, 2019

Teri L. Jackson
Judge of the Superior Court

---

[2] On p. 11 of the Opposition, Plaintiff requests the Court for leave to conduct jurisdictional discovery to discover facts to assert general jurisdiction over Gevers. The Court denies Plaintiff's request.

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, SEAN KANE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On September 24, 2019, I electronically served the ATTACHED DOCUMENT(S) via File&ServeXpress on the recipients designated on the Transaction Receipt located on the File&ServeXpress website.

Dated: September 24, 2019

T. Michael Yuen, Clerk

By: _____
SEAN KANE, Deputy Clerk