1  Jeffrey C. Block (*pro hac vice*)        Reed R. Kathrein (139304)
   Jacob A. Walker (SBN 271217)            Danielle Smith (291237)
2  **BLOCK & LEVITON LLP**                  **Hagens Berman Sobol Shapiro LLP**
   260 Franklin Street, Suite 1860         715 Hearst Ave., Suite 202
3  Boston, MA 02110                        Berkeley, CA  94710
   (617) 398-5600 phone                    Telephone: (510) 725-3000
4  jeff@blockesq.com                       Facsimile: (510) 725-3001
   jake@blockesq.com                       reed@hbsslaw.com
5                                          danielles@hbsslaw.com
6
7  *Co-Lead Class Counsel and Counsel to Lead*   *Additional Counsel to Lead Plaintiff Trigon*
   *Plaintiff Trigon Trading Pty Ltd.*          *Trading Pty Ltd.*
8
   *[Additional counsel listed on signature block]*
9

10

11                     **UNITED STATES DISTRICT COURT**

                    **NORTHERN DISTRICT OF CALIFORNIA**
12

13  IN RE TEZOS SECURITIES LITIGATION       Master File No.  17-cv-06779-RS

14                                          **CLASS ACTION**
    This document relates to:
15                                          **DECLARATION OF JEFFREY C.**
        ALL ACTIONS.                        **BLOCK IN OPPOSITION TO MOTION**
16                                          **FOR DISTRIBUTION OF ATTORNEYS'**
                                            **FEES**
17
                                            Date:        N/A*
18                                          Time:        N/A*
                                            Courtroom:   N/A*
19                                          Judge:       Hon. Richard Seeborg
20
                                            * The Court's September 25 order (ECF 268)
21                                          vacated the October 29, 2020 hearing

22

23

24

25

26

27

28

I, Jeffrey C. Block, declare as follows:

1.      I am a partner in Block & Leviton LLP ("B&L"), counsel to Lead Plaintiff Trigon Trading Pty Ltd. ("Trigon"), the sole Court-appointed Lead Plaintiff in the above-captioned securities class action (the "Action"). B&L is a Court-appointed Co-Lead Counsel.

2.      I submit this Declaration in opposition to the Motion To Distribute Attorneys' Fees by Hung Ta Law ("Ta Law").  I have direct and personal knowledge of the matters set forth in this Declaration, and, if called to testify, I could and would competently testify thereto.

3.      After Trigon was appointed as sole Lead Plaintiff I took over the responsibility for prosecuting the Action along with my partner Jacob Walker. One of my initial steps was to contact whom I understood was primary counsel for the defendants. During my introductory telephone call, we discussed the status of the litigation, the prior failed mediation, Defendants' views as to why it failed, and that a clean slate with a new mediator might prove more fruitful. We agreed to discuss the possibility of renewing settlement discussions and that all discussions regarding settlement would be privileged in accordance with Fed. R. Evid. 408.

4.      Thereafter, I contacted Hung Ta of Ta Law to inform him of my conversations with defense counsel and the possibility of renewing settlement discussions. Ta indicated he might agree to renewing settlement discussions if, and only if, Defendants indicated how much they would be willing to pay to settle the case before he would agree to any mediation.

5.      I responded to Ta that the purpose of a mediation was to facilitate negotiations towards a resolution and that demanding Defendants agree to pay a certain amount before the commencement of a mediation negated the entire basis to have a mediation. I then informed Ta that any mediation needed to include the State Court counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and James Taylor-Copeland ("Copeland"), as achieving a global

settlement would lead to a higher recovery. I informed Ta of my prior experiences of including both Federal and State actions in settlement negotiations would lead to a higher overall recovery for the Class. Ta was initially opposed to including the State Law case in any mediation but eventually relented.

6.      Thereafter, the parties agreed to a mediation on November 22, 2019. I informed Ta, in September 2019, that I discussed with Defense counsel the parties agreeing to informally stay all discovery efforts so both sides could conserve resources and focus all efforts on the mediation. Ta was strongly opposed to this. He believed plaintiffs needed to continue to aggressively pursue the litigation, serve more third-party subpoenas, file motions to compel and re-file the motion for class certification.

7.      I explained to Ta that the Court had, at that time, not yet entered a scheduling order so there was no urgency to complete discovery or move for certification. I also explained to him that defendants were paying defense costs and would pay any potential settlement, out of their own pockets, as there was no insurance coverage available. Any money they saved on defense costs could theoretically be used to increase the amount they would pay in settlement. I explained to Ta that defendants agreed to cooperate with us and provide us with information that would assist us in evaluating the case, and our overall damages, in the context of settlement discussions. Continued litigation would hamper those efforts. Ta appeared to agree with me and appeared to agree to a cessation of discovery and focus on mediation.

