Jeffrey C. Block (*pro hac vice*)
Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockesq.com
jake@blockesq.com

*Co-Lead Class Counsel and Counsel to Lead Plaintiff Trigon Trading Pty Ltd.*

Reed R. Kathrein (139304)
Danielle Smith (291237)
**Hagens Berman Sobol Shapiro LLP**
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com

*Additional Counsel to Lead Plaintiff Trigon Trading Pty Ltd.*

[Additional counsel listed on signature block]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS. | Master File No.  17-cv-06779-RS<br><br>**<u>CLASS ACTION</u>**<br><br>**DECLARATION OF TRIGON TRADING PTY LTD.** |

I, Matteo Salerno, declare as follows:

1. I am a representative of Trigon Trading Pty Ltd. ("Trigon"), the sole Court-appointed Lead Plaintiff in *In re Tezos Securities Litigation*, No. 17-cv-06779-RS (N.D. Cal.) (the "Action"). I am also an Australian attorney and the managing partner of Salerno Law, based in Queensland, Australia.

2. As I previously stated in my declaration in support of Plaintiffs' motion for final approval (ECF No. 257-10), Trigon received periodic status reports from Block & Leviton LLP ("B&L") throughout the litigation regarding case developments and participated in regular discussions concerning the prosecution of the Action, the strengths and risks of the claims, and potential settlement.

3. Trigon first moved to be appointed as Lead Plaintiff on January 25, 2018. On March 16, 2018, the Court denied Trigon's first motion and appointed another plaintiff, Arman Anvari, as Lead Plaintiff. Thereafter Trigon, represented by B&L and Hagens Berman Sobol Shapiro ("HB"), litigated a parallel class action against Defendants in California Superior Court. That case was coordinated with another case filed by Andrew Baker who was represented by Robbins, Geller, Rudman & Dowd LLP ("RGRD") and James Taylor Copeland Law ("Copeland").

4. Trigon knew that its counsel cooperated with counsel for Baker throughout the state court litigation, and knew its counsel had agreed to share work and any attorneys' fees obtained through the litigation with RGRD and Copeland. Trigon approved of this cooperative approach, believing that cooperation amongst counsel was the best way to maximize the overall recovery for the then-putative class.

5.      On April 8, 2019, after Anvari sought to withdraw as Lead Plaintiff, this Court granted Trigon's motion to be appointed as Lead Plaintiff in the Federal Action, and Trigon dismissed its state court case. Trigon was aware that the state court action would continue to be litigated by RGRD and Copeland, and approved of B&L and HB continuing to cooperate with the attorneys at RGRD and Copeland who were continuing to litigate the state court action.

6.      Trigon was aware that B&L and HB were working in conjunction with RGRD and Copeland throughout the litigation, including after Trigon dismissed its state court case and returned to federal court to serve as Lead Plaintiff in April 2019.

7.      In September 2019, Trigon received an update from B&L about the status of the litigation and the actions of HGT Law and the counterproductive effect that those actions were having on the likelihood of settlement. After conferring with counsel at B&L and concerned that HGT Law's actions were interfering with its ability to discharge its fiduciary obligations to the putative class, Trigon approved of B&L filing a motion asking the Court to either (1) allow Trigon, as lead plaintiff, to terminate HGT Law as co-lead counsel or (2) allow Trigon to withdraw as Lead Plaintiff. After HGT Law agreed to change course and cooperate with B&L and other counsel, Trigon and its counsel decided not to file the motion and HGT Law continued to serve as co-lead counsel. Nonetheless, Trigon authorized B&L to file that motion if appropriate in future.

8.      Having monitored the litigation since its inception, following conversations with Lead Counsel, and in recognition of the result obtained, the work performed, and the actions of counsel throughout the litigation, Trigon considered a fair allocation of attorneys' fees.

9.      Following conversation with counsel, Trigon approved that HGT Law and affiliated counsel (the "Ta Group") be allocated 25% of the total fees awarded, reflecting a 50%

contribution to the Federal Action which, in turn, made a 50% contribution to the overall result achieved. Trigon believed that this was a generous allocation, given the Ta Group's disruptive and counterproductive tactics after Trigon was appointed as Lead Plaintiff. Trigon further approved that the balance of the total fees awarded (75%) be allocated to B&L, HB, RGRD, and Copeland (the "Block/Robbins Group"), reflecting B&L and HB's 50% contribution to the Federal Action and B&L, HB, RGRD and Copeland's 100% contribution to the State Action.

10. Trigon believed that the primary factor that led to the result achieved was the Block/Robbins' Group's ability to cooperate for the benefit of the Class and Defendants' fear of facing the Block/Robbins Group at trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 7, 2020.

_____
Matteo Salerno