ROBBINS GELLER RUDMAN
  & DOWD LLP
LUCAS F. OLTS (234843)
SARA B. POLYCHRON (244685)
BRIAN E. COCHRAN (286202)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
spolychron@rgrdlaw.com
bcochran@rgrdlaw.com

Attorneys for Plaintiff Andrew Baker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No.  17-cv-06779-RS<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF LUCAS F. OLTS IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO MOTION FOR DISTRIBUTION OF ATTORNEYS' FEES<br><br>Date:           N/A*<br>Time:          N/A*<br>Courtroom: N/A*<br>Judge:         Hon. Richard Seeborg<br><br>*The Court's September 25, 2020 Order (ECF No. 268) vacated the October 29, 2020 Hearing |

4851-4526-1006.v1

I, LUCAS F. OLTS, Esq., pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I am admitted to practice law before all of the courts of the State of California and I am admitted as counsel in this action. I am a partner of the law firm Robbins Geller Rudman & Dowd LLP, counsel for Andrew Baker ("Baker"). I respectfully submit this declaration in support of Lead Plaintiff's Opposition to Motion for Distribution of Attorneys' Fees.

2. I have personally participated in, overseen, and monitored the prosecution of this action, and have otherwise been kept informed of developments in this litigation by attorneys working with me and under my supervision. Thus, if called upon, I can testify to the matters set forth herein.

3. As counsel for Baker, my firm was involved in all aspects of the litigation and its settlement.

4. I believe Trigon Trading Pty. Ltd.'s ("Trigon") allocation of the attorneys' fee portion of the settlement fund accurately reflects our respective plaintiffs firms' relative contributions to the result achieved.

5. I have never told or suggested to Hung G. Ta that Trigon would propose an allocation that would result in his group receiving more than 25% of the total fees, nor am I aware of anyone else (*i.e.*, other than Hung G. Ta) proposing such an allocation of fees.

6. At no point have I or my firm denied that Hagens Berman, Block & Leviton LLP, Robbins Geller Rudman & Dowd LLP and Taylor-Copland Law were cooperating. To the contrary, we stated in open court – in both this Court and the state court – that we were cooperating.

7. Attached hereto as Exhibit A is a true and correct copy of the March 28, 2019 Order Granting in Part and Denying in Part Defendants Dynamic Ledger Solutions, Inc.'s, Timothy Cook Draper, and Draper Associates V Crypto LLC's Joint Motion to Stay in *Tezos ICO Cases*, Case No. CJC-18-004978 (Cal. Super. Ct.) (the "State Action").

| | |
|---|---|
| 1 | 8. Attached hereto as Exhibit B is a true and correct copy of the August 28, 2019 Order |
| 2 | Denying Defendants Arthur Breitman and Dynamic Ledger Solutions, Inc.'s Renewed Motion to |
| 3 | Stay All Proceedings Pending Resolution of Federal Action Without Prejudice in the State Action. |
| 4 | I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7th |
| 5 | day of October 2020, at San Diego, California. |

                                                                                            _____
                                                                                                          LUCAS F. OLTS

# EXHIBIT A



F I L E D
Superior Court of California
County of San Francisco

MAR 28 2019

CLERK OF THE COURT
BY: _____
                    Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 305

| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>**TEZOS ICO CASES**<br><br>The Included Actions:<br><br>*Baker v. Dynamic Ledger Solutions, Inc., et al.*, Superior Court of California, County of San Francisco, Case No. CGC-17-562144<br><br>*Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.*, Superior Court of California, County of San Mateo, Case No. 18CIV02045 | Case No. CJC-18-004978<br>JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4978<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS DYNAMIC LEDGER SOLUTIONS, INC., TIMOTHY COOK DRAPER, AND DRAPER ASSOCIATES V CRYPTO LLC'S JOINT MOTION TO STAY |
|---|---|

