# Exhibit 20

BAKER MARQUART LLP
BRIAN E. KLEIN (258486) (bklein@bakermarquart.com)
SCOTT M. MALZAHN (229204) (smalzahn@bakermarquart.com)
DONALD R. PEPPERMAN (109809) (dpepperman@bakermarquart.com)
777 S. Figueroa Street, Suite 2850
Los Angeles, CA 90017
Telephone:   (424) 652-7814
Facsimile:    (424) 652-7850

Counsel for Defendants
DYNAMIC LEDGER SOLUTIONS, INC.,
ARTHUR BREITMAN and KATHLEEN BREITMAN

COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934) (jvs@cooley.com)
DAVID S. HOUSKA (295918) (dhouska@cooley.com)
JESSIE A.R. SIMPSON LAGOY (305257) (jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5355
Facsimile:    (650) 618-0387

Counsel for Defendant
DYNAMIC LEDGER SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE TEZOS SECURITIES LITIGATION | Master File No. 17-cv-06779-RS |
|---|---|
| | CLASS ACTION |
| This document relates to: | **DLS' First Set of Requests for Production to Lead Plaintiff Trigon Trading Pty. Ltd.** |
| ALL ACTIONS | |
| | Judge:        Hon. Richard Seeborg<br>Trial Date:   Not yet set |

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendant Dynamic Ledger Solutions, Inc. ("DLS") hereby demands that lead plaintiff Trigon Trading Pty. Ltd. answer the following document requests and produce for inspection and copying each and every document and thing in his possession, custody, or control, identified and described in the following requests for production of documents ("Document Requests").  All such documents and things shall be produced to Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304.  Pursuant to Federal Rule of Civil Procedure 34(b), full and complete responses are due within 30 days after service of these Document Requests.

**DEFINITIONS**

Words in CAPITALS in these Definitions and in the following Instructions and Document Requests are defined as follows

**1.**     The terms "PLAINTIFF," "TRIGON," "YOU," "YOUR" and "YOURS" mean and refer to lead plaintiff Trigon Trading Pty. Ltd. and any of its officers, directors, principals, successors, predecessors, affiliates, divisions, dbas, parents, subsidiaries, vendors, contractors, representatives, employees, agents and anyone acting on or for its behalf, INCLUDING TrigonX, Trigon Exchange, Salerno Consortium Pty. Ltd., Anna Lucia Dupont, Emma Salerno, Matteo Thade Salerno, and James Gino Salerno Jr.

**2.**     The term "FUNDRAISER" means the fundraiser overseen by the FOUNDATION from July 1, 2017 to July 13, 2017.

**3.**     The "CONTRIBUTION TERMS" means the Tezos Contribution and XTZ Allocation Terms and Explanatory Notes made available to FUNDRAISER contributors, and available at, https://www.tezos.ch/pages/static/Tezos%20Contribution%20Terms.pdf.

**4.**     The term "STATE COMPLAINT" means the Complaint for Violation of Sections 5(A), 5(C), and 12(A) of the Securities Act of 1933, filed April 24, 2018, in the Superior Court for the State of California, County of San Mateo, Case No. 18-civ-02045.

**5.**     The term "FEDERAL COMPLAINT" means Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws, filed April 3, 2018, Dkt. No. 108, and the amendment thereto reflected in the Stipulation and Order to Add New Plaintiff and Withdraw First

Amended Complaint, dated November 21, 2018, Dkt. No. 183, and the amendment reflected in the Stipulation and Order to Add New Plaintiff, dated January 7, 2019, Dkt. No. 186.

**6.** The term "DLS" means Defendant Dynamic Ledger Solutions, Inc. and any of its affiliates, present or former officers, directors, employees, representatives, agents, attorneys, or accountants, and all other persons acting or purporting to act on its behalf.

**7.** The term "FOUNDATION" means Defendant Tezos Stiftung and any of its subsidiaries, affiliates, present or former officers, directors, employees, representatives, agents, attorneys, or accountants, and all other persons acting or purporting to act on its behalf.

**8.** The term "DEFENDANTS" means DLS, the FOUNDATION, Arthur Breitman and Kathleen Breitman.

**9.** The term "TEZOS" means the Tezos blockchain technology and all related intellectual property, websites, and digital presences, including without limitation tezos.com, tezos.ch, and related social media accounts.