8.      I subsequently learned, however, that Ta and his group of attorneys' were pursuing discovery efforts, contacting defendants' counsel to demand documents and negotiate certain terms and conditions without my knowledge or approval, or that of my partner, Mr. Walker after we discussed and agreed to an informal cessation of discovery. At that point in time it became

clear to me that Ta was seeking to undermine the efforts of Trigon to attempt, in good faith, to reach a settlement for the class and that Ta was acting in his own, and his group's best interests, by continuing to run up their lodestar.

9.     On or about September 20, 2019 Mr. Walker and I contacted Ta and informed him that Trigon instructed us to file a motion with the Court to either (1) have Ta removed as a co-lead counsel or (2) to allow Trigon to withdraw as the Lead Plaintiff. It was our belief that Ta was actively attempting to undermine the possibility of a settlement and was continuing to seek discovery despite our discussions that preserving resources and focusing on settlement was a worthwhile endeavor and if the mediation was unsuccessful, full litigation efforts would resume. Annexed hereto as Exhibit A is a true and correct copy of an email I sent to Ta informing him that he needed to agree to stop acting behind our back and seeking to undermine the good faith efforts at mediation, or we would go forward with the motion by Trigon to have Ta removed as co-lead counsel.

10.     Ta agreed to support the mediation efforts and stop contacting defense counsel behind our backs. Trigon therefore refrained from filing the motion.

11.     After the parties reached agreement to settle the action for $25 million, I contacted Ta in December 2019 to inform him that a draft of the Stipulation of Settlement ("Stipulation") was being circulated. I informed him that the draft Stipulation included a provision regarding the allocation of attorneys' fees. The allocation was that the Federal Case would be allocated 50% of any awarded attorneys' fees and the State Case would be allocated 50% of any awarded attorneys' fees. I understood that Ta and Walker had previously discussed that B&L and Ta (and his group) split any award of attorneys' fees in the Federal Case 50/50. Therefore, Ta should have clearly known and understood that his group would receive 25% of any attorneys' fees awarded.

1      12.     During this same telephone call, I explained to Ta that including the State Case in

2 the mediation provided value as defendants always pay more to achieve global peace than through

3 piecemeal settlements. I also told him that having a fight with Robbins Geller and Copeland over

4 how to split the attorneys' fees was not something I was interested in doing. I told him that I

5 believed a 50/50 split among the Federal and State cases was reasonable. I did make clear to him,

6 however, that if he did not agree with that allocation, that he should let me know, and that either

7 he and I, or he alone, could discuss this with Robbins Geller and Copeland and provide an

8 alternative proposal on how to allocate the attorneys' fees. At no point did I ever tell Ta that he

9 could not provide his own input or views on how to allocate the attorneys' fees.

10      13.     I never heard from Ta again regarding allocation of the attorneys' fees until after

11 the attorneys' fees were awarded and I emailed him proposing the same attorneys' fee allocation

12 that I proposed in December 2019. The attorneys' fees proposal I made to him was based on the

13 input and approval of Trigon.

14      14.     On August 31, 2020, I emailed Ta "suggest[ing] we divide the fee award 50/50

15 between Federal and State case and 50/50 between my firm and yours. I assume you will take care

16 of LTL, Restis and Lite DePalma . . ."  Six minutes later, Ta responded via email on August 31,

17 2020 writing "No. We will let Judge Seeborg decide this." A true and correct copy of this email

18 exchange is annexed hereto as Exhibit B.

19      15.     On September 1, 2020, I called Ta and left him a voice mail message. I suggested

20 that before he file a motion, that we attempt to resolve any attorneys' fee allocation dispute among

21 ourselves before we involve the Court. Ta responded via email on September 1, 2020. He wrote

22 that his group would agree to allocate the attorneys' fees on a pure lodestar basis – his group would

23 get 57% of the fee and the remaining counsel 43%. He wrote: "this is our best and final (and only)

offer. If you disagree with this proposal, we will file a motion with the Court and request that Judge Seeborg determine the fee allocation. In the event of such a motion, we would be entitled to seek from the Court a percentage that is greater than our group's collective lodestar." A true and correct copy of this email is annexed hereto as Exhibit C.

16.     I responded to Ta's email suggesting "before we burden the Court with a fee allocation dispute, that we consider using a neutral (such as Layn [Phillips] who is familiar with the case) to help resolve this disagreement. I am sure the Court would appreciate our attempting to resolve this before seeking the Court's intervention." Ta responded 7 minutes later with a single word response: "No." A true and correct copy of this email exchange is annexed hereto as Exhibit D.

17.     Not until after Trigon was further consulted about the allocation of attorneys' fees were any such fees distributed to counsel.