    Defendants Dynamic Ledger Solutions, Inc. ("DLS"), Timothy Cook Draper, and Draper Associates V Crypto LLC ("Draper Defendants") (collectively, "Defendants") filed a joint motion to stay the above-entitled matter. Plaintiffs opposed the motion. The motion came on for hearing on February 15, 2019 in Department 305 of the above-referenced court, and appearances are as noted in the record. The Court and counsel revisited the motion again during the Case Management Conference on March 26, 2019 to discuss developments in the Consolidated Federal Action. Having considered the papers submitted in support and opposition to the motion, and the oral argument of counsel, the Court

concludes that the motion should be granted in part and denied in part as follows:[1]

The Court denies *without prejudice* Defendants' request for a continued stay of the proceedings, and hereby lifts the stay on all proceedings, except as otherwise stated herein, as to both the *Baker* and *Trigon* actions. Defendants contend that a continued stay of the proceedings in this case is warranted to avoid the possibility of conflicting rulings with the Consolidated Federal Action. However, whether a state action is stayed pending a federal action covering the same subject matter is entirely within the state court's discretion, taking into consideration a number of factors. *See e.g., Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804; *Farmland Irrigation Co. v. Dopplmaier* (1957) 48 Cal.2d 208, 215. Here, the Court notes that under *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund* (2018) 138 S.Ct. 1061, 1080, California courts can decide actions arising under the Securities Act. The *Baker* action was filed before each of the individual federal actions that comprise the Consolidated Federal Action were filed. Moreover, problems with the former lead plaintiff in the Consolidated Federal Action have already caused considerable delay in the Consolidated Federal Action, and the federal court has not yet issued its order deciding who may proceed as the new lead plaintiffs. Under these circumstances, no good cause exists to further delay the instant case by a continued stay of the proceedings.

With respect to the *Baker* action, by April 10, all Defendants served with the Complaint, other than Strange Brew Strategies, LLC, must propose a briefing and hearing schedule for any challenges to the Complaint. With respect to the *Trigon* action, the deadline for all Defendants to respond to the Complaint will commence to run on April 30, 2019.

The Court also denies Defendants' request to limit discovery pertaining to DLS to documents produced in the Consolidated Federal Action. Plaintiffs are entitled to all information that is reasonably calculated to lead to the discovery of admissible evidence, and Defendants failed to demonstrate why Plaintiffs' right to discovery should be limited to documents produced in the Consolidated Federal Action.

Finally, the Court grants the request for a discovery stay as to the Draper Defendants pending the

---

[1] The Court grants Plaintiff Baker's requests for judicial notice of the documents attached as Exhibits 1 through 7 of their Request for Judicial Notice pursuant to Evidence Code section 452(d).

- 2 -

*TEZOS ICO Cases* JCCP 4978 Order Granting in Part and Denying in Part Defendants' Joint Motion to Stay

resolution of the pleadings. Although the Court finds that the mandatory stay provision under the Federal Securities Act does not apply, the Court has broad discretion to stay discovery until the pleadings are settled. The Draper Defendants have expressed their intention to demur to Plaintiffs' Complaints. The discovery stay as to the Draper Defendants will remain in place until the pleadings are settled.

IT IS SO ORDERED.

Dated: March 28, 2019

_____
Mary E. Wiss
Judge of the Superior Court

*TEZOS ICO Cases* JCCP 4978 Order Granting in Part and Denying in Part Defendants' Joint Motion to Stay

# Superior Court of California
County of San Francisco

| | |
|---|---|
| Coordination Proceeding Special Title [Rule 3.550(c)]<br><br>**TEZOS ICO CASES** | Judicial Council Coordination Proceeding No. **4978**<br><br>**CERTIFICATE OF ELECTRONIC SERVICE**<br>(CCP 1010.6(6) & CRC 2.260(g)) |

  I, T. Michael Yuen, Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

  On March 28, 2019, I electronically served the ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS DYNAMIC LEDGER SOLUTIONS, INC., TIMOTHY COOK DRAPER, AND DRAPER ASSOCIATES V CRYPTO LLC'S JOINT MOTION TO STAY via File&ServeXPress® on the recipients designated on the Transaction Receipt located on the File&ServeXPress® website.