**10.** The term "XTZ" means the cryptocurrency associated with the Tezos blockchain technology.

**11.** The term "FOUNDATION KYC/AML" refers to a due diligence check known as "Know Your Customer / Anti-Money Laundering" that the FOUNDATION implemented that allows for verification of the identities of contributors to the FUNDRAISER.

**12.** The term "SALERNO LAW" refers to the law firm based in Australia known as "Salerno Law", with websites available at https://www.salernolaw.com.au/ and http://www.cryptocurrencysolicitors.com.au/ (last accessed March 25, 2019).

**13.** The term "DOCUMENT" is used in its broadest sense, and is defined to be synonymous in meaning and equal in scope to the definition in Federal Rule of Civil Procedure 34. A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. Without limiting the generality of the foregoing, the term "DOCUMENT" means, without limitation, the following items, whether printed, or written, produced or reproduced by any other mechanical process, or written or produced by hand, or in electronic format: agreements, communications, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations,

summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, plans, drawings, sketches, maps, summaries or records of any meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, screenshots, motion picture film, tape recordings, videotapes, computer disks, tapes or hard drives, electronic mail, brochures, pamphlets, advertisements, circulars, newspaper or magazine articles, newsletters, publications, press releases, surveys, judicial records, customer lists, governmental certificates, applications, licenses, registrations, letters, accounts, objects, minutes of meetings, interoffice communications, studies, written forecasts, projections, analyses, contracts, guarantee agreements, ledgers, books of accounts, vouchers, checks, purchase orders, invoices, charge slips, expense account reports, receipts, working papers, drafts, statistical records, cost sheets, calendars, appointment books, time sheets or logs, job or transaction files, computer printouts or papers similar to any of the foregoing, and any marginal comments appearing on any DOCUMENT and other writing.

14. The term "COMMUNICATION" is used in its broadest sense, and means any disclosure, transfer, exchange, or transmission of fact, information, advice, statement, or opinion by any means whatsoever, including, not limited to, oral, electronic, or written transmissions.

15. The term "PERSON" shall include, without limitation, natural persons, corporations, companies, limited liability companies, partnerships, limited partnerships, business trusts, associations, organizations, joint ventures, groups, and business or other entities, government bodies or agencies, legal entities or any other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

16. The term "RELATING TO" means reflecting, regarding, concerning, identifying, describing, discussing, summarizing, evidencing, referencing, or commenting on the subject matter of the Document Request.

17. The term "INCLUDING" means including, but not limited to, the referenced items or subject matter.

18. The term "any" includes the term "all," and vice versa; the singular form of a noun or pronoun shall include the plural form of the noun or pronoun, and vice versa; the neutral form of a

pronoun shall include the masculine and feminine forms of the pronoun, and vice versa; and the use of any tense of any verb shall include all other tenses of the verb.  In each such instance, the Document Request shall be construed so as to furnish the most complete and inclusive answer.

## INSTRUCTIONS

**1.** These Document Requests seek the production of DOCUMENTS to the fullest extent provided for in the Federal Rules of Civil Procedure, and shall be interpreted so as to make each Document Request inclusive rather than exclusive.  All responsive DOCUMENTS in YOUR possession, custody, or control must be produced.

**2.** Unless otherwise specified, these Document Requests seek DOCUMENTS, either originated in whole or in part or within YOUR possession, custody, or control, from January 1, 2017 through the present.

**3.** The original and each non-identical copy of every DOCUMENT requested herein that is in YOUR possession, custody or control is to be produced.  If the original is not in YOUR possession, custody, or control, a full, clear, legible copy is to be produced.

**4.** Each Document Request shall be answered fully unless it is in good faith objected to, in which event the reasons for YOUR objection shall be stated in detail.  If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained within it, YOU are required to state YOUR objection to that portion only and to respond to the remainder of the Request, using YOUR best efforts to do so.

**5.** Pursuant to Federal Rule of Civil Procedure 34(b), each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks and other devices by which such papers, data, information or things may be organized, separated or stored.

**6.** Each DOCUMENT should be produced in native format or Group IV Tagged Image File Format ("TIFF"), regardless of whether such documents are stored in electronic or hard copy form.  Hard copy DOCUMENTS shall be converted to searchable text using Optical Character Recognition ("OCR") technology, and searchable ASCII text (or Unicode text if the text is in a language requiring characters outside of the ASCII character set, if requested) files shall be

produced. The full text of each native electronic DOCUMENT shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a language requiring characters outside of the ASCII character set, if requested).