18.     On September 10, 2020 I emailed Ta and informed him that "Trigon has directed that the attorneys' fees be allocated 50% to the Federal Case, 50% to the State Case and that the attorneys' fees in the Federal case be split 50/50 between the B&L attorneys and the HTL attorney group.  As such, we have distributed the fees to my firm, Hagens Berman and the attorneys for the state court action, subject to their agreement to repay any amounts that might be reallocated."  I further informed him that the "HTL group's fees remain in the Tezos escrow account. We are happy to send you the allocated share for your firm, LTL, Restis and Lite DePalma which can be *without prejudice* to your challenging the allocation." A true and correct copy of this email is annexed hereto as Exhibit E.

19.     On September 21, 2020 Ta sent me a draft of his Motion to Allocate Attorneys' Fees. I responded to him and "reiterate[d] my offer that we attempt to resolve our differences,

either by using a neutral, or just by directly communicating with each other, before we burden the Court with this. Lawyers squabbling over multi-million fee awards is never appreciated by the Court. If you have any interest in good faith negotiations, please let me know as we have repeatedly indicated that we are willing to listen to your views, have a good faith dialogue, and attempt to resolve this among ourselves." A true and correct copy of this email is annexed hereto as Exhibit F.

20.    Ta responded by claiming that he had "given us multiple opportunities to resolve this matter without the Court's intervention, to no avail." I responded reminding Ta that his only attempt to resolve the dispute without the Court's intervention was a "take or leave it" offer coupled with a threat that if we did not accept it, he would file his motion and seek even more for him and his group. A true and correct copy of this email exchange is annexed hereto as Exhibit G.


I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of October 2020, at Norfolk County, Mass.


/s/ Jeffrey C. Block
Jeffrey C. Block

Exhibit A

**Subject:** Re: Mediation - Discovery
**Date:** Monday, September 23, 2019 at 10:02:17 AM Eastern Daylight Time
**From:** Jeff Block
**To:** Hung Ta
**CC:** Jacob Walker
**BCC:** Jeff Block, Joel Fleming
**Attachments:** image001.png

Hung,

I appreciate your agreeing to focus our efforts into attempting to resolve this case via mediation, with Judge Philips, at the mediation scheduled on Nov. 22 and to slow down the litigation efforts for the time being, which will conserve defense resources and plaintiffs' resources. This allows us to work on issues with defendants before we get to the mediation in the hopes that the mediation will be productive and, possibly, successful.

Two points, however, still need to be addressed: 1 – you **cannot** continue to call and/or email defendants asking them to produce additional documents, or negotiate terms regarding the foundation assisting people who have lost their passwords, without **first** either informing me or Jake that this is something you would like to pursue. We do not appreciate receiving calls from defense counsel asking about actions you are taking that we do not even know about. We need to speak with **one voice** and us having separate conversations with defendants is not productive. 2 – you have repeatedly made comments along the lines of "when the mediation fails" and even your email below is conditioned on resuming the litigation "if the mediation is unsuccessful." I do not know if this case will or will not resolve. I do know that we are going into a mediation acting in good faith and with the hope that we can achieve a good and fair resolution. If we cannot then, of course, we will resume the litigation. If you do not share the view that we are going into a mediation in good faith to attempt to resolve this case, you should let me know now. But to continuously state that "when the mediation fails," and condition your agreeing to proceed on the view that the litigation must ramp up again on November 23, suggests that you are not approaching the mediation in good faith.

Please respond to these two points before we can agree to discuss with Trigon forgoing filing the motion that they have instructed us to file.

After I hear from you and we speak to Trigon, we can discuss proceeding further.

Jeff

---

**From:** Hung Ta <hta@hgtlaw.com>
**Date:** Sunday, September 22, 2019 at 8:22 PM
**To:** Jeffery Block <jeff@blockesq.com>, Jake Walker <jake@blockesq.com>
**Cc:** JooYun Kim <jooyun@hgtlaw.com>, Angus Ni <angus@hgtlaw.com>, Alex Hu <alex.hu@ltlattorneys.com>, Caleb Liang <Caleb.Liang@ltlattorneys.com>
**Subject:** Mediation - Discovery

[EXTERNAL]

Jeff,

We will go along with your proposal to suspend discovery by the parties pending the November 22 mediation, based on your indication that, if the mediation is unsuccessful, Trigon and your firm intend to ramp up litigation of the case, including actively pursuing outstanding discovery and filing a motion for class certification.

In the meantime, we should send out certain discovery requests to Defendants as placeholders (on the understanding that they do not have to be answered by Defendants pending the mediation). This will ensure that Defendants have to produce the discovery immediately after the mediation if the mediation is unsuccessful. We have sent some draft requests to Jake.