Dated: March 28, 2019

              T. Michael Yuen, Clerk

           By: _____
               Sean Kane, Deputy Clerk

# EXHIBIT B

FILED
San Francisco County Superior Court
AUG 28 2019
CLERK OF THE COURT
BY: _____
         Deputy Clerk

64141769
Aug 28 2019
02:03PM

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 613

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>**TEZOS ICO CASES**<br><br>Included Actions:<br><br>*Baker v. Dynamic Ledger Solutions, Inc., et al.,* Superior Court of California, County of San Francisco, Case No. CGC-17-562144<br><br>*Trigon Trading Pty. Ltd., et al. v. Dynamic Ledger Solutions, Inc., et al.,* Superior Court of California, County of San Mateo, Case No. 18CIV02045 | Case No. CJC-18-004978<br><br>JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4978<br><br>ORDER DENYING DEFENDANTS ARTHUR BREITMAN AND DYNAMIC LEDGER SOLUTIONS, INC.'S RENEWED MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF FEDERAL ACTION WITHOUT PREJUDICE |

Defendants Arthur Breitman and Dynamic Ledger Solutions, Inc. (collectively, "DLS Defendants") filed a renewed motion to stay the above-entitled matter. Defendant Kathleen Breitman filed a Joinder to the motion. Plaintiff Andrew Baker ("Plaintiff") opposed the motion. The motion came on for hearing on August 27, 2019, and appearances are as noted in the record. Having considered the materials submitted in support and opposition and the oral argument of counsel, the Court denies *without prejudice* the DLS Defendants' renewed motion to stay.

The DLS Defendants brought this renewed motion to stay on the basis of new facts and material changes in the Federal Consolidated Action, *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779-RS). The DLS Defendants request the

- 1 -

Court to re-instate a stay of this action pending resolution of the Consolidated Federal Action to avoid the possibility of conflicting rulings and to prevent costly and burdensome identical lawsuits. Furthermore, the DLS Defendants believe federal court is the best forum to decide this dispute. Since the Court issued its Order Granting in Part and Denying in Part Defendants' Joint Motion to Stay, dated March 28, 2019, the federal court appointed a new lead plaintiff, Trigon Trading Pty. Ltd. ("Trigon"), and this Court granted Trigon's request for dismissal of its class action complaint without prejudice. The DLS Defendants note that Plaintiff Andrew Baker is the only plaintiff seeking relief before this Court.

Whether a state action is stayed pending a federal action covering the same subject matter is entirely within the state court's discretion, taking into consideration a number of factors. *See e.g., Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804; *Farmland Irrigation Co. v. Dopplmaier* ("*Farmland*") (1957) 48 Cal.2d 208, 215.

Taking the *Farmland* factors into consideration, the DLS Defendants have not presented evidence to show that Plaintiff Baker is pursuing this action to bring multiple actions, harass the defendants, or create "unseemly conflicts" with other courts. Furthermore, the *Baker* action was filed before each of the individual federal actions that comprise the Consolidated Federal Action was filed. Moreover, the Court notes that Plaintiff Baker and his counsel contend that they "are willing to work with Trigon and its counsel." Opp. at 5. Under these circumstances, no good cause exists to issue a stay of the proceedings. Accordingly, the Court exercises its discretion to deny the DLS Defendants' motion to stay. Although the Court denies the current motion, the Court encourages the parties to coordinate their efforts, especially with regard to discovery so that witnesses are not deposed multiple times and documents are not produced multiple times in varying formats. In the event there is no such coordination, the Court will entertain a further motion to stay.

With regard to Defendants' requests for judicial notice, the Court rules as follows:

Defendants request that this Court take judicial notice of (1) Order Granting in Part and Denying in Part Motion to Stay, dated March 28, 2019, in *Tezos ICO Cases* (San Francisco Superior Court, Case No. CJC-18-004878); (2) Order After 2/15/19 and 3/2719 Case Management Conferences, dated March 28, 2019, in *Tezos ICO Cases* (San Francisco Superior Court, Case No. CJC-18-004878); (3) Request for