**7.** Each DOCUMENT production shall be accompanied by a Concordance-compatible load file that indicates DOCUMENT breaks of the TIFF images and additional metadata to be agreed upon by the parties.

**8.** DOCUMENTS shall be produced on external hard drives or readily accessible computer or electronic media (the "Production Media"). For productions with a total volume of 1GB or less (in a compressed or uncompressed transfer format), production by File Transfer Protocol ("FTP") is an acceptable alternative to production by hard media. YOU shall provide all decryption or access passwords necessary to access the DOCUMENTS produced via hard media or FTP.

**9.** Notwithstanding the foregoing, YOU are requested to produce spreadsheet files and presentations (*e.g.*, Excel, PowerPoint), and sound, video, and other files not practical for the TIFF format in native form or in another reasonably usable form. Such native file productions shall include metadata as agreed to by the parties and a single-page TIFF image indicating that the associated file was produced in native form.

**10.** If YOU assert that any DOCUMENT required to be produced is privileged or otherwise protected from discovery, please set forth in YOUR written response hereto regarding each DOCUMENT for which a claim of privilege is made:

**(a)** The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

**(b)** The name and organizational position, if any, of each sender of the DOCUMENT;

**(c)** The name and organizational position, if any, of each recipient and custodian of the DOCUMENT;

**(d)** The name and organizational position, if any, of each PERSON (other than

stenographic or clerical assistants) participating in the preparation or creation of the DOCUMENT;

**(e)** The name and organizational position, if any, of each PERSON to whom the contents of the DOCUMENT or any portion thereof have heretofore been communicated by copy, exhibition, reading or summarization; and

**(f)** A statement of the basis on which privilege is claimed as to each DOCUMENT.

If and to the extent that YOU object to all or any part of a Document Request, or otherwise are unable to respond to any Document Request, in whole or in part, for any reason other than a claim of privilege, state the reasons for such objection or inability to respond. If YOU object to or are otherwise unable to respond to any part of a Document Request, please produce all DOCUMENTS responsive to the remainder.

**11.** If any responsive DOCUMENT is no longer in existence or cannot be located, so state rather than leave the Document Request unanswered, identify the DOCUMENT, and describe its subject matter and disposition. If any responsive DOCUMENT exists but is not within YOUR possession, custody or control, state to the best of YOUR knowledge where the DOCUMENT is located, including the name, address, and telephone number of its custodian(s).

**12.** Pursuant to Federal Rule of Civil Procedure 26(e), these Document Requests are of a continuing nature, and YOU are required to supplement YOUR production of DOCUMENTS if, at any time prior to the termination of this case, YOU discover additional or different DOCUMENTS that render any response to any Document Request incomplete. Such supplemental productions are to be served as soon as reasonably possible after the DOCUMENTS becomes available to YOU OR YOUR attorneys, but in no case later than 10 days after such DOCUMENT is obtained.

**13.** Unless otherwise specified, the time period encompassed by these requests extends from August 3, 2014, the date of publication of the white paper *Tezos: A Self-Amending Crypto-Ledger*, to the present.

//

//

//

**DOCUMENT REQUESTS**

**REQUEST NO. 1:**

All DOCUMENTS identified or referred to in YOUR answers to any interrogatories served by Defendant Dynamic Ledger Solutions, Inc.

**REQUEST NO. 2:**

A copy of each and every DOCUMENT that YOU viewed or accessed at any time constituting or reflecting the CONTRIBUTION TERMS, INCLUDING any metadata showing when the DOCUMENT was viewed, accessed, downloaded, printed, saved or edited.

**REQUEST NO. 3:**

A copy of the browser history on all of YOUR devices and browser programs, INCLUDING cell phones, smart phones, tablets, personal computers, and work computers from January 1, 2017 through July 13, 2017, RELATING TO the CONTRIBUTION TERMS.

**REQUEST NO. 4:**

All COMMUNICATIONS between YOU and the email address: tezos-list@tezos.com OR noreply@tezos.com.

**REQUEST NO. 5:**

All DOCUMENTS constituting or reflecting COMMUNICATIONS by YOU, RELATING TO the CONTRIBUTION TERMS, INCLUDING COMMUNICATIONS via instant messenger services.