Also, Neal Potischman indicated his willingness to consider providing information that is directly relevant to the mediation, even with discovery suspended. I believe we should request Tezos ICO wallet identifier information from the Tezos Foundation. Using that information, we will be able to track trades by the ICO investors and then use that to create a model for calculating trading damages for purposes of the mediation. If you have an alternative proposal for estimating damages without getting the wallet information, please let us know.



Hung G. Ta
250 Park Avenue, 7th Floor
New York, New York 10177
Tel:      +1 (646) 453-7290
Fax:     +1 (646) 453-7289

Web:    www.hgtlaw.com

================================================================

*CONFIDENTIALITY NOTICE: This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.*

================================================================

Exhibit B

**Subject:** RE: Activity in Case 3:17-cv-06779-RS In Re Tezos Securities Litigation Order
**Date:** Monday, August 31, 2020 at 1:37:43 PM Eastern Daylight Time
**From:** Hung Ta
**To:** Jeffrey C. Block
**CC:** Jacob Walker

No.

We will let Judge Seeborg decide this.

**From:** Jeffrey C. Block <jeff@blockleviton.com>
**Sent:** Monday, August 31, 2020 1:31 PM
**To:** Hung Ta <hta@hgtlaw.com>
**Cc:** Jacob Walker <jake@blockleviton.com>
**Subject:** FW: Activity in Case 3:17-cv-06779-RS In Re Tezos Securities Litigation Order

Hung,

I hope you and your family are doing well.

We suggest dividing the fee award 50/50 between Federal and State case and 50/50 between my firm and yours.  I assume you will take care of LTL, Restis and Lite DePalma and we will take care of Hagens Berman.

Please send me your W-9 so we can distribute the fees and expenses.

Please have your clients send us W-9s so we can send them their incentive awards.

Thanks and best regards,
Jeff


Jeffrey C. Block
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
jeff@blockleviton.com  |  https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** "ECF-CAND@cand.uscourts.gov" <ECF-CAND@cand.uscourts.gov>
**Date:** Friday, August 28, 2020 at 7:00 PM
**To:** "efiling@cand.uscourts.gov" <efiling@cand.uscourts.gov>
**Subject:** Activity in Case 3:17-cv-06779-RS In Re Tezos Securities Litigation Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 8/28/2020 at 3:58 PM and filed on 8/28/2020
**Case Name:**          In Re Tezos Securities Litigation
**Case Number:**        3:17-cv-06779-RS
**Filer:**
**Document Number:** 262

**ORDER AWARDING ATTORNEYS FEES, LITIGATION EXPENSES, AND AWARDS FOR PLAINTIFFS. Signed by Judge Richard Seeborg on 8/28/2020. (cIS, COURT STAFF) (Filed on 8/28/2020)**

**3:17-cv-06779-RS Notice has been electronically mailed to:**

**Alexander Humphrey Hu**     alex.hu@ltlattorneys.com, ben.andrews@ltlattorneys.com, docket@ltlattorneys.com, erika.santoyo@ltlattorneys.com, lynette.suksnguan@ltlattorneys.com

**Ana G. Guardado**     aguardado@manatt.com, drunchey@manatt.com

**Andrew S. Gehring**     andrew.gehring@davispolk.com

**Brian E. Klein**     bklein@bakermarquart.com, calendar@bakermarquart.com, file@bakermarquart.com

**Britt H. Evangelist**     bevangelist@swansonmcnamara.com, AmyMcGuigan@ecf.courtdrive.com, britt@ecf.courtdrive.com, britt@smllp.law

**Bruce Daniel Greenberg**     bgreenberg@litedepalma.com, epalomino@litedepalma.com, sgreenfogel@litedepalma.com

**Caleb H. Liang**   caleb.liang@ltlattorneys.com

**Charles A Brown**   CBrown@goodwinlaw.com, AllisonKlein@goodwinlaw.com

**Christopher L. Wanger**   cwanger@manatt.com, AGuardado@manatt.com, BMiller-Phillips@manatt.com, fstephenson@manatt.com

**Daniel P. Roeser**   DRoeser@goodwinlaw.com

**Danielle Smith**   danielles@hbsslaw.com, sf_filings@hbsslaw.com

**David Carter Beach**   ef-dcb@cpdb.com, duffbeach27@gmail.com

**Donald J. Enright**   denright@zlk.com, etripodi@zlk.com, jcarriel@zlk.com

**Donald Ross Pepperman**   dpepperman@bakermarquart.com

**Edmund Polubinski , III**   edmund.polubinski@davispolk.com

**Eduard Korsinsky**   ek@zlk.com

**Edward W. Swanson**   ed@smllp.law, AmyMcGugian@ecf.courtdrive.com, britt@ecf.courtdrive.com, ed@ecf.courtdrive.com

**Enoch H Liang**   enoch.liang@ltlattorneys.com, caleb.liang@ltlattorneys.com, docket@ltlattorneys.com, erica.schoenberg@ltlattorneys.com, katie.tokushige@ltlattorneys.com