- 2 -

Dismissal of Putative Class Action Without Prejudice, dated April 11, 2019, in *Tezos ICO Cases* (San Francisco Superior Court, Case No. CJC-18-004878); (4) Order re Joint Stipulation and Order for Filing the Second Amended Complaint and Briefing and Hearing Schedule on Demurrer, dated April 26, 2019, in *Tezos ICO Cases* (San Francisco Superior Court, Case No. CJC-18-004878); (5) Second Amended Complaint, dated May 9, 2019, in *Tezos ICO Cases* (San Francisco Superior Court, Case No. CJC-18-004878); (6) Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel, dated January 25, 2018 in *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.* (United States District Court, Northern District of California, Case No. 3:17-cv-06779-RS); (7) Order Granting Request to Stay and Denying Motion to Remand Without Prejudice, dated February 1, 2018, in *Baker v. Dynamic Ledger Solutions, Inc., et al.*, (United States District Court, Northern District of California, Case No. 17-cv-06850-RS); (8) Order Regarding Consolidation, Appointment of Lead Plaintiff, and Selection of Lead Counsel, dated March 16, 2018, in *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.* (United States District Court, Northern District of California, Case No. 17-cv-06779-RS); (9) Lead Plaintiffs Opposition to Motion to Remand, dated April 3, 2018, in *Baker v. Dynamic Ledger Solutions, Inc., et al.*, (United States District Court, Northern District of California, Case No. 17-cv-06850-RS); (10) Order Granting Motion to Remand, dated April 19, 2018, in *Baker v. Dynamic Ledger Solutions, Inc., et al.*, (United States District Court, Northern District of California, Case No. 17-cv-06850-RS); (11) Order on Defendants' Motions to Dismiss, dated August 7, 2018, filed in *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779-RS); (12) Amended Consolidated Complaint for Violations of the Federal Securities Laws, dated November 12, 2018, in *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779-RS); (13) Transcript from the hearing regarding Motion to Substitute, dated March 7, 2019, in *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779-RS); (14) Order on Plaintiffs' Motion to Substitute Lead Plaintiff, dated April 8, 2019, in *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779-RS); (15) Complaint, dated May 3, 2018, filed in *Coffey v. Ripple Labs, Inc., et al.* (San Francisco Superior Court, Case No. CGC-18-566271); (16) Notice of Voluntary

*Tezos ICO Cases* JCCP No. 4978 Order Denying Defendants Arthur Breitman and Dynamic Ledger Solutions, Inc.'s Renewed Motion to Stay All Proceedings Pending Resolution of Federal Action Without Prejudice

Dismissal Without Prejudice, dated August 22, 2018, filed in *Coffey v. Ripple Labs, Inc., et al.*, (United States District Court, Northern District of California, Case No. 3:18-cv-3286-PJH); (17) Order Granting in Part and Denying in Party Motions to Stay, dated June 21, 2019, in *In re Arlo Technologies, Inc. Shareholder Litigation* (Santa Clara Superior Court, Case No. 18-CV-339231); (18) Stipulation and Order Adding New Plaintiffs, dated June 24, 2019, in *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779); (19) Order Regarding Discovery Dispute, dated July 15, 2019, in *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779); (20) Order Regarding Discovery Dispute, dated July 30, 2019, in *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779); (21) Plaintiffs' Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge (DKT. No .236), dated August 12, 2019, in *In re Tezos Securities Litigation* (United States District Court, Northern District of California, Case No. 17-cv-06779); and (22) Order Denying Without Prejudice Plaintiffs' Motion for Leave to Serve Summons and Complaint Upon Defendants Arthur and Kathleen Breitman by Publication, dated March 28, 2019, in *Tezos ICO Cases* (San Francisco Superior Court, Case No. CJC-18-004878).

Requests 1 through 5 and 22 are denied as these documents are part of the court record, and thus judicial notice is unnecessary.

Requests 6 through 21 are granted pursuant to Evidence Code section 452(d)(1)-(2).

IT IS SO ORDERED.

Dated: August 28, 2019

Teri L. Jackson
Judge of the Superior Court

- 4 -

# CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.251)

I, Sajja Ravinantapricha, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On   AUG 2 8 2019   , I electronically served the ATTACHED DOCUMENT(S) via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:   AUG 2 8 2019

T. Michael Yuen, Clerk

By: _____
S. Ravinantapricha, Deputy Clerk