**REQUEST NO. 6:**

All DOCUMENTS or COMMUNICATIONS reviewed by YOU, RELATING TO YOUR contribution of 18.9999 Bitcoin to the FUNDRAISER on July 3, 2017.

**REQUEST NO. 7:**

All DOCUMENTS or COMMUNICATIONS RELATING TO YOUR decision to contribute 18.9999 Bitcoin to the FUNDRAISER on July 3, 2017.

**REQUEST NO. 8:**

All DOCUMENTS sufficient to show the transaction details for the 18.9999 Bitcoin contribution that YOU made to the FUNDRAISER on July 3, 2017, INCLUDING the address for

1  YOUR Bitcoin wallet.

2  **REQUEST NO. 9:**

3  All DOCUMENTS or COMMUNICATIONS RELATING TO fundraisers or initial coin
4  offerings ("ICOs") identified in DLS' Interrogatory No. 12.

5  **REQUEST NO. 10:**

6  All DOCUMENTS or COMMUNICATIONS RELATING TO TEZOS OR the
7  FUNDRAISER.

8  **REQUEST NO. 11:**

9  All DOCUMENTS or COMMUNICATIONS RELATING TO the FOUNDATION, DLS,
10 and/or Arthur or Kathleen Breitman.

11 **REQUEST NO. 12:**

12 All DOCUMENTS or COMMUNICATIONS between YOU and any other putative class
13 members purportedly represented by YOU in the STATE COMPLAINT OR any putative class
14 members purportedly represented by YOU in the FEDERAL COMPLAINT.

15 **REQUEST NO. 13:**

16 All DOCUMENTS sufficient to show all cryptocurrency holdings, coins, or tokens identified
17 in Interrogatory No. 17, INCLUDING the amount of the holding and the type of token.

18 **REQUEST NO. 14:**

19 All DOCUMENTS sufficient to show any trading, transfers, or sales of the tokens identified
20 in Interrogatory No. 18, INCLUDING the timing and amounts of those trades, transfers, delegations,
21 or sales, and the value of the tokens at the time.

22 **REQUEST NO. 15:**

23 All DOCUMENTS or COMMUNICATIONS RELATING TO any trading, transfers, or sales
24 of the tokens identified in Interrogatory No. 18.

25 **REQUEST NO. 16:**

26 All DOCUMENTS or COMMUNICATIONS RELATING TO any delegation of YOUR
27 XTZ identified in Interrogatory No. 19.

28

**REQUEST NO. 17:**

All DOCUMENTS or COMMUNICATIONS RELATING TO any rewards or compensation received from the Tezos blockchain and identified in Interrogatory No. 20.

**REQUEST NO. 18:**

All DOCUMENTS or COMMUNICATIONS RELATING TO the application of the United States securities laws to cryptocurrency and/or ICOs or fundraisers, INCLUDING the FUNDRAISER.

**REQUEST NO. 19:**

All DOCUMENTS that you reviewed in order to prepare, draft, revise, or authorize the STATE COMPLAINT.

**REQUEST NO. 20:**

All DOCUMENTS RELATING TO any inquiry, investigation, review, examination, evaluation, assessment, analysis, or consideration of the facts, circumstances, and events alleged in the STATE COMPLAINT that was conducted or performed by YOU or on YOUR behalf.

**REQUEST NO. 21:**

DOCUMENTS sufficient to show the formation and purpose of TRIGON, INCLUDING the Articles of Incorporation.

**REQUEST NO. 22:**

DOCUMENTS sufficient to show the investment in and ownership of TRIGON, INCLUDING its founders, shareholders, owners, investors or members.

**REQUEST NO. 23:**

DOCUMENTS sufficient to show TRIGON's corporate organization and internal hierarchy, INCLUDING organizational charts.

**REQUEST NO. 24:**

DOCUMENTS sufficient to show TRIGON's complete corporate family, INCLUDING corporate family trees or other DOCUMENTS showing TRIGON's direct or indirect parents, subsidiaries, affiliates or other related entities.

**REQUEST NO. 25:**

DOCUMENTS sufficient to show TRIGON's investment objectives and its investment thesis.

**REQUEST NO. 26:**

DOCUMENTS sufficient to show the sources of the funds used by TRIGON to contribute to the FUNDRAISER.