**Grant P. Fondo**   gfondo@goodwinlaw.com, SCRobinson@goodwinlaw.com

**Hung G. Ta**   hta@hgtlaw.com

**Jacob Allen Walker**   jake@blockesq.com, jacob-walker-5598@ecf.pacerpro.com

**James Mitchell Lee**   james.lee@ltlattorneys.com, Docket@ltlattorneys.com, erik.rodriguez@ltlattorneys.com

**James Quinn Taylor-Copeland**   james@taylorcopelandlaw.com, docketing@mintz.com, DSJohnson@mintz.com

**Jason M. Leviton**   jason@blockesq.com

**Jeffrey C. Block**   jeff@blockesq.com, jeff-block-2197@ecf.pacerpro.com

**Jeffrey Michael Kaban**   kabanjm@cooley.com, efiling-notice@ecf.pacerpro.com, eFilingNotice@cooley.com, lalmanza@cooley.com

**Jeremy Nash**   jnash@litedepalma.com

**Jessica N Meyers**   Jmeyers@brownrudnick.com

Jessica Valenzuela Santamaria    jsantamaria@cooley.com, galancr@cooley.com

Jessie A. R. Simpson Lagoy    jlagoy@cooley.com, galancr@cooley.com

Joel Anderson Fleming    joel@blockesq.com, joel-fleming-5728@ecf.pacerpro.com

Joseph J. DePalma    jdepalma@litedepalma.com, epalomino@litedepalma.com

Kevin Michael Bringuel    kevin.bringuel@ltlattorneys.com, docket@ltlattorneys.com

Leo J. Presiado    lpresiado@brownrudnick.com

Marc Robert Lewis    mlewis@lewisllewellyn.com, chayward@lewisllewellyn.com, korrantia@lewisllewellyn.com, prestad@lewisllewellyn.com

Mary Geraldine McNamara    mary@smllp.law, AmyMcGuigan@ecf.courtdrive.com, britt@ecf.courtdrive.com, mary@ecf.courtdrive.com

Nathalie Fayad    nfayad@lewisllewellyn.com, korrantia@lewisllewellyn.com

Neal Alan Potischman    neal.potischman@dpw.com, ecf.ct.papers@dpw.com, lit.paralegals.mp@davispolk.com, tezos.lit@davispolk.com

Nicholas A. Reider    nreider@goodwinlaw.com, scrobinson@goodwinlaw.com

Patrick Edward Gibbs    pgibbs@cooley.com, bgiovannoni@cooley.com

Peter E. Borkon    pborkon@bfalaw.com

Rebecca Furman    bfurman@lewisllewellyn.com, chayward@lewisllewellyn.com, korrantia@lewisllewellyn.com, prestad@lewisllewellyn.com

Reed R. Kathrein    reed@hbsslaw.com, lisal@hbsslaw.com, sf_filings@hbsslaw.com

Rees Ferriter Morgan    EfilingRFM@cpdb.com, cxb@cpdb.com, rees-morgan-cpdb-3123@ecf.pacerpro.com

Rosemary M. Rivas    rrivas@zlk.com, jkornhaber@zlk.com, jtash@zlk.com, rmah@zlk.com

Samantha Anne Kirby    skirby@cooley.com, galancr@cooley.com, lsantamaria@cooley.com

Scott Matthew Malzahn    smalzahn@bakermarquart.com, calendar@bakermarquart.com, estierwalt@bakermarquart.com, file@bakermarquart.com

Serge Alexander Voronov    serge.voronov@davispolk.com

Sigmund S Wissner-Gross    swissner-gross@brownrudnick.com

Steve W. Berman    steve@hbsslaw.com, heatherw@hbsslaw.com, nicolleg@hbsslaw.com

Teresa L. Huggins    thuggins@bakermarqaurt.com

Whitney E. Street     wstreet@blockesq.com, whitney-street-0082@ecf.pacerpro.com

William Richard Restis     william@restislaw.com, support@restislaw.com

3:17-cv-06779-RS Please see Local Rule 5-5; Notice has NOT been electronically mailed to:

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:N:\ecf\17-cv-06779-RS-17-cv-06779-RS_In_Re_Tezos_Securities_Litigation_-_Order_Awarding_Att_Fees_Lit_Expenses__Plaintiff_Awards.pdf
Electronic document Stamp:
[STAMP CANDStamp_ID=977336130 [Date=8/28/2020] [FileNumber=17284519-0]
[b2140963090c1c5df1db39c5d7af97ca75736a7a8d9d6fcf63078318afe3cb2b0c67
4e59297f0f6d9ea9d0485c58dc0a20b52f300dfdfba775a98e39c84adbc8]]

Exhibit C

**Subject:** Tezos - fee allocation

**Date:** Tuesday, September 1, 2020 at 10:25:26 AM Eastern Daylight Time

**From:** Hung Ta

**To:** Jeffrey C. Block

**Attachments:** image001.png

Jeff,

I got your voicemail.