**REQUEST NO. 27:**

All DOCUMENTS or COMMUNICATIONS RELATING TO TRIGON's participation in the FOUNDATION KYC/AML process, INCLUDING DOCUMENTS evidencing information submitted by TRIGON to verify its identity in the FOUNDATION KYC/AML process.

**REQUEST NO. 28:**

All DOCUMENTS RELATING TO TRIGON's receipt of XTZ.

**REQUEST NO. 29:**

DOCUMENTS sufficient to identify any wallets or exchanges used by TRIGON to hold keys or addresses for any XTZ owned in whole or in part by TRIGON.

**REQUEST NO. 30:**

All DOCUMENTS RELATING TO any damages or losses allegedly sustained by TRIGON as a result of its participation in the FUNDRAISER.

**REQUEST NO. 31:**

DOCUMENTS sufficient to show each and every published version of TRIGON's "Terms of Service", "Privacy Policy," and "KYC/AML Policy," currently available at https://www.trigonx.com/ (last accessed April 12, 2019).

**REQUEST NO. 32:**

DOCUMENTS sufficient to show each and every standard agreement that TRIGON has used or currently uses in connection with its OTC, Exchange and Custody Service, INCLUDING "customer or account agreements, and any other agreements that govern [a customer's] use of products, services, content, tools, and information available on the TrigonX Trading Site" as described at https://www.trigonx.com/terms (last accessed April 12, 2019).

10   DLS' First Set of Requests for Production
Case No. 17-cv-06779-RS

**REQUEST NO. 33:**

All marketing or promotional materials for TRIGON's OTC, Exchange and Custody Service, INCLUDING (a) COMMUNICATIONS posted online or on social media, (b) interviews, speeches or presentations given by TRIGON, and (c) other marketing or promotional materials.

**REQUEST NO. 34:**

DOCUMENTS sufficient to show each and every digital currency, cryptocurrency, or token traded, exchanged or held on TRIGON's OTC, Exchange and Custody Service.

**REQUEST NO. 35:**

All DOCUMENTS reflecting or evidencing any statements or representations made by TRIGON to other PERSONS RELATING TO the legal or regulatory rules that govern digital currencies, cryptocurrencies or other tokens, such as the statement on TRIGON's website that "[d]igital currencies are NOT considered securities and are NOT subject to the same regulatory requirements as SEC-registered securities, exchange traded funds, or similar investment vehicles" available at https://www.trigonx.com/terms (last accessed April 12, 2019).

**REQUEST NO. 36:**

All DOCUMENTS reflecting or evidencing any statements or representations made by TRIGON to other PERSONS RELATING TO when or how digital transactions are made, such as the statement on TRIGON's website that "[s]ome digital currency transactions shall be deemed to be made when recorded on a public ledger, which is not necessarily the date or time that the customer initiates the transaction" available at https://www.trigonx.com/terms (last accessed April 12, 2019).

**REQUEST NO. 37:**

All DOCUMENTS constituting or reflecting advice that TRIGON received RELATING TO the representation on its website available at https://www.trigonx.com/terms (last accessed April 12, 2019) that "[d]igital currencies are NOT considered securities and are NOT subject to the same regulatory requirements as SEC-registered securities, exchange traded funds, or similar investment vehicles," INCLUDING any advice received from SALERNO LAW.

**REQUEST NO. 38:**

All DOCUMENTS constituting or reflecting legal advice that TRIGON received

1  RELATING TO the representation on its website available at https://www.trigonx.com/terms (last
2  accessed March 12, 2019) that "[s]ome digital currency transactions shall be deemed to be made
3  when recorded on a public ledger, which is not necessarily the date or time that the customer initiates
4  the transaction," INCLUDING any advice received from SALERNO LAW.

**REQUEST NO. 39:**

All DOCUMENTS RELATING TO TRIGON's KYC/AML policy and AML/CTF Program that were reviewed and approved by TRIGON's senior management, as stated on TRIGON's website available at https://www.trigonx.com/kyc-aml (last accessed April 12, 2019).

**REQUEST NO. 40:**

All policies, procedures or guidelines RELATING TO TRIGON's KYC/AML policy and its AML/CTF Program, INCLUDING DOCUMENTS that identify the information that TRIGON collects from users or customers.

**REQUEST NO. 41:**

DOCUMENTS sufficient to identify all judicial, regulatory, administrative, tax, or other legal proceedings that TRIGON has been involved in, INCLUDING the parties involved, jurisdiction and proceeding dates.