This is our proposal for the allocation of the attorneys' fees. The fees should be allocated based on the collective lodestar of our group (HGT Law, LTL Attorneys, Lite DePalma and Restis Law Firm), versus the collective lodestar of your group (Block & Leviton, Robbins Geller, Hagens Berman and Taylor-Copeland) – an approximately 57% to 43% split. This is our best and final (and only) offer.

If you disagree with this proposal, we will file a motion with the Court and request that Judge Seeborg determine the appropriate allocation. In the event of such a motion, we would be entitled to seek from the Court a percentage that is greater than our group's collective lodestar. This would be based on the actual value of the contributions of the respective groups to the litigation and the settlement (as opposed to just the nominal amount of the groups' respective lodestars), and also recognizes that, as the Defendants repeatedly asserted at the mediation before Layn Phillips, the State Court Litigation was "dead in the water" and worthless.

Please let us know your position.



Hung G. Ta
250 Park Avenue, 7th Floor
New York, New York 10177
Tel:     +1 (646) 453-7290
Fax:    +1 (646) 453-7289
Web:   www.hgtlaw.com

================================================================

*CONFIDENTIALITY NOTICE: This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.*

================================================================

Exhibit D

Tuesday, October 6, 2020 at 2:59:01 PM Eastern Daylight Time

**Subject:** RE: Tezos - fee allocation
**Date:** Tuesday, September 1, 2020 at 7:31:55 PM Eastern Daylight Time
**From:** Hung Ta
**To:** Jeffrey C. Block
**CC:** Jacob Walker, Samuel Rudman, Luke Olts, Reed Kathrein
**Attachments:** image001.png

No.

---

**From:** Jeffrey C. Block <jeff@blockleviton.com>
**Sent:** Tuesday, September 1, 2020 7:15 PM
**To:** Hung Ta <hta@hgtlaw.com>
**Cc:** Jacob Walker <jake@blockleviton.com>; Samuel Rudman <SRudman@rgrdlaw.com>; Luke Olts <LOlts@rgrdlaw.com>; Reed Kathrein <reed@hbsslaw.com>
**Subject:** Re: Tezos - fee allocation

Hung,

We suggest that before we burden the Court with a fee allocation dispute, that we consider using a neutral (such as Layn who is familiar with the case) to help resolve this disagreement. I am sure the Court would appreciate our attempting to resolve this before seeking the Court's intervention.

Let us know.

Jeff



Jeffrey C. Block
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
jeff@blockleviton.com  |  https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Hung Ta <hta@hgtlaw.com>
**Date:** Tuesday, September 1, 2020 at 10:25 AM

**To:** Jeffery Block <jeff@blockleviton.com>
**Subject:** Tezos - fee allocation

Jeff,

I got your voicemail.

This is our proposal for the allocation of the attorneys' fees. The fees should be allocated based on the collective lodestar of our group (HGT Law, LTL Attorneys, Lite DePalma and Restis Law Firm), versus the collective lodestar of your group (Block & Leviton, Robbins Geller, Hagens Berman and Taylor-Copeland) – an approximately 57% to 43% split. This is our best and final (and only) offer.

If you disagree with this proposal, we will file a motion with the Court and request that Judge Seeborg determine the appropriate allocation. In the event of such a motion, we would be entitled to seek from the Court a percentage that is greater than our group's collective lodestar. This would be based on the actual value of the contributions of the respective groups to the litigation and the settlement (as opposed to just the nominal amount of the groups' respective lodestars), and also recognizes that, as the Defendants repeatedly asserted at the mediation before Layn Phillips, the State Court Litigation was "dead in the water" and worthless.

Please let us know your position.



Hung G. Ta
250 Park Avenue, 7th Floor
New York, New York 10177
Tel:      +1 (646) 453-7290
Fax:      +1 (646) 453-7289
Web:      www.hgtlaw.com

================================================================

*CONFIDENTIALITY NOTICE: This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.*

================================================================

Exhibit E

**Subject:** Tezos - Distrubution
**Date:** Thursday, September 10, 2020 at 9:21:31 AM Eastern Daylight Time
**From:** Jeffrey C. Block
**To:** Hung Ta
**CC:** Jacob Walker

Hung,

I know you emailed Jake about sending the Court awarded payments to the class representatives and we agree with that.