**REQUEST NO. 42:**

All DOCUMENTS or COMMUNICATIONS RELATING TO any agreement, arrangement or understanding between TRIGON, on the one hand, and Salerno Consortium Pty. Ltd., on the other hand.

**REQUEST NO. 43:**

All DOCUMENTS or COMMUNICATIONS RELATING TO any agreement, arrangement or understanding between TRIGON, on the one hand, and SALERNO LAW, on the other hand.

**REQUEST NO. 44:**

All DOCUMENTS or COMMUNICATIONS RELATING TO any agreement, arrangement or understanding between TRIGON, on the one hand, and the Ideal Human Environment ("IHE"), on the other hand.

**REQUEST NO. 45:**

All DOCUMENTS or COMMUNICATIONS RELATING TO any agreement, arrangement or understanding between TRIGON, on the one hand, and the Study and Prevention of Psychological Diseases Foundation, on the other hand.

**REQUEST NO. 46:**

All DOCUMENTS concerning COMMUNICATIONS among and between any of the DEFENDANTS' employees or the DEFENDANTS' board members, RELATING TO TEZOS or the FUNDRAISER.

**REQUEST NO. 47:**

Any and all written bylaws, charter, mission statements, or other DOCUMENTS that specifically govern the operation of TRIGON.

**REQUEST NO. 48:**

All DOCUMENTS concerning records of meetings of the TRIGON Board RELATING TO (a) TEZOS, (b) the FUNDRAISER, and (c) contemplated or actual litigation against the DEFENDANTS, INCLUDING minutes, agendas, reports, presentations and communications exchanged concerning such meetings.

Dated: April 12, 2019

**BAKER MARQUART LLP**

 */s/ Scott M. Malzahn*
Scott M. Malzahn (229204)

Attorneys for Defendants
DYNAMIC LEDGER SOLUTIONS, INC.,
ARTHUR BREITMAN, and KATHLEEN BREITMAN

**COOLEY LLP**

 */s/ Jessica Valenzuela Santamaria*
Jessica Valenzuela Santamaria (220934)

Attorneys for Defendant
DYNAMIC LEDGER SOLUTIONS, INC.,

# PROOF OF SERVICE
## (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. On the date set forth below I served the documents described below in the manner described below:

**DLS' FIRST SET OF REQUESTS FOR PRODUCTION TO LEAD PLAINTIFF TRIGON TRADING PTY. LTD.**

☒ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

*Service List Attached*

Executed on April 12, 2019, at Palo Alto, California.

/s/ Catherine R. Galan
Catherine R. Galan

# SERVICE LIST

| HUNG G. TA, ESQ. PLLC<br>Hung G. Ta<br>JooYun Kim<br>250 Park Avenue, 7th Floor<br>New York, New York 10177<br>hta@hgtlaw.com<br>jooyun@hgtlaw.com<br><br>*Co-Lead Counsel for Court-Appointed Lead Plaintiff and the Class* | BLOCK & LEVITON LLP<br>Joel A. Fleming<br>Jacob A. Walker<br>155 Federal Street, Suite 400<br>Boston, MA 02110<br>joel@blockesq.com<br>jake@blockesq.com<br><br>*Co-Lead Counsel for Court-Appointed Lead Plaintiff and the Class* |
|---|---|
| DAVIS POLK & WARDWELL LLP<br>Neal A. Potischman (SBN 254862)<br>Serge A. Voronov (SBN 298655)<br>1600 El Camino Real<br>Menlo Park, California 94025<br>neal.potischman@davispolk.com<br>serge.voronov@davispolk.com<br><br>Edmund Polubinski III<br>Andrew S. Gehring<br>450 Lexington Avenue<br>New York, New York 10017<br>edmund.polubinski@davispolk.com<br>andrew.gehring@davispolk.com<br><br>*Attorneys for Defendant Tezos Stiftung* | GOODWIN PROCTER LLP<br>Charles A Brown<br>Daniel P. Roeser<br>620 Eighth Avenue<br>New York, NY 10018-1618<br>CBrown@goodwinlaw.com<br>Roeser@goodwinlaw.com<br><br>Grant P. Fondo<br>601 Marshall Street<br>Redwood City, CA 94063<br>gfondo@goodwinlaw.com<br><br>Nicholas A. Reider<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>nreider@goodwinlaw.com<br><br>*Attorneys for Defendant Tezos Stiftung* |

201864508