Additionally, in accordance with case law, our client, the only lead plaintiff in this case, is charged with determining the appropriate allocation of attorneys' fees. Trigon has directed that the attorneys' fees be allocated 50% to the Federal Case, 50% to the State Case and that the attorneys' fees in the Federal case be split 50/50 between the B&L attorneys and the HTL attorney group. As such, we have distributed the fees to my firm, Hagens Berman and the attorneys for the state court action, subject to their agreement to repay any amounts the might be reallocated.

The HTL group's fees remain in the Tezos escrow account. We are happy to send you the allocated share for your firm, LTL, Restis and Lite DePalma which can be *without prejudice* to your challenging the allocation.

Before we can direct that any funds be sent to you or your clients, however, the escrow agent will need either a W-9 or taxpayer ID information. We are happy to direct that the client payments be sent to your firm to distribute to the clients, but the escrow agent will need your W-9 before it can send any funds.

Sincerely,
Jeff

Jeffrey C. Block

**Block & Leviton LLP**

260 Franklin Street, Suite 1860

Boston, MA 02110

(617) 398-5600

jeff@blockleviton.com  |  https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Exhibit F

**Subject:** Re: Motion for allocation of Attorneys' Fees
**Date:** Wednesday, September 23, 2020 at 11:52:37 AM Eastern Daylight Time
**From:** Jeffrey C. Block
**To:** Hung Ta, Jacob Walker
**CC:** JooYun Kim, Angus Ni, Caleb Liang, Enoch Liang, William Restis, Joseph J. DePalma, Jeremy N. Nash, Joel Fleming, Luke Olts, Reed Kathrein, Samuel Rudman
**Attachments:** image001.png

Hung,

Thank you for sending your draft brief on the Tezos fee allocation disagreement. There are many aspects of your brief that we believe are inaccurate. I think a more accurate representation would require a wholesale re-write of the brief.

As far as your suggestion if there is any other aspect to discuss, I will again reiterate my offer that we attempt to resolve our differences, either by using a neutral, or just by directly communicating with each other, before we burden the Court with this. Lawyers squabbling over multi-million fee awards is never appreciated by the Court.

If you have any interest in good faith negotiations, please let me know as we have repeatedly indicated that we are willing to listen to your views, have a good faith dialogue, and attempt to resolve this among ourselves.

Jeff

Jeffrey C. Block
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
jeff@blockleviton.com  |  https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Hung Ta <hta@hgtlaw.com>
**Date:** Monday, September 21, 2020 at 5:45 PM
**To:** Jeffery Block <jeff@blockleviton.com>, Jake Walker <jake@blockleviton.com>
**Cc:** JooYun Kim <jooyun@hgtlaw.com>, Angus Ni <angus@hgtlaw.com>, Caleb Liang <Caleb.Liang@ltlattorneys.com>, Enoch Liang <Enoch.Liang@ltlattorneys.com>, William Restis <william@restislaw.com>, "Joseph J. DePalma" <JDePalma@litedepalma.com>, "Jeremy N. Nash" <JNash@litedepalma.com>
**Subject:** Motion for allocation of Attorneys' Fees

Jeff,

Please find attached the motion that we intend to file tomorrow.

Please let us know if you believe there is anything inaccurate in the brief, or if there is any other aspect you wish to discuss.



Hung G. Ta
250 Park Avenue, 7th Floor
New York, New York 10177
Tel:      +1 (646) 453-7290
Fax:      +1 (646) 453-7289
Web:    www.hgtlaw.com

===============================================================

*CONFIDENTIALITY NOTICE: This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.*

===============================================================

Exhibit G

**Subject:**    Re: Motion for allocation of Attorneys' Fees
**Date:**    Wednesday, September 23, 2020 at 2:36:29 PM Eastern Daylight Time
**From:**    Jeffrey C. Block
**To:**    Hung Ta, Jacob Walker
**CC:**    JooYun Kim, Angus Ni, Caleb Liang, Enoch Liang, William Restis, Joseph J. DePalma, Jeremy N. Nash, Joel Fleming, Luke Olts, Reed Kathrein, Samuel Rudman
**Attachments:** image001.png

Hung,

The only proposal **you have ever made** regarding the allocation of attorneys' fees in this case was contained in your September 1, 2020 email in which you wrote: "The fees should be allocated based on the collective lodestar of our group (HGT Law, LTL Attorneys, Lite DePalma and Restis Law Firm), versus the collective lodestar of your group (Block & Leviton, Robbins Geller, Hagens Berman and Taylor-Copeland) – an approximately 57% to 43% split. This is our best and final (and only) offer.

If you disagree with this proposal, we will file a motion with the Court."

Maybe I missed the other emails or telephone calls where you gave us "multiple opportunities" to resolve this matter. Your only attempt to negotiate was an unacceptable take it or leave it offer. That's not negotiating.

Obviously you will proceed how you intend to, but to say that you have tried to negotiate in good faith is simply not true.

Jeff


--
Jeffrey C. Block
**Block & Leviton LLP**
(617) 398-5600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Hung Ta <hta@hgtlaw.com>
**Date:** Wednesday, September 23, 2020 at 2:30 PM
**To:** Jeffery Block <jeff@blockleviton.com>, Jake Walker <jake@blockleviton.com>
**Cc:** JooYun Kim <jooyun@hgtlaw.com>, Angus Ni <angus@hgtlaw.com>, Caleb Liang
<Caleb.Liang@ltlattorneys.com>, Enoch Liang <Enoch.Liang@ltlattorneys.com>, William Restis
<william@restislaw.com>, "Joseph J. DePalma" <JDePalma@litedepalma.com>, "Jeremy N. Nash"
<JNash@litedepalma.com>, Joel Fleming <joel@blockleviton.com>, Luke Olts <LOlts@rgrdlaw.com>,
Reed Kathrein <reed@hbsslaw.com>, Samuel Rudman <SRudman@rgrdlaw.com>
**Subject:** RE: Motion for allocation of Attorneys' Fees

Jeff,

We have already given you multiple opportunities to resolve this matter without the Court's
intervention, to no avail.

I spoke directly with your partner, Jake Walker, this morning, and he repeated essentially the same
proposal that you made in your email dated August 31, 2020. Given your position, and given your
misconduct in proceeding to distribute the attorneys' fees without our authorization, you clearly have
no interest in resolving this matter fairly and reasonably. Your email below is simply an attempt to
leave a paper trail.

No one can blame our side for a lack of trying.

---

**From:** Jeffrey C. Block <jeff@blockleviton.com>
**Sent:** Wednesday, September 23, 2020 11:53 AM
**To:** Hung Ta <hta@hgtlaw.com>; Jacob Walker <jake@blockleviton.com>
**Cc:** JooYun Kim <jooyun@hgtlaw.com>; Angus Ni <angus@hgtlaw.com>; Caleb Liang
<Caleb.Liang@ltlattorneys.com>; Enoch Liang <Enoch.Liang@ltlattorneys.com>; William Restis
<william@restislaw.com>; Joseph J. DePalma <JDePalma@litedepalma.com>; Jeremy N. Nash
<JNash@litedepalma.com>; Joel Fleming <joel@blockleviton.com>; Luke Olts <LOlts@rgrdlaw.com>; Reed
Kathrein <reed@hbsslaw.com>; Samuel Rudman <SRudman@rgrdlaw.com>
**Subject:** Re: Motion for allocation of Attorneys' Fees

Hung,

Thank you for sending your draft brief on the Tezos fee allocation
disagreement. There are many aspects of your brief that we believe are
inaccurate. I think a more accurate representation would require a wholesale

re-write of the brief.

As far as your suggestion if there is any other aspect to discuss, I will again reiterate my offer that we attempt to resolve our differences, either by using a neutral, or just by directly communicating with each other, before we burden the Court with this. Lawyers squabbling over multi-million fee awards is never appreciated by the Court.

If you have any interest in good faith negotiations, please let me know as we have repeatedly indicated that we are willing to listen to your views, have a good faith dialogue, and attempt to resolve this among ourselves.

Jeff

Jeffrey C. Block
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
jeff@blockleviton.com  |  https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Hung Ta <hta@hgtlaw.com>
**Date:** Monday, September 21, 2020 at 5:45 PM
**To:** Jeffery Block <jeff@blockleviton.com>, Jake Walker <jake@blockleviton.com>
**Cc:** JooYun Kim <jooyun@hgtlaw.com>, Angus Ni <angus@hgtlaw.com>, Caleb Liang

<[Caleb.Liang@ltlattorneys.com](mailto:Caleb.Liang@ltlattorneys.com)>, Enoch Liang <[Enoch.Liang@ltlattorneys.com](mailto:Enoch.Liang@ltlattorneys.com)>, William Restis <[william@restislaw.com](mailto:william@restislaw.com)>, "Joseph J. DePalma" <[JDePalma@litedepalma.com](mailto:JDePalma@litedepalma.com)>, "Jeremy N. Nash" <[JNash@litedepalma.com](mailto:JNash@litedepalma.com)>

**Subject:** Motion for allocation of Attorneys' Fees

Jeff,

Please find attached the motion that we intend to file tomorrow.

Please let us know if you believe there is anything inaccurate in the brief, or if there is any other aspect you wish to discuss.



Hung G. Ta
250 Park Avenue, 7th Floor
New York, New York 10177
Tel:     +1 (646) 453-7290
Fax:     +1 (646) 453-7289
Web:    [www.hgtlaw.com](http://www.hgtlaw.com)

===============================================================

*CONFIDENTIALITY NOTICE: This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.*

===============================